# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.<br><br>*Defendants*. | Case No. 4:23-CV-00103-JRG-RSP |

# **DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | Introduction | | 1 |
| II. | Legal Standards | | 2 |
| III. | Statement of Facts | | 3 |
| IV. | Argument | | 4 |
| | A. | Headwater Failed to Adequately Plead Infringement of The '733 Patent. | 5 |
| | | 1. "control-plane communications" | 6 |
| | | 2. "service control device link agent" and a "service control server link element" | 8 |
| | B. | Headwater Failed to Adequately Plead Infringement of The '192 Patent | 9 |
| | | 1. "secure message link" | 9 |
| | | 2. "network element messages comprising respective message content and requests for delivery of the respective message content" | 9 |
| | | 3. "transport services stack" | 10 |
| | C. | Headwater Failed to Adequately Plead Infringement of The '117 Patent. | 10 |
| | | 1. Headwater's Infringement Theory Regarding FCM Functionality is Facially Deficient. | 10 |
| | | 2. "secure Internet data connections" | 12 |
| | | 3. "a secure interprocess communication service" | 12 |
| V. | Conclusion | | 13 |

# **TABLE OF AUTHORITY**

**Cases**                                                                                                      **Page(s)**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)................................................................................................................2

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007)................................................................................................................3

*Chapterhouse, LLC v. Shopify, Inc.*,
　No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018)...............................4

*Diem LLC v. BigCommerce, Inc.*,
　No. 6:17-CV-186, 2017 WL 9935521 (E.D. Tex. May 11, 2017) ...........................................3

*Liberty Peak Ventures, LLC v. Regions Fin. Corp.*,
　No. 2:21-CV-00417-JRG, 2022 WL 798030 (E.D. Tex. Mar. 15, 2022)..................................5

*Rogers v. Lowe's Home Centers, Inc.*,
　No. 4:22-CV-532-SDJ, 2023 WL 2815154 (E.D. Tex. Apr. 6, 2023)............................ *passim*

*Taubenfeld v. Hotels.com*,
　385 F. Supp. 2d 587 (N.D. Tex. 2004*)* ...................................................................................3

*Thomas v. Esper, Sec'y of the Army*,
　No. 5:18-cv-110-RWS-CMC, 2019 WL 3026951 (E.D. Tex. May 22, 2019) .........................2

*VStream Techs., LLC v. PLR IP Holdings, LLC*,
　No. 6:15-cv-974-JRG-JDL, slip op. (E.D. Tex. Aug. 24, 2016)...............................................4

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..............................................................................................................2, 3

**I.     INTRODUCTION**

Headwater Research LLC ("Headwater") alleges that Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively "Defendants" or "Samsung") infringe three patents-in-suit. But Headwater proffers bare bones allegations that only contain screenshots of different sources and statements that, in many instances, merely repeat the asserted claim language. In its first Motion to Dismiss (Dkt. 28), Samsung identified the limitations for which Headwater's allegations were particularly deficient, and in response, Headwater amended its complaint to plead new allegations. Dkt. 31. Headwater's First Amended Complaint (the "FAC"), however, continues to be rife with serious deficiencies.

For U.S. Patent No. 8,406,733 (the "'733 patent"), Headwater added cursory allegations that certain accused servers provide "control-plane communications," but the FAC does not make any such allegation against Firebase messaging servers. Even with respect to the servers that are identified (i.e., Samsung Knox MDM platform, Knox Manage servers, and Tizen servers), Headwater does not explain what makes a communication from those servers "control-plane" or identify what the alleged "control-plane communications" are. Additionally, Headwater must also identify an "encryption key" that a "service control device link agent" uses to decrypt a message from a "service control server link element." But Headwater fails to point to any such "encryption key," let alone explain or plead any facts to show that the "encryption key" is stored in an end-user's device and "shared between" a "service control device link agent" and "service control server link element."

