# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br>    *Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>    *Defendants*. | Civil Action No. 2:23-cv-00103-JRG-RSP<br><br>**JURY DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S SUR-REPLY TO DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (DKT. 40)**

## TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ................................................................................................................1

II. HEADWATER ADEQUATELY PLED INFRINGEMENT OF THE
'117 PATENT .....................................................................................................................1

    A. Headwater Identifies Samsung's Use Of Google Firebase
Cloud Messaging ....................................................................................................1

    B. "Secure Internet Data Connections" .......................................................................2

    C. "A Secure Interprocess Communication Service" ..................................................2

III. HEADWATER ADEQUATELY PLED INFRINGEMENT OF THE
'733 PATENT .....................................................................................................................3

    A. "Control-Plane Communications" ..........................................................................3

    B. "Service Control Device Link Agent" And "Service Control
Server Link Element" .............................................................................................4

IV. HEADWATER ADEQUATELY PLED INFRINGEMENT OF THE
'192 PATENT .....................................................................................................................5

    A. "Secure Message Link" ...........................................................................................5

    B. "Transport Services Stack" .....................................................................................5

V. CONCLUSION ...................................................................................................................5

## TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................. 1, 2, 3, 4, 5

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021) ................................................................................ 1, 2

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*,
    631 F.3d 1279 (Fed. Cir. 2011) .................................................................................. 2

*In re Bill of Lading*,
    681 F.3d at 1339 ........................................................................................................ 5

*Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*,
    2019 WL 2959568 (E.D. Tex. Apr. 18, 2019) ............................................................ 5

*Uniloc USA, Inc. v. Avaya Inc.*,
    2016 WL 7042236 (E.D. Tex. May 13, 2016) ........................................................... 5

*United Servs. Auto. Ass'n v. PNC Bank N.A.*,
    No. 2:21-CV-00246-JRG, 2022 WL 739521 (E.D. Tex. Jan. 14,
    2022) .......................................................................................................................... 3

## I. INTRODUCTION[1]

Samsung admits that Headwater's FAC provides notice of the activities Headwater accuses of infringing its patents. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Indeed, Samsung acknowledges that the law does not require an element-by-element analysis, but instead requires that "a complaint must identify 'what activity . . . is being accused of infringement.'" Dkt. No. 43 at 1 ("Reply") (citing *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352-53 (Fed. Cir. 2021)). Here, Samsung does not dispute that Headwater identified the activity accused of infringement in its FAC. Instead, Samsung attempts to raise claim construction disputes and factual disagreements with the contents of Headwater's FAC—neither of which warrant dismissing Headwater's complaint. Headwater's FAC plainly identifies the accused instrumentalities and provides detailed infringement charts putting Samsung on notice of what activity is being accused of infringement. Nothing more is required, and Samsung's motion should be denied.

## II. HEADWATER ADEQUATELY PLED INFRINGEMENT OF THE '117 PATENT

Samsung does not dispute that Headwater identified and pled infringement by Samsung Knox and Tizen servers. Dkt. No. 40 ("Motion") at 1, 6-7. Samsung identifies no authority to support dismissing Headwater's complaint even though Samsung itself acknowledges at least these two well-pled theories of infringement. On this basis alone, Samsung's motion should be denied.

### A. Headwater Identifies Samsung's Use of Google Firebase Cloud Messaging

Samsung instead argues that Samsung's use of Google Firebase Cloud Messaging requires some showing of "[v]icarious liability." Reply at 2. But this is irrelevant because Headwater does

---

[1] While Samsung's Motion lacks merit and should be denied, Samsung does not dispute that if the Court finds that the Amended Complaint falls short of its pleading requirements, Headwater should be allowed to amend its pleading to remedy its allegations with respect to the whichever issue(s) the Court deems appropriate. Resp. at 20.

not allege that Samsung directly infringes through divided infringement. Thus, this issue is not ripe for dismissal at this stage and, in any event, fails. *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1287 (Fed. Cir. 2011) (a party "uses" a claimed system when it "put[s] the invention into service, i.e., control[s] the system as a whole and obtain[s] benefit from it."). While Samsung asserts that "Headwater does not allege that Samsung ***controls or directs*** the Google servers" (Reply at 2), this ignores Headwater's FAC, clearly pleading that "Defendants ***direct and control*** use of the Accused Instrumentalities," including Samsung Knox and Tizen servers, as well as Google Firebase Cloud Messaging, identified in Headwater's "[c]hart setting forth a description of Defendants' infringement claim 1 of the '117 patent." Dkt. No. 31 at 17 (citing Dkt. No. 31-5).

