## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>                           *Plaintiff*,<br><br>                    v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>                           *Defendants*. | Civil Action No. 2:23-cv-00103-JRG-RSP<br><br>**JURY DEMANDED** |

## JOINT MOTION FOR ENTRY OF DISPUTED PROTECTIVE ORDER

Pursuant to the Court's Order setting a deadline to file a proposed Protective Order (D.I. 41), Plaintiff Headwater Research, LLC ("Headwater") and Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively, "Defendants" or "Samsung"), (collectively, the "Parties") hereby submit competing forms of the Proposed Protective Order. The parties' proposals are attached as **Exhibit A** (Headwater) and **Exhibit B** (Samsung).

The parties agree on almost all provisions of the Protective Order, but disagree on how the scope of the prosecution bar therein is defined.

**Plaintiff's Position:**

Headwater's proposal follows not only this Court's model protective order but also the protective order language agreed upon in Case No. 2:22-cv-00422-JRG-RSP ("the -422 Action"), which involves the exact same parties and counsel as the present action. Samsung provides no justification for departing from the Court's default language and what Samsung agreed to only a few months ago in another Headwater case. Samsung's specific proposal is also problematic because, if anything, it seeks to improperly broaden the scope of the prosecution bar and would not prevent future disputes in any event.

Paragraph 11 of this Court's model protective order uses the exact same language that Headwater's proposal does, limiting the scope of the prosecution bar to "the field of the invention of the patents-in-suit." *See* E.D. Texas Sample Protective Order for Patent Cases ¶ 11. This language is understandable to all parties and this Court. Indeed, it is the default language that has been applied by this Court for years in hundreds, if not thousands, of protective orders. Samsung offers no legitimate reason for deviating from this default language here.

Indeed, the same parties and counsel agreed to include this exact language in the protective order entered in the -422 Action only six months ago. *See* Case No. 2:22-cv-00422-JRG-RSP, Dkt. No. 55 at 13 (E.D. Tex. Apr. 5, 2023). Samsung has not identified anything that has occurred in that case or this one suggesting that such language is now suddenly problematic. The same parties and counsel agreeing to use the Court's default language a few months ago only further demonstrates that there is no reason to deviate now.

During the parties' telephonic meet-and-confer, counsel for Headwater pointed out not only these facts but also problems with Samsung's specific proposed language. Samsung proposes replacing the default language "the field of the invention of the patents-in-suit" with "the fields of invention of the patents in suit (*e.g.*, transmission of messages between a server and an application using encryption, network message servers, and message link servers)." *See* Ex. B (Samsung's Proposed PO) ¶ 11. To generate its proposed language, it appears that Samsung cobbled together a few individual words or phrases from three different patent abstracts. That is not a reasonable way to define the scope of the prosecution bar here. As one example, one might read Samsung's proposal to encompass all technologies involving communication between a device and a server, which would be unreasonably overbroad. And given the lack of clarity in Samsung's proposal, adopting Samsung's proposed additional language would not avoid future disputes about the scope

of the prosecution bar. If any such dispute were to arise later (and Headwater certainly expects none), the parties and the Court could simply resolve that dispute by using the default protective order language that is routinely applied by this Court (and does not include Samsung's additional parenthetical)—which also governs the same parties and counsel in the -422 Action case involving other Headwater patents.

Accordingly, Headwater respectfully requests that its proposed protective order be adopted, consistent with this Court's default protective order.

**<u>Defendants' Position:</u>**

A prosecution bar, which both parties agree is appropriate here, protects Samsung's confidential information from misuse. The "field of the invention," in turn, plays a key role in defining the scope of that protection. Samsung has proposed fields of invention for each of the three asserted patents that are consistent with the subject matter of the asserted patents. Headwater objects to Samsung's proposed language, yet has failed to propose any alternative or identify specific issues in Samsung's proposed language, despite repeated requests by Samsung. Headwater complains that Samsung's proposal is broad, but fails to identify how or why or even offer a counter proposal. Headwater also alleges, without explanation, that future disputes regarding the definition of "field of the invention" would be better resolved if the parties kick the can down the road. But if any disputes were to arise, the Court and the parties would be better served by having pre-defined fields of inventions by which to weigh any alleged violation of the prosecution bar.

Headwater argues that the generic recitation of "field of the invention" "is understandable to all parties" but, as this dispute clearly shows, the parties have differing views of what the fields of invention are for each patent. Unlike the -422 Action—in which no dispute has arisen—here,

a known dispute exists, it should be resolved before Headwater receives confidential information.  Moreover, given that Headwater disputes Samsung's language but provides no alternative, Samsung cannot determine how Headwater intends to interpret the scope of the prosecution bar going forward, further increasing uncertainty and the risk of misuse, even if inadvertent.

