**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00103-JRG-RSP |

**DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION .................................................................................................... 1 | |
| II. | FACTUAL BACKGROUND ................................................................................... 1 | |
| III. | ARGUMENT ............................................................................................................ 2 | |
| | A. | A Stay Will Not Unduly Prejudice Headwater, But the Absence of a Stay Will Prejudice Samsung. ............................................................................... 3 |
| | B. | The Early Stage of This Case Weighs in Favor of A Stay. ..................................... 5 |
| | C. | The IPRs Are Highly Likely To Simplify or Eliminate Issues, Streamline the Litigation, and Reduce the Burden on the Court and the Parties. ..................... 6 |
| IV. | CONCLUSION ......................................................................................................... 8 | |

# **TABLE OF AUTHORITIES**

**Cases**                                                         **Page(s)**

*Aylus Networks, Inc. v. Apple Inc.*,
   856 F.3d 1353 (Fed. Cir. 2017)......................................................................................5, 7

*Chart Trading Dev., LLC v. Tradestation Grp., Inc.*,
   No. 6:15-CV-1136-JDL, 2016 WL 1246579 (E.D. Tex. Mar. 29, 2016) ................................5

*Clinton v. Jones*,
   520 U.S. 681 (1997)..............................................................................................................2

*Corel Software, LLC v. Microsoft Corp.*,
   No. 2:15-cv-528-JNP-PMW, 2016 WL 4444747 (D. Utah Aug. 23, 2016)..............................7

*Customedia Techs., LLC, v. DISH Network Corp.*,
   No. 2:16-cv-129-JRG, 2017 WL 3836123 (E.D. Tex. Aug. 9, 2017) .....................................2

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
   Case No. 2:17-cv-00140-WCB-RSP, 2019 WL 11023976 (E.D. Tex. Feb. 14,
   2019) ......................................................................................................................................5

*In re Etter*,
   756 F.2d 852 (Fed. Cir. 1985)...............................................................................................6

*Headwater Research LLC v. Samsung Electronics Co., Ltd.*,
   C.A. 2:22-cv-0042-JRG-RSP, Dkt. No. 67 (E.D. Tex. Oct. 11, 2023).....................................1

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
   No. 2:16-cv-00052-JRG-RSP, 2017 WL 4385567 (E.D. Tex. Sep. 9, 2017)...........................7

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936)..............................................................................................................2

*Landmark Tech., LLC v. iRobot Corp.*,
   No. 6:13-cv-411-JDL, 2014 WL 486836 (E.D. Tex. Jan. 24, 2014) .......................................5

*NFC Tech. LLC v. HTC Am., Inc.*,
   No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015).....................3, 4, 6, 7

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
   No. 6:13-cv-384-JDL, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014).......................................6

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
   No. 2:13-cv-213-JRG-RSP, 2015 WL 627887 (E.D. Tex. Jan 29, 2015) ...............................4

*Smartflash LLC v. Apple Inc.*,
    621 F. App'x 995 (Fed. Cir. 2015) .................................................................................5

*Solas OLED Ltd. v. Samsung Display Co., Ltd.*,
    2:19-CV-00152-JRG, 2020 WL 4040716 (E.D. Tex. July 17, 2020) ........................................4

*Stragent LLC v. BMW of N. Am., LLC*,
    No. 6:16-CV-446, 2017 WL 3709083 (E.D. Tex. July 11, 2017) ...........................................4

*Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*,
    No. 3:18-CV-3071-N, 2020 WL 374545 (N.D. Tex. Jan. 23, 2020) ........................................4

*Uniloc USA Inc. v. Google Inc.*,
    No. 2:17-cv-00231-JRG, Dkt. No. 47 (E.D. Tex. Oct. 3, 2017) ..............................................7

*Versata Software, Inc. v. Callidus Software, Inc.*,
    771 F.3d 1368 (Fed. Cir. 2014), *vacated on other grounds by* 780 F.3d 1134
    (Fed. Cir. 2015) ...............................................................................................................5, 7

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014) .....................................................................................3, 4

**Other Authorities**

*Changes to Implement Inter Partes Review Proceedings, Post-Grant Proceedings,
    and Transitional Program for Covered Business Method Patents*, 77 Fed.
    Reg. 48680 (Aug. 14, 2012) ............................................................................................5

