UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>        Defendants. | Case No. 2:23-cv-00103-JRG-RSP |

**PLAINTIFF HEADWATER RESEARCH LLC'S OPPOSITION TO SAMSUNG'S MOTION TO STAY PENDING *INTER PARTES* REVIEW**

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. LEGAL STANDARD ......................................................................................................... 1

III. ARGUMENT ....................................................................................................................... 2

    A. Any Simplification of the Issues that May Result from a Stay Is Speculative Given that None of the IPRs Have Been Instituted, and Samsung's Motion Should Be Denied for This Reason Alone ................................................................................... 2

    B. Headwater Would Be Substantially Prejudiced by Delaying This Case Potentially for Years Until the IPRs Are Resolved ................................................................................ 5

    C. The Parties Have Already Invested Substantial Resources into This Case and Thus the Stage of the Case Does Not Support a Stay ........................................................... 8

IV. CONCLUSION .................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Cal. Inst. of Tech. v. Samsung Elecs. Co. Ltd.*,
   No. 2:21-CV-00446-JRG, Dkt. 108 (E.D. Tex. Jan. 20, 2023) ............................................. 3, 7

*Cardware Inc. v. Samsung Elecs. Co., Ltd.*,
   No. 2:22-CV-00141-JRG-RSP, Dkt. 64 (E.D. Tex. Feb. 16, 2023) .......................................... 4

*Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*,
   No. C 06-04206 WHA, 2007 WL 1052883 (N.D. Cal. Apr. 5, 2007) ....................................... 1

*DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp.*,
   No. 15-CV-01362-BLF, 2015 WL 12859346 (N.D. Cal. Oct. 13, 2015) ................................. 3

*Image Processing Techs., LLC v. LG Elecs. Inc.*,
   No. 2:22-cv-00077-JRG-RSP, Dkt. 41 (E.D. Tex. Dec. 15, 2022) ........................................... 4

*Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*,
   No. 2:13-CV-00235-JRG, 2014 WL 4652117 (E.D. Tex. Sept. 18, 2014) ............................... 6

*Luminati Networks Ltd. v. Teso LT, UAB*,
   No. 2:19-CV-00395-JRG, 2020 WL 6803255 (E.D. Tex. Oct. 30, 2020) ................................. 2

*Maxell Ltd. v. Apple Inc.*,
   No. 5:19-CV-00036-RWS, 2020 WL 10456915 (E.D. Tex. Apr. 27, 2020) ............................. 7

*Realtime Data LLC v. Actian Corp.*,
   No. 6:15-CV-463-RWS-JDL, 2016 WL 3277259 (E.D. Tex. June 14, 2016) ............... 1, 2, 6, 7

*Resonant Systems, Inc. v. Samsung Electronics Co., Ltd.*,
   No. 2:22-CV-00423-JRG, Dkt. 56 (E.D. Tex. Aug. 9, 2023) ............................................ 5, 7, 8

*Sable Networks, Inc. v. Splunk Inc.*,
   No. 5:21-CV-00040-RWS, Dkt. 77  (E.D. Tex. Nov. 1, 2021) .................................................. 6

*Skillz Platform Inc. v. Aviagames Inc.*,
   No. 21-CV-02436-BLF, 2022 WL 1189882 (N.D. Cal. Apr. 21, 2022) .................................... 3

*Soverain Software LLC v. Amazon.Com, Inc.*,
   356 F. Supp. 2d 660 (E.D. Tex. 2005) ................................................................................... 1, 2

*Tessera Advanced Techs., Inc. v. Samsung Elecs. Co. Ltd.*,
   No. 2:17-CV-00671-JRG, 2018 WL 3472700 (E.D. Tex. July 19, 2018) ................................ 7

*Trover Grp., Inc. v. Dedicated Micros USA*,
   No. 2:13-CV-1047-WCB, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015) ............................ 2, 6

*Uniloc USA Inc. v. Google Inc.*,
   No. 2:17-cv-00231-JRG, Dkt. 47 (E.D. Tex. Oct. 3, 2017) ...................................................... 4

