IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00103-JRG-RSP |

**DEFENDANTS' REPLY IN SUPPORT OF ITS
MOTION TO STAY PENDING *INTER PARTES* REVIEW**

## **TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | HEADWATER DOES NOT SHOW UNDUE PREJUDICE............................................. | 1 |
| II. | THE MOST SUBSTANTIVE WORK LIES AHEAD........................................................ | 3 |
| III. | THE SIMPLIFICATION FACTOR FAVORS A STAY ...................................................... | 4 |
| IV. | CONCLUSION................................................................................................................ | 5 |

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                             **Page(s)**

*Chart Trading Dev., LLC v. Tradestation Grp., Inc.*,
   No. 6:15-cv-1136-JDL, 2016 WL 1246579 (E.D. Tex. Mar. 29, 2016)......................................5

*CyWee Grp. Ltd. v. Samsung Elecs. Co., Ltd.*,
   No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976 (E.D. Tex. Feb. 14,
   2019) ...............................................................................................................................................2

*e-Watch Inc. v. Apple, Inc.*,
   No. 2:13-cv-1061-JRG-RSP, 2015 WL 12915668 (E.D. Tex. Mar. 25, 2015) .........................4

*Landmark Tech., LLC v. iRobot Corp.*,
   No. 6:13–cv–411, 2014 WL 486836 (E.D. Tex. Jan. 24, 2014)..................................................5

*NFC Tech. LLC v. HTC Am., Inc.*,
   No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015).................................2

*Smartflash LLC v. Apple Inc.*,
   621 F. App'x 995 (Fed. Cir. 2015) .......................................................................................3

*Stragent LLC v. BMW of N. Am., LLC*,
   No. 6:16-CV-446, 2017 WL 3709083 (E.D. Tex. July 11, 2017) ............................................2

*Trover Group, Inc. v. Dedicated Micros USA*,
   No. 2:13-CV-1047-WCB, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015)................................5

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014)............................................................................................2

While Headwater relies on the blanket assertion that pre-institution stays are improper, it fails to rebut facts showing that a stay is appropriate in this particular case. Headwater's routine and significant delays and refusals to engage in discovery have slowed this case's progress, such that the requested stay will not disrupt any substantive activity in this case. Despite alleging that its 6-year delay in filing this suit was due to years of intense pre-suit diligence (Dkt. 74 ("Opp.") at 6-7), Headwater has failed to locate and produce basic discovery, respond to correspondence, or provide required disclosures. Headwater also ignores that the two decisions rendered to date on Samsung's petitions challenging patents related to the Asserted Patents ***both*** instituted IPR.[1] These decisions give indications about how the PTAB will analyze the Asserted Patents in this case.

Here, Headwater faces no undue prejudice from the proposed stay, especially given its leisurely approach to bringing and maintaining this action. In contrast, Samsung's efforts in filing the IPRs and requesting a stay gives the Court an opportunity to streamline this litigation. Notably, between this and the -422 Case, Headwater asserts 12 patents against Samsung, all of which have pending IPRs.[2] Given the size and magnitude of Headwater's far-reaching litigation campaign, the Court can save significant judicial resources with a stay. Further, given the stage of this case, there is much to be gained and very little to be lost staying now. In the unlikely event that the Patent Office does not institute, the stay will be relatively brief. And in the more likely institution scenario, the Court will not be faced with interrupting the case after substantive activities.

## I. HEADWATER DOES NOT SHOW UNDUE PREJUDICE

Headwater does not articulate any specific need for an expeditious resolution of its claims,

---

[1] (*See* Ex. 1, IPR2023-01157, Paper No. 9; Ex. 2, IPR2023-01226, Paper No. 9.) Headwater asserts these patents in the related case number 4:22-cv-00422 pending before the Court. The patents asserted in the -422 Case share substantially the same specification, a common inventor, and common priority applications with the Asserted Patents.
[2] Headwater asserts 4 more patents against Samsung in this District. (Case No. 2:23-cv-00641.)

such that it would face **undue** prejudice from a pre-institution stay. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("[W]hether the patentee will be *unduly prejudiced* by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim."). The temporary deferral of litigation alone does **not** create undue prejudice, because a "stay will not diminish the monetary damages to which [plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages." *Id.*; *see also Stragent LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446, 2017 WL 3709083, at *2 (E.D. Tex. July 11, 2017); *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015).[3] Headwater's claim that it will suffer based on the delay associated with a pre-institution stay is insufficient to show prejudice.

