# EXHIBIT 3

| | |
|---|---|
| **From:** | Rae Crisler |
| **Sent:** | Thursday, February 8, 2024 2:51 PM |
| **To:** | Jason Wietholter |
| **Cc:** | rak_headwater@raklaw.com; [SERVICE FR] Samsung-Headwater; qe-headwater103@quinnemanuel.com |
| **Subject:** | RE: Headwater v. Samsung Case No. 2:23-cv-103: Correspondence re infringement contentions |

Counsel,

Headwater has now had Samsung's November 22, 2023 letter describing deficiencies in Headwater's infringement contentions for over two months with no response.  As we explained again in our January 12, 2024 email below (over two weeks ago), Headwater's supplemental contentions did not address the issues raised by Samsung and failed to provide a clear basis for purported infringement.  Particularly given that Headwater has had Samsung's technical documents for over three months, Headwater should be able to clearly explain the specific basis for its belief that the accused products purportedly infringe.

In addition, Headwater's purported supplemental infringement contentions do not comply with its obligations under Patent Rules 3-1(d), 3-1(f), and 3-2(b).  These issues are addressed in our correspondence mentioned above as well as in our contemporaneous email concerning Headwater's deficient responses to Samsung's interrogatories.

Please confirm by February 12 that Headwater will clarify its contentions to remedy the deficiencies and provide the date certain by which it will do so.  Samsung reserves the right to exclude any untimely theories.  If Headwater refuses to provide the information and statements above, please provide your availability to meet and confer on February 12 or 13 during the requested meet and confer concerning Samsung's interrogatories.

Best regards,

Rae

**Rae Crisler ::** Fish & Richardson P.C. **::** 214-760-6138 direct

---

**From:** Jonathan Bright <jbright@fr.com>
**Sent:** Monday, January 22, 2024 12:03 PM
**To:** Rae Crisler <crisler@fr.com>; Jason Wietholter <jwietholter@raklaw.com>
**Cc:** rak_headwater@raklaw.com; [SERVICE FR] Samsung-Headwater <SERVICEFRSamsung-Headwater@fr.com>; qe-headwater103@quinnemanuel.com
**Subject:** RE: Headwater v. Samsung Case No. 2:23-cv-103: Correspondence re infringement contentions

Counsel,

We write to follow up again on the below correspondence, sent 10 days ago, regarding deficiencies in Headwater's infringement contentions.  Please confirm that Headwater will provide its response shortly.

Best,

Jonathan

**From:** Rae Crisler <crisler@fr.com>
**Sent:** Friday, January 12, 2024 7:53 PM
**To:** Jason Wietholter <jwietholter@raklaw.com>; Jonathan Bright <jbright@fr.com>
**Cc:** rak_headwater@raklaw.com; [SERVICE FR] Samsung-Headwater <SERVICEFRSamsung-Headwater@fr.com>; qe-headwater103@quinnemanuel.com
**Subject:** RE: Headwater v. Samsung Case No. 2:23-cv-103: Correspondence re infringement contentions

Counsel,

We write following up on the correspondence sent below. Although Headwater received our November 22, 2023 letter detailing deficiencies in its infringement contentions over six weeks ago, Headwater has yet to respond to the substance of those issues.

Instead, Headwater purports to serve "Amended Infringement Charts" that do little more than add material from its First Amended Complaint exhibits. In some instances, Headwater's additional explanations make the contentions even *more* vague, depriving Samsung of proper notice of exactly what is accused, examples of which include:

- '733 Patent
    - [1a] ("encryption protocols") – Headwater's infringement contentions now allege that Tizen based devices or "devices operating in the Samsung Knox ecosystem" use "encryption protocols, e.g., using encryption keys, signatures, secure buses, etc., to secure communications." '733 Chart at 8, 11. This allegations fails to identify any "encryption protocol."

    - 1[a] ("service control link" and "agent messages") – Headwater's infringement contentions now identify "communication link between the [Knox/Tizen/Firebase] server and [respective] device" as an example of a "service control link" "commands and messages" transmitted from servers to devices as "agent messages." *Id.* at 12-13. This statements employ circular logic (e.g., a link is a link and a message is a message), providing no actual notice to Samsung.

