# EXHIBIT 4

| | |
|---|---|
| **From:** | Rae Crisler |
| **Sent:** | Thursday, February 8, 2024 2:47 PM |
| **To:** | Jason Wietholter |
| **Cc:** | rak_headwater@raklaw.com; [SERVICE FR] Samsung-Headwater; qe-headwater103 @quinnemanuel.com |
| **Subject:** | RE: Headwater v. Samsung Case No. 2:22-cv-103: Letter to HW fr Kodish re Interrogatory Responses |

Counsel,

We write to follow up on our letter of December 18, 2023, concerning Headwater's November 27, 2023 responses to Samsung's First Set of Interrogatories (Nos. 1-14) and document production. Following the parties' meet and confer on January 12, 2024, summarized below in the email dated January 16, 2024, we received Headwater's supplemental responses to some of the interrogatories on January 26, 2024. As discussed below, Headwater's supplements do not provide the requested information. Further, Headwater has not supplemented several of the interrogatories we discussed during our meet and confer of January 12, including ROGs 3, 8, 11, 13, and 14. Please confirm by February 12 that Headwater will provide the requested supplements, or provide Headwater's availability to meet and confer on February 12 or 13 during regular business hours ET.

**Interrogatory No. 1: Conception and Reduction to Practice**

Headwater's response fails to provide the requested element-by-element basis for the purported conception and reduction to practice dates of the alleged inventions. Headwater's response claims that the Asserted Patents were conceived as of "on or before January 28, 2009," and that "conception and reduction to practice of certain portions of the claimed inventions occurred as early as September 2008." (Pl.'s Supp. Resp. Interrog. No. 1 at 8-9; *see also id.* ("***Various features*** of the inventions of the Asserted Patents were conceived of and reduced to practice by the named inventor between Fall 2008 and no later than the filing of the '354 Application.") (emphasis added).) Headwater must know the specific dates it contends the purported inventions were conceived and reduced to practice. Its response should provide those dates without qualifiers.

In addition, that conception and reduction to practice of limitations in the Asserted Patents apparently occurred on different dates confirms that an element-by-element response is necessary. Headwater's supplemental response does not provide that information. Instead, Headwater describes business negotiations concerning "the use of non-centralized device-assisted services, bandwidth usage notifications, bandwidth shaping and management techniques, and ambient services for mobile devices," which do not appear to be functionalities related to the technology at issue in the -103 case. (*Id.* at 9.) Nor do the described business activities provide the technical details related to conception and reduction to practice of an alleged invention. Please describe the conception and reduction to practice of the ***Asserted Patents in this case*** on an element-by-element basis, and provide the specific date(s) Headwater contends each element was conceived and reduced to practice.

Headwater's response also states that "[t]echnical and other documentation reflecting Headwater's designs and inventions during this time period have been produced in this case." (*Id.* at 9-10.) It is unclear from that statement whether Headwater means that it has produced documents reflecting the conception and reduction to practice of the Asserted Patents in the -103 case. Indeed, under Patent Rule 3-2(b), which requires a production of "[a]ll documents evidencing the conception, reduction to practice, design, and development of each claimed invention," Headwater's September 28, 2023 infringement contentions stated that it is "unaware" of any documents evidencing conception or reduction to practice that predate Headwater's purported priority date. Please supplement your response to this Interrogatory to address the apparent contradiction in Headwater's positions. If Headwater believes that relevant documents exist and Headwater and has produced them, please identify those pursuant to Rule 33(d) and correct

Headwater's statement under Patent Rule 3-2(b).  Otherwise, if such documents do not exist and Headwater is not contending that the alleged inventions were conceived prior to the purported priority date, Headwater must state so.

**Interrogatory No. 2: Priority Date**

Headwater's supplemental response to Interrogatory No. 2 also remains deficient.  This interrogatory calls for an explanation of, "on an element-by-element basis, how each patent application provides §112 support for such claims of priority."  As we explained during the meet and confer, Headwater's citation to the file histories of the Asserted Patents does not explain Headwater's contention that each element of the Asserted Patents are entitled to a priority date of January 28, 2009.  Headwater's supplemental response fares no better.  Headwater's supplement states that the asserted patents cite on their face the provisional patent applications and then contends without further explanation that each asserted claim is "supported by adequate written description in those applications." (Pl.'s Supp. Resp. Interrog. No. 2 at 11.)  Headwater's conclusory response appears to presume that the claimed priority date is correct.  But such a presumption is improper.  *See Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*, 800 F.3d 1375, 1380 (Fed. Cir. 2015) ("Dynamic's proffered approach would create a presumption that a patent is entitled to the benefit of the filing date of its provisional precursor, but that would be unsound because the PTO does not examine provisional applications as a matter of course; such a presumption is therefore not justified.").

