IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:23-CV-00103-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § § § | |
| *Defendants*. | § § | |

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss for Failure to State a Claim filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. **Dkt. No. 40**. Samsung seeks to dismiss Plaintiff Headwater Research LLC's Amended Complaint (Dkt. No. 31). Plaintiff opposed the Motion by filing a response and sur-reply. Dkt. Nos. 42, 44. For the reasons discussed below, the motion should be **DENIED**.

### I.  BACKGROUND

In their Amended Complaint, Plaintiff has alleged infringement of U.S. Patent Nos. 8,406,733; 9,615,192; and 9,198,117 which generally relate to wireless communication technology. Dkt. No. 31 at 1. Plaintiff identifies "mobile electronic devices, such as mobile phones and tablets, as well as wearables and televisions made, used, offered for sale, sold, and/or imported by Defendants in the United States" as the "Accused Instrumentalities." *Id.* at 11. For the '733 and '117 Patents, Plaintiff contends "[t]he Accused Instrumentalities are, for example, Samsung's mobile electronic devices (e.g., Galaxy phones and tablets, as well as Samsung devices which

1

include Samsung Knox functionality), and Samsung Tizen devices (e.g., TVs and wearables)." *Id.* at 15, 18; Dkt. Nos. 31-4, 31-5. And for the '192 Patent, Plaintiff contends "[t]he Accused Instrumentalities are, for example, Samsung's push messaging servers (e.g., Samsung's Knox and Tizen servers)." Dkt. No. 31 at 20; Dkt. No. 31-6.

## II.   LEGAL STANDARD

A party may move to dismiss an action when the complaint fails "to state a claim upon which relief can be granted . . . ." FED. R. CIV. P. 12(b)(6). A complaint states a sufficient claim if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis in original) (citations omitted).

When considering a Rule 12 motion to dismiss, a court accepts "all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted). The court must then decide whether those facts "state a claim that is plausible on its face." *Bowlby*, 681 F.3d at 219. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the

2

necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl.*, 550 U.S. at 556).

A complaint properly pleads a claim of direct infringement under 35 U.S.C. § 271(a) if it contains allegations at the specificity required by Form 18 from the Appendix of Forms to the Federal Rules of Civil Procedure. *In re Bill of Lading Transmission & Processing System Patent Lit.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012). Form 18 requires "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *Id.* (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)).

### III.   ANALYSIS

Samsung asserts that Plaintiff has failed to plausibly state a claim generally due to only identifying accused products and not "identifying how those products allegedly infringe the Asserted Patent claims." Dkt. No. 40 at 7 (citing *VStream Techs., LLC v. PLR IP Holdings, LLC*, No. 6:15-cv-974-JRG-JDL, slip op. at 7 (E.D. Tex. 2016)) (emphasis removed). Samsung relies on *Chapterhouse, LLC v. Shopify, Inc.* as an analogous decision, contending that the claim charts offered in this case do not contain more than bare allegations. Dkt. No. 40 at 7; *Chapterhouse, LLC*, 2018 WL 6981828, at *2 (E.D. Tex. 2018). The Court finds that the claim charts do not generally engage in the procedure addressed by *Chapterhouse* such that dismissal would be warranted without further consideration of the specific deficiencies raised in Samsung's Motion.

3

### A. The '733 Patent

Samsung asserts that Plaintiff has not adequately pleaded two limitations for the asserted claims of the '733 Patent: (1) "control-plane communications" and (2) the related limitations of "service control device link agent" and "service control server link element." Dkt. No. 40 at 8–9.

#### 1. "control-plane communications"

Samsung argues broadly that the Amended Complaint fails to meet the requisite level of detail. Dkt. No 40 at 9. Specifically, Samsung asserts that Plaintiff does not allege that "'Firebase messaging servers' provide 'control plane communications.'" *Id.* (citing Dkt. No. 31-4 at 12–13). And regarding the Knox MDM platform, Knox Manage servers, and Tizen servers accused, Samsung asserts the accusations are deficient for relying on similar functionality for two limitations and otherwise not being specific enough in connecting the "control plane communications" to the accused products. Dkt. No. 40 at 10.

The Court finds that the Amended Complaint adequately pleads the "control-plane communications" limitation for the accused instrumentalities. The Court is not convinced that Samsung is devoid of notice as they rely on Plaintiff's identification of functionality to argue that distinct limitations cannot be met by the same functionality. Further, the Court is unpersuaded that the limitation is not pleaded for all the accused functionalities as the claim chart engages in permissible exemplary charting. *See* Dkt. No. 31-4; *cf. Chapterhouse*, 2018 WL 6981828, at *2 (E.D. Tex. 2018). Samsung's remaining arguments demonstrate a disagreement as to application of the claims to the accused products which are appropriate for the claim construction and summary judgment stage but are premature at this stage of this case. *See USAA v. PNC Bank N.A.*, 2022 WL 739521, at *2 (E.D. Tex. 2022); *OBD Sensor Sols. LLC v. Track What Matters, LLC*,

2023 WL 1827922, at *2 (E.D. Tex 2023); *cf. Phoenix Licensing, LLC v. Aetna, Inc.*, 2012 WL 12937525, at *1 (E.D. Tex 2012).

### 2. "service device link agent" and "service control server link element"

After asserting the same argument regarding the "Firebase messaging servers" found above to be covered by exemplary claim charting, Samsung contends that the limitation of "service control server link element" fails to explain how "those servers transmit an 'encrypted agent message' to 'service control device link agent.'" Dkt. No. 40 at 11. Samsung's argument relies on its interpretation of the claim language that "[a]n 'encryption key' must be stored in an end-user device's memory and 'shared between' the 'service control device link agent' and 'service control server link element.'" *Id.* at 12. The Court finds that Samsung's argument may be proper for consideration at the claim construction stage but is not appropriate at this stage. This is further highlighted by Plaintiff's examples where the Amended Complaint addresses the "encryption key" limitation. *See* Dkt. No. 42 at 19–20 (referencing Dkt. No. 31-4 at 24, 29, 33).

## B. The '192 Patent

Samsung asserts that Plaintiff has not adequately pleaded three limitations of the '192 Patent: (1) "secure message link," (2) "network element messages comprising respective message content and requests for delivery of the respective message content," and (3) "transport services stack." Dkt. No. 40 at 12–13.

### 1. "secure message link"

Samsung asserts that Plaintiff fails to "identify any allegations regarding the 'secure message link'" due to referring to functionality as a "service control link" for the Knox products and a "communications link" for the Tizen and Firebase servers instead of the requisite "secure message link." Dkt. No. 40 at 12. The Court is unpersuaded that naming conventions alone are

5

enough to demonstrate that Samsung is not on notice as to what is being accused. Nor has Samsung cited any authority that would support the position it takes on this limitation. Accordingly, the Court finds that the limitation has been pleaded sufficiently such that it is apparent that discovery will likely rectify Samsung's perceived deficiency.

### 2. "network element messages comprising respective message content and requests for delivery of the respective message content"

Samsung asserts that for at least the "Tizen and Firebase functionalities" Plaintiff fails to identify "any allegations regarding the "network element messages." Dkt. No. 40 at 12–13. Samsung elaborates that the allegations "identify no specific network element messages, instead baldly asserting that such messages exist." *Id.* at 13. Upon review of the claim charts, and noting that Samsung does not address this limitation in reply, the Court finds that the limitation has been sufficiently pleaded for the Accused Instrumentalities. *See* Dkt. No. 31-6 at 17, 18; Dkt. No. 43 at 7.

### 3. "transport services stack"

Samsung asserts that the amended complaint fails to identify "any 'transport service stack' within the accused products" and merely states that the products have the feature. Dkt. No. 40 at 13. The Amended Complaint in relevant part states:

> As a further example, Samsung's Tizen and Knox products utilize communication layers comprising a transport services stack at the servers and devices to which the servers are connected. As one example, the secure control link between Knox servers and Knox-managed devices communicate through specific software residing on both Knox servers (Knox Manage software) and Knox-managed devices (e.g., Knox agent at the devices) which receives, decrpyts [sic] and decodes, interprets, and executes commands or messages from other elements in the system. Likewise, with Samsung's Tizen devices, specific software within both Tizen OS and Tizen's push messaging servers operate in a similar fashion.

Dkt. No. 31-6 at 60. The Court is unpersuaded that the language is so vague that Samsung is unaware of what functionality is being accused. This is highlighted by Samsung's shift in argument

6

from contending that the accusations do not identify the limitation to asking "[w]hat is the alleged 'communication software'?" *See* Dkt. No. 43 at 7. Regarding this shifted argument, the issue is not with the accusation itself but with the reading of the claims onto the product which can be taken up at a later stage.

### C. The '117 Patent

Samsung first asserts that "Headwater's infringement theory regarding FCM functionality is facially deficient." Dkt. No. 40 at 13. And Samsung asserts that Plaintiff has not adequately pleaded two limitations of the '117 Patent: (1) "secure Internet data connections" and (2) "a secure interprocess communication service." *Id.* at 15.

#### 1. FCM functionality

Samsung asserts that "for each accused 'device managing agent,' Headwater must also identify a corresponding 'network messaging server' that transmits 'Internet data messages' to that particular accused 'device messaging agent.'" Dkt. No. 40 at 14. Samsung relies on its reading of claim 1 of the '117 Patent for these assertions. *See* Dkt. No. 40 at 13–14. Plaintiff responds that the "Samsung points to no authority that a complaint must identify every infringing device or instrumentality of the infringer" and that "the Amended Complaint identifies the 'Firebase messaging servers' of the Accused Instrumentalities as the claimed 'network message server.'" Dkt. No. 42 at 23. In reply, Samsung asserts that the Firebase message server is a third-party Google service that was not properly accused through vicarious liability, and identification of "Samsung push messaging servers" would not include a third-party server. Dkt. No. 43 at 4. In sur-reply, Plaintiff asserts that the Amended Complaint is not pursuing direct infringement through divided infringement rendering the vicarious liability argument irrelevant. Dkt. No. 44 at 4–5.

The Court finds that Samsung relies on claim construction arguments to assert that the pleadings are inadequate. As discussed above, the Court is not persuaded to engage in claim construction at the early stage of this case. Nor is the Court convinced that the Amended Complaint engages in improper vicarious liability assertions for a single limitation such that dismissal would be proper at this time. *See Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1287 (Fed. Cir. 2011).

### 2. "secure Internet data connections"

Samsung asserts that this limitation is not adequately pleaded due to Plaintiff's failure to "identify what specific 'encryption' they are accusing as being part of the claimed 'secure Internet data connections.'" Dkt. No. 40 at 15. Plaintiff asserts that the claims do not require that level of specificity. Dkt. No. 42 at 22. The Court finds that the parties have identified a contested claim construction argument that the Court declines to engage at this early stage. Further, taking Plaintiff's facts as true, the Court does not find a reason to dismiss based on this limitation.

### 3. "a secure interprocess communication service"

Samsung asserts that Plaintiff fails to identify what within the Accused Products meets this limitation. Dkt. No. 40 at 15. This argument is undermined by its own argument that demonstrates that the argument is based on contested readings of the claim language. *See Id.* ("this amounts to a self-serving, unilateral characterization of Samsung products that attempts to paraphrase the claim language . . ."). No reason to dismiss based on this limitation has been shown.

## IV. CONCLUSION

Accordingly, the motion should be DENIED.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by

8

the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 5th day of March, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE