IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.<br><br>    *Defendants*. | Case No. 2:23-cv-00103-JRG-RSP<br><br>JURY TRIAL DEMANDED |

## SAMSUNG'S OBJECTIONS TO THE REPORT AND RECOMMENDATION DENYING SAMSUNG'S MOTION TO DISMISS

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................................. 1

II.   LEGAL STANDARD ...................................................................................................... 1

III.   ARGUMENT .................................................................................................................... 2

    A.   The R&R Erred In Holding That Samsung's Arguments Are Based On Claim Construction .................................................................................................................. 2

        1.   The '733 Patent ................................................................................................ 2

        2.   The '192 Patent ................................................................................................ 4

        3.   The '117 Patent ................................................................................................ 6

    B.   The R&R Erred By Failing To Provide Sufficient Analysis Or Explanation ....................... 7

IV.   CONCLUSION ................................................................................................................. 8

## TABLE OF AUTHORITIES

**Cases**                         **Page(s)**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................... 4

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*,
    631 F.3d 1279 (Fed. Cir. 2011) .......................................................................................... 7

*Chapterhouse, LLC v. Shopify, Inc.*,
    2018 WL 6981828 (E.D. Tex. 2018) .............................................................................. 3, 7

*Glob. Sessions LP v. Travelocity.com LP*,
    No. 6:10-cv-671-LED-JDL, 2012 WL 1903903 (E.D. Tex. May 25, 2012) ...................... 4

*Ortiz & Assocs. Consulting, LLC v. Ricoh USA, Inc.*,
    No. 6:21-CV-01178-ADA, 2023 WL 2904583 (W.D. Tex. Apr. 11, 2023) ...................... 2

*Plano Encryption Techs., LLC v. Alkami Tech., Inc.*,
    No. 2:16-CV-1032-JRG, 2017 WL 8727249 (E.D. Tex. Sept. 22, 2017) ......................... 1

**Statutes**

28 U.S.C. § 636(b)(1) .................................................................................................................. 1

**Other Authorities**

Fed. R. Civ. P. 72 ........................................................................................................................ 1

**I.      INTRODUCTION**

On August 8, 2024, Samsung moved to dismiss Headwater's First Amended Complaint ("FAC") for failure to state a plausible claim of infringement because Headwater's FAC does not sufficiently put Samsung on notice as to what is accused of infringement. On March 5, 2024, Magistrate Judge Payne issued a Report and Recommendation recommending denial of Samsung's motion. Dkt. 78 ("R&R"). Samsung respectfully objects to the R&R for several reasons. As an initial matter, the R&R is based on an outdated legal standard. Form 18 was abrogated in 2015, and "[n]ow, to state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant" infringes. *See Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, No. 2:16-CV-1032-JRG, 2017 WL 8727249, at *1 (E.D. Tex. Sept. 22, 2017). In addition, for many disputes, the R&R dismissed Samsung's arguments as premised on claim construction issues that are premature at this stage. But none of Samsung's arguments were premised on claim construction. *See, e.g.*, *supra* §§ (III)(A)(1)(b), (III)(A)(3)(b). And the R&R found that several of Headwater's allegations were adequate, but provided insufficient or no reasoning supporting those findings.

Accordingly, the Court should reject the R&R and grant Samsung's motion to dismiss.

**II.     LEGAL STANDARD**

A district judge "must consider timely objections [to a magistrate judge's report and recommendation] and modify or set aside any part of that order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1).

1

## III. ARGUMENT

### A. *The R&R Erred In Holding That Samsung's Arguments Are Based On Claim Construction*

The R&R erred by (a) improperly dismissing Samsung's arguments as claim construction-based or (b) allowing Headwater to proceed based only on "exemplary charting." Samsung's arguments are not premised on claim construction arguments; Samsung simply identified claimed elements that Headwater failed to allege. The overarching problem is that the FAC fails to identify *what* is being accused as meeting various claim limitations. Further, characterizing Headwater's allegations as "exemplary charting" is inaccurate and unsupported by the caselaw on which the R&R relies.

#### 1. The '733 Patent

(a) **"control-plane communications"**

Samsung argued that the FAC fails to allege that "Firebase messaging servers" provide "control-plane communications." Dkt. 40 at 6-7. While alleging that various other accused functionalities, such as "Samsung's Knox MDM platform, Knox Manage servers and Tizen servers," are "all examples of servers which provide control plane communications," Headwater did not make similar allegations for the Firebase messaging servers. *See* Dkt. 31-4 at 12-13.

The R&R erred in rejecting Samsung's arguments as "a disagreement as to application of the claims to the accused products which are appropriate for the claim construction and summary judgment stage." R&R at 4. Under the plain language of the claims, Headwater must allege that the accused functionalities include a "service control link" and that the "service control link" is configured to provide a "control-plane communications." No claim construction is required to reach this conclusion, and the R&R does not provide any explanation to the contrary. *See Ortiz & Assocs. Consulting, LLC v. Ricoh USA, Inc.*, No. 6:21-CV-01178-ADA, 2023 WL 2904583, at *4

(W.D. Tex. Apr. 11, 2023) ("Because no claim construction is required to determine that Ortiz fails to plausibly suggest the accused product meets each limitation of the asserted claim, Ortiz has failed to plead a cause of action and its claims should be dismissed."). Headwater simply omitted this element from its allegations.

The R&R also erred in rejecting Samsung's argument on the basis that Headwater's claim chart purportedly "engage[s] in permissible exemplary charting." R&R at 4. The FAC does not state that its infringement allegations against the other accused functionalities are representative of its theory against Firebase messaging servers. Indeed, the FAC is silent about how Firebase messaging servers allegedly provide "control-plane communications." The R&R improperly assumes they are representative. The R&R's reliance on *Chapterhouse, LLC v. Shopify, Inc.,* 2018 WL 6981828, at *2 (E.D. Tex. 2018), is misplaced because *Chapterhouse* addressed the sufficiency of charting an exemplary *claim*, not charting exemplary *products*.

    (b) **"service device link agent" and "service control server link element"**

The R&R likewise erred in finding that Samsung's argument regarding the "service device link agent" and "service control server link element" limitations is a claim construction dispute "not appropriate at this stage." R&R at 5. Claim 1 of the '733 patent requires a "service control device link agent" configured to receive, from a "service control server link element," an "encrypted agent message" and requires decryption of the message using an "encrypted key" "shared between" the "service control device link agent" and "service control server link element." Dkt. 1-1 ('733 patent) at 163:60-164:2 (limitations 1[c]-[e]). These are express claim limitations,

and Headwater must prove that all are present in an accused device for it to infringe, regardless of claim construction.

The R&R states that Headwater's "examples" that purportedly "address the 'encryption key' limitation" highlight that Samsung's arguments are based on claim construction. R&R at 5. Not so. "[A] party may not rely on vague, conclusory language or simply mimic the language of the claims." *Glob. Sessions LP v. Travelocity.com LP*, No. 6:10-cv-671-LED-JDL, 2012 WL 1903903, at *2 (E.D. Tex. May 25, 2012). This is exactly what Headwater's "examples" do: they merely parrot the claim language. *See, e.g.*, Dkt. 31-4 at 24 ("Samsung Galaxy phones and tablets include memory that stores an encryption key that is shared between the agent and the network system"), *see also id.* at 29, 33. The R&R erred in giving undue weight to these "[t]hreadbare recitals." *See Ashcroft v. Iqbal*, 556 U.S. 662 at 678 (2009).

### 2. The '192 Patent

#### (a) "secure message link"

The R&R also erred in trivializing Samsung's arguments as merely relating to naming conventions. R&R at 5. The FAC asserts that a "secure message link" exists between servers and devices in the Knox, Tizen, and Firebase "ecosystems" without specifically identifying what that link is—much less explaining how it is allegedly "secure." *See* Dkt. 42 at 6. While the FAC reproduces screenshots associated with Samsung's Tizen and Knox (and none associated with Firebase messaging), the surrounding prose merely repeats claim language. *See* Dkt. 31-6 at 4-11 (referencing "software components," "secure message link," "service control link"). Samsung thus lacks notice as to what actually is accused.

The R&R's prediction that "discovery will likely rectify Samsung's perceived deficiency" has not panned out. *See* R&R at 6. Seven months have passed since Samsung's motion to dismiss, and four months have passed since Samsung's production of code and technical documentation.

*See* L.P.R. 3-4(a). Yet the operative infringement contentions still shed no additional light. *See* Ex. 1 (2023-09-28 Inf. Cont. Ex. C) at 6-12. While Headwater purported[1] to serve supplemental infringement contentions, those continue to lack any specific identification of a "secure message link." *See* Ex. 2 (2023-12-15 Inf. Cont. '192 patent) at 6-13.

(b) **"network element messages comprising respective message content and requests for delivery of the respective message content"**

The R&R provides no analysis supporting its finding that this limitation has been sufficiently pled. R&R at 6. Instead, it merely asserts this is so based on its "review of the claim charts" and its notice that Samsung's reply in support of the motion to dismiss did not address this limitation. *See id.* But Headwater's opposition to Samsung's motion confirms that the FAC identifies no specific "messages"; it baldly asserts that certain servers receive "messages" that "comprise content and delivery requests," parroting claim language without identifying what those messages *are*. *See* Dkt. 42 at 6-8.

(c) **"transport services stack"**

The R&R erred in finding that the FAC provides adequate notice of what is being accused of infringing the required "transport services stack" limitation. R&R at 6. The R&R notes that the FAC references "specific software . . . which receives, decrptys [sic] and decodes, interprets, and executes commands or messages from other elements in the system." *Id.* (citing Dkt. 31-6 at 60). But computing devices like servers run software that perform myriad functions. Alleging that these products have "software" or "communication software" that perform miscellaneous generic functions common to servers (e.g. "receiving" versus "decoding" versus "executing"

---

[1] Headwater failed to seek leave to serve these contentions, as required by L.P.R. 3-6(b)), so they are not operative under the Court's Rules.

5

messages) conceals what specifically is accused of constituting the claimed "transport services stack."[2]

### 3. The '117 Patent

#### (a) Firebase Cloud Messaging ("FCM") Functionality

Claim 1 recites a "device messaging agent" that receives "Internet data messages" from a "network messaging server." While the FAC identifies "the FCM client app" as the "device messaging agent," it fails to identify a corresponding "network message server" from which the accused FCM client app receives "Internet data messages." Dkt. 31-5 at 4-18. As a result, even if the FCM client app constituted a "device messaging agent," Headwater's infringement allegations are incomplete and do not provide the required notice. The R&R erred in dismissing Samsung's arguments as "claim construction arguments." R&R at 8. This is clear error, because the claim's plain language requires a "device messaging agent" receiving messages from a "network messaging server."

#### (b) "secure Internet data connections"

The R&R erred in dismissing Samsung's argument regarding the "secure Internet data connections" limitations as premature claim construction. R&R at 8. The "Internet data connections" being "secure" is an express limitation of claim 1. Whether this limitation, as interpreted by Headwater, can read onto the accused products depends on what Headwater contends *are* these connections. Yet the FAC fails to do this and instead alleges that this limitation is met through unidentified encryption done "per Samsung's requirements" and messages that

---

[2] Headwater's purported supplemental infringement contentions further confirm this ambiguity by adding for the first time that "hardware . . . responsible for communicating data" is also accused. *See supra* n. 1; *see* Ex. 2 (2023-12-15 Inf. Cont. '192 patent) at 58.

"may be encrypted." Dkt. 31-5 at 30-31. Neither statement identifies what is being accused as "secure Internet data connections."

### (c) "a secure interprocess communication service"

The R&R further erred in finding that Samsung's position regarding "a secure interprocess communication service" limitation is a claim construction argument "based on contested readings of the claim language." R&R at 8. As with the preceding limitation, the problem is that the FAC fails to identify *what* is being accused as the relevant limitation (here, "a secure interprocess communication service"). *See* Dkt. 40 at 12; Dkt. 43 at 3. Claim construction is thus not relevant to the adequacy of the complaint.

### B. *The R&R Erred By Failing To Provide Sufficient Analysis Or Explanation*

The R&R erred by failing to explain why it rejected Samsung's arguments. For the '117 patent, Headwater's position that "Samsung push messaging servers" include "Firebase messaging servers" contradicts its admission that Firebase messaging servers are Google's servers, not Samsung's. Dkt. 43 at 2. Samsung also explained that such an allegation would be self-defeating because Headwater does not allege any facts to show that Samsung controls or directs the Google servers. *Id*; *see Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1287 (Fed. Cir. 2011); *Chapterhouse*, 2018 WL 6981828, at *4.

The R&R dismissed this argument without any explanation, simply stating that the Court is not "convinced that the Amended Complaint engages in improper vicarious liability assertions for a single limitation such that dismissal would be proper at this time." R&R at 8. This conclusory finding was clearly erroneous. "[V]icarious liability arises when one party controls or directs the actions of another to perform *one or more* steps of the method." *Centillion Data Sys.*, 631 F.3d at 1287. Headwater's failure to allege vicarious liability, regardless of whether it is for a "single limitation" or many limitations, is thus fatal to Headwater's infringement theory.

7

For the '733 patent, Samsung argued that the FAC lumps together allegations for the "control-plane communications" and "service control server link elements" limitations in one conclusory statement. Dkt. 31-4 at 13 (Knox and Tizen servers provide "control-plane communications" and are "service control server link elements" "because they control, manage, and apply service policies to user devices to which they are connected"). The R&R rejected this argument, summarily stating that "[t]he Court is not convinced that Samsung is devoid of notice as they rely on Plaintiff's identification of functionality to argue that distinct limitations cannot be met by the same functionality." R&R at 4. The problem with Headwater's allegation, however, is that it prevents Samsung from discerning Headwater's basis for each limitation. That Headwater identified a particular functionality for both limitations does not remedy this defect.

## IV.   CONCLUSION

Samsung respectfully asks that the Court grant Samsung's motion to dismiss.

Dated: March 19, 2024            Respectfully submitted,

By:    /s/ *Jonathan B. Bright*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice* forthcoming)
DC Bar No. 1034255
hartzman@fr.com
Joshua Carrigan (*pro hac vice* forthcoming)
VA Bar No. 96911
carrigan@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice* forthcoming)
GA Bar No. 512272
lake@fr.com
Vivian C. Keller (admitted *pro hac vice*)
GA Bar No. 651500
keller@fr.com
Noah C. Graubart
GA Bar No. 141862
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry Lee Gillam , Jr
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Lance Lin Yang
Lanceyang@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP – LA**
Los Angeles, CA 90017 USA
Tel: (213) 443-3000
Fax: (213) 443-3100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com

10

        Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 19, 2024. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                                      */s/ Jonathan B. Bright*
                                                       Jonathan B. Bright