PUBLIC VERSION

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 4:23-CV-00103-JRG-RSP |

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO
AMEND INVALIDITY CONTENTIONS**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Defendants" or "Samsung") seek leave, per Local Patent Rule 3-6(b), to amend their Invalidity Contentions for good cause. This is Samsung's first request to amend its Invalidity Contentions, and Headwater Research LLC ("Plaintiff" or "Headwater") does not oppose this request.

The amendments to Samsung's contentions relate to two categories of prior art. First, Samsung's proposed amended contentions provide further detail and support regarding the Google Message Delivery prior art system (the "Google Message Delivery Prior Art") disclosed in Samsung's original Invalidity Contentions served on November 30, 2023. This additional detail and support comes from information and source code recently produced in response to Samsung's subpoena to third-party Google, which Samsung served shortly after fact discovery opened.

Second, Samsung's proposed amended contentions include OpenWave's Mobile Access Gateways prior art system (the "OpenWave Prior Art"). The OpenWave Prior Art was also disclosed in Samsung's original Invalidity Contentions: Samsung expressly referenced "OpenWave Devices" as a prior art system of interest and charted a patent application by

OpenWave. Samsung obtained a technical production of non-public materials regarding the OpenWave Prior Art in response to Samsung's subpoena to third-party OpenWave, which Samsung served also shortly after fact discovery opened.

Samsung therefore respectfully submits that good cause exists under P.R. 3-6(b) to grant it leave to amend its Invalidity Contentions and Exhibits A-07, B-07, and C-07 thereto and to add Exhibits A-18, B-18, and C-18 thereto.

I.    ARGUMENT

A party may amend or supplement invalidity contentions "by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). Courts in this district generally consider the following factors when determining good cause: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Garrity Power Servs. LLC v. Samsung Elecs. Co. Ltd. et al.*, No. 2:20-CV-269-JRG, 2021 WL 4894262, at *1 (E.D. Tex. Oct. 19, 2021) (citing *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015)). Good cause exists here, as all factors favor amendment.

Good cause exists for Samsung to amend its Invalidity Contentions because: Samsung was diligent in discovering the additional evidence and seeking to amend its Invalidity Contentions to reflect the additional discovered evidence; the Google Message Delivery Prior Art and the OpenWave Prior Art are both important to Samsung's invalidity case; and the time passed is minor and will not affect the case schedule or prejudice Headwater. *See, e.g., Netsocket Inc. v. Cisco Sys., Inc.*, No. 2:22-CV-172-JRG, Dkt. No. 68 (E.D. Tex. June 21, 2023) (granting defendant's unopposed motion for leave to amend invalidity contentions where the amended contentions added a claim chart based on two previously disclosed references); *Orckit Corp. v. Cisco Sys., Inc.*, No.

2:22-CV-276-JRG, Dkt. No. 61 (E.D. Tex. Apr. 13, 2023) (granting defendant's unopposed motion for leave to amend invalidity contentions "to include prior art documents recently received from third-party subpoenas"); *Garrity Power Servs. LLC*, No. 2:20-CV-269-JRG, 2021 WL 4894262, at *1 (granting defendants' motion for leave to amend invalidity contentions where amended contentions did not add new prior art—only newly discovered evidence).

### A. Samsung Acted Diligently and in Good Faith

Samsung diligently pursued via discovery the material it now seeks to incorporate into its Invalidity Contentions via amendment, all the while keeping Headwater updated on its intent to supplement and its third-party subpoena efforts.

Samsung served third-party subpoenas to obtain prior art documentation—including documentation describing the Google Message Delivery Prior Art and OpenWave Prior Art systems shortly after fact discovery opened and before Samsung's Invalidity Contentions were due under P.R. 3-3.[1]  *See* Dkt. Nos. 54, 57, 58 (Docket Control Order, Discovery Order, Protective Order filed October 27, 2023); Ex. A (Google Subpoena); Ex. B (OpenWave Subpoena).  Even though Google and OpenWave did not produce the requested information until after Samsung timely served its original Invalidity Contentions on November 30, 2023, Samsung put Headwater on early notice of its intent to rely on these systems.  Samsung's original Contentions expressly identified—and charted—the Google Message Delivery Prior Art system as § 102 and § 103 prior art to the extent possible based on public information.  Similarly, Samsung referenced "OpenWave

---

[1] In fact, Samsung subpoenaed OpenWave just five weeks after Headwater served its initial Infringement Contentions and seven weeks before Headwater served its First Amended Infringement Contentions, and Samsung subpoenaed Google just nine weeks after Headwater served its initial Infringement Contentions and three weeks before Headwater served its First Amended Infringement Contentions.  Consistent with Fed. R. Civ. P. 45(a)(4), Samsung served notices of the subpoenas to Headwater, so Headwater was on notice of the additional information that Samsung was seeking from Google and OpenWave.

Devices" as a prior art system of interest and charted an OpenWave published patent application to "Wills" as prior art, which led Samsung to seek additional information from OpenWave via subpoena. *See* Ex. C (Excerpts from Samsung's original Invalidity Contentions) at 27, 38. In addition, Samsung's original invalidity contention charts specifically noted that Samsung expected to seek leave to supplement in view of "information obtained during discovery as the case progresses." Samsung's original contentions further "reserve[d] the right to supplement these Contentions if it becomes aware of additional prior art . . . or becomes aware of any other relevant information through discovery, including non-party discovery." *Id.* at 3.

After diligently pursuing the requested discovery from OpenWave, Samsung received an initial document production on December 12, 2023, after which Samsung: promptly relayed the production to Headwater on December 14, 2023 and supplemented its interrogatory responses on January 12, 2024 to identify the documents and notify Headwater that it planned to further supplement its contentions based on forthcoming subpoenaed documents. Ex. D at Samsung's 2nd Suppl. Response to Headwater Rog. 1. Samsung followed this interrogatory supplement with an email to Headwater's counsel, stating that Samsung planned to supplement its Invalidity Contentions with respect to prior art obtained from OpenWave. Ex. E (1/12/2024 Email fr. Bright to Headwater).

Similarly, after Samsung diligently pursued the requested discovery from Google, Google began producing source code on February 1, 2024. In light of Google's production, Samsung discovered additional information regarding Google Message Delivery Prior Art. Samsung supplemented its interrogatory responses a few days later, on February 6, 2024, to identify Google's production and notify Headwater that it planned to supplement its invalidity contentions based on Google's currently produced and potentially forthcoming documents. Ex. D at

4

Samsung's 2nd Suppl. Response to Headwater Rog. 1. Samsung followed this interrogatory supplement with an email to Headwater's counsel, again notifying Headwater that Samsung expected to supplement its Invalidity Contentions. Ex. F (2/12/2024 Email fr. Crisler to Headwater).

On February 23, 2024, Samsung notified Headwater of its intent to seek leave to amend its Invalidity Contentions, and asked if Headwater would oppose. *See* Ex. G (2/23/2024 Email fr. Bright to Headwater). Samsung subsequently provided Headwater with its revised contentions (two charts for each Asserted Patent and a revised cover pleading). *See* Ex. H (Samsung's Amended Invalidity Contentions Cover Pleading and Representative Claim Charts). Headwater stated that it would not oppose Samsung's motion via an email sent on March 14, 2024. *See* Ex. I (3/14/2024 Email fr. Wieholter to Bright). Samsung prepared and filed this motion thereafter.

### B. The Proposed Amendments Are Important

Samsung's proposed amendments are important to Samsung's invalidity case. Samsung expects to rely on the Google Message Delivery Prior Art and the OpenWave Prior Art for its invalidity defenses at trial. The proposed amended Invalidity Contentions and attached claim charts help explain and clarify for the jury how these prior systems—one of which was expressly disclosed in Samsung's original Invalidity Contentions—anticipate and/or render obvious the Asserted Patents' alleged inventions. *See Garrity Power,* No. 2:20-CV-269-JRG, 2021 WL 4894262, at *2 ("Defendants acknowledged the importance of the prior art by disclosing it in their initial contentions and expending efforts to locate the Fulton System to supplement its contentions[.]"). Further, the Google Message Delivery Prior Art and the OpenWave Prior Art may become paramount to Samsung's invalidity defense. These system references are not only strong on their merits, but they are also not subject to estoppel under 35 U.S.C. § 315(e) and thus

5

will remain in the case regardless of the resolution of Samsung's pending inter partes review ("IPR") petitions.[2]

### C.   Headwater Will Not be Prejudiced; No Continuance is Required

The proposed amendments will not prejudice Headwater, nor will they necessitate a continuance or any other schedule changes.

As to the Google Message Delivery Prior Art, the amended cover pleading and claim charts merely provide further detail and support for the Google Message Delivery Prior Art that Samsung already disclosed in its original Invalidity Contentions, and, as to the OpenWave Prior Art, the amended cover pleading and claim charts expand upon systems related to the Wills prior art reference Samsung already disclosed in its original Invalidity Contentions. *See Garrity Power*, No. 2:20-CV-269-JRG, 2021 WL 4894262, at *3 ("The fact that Plaintiff would have to respond to invalidity theories" included in "Defendants' timely original invalidity contentions—which were well before *Markman*[,]" "was already baked into this situation."); *see also Seven Networks, LLC v. Google LLC*, No. 2:17-CV-00442-JRG, 2018 WL 3327927, at *3 (E.D. Tex. July 6, 2018) ("Given that the prior art will be in the case regardless, and SEVEN will have accounted for its teachings in developing its claim construction positions, the Court finds that there is minimal prejudice."). Headwater has been on notice of Samsung's reliance on the Google Message Delivery Prior Art and the OpenWave Prior Art for months, and it has been kept apprised of Samsung's collection efforts and forthcoming amendments. *See* Ex. D at Samsung's 2nd Suppl. Response to Headwater Rog. 1.

Moreover, Headwater has stated that it does not oppose Samsung obtaining leave to amend its contentions. Further, the case is still in the early stages of fact discovery, the parties have not

---

[2] Samsung has so far filed four IPR petitions as to the three Asserted Patents, and no final written decision has been issued.

yet exchanged proposed constructions for claim terms, and the *Markman* hearing is not until July 11, 2024. Thus, the Court's schedule will not need to be adjusted if leave to supplement is granted. *See Seven Networks, LLC*, 2018 WL 3327927, at *3; *see also Uniloc 2017 LLC v. Google LLC*, No. 2:18-CV-00493-JRG-RSP, 2019 WL 6465318, at *2 (E.D. Tex. Dec. 2, 2019).

## II.     CONCLUSION

For the reasons set forth herein and for any others that may appear to the Court, Samsung respectfully requests that the Court grant its Unopposed Motion for Leave to Amend Invalidity Contentions.

Dated: March 28, 2024                                              Respectfully submitted,

                                                     By:   */s/ Noah C. Graubart*
                                                          Ruffin B. Cordell
                                                          TX Bar No. 04820550
                                                          Michael J. McKeon
                                                          DC Bar No. 459780
                                                          mckeon@fr.com
                                                          Jared Hartzman (*pro hac vice forthcoming*)
                                                          DC Bar No. 1034255
                                                          hartzman@fr.com
                                                          Joshua Carrigan (*pro hac vice forthcoming*)
                                                          VA Bar No. 96911
                                                          carrigan@fr.com
                                                          FISH & RICHARDSON P.C.
                                                          1000 Maine Avenue, SW, Ste 1000
                                                          Washington, D.C. 20024
                                                          Telephone: (202) 783-5070
                                                          Facsimile: (202) 783-2331

                                                          Thad C. Kodish
                                                          GA Bar No. 427603
                                                          tkodish@fr.com

Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice forthcoming*)
GA Bar No. 512272
lake@fr.com
Vivian C. Keller (admitted *pro hac vice*)
GA Bar No. 651500
keller@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones

8

State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
POTTER MINTON, P.C.
102 N. College Ave., Suite 900
Tyler, Texas  75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Lance Lin Yang
QUINN EMANUEL URQUHART & SULLIVAN, LLP - LA
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017 USA
213/443-3000 Fax: 213/443-3100
Email:Lanceyang@quinnemanuel.Com

Jon Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
HILGERS GRABEN PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097


*Attorneys for Defendants
Samsung Electronics Co., Ltd. and
Samsung Electronics America, Inc.*

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff and counsel for Defendants have met and conferred in compliance with Local Rule CV-7(h). Plaintiff does not oppose this motion.

By  */s/ Noah C. Graubart*
     Noah C. Graubart

## CERTIFICATE OF SERVICE

I hereby certifies that a true and correct copy of the above and foregoing document has been sent to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

By  */s/ Noah C. Graubart*
     Noah C. Graubart

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

By  */s/ Noah C. Graubart*
     Noah C. Graubart

10