# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff,*<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.<br><br>*Defendants.* | Case No. 2:23-CV-00103-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG ELECTRONICS CO. LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S P.R. 3-3 AND 3-4 INVALIDITY AND PATENT INELIGIBILITY CONTENTIONS**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Defendants" or "Samsung") hereby provide the following Preliminary Invalidity Contentions ("Contentions") to Plaintiff Headwater Research LLC ("Plaintiff" or "Headwater") for U.S. Patent Nos. 8,406,733 ("the '733 patent"), 9,198,117 ("the '117 patent"), and 9,615,192 ("the '192 patent") (collectively, the "Asserted Patents").

**I.   PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**

In its Infringement Contentions dated September 23, 2023, Headwater asserted the following 49 claims[1] (the "Asserted Claims"):

- Claims 1-5, 7-14, 19, 21-24, 26, 29, 30 of the '733 patent;

- Claims 1, 2, 4-6, 9-14, 16-18 of the '117 patent;

---

[1] Although Headwater's infringement contentions originally identified claim 6 of the '733 patent as asserted, Headwater provided no claim chart for this claim and, on October 31, 2023, confirmed that this claim was not asserted.

cited references) and their related patents and applications, and forthcoming fact and expert testimony to provide context to aid in understanding the prior art reference and/or the cited portions of the references. Where Samsung cites to a particular figure in a reference, the citation encompasses the caption and description of the figure and any text relating to or discussing the figure. Likewise, where Samsung cites text referring to a figure, the citation includes the figure as well (and vice versa).

A.  **Prior Art Under 35 U.S.C. § 102**

Samsung contends that at least the primary prior art references (Exs. -01 through -17) identified below, by themselves, anticipate one or more of the Asserted Claims:

| Exhibits | Primary References and/or Systems |
|---|---|
| A-01, B-01, C-01 | Houghton |
| A-02, B-02, C-02 | MMS |
| A-03, B-03, C-03 | Amp'd |
| A-04, B-04, C-04 | Apple Devices and Systems |
| A-05, B-05, C-05 | BlackBerry Devices and Systems |
| A-06, B-06, C-06 | Chickering |
| A-07, B-07, C-07 | Google Message Delivery Systems |
| A-08, B-08, C-08 | Herzog |
| A-09, B-09, C-09 | Kalibjian |
| A-10, B-10, C-10 | Lee |
| A-11, B-11, C-11 | Munson |
| A-12, B-12, C-12 | Shell |
| A-13, B-13, C-13 | Microsoft Devices and Systems |
| A-14, B-14, C-14 | Wills |

and MMS (Multimedia Messaging Service) are the most common forms of "push" messaging in the mobile industry."); TS-23.140 at 162; Herzog at Abstract; Wills at [0003]-[0013]; ; *see also* Exs. A-01 through C-17; Exs. A-A through C-C.

One of skill in the art would also have been motivated to combine the different publications and patents that were authored by employees of a given company or assigned to the same assignee and/or related to the same subject matter. Additionally, one of skill in the art would have been motivated to combine different references that were authored, developed, or invented by the same individual(s) related to the same subject matter. The common inventor/author/architect of the references demonstrate that they relate to continued work in a common field of effort and continued related developments in that field. One of skill in the art would, therefore, combine the references related to each individual. Additionally, based on the teachings of the references and/or the knowledge of one of ordinary skill, one of skill in the art would have been motivated to combine different references from the same company. For example, a POSITA would have been motivated to combine prior art systems or products (e.g., Apple Applications/Services (e.g., Apple Push Notifications), BlackBerry Devices, Microsoft Applications/Services/APIs, Nokia Devices with ProcessOne, and Openwave Devices) with any related or applicable patent or non-patent documentation or literature relating to that system or owned by the same entity, including for the reason that these materials are related.

Further, below are additional motivations to combine prior art for particular claim limitations. The following discussions of specific claim limitations are merely examples and are not limiting. For example, where a POSITA would have been motivated to combine references which together render obvious limitations from the independent claims, a POSITA would have also been motivated to combine said references in such a way as to render obvious various asserted