**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff,*<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.<br><br>*Defendants.* | Case No. 2:23-CV-00103-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS
AMERICA, INC.'S ANSWER AND DEFENSES TO PLAINTIFF HEADWATER
RESEARCH LLC'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc.

("SEA") (collectively "Defendants" or "Samsung") respectfully submit this Answer to Headwater

Research LLC's ("Headwater") First Amended Complaint for Patent Infringement ("Complaint")

filed on July 24, 2023.  Samsung denies the allegations and characterizations in Headwater's

Complaint unless expressly admitted in the following paragraphs, which correspond to the

numbered paragraphs in the Complaint.

**BACKGROUND[1]**

1.      Samsung admits that Headwater purports to bring a patent infringement action for

alleged infringement of United States Patent Nos. 8,406,733 ("the '733 Patent"), 9,198,117 ("the

---

[1] Samsung repeats the headings set forth in the Complaint to simplify comparison of the Complaint
and this response.  In doing so, Samsung makes no admissions regarding the substance of the
headings or any other allegations of the Complaint.  Unless otherwise stated, to the extent that a
particular heading can be construed as an allegation, Samsung specifically denies all such
allegations.

'117 Patent"), and 9,615,192 ("the '192 Patent") (collectively, the "Asserted Patents").  Samsung denies any remaining allegations contained in Paragraph 1 of the Complaint.

2.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint and therefore denies them.

3.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint and therefore denies them.

4.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint and therefore denies them.

5.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint and therefore denies them.

6.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint and therefore denies them.

7.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint and therefore denies them.

8.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint and therefore denies them.

9.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint and therefore denies them.

10.      Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint and therefore denies them.

11.      To the extent Paragraph 11 recites and implicates legal conclusions, no response is required.  Samsung admits that certain mobile devices can be used for communication and

entertainment and can exchange data via wireless and cellular networks.  Samsung denies any remaining allegations.

12.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint and therefore denies them.

13.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint and therefore denies them.

14.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint and therefore denies them.

15.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint and therefore denies them.

## NOTICE OF THE ASSERTED PATENTS

16.     To the extent that Paragraph 16 alleges the Asserted Patents are valid, Samsung denies any such allegation.  Samsung is without knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 16 of the Complaint and therefore denies them.

17.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint and therefore denies them.

18.     To the extent that Paragraph 18 alleges the Asserted Patents are valid, Samsung denies any such allegation.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18 of the Complaint and therefore denies them.

19.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint and therefore denies them.

20.    Samsung admits that between 2013-2016, SEA worked with Sprint.  Samsung further admits that in instances during 2013-2016, SEA interacted with ItsOn in relation to SEA's work with Sprint.  Samsung is without knowledge or information sufficient to form a belief about the allegations concerning work between Sprint and ItsOn and on that basis denies them.  To the extent that Paragraph 20 alleges the Asserted Patents are valid, Samsung denies any such allegation.  Samsung denies the remaining allegations in Paragraph 20 of the Complaint.

21.    Samsung admits that certain ItsOn software was installed on certain end user Samsung wireless devices sold by Sprint.  To the extent that Paragraph 21 alleges the Asserted Patents are valid, Samsung denies any such allegation.  Samsung denies the remaining allegations.

22.    Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint and therefore denies them.

23.    Samsung admits that in instances, SEA employees interacted with ItsOn employees concerning bugs in ItsOn technology.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 23 of the Complaint and therefore denies them.

24.    Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint and therefore denies them.

25.    Samsung admits that in instances, SEA employees interacted with ItsOn employees concerning bugs in ItsOn technology.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25 of the Complaint and therefore denies them.

26.    To the extent that Paragraph 26 alleges the Asserted Patents are valid, Samsung denies any such allegation.  Samsung is without knowledge or information sufficient to form a

belief about the truth of the remaining allegations in Paragraph 26 of the Complaint and therefore denies them.

27.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint and therefore denies them.

28.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint and therefore denies them.

29.     To the extent paragraph 29 is purely argumentative and/or asserts legal conclusions, no response is required.  Samsung denies any remaining allegations.

30.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint and therefore denies them.

31.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint and therefore denies them.

32.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint and therefore denies them.

33.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint and therefore denies them.

34.     To the extent that Paragraph 34 alleges the Asserted Patents are valid, Samsung denies any such allegation.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 34 of the Complaint and therefore denies them.

35.     To the extent that Paragraph 35 alleges the Asserted Patents are valid, Samsung denies any such allegation.  Samsung is without knowledge or information sufficient to form a

belief about the truth of the remaining allegations in Paragraph 35 of the Complaint and therefore denies them.

36.     Samsung admits that it has released various devices since 2016 having beneficial features.  Samsung denies all remaining allegations in Paragraph 36 of the Complaint.

## PLAINTIFF HEADWATER AND THE PATENTS-IN-SUIT

37.     Samsung is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint and therefore denies them.

38.     Samsung admits that Headwater purports to be the owner of U.S. Patent No. 8,406,733.  Samsung admits that a purported copy of the '733 Patent is attached to the Complaint as Exhibit 1.  Samsung admits that Exhibit 1 bears the title "Automated device provisioning and activation" and a "Date of Patent" of March 26, 2013.  Samsung denies any remaining allegations in Paragraph 38 of the Complaint.

39.     Samsung admits that Headwater purports to be the owner of U.S. Patent No. 9,198,117.  Samsung admits that a purported copy of the '117 Patent is attached to the Complaint as Exhibit 2.  Samsung admits that Exhibit 2 bears the title "Network system with common secure wireless message service serving multiple applications on multiple wireless devices" and a "Date of Patent" of November 24, 2015.  Samsung denies any remaining allegations in Paragraph 39 of the Complaint.

40.     Samsung admits that Headwater purports to be the owner of U.S. Patent No. 9,615,192.  Samsung admits that a purported copy of the '192 Patent is attached to the Complaint as Exhibit 3.  Samsung admits that Exhibit 3 bears the title "Message link server with plural message delivery triggers" and a "Date of Patent" of April 4, 2017.  Samsung denies any remaining allegations in Paragraph 40 of the Complaint.

## DEFENDANTS AND THE ACCUSED INSTRUMENTALITIES

41.     Samsung admits that SEC is a corporation organized under the laws of the Republic of Korea with its principal place of business at 129 Samsung-Ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, Republic of Korea. Samsung denies any remaining allegations in Paragraph 41 of the Complaint.

42.     Samsung admits that SEA is a corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung admits that SEA is a wholly owned subsidiary of SEC. Samsung admits that SEA distributes certain Samsung consumer electronics products in the United States. Samsung denies any remaining allegations in Paragraph 42 of the Complaint.

43.     The allegations of Paragraph 43 of the Complaint relate solely to assertions related to Samsung Display Co., Ltd. ("SDC"). Because SDC was dismissed from this action (*see* Dkt. Nos. 22, 25), no response is required.[2]

44.     Samsung admits that SEA has corporate offices at 6625 Excellence Way, Plano, Texas 75023. Samsung denies that SEA has corporate offices at 1303 East Lookout Drive, Richardson, Texas 75082 and 2800 Technology Drive, Suite 200, Plano, Texas 75074. Samsung admits that SEA may be served through CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Samsung denies any remaining allegations in Paragraph 44 of the Complaint.

45.     Samsung admits that Headwater, through its Complaint, accuses various Samsung mobile electronic devices, as well as Samsung wearables and televisions, of allegedly infringing

---

[2] This qualification applies to each and every allegation in the Complaint that at least arguably implicates SDC.

the Asserted Patents.  Samsung denies any alleged infringement.  Samsung denies the remaining allegations in Paragraph 45 of the Complaint.

46.     To the extent Paragraph 46 recites allegations relating to SDC, no response is required because SDC was dismissed from this action.  Samsung admits that SEA is a wholly owned subsidiary of SEC.  Samsung admits that SEA distributes certain Samsung consumer electronics products in the United States.  Samsung denies any alleged infringement.  Samsung denies the remaining allegations in Paragraph 46 of the Complaint.

<u>**JURISDICTION AND VENUE**</u>

47.     Samsung admits that the Complaint purports to set forth a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Samsung denies any allegations of infringement.

48.     Samsung admits that this Court has subject matter jurisdiction over actions for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).  Samsung denies that Headwater is entitled to any relief for its allegations of patent infringement, whether by award of damages, injunction, or otherwise.  Samsung denies any allegations of infringement.

49.     Samsung does not contest, solely for the purpose of the present litigation, whether personal jurisdiction properly lies in this District.  SEA admits that it engages in offering and selling certain products to customers in Texas.  However, Samsung denies that it has committed acts of infringement in the Eastern District of Texas or elsewhere, or that it has committed any act, directly or indirectly, that would give rise to any cause of action under the Complaint.  Samsung denies any remaining allegations in Paragraph 49 of the Complaint.

50.     SEA admits that it engages in offering and selling certain products to customers in Texas.  However, Samsung denies that it has committed acts of infringement in the Eastern District

of Texas or elsewhere, or that it has committed any act, directly or indirectly, that would give rise to any cause of action under the Complaint.   Samsung denies any remaining allegations in Paragraph 50 of the Complaint.

51.     Samsung does not contest, solely for the purposes of the present action, whether venue over them properly lies in this District.  However, Samsung denies that venue in this District is convenient.   Samsung denies that it has committed acts of infringement in this District or elsewhere in the State of Texas, or that it has committed any act, directly or indirectly, that would give rise to any cause of action under the Complaint in Paragraph 51.

52.     Samsung admits that SEA has a place of business at 6625 Excellence Way, Plano, Texas 75023.  Samsung denies that it has regular and established places of business at 1303 East Lookout Drive, Richardson, Texas 75082 and 2800 Technology Drive, Suite 200, Plano, Texas 75074.  Samsung denies any remaining allegations in Paragraph 52 of the Complaint.

53.     Denied.

54.     To the extent Paragraph 54 recites allegations relating to SDC, no response is required because SDC was dismissed from this action.  Samsung admits that SEC is a foreign corporation and that for purposes of this action only, and without waiving any defense of improper venue in connection with any other cause of action or claim, Samsung admits that the Complaint's alleged venue as to SEC is proper under 28 U.S.C. §1391(c).  Samsung denies any remaining allegations in Paragraph 54 of the Complaint.

55.     Samsung admits that in certain prior cases, based on the specific and unique facts of those cases, Samsung has either admitted or not contested proper venue in this District. Samsung denies any suggestion that this is a convenient forum to resolve this dispute.  Samsung denies any remaining allegations in Paragraph 55 of the Complaint.

## COUNT 1 – CLAIM FOR INFRINGEMENT OF THE '733 PATENT

56.     Samsung incorporates by reference its responses in the preceding paragraphs as if fully stated herein.

57.     Samsung admits that Exhibit 1 bears the title "Automated device provisioning and activation" and a "Date of Patent" of March 26, 2013.  Samsung denies any remaining allegations in Paragraph 57 of the Complaint.

58.     Samsung admits that Headwater purports to be the owner of the '733 Patent.  Samsung denies any remaining allegations in Paragraph 58 of the Complaint.

59.     To the extent Paragraph 59 recites and implicates legal conclusions, no response is required.  Samsung denies all remaining allegations in Paragraph 59 of the Complaint.

60.     Samsung denies any alleged infringement and denies that Headwater is entitled to damages.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 60 of the Complaint and therefore denies them.

61.     Denied.

62.     Samsung admits that certain of its mobile phones and tablets, devices which include Samsung Knox functionality, and Tizen-based devices are used, imported, offered for sale, and/or sold in the United States.  Samsung denies all remaining allegations in Paragraph 62 of the Complaint.

63.     Samsung admits Headwater attaches an Exhibit 4 to its Complaint that purports to show alleged infringement of the '733 Patent.  Samsung denies any alleged infringement.  Samsung denies all remaining allegations in Paragraph 63 of the Complaint.

64.     Samsung admits that the '733 Patent is listed as a reference cited on at least one issued patent that identifies the applicant as Samsung Electronics Co. Ltd.  Samsung denies any alleged infringement.  Samsung denies all remaining allegations in Paragraph 64 of the Complaint.

65.    Denied.

66.    Denied.

67.    Samsung admits that certain of its mobile phones and tablets, devices which include Samsung Knox functionality, and Tizen-based devices are imported into and sold within the United States.  Samsung denies all remaining allegations in Paragraph 67 of the Complaint.

68.    Denied.

69.    Denied.

### COUNT 2 – CLAIM FOR INFRINGEMENT OF THE '117 PATENT

70.    Samsung incorporates by reference its responses in the preceding paragraphs as if fully stated herein.

71.    Samsung admits that Exhibit 2 bears the title "Network system with common secure wireless message service serving multiple applications on multiple wireless devices" and a "Date of Patent" of November 24, 2015.  Samsung denies any remaining allegations in Paragraph 71 of the Complaint.

72.    Samsung admits that Headwater purports to be the owner of the '117 Patent. Samsung denies any remaining allegations in Paragraph 72 of the Complaint.

73.    To the extent Paragraph 73 recites and implicates legal conclusions, no response is required.  Samsung denies all remaining allegations in Paragraph 73 of the Complaint.

74.    Samsung denies any alleged infringement and denies that Headwater is entitled to damages.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 74 of the Complaint and therefore denies them.

75.    Denied.

76.    Samsung admits that certain of its mobile phones and tablets, devices which include Samsung Knox functionality, and Tizen-based devices are used, imported, offered for sale, and/or

sold within the United States.  Samsung denies all remaining allegations in Paragraph 76 of the Complaint.

77.     Denied.

78.     Samsung admits Headwater attaches an Exhibit 5 to its Complaint that purports to show alleged infringement of the '117 Patent.  Samsung denies any alleged infringement. Samsung denies all remaining allegations in Paragraph 78 of the Complaint.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Samsung admits that certain of its mobile phones and tablets, devices which include Samsung Knox functionality, and Tizen-based devices are imported into and sold within the United States.  Samsung denies all remaining allegations in Paragraph 82 of the Complaint.

83.     Denied.

84.     Denied.

## COUNT 3 – CLAIM FOR INFRINGEMENT OF THE '192 PATENT

85.     Samsung incorporates by reference its responses in the preceding paragraphs as if fully stated herein.

86.     Samsung admits that Exhibit 3 bears the title "Message link server with plural message delivery triggers" and a "Date of Patent" of April 4, 2017.  Samsung denies any remaining allegations in Paragraph 86 of the Complaint.

87.     Samsung admits that Headwater purports to be the owner of the '192 Patent. Samsung denies any remaining allegations in Paragraph 87 of the Complaint.

88.     To the extent Paragraph 88 recites and implicates legal conclusions, no response is required.  Samsung denies all remaining allegations in Paragraph 88 of the Complaint.

89.     Samsung denies any alleged infringement and denies that Headwater is entitled to damages.  Samsung is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 89 of the Complaint and therefore denies them.

90.     Denied.

91.      To the extent Paragraph 91 recites and implicates legal conclusions, no response is required.  Samsung admits that Headwater purports to accuse "Samsung's push messaging servers (e.g., Samsung's Knox and Tizen servers)."   Samsung denies any remaining allegations in Paragraph 91 of the Complaint.

92.     Denied.

93.     Samsung admits Headwater attaches an Exhibit 6 to its Complaint that purports to show alleged infringement of the '192 Patent.   Samsung denies any alleged infringement. Samsung denies all remaining allegations in Paragraph 93 of the Complaint.

94.     Denied.

95.     Denied.

96.     Denied.

97.     To the extent Paragraph 97 recites and implicates legal conclusions, no response is required.  Samsung admits that Headwater purports to accuse "Samsung's push messaging servers (e.g., Samsung's Knox and Tizen servers)."   Samsung denies any remaining allegations in Paragraph 97 of the Complaint.

98.     Denied.

99.     Denied.

## JURY DEMAND

100.    Samsung is not required to provide a response to Headwater's request for a trial by jury.

## RELIEF REQUESTED

Samsung denies that Headwater is entitled to any relief it seeks in its Complaint.

## GENERAL DENIAL

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Samsung denies them.

****

## SAMSUNG'S ADDITIONAL DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Samsung, without waiver, limitation, or prejudice, hereby asserts the additional defenses listed below.  Samsung reserves the right to amend this Answer to add additional defenses, including allegations of inequitable conduct, and/or any other defenses currently unknown to Samsung, as they become known throughout the course of discovery in this action.  Assertion of a defense is not a concession that Samsung has the burden of proving the matter asserted.

## FIRST ADDITIONAL DEFENSE
### (Non-Infringement)

Samsung does not and has not infringed, under any theory of infringement, (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid and enforceable claim of the Asserted Patents, either literally or under the Doctrine of Equivalents, and has not committed any acts in violation of 35 U.S.C. § 271.

14

## SECOND ADDITIONAL DEFENSE
### (Invalidity)

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

One or more claims of the '733 Patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, et seq., including §§ 101, 102, 103, and/or 112.

One or more claims of the '117 Patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, et seq., including §§ 101, 102, 103, and/or 112.

One or more claims of the '192 Patent fails to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, et seq., including §§ 101, 102, 103, and/or 112.

## THIRD ADDITIONAL DEFENSE
### (Laches, Equitable Estoppel, Waiver, and/or Unclean Hands)

Headwater's attempted enforcement of the Asserted Patents against Samsung is barred by laches, equitable estoppel, waiver, acquiescence, and/or unclean hands.

## FOURTH ADDITIONAL DEFENSE
### (Prosecution History Estoppel and/or Disclaimer)

Headwater's claims are barred by the doctrine(s) of prosecution history estoppel and/or disclaimer based on statements, representations, and admissions made during prosecution of the patent applications resulting in the Asserted Patents.

## FIFTH ADDITIONAL DEFENSE
### (Notice, Damages, Marking, and Costs)

Headwater's claims for damages are statutorily limited or wholly barred under 35 U.S.C. §§ 286 and 287.

## SIXTH ADDITIONAL DEFENSE
### (Covenant Not to Sue, License, and/or Estoppel)

Headwater's claims are barred to the extent the alleged infringement is licensed, either expressly or impliedly, or otherwise authorized.  Moreover, Headwater's claims are barred because it entered an agreement providing Samsung the protection of a covenant not to sue, a license (express or implied), and/or agreement (contractual or otherwise) that legally estops Headwater from bringing this lawsuit against Samsung.

## SEVENTH ADDITIONAL DEFENSE
### (Failure to State a Claim)

Headwater's Complaint fails to state a claim upon which relief can be granted.

## EIGHTH ADDITIONAL DEFENSE
### (Inequitable Conduct / Infectious Unenforceability)

The Asserted Patents are unenforceable due to the doctrines of inequitable conduct and infectious unenforceability because the patent applicant(s) knowingly and intentionally failed to disclose known bases for invalidity under pre-AIA 35 U.S.C. § 102 and/or 103.  *See* Samsung's Amended Answer and Defenses to Plaintiff Headwater Research LLC's Second Amended Complaint for Patent Infringement in *Headwater Research LLC v. Samsung Electronics Co., Ltd, et al.*, No. 2:22-cv-00422-JRD-RSP, Dkt. No. 81 at 28-41 (E.D. Tex. Dec. 8, 2023) ("*Headwater I*"), a copy of which is attached hereto as Exhibit A.  As detailed in Exhibit A, at least a named inventor and prosecuting attorney committed inequitable conduct in connection with the prosecution of the asserted patents in *Headwater I* by knowingly and intentionally failing to disclose known bases for invalidity under pre-AIA 35 U.S.C. § 102 and/or § 103, with the intent

to deceive the patent office.  *Id*. at 28-41.  The same applies to the prosecution of the Asserted Patents in this case.

Moreover, the inequitable conduct in connection with the prosecution of the asserted patents in *Headwater I* renders the Asserted Patents in this case unenforceable under the doctrine of infectious unenforceability.  *See Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, No. 6:10-CV-379-LED-JDL, 2011 WL 13134896, at *6 (E.D. Tex. Dec. 13, 2011) ("inequitable conduct in the prosecution of a parent application may render the parent and its progeny unenforceable" (i.e., "infectious unenforceability")), report and recommendation adopted, No. 6:10-CV-379-LED-JDL, 2012 WL 12893881 (E.D. Tex. Jan. 18, 2012); *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1288-89 (Fed. Cir. 2011) ("[T]he taint of a finding of inequitable conduct can spread from a single patent to render unenforceable other related patents and applications in the same technology family.").  An immediate and necessary relationship exists here between the enforcement of the claims of the Asserted Patents in this case and the asserted patents in *Headwater I* that were obtained via inequitable conduct.  For example, all of the asserted patents in both cases allegedly claim priority to, *inter alia*, four provisional patent applications, i.e., provisional application No. 61/206,354, filed on January, 28, 2009; provisional application No. 61/206,944, filed on February 4, 2009; provisional application No. 61/207,393, filed on February 10, 2009; and provisional application No. 61/207,739, filed on February 13, 2009.

### NINTH ADDITIONAL DEFENSE
### (No Standing)

Headwater's claims are barred because Headwater lacks standing to bring this suit. Specifically, Headwater cannot prove that it is the rightful owner of the Asserted Patents.

17

## TENTH ADDITIONAL DEFENSE
### (Prosecution Laches)

Headwater's Asserted Patents issued after an unreasonable, inexcusable, and prejudicial delay amounting to an egregious misuse of the statutory patent system under the totality of the circumstances.  Thus, the Asserted Patents are unenforceable under the doctrine of prosecution laches.

The Federal Circuit has explained that "the doctrine of prosecution laches places an additional, equitable restriction on patent prosecution conduct beyond those imposed by statute or PTO regulation," and that "[a]n applicant must therefore not only comply with the statutory requirements and PTO regulations but must also prosecute its applications in an equitable way that avoids unreasonable, unexplained delay that prejudices others." *Hyatt v. Hirshfield*, 998 F.3d 1347, 1366 (Fed. Cir. 2021).

Headwater chose to pursue a "shoot first, aim later" strategy in prosecuting each of the Asserted Patents as well as dozens of related patents.  Headwater filed the earliest provisional application from which the Asserted Patents allegedly claim priority, U.S. Patent Application No. 61/206,354 ("the '354 Application"), on January 28, 2009, but it did not file applications for the Asserted Patents until many years later, ranging from more than three years to more than seven years of delay.

Headwater's unreasonable delays are inexcusable.  Samsung has been prejudiced insofar as it has invested in, worked with, and used certain of the technology that is now being accused of infringing the Asserted Patents during the time in which Headwater delayed its prosecution.  The features accused of infringing the Asserted Patents are primarily part of push notification systems employed by Samsung's accused products.  While Samsung was investing significant time and

expense implementing push notification systems into its devices, Headwater was serially prosecuting the claims it now asserts.

## RESERVATION OF ADDITIONAL DEFENSES

Samsung reserves the right to assert additional defenses that may surface through discovery in this action.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all issues that may be so tried.

## PRAYER FOR RELIEF

WHEREFORE, Samsung respectfully prays that this Court enter judgment in Samsung's favor against Headwater and requests the following relief.

A. A complete denial of Headwater's requests for damages, costs, expenses, injunction, and any other form of relief;

B. Dismissal with prejudice of all claims in Headwater's Complaint against Samsung;

C. A permanent injunction restraining Headwater and its respective officers, partners, employees, agents, parents, subsidiaries, and affiliates, and any other persons acting on its behalf or in concert with it, from charging, suing or threatening, orally or in writing, that any of the Asserted Patents have been infringed by Samsung under any subsection of 35 U.S.C. §§ 271 or 281;

D. A declaration that this is an exceptional case under 35 U.S.C. § 285 and awarding to Samsung its reasonable costs and expenses of litigation, including but not limited to attorneys' fees and expert witness fees;

E. An award to Samsung of its costs and disbursements in defending in this action brought by Headwater; and

F.   An award to Samsung of any and all further relief as this Court may deem just and

proper.

Dated: April 9, 2024                                    Respectfully submitted,

By:   */s/Noah C. Graubart*
      Ruffin B. Cordell
      TX Bar No. 04820550
      Michael J. McKeon
      DC Bar No. 459780
      mckeon@fr.com
      Jared Hartzman (*pro hac vice* forthcoming)
      DC Bar No. 1034255
      hartzman@fr.com
      Joshua Carrigan (*pro hac vice* forthcoming)
      VA Bar No. 96911
      carrigan@fr.com
      **FISH & RICHARDSON P.C.**
      1000 Maine Avenue, SW, Ste 1000
      Washington, D.C. 20024
      Telephone: (202) 783-5070
      Facsimile: (202) 783-2331

      Thad C. Kodish
      GA Bar No. 427603
      tkodish@fr.com
      Benjamin K. Thompson
      GA Bar No. 633211
      bthompson@fr.com
      Jonathan B. Bright
      GA Bar No. 256953
      jbright@fr.com
      Nicholas A. Gallo
      GA Bar No. 546590
      gallo@fr.com
      Steffen Lake (*pro hac vice forthcoming*)
      GA Bar No. 512272
      lake@fr.com
      Vivian C. Keller (admitted *pro hac vice*)
      GA Bar No. 651500
      keller@fr.com
      Noah C. Graubart
      GA Bar No. 141862

graubart@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
**FISH & RICHARDSON P.C**.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C**.
102 N. College Ave., Suite 900
Tyler, Texas  75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Lance Lin Yang
**QUINN EMANUEL URQUHART & SULLIVAN, LLP - LA**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017 USA
213/443-3000 Fax: 213/443-3100

Lanceyang@quinnemanuel.Com

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

*Attorneys for Defendants*
*Samsung Electronics Co., Ltd. and*
*Samsung Electronics America, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 9, 2024

*/s/Noah C. Graubart*
Noah C. Graubart