# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONIC CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00103-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S P.R. 4-2 PRELIMINARY CLAIM
CONSTRUCTIONS AND EXTRINSIC EVIDENCE**

Pursuant to Patent Rule 4-2 and the Court's First Amended Docket Control Order (Dkt. No. 63), Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") respectfully submit their Preliminary Proposed Claim Constructions and Extrinsic Evidence for the claim terms, phrases, or clauses contained in the asserted patents that the parties identified on March 7, 2024 for claim construction purposes pursuant to Patent Rule 4-1.

Samsung bases these constructions upon its current knowledge, understanding, and belief as to the facts and information available as of this date. Samsung reserves the right to further amend these preliminary proposed claim constructions as the parties proceed with discovery and work toward the preparation of a final Joint Claim Construction Statement. In particular, Samsung reserves the right to modify or supplement these P.R. 4-2 disclosures to facilitate agreement with Headwater, to avoid duplication of terms or phrases, to reflect newly-received information, or in response to any changes in Headwater's P.R. 3-1 and P.R. 3-2 disclosures.

Samsung also reserves its right to revise its proposals regarding claim terms in view of Headwater's proposals and as discovery proceeds. Samsung specifically reserves the right to modify or supplement its preliminary proposed constructions once it has had an opportunity to review Headwater's preliminary proposed constructions. Samsung further reserves the right to rely on extrinsic evidence identified by Headwater and to add additional extrinsic evidence, particularly for constructions on which the parties disagree. Furthermore, Samsung reserves the right to add citations to relevant extrinsic evidence, such as inventor testimony and testimony from attorneys responsible for prosecuting the asserted patents, as well as to identify dictionary definitions and prior art.

Samsung also reserves the right to amend these disclosures to the extent Headwater supplements or amends its infringement contentions or claim construction disclosures. Headwater has not served infringement contentions that comply with P.R. 3-1 and/or Paragraph 3 of the Court's Discovery Order (Dkt. No. 64) and has otherwise not provided sufficient notice as to its infringement theories in this case. Samsung is prejudiced in identifying the terms and constructions below in the absence of knowledge as to how Headwater intends to assert its claim scope in this litigation. Samsung specifically reserves the right to modify the terms and proposed constructions identified herein within a reasonable time of Headwater being permitted to serve any supplemental contentions.

Samsung contends that certain claim limitations are indefinite. To the extent that Samsung provides proposed alternative claim constructions, now or in the future, for these claim limitations in the event that the claims are not found to be indefinite, such proposal is not an admission that these claims are amenable to proper construction and/or satisfy the definiteness requirement of 35 U.S.C. § 112, which Samsung specifically denies. Moreover, nothing in these proposed terms

should suggest that a particular limitation or claim is valid or construable, accurately described, enabled or definite within the meaning of 35 U.S.C. § 112.

To confirm the proper claim interpretation (or lack thereof), Samsung may rely on the patents and other references cited during the prosecution of the asserted patents. Samsung also may rely on one or more of the prior art systems and/or publications identified in its Invalidity Contentions to explain the state of the art and/or to show the ordinary meaning (or lack thereof) of certain claim terms. Furthermore, Samsung may rely on any public statement of Headwater and/or its representatives (including statements made in prosecution of foreign counterparts to the asserted patents), or any current or former employee of Headwater; any of the named inventors and/or prosecuting attorneys; and/or any information from other sources, including discovery produced in this case. Samsung may also rely on documents produced by Headwater pursuant to Patent Local Rule 3-2 to the extent those documents evidence the ordinary meaning (or lack thereof) of claim terms and/or any different meaning assigned to claim terms by the inventors. Samsung also may rely on testimony from one or more of the inventors and/or the prosecuting attorney elicited in ongoing discovery in this case. Testimony from one or more of the inventors or the prosecuting attorney may be relevant to the meaning or indefiniteness of one or more of the contested claim terms.

As noted below, Samsung may also rely on testimony from one or more expert witnesses, including any identified by Headwater. Such expert evidence may address the relevant field of art, the level of ordinary skill in the art, whether certain terms connote sufficient structure to perform the claimed functions, whether the patents' specifications disclose and clearly link sufficient structure to perform the claimed functions, the definiteness of certain terms, and the meaning that certain claim terms would have to a person of ordinary skill in the art based on the

asserted patents' disclosure and associated prosecution history, including any extrinsic evidence offered by Headwater or Samsung.

Pursuant to P.R. 4-2(a) Samsung discloses the following:

### I. U.S. Patent No. 8,406,733

| Claim Term | Claim(s) | Proposed Construction and Preliminary Extrinsic Evidence |
|---|---|---|
| 1. device agents | 1, 30 | Indefinite<br><br>*See* SAM-HW-2_00215498-SAM-HW-2_00215506. |
| 2. wherein the particular server comprises a service usage history server, a policy management server, an access control integrity server, a network traffic analysis server, a beta test server, a service download control server, a billing event server, an activation server, a transaction server, an authentication server, or a content management server | 2 | Indefinite |
| 3. wherein the message content comprises information associated with a service usage | 3 | Indefinite |
| 4. wherein the information associated with the service usage comprises information about one or more of a service usage value, a projected service usage value, a service usage plan limit, a projected service usage overage, a projected service cost overage, a service plan period time duration, a service plan time remaining before end of period, and a service overage | 4 | Indefinite |
| 5. wherein the message content is based, at least in part, on a user preference | 5 | Indefinite |
| 6. wherein the message content comprises a service offer, an advertisement, or a transaction offer | 7 | Indefinite |
| 7. wherein the message content comprises information from a third party configured to provide control of a service or a billing for a service | 8 | Indefinite |

| Claim Term | Claim(s) | Proposed Construction and Preliminary Extrinsic Evidence |
|---|---|---|
| 8. wherein the message content comprises an agent instruction, a setting value, an agent configuration, or a software update | 9 | Indefinite |
| 9. wherein the message content comprises information associated with a service policy | 11 | Indefinite |
| 10. wherein the service control device link agent is further configured to send a device message to the service control server link element over the service control link | 13 | Indefinite |
| 11. integrity report | 14 | Indefinite |
| 12. wherein the particular device agent is configured to assist in presenting a notification through the user interface, the notification based on the message content | 19 | Indefinite |
| 13. wherein the service control link is configured to support control-plane communications using an Internet protocol | 29 | Indefinite |

## II.   U.S. Patent No. 9,198,117

| Claim Term | Claim(s) | Proposed Constructions and Preliminary Extrinsic Evidence |
|---|---|---|
| 1. device messaging agents | 1 | Indefinite<br><br>*See* SAM-HW-2_00215498-SAM-HW-2_00215506. |
| 2. wherein the device messaging agent executes in a secure execution environment on at least one of the devices, and at least one of the applications executes outside of the secure execution environment on that device | 6 | Indefinite |
| 3. on at least one of the devices, the secure interprocess communication service, and wherein the secure interprocess communication service and the secure Internet data connection from that device to the network message server are separately secured | 9 | Indefinite |

| Claim Term | Claim(s) | Proposed Constructions and Preliminary Extrinsic Evidence |
|---|---|---|
| 4. the device messaging agent on at least one of the devices further to initiate the secure connection to the network message server | 12 | Indefinite |
| 5. at least one of the devices having a network stack in communication with the device messaging agent, wherein the secure connection between the network message server and that device is terminated within the network stack | 13 | Indefinite |
| 6. wherein at least one of the applications on at least one of the devices and the network application server corresponding to that application authenticate with each other prior to passing application data via the device messaging agent on that device and the network message server | 14 | Indefinite |
| 7. wherein the transmission trigger is the expiration of a periodic timer | 17 | Indefinite |
| 8. wherein the transmission trigger is the receipt of a transmission from the device messaging agent of the particular device | 18 | Indefinite |

### III. U.S. Patent No. 9,615,192

| Claim Term | Claim(s) | Proposed Constructions and Preliminary Extrinsic Evidence |
|---|---|---|
| 1. software components | 1, 15 | Indefinite<br><br>*See* SAM-HW-2_00215498-SAM-HW-2_00215506. |
| 2. wherein the device link agent executes in a secure execution environment on at least one of the devices, and at least one of the software components executes outside of the secure execution environment on that device | 4 | Indefinite |
| 3. the device messaging agent on at least one of the wireless end-user devices further to initiate the respective secure Internet data message link to the transport services stack | 7 | Indefinite |

| Claim Term | Claim(s) | Proposed Constructions and Preliminary Extrinsic Evidence |
|---|---|---|
| 4. wherein one of the message delivery triggers is the expiration of a periodic timer | 9 | Indefinite |
| 5. wherein one of the message delivery triggers is the receipt of a transmission on the respective secure message link from the device link agent of the given one of the wireless end-user devices, or a response generated to a transmission received from that device link agent | 11 | Indefinite |
| 6. wherein one of the message delivery triggers is the receipt of a particular network element message from one of the network elements | 13 | Indefinite |

Samsung identifies that one or more experts, including Ian Foster, Ph.D. and/or Dan Schonfeld, Ph.D. may testify regarding the technology of the above-mentioned patents, including the relevant state of the art, how a person of ordinary skill in the art as of the priority date of the patents would have understood this claim term, including whether the scope of this claim is reasonably ascertainable to a person of ordinary skill in the art.

Dated:  March 28, 2024

Respectfully submitted,

By:  /s/ Jonathan B. Bright
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice* forthcoming)
DC Bar No. 1034255
hartzman@fr.com
Joshua Carrigan (*pro hac vice* forthcoming)
VA Bar No. 96911
carrigan@fr.com
**FISH & RICHARDSON P.C.**

1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice* forthcoming)
GA Bar No. 512272
lake@fr.com
Vivian C. Keller (admitted *pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry Lee Gillam , Jr
gil@gillamsmithlaw.com

**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Lance Lin Yang
Lanceyang@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP – LA**
Los Angeles, CA 90017 USA
Tel: (213) 443-3000
Fax: (213) 443-3100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on counsel of record for Plaintiff via electronic mail on March 28, 2024.

*/s/ Jonathan B. Bright*
Jonathan B. Bright
