# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00103-JRG-RSP |

**DEFENDANTS' RENEWED MOTION TO STAY PENDING *INTER PARTES* REVIEW**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 1 |
| III. | LEGAL STANDARD | 2 |
| IV. | ARGUMENT | 3 |
| | A.   Headwater Will Not Suffer Undue Prejudice From a Stay. | 3 |
| | B.   The Early Stage of This Case Weighs in Favor of a Stay. | 4 |
| | C.   A Stay Will Significantly Simplify or Eliminate Issues. | 5 |
| V. | CONCLUSION | 6 |

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                                                       **Page(s)**

*Arbor Global Strategies LLC v. Samsung Elecs. Co.*,
    No. 2:19-CV-00333-JRG-RSP, 2021 WL 66531 (E.D. Tex. Jan. 7, 2021) ................................4

*Aylus Networks, Inc. v. Apple Inc.*,
    856 F.3d 1353 (Fed. Cir. 2017) ..................................................................................................6

*Customedia Techs. LLC v. DISH Network Corp.*,
    No. 2:16-CV-129, 2017 WL 3836123 (E.D. Tex. Aug. 9, 2017) ..............................................2

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
    No. 2:15-CV-00011, 2016 WL 1162162 (E.D. Tex. Mar. 23, 2016) .....................................2, 5

*Image Processing Techs., LLC v. Samsung Elecs. Co.*,
    No. 2:16-CV-505-JRG, 2017 WL 7051628 (E.D. Tex. Oct. 25, 2017) .....................................5

*Intellectual Ventures II LLC v. Bitco General Ins. Corp.*,
    No. 6:15-CV-59-JRG, 2016 WL 4394485 (E.D. Tex. May 12, 2016) ......................................5

*NFC Tech. LLC v. HTC Am. Inc.*,
    No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ...................... *passim*

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
    Case No. 6:13-CV-384, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014) ......................................4

*SEVEN Networks, LLC v. Apple Inc.*,
    Civ. No. 2:19-CV-00115-JRG, Dkt. 313 (E.D. Tex. Sept. 22, 2020) ........................................5

*SSL Servs., LLC v. Cisco Sys., Inc.*,
    No. 2:15-CV-433-JRG-RSP, 2016 WL 3523871 (E.D. Tex. June 28, 2016) ............................3

*Stingray Music USA, Inc. v. Music Choice*,
    No. 2:16-cv-586-JRG-RSP, 2017 WL 9885167 (E.D. Tex. Dec. 12, 2017) ..........................4, 5

*Uniloc United States v. Acronis*,
    No. 6:15-CV-01001-RWS-KNM, 2017 WL 2899690 (E.D. Tex. Feb. 9, 2017) ......................3

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
    No. 2:16-CV-642-JRG, 2017 WL 9885168 (E.D. Tex. June 13, 2017) ....................................5

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014) ..................................................................................................3

## I.     INTRODUCTION

The PTAB has now instituted IPR as to a majority of the Asserted Patents and the Asserted Claims.  To avoid unnecessary or duplicative effort, Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") hereby renew their motion to stay (Dkt. 70) this case pending the PTAB's resolution of the instituted IPRs.

Plaintiff Headwater Research LLC ("Headwater") faces no prejudice by a stay because money damages would adequately compensate Headwater for the alleged infringement. Headwater only licenses its patents and has never produced any products.  Headwater would be able to proceed with its claim for damages on non-instituted claims and any surviving claims after the PTAB resolves the IPRs and streamlines the claims and issues to be tried.  Moreover, fact discovery is still ongoing.  Thus, the factors the Court considers in evaluating a stay—simplification of the issues, state of the proceedings, and risk of undue prejudice to the plaintiff—weigh in favor of granting a stay.

## II.    FACTUAL BACKGROUND

Headwater filed its First Amended Complaint against Samsung on July 24, 2023, alleging Samsung's "mobile electronic devices, such as mobile phones and tablets, as well as wearables and televisions" infringe the three Asserted Patents.  (Dkt. 31, ¶ 45).  On November 17, 2023, Samsung filed IPR petitions as to two Asserted Patents, and Samsung filed two IPR petitions as to the final Asserted Patent on January 23, 2024.  Samsung promptly filed its original stay motion after completing IPR filings for all three Asserted Patents on January 25, 2024.  *See* Dkt. 70.

Fact discovery remains open and is not set to close until September 10, 2024.  *See* Dkt. 113.  The PTAB has now instituted IPR against the majority of the Asserted Patents as summarized in the following table:

| Asserted Patent | Asserted Claims | IPR No. | Date Filed | Institution Decision and Instituted Claims |
|---|---|---|---|---|
| 9,615,192 | 1-9, 11-13, 15 | IPR2024-00010 | Nov. 17, 2023 | May 23, 2024 (Granted for all Asserted Claims) (Ex. 1) |
| 9,198,117 | 1, 2, 4-6, 9-14, 16-18 | IPR2024-00003 | Nov. 17, 2023 | May 22, 2024 (Denied) (Ex. 2) |
| 8,406,733 | 1-5, 7-14, 19, 21-24, 26, 29, 30 | IPR2024-00341 | Jan. 23, 2024 | July 26, 2024 (Granted for all Asserted Claims) (Ex. 3) |
| | | IPR2024-00342 | Jan. 23, 2024 | July 26, 2024 (Denied) (Ex. 4) |

### III. LEGAL STANDARD

The Court "has the inherent power to control its own docket, including the power to stay proceedings before it." *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016). In determining how to manage its docket, the district court "must weigh competing interests and maintain an even balance." *Customedia Techs. LLC v. DISH Network Corp.*, No. 2:16-CV-129, 2017 WL 3836123, at *1 (E.D. Tex. Aug. 9, 2017) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

The Court has inherent authority to stay an action where issues presented can be resolved in a pending IPR. A stay pending IPR is especially justified where the outcome of the proceedings will likely simplify the case by helping the court determine validity issues or eliminating the need to try infringement issues. *NFC Tech. LLC v. HTC Am. Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *1, *4 (E.D. Tex. Mar. 11, 2015). When deciding whether to stay a case pending IPR, courts consider "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech.*, 2015 WL 1069111, at *2.

## IV. ARGUMENT

### A. Headwater Will Not Suffer Undue Prejudice From a Stay.

Headwater will not suffer undue prejudice if the Court stays the case. "[W]hether the patentee will be unduly prejudiced by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). Here, Headwater is a non-practicing entity that licenses its intellectual property and does not make any product that practices the patented technologies. Monetary relief will sufficiently compensate Headwater for any purported damages, and a "stay will not diminish the monetary damages to which [Headwater] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages . . . ." *VirtualAgility*, 759 F.3d at 1318; *Uniloc United States v. Acronis*, No. 6:15-CV-01001-RWS-KNM, 2017 WL 2899690, at *2 (E.D. Tex. Feb. 9, 2017) ("Uniloc predominantly derives its revenue from asserting its patents through licensing or litigation [and] . . . mere delay in collecting those damages does not constitute undue prejudice"); *SSL Servs., LLC v. Cisco Sys.*, Inc, No. 2:15-CV-433-JRG-RSP, 2016 WL 3523871, at *1–2 (E.D. Tex. June 28, 2016) (same). As this Court has determined, a mere delay of the vindication of patent rights alone cannot defeat a motion to stay. *See, e.g.*, *NFC Techs.*, 2015 WL 1069111, at *2.

In contrast, Samsung will suffer prejudice without a stay by incurring the burden of continuing to defend against infringement allegations of three patents, two of which the PTAB may ultimately invalidate. Without a stay, this case will advance toward trial, and the parties and the Court will continue to invest significant time and resources in preparing the case, especially with expert discovery, dispositive motions, *Daubert* motions, and pre-trial events on the horizon.

Rather than cause prejudice, a stay will benefit Samsung and Headwater by allowing them to benefit from the IPR system that Congress intended to aid courts as an essential part of an

3

"efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." *Changes To Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48680-01 (Aug. 14, 2012) (codified at 37 C.F.R. pt. 42).

### B. The Early Stage of This Case Weighs in Favor of a Stay.

Samsung pursued IPRs early in the case, and now renews its motion to stay after receiving institution decisions from the PTAB for each of the IPR petitions. Substantial work remains for the parties and the Court, which favors granting Samsung's request for a stay. *See, e.g.*, *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, Case No. 6:13-CV-384, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) ("Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation." (internal citations omitted)). For example, fact discovery remains open and is not set to close until September 10, 2024. Numerous time-intensive milestones lay on the horizon including expert discovery, dispositive motions, *Daubert* motions, and other pre-trial events. Dkt. 113. Indeed, the pretrial conference is not until December 2, 2024, and trial remains nearly five months away. *Id.* Courts have not hesitated to stay cases at later stages. *E.g.*, *Arbor Global Strategies LLC v. Samsung Elecs. Co.*, No. 2:19-CV-00333-JRG-RSP, 2021 WL 66531 (E.D. Tex. Jan. 7, 2021) (staying for IPR three months before trial). Such a practice is consistent with the interests of judicial economy: "denying a stay because of the progress of the case to this point would impose significant expenses on the parties that might be avoided if the stay results in simplification (or obviation) of further court proceedings." *NFC Tech.*, 2015 WL 1069111, at *3.

Courts in this district have stayed cases pending IPRs that are in a similar or even later procedural posture. For example, in *Stingray Music*, the Court acknowledged that the case was

4

"past its early stages," but noted that a stay would still "obviate the need to prepare for trial concerning some or all of the patents' claims, thus reducing the burden of litigation on the parties and the Court." *Stingray Music USA, Inc. v. Music Choice*, No. 2:16-cv-586-JRG-RSP, 2017 WL 9885167, *2 (E.D. Tex. Dec. 12, 2017). Courts have also stayed cases pending IPRs only weeks before the scheduled date to begin jury selection. *See, e.g.*, *Image Processing Techs., LLC v. Samsung Elecs. Co.*, No. 2:16-CV-505-JRG, 2017 WL 7051628, *1-2 (E.D. Tex. Oct. 25, 2017) (granting stay pending IPRs after the pre-trial conference and just two weeks before jury selection, *see* 2:16-cv-505-JRG, Dkt. 269); *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011-RSP, 2016 WL 1162162, at *4 (E.D. Tex. Mar. 23, 2016) (granting stay pending IPRs less than three weeks before jury selection, *see* 2:15-CV-00011-RSP, Dkt. 60); *SEVEN Networks, LLC v. Apple Inc.*, Civ. No. 2:19-CV-00115-JRG, Dkt. 313 (E.D. Tex. Sept. 22, 2020) (granting a stay as to instituted claims for 9 asserted patents pending resolution of *inter partes* review proceedings, where "the pretrial conference [was] less than a month away and jury selection is less than six weeks away"). A stay would not only avoid the risk of redundancy, but the final decisions of the PTAB may dispose of nearly the entire case.

    **C.**    **A Stay Will Significantly Simplify or Eliminate Issues.**

A stay will likely eliminate most issues in this litigation. "[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of the issues before the Court." *NFC Tech.*, 2015 WL 1069111, at *4; *see also Intellectual Ventures II LLC v. Bitco General Ins. Corp.*, No. 6:15-CV-59-JRG, 2016 WL 4394485, at *3 (E.D. Tex. May 12, 2016). "A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech.*, 2015 WL 1069111 at *1 (internal quotations omitted); *see also Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:16-CV-642-JRG, 2017 WL 9885168, at

\*1 (E.D. Tex. June 13, 2017) ("[E]ven if the PTAB does not invalidate every claim on which it has instituted IPR, there is a significant likelihood that the outcome of the IPR proceedings will streamline the scope of this case to an appreciable extent.").

The instituted IPRs address the majority of Asserted Claims in the case and two of the three Asserted Patents. Thus, resolution of the instituted IPRs will not only simplify the issues, but may dispose of a substantial portion of the case.

If the Court stays this case and the PTAB later invalidates any of the asserted claims in the IPR proceedings, the Court and the parties will save significant costs, time, and resources that they would otherwise expend litigating this case. Indeed, even if only some of the claims or patents are invalidated, the IPR proceedings are likely to simplify the proceedings. *See NFC Tech.*, 2015 WL 1069111, at \*7 (determining that even where all claims were not reviewed during IPR proceedings, "any disposition by the PTAB is likely to simplify the proceedings before this Court"); *see also Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1364 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be relied upon to support a finding of prosecution disclaimer."). Although Samsung stands ready to demonstrate the unpatentability of Headwater's asserted claims before this Court (e.g., based on prior art systems or under Section 112), the redundancy of trying validity issues in two separate tribunals risks inefficiency. It would also deprive the Court of "the benefit of the [PTO's] full and focused consideration of the effect of prior art on [the] patents being asserted[.]" *NFC Tech.*, 2015 WL 1069111, at \*4.

## V.  CONCLUSION

Based on the foregoing, Samsung respectfully requests that the Court grant its renewed motion to stay this case until the IPRs currently pending at the PTAB are fully resolved.

Dated: August 23, 2024 Respectfully submitted,

By: /s/ Katherine D. Prescott
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice* forthcoming)
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
Nicholas A. Gallo (*pro hac vice* forthcoming)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice* forthcoming)
GA Bar No. 512272
lake@fr.com
Vivian C. Keller (admitted *pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**

7

1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry Lee Gillam , Jr
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257


Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Lance Lin Yang
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Lindsay M. Cooper
CA Bar No. 287125
lindsaycooper@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP – LA**
Los Angeles, CA 90017 USA
Tel: (213) 443-3000
Fax: (213) 443-3100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579

9

gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS**
**SAMSUNG ELECTRONICS CO., LTD. AND**
**SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff and counsel for Defendants have met and conferred in compliance with Local Rule CV-7(h).  Plaintiff opposes this motion.

*/s/ Katherine D. Prescott*
Katherine D. Prescott

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on August 23, 2024.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Katherine D. Prescott*
Katherine D. Prescott