Headwater's amendment for U.S. Patent No. 9,615,192 (the "'192 patent") fares no better. Headwater still fails to adequately plead the asserted "secure message link," "network element messages comprising respective message content and requests for delivery of the respective message content," and "transport services stack" limitations.

1

Finally, Headwater's U.S. Patent No. 9,198,117 (the "'117 patent") infringement allegations remain deficient. Although the claims require a "device messaging agent" to communicate with a "network message server," Headwater's FAC does not show that each alleged "agent" communicates with the alleged "servers." Like the original Complaint, the FAC accuses "the Firebase Cloud Messaging client app" of being a "device messaging agent" (*see* Dkt. 31-5 at 4-18) without identifying any corresponding "network message server" that communicates with this app. Moreover, with respect to all accused functionalities, Headwater fails to adequately plead the "secure Internet data connections" and "secure interprocess communication service" limitations. Thus, on Headwater's pleading, infringement cannot be plausibly inferred.

For these reasons, Defendants respectfully request that Headwater's claims for infringement be dismissed with prejudice as to the asserted patents.[1]

## II.   LEGAL STANDARDS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A court must dismiss a claim if the facts alleged do not support a reasonable inference of liability, a standard that "asks for more than a sheer possibility" that the defendant engaged in wrongful acts. *Id.* Thus, a court need not "accept as true a legal conclusion couched as factual allegation," *id.* (quotation omitted), nor allegations "that are conclusory in nature." *Thomas v. Esper, Sec'y of the Army*, No. 5:18-cv-110-RWS-CMC, 2019 WL 3026951, at *2 (E.D. Tex. May

---

[1] These identified deficiencies in Headwater's infringement theories are only exemplary. Defendants expect and reserve the right to identify more deficiencies as the case progresses.

22, 2019) (citation omitted). A pleading with only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A plaintiff must "provid[e] facts sufficient to create a plausible inference that ***each element of the claim*** is infringed by the accused products." *Diem LLC v. BigCommerce, Inc.*, No. 6:17-CV-186 JRG-JDL, 2017 WL 9935521, at *2 (E.D. Tex. May 11, 2017) (emphasis added). "A dismissal with prejudice is appropriate when amending a complaint would be futile." *Taubenfeld v. Hotels.com*, 385 F. Supp. 2d 587, 592 (N.D. Tex. 2004); *see also Rogers v. Lowe's Home Centers, Inc.*, No. 4:22-CV-532-SDJ, 2023 WL 2815154, at *5 (E.D. Tex. Apr. 6, 2023) (same).

### III.   STATEMENT OF FACTS

Headwater filed its original Complaint on March 10, 2023, asserting infringement of the '733, '117, and '192 patents. Dkt. 1. Headwater's original Complaint included three claim charts, each containing Headwater's infringement allegations for claim 1 of each of the three asserted patents. Dkts. 1-4 ('733 patent), 1-5 ('117 patent), 1-6 ('192 patent). Other than in the claim charts, Headwater's Complaint did not set forth a description of where each claim limitation is purportedly found in the accused devices. Dkt. 1, ¶¶ 63, 78, 93.

On July 10, 2023, Samsung moved to dismiss Headwater's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 28. In that motion, Samsung identified several limitations for which Headwater's infringement allegations were particularly deficient and argued that, on Headwater's pleading, infringement cannot be plausibly inferred. *Id*.

On July 24, 2023, Headwater filed the FAC, which contained new infringement allegations in view of Samsung's Motion to Dismiss. Specifically, for the '117 patent, Headwater added descriptions that purport to identify a "service control link," "service control server link elements," "agent messages," and "agent communication bus" in the accused devices. Dkt. 31-5 at 12-13, 24. For the '192 patent, Headwater added allegations superficially describing the "service control link"

3

(which is not a limitation of the '192 patent), "network elements," "asynchronous event with time-critical messaging needs," and "transport service stack." For the '733 patent, Headwater added descriptions concerning the terms "secure Internet data connections" and "secure interprocess communication service." Dkt. 31-6 at 30-31, 79. But Headwater did not make any amendment to address the deficiency Samsung had pointed out regarding the "device agent" and "network message server" limitations.

## IV.   ARGUMENT

Headwater's FAC fails to state a plausible claim of infringement. The "key to patent infringement is not just identifying [] products, but identifying *how* those products allegedly infringe the Asserted Patent claims." *See VStream Techs., LLC v. PLR IP Holdings, LLC*, No. 6:15-cv-974-JRG-JDL, slip op. at 7 (E.D. Tex. Aug. 24, 2016) (emphasis added). In *Chapterhouse, LLC v. Shopify, Inc.*, for example, this Court dismissed a complaint that "[did] not contain materially more than [] bare bones allegations." No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018). The Court explained that a conclusory statement parroting a claim limitation followed by "supporting" screenshots do not pass the *Iqbal/Twombly* standard. *Id*.

As in *Chapterhouse*, Headwater's FAC does not contain "materially more" than barebones allegations. While Headwater's Complaint "breaks . . . exemplary claim[s] into individual elements with 'supporting' screenshots," that alone is insufficient. *Id.* "While screenshots may be useful in laying out a plausible allegation of patent infringement, Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the Iqbal/Twombly standard is met." *Id.* (noting that additional explanation may be merited for patents covering "hardware and software" claims relative to "relatively simple" mechanical patents). Headwater fails to provide such

4

allegations with respect to several limitations, doing no more than cobbling together screenshots of various sources, which in many instances are not even linked to the claim elements they purportedly illustrate. In its first Motion to Dismiss, Samsung identified the limitations for which Headwater's allegations in the original Complaint were particularly deficient. Dkt. 28. Headwater's FAC pleads new allegations in view of Samsung's Motion to Dismiss, but the deficiencies remain in many cases.

Headwater may argue that, in contrast to *Chapterhouse*, its Complaint includes "descriptive explanations of the screenshots" in its attached claim charts. *See Liberty Peak Ventures, LLC v. Regions Fin. Corp.*, No. 2:21-CV-00417-JRG, 2022 WL 798030, at *2 (E.D. Tex. Mar. 15, 2022). That argument fails, however, as although Headwater's charts provide some description for a subset of screenshots, they do so on a selective basis—leaving many claim terms unaddressed. Headwater's FAC fails to cure the fatal defects in Headwater's original complaint. Because infringement requires a showing of each element of an asserted claim, Headwater's FAC does not pass the *Iqbal/Twombly* standard.

Given that Headwater failed to cure the defects despite having had the opportunity to re-plead, Headwater's FAC should be dismissed with prejudice. *See Rogers*, No. 4:22-CV-532-SDJ, 2023 WL 2815154, at *5 (granting dismissal with prejudice where plaintiff proved to be unable or unwilling to remedy prior pleading deficiencies).

### A.  Headwater Failed to Adequately Plead Infringement of The '733 Patent.

Headwater's FAC fails to adequately plead infringement of the '733 patent. With respect to the "control-plane communications" limitation, it remains unclear what characteristics allegedly render a communication "control-plane communication," and Headwater fails to even identify what the alleged "control-plane communications" are in the accused devices.

Additionally, claim 1 requires "memory configured to store an encryption key, the encryption key shared between the service control device link agent and a service control server link element of the network system." Headwater's new allegations about the "service control device link agent" and "service control server link element" limitations fail to identify any encryption key that satisfies this claim element. The FAC merely restates the claim language without identifying any encryption key in the accused device that is shared between the accused service control device link agent and the accused service control server link element.

### 1. "control-plane communications"

Claim 1 of the '733 patent recites that a "service control link" is "configured to support control-plane communications." '733 patent at 163:47-54. In its first Motion to Dismiss, Samsung pointed out that Headwater's original Complaint is silent on what constitutes "control-plane communications" and failed to even allege that the accused devices engage in any type of "control-plane communications," whether supported by a "service control link" or not. Dkt. 28 at 6. Headwater's FAC now alleges that "Samsung's Knox MDM platform, Knox Manage servers and Tizen servers are all examples of servers which provide control plane communications and which are service control server link elements, ***including because*** they control, manage, and apply service policies to user devices to which they are connected." Dkt. 31-4 at 13 (emphasis added). But Headwater's FAC still fails to meet the requisite level of detail.

As an initial matter, although Headwater accuses "Firebase messaging servers" of providing a "service control link," Headwater does not allege that "Firebase messaging servers" provide "control plane communications." *Id.* at 12-13. The screenshots concerning "FCM Architectural Overview" (*e.g.*, *id.* at 6, 29) do not redeem that failure: the screenshots do not illustrate any "control plane communications," and are not accompanied by any explanation by Headwater. Thus, even if Headwater's new allegation that certain servers (i.e., Samsung's Knox

6

MDM platform, Knox Manage servers, and Tizen servers) provide "control plane communications" was found sufficient, the allegations against "Firebase messaging servers" should be dismissed. These claims should be dismissed with prejudice as Headwater had the opportunity to amend its complaint to address this deficiency, which was identified in Samsung's first Motion to Dismiss, but chose not to.

Headwater's allegation against the so-called Knox MDM platform, Knox Manage servers, and Tizen servers likewise fail to meet the Twombly/Iqbal standard. First, Headwater attempts to show how two distinct limitations are met—*i.e.*, that the accused servers provide "control plane communications" and are "server control server link elements"—by the *same* functionality, namely, that the servers allegedly "control, manage, and apply service policies to user devices to which they are connected." *Id*. It is thus impossible to discern what Headwater's basis is for each distinct limitation. Second, because Headwater qualifies its characterization using the vague phrase "*including* because," it remains unclear what allegedly makes a communication a "control-plane communication." Does Headwater mean that any server that performs the described function ("control, manage, and apply service policies to user devices to which they are connected") necessarily provides "control plane communications"? Would any message from the so-called Knox MDM platform, Knox Manage servers and Tizen servers be "control plane communications"? The intentionally vague language renders Headwater's allegation fatally ambiguous. Third, the FAC fails to specifically identify any "control plane communications" in the accused products. At best, Headwater alleges that these servers provide "control plane communications," but Headwater's FAC does not identify what it contends constitutes those communications.

7

### 2. "service control device link agent" and a "service control server link element"

Claim 1 of the '733 patent requires communications between a "service control device link agent" and a "service control server link element." For example, the former is configured to receive from the latter an "encrypted agent message," which is then decrypted using an "encrypted key" "shared between" the "service control device link agent" and "service control server link element." '733 patent at 163:60-164:2 (limitations 1[c]-[e]).

As Samsung explained in the first Motion to Dismiss, Headwater's original Complaint did not identify a "service control device link agent" or a "service control server link element," much less an "encrypted agent message." Dkt. 28 at 7. Headwater now alleges in the FAC that so-called "Samsung's Knox MDM platform, Knox Manage servers and Tizen servers" are "service control server link elements" and that "devices managed by Samsung Knox Manage or the Knox MDM platform are managed by software including specific end-user device applications and software, such as the Knox Manage (KM) agent." Dkt. 31-4 at 13.

First, as discussed above, although Headwater alleges that "Firebase messaging servers" provide a "service control link," the FAC is silent on whether "Firebase messaging servers" comprises or constitutes a "server control server link element." *See id.* at 12-13. Headwater's infringement allegation against the Firebase messaging servers is therefore facially deficient and should be dismissed with prejudice.

Moreover, with respect to the accused "server control server link elements" (i.e., so-called "Samsung's Knox MDM platform, Knox Manage servers and Tizen servers"), the FAC fails to explain how those servers transmit an "encrypted agent message" to "server control device link agent" Headwater simply alleges that "[n]otifications, data, and messages transmitted over these service control links from such servers to devices are encrypted, as illustrated above, and are 'agent

8

messages.'" *Id*. at 12. But the claim requires more than "encrypted" messages. An "encryption key" must be stored in an end-user device's memory and "shared between" the "server control device link agent" and "server control server link element." '733 patent at 163:60-63 (limitation 1[c]). Headwater's FAC is devoid of any identification or explanation as to an "encryption key" in the accused devices that meets such requirements. *See id.* at 24-34 (discussing limitation 1[c]).

As a result, even if Headwater's factual allegations are accepted as true, Headwater's FAC fails to create a plausible inference of infringement of the '733 patent by any accused device.

### B. Headwater Failed to Adequately Plead Infringement of The '192 Patent

#### 1. "secure message link"

Headwater still fails to identify any allegations regarding the "secure message link" limitation, which Samsung's first Motion to Dismiss identified as lacking in the original complaint. Dkt. 28 at 8. The FAC added vague allegations stating that an unidentified "communications link" between Knox Manage servers/Knox MDM platform and devices managed by such servers platforms constitutes a "service control link" and, similarly, that an unidentified "communications link" between so-called Samsung Tizen servers/Firebase messaging servers and Android devices constitutes a "service message link." Dkt. 31-6 at 10-11. But the asserted '192 patent claim does not recite any "service control link" or "service message link," so these additional allegations do not cure Headwater's failure to identify any "*secure* message link."

#### 2. "network element messages comprising respective message content and requests for delivery of the respective message content"

Headwater still fails to identify any allegations regarding the "network element messages" limitation, which Samsung's first Motion to Dismiss identified as lacking in the original complaint, at least with respect to the accused Tizen and Firebase functionalities. Dkt. 28 at 9. With respect to Knox, Headwater now contends that "device commands" and "readable notifications"

9

transmitted from the administrator devices" constitute "network element messages" and that "alerts" sent from managed devices alternatively constitute "network element messages." Dkt. 31-6 at 17-18 (citing websites from docs.samsungknox.com). In contrast, Headwater's allegations with respect to Tizen and Firebase identify no specific network element messages, instead baldly asserting that such messages exist. *Id.*

### 3. "transport services stack"

Headwater still fails to identify any "transport service stack" within the accused products. *See* Dkt. 28 at 10-11. Relative to the original complaint, the FAC adds only that "Samsung's Tizen and Knox products utilize communication layers comprising a transport services stack at the servers and devices to which the servers are connected." Dkt. 31-6 at 59. Headwater then references "specific [but unidentified] software . . . which receives, decr[yp]ts and decodes, interprets, and executes commands or messages." *Id.* These vague statements still fail to identify any "transport services stack" within the accused products, instead baldly assert—without explanation—that "Samsung's Tizen and Knox products" have this feature, somewhere.

### C. Headwater Failed to Adequately Plead Infringement of The '117 Patent.

Despite asserting claims that require a "network system" that includes a server, Headwater's FAC, like Headwater's original Complaint, fails to identify any alleged server—at least with respect to the accused Firebase Cloud Messaging functionality. Moreover, Headwater still fails to provide evidence or explanation as to how the accused devices practice the claimed (1) secure Internet data connections or (2) a secure interprocess communication service.

#### 1. Headwater's Infringement Theory Regarding FCM Functionality is Facially Deficient.

Headwater's infringement allegation for the '117 patent remains facially deficient. Claim 1 of the '117 patent (the only claim charted by Headwater) recites a "network message server" and

a "device messaging agent." '117 patent at 163:47, 51. Claim 1 requires "the network message server to generate corresponding Internet data messages" and "to transmit each of the generated Internet data messages to the device messaging agent." *Id.* at 163:63-164:3. Claim 1 also requires "each device messaging agent, when executing, to receive the Internet data messages." *Id.* at 164:7-8. Thus, for each accused "device messaging agent," Headwater must also identify a corresponding "network messaging server" that transmits "Internet data messages" to that particular accused "device messaging agent."

For the "device messaging agent" limitation, like the original Complaint, Headwater's FAC identifies several different features, including "the FCM client app." Dkt. 31-5 at 4-18. However, Headwater fails to identify a corresponding "network message server" that transmits messages to the accused FCM client app. As a result, even if the FCM client app constituted a "device messaging agent," Headwater's infringement theory would fail because Headwater did not identify any "network message server" that communicates with the FCM client app.

Indeed, Samsung's first Motion to Dismiss raised this exact issue with respect to Headwater's original Complaint. *See* Dkt. 28 at 11-12. Headwater's FAC, however, did not plead any new facts or provide any explanations to cure that deficiency. *See* Dkt. 31-5 at 4-18. Instead, the FAC added new allegations only to address the deficiencies Samsung had raised with respect to the two other limitations (*i.e.*, "secure Internet data connections" and "a secure interprocess communication service"). *See* Dkt. 31-5 at 30-31. Because Headwater is apparently unable or unwilling to remedy the pleading deficiency regarding the FCM client app, Headwater's infringement allegations against the FCM client app should be dismissed with prejudice. *See Rogers*, No. 4:22-CV-532-SDJ, 2023 WL 2815154, at *5 (granting dismissal with prejudice where plaintiff proved to be unable or unwilling to remedy prior pleading deficiencies).

### 2. "secure Internet data connections"

Headwater still fails to identify any "secure Internet data connection" in the accused products. *See* Dkt. 28 at 12. Headwater's FAC newly asserts that unidentified "communications links" exist between certain servers and certain devices and that "the connections are secure (insofar as they are encrypted per Samsung's requirements)." Dkt. 31-5 at 30-31. Yet nowhere does Headwater identify what specific "encryption" they are accusing as being part of the claimed "secure Internet data connections." The FAC especially fails to adequately plead infringement allegations given that, in one sentence, Headwater refers to unidentified encryption done "per Samsung's requirements," whereas in another, Headwater refers to messages that "*may* be encrypted." *See id.* (citing application code).

### 3. "a secure interprocess communication service"

Headwater still fails to identify any "secure interprocess communication service" in the accused products. *See* Dkt. 28 at 13. Headwater's FAC newly asserts that the "Android API" and the "Tizen API" provide a "secure interprocess communication service" but neglects to identify the service itself. Dkt. 31-5 at 79. The FAC alleges that "[m]essages received by the push service running on Tizen and Android devices, for example, communicate with other applications on the device" and that "messages sent to Knox agents from Knox servers may be authenticated by the user device and passed on to relevant application [sic] on the device." *Id.* However, this amounts to a self-serving, unilateral characterization of Samsung products that attempts to paraphrase the claim language that "application data in the message [is forwarded] to the software process via a secure interprocess communication service." *See* '117 Patent at Claim 1. It reveals nothing about what, within Samsung products, Headwater contends constitutes a "secure interprocess communication service."

## V. CONCLUSION

Because Headwater's FAC contains insufficient facts from which infringement can be plausibly inferred, Defendants respectfully request dismissal of Headwater's infringement allegations against the asserted patents with prejudice.

Dated: August 8, 2023     Respectfully submitted,

By: /s/ Shaun W. Hassett
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice forthcoming*)
DC Bar No. 1034255
hartzman@fr.com
Joshua Carrigan (*pro hac vice forthcoming*)
VA Bar No. 96911
carrigan@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com

Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice forthcoming*)
GA Bar No. 512272
lake@fr.com
Vivian C. Keller (admitted *pro hac vice* )
GA Bar No. 651500
keller@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett

State Bar No. 24074372
shaunhassett@potterminton.com
POTTER MINTON, P.C.
102 N. College Ave., Suite 900
Tyler, Texas  75702
Tel: (903) 597-8311
Fax: (903) 593-0846

*Attorneys for Defendants
Samsung Electronics Co., Ltd. and
Samsung Electronics America, Inc.*