Samsung's complaints with respect to specific claim language similarly ring hollow, demonstrating that Samsung's motion should be denied.

B.  **"secure Internet data connections"**

Samsung reiterates its argument that Headwater supposedly needed to identify the "encryption 'requirement' set by Samsung or any specific encryption protocol.'" Reply at 3. Yet, this is not required by the law as Headwater explained in its Response. Resp. at 18. Regardless, Samsung admits that Headwater's FAC includes allegations regarding "encryption" in connection with "how third party application developers design their applications. *See* Dkt. 31-5 at 30-31." Reply at 3 (quoting Headwater's claim chart identifying "exemplary application code stating: 'Decrypt app data here if it is encrypted'").

C.  **"a secure interprocess communication service"**

Samsung acknowledges that Headwater's FAC fairly notifies Samsung "that the Android API and Tizen API" provide this limitation in the form of a "client-server architecture." Reply at 3. This is all the law requires. *Twombly*, 550 U.S. 544; *Bot M8 LLC*, 4 F.4th at 1352. Any factual

disagreement about a patentee's application of claim language to an accused system is not a basis to dismiss a count or complaint under *Twombly*. Resp. at 18-19.

## III. HEADWATER ADEQUATELY PLED INFRINGEMENT OF THE '733 PATENT

### A. "control-plane communications"

While Samsung argues that "[t]he FAC does not allege that 'Firebase messaging servers' provide 'control plane communications,'" Samsung admits Headwater included allegations in its FAC which "illustrate[] control-plane communications from server ('[Firebase Cloud Messaging] backend') to user devices ('SDC on device')." Reply at 3. Indeed, Samsung further admits the FAC "illustrates how messages are communicated." *Id.* This alone demonstrates that Headwater has met its burden under *Twombly*. *See also* Resp. at 12-14. Samsung thus resorts to a claim construction argument about what "constitutes 'control-plane' communications." *Id.* However, as Headwater explained, a claim construction dispute is not a pleading deficiency. Resp. at 14 (citing *United Servs. Auto. Ass'n v. PNC Bank N.A.*, No. 2:21-CV-00246-JRG, 2022 WL 739521, at *2 (E.D. Tex. Jan. 14, 2022) (Gilstrap, J.) ("the Court is unwilling to engage in, what is effectively, claim construction at this early stage")).

Samsung next argues that "[t]he FAC lumps the two limitations together and provides a single reason in support" and that "[b]ased on this alone, one cannot plausibly infer that the servers both support 'control-plane communications' and do so through 'service control server link element.'" Reply at 4. Samsung's argument defies common sense given that the same evidence or reason can support multiple arguments or inferences about one or more issues.

Finally, Samsung asserts that it is "incorrect that the FAC 'provides fair notice that the identified message for controlling user devices are 'control-plane communications'" because Headwater purportedly "does not cite where such a message is identified." Reply at 4 (citing Dkt. 31-4 at 13). Yet, the very portion of the claim chart Samsung cites identifies "[n]otifications, data,

and messages transmitted over these service control links from such servers to devices are encrypted, as illustrated above, and are 'agent messages.'" Dkt. No. 31-4 at 13.

### B.  "service control device link agent" and "service control server link element"

Samsung identifies no authority to support dismissing Headwater's complaint which Samsung itself acknowledges contains at least these two well-pled theories of infringement based on Samsung Knox and Tizen server accused instrumentalities. On this basis alone, Samsung's motion should be denied.

Regarding the allegations on Firebase messaging servers, Samsung acknowledges that "'service control server link elements' are simply 'servers in the server/client architecture.'" Samsung nevertheless argues that "such an allegation was not in the FAC." Reply at 4. However, Headwater's FAC clearly identifies "Samsung's Knox MDM platform, Knox Manage servers and Tizen servers are all *examples of servers* which provide control plane communications and which are service control server link elements." Dkt. No. 31-4 at 13. And Samsung acknowledges that servers, such as Firebase messaging servers, are "service control server link elements" which constitute servers in the server/client architecture. Resp. at 14-15. The FAC therefore does not leave Samsung "to speculate how Firebase messaging servers—or any other server—would allegedly include a 'service control server link element'" (Reply at 4), because Samsung's own admissions show the FAC adequately put Samsung on notice as required by *Twombly*.

Finally, the FAC pleads facts sufficient to put Samsung on notice of Headwater's infringement allegations regarding storing of an "encryption key." Resp. at 15-16. Indeed, Samsung itself admits that "the FAC identifies 'Samsung user devices as those having memory storing the encryption key of the claims and that such keys are shared between client and server.'" Dkt. 42 at 15 (citing Dkt. 31-4, at 24, 29, and 33). While Samsung improperly raises a new argument that these are "[t]hreadbare recitals," as discussed above, they are more than adequate to

place Samsung on notice, which is all that is required under *Twombly*.[2]

## IV. HEADWATER ADEQUATELY PLED INFRINGEMENT OF THE '192 PATENT

### A. "secure message link"

Samsung admits that "client devices can communicate with certain servers" (Reply at 5) and does not dispute that Headwater specifically identified "secure message links" of the Accused Instrumentalities by name. Resp. at 16-17. Samsung instead purports to create an improper pleading standard by comparing the accused server to a preferred embodiment and raising a purported claim construction issue. Reply at 5 (citing the '192 specification). This is improper and provides no basis for dismissal. *Uniloc USA, Inc. v. Avaya Inc.*, 2016 WL 7042236, at *3 (E.D. Tex. May 13, 2016).

### B. "transport services stack"

Samsung ignores Headwater's allegations which specifically identify examples of communications software in the accused instrumentalities, including, but not limited to "Tizen Push Server and a device link agent (e.g., Tizen App and/or Push Service)" and "Knox servers (Knox Manage software) and Knox-managed devices (e.g., Knox agent at the devices)." Dkt. No. 31-6 at 5, 8, 59. Headwater is not required to "prove its case at the pleading stage." *In re Bill of Lading*, 681 F.3d at 1339.

## V. CONCLUSION

For the reasons above, the Samsung's Motion should be denied.

---

[2] "It is black-letter law that arguments raised for the first time in a reply brief are waived 'as a matter of litigation fairness and procedure.'" *Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*, 2019 WL 2959568, at *3 (E.D. Tex. Apr. 18, 2019) (citation omitted)).

- 6 -

| | |
|---|---|
| Date: September 7, 2023 | */s/ Jason M. Wietholter* <br> Marc Fenster <br> CA State Bar No. 181067 <br> Reza Mirzaie <br> CA State Bar No. 246953 <br> Brian Ledahl <br> CA State Bar No. 186579 <br> Ben Wang <br> CA State Bar No. 228712 <br> Paul Kroeger <br> CA State Bar No. 229074 <br> Neil A. Rubin <br> CA State Bar No. 250761 <br> Kristopher Davis <br> CA State Bar No. 329627 <br> James S. Tsuei <br> CA State Bar No. 285530 <br> Philip Wang <br> CA State Bar No. 262239 <br> Amy Hayden <br> CA State Bar No. 287026 <br> James Milkey <br> CA State Bar No. 281283 <br> Jason M. Wietholter <br> CA State Bar No. 337139 <br> RUSS AUGUST & KABAT <br> 12424 Wilshire Blvd. 12th Floor <br> Los Angeles, CA 90025 <br> Telephone: 310-826-7474 <br> rak_headwater@raklaw.com <br><br> **ATTORNEYS FOR PLAINTIFF,** <br> **Headwater Research LLC** |

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed electronically. I further certify that all counsel of record were served a complete and accurate copy of the document via email on this day.

Dated:  September 7, 2023                          */s/ Jason M. Wietholter*
                                                                      Jason M. Wietholter