The field of the invention plays a key role in defining the scope of the prosecution bar and protecting Samsung's information.  "In determining the scope of a prosecution bar, the relevant question is . . . in which fields the patented technology could reasonably be used, i.e. the areas of technology where there is a risk that individuals may inadvertently exploit their new knowledge in future patent prosecution."  *E–Contact Techs., LLC v. Apple, Inc*., No. 1:11-CV-426 LED/KFG, 2012 WL 11924448, at *2 (E.D. Tex. June 19, 2012); *see also Visto Corp. v. Seven Networks, Inc.*, No. 2:03-CV-333-TJW, 2006 WL 3741891, at *5 (E.D. Tex. Dec. 19, 2006) ("The purpose for this provision is plain—it is to allow discovery in the case to move forward and to prevent a party from using its opponent's confidential technical and financial information for purposes other than the prosecution or defense of the lawsuit.").

Courts routinely define broad "fields of the invention" in prosecution bars found in protective orders.  *See E–Contact Techs.*, 2012 WL 11924448 at *3 (adopting defendant's broader definition and finding that "[i]t is necessary to impose a broader prosecution bar to protect Defendants' confidential information which will be exchanged in this case"); *see also Arigna Tech. Ltd. v. Google LLC*, No. 21-cv-01045-ADA, ECF No. 37 (W.D. Tex. Apr. 12, 2022); *Free Stream Media Corp. v. Alphonso Inc*., No. 15-cv-01725, ECF No. 82 (E.D. Tex. Oct. 5, 2016); *PaR Sys. Inc. v. iPHOTON SOLS., LLC*, No. 10-cv-00393, ECF No. 53 (N.D. Tex. Aug. 23, 2010).  This makes sense.  Now that a dispute exists, the "field of the invention" can and should be determined

before Headwater has access to Samsung confidential information.  Indeed, defining the "field of the invention" *before* Headwater receives Samsung's confidential information eliminates the risk that Headwater "may inadvertently exploit their new knowledge" by later defining the "field of the invention" based on Samsung's confidential information.  *E–Contact Techs.*, 2012 WL 11924448 at *2.  Additionally, specifying the "field of the invention" in the protective order provides clarity to all parties and counsel regarding the bounds of the protective order and minimizes future disputes regarding protective order violations.

Thus, Samsung requests that the Court adopt Samsung's prosecution bar provision.

Dated: October 27, 2023                                   Respectfully submitted,

/s/ Andria Rae Crisler                                    /s/ Marc Fenster
Ruffin B. Cordell                                         Marc Fenster
TX Bar No. 04820550                                       CA State Bar No. 181067
Michael J. McKeon                                         Reza Mirzaie
DC Bar No. 459780                                         CA State Bar No. 246953
mckeon@fr.com                                             Brian Ledahl
Jared Hartzman (*pro hac vice*)                           CA State Bar No. 186579
DC Bar No. 1034255                                        Ben Wang
hartzman@fr.com                                           CA State Bar No. 228712
Joshua Carrigan (*pro hac vice*)                          Paul Kroeger
VA Bar No. 96911                                          CA State Bar No. 229074
carrigan@fr.com                                           Neil A. Rubin
FISH & RICHARDSON P.C.                                    CA State Bar No. 250761
1000 Maine Avenue, SW, Ste 1000                           Kristopher Davis
Washington, D.C. 20024                                    CA State Bar No. 329627
Telephone: (202) 783-5070                                 James S. Tsuei
Facsimile: (202) 783-2331                                 CA State Bar No. 285530
                                                          Philip Wang
Thad C. Kodish                                            CA State Bar No. 262239
GA Bar No. 427603                                         Amy Hayden
tkodish@fr.com                                            CA State Bar No. 287026
                                                          James Milkey
                                                          CA State Bar No. 281283
                                                          Jason M. Wietholter
                                                          CA State Bar No. 337139
                                                          RUSS AUGUST & KABAT

Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Nicholas A. Gallo (*pro hac vice*)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice*)
GA Bar No. 512272
lake@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715

12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
rak_headwater@raklaw.com

Robert Christopher Bunt
Parker, Bunt & Ainsworth, P.C.
Texas State Bar No. 00787165
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel.: (903) 531-3535
rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

tom@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd. and*
*Samsung Electronics America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 27th day of October 2023, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Marc Fenster*
Marc Fenster

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel met and conferred multiple times per Eastern District of Texas Local Rule CV-7(h) and were able to resolve most of their disputes, but the dispute identified above still remains. The parties are in agreement on filing this Joint Motion.

*/s/ Kristopher Davis*
Kristopher Davis