## I. INTRODUCTION

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants") respectfully move the Court to stay this case until the Patent Trial and Appeal Board ("PTAB") concludes *inter partes* review ("IPR") of the Asserted Patents. Samsung has filed IPR petitions on each of the three Asserted Patents, and now moves to stay having completed these IPR filings. The factors the Court typically considers in determining whether to stay strongly favor one here. First, a stay will not unduly prejudice Plaintiff Headwater Research LLC ("Headwater" or "Plaintiff") because money damages would adequately compensate Headwater for the alleged infringement and Headwater showed no urgency in filing this infringement suit. Second, this case is in its earlier stages, with the most burdensome parts of the case still to come. Third, the IPR proceedings will likely simplify, if not eliminate, several issues related to the Asserted Patents. Samsung therefore respectfully submits that a stay pending the IPRs' resolutions is warranted.[1]

## II. FACTUAL BACKGROUND

Headwater filed its First Amended Complaint against Samsung on July 24, 2023, alleging Samsung's "mobile electronic devices, such as mobile phones and tablets, as well as wearables and televisions" infringe the three Asserted Patents. (Dkt. 31, ¶ 45.) The Asserted Patents issued between 2013 and 2017. (*Id.*, Exs. 1-3.)

On September 28, 2023, Headwater served initial infringement contentions, identifying the claims it contends Samsung infringes.

---

[1] Samsung filed a corresponding motion to stay in related case *Headwater Research LLC v. Samsung Electronics Co., Ltd.*, C.A. 2:22-cv-0042-JRG-RSP, Dkt. No. 67 (E.D. Tex. Oct. 11, 2023) ("*Headwater I*"). For the Court's convenience, the instant motion is substantially the same as Samsung's motion in *Headwater I*, although the relevant facts have been updated.

On November 17, 2023, Samsung filed IPR petitions as to two Asserted Patents, and Samsung filed two IPR petitions as to the final Asserted Patent on January 23, 2024. Samsung's petitions collectively challenge the validity of more than 60 claims, including all asserted claims.

|    | Asserted Patent | IPR No. | Date Filed |
|----|-----------------|---------|------------|
| 1. | 9,615,192 | IPR2024-00010 | November 17, 2023 |
| 2. | 9,198,117 | IPR2024-00003 | November 17, 2023 |
| 3. | 8,406,733 | IPR2024-00341 | January 23, 2024 |
|    |           | IPR2024-00342 | January 23, 2024 |

Notably, the Patent Office did not rely on any of the prior art references relied upon in Samsung's IPRs during its prosecution of the Asserted Patents. Indeed, only one of the applications that issued as an Asserted Patent received any prior art rejections during examination.

Samsung promptly filed this motion after completing IPR filings for all three Asserted Patents. The parties just entered an ESI order on December 15, 2023, and as of the time of filing, have not exchanged ESI custodians or search terms. No depositions have occurred. Indeed, Headwater served its first discovery requests to Samsung on November 14, 2023. The parties have not identified any claim terms for construction, and the *Markman* hearing is not until July 11, 2024.

### III.  ARGUMENT

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Customedia Techs., LLC, v. DISH Network Corp.*, No. 2:16-cv-129-JRG, 2017 WL 3836123, at *1 (E.D. Tex. Aug. 9, 2017) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). In doing so, the court "must weigh competing interests and maintain an even balance." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). Courts in this District typically consider the following factors when deciding whether to stay a case pending IPR proceedings: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date

has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). "Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.* Each of these factors favor granting a stay in this case.

> **A. A Stay Will Not Unduly Prejudice Headwater, But the Absence of a Stay Will Prejudice Samsung.**

"[W]hether the patentee will be *unduly prejudiced* by a stay . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). In this case, all three Asserted Patents issued between six to ten years ago. (Dkt. 31, ¶ 45.) Moreover, Headwater does not have products that practice the Asserted Patents, which Headwater asserts against functionality in Samsung products that existed for at least six years before Headwater filed this suit. (*See, e.g.*, Ex. 1 (referencing aspects of accused functionality pertaining to Tizen in August 2015).) And, despite the Asserted Patents issuing between 2013 and 2017, Headwater waited more than six years to file the present suit. (Dkt. No. 31, ¶¶ 38-40.) As Headwater has shown that it felt no urgency in bringing these infringement assertions, it will not suffer undue prejudice from having the litigation paused while the PTAB considers Samsung's IPRs. *See VirtualAgility*, 759 F.3d at 1319 (finding a one-year delay between the asserted patent's issuance and the infringement suit's filing weighed against undue prejudice).

Further, Headwater and Samsung are not competitors. Headwater does not appear to have any current business operations other than maintaining and asserting a patent portfolio. (*Cf.* Pl.'s Resp. to Defs.' Rog. 9 (failing to identify any products manufactured by Headwater embodying a claim of the Asserted Patents).) This fact likewise weighs against any finding of undue prejudice. *See NFC Tech.*, 2015 WL 1069111 at *3 (finding that a "generalized claim of injury is entitled to

3

little weight" where plaintiff and defendant do not compete and "monetary relief will be sufficient to compensate it for any injury to its patent rights"); *Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*, No. 3:18-CV-3071-N, 2020 WL 374545, at *1 (N.D. Tex. Jan. 23, 2020) ("While 'competition between parties can weigh in favor of finding undue prejudice,' Uniloc and Defendants are not competitors.") (quoting *VirtualAgility*, 759 F.3d at 1318).

Finally, monetary damages would adequately compensate Headwater if it were ultimately granted some relief. A "stay will not diminish the monetary damages to which [Headwater] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages." *Id*. "[M]ere delay in collecting those damages does not constitute undue prejudice." *Stragent LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446, 2017 WL 3709083, at *2 (E.D. Tex. July 11, 2017); *see also NFC Tech.*, 2015 WL 1069111, at *2 ("[D]elay in the vindication of patent rights" is "present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion.").[2]

Samsung, however, will face prejudice without a stay. Samsung will incur significant litigation expenses defending itself against allegations based on three Asserted Patents—when substantial aspects of those allegations may be materially simplified, if not eliminated, by Headwater's representations during the IPRs and/or by the IPRs' outcome. A stay will benefit both parties by allowing them to take advantage of the IPR process and its creation of "a more efficient and streamlined patent system [to] improve patent quality and limit unnecessary and

---

[2] These facts are not comparable to other non-practicing entity cases where stays have been denied due to the proximity of trial. *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-cv-213-JRG-RSP, 2015 WL 627887, at *2 (E.D. Tex. Jan 29, 2015); *Solas OLED Ltd. v. Samsung Display Co., Ltd.*, 2:19-CV-00152-JRG, 2020 WL 4040716 (E.D. Tex. July 17, 2020). Trial in this case is not scheduled until January 5, 2025. (Dkt. No. 63 at 1.)

counterproductive litigation costs." U.S. Patent and Trademark Office, *Changes to Implement Inter Partes Review Proceedings, Post-Grant Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48680 (Aug. 14, 2012).

### B. The Early Stage of This Case Weighs in Favor of A Stay.

"Staying a case at an early juncture can advance judicial efficiency and maximize the likelihood that neither the court nor the parties expend their assets addressing invalid claims." *Landmark Tech., LLC v. iRobot Corp.*, No. 6:13-cv-411-JDL, 2014 WL 486836, at *3 (E.D. Tex. Jan. 24, 2014); *see also Chart Trading Dev., LLC v. Tradestation Grp., Inc.*, No. 6:15-CV-1136-JDL, 2016 WL 1246579, at *4 (E.D. Tex. Mar. 29, 2016) (same). As noted above, "the most burdensome parts of the case"—depositions, claim construction, ESI discovery, expert discovery, pre-trial motions—"lie in the future." *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, Case No. 2:17-cv-00140-WCB-RSP, 2019 WL 11023976, at *6 (E.D. Tex. Feb. 14, 2019). A stay at this stage would therefore conserve significant judicial and party resources. *See, e.g.*, *Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005 (Fed. Cir. 2015) ("Despite the substantial time and effort already spent in this case, the most burdensome task is yet to come. A determination from the PTAB that all the asserted claims are patent ineligible will spare the parties and the district court the expense of any further litigation, including a trial.").

Removing any need to revisit claim construction and/or other decisions based on Headwater's arguments before the PTAB will avoid unnecessary time and expense by the Court and the parties. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1364 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be relied upon to support a finding of prosecution disclaimer"). The parties will also avoid substantial litigation expenses that may well be eliminated, streamlined, or further defined via the PTAB proceedings. *See, e.g.*, *Versata Software, Inc. v. Callidus Software,*

5

*Inc.*, 771 F.3d 1368, 1374 (Fed. Cir. 2014), *vacated on other grounds by* 780 F.3d 1134 (Fed. Cir. 2015), ("[W]e must also be mindful of the burden on the parties and the court in completing both fact and expert discovery, resolving summary judgment motions, completing the *Markman* process, and preparing for trial.")

> **C. The IPRs Are Highly Likely To Simplify or Eliminate Issues, Streamline the Litigation, and Reduce the Burden on the Court and the Parties.**

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the inter partes review proceeding will result in simplification of the issues before the Court." *NFC Tech.*, 2015 WL 1069111, at *4. "A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Id.* at *1. "Indeed, 'an auxiliary function of the proceeding is to free the court from any need to consider prior art without the benefit of the [PTAB]'s initial consideration.'" *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-384-JDL, 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8, 2014) (quoting *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985)).

Samsung's IPR petitions—challenging all three Asserted Patents and more than 60 claims—will likely simplify issues in this case, if not resolve it altogether.

*First,* the PTAB's record shows that it will likely institute a most (if not all) of Samsung's four pending petitions.[3]

---

[3] The Patent Office's most recent trial statistics indicate that the PTAB has an overall institution rate of 71% by patent and 67% by petition, with a 70% institution rate by petition in the applicable field of Electrical/Computer patents. (*See* Ex. 2, PTAB Trial Statistics, FY23 End of Year Outcome Roundup, at 6-8.) Further, instituted IPRs generally lead to claim cancellation, with a rate of 51% of instituted claims found unpatentable in a Final Written Decision. (*See id.* at 13.)

*Second,* the IPR proceedings could simplify case issues before any institution decisions, as Headwater's Preliminary Responses would be material evidence for issues such as claim construction. *Aylus Networks*, 856 F.3d at 1359–60; *see also Corel Software, LLC v. Microsoft Corp.*, No. 2:15-cv-528-JNP-PMW, 2016 WL 4444747, at *2 (D. Utah Aug. 23, 2016) ("Because it is possible, even likely, that the PTO will proceed on at least one of [Defendant's] IPR petitions, this factor weighs in favor of a stay. Proceeding with claim construction without the benefit of the additional intrinsic record developed during IPR could complicate this case by making it necessary to reconsider certain claim construction issues."); *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-cv-00052-JRG-RSP, 2017 WL 4385567, at *3–5 (E.D. Tex. Sep. 9, 2017), report and recommendation adopted, No. 2:16-cv-00052-JRG-RSP, 2017 WL 4310161 (E.D. Tex. Sep. 28, 2017), (finding statements made in patent owner's Preliminary Response amounted to prosecution disclaimer and were dispositive in granting summary judgment of non-infringement).

*Third,* the PTAB need not institute all of Samsung's pending petitions to dictate a stay; rather, judicial economy favors a stay even on partial institution/invalidation where the IPR proceedings will likely simplify the issues in a case. *See Versata Software*, 771 F.3d at 1371–72; *NFC Tech.*, 2015 WL 1069111, at *7 ("[A]ny disposition by the PTAB is likely to simplify the proceedings before this Court."); *see also Uniloc USA Inc. v. Google Inc.*, No. 2:17-cv-00231-JRG, Dkt. No. 47 (E.D. Tex. Oct. 3, 2017).

Given the likely scenarios and outcomes of the IPR petitions and related proceedings, this "most important factor" favors a stay. *See NFC Tech.*, 2015 WL 1069111 at *4.

## IV. CONCLUSION

Because the relevant factors favor of a stay, Samsung respectfully requests that the Court grant its motion to stay this case pending the IPRs' final resolutions. Should the Court deny this motion because the PTAB's institution decisions are pending, Samsung respectfully asks the Court to deny the motion without prejudice so Samsung may renew after institution.

Dated: January 25, 2024  Respectfully submitted,

By: */s/ Thad C. Kodish*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice* forthcoming)
DC Bar No. 1034255
hartzman@fr.com
Joshua Carrigan (*pro hac vice* forthcoming)
VA Bar No. 96911
carrigan@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com

Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice* forthcoming)
GA Bar No. 512272
lake@fr.com
Vivian C. Keller (admitted *pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry Lee Gillam , Jr
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Lance Lin Yang
Lanceyang@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP – LA**
Los Angeles, CA 90017 USA
Tel: (213) 443-3000
Fax: (213) 443-3100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

**CERTIFICATE OF CONFERENCE**

Counsel for Plaintiff and counsel for Defendants have met and conferred in compliance with Local Rule CV-7(h).  Plaintiff opposes this motion.

*/s/ Thad C. Kodish*
Thad C. Kodish

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 25, 2024.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Thad C. Kodish*