*United Services Automobile Assoc. v. Truist Bank*,
   No. 2:22-cv-00291-JRG-RSP, Dkt. 70 (E.D. Tex. Mar. 22, 2023) ........................................... 4

*Versata Software, Inc. v. Callidus Software, Inc.*,
   771 F.3d 1368 (Fed. Cir. 2014) ................................................................................................ 4

*Versata Software, Inc. v. Callidus Software, Inc.*,
 780 F.3d 1134 (Fed. Cir. 2015) ................................................................................................ 4

*Viavi Sols. Inc. v. Zhejiang Crystal-Optech Co.*,
 No. 2:21-CV-00378-JRG, 2022 WL 16856099 (E.D. Tex. Nov. 10, 2022) .............................. 2

**Statutes**

37 C.F.R. § 42 ............................................................................................................................ 3, 7

37 C.F.R. § 42.107 ......................................................................................................................... 3

**I.     INTRODUCTION**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (collectively, "Samsung") have failed to meet their burden to show that a stay pending *inter partes* review (IPR) is warranted. This Court has a "universal practice" of denying pre-institution motions to stay, and none of Samsung's four pending IPR petitions have been instituted. The motion to stay should be denied on this basis alone. The other factors also weigh against a stay. Headwater will be prejudiced by delaying this case potentially for years, especially given that the PTAB likely will not issue final written decisions (even assuming institution) until well after trial. Indeed, the PTAB may not decide *whether to institute* IPR for two of the four pending petitions until after the Markman hearing. Further, discovery is well under way, and the parties and Court have already invested substantial resources into this case over the past year since the complaint was filed.

In sum, all three factors weigh against a stay. Samsung's motion should be denied.

**II.    LEGAL STANDARD**

"Courts have the inherent power to manage their dockets and stay proceedings." *Realtime Data LLC v. Actian Corp.*, No. 6:15-CV-463-RWS-JDL, 2016 WL 3277259, at *1 (E.D. Tex. June 14, 2016). Accordingly, there is "no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule 'would invite parties to unilaterally derail litigation.'" *Id.* (quoting *Soverain Software LLC v. Amazon.Com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)); *see also Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. C 06-04206 WHA, 2007 WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007) ("If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner.").

In determining whether to grant a stay, courts consider three factors: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Realtime*, 2016 WL 3277259, at *1 (citing *Soverain*, 356 F. Supp. 2d at 662). As discussed below, all three factors weigh against a stay.

III.    **ARGUMENT**

    A.    **Any Simplification of the Issues that May Result from a Stay Is Speculative Given that None of the IPRs Have Been Instituted, and Samsung's Motion Should Be Denied for This Reason Alone**

While Samsung acknowledges that issue simplification is the "most important factor bearing on whether to grant a stay" (Mot. at 6), it only briefly addresses this factor at the very end of its brief. That is likely because the PTAB has not yet acted on a single one of Samsung's pending IPR petitions, and "this Court has a consistent practice of denying motions to stay when the PTAB has yet to institute post-grant proceedings." *Luminati Networks Ltd. v. Teso LT, UAB*, No. 2:19-CV-00395-JRG, 2020 WL 6803255, at *1 (E.D. Tex. Oct. 30, 2020); *see also Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) ("it is the universal practice" of courts in this District to deny pre-institution motions to stay); *Viavi Sols. Inc. v. Zhejiang Crystal-Optech Co.*, No. 2:21-CV-00378-JRG, 2022 WL 16856099, at *5 (E.D. Tex. Nov. 10, 2022) ("It is the Court's established practice to consider that motions to stay pending IPR proceedings which have not been instituted are inherently premature and should be denied as such."). "At this nascent stage of the PTAB proceedings, it is impossible for the Court to determine 'whether the stay will likely result in simplifying the case before the court.'" *Viavi*, 2022 WL 16856099, at *5. "Indeed, if the PTAB denies institution of the IPRs, there will be no simplification of the case before the Court at all." *Id.*

2

Here, Samsung started filing its IPR petitions in November 2023, and the last petitions were filed in January 2024—10 months after this case was filed.[1] Institution decisions are not expected to be completed until July 2024—nearly six months from now. Any simplification of the issues is speculative at best, as evidenced by Samsung's reliance on generic statistics (Mot. at 6 n.3), which say nothing about the merits of Samsung's petitions. *See Cal. Inst. of Tech. v. Samsung Elecs. Co. Ltd.*, No. 2:21-CV-00446-JRG, Dkt. 108 at 6 (E.D. Tex. Jan. 20, 2023) (rejecting Samsung's reliance on "generic statistics" regarding the PTAB's institution rates and stating that "[t]he Court is not persuaded by such speculation"); *DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp.*, No. 15-CV-01362-BLF, 2015 WL 12859346, at *2 (N.D. Cal. Oct. 13, 2015) (denying pre-institution motion to stay and explaining that "reliance on the PTAB's past performance with respect to invalidating patents does not give the Court any concrete information about how the PTAB will analyze the asserted patent *in this case*" (emphasis added)); *Skillz Platform Inc. v. Aviagames Inc.*, No. 21-CV-02436-BLF, 2022 WL 1189882, at *5 (N.D. Cal. Apr. 21, 2022) ("Even with a 64% institution rate, the Court is not keen to play those odds where the cost of non-institution would be delay without benefit."). Samsung has made no showing that the PTAB is "likely" to institute its pending petitions.

Samsung's additional speculation that "the IPR proceedings could simplify case issues before any institution decisions, as Headwater's Preliminary Responses would be material evidence for issues such as claim construction" (Mot. at 7) likewise fails. Samsung has not specifically identified a single issue that "could" be affected by Headwater's preliminary responses. And in any event, the Court will have access to Headwater's preliminary responses very soon. *See* 37 C.F.R. § 42.107. Headwater's preliminary responses in IPR2024-00003 and

---

[1] Headwater's amended complaint filed in July 2023 did not add any new patents.

IPR2024-00010 are due on February 28, 2024. Headwater's preliminary responses in IPR2024-00341 and IPR2024-00342 are due on April 30, 2024. Thus, the Court will have in hand any preliminary responses filed by Headwater well before the Markman hearing currently set for July 11, 2023. Dkt. 63.

Finally, Samsung wrongly asserts that "the PTAB need not institute all of Samsung's pending petitions to dictate a stay" and that "judicial economy favors a stay even on partial institution/invalidation." Mot. at 7. Notably, the only cases cited by Samsung in support of this argument concern cases where IPRs on at least half of the asserted patents had been instituted. In *Versata* (which was later vacated as moot in *Versata Software, Inc. v. Callidus Software, Inc.*, 780 F.3d 1134 (Fed. Cir. 2015)), the PTAB had already instituted CBM review for each asserted patent. *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1370 (Fed. Cir. 2014). During the pendency of the appeal, the PTAB instituted review on the remaining dependent claims. *Id.* at 1372. Thus, *all* asserted claims were subject to instituted CBMs. And in *Uniloc*, the PTAB had instituted review on two of the four asserted patents. *Uniloc USA Inc. v. Google Inc.*, No. 2:17-cv-00231-JRG, Dkt. 47 at 2 (E.D. Tex. Oct. 3, 2017).

While Headwater disagrees that anything less than institution on all asserted claims is sufficient to support a stay, as it would result in piecemeal litigation, the fact remains that unlike in *Versata* and *Uniloc*, *none* of Samsung's IPRs have been instituted. Samsung's motion to stay should be denied for this reason alone.[2] Indeed, this Court recently denied a similar pre-institution motion to stay brought by Samsung in another case, holding that "a stay of these proceedings in

---

[2] This Court routinely denies pre-institution motions to stay without even considering the other stay factors. *See, e.g., Image Processing Techs., LLC v. LG Elecs. Inc.*, No. 2:22-cv-00077-JRG-RSP, Dkt. 41 (E.D. Tex. Dec. 15, 2022); *Cardware Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:22-CV-00141-JRG-RSP, Dkt. 64 (E.D. Tex. Feb. 16, 2023); *United Services Automobile Assoc. v. Truist Bank*, No. 2:22-cv-00291-JRG-RSP, Dkt. 70 (E.D. Tex. Mar. 22, 2023).

advance of the PTAB's decision on whether or not to institute *inter partes* review of any of the Asserted Patents should be denied." *Resonant Systems, Inc. v. Samsung Electronics Co., Ltd.*, No. 2:22-CV-00423-JRG, Dkt. 56 at 2 (E.D. Tex. Aug. 9, 2023). The Court should deny Samsung's pre-institution motion to stay here, too.

**B.     Headwater Would Be Substantially Prejudiced by Delaying This Case Potentially for Years Until the IPRs Are Resolved**

Samsung's assertion that Headwater cannot be prejudiced by a stay because it does not manufacture and sell products that practice the asserted patents (Mot. at 3) is without merit. As set forth in detail in the complaint, Headwater is not a mere NPE with no connection to the asserted patents. Headwater was formed in 2008 by Dr. Gregory Raleigh, the primary inventor of the asserted patents who has a long and distinguished record of significant contributions and advancements in wireless communications. Dkt. 31 ¶¶ 2–10. Dr. Raleigh also founded a company called ItsOn Inc. in 2008, which licensed Headwater's intellectual property and implemented Headwater's technology into software and services that expanded cellular service plan offerings and improved device and data management capabilities. *Id.* ¶ 14. As explained in the complaint, the tools and technologies delivered by ItsOn allowed carriers to implement Headwater's technologies in end-user devices—such as mobile phones and tablets—opening up new business models while also providing greater flexibility to carriers and device manufacturers, allowing them to reduce costs while simultaneously improving their devices and services. *Id.*

While Headwater itself may not directly compete with Samsung in the sense that it does not manufacture and sell mobile devices, Headwater licensed its technology to other companies that did. There is still a lot of life left in the asserted patents, and allowing Samsung to continue its infringement is harmful to Headwater's business. Samsung's assertion that mere delay in collecting monetary damages does not constitute undue prejudice fails to recognize that Headwater

5

is also seeking injunctive relief. *See* Dkt. 31 at 22. Samsung provides no evidence to support its conclusory assertion that money damages will adequately compensate Headwater for its infringement. And regardless, this Court has repeatedly recognized that "a patent holder has 'an interest in the timely enforcement of its patent right.'" *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-CV-00235-JRG, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 18, 2014); *see also Trover Grp.*, 2015 WL 1069179, at *2 ("[T]he plaintiffs' claim of prejudice is entitled to consideration, as is the general right of patent owners to timely enforcement of their patent rights."); *Realtime*, 2016 WL 3277259, at *2 ("The fact that Realtime is a non-practicing entity and is merely pursuing monetary damages would not preclude Realtime from experiencing prejudice if the Court granted Defendants' motion to stay."); *Sable Networks, Inc. v. Splunk Inc.*, No. 5:21-CV-00040-RWS, Dkt. 77 at 3 (E.D. Tex. Nov. 1, 2021) (finding this factor weighed against a stay even though plaintiff was "not currently practicing the patents," as "the time allowed for the IPR decision as well as a potential appeal could cause a lengthy delay that would significantly prejudice [plaintiff]").

Indeed, this Court rejected a similar argument brought by Samsung in another case, holding that a stay would "unduly prejudice" plaintiff even though it did not practice the asserted patents. *Id.* at 3–4. The Court further explained that "despite Samsung's assertions, both parties have already expended significant time and resources," and that "[a]ny further delay would require the parties to sink additional resources into the case, all the while postponing [plaintiff's] vindication of its patent rights." *Id.* at 4.

Samsung's assertion that the prejudice to Headwater is somehow diminished because it purportedly "waited more than six years to file the present suit" (Mot. at 3) is unavailing. Any purported delay in filing suit was reasonable given the sheer number of infringing devices on the

6

market sold by Samsung alone, some of which were only released in the last couple years. Headwater is a small company, and pre-suit investigations take substantial time and resources, especially when considering that Headwater has simultaneously been pursuing litigation against other major manufacturers of wireless devices such as Motorola, AT&T, T-Mobile, and Verizon.

Samsung also wrongly asserts that it will be prejudiced in the absence of a stay because it will "incur significant litigation expenses defending itself against allegations based on three Asserted Patents—when substantial aspects of those allegations may be materially simplified" by the IPRs. Mot. at 4. This Court rejected this exact argument in denying another motion to stay brought by Samsung last year. The Court explained that "Samsung's argument is inapposite, as the present factor in the stay analysis looks to 'whether a stay will unduly prejudice or present a clear tactical disadvantage *to the nonmoving party*.'" *Cal. Inst. of Tech.*, No. 2:21-CV-00446-JRG, Dkt. 108 at 4 (quoting *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co. Ltd.*, No. 2:17-CV-00671-JRG, 2018 WL 3472700, at *1 (E.D. Tex. July 19, 2018)); *see also Resonant v. Samsung*, slip op. at 2–3 (implicitly rejecting the same argument by declining to address it in the Court's order denying Samsung's motion to stay).

In other words, the only relevant consideration under this factor is the prejudice to Headwater. Institution decisions are not expected to conclude until late July 2024. If the PTAB denies institution, this case would be needlessly delayed for several months. If the IPRs are instituted, final written decisions would not be expected until July 2025, and could come as late as January 2026—well after the January 2025 trial in this case. *See* 37 C.F.R. § 42. Such a lengthy delay "would significantly prejudice" Headwater and further weighs against a stay. *Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2020 WL 10456915, at *2 (E.D. Tex. Apr. 27, 2020); *see also Realtime*, 2016 WL 3277259, at *2.

7

### C. The Parties Have Already Invested Substantial Resources into This Case and Thus the Stage of the Case Does Not Support a Stay

Headwater filed this case almost a year ago in March 2023, and the parties and Court have already invested substantial resources over the past year. Discovery is well under way—the parties have produced documents and exchanged initial disclosures, written discovery (both interrogatories and requests for admission), and infringement and invalidity contentions. Samsung has also served numerous third-party subpoenas—including to Apple, Blackberry, Microsoft, Nokia, and Openwave Mobility—and the parties have already received responses and document productions from some of these third parties. The Court has held a scheduling conference, issued a docket control order, a protective order, discovery order, and e-discovery order. And the parties will begin claim construction in less than a month. The deadline to exchange proposed claim terms is March 7. Dkt. 63. Notably, claim construction may be completed before the PTAB is even done issuing *institution* decisions on two of Samsung's four pending petitions. And even assuming institution, final written decisions would not issue until well after the January 2025 trial.

Thus, contrary to Samsung's assertions, this case is not in the "early stages." And regardless, the purported "early stage" of the case in insufficient to support a stay where, as here, the IPR petitions have not been instituted. *See supra*, n.2; *Resonant v. Samsung*, Dkt. 56.

## IV. CONCLUSION

For the foregoing reasons, Samsung's motion to stay should be denied.

Dated:  February 8, 2024                    Respectfully submitted,

/s/ Marc Fenster
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Amy Hayden
CA State Bar No. 287026
James Milkey
CA State Bar No. 281283
Jason M. Wietholter
CA State Bar No. 337139
Adam S. Hoffman
CA State Bar No. 218740
Qi Tong
TX State Bar No. 24119042
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Robert Christopher Bunt
Parker, Bunt & Ainsworth, P.C.

Texas State Bar No. 00787165
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel.: (903) 531-3535
rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

9

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

/s/ *Marc Fenster*
Marc Fenster