Moreover, Headwater cannot credibly dispute its own lack of diligence—waiting **over six years** and, in the case of the '733 patent, **nearly ten years**, to bring this suit—which shows that it did not feel a need for any particularly expeditious enforcement of its alleged rights.[4] No such need now arises simply because Samsung has filed its IPRs. *See CyWee Grp. Ltd. v. Samsung Elecs. Co., Ltd.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *4 (E.D. Tex. Feb. 14,

---

[3] To be clear, any claim by Headwater that it is not an NPE but really somehow a competitor of Samsung (*see* Opp. at 5-6) should be disregarded. Headwater's request for injunctive relief is perfunctory, as Samsung and Headwater are not competitors, ItsOn no longer exists (as detailed in this Reply), and Headwater has not identified any other licensees. And, as further outlined in this Reply, Headwater has repeatedly stonewalled nearly all discovery on this issue, often taking conflicting positions and refusing (or unable) even to answer the basic question of **what** Headwater alleges constitutes the "ItsOn software/application/solution" that pervades its Complaint, and whether it actually practiced any of the Asserted Patents. (Exs. 3, 4.) As just one example, Headwater's P.R. 3-1(F) disclosure contends that the "ItsOn software may incorporate or reflect the claims," (Ex. 5 at 14), but Headwater has admitted that it does not know whether the "ItsOn Software" practiced the Asserted Patents. (Ex. 6 at 6.)

[4] Headwater's claim that the "number of [purportedly] infringing products" explains its delay ignores that Headwater's infringement accusations are focused on functionality that it was aware of well before filing suit. (*See, e.g.*, Dkt. 31; Dkt. 70 at 3.)

2

2019) ("Further undermining [plaintiff's] suggestion as to the urgency of obtaining judicial relief is the fact that [it] delayed for more than three years after the issuance of the [asserted] patents before bringing suit against Samsung."). Indeed, in these intervening years: ItsOn—the company also founded by Dr. Raleigh and on which Headwater's "story" against Samsung relies (Opp. at 5)—ceased to exist; ItsOn's at-issue source code and documents were lost, disappeared, and/or not maintained; and seemingly all evidence of what constituted the alleged ItsOn software/application/solution was lost, disappeared, and/or not maintained. (*See* -422 Case, Dkt. 69-2, 69-3 at 2.)[5] These intervening years were indicative of self-imposed delay and should not now be disregarded to thwart Samsung's stay motion.

Even after filing suit, Headwater has continued to exhibit a lack of diligence, which further belies any prejudice claim. Headwear has continuously refused to timely and meaningfully communicate with Samsung. (*See* Ex. 3 (outlining some of these deficiencies); Ex. 4 (same).) Headwater's deficiencies are characterized by discovery responses that conflict with its infringement contentions, narratives relating to unspecific IP and technology not at issue here, and disregard of the local rules.[6] (*See, e.g.*, Exs. 3, 4.)

## II.   THE MOST SUBSTANTIVE WORK LIES AHEAD

Neither the parties nor the Court have engaged in the most costly and time consuming parts of the case such as fact witness depositions, expert reports and depositions, dispositive motions, and pretrial disclosures. *See Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1004 (Fed. Cir. 2015) ("The primary cost of litigation is incurred pretrial and in a trial on the merits."). Headwater

---

[5] Despite Samsung's repeated requests for Headwater to clarify the status of ItsOn and the ItsOn software in this case, Headwater has not done so. (*See* Exs. 4, 7.) Rather, Headwater has suggested that ItsOn and its relationship with the Asserted Patents are not relevant. (*See* Ex. 4.)

[6] Headwater served purported supplemental infringement contentions on December 16, 2023, but has yet to seek leave to amend its contentions pursuant to Local Patent Rule 3-6(b).

3

cannot dispute that all of these substantive stages remain ahead. Instead, it focuses on the modest discovery taken to date—some document production and written discovery[7]—and points to the preliminaries performed in all patent cases in this District (*i.e.*, contentions and case management pleadings). (Opp. at 8.) Just because some work has already been undertaken does not mean the case is at an advanced stage, especially where the plaintiff has repeatedly refused to communicate and engage in meaningful discovery. Indeed, the current stage of the case is particularly appropriate for a stay, given that any work done to date will be applicable once the stay is lifted. In addition, the PTAB's institution decisions and final written decisions on the Asserted Patents are likely to reduce the necessary work for the parties, experts, and the Court in the remaining stages of the case. Thus, a short stay could save the Court and the parties substantial wasted efforts.

## III.     THE SIMPLIFICATION FACTOR FAVORS A STAY

The simplification factor also favors a stay, even though institution has not yet been granted. While Headwater argues that a simplification fact analysis is premature before institution in light of this District's "'universal practice' of denying pre-institution motions" (Opp. at 1), this practice is not without exception.[8] For example, courts in this District have granted a pre-institution stay where, as here, "the issues before this Court will be greatly streamlined" if the petitions are granted, and, if the petitions were not granted, "the Court can lift the stay with minimal

---

[7] Unable to credibly state that it has "invested substantial resources over the past year," Headwater instead attempts to rely on **Samsung's** own "third-party" discovery to "Apple, Blackberry, Microsoft, Nokia, and Openwave Mobility." (Opp. at 8.) Headwater's reliance on Samsung's investments, rather than its own, only further shows that Headwater would not be unduly prejudiced by a stay at this time. Further, Headwater's investment in this case to date is minimal—its written discovery responses largely copy its responses from the -422 Case.

[8] Headwater Samsung's need to preserve its ability to also seek a post-grant stay in the likely event that the PTAB grants one or more of the pending IPR petitions. *See, e.g., e-Watch Inc. v. Apple, Inc.*, No. 2:13-cv-1061-JRG-RSP, 2015 WL 12915668, at *3 (E.D. Tex. Mar. 25, 2015) (according weight to the timing of defendant's pre-institution stay motion when ruling on its renewed post-institution stay motion).

delay." *Chart Trading Dev., LLC v. Tradestation Grp., Inc.*, No. 6:15-cv-1136-JDL, 2016 WL 1246579, at *4 (E.D. Tex. Mar. 29, 2016) (as to CBMs).

Headwater's position that pre-institution stays should never be granted suggests that the Court need not consider the substance of the motion or how this case measures against reasonableness and precedent. In essence, Headwater hopes the Court will ignore this outlier case, notwithstanding the level of negligent prosecution Headwater has demonstrated. To the contrary, courts in this District consider case-specific circumstances that may warrant a pre-institution stay, as shown by the cases that Headwater cites. For example, in *Trover Group, Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015) (involving only two patents), Judge Bryson explained that such circumstances include whether "[a]t the time the court ruled on the stay motion, the PTAB was due to decide whether to grant the CBM review petition within four months." *Trover Grp.*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *6-7 (distinguishing *Landmark Tech., LLC v. iRobot Corp.*, No. 6:13–cv–411, 2014 WL 486836 (E.D. Tex. Jan. 24, 2014)). Similarly, here, all four institution decisions are due within three to five months after the close of briefing on this motion (between May and July 2024). (Ex. 8.) Thus, the PTAB will issue decisions on the '192 and '117 patents before the parties serve their opening claim construction briefs, and the '733 decisions may issue before the *Markman* hearing.

Under this case's present circumstances, as outlined above and in Samsung's motion (Dkt. 70)—especially given Headwater's dilatory actions and continued failure to meaningfully move this litigation forward—the potential to simplify the case before any truly substantive litigation activities take place favors a pre-institution stay.

## IV.   CONCLUSION

Because each factor favors a stay, Samsung respectfully requests that the Court stay this case pending the IPR proceedings' final resolution in the likely event that the IPRs are instituted.

5

Dated: February 15, 2024

Respectfully submitted,

By: /s/ Andria Rae Crisler

Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice* forthcoming)
DC Bar No. 1034255
hartzman@fr.com
Joshua Carrigan (*pro hac vice* forthcoming)
VA Bar No. 96911
carrigan@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice* forthcoming)
GA Bar No. 512272
lake@fr.com
Vivian C. Keller (admitted *pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com

Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry Lee Gillam , Jr
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Lance Lin Yang
Lanceyang@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP – LA**
Los Angeles, CA 90017 USA
Tel: (213) 443-3000
Fax: (213) 443-3100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com

7

**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS**
**SAMSUNG ELECTRONICS CO., LTD. AND**
**SAMSUNG ELECTRONICS AMERICA, INC.**

8

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 15, 2024.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Andria Rae Crisler*
Andria Rae Crisler