    - 1[a] ("service control device link agents") – Headwater's infringement contentions now identify "specific end-user device applications and software, such as the Knox Manage (KM) agent" as "service control device link agents." *Id.* at 12-13. Headwater's failure to identify any specific applications or software (beyond the KM agent) provides no notice of what Headwater believes, specifically, constitutes an "agent."

    - 1[b] ("agent communication bus") – Headwater's infringement contentions now identify a "communication path for various agents and functions to communicate over" that need not be "internal to the device" as an "agent communications bus." Headwater also identifies a "communications channel" as an example of a "communication bus." *Id.* at 24. These allegations essentially push words around, replacing "bus" with "path" or "channel," without providing any specificity for what is accused.

    - 1[c] ("encryption key") – Headwater's infringement contentions still fail to identify any specific examples of an encryption key, and instead employ a scattershot reference to generic "key" or "encryption" buzzwords often having no context to the screenshots that follow. *Id.* at 24, 29, 33.

    - 1[d] ("an encrypted agent message") – Headwater's infringement contentions employ circular logic to state that "messages and/or payloads" are examples of received "encrypted messages." *Id.* at 36. Headwater identifies no specific messages as accused.

2

- o   1[d] – Headwater's contentions at page 48 state "For avoidance of doubt, service control server link element" without any further information.  It appears Headwater may have inadvertently omitted information.

- '117 Patent
    - o   1[a] ("device messaging agents") – Headwater's infringement contentions now identify "software in the Accused Products responsible for receiving, decrypting, delivering, and displaying messages" as "device messaging agents." '117 Chart at 9, 16, 20.  Similarly, the contentions also refer to "device agents" (a term *not* recited by the '117 patent's claims) as "operating system software and/or applications." *Id.* at 6.  Yet Headwater fails to identify any specific examples of software.  Moreover, Headwater's identification of a wide range of functionalities makes it especially unclear what is accused.  The contentions later identify "the FCM client," "the Tizen App," and "Samsung Knox software" as examples of device messaging agents, which in contrast to the prior citations, provides some additional information, but does not clarify exactly what aspects of the "FCM client," "Tizen App," and "Samsung Knox software" purportedly perform the functionalities identified by Headwater, or whether Headwater contends a "device messaging agent" is limited to such software.  *Id.* at 63, 66, 73.

    - o   1[c] ("plurality of secure Internet data connections, each secure Internet data connection between the network message server and a respective one of the mobile end-user devices") – Headwater's infringement contentions now identify "a separate secure connection for each device communicating with one or more of Samsung's push messaging servers" as the claimed "secure Internet data connections." *Id.* at 29 (Tizen), 33 (Knox).  This logic is circular and provides no notice, as Headwater essentially alleges that a "secure connection" is a "secure connection."  Similarly, Headwater's contentions allege that these "connections" are "secure . . . insofar as they are encrypted per Samsung's requirements." *Id.* at 35-36.  Yet Headwater does not identify any specific encryption protocols alleged to be used by the accused devices.

    - o   1[h] ("secure interprocess communication service") – Headwater's infringement contentions fail to specifically identify any secure interprocess communication service.  The contentions instead allege that "each Tizen, Android, and Knox-managed device" has an operating system that allows agents to communicate with each other through such a service that may be provided by "the Android API" or "the Tizen API." *Id.* at 90-91.  Stating that a service "may be provided" does not identify what the service *is.* The infringement contentions also identify no secure interprocess communication service for the accused Knox functionality.

- '192 Patent
    - o   1[a] ("a transport services stack to maintain a respective secure message link") – Headwater's infringement contentions identify "the software and configurations that allow connections to be established and secured and which are used to transmit data from the server to the device" as an example of the transport stack.  '192 Chart at 6, 10.  This vague reference to "software and configurations" fails to apprise Samsung of what Headwater contends constitutes a "transport services stack."  Headwater later identifies "hardware and software responsible for communicating data" as examples of the transport services stack, which compounds this ambiguity.  *Id.* at 58.

    - o   1[a] ("service message link") – Headwater's infringement contentions appear to contend that "the communications link" between certain servers and certain devices comprises a "service control link" (a term not recited by the '192 patent's claims) or a "service message link." *Id.* at 13.  This fails to put Samsung on notice of what Headwater contends is a "service message link."  Headwater later identifies a "secure network connection" as an example of the "secure message link," which compounds this ambiguity.  *Id.* at 58.

3

- - 1[f] ("device link agent") – Headwater's infringement contentions now identify "operating system software or applications on the device" as the "device link agent." *Id.* at 58. Headwater's failure to identify any software (beyond "applications") provides no notice of what Headwater believes, specifically, constitutes a "device link agent." Headwater also identifies a "device link agent" as "software in the Accused Products responsible for receiving, decrypting, delivering, and displaying messages received by the Accused Products," which compounds this ambiguity. *Id.* at 6, 9.

Thus, Headwater's proposed infringement contentions still fail to disclose its infringement theories and comply with the obligations under Patent Rules 3-1(d), 3-1(f), and 3-2(b).

We note that amendment of the infringement contentions requires a leave of Court. *See* P.R. 3-6(b). Please confirm whether Headwater intends to seek this leave.

Thanks,

Rae

**Rae Crisler ::** Fish & Richardson P.C. **::** 214-760-6138 direct

---

**From:** Jason Wietholter <jwietholter@raklaw.com>
**Sent:** Saturday, December 16, 2023 12:25 AM
**To:** Jonathan Bright <jbright@fr.com>
**Cc:** Rae Crisler <crisler@fr.com>; rak_headwater@raklaw.com; [SERVICE FR] Samsung-Headwater <SERVICEFRSamsung-Headwater@fr.com>; qe-headwater103@quinnemanuel.com
**Subject:** Re: Headwater v. Samsung Case No. 2:23-cv-103: Correspondence re infringement contentions

[This email originated outside of F&R.]

Counsel,

Please find Headwater's Amended Infringement Charts available for download at the following link:

https://RAK-DM01.raklaw.com/docmoto/share/mS7K8E6WShBI

Regards,
**Jason Wietholter**
**Russ, August & Kabat**
12424 Wilshire Boulevard, 12th Floor | Los Angeles, California 90025
Main +1 310 826 7474 | jwietholter@raklaw.com | www.raklaw.com
-----------------------------------
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature. This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s). If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

> On Dec 7, 2023, at 1:51 PM, Jason Wietholter <jwietholter@raklaw.com> wrote:
>
> Jonathan,

Headwater is reviewing the purported issues raised in the correspondence and expects to provide amended contentions by the end of next week.

Regards,
**Jason Wietholter**
**Russ, August & Kabat**
12424 Wilshire Boulevard, 12th Floor | Los Angeles, California 90025
Main +1 310 826 7474 | jwietholter@raklaw.com | www.raklaw.com
-----------------------------------
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature. This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s). If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

> On Dec 5, 2023, at 3:16 PM, Jonathan Bright <jbright@fr.com> wrote:
>
> Counsel,
>
> We write to follow up on the attached correspondence about deficiencies in Headwater's infringement contentions.  Although this letter was sent roughly two weeks ago, and it requested a response last week, we still have not received any response.  Please promptly confirm that Headwater will address the deficiencies identified in this letter by Friday December 8th.  Headwater's failure to provide adequate infringement contentions prejudices Samsung.
>
> Best,
>
> Jonathan
>
> ---
>
> **From:** Rae Crisler <crisler@fr.com>
> **Sent:** Wednesday, November 22, 2023 10:08 PM
> **To:** rak_headwater@raklaw.com
> **Cc:** [SERVICE FR] Samsung-Headwater <SERVICEFRSamsung-Headwater@fr.com>; qe-headwater103@quinnemanuel.com
> **Subject:** Headwater v. Samsung Case No. 2:23-cv-103: Correspondence re infringement contentions
>
> Counsel,
>
> Please see the attached correspondence.
>
> Best regards,
>
> Rae
>
> **Rae Crisler ::** Principal **::** Fish & Richardson P.C.
> 214-760-6138 direct **::** crisler@fr.com
> fr.com **::** Bio

5

```
**********************************************************************
****************************************************
This email message is for the sole use of the intended recipient(s) and
may contain confidential and privileged information. Any unauthorized use
or disclosure is prohibited. If you are not the intended recipient,
please contact the sender by reply email and destroy all copies of the
original message.
**********************************************************************
******************************************************
```
<2023-11-22 Ltr to Mirzaie fr Kodish re Infringement Contentions.pdf>