Headwater further contends that "Samsung has not identified to Headwater any contention or basis to contend that any of the Asserted Patents are not entitled to any particular priority date." (Pl.'s Supp. Resp. Interrog. No. 2 at 11.)  As we explained during our January 12 meet and confer, this claim is puzzling given that Samsung served its preliminary invalidity contentions over two months ago on November 30, 2023, identifying specific limitations absent from the '354 application to which the Asserted Patents claim priority. (*See* Defs.' Prelim. Inval. Cntns. at 6-8.)

Headwater's continued refusal to provide the requested information is prejudicial, particularly when Headwater must already be in possession of the facts, legal bases, and evidence that purportedly support Headwater's asserted January 28, 2009 priority date, including what portions of the provisional patent applications cited by Headwater allegedly support each asserted claim limitation.  At the very least, Headwater must explain how the '354 application provides § 112 support for the limitations specifically challenged by Samsung in its invalidity contentions.   Please supplement Headwater's response to Interrogatory No. 2 to provide this information.  Samsung reserves the right to strike any belated disclosure of such theories.

In addition, Headwater's supplemental response to Interrogatory No. 2 concludes with an incomplete sentence.  Please confirm whether the content provided in Headwater's January 26 supplemental response to Interrogatory No. 2 is complete.

**Interrogatory No. 3: Doctrine of Equivalents**

Headwater has not supplemented this interrogatory despite Samsung's repeated requests for this information.  Headwater was also required to disclose this information under P.R. 3-1(d).       Headwater should understand the basis for which it alleges the accused products infringe.  Because neither Headwater's contentions nor its response to this Interrogatory purport to apply the doctrine of equivalents, Samsung understands Headwater's infringement theories to be limited to literal infringement.   As we have cautioned throughout our correspondence below and concerning Headwater's infringement contentions, Samsung will oppose any attempt by Headwater to improperly inject a DOE theory into this case as untimely.

**Interrogatory No. 9:  Marking**

Despite our correspondence and meet and confer explaining why Headwater's original response is deficient, Headwater's supplemental response still fails to provide the requested information.  We explained at least during the meet and confer (and recounted in the summary below) that Interrogatory No. 9 requires Headwater to (1) identify which product(s) Headwater contends practice the asserted claims of the **Asserted Patents** and (2) **then** provide Headwater's steps pursuant to 35 U.S.C. § 287 with regard to those products.  As discussed in Samsung's November 22,

2023 letter, Headwater's infringement contentions should also have identified purportedly embodying products pursuant to Patent Rule 3-1(f).  But Headwater has not done so either in its contentions or its discovery responses.

Instead, in response to this Interrogatory, Headwater generally refers to "issued patents" without specifying whether those patents include the Asserted Patents.  And Headwater refers to the ItsOn "virtual patent marking page" without stating whether the Asserted Patents were identified on that page.  But neither the historic versions of that page located by Samsung nor the documents concerning that page and incorporated in Headwater's supplemental response to Interrogatory No. 9 refer to the specific Asserted Patents in this case.  Headwater's statement that it is "not aware of any unmarked products" does not provide that information.

Similarly, with respect to P.R. 3-1(f), Headwater only provided ambiguous statements.  Rather than identify purportedly practicing products and how they embody the Asserted Claims, Headwater contends that the "ItsOn software may incorporate or reflect the claims of the Asserted Patents."

Headwater should know whether it believes any products practiced the Asserted Claims in this case.  If it is not aware of any such products, or does not intend to argue that any products practice the asserted claims, Headwater should say so.  Headwater's obfuscation on this issue is prejudicing Samsung.  Specifically, without Headwater's position on this issue, Samsung is deprived of a complete understanding of Headwater's infringement positions and is handicapped in its ability to assert a marking defense.

Headwater's reference to its marking strategies is *non sequitur* until Headwater identifies the products that it contends embody the asserted claims of the Asserted Patents.  Please supplement Headwater's response to this Interrogatory and statement under P.R. 3-1(f) to provide that information.  If Headwater does not plan to contend that any product embodies the Asserted Patents, Headwater's response should say so.

**Interrogatory No. 10: Licensees**

Interrogatory No. 10 requires Headwater to identify all licensees and their associated licenses to the Asserted Patents.  Headwater's supplemental response states that responsive information "may be ascertained" from two licenses cited by Bates number.  Because the licenses do not identify any patent numbers, Headwater's response does not identify the relationship between the licensee and the Asserted Patents.  In addition, the licenses suggest the existence of additional, earlier agreements not cited in Headwater's response.  To the extent Headwater contends these or any other licenses licensed the Asserted Patents, they should be included in Headwater's response.  Please supplement Headwater's response to Interrogatory No. 10 to identify all licensees and their associated licenses ***to the Asserted Patents***.

**Interrogatory No. 11: Willfulness Allegations**

Headwater did not supplement this response as requested.  As we explained during the meet and confer and correspondence, Headwater's lengthy response concerning willfulness says nothing about the Asserted Patents.  As with its other discovery responses, Headwater appears to be intentionally obfuscating the issue by using generic terms like "intellectual property" without clarifying Headwater's position on the Asserted Patents in this case.  Headwater's amended complaint contends that Samsung willfully infringed the Asserted Patents, but Headwater has yet to provide its basis for that allegation **with respect to the Asserted Patents**.  Indeed, Headwater's response refers to technology that is not relevant to this case.  (Pl.'s Resp. to Interrog. 11 at 20 (referring to "ItsOn's roaming control and foreground/background differential data policy controls").)  Please supplement Headwater's response to this interrogatory to provide Headwater's basis for willfulness with respect to the Asserted Patents.  If Headwater refuses to supplement this interrogatory, please provide an explanation of Headwater's refusal.

**Interrogatory No. 13: ItsOn Software**

Headwater did not supplement this response as requested.  Interrogatory No. 13 seeks an explanation of how the ItsOn Software practiced the Asserted Patents if Headwater so contends.   As mentioned below, Headwater's question during

the meet and confer asking for the relevance of this information is puzzling given Headwater's many references to the ItsOn Software in its discovery responses and infringement contentions.  The relevance of the ItsOn Software to this matter is thus entirely of Headwater's making.  Please supplement Interrogatory No. 13 to provide the requested information, or clarify that Headwater does not contend the ItsOn Software practiced the Asserted Patents.

**Interrogatory No. 14: Notice of the Purported Infringement**

Headwater did not supplement this response as requested. Interrogatory No. 14 seeks the date of Headwater's first awareness of the accused instrumentalities and their alleged infringement, and the circumstances of that awareness.  Headwater has not provided a basis for not providing this information.  Please confirm that Headwater will supplement its response to Interrogatory No. 14 or provide Headwater's basis for refusing to do so.

**Other Document Production Deficiencies**

We also received Headwater's document production served on January 26.  Although we are continuing to review Headwater's production, we have not identified any of the deposition transcripts or discovery responses from the -422 case.  Nor has Headwater provided its position on whether it will produce ItsOn software.  Many of Headwater's interrogatory responses across the -422 and -103 cases are near exact duplicates of each other.  Even Headwater's complaints in the two matters mirror the same allegations—particularly with respect to Samsung's purported notice of the patents, the ItsOn software, and Headwater's willfulness contentions.  Given these substantial overlaps and Headwater's failure to articulate any basis for refusing to produce materials related to at least those issues in the -103 case, Headwater should produce the requested materials without further delay.  Please confirm that Headwater will do so no later than February 12.

Best regards,

Rae

**Rae Crisler** :: Fish & Richardson P.C. :: 214-760-6138 direct

---

**From:** Jonathan Bright <jbright@fr.com>
**Sent:** Tuesday, January 16, 2024 6:11 PM
**To:** Jason Wietholter <jwietholter@raklaw.com>; Rae Crisler <crisler@fr.com>
**Cc:** rak_headwater@raklaw.com; [SERVICE FR] Samsung-Headwater <SERVICEFRSamsung-Headwater@fr.com>; qe-headwater103@quinnemanuel.com
**Subject:** RE: Headwater v. Samsung Case No. 2:22-cv-103: Letter to HW fr Kodish re Interrogatory Responses

Counsel,

Thank you for the meet and confer on Friday afternoon.  We write to memorialize that discussion.  We generally understand that Headwater will supplement certain interrogatories within two weeks of that conference (January 26).  Please let us know if you have a different understanding of any of these issues.  Samsung reserves the right to follow up on the requests below and to request additional information responsive to these interrogatories and document requests.

**Interrogatories**

Samsung notes that Headwater referred to its first (and only) substantive document production of January 5, 2024, as purportedly providing information responsive to Samsung's interrogatories.  Samsung reminded Headwater that to the extent Headwater's response(s) rely on Rule 33, Headwater must supplement its responses to specifically identify and document by Bates number.

In addition, for many interrogatories Headwater stated that it would supplement within two weeks "if appropriate." We repeat our request conveyed during Friday's call that Headwater identify by the end of this week any interrogatory that it refuses to supplement so as not to delay any disputes on such interrogatories. For the discovery requests that Headwater stands on its refusal to supplement, we reserve the right to promptly seek the Court's guidance.

ROG 1 – Headwater stated that production of the patents and file histories is sufficient, which we disagreed with, as we cannot identify the alleged dates of conception and reduction to practice and support therefor from the patents and file histories. We understand Headwater will supplement in two weeks, by January 26, if it deems it needs to supplement, including by identifying the alleged dates of conception and reduction to practice in two weeks and support for those dates.

ROG 2 – Headwater is evaluating whether it will agree to supplement this interrogatory (e.g., to provide its contentions on an element-by-element basis why the asserted claims are entitled to the alleged January 28, 2009 priority date). Headwater will supplement by January 26, if it decides supplementation is needed.

ROG 3 – Headwater takes the position that it does not need to supplement this interrogatory at this time. Headwater believes that subsequent "triggering events" may justify amending this interrogatory, but could not identify any such events at this time. Headwater likewise mentioned that it needed materials and/or information from Samsung before it could provide a DOE theory, but likewise could not specify what those materials were. Although Headwater mentioned Samsung's source code, we pointed out that Samsung's source code has been available since November 30, 2023, but Headwater has made no efforts to review it. Samsung's position is that because plaintiff bears the burden of proving infringement, it is entitled to any doctrine of equivalents theories well in advance of the close of fact discovery. *See, e.g.*, L.P.R. 3-1(d) (requiring parties claiming infringement to identify whether elements of each asserted claim are "literally present or ***present under the doctrine of equivalents***") (emphasis added). Samsung asked Headwater whether it currently has any doctrine of equivalents theories that it has not disclosed but Headwater could not answer. Pursuant at least to the Patent Local Rules, Headwater must immediately disclose any doctrine of equivalents theories of which it is aware. Given that Headwater has not done so—despite having available to it since November 30, 2023, the technical documents and source code necessary for assessing infringement under the doctrine of equivalents—Samsung will oppose any attempt by Headwater to improperly inject a DOE theory into this case as belated.

ROG 4 – With respect to Samsung's challenges to the validity of the asserted patents, Headwater's position is that it is premature to respond to this contention at this time, as such response requires expert analysis and opinion, and that a fulsome approach would be burdensome given the volume of prior art cited. Samsung disagrees that a response would be burdensome and that the prior art cited to date is "voluminous." In any event, Samsung noted that it would be happy to re-open case narrowing discussions, including the reduction of asserted claims or patents along with reductions in the prior art. Samsung also notes that it would be open to discuss alternative response formats, such as providing validity contention charts for a subset of the prior art identified by Samsung (*see Mirror Worlds Techs., LLC v. Apple Inc.*, No. 6:13-CV-419, 2014 WL 12614490, at *2 (E.D. Tex. Dec. 3, 2014)). Separately, we also note that this interrogatory seeks Headwater's contentions on validity under § 112. As Samsung explained in its Dec 18 letter, only Headwater knows how it contends that each limitation of each asserted claim allegedly has § 112 support in the specification, and the volume of Samsung's prior art should not affect Headwater's ability to disclose such contentions. We look forward to receiving those contentions in Headwater's forthcoming supplementation or otherwise confirmation that Headwater will stand on its objection.

With respect to secondary considerations Headwater agrees to identify any alleged secondary considerations by January 26.

ROG 5 – Headwater will identify documents relevant to valuation of the asserted patents, if any, by January 26.

ROG 7 – Headwater will identify documents relevant to past infringement allegations of the asserted patents (e.g. demands that seek to generate licensing revenue or allege infringement), if any, by January 26.

ROG 8 – Headwater committed to considering supplementing this interrogatory within two weeks.  Samsung maintains that the requested information (i.e., ownership and financial interests in Plaintiff, the Asserted Patents, and the case) are relevant at least to bias.

ROG 9 – Headwater will supplement this interrogatory by January 26.  Samsung expressed that it expects both (1) an identification of which products Headwater contends *practice* the asserted claims (as opposed to products that merely "may incorporate or reflect" the claims as mentioned in Headwater's infringement contentions) and (2) Headwater's contentions regarding what steps it took to comply with its marking obligations under 35 U.S.C. § 287.  If Headwater does not contend that any products practice the asserted claims, Headwater's response should say so.

ROG 10 – Headwater will identify licenses to the asserted patents, if any, by January 26.  Headwater's supplement should identify such licenses by Bates number.

ROG 11 – Headwater indicated that it will consider supplementing its response to more specifically identify its willfulness allegations in two weeks and referenced ongoing discovery as justification to supplement this interrogatory in the future.  Headwater did not identify what discovery it needed from Samsung on this issue.  And Samsung does not know what further information it could provide concerning willfulness, particularly considering that Samsung has already informed Headwater that it was not aware of the asserted patents until Headwater's complaint.  Headwater noted on the call that its response provided a detailed willfulness story.  As we noted on the call, however, nowhere in Headwater's lengthy response does Headwater provide its basis for asserting willfulness with respect to the *specific asserted patents* in the -103 matter.  Headwater's supplemental response should provide that information.

ROG 13 – Headwater is considering whether to supplement this interrogatory.  Samsung noted that Headwater contends that "ItsOn software may incorporate or reflect the claims of the Asserted Patents" (*see* Infringement Contentions) and that Headwater referenced "ItsOn software implementing Headwater's patented inventions [allegedly] installed onto Samsung's devices" as supporting its willfulness allegation in its current response to Interrogatory No. 11.  Headwater's basis for those statements are unquestionably relevant to the case.  To the extent Headwater contends that "more discovery" may be required to assess this interrogatory, Samsung disagrees. Please confirm whether Headwater intends to supplement its interrogatory response to provide the requested information.

ROG 14 – Headwater will consider supplementing its response to provide details about its pre-suit notice allegations by January 26, but would not commit to doing so.

**Document Requests**

ItsOn Software – Headwater will provide its position on whether it will produce ItsOn software by January 26.  That Headwater takes this position is inexplicable given the record in the Headwater -422 action in which Headwater and its counsel have stated numerous times that Headwater does not possess any such software.  Samsung again notes the relevance of this software given the points discussed above with respect to ROG 13.

-422 Deposition Transcripts and Discovery Responses – We discussed that given the significant overlap between the cases—at least including Headwater's willfulness allegations and at least one shared inventor across the -422 and -103 patents—these materials are relevant across all matters.  Headwater will provide its position on whether it will produce this material within two weeks.

Scope of Searching Efforts Regarding Witnesses Identified in Headwater's Initial Disclosures and Represented by RAK – Headwater stated that, in connection with the -422 case and the subpoenas served in that matter, it had searched the documents personally held by the subpoenaed witnesses, and that documents collected in that effort have been produced in the -103 case.  **If that is not the case, please let us know.**  Headwater indicated that it will revisit this issue and provide a further response.

Best,

6

Jonathan

---

**From:** Jason Wietholter <jwietholter@raklaw.com>
**Sent:** Friday, January 12, 2024 11:00 AM
**To:** Rae Crisler <crisler@fr.com>
**Cc:** rak_headwater@raklaw.com; [SERVICE FR] Samsung-Headwater <SERVICEFRSamsung-Headwater@fr.com>; qe-headwater103@quinnemanuel.com
**Subject:** Re: Headwater v. Samsung Case No. 2:22-cv-103: Letter to HW fr Kodish re Interrogatory Responses

Hi Rae,

We are available to meet and confer today at 4PM ET. We can use the following dial-in: 424-334-0565.

Regards,
**Jason Wietholter**
**Russ, August & Kabat**
12424 Wilshire Boulevard, 12th Floor | Los Angeles, California 90025
Main +1 310 826 7474 | jwietholter@raklaw.com | www.raklaw.com
----------------------------------

This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature. This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s). If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

> On Jan 12, 2024, at 5:23 AM, Rae Crisler <crisler@fr.com> wrote:
>
> Jason,
>
> We have not received a response to our availability below. Please confirm whether Headwater is available to meet and confer today at 4pm ET.
>
> Thanks,
>
> Rae
>
> **Rae Crisler ::** Fish & Richardson P.C. **::** 214-760-6138 direct
>
> ---
>
> **From:** Rae Crisler
> **Sent:** Wednesday, January 10, 2024 9:32 AM
> **To:** 'Jason Wietholter' <jwietholter@raklaw.com>
> **Cc:** Mallory Ladd <ladd@fr.com>; rak_headwater@raklaw.com; [SERVICE FR] Samsung-Headwater <SERVICEFRSamsung-Headwater@fr.com>; qe-headwater103@quinnemanuel.com
> **Subject:** RE: Headwater v. Samsung Case No. 2:22-cv-103: Letter to HW fr Kodish re Interrogatory Responses
>
> Jason,

7

We are available to meet and confer on Friday at 4pm ET.  Please confirm if Headwater is available at that time, and we can circulate a dial-in.

Thanks,

Rae

**Rae Crisler ::** Fish & Richardson P.C. **::** 214-760-6138 direct

---

**From:** Jason Wietholter <jwietholter@raklaw.com>
**Sent:** Friday, January 5, 2024 11:11 PM
**To:** Rae Crisler <crisler@fr.com>
**Cc:** Mallory Ladd <Ladd@fr.com>; rak_headwater@raklaw.com; [SERVICE FR] Samsung-Headwater <SERVICEFRSamsung-Headwater@fr.com>; qe-headwater103@quinnemanuel.com
**Subject:** Re: Headwater v. Samsung Case No. 2:22-cv-103: Letter to HW fr Kodish re Interrogatory Responses


[This email originated outside of F&R.]


Rae,

We are investigating your requests and will respond appropriately. Additionally, we produced a number of documents today which address issues raised in your letter.

In any event, we are happy to meet and confer next week to discuss. Please let us know your availability to discuss.

Have a good weekend,
**Jason Wietholter**
**Russ, August & Kabat**
12424 Wilshire Boulevard, 12th Floor | Los Angeles, California 90025
Main +1 310 826 7474 | jwietholter@raklaw.com | www.raklaw.com
-----------------------------------
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature. This communication may contain information that is
legally privileged, confidential or exempt from disclosure, and is intended only for
the named addressee(s). If you are not the intended recipient, please note that any
dissemination, distribution, or copying of this communication is prohibited.

> On Jan 3, 2024, at 7:01 AM, Rae Crisler <crisler@fr.com> wrote:
>
>
> Counsel,
>
> Our letter sent below concerning Headwater's discovery deficiencies requested a response a week ago, but we have not yet received any response.  Please confirm by Friday that Headwater will provide the requested documents and information, and provide the date by which Headwater intends to do so.

Best regards,

Rae

**Rae Crisler ::** Fish & Richardson P.C. **::** 214-760-6138 direct

---

**From:** Mallory Ladd <Ladd@fr.com>
**Sent:** Monday, December 18, 2023 5:42 PM
**To:** rak_headwater@raklaw.com
**Cc:** [SERVICE FR] Samsung-Headwater <SERVICEFRSamsung-Headwater@fr.com>; qe-headwater103@quinnemanuel.com
**Subject:** Headwater v. Samsung Case No. 2:22-cv-103: Letter to HW fr Kodish re Interrogatory Responses

Counsel:

Please see the attached correspondence.

Thanks,

**Mallory M. Ladd ::** Litigation Paralegal **::** Fish & Richardson P.C.
1180 Peachtree Street NE, 21st Floor, Atlanta, GA 30309
Direct: 404 724 2770 :: Mobile: 678-372-6715 **::** ladd@fr.com
fr.com

```
************************************************************************
***************************************************
This email message is for the sole use of the intended recipient(s) and
may contain confidential and privileged information. Any unauthorized use
or disclosure is prohibited. If you are not the intended recipient,
please contact the sender by reply email and destroy all copies of the
original message.
************************************************************************
***************************************************
```

```
*****************************************************************************
**************************************
This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized use or disclosure is
prohibited. If you are not the intended recipient, please contact the sender by reply
email and destroy all copies of the original message.
*****************************************************************************
**************************************
```