# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>        Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>        Defendants. | Case No. 2:23-cv-00103-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S OPPOSITION TO SAMSUNG'S RENEWED MOTION TO STAY PENDING *INTER PARTES* REVIEW**

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. LEGAL STANDARD ...................................................................................................... 1

III. ARGUMENT .................................................................................................................... 2

    A. Any Potential Simplification Is Limited Given that Samsung's Petition on the '117 Patent Was Denied ................................................................................................ 2

    B. Headwater Would Be Substantially Prejudiced by Delaying this Case Given Samsung's Delay and the Work Already Invested ....................................................... 4

    C. The Parties Have Already Invested Substantial Resources into This Case and Thus the Stage of the Case Does Not Support a Stay ............................................................. 7

IV. CONCLUSION ................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Cal. Inst. of Tech. v. Samsung Elecs. Co. Ltd.*,
  No. 2:21-CV-00446-JRG, Dkt. 108 (E.D. Tex. Jan. 20, 2023) ............................................. 5, 6

*Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*,
  No. C 06-04206 WHA, 2007 WL 1052883 (N.D. Cal. Apr. 5, 2007) ....................................... 1

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
  No. 2:15-CV-00011-RSP, 2016 WL 1162162 (E.D. Tex. Mar. 23, 2016) ................................ 8

*Force Mos Tech., Co. v. ASUSTek Computer, Inc.*,
  No. 2:22-CV-00460-JRG, 2024 WL 1586266 (E.D. Tex. Apr. 11, 2024) ............................ 3, 7

*Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*,
  No. 2:13-CV-00235-JRG, 2014 WL 4652117 (E.D. Tex. Sept. 18, 2014) ............................... 5

*Longhorn HD LLC. v. NetScout Sys., Inc.*,
  No. 2:20-CV-00349-JRG, 2022 WL 71652 (E.D. Tex. Jan. 6, 2022) ....................................... 7

*Polaris Powerled Techs., LLC v. Samsung Elecs. Am., Inc.*,
  No. 2:22-CV-00469-JRG, 2024 WL 1149223 (E.D. Tex. Mar. 15, 2024) ................................ 3

*Realtime Data LLC v. Actian Corp.*,
  No. 6:15-CV-463-RWS-JDL, 2016 WL 3277259 (E.D. Tex. June 14, 2016) ................... 1, 2, 6

*Sable Networks, Inc. v. Splunk Inc.*,
  No. 5:21-CV-00040-RWS, Dkt. 77 (E.D. Tex. Nov. 1, 2021) ................................................... 5

*SEVEN Networks, LLC v. Apple Inc.,* No. 2:19-CV-00115-JRG, Dkt. 313 (E.D. Tex. Sept. 22, 2020) ............................................................................................................................................ 7

*Soverain Software LLC v. Amazon.Com, Inc.*,
  356 F. Supp. 2d 660 (E.D. Tex. 2005) ................................................................................. 1, 2

*Tessera Advanced Techs., Inc. v. Samsung Elecs. Co. Ltd.*,
  No. 2:17-CV-00671-JRG, 2018 WL 3472700 (E.D. Tex. July 19, 2018) ................................ 6

*XR Communications, LLC v. AT&T Services Inc., et al.*,
  2:23-cv-00202-JRG-RSP, Dkt. 83 (E.D. Tex. Jul. 29, 2024) .................................................... 3

**I.     INTRODUCTION**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") cannot show that a stay pending *inter partes* review (IPR) is warranted given that (1) one of the three asserted patents is not subject to any IPR and (2) the case is at an advanced stage. An important factor for evaluating a stay pending IPRs is the potential to simplify the entire case. And here, there can be no such simplification because the PTAB *denied* Samsung's IPR petition for one of the three asserted patents (the '117 patent). This case will thus proceed to trial in January 2025, and the subsequent IPR proceedings can at most affect a subset of the asserted claims/patents. Further, Samsung's renewed motion to stay is being filed at an advanced stage, *after* the Court issued the claim construction order. The parties and had Court have already invested heavily in this case. Fact discovery and opening expert reports will soon be complete. In these circumstances, it makes no sense to stay the case at this advanced stage for the mere possibility that IPRs may affect some of the asserted claims.

All three factors strongly weigh against a stay, and Samsung's motion should be denied.

**II.    LEGAL STANDARD**

"Courts have the inherent power to manage their dockets and stay proceedings." *Realtime Data LLC v. Actian Corp.*, No. 6:15-CV-463-RWS-JDL, 2016 WL 3277259, at *1 (E.D. Tex. June 14, 2016). Accordingly, there is "no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule 'would invite parties to unilaterally derail litigation.'" *Id.* (quoting *Soverain Software LLC v. Amazon.Com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)); *see also Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. C 06-04206 WHA, 2007 WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007) ("If litigation were stayed every time a claim in suit

1

undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner.").

In determining whether to grant a stay, courts consider three factors: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Realtime*, 2016 WL 3277259, at *1 (citing *Soverain*, 356 F. Supp. 2d at 662). As discussed below, all three factors weigh against a stay.

### III.    ARGUMENT

#### A.    Any Potential Simplification Is Limited Given that Samsung's Petition on the '117 Patent Was Denied

This Court denied Samsung's prior motion to stay pending IPR pursuant to the "universal practice" of denying pre-institution motions to stay. Dkt. 83. Now that the PTAB has issued institution decisions on all of Samsung's IPRs, the scope of any potential simplification is limited. The PTAB *denied* one of Samsung's petitions for the '733 patent (IPR2024-00342) and *denied* Samsung's only petition for the '117 patent (IPR2024-00003). Therefore, there will be no simplification of the issues with respect to the '117 patent at all. This case will proceed to trial on at least the '117 patent—which comprises 40% of the total asserted claims in this case—regardless of subsequent IPR proceedings on other patents.[1] This alone warrants denial of Samsung's motion.

As recently explained by this Court in denying a motion to stay *with prejudice* where only two of the three asserted patents were challenged at the PTAB:

> [A] "serious problem exists" with the Motion because "even in a situation where the PTAB invalidates every instituted claim," the '346 patent's asserted claims "would remain live in this case." *Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*, No. 2:19-cv-00259-JRG-RSP,

---

[1] Based on the parties' agreement on case narrowing, the current asserted claims are:
  '733 patent: claims 1, 3, 7–9, 13, 19, 23, 30 (9 total)
  '117 patent: claims 1, 2, 4, 6, 10, 12, 13, 16–18 (10 total)
  '192 patent: claims 1, 5, 7–9, 11 (6 total)

2

> 2020 WL 1433960, at *6 (E.D. Tex. Mar. 24, 2020). For this reason, the IPRs cannot simplify the issues to the extent necessary to justify a stay. In short, the Court still has a case to try regardless of the outcome of the IPRs. Without the possibility that the Court's limited time and resources will be spared from conducting a trial on the merits, the reduced potential to simplify is inadequate to offset the prejudice and inherent delay a stay would require.

*Force Mos Tech., Co. v. ASUSTek Computer, Inc.*, No. 2:22-CV-00460-JRG, 2024 WL 1586266, at *4 (E.D. Tex. Apr. 11, 2024);[2] *see also Netlist, Inc. v. Samsung Electronics Co. Ltd.*, No. 2:22-cv-00293-JRG, Dkt. 689 (E.D. Tex. Mar. 11, 2024) (denying Samsung's renewed motion to stay even after the PTAB granted institution on the last patent—and therefore, unlike here, all patents were subject to instituted IPRs—because simplification was still too speculative).

The same reasoning applies here. Even if the PTAB ultimately issues a decision on the instituted claims of the '192 and '733 patents, that would be long after the Court conducts a trial in this case, currently set for January 2025. Further, the IPR decisions cannot affect many asserted claims, including all claims of the '117 patent. This reduced potential for simplification is insufficient to support a stay.

Samsung's generic arguments regarding potential simplification with respect to the '192 and '733 patents are unavailing. Rather than specifically identify issues in this case that will be simplified by a stay, Samsung only vaguely alludes to the possibility of Headwater making statements in the IPRs to support prosecution disclaimers. Mot. at 6. But as explained by this Court, it is "far too speculative to assume that any sort of disclaimer or estoppel-worthy conduct will occur during the IPR proceedings." *Polaris Powerled Techs., LLC v. Samsung Elecs. Am., Inc.*, No. 2:22-CV-00469-JRG, 2024 WL 1149223, at *6 (E.D. Tex. Mar. 15, 2024).

---

[2] In another recent case before this Court, defendants *withdrew* their motion to stay pending IPR because institution was denied on one of four asserted patents. *See XR Communications, LLC v. AT&T Services Inc., et al.*, No. 2:23-cv-00202-JRG-RSP, Dkt. 83 (E.D. Tex. Jul. 29, 2024). That motion to withdraw was signed by local counsel who also represent Samsung in this case.

3

Any notion that IPRs may be probative to claim construction is particularly unwarranted here, given Samsung's conduct. Samsung has never proposed any claim constructions and instead asserted that as many as *27* terms were indefinite. Dkt. 94 at 1. All these assertions have failed; they were either withdrawn in Samsung's opening brief, for the first time in reply, or rejected by the Court. In these circumstances, Samsung has essentially waived arguing for particular constructions, and there is no evidence that IPRs will be relevant to that.

The potential for simplification is even more limited given the stage of the case. Samsung's renewed motion was filed *after* the Court issued a detailed, 19-page claim construction order. Dkt. 118 (Aug. 22, 2024). And fact discovery and opening expert reports will soon be complete. In other words, the parties will have completed much of the work with respect to all three asserted patents before the briefing on Samsung's renewed stay motion is even completed.

This factor strongly weighs against a stay.

**B.     Headwater Would Be Substantially Prejudiced by Delaying this Case Given Samsung's Delay and the Work Already Invested**

Samsung's assertion that Headwater cannot be prejudiced by a stay because it does not manufacture and sell products that practice the asserted patents (Mot. at 3) lacks merit. As set forth in the complaint, Headwater is not a mere NPE with no connection to the asserted patents. Rather, Headwater was formed in 2008 by Dr. Gregory Raleigh, the primary inventor of the asserted patents who has a has a long and distinguished record in wireless communications. Dkt. 31 ¶¶ 2–10. Dr. Raleigh also founded a company called ItsOn Inc. in 2008, which licensed Headwater's intellectual property and implemented Headwater's technology into software and services that expanded cellular service plan offerings and improved device and data management capabilities. *Id.* ¶ 14. Thus, while Headwater itself may not directly compete with Samsung in making or selling mobile devices, it licensed its technology to other companies that did. There is still a lot of life left

4

in the asserted patents, and allowing Samsung to continue its infringement for years is harmful to Headwater's patent portfolio and licensing business.

In any event, this Court has repeatedly rejected the notion that a non-practicing entity cannot be prejudiced by a stay. For example, in another case involving Samsung, the Court held that a stay would "unduly prejudice" plaintiff even though it did not practice the asserted patents. *Cal. Inst. of Tech. v. Samsung Elecs. Co. Ltd.*, No. 2:21-CV-00446-JRG, Dkt. 108 at 3–4 (E.D. Tex. Jan. 20, 2023). The Court further explained that "despite Samsung's assertions, both parties have already expended significant time and resources," and that "[a]ny further delay would require the parties to sink additional resources into the case, all the while postponing [plaintiff's] vindication of its patent rights." *Id.* at 4. The same reasoning applies here. Headwater would be "prejudiced by a delay in its ability to vindicate its patent rights caused by a stay, which weighs against granting this Motion." *Id.* at 3; *see also Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-CV-00235-JRG, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 18, 2014) ("a patent holder has 'an interest in the timely enforcement of its patent right'"); *Sable Networks, Inc. v. Splunk Inc.*, No. 5:21-CV-00040-RWS, Dkt. 77 at 3 (E.D. Tex. Nov. 1, 2021) (finding this factor weighed against a stay even though plaintiff was "not currently practicing the patents," as "the time allowed for the IPR decision as well as a potential appeal could cause a lengthy delay that would significantly prejudice [plaintiff]"). Delaying this case potentially for years for the mere chance that a small fraction of the asserted claims may be affected is unwarranted and prejudices Headwater's right to timely enforcement of its patents.

Samsung's delay in filing the IPRs exacerbated this prejudice. This case was filed in March 2023, and Samsung did not even start filing IPRs until November 2023. Samsung delayed another two months and filed both IPRs on the '733 patent in January 2024—10 months after the complaint

was filed. Samsung offers no explanation for its delay or for why it filed the '733 IPRs near the end of the one-year statutory deadline (with full awareness of the case schedule). Samsung also did not explain why it waited nearly a month after the last institution decisions were issued (July 26, 2024 for IPR2024-00341 and IPR2024-00342) to file this motion to stay. By the time Samsung filed its motion, the Court had already issued its claim construction order, and the parties were in the midst of fact depositions. Indeed, the parties have already conducted a half-dozen depositions, most of which required Headwater to hire interpreters. The parties and the Court could have avoided expending these resources had Samsung been more diligent.

Samsung's assertion that mere delay in collecting monetary damages does not constitute undue prejudice is contrary to this Court's precedent. *Realtime*, 2016 WL 3277259, at *2 ("The fact that Realtime is a non-practicing entity and is merely pursuing monetary damages would not preclude Realtime from experiencing prejudice if the Court granted Defendants' motion to stay.").

Likewise, Samsung's assertion that it "will suffer prejudice without a stay by incurring the burden of continuing to defend against infringement allegations of three patents, two of which the PTAB may ultimately invalidate" (Mot. at 3) fails. This Court rejected this same argument in *Cal. Tech. v. Samsung*, explaining that "Samsung's argument is inapposite, as the present factor in the stay analysis looks to 'whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party.'" *Cal. Tech. v. Samsung*, slip op. at 4 (quoting *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co. Ltd.*, No. 2:17-CV-00671-JRG, 2018 WL 3472700, at *1 (E.D. Tex. July 19, 2018)).

Samsung's purported concern that "[w]ithout a stay, this case will advance toward trial" (Mot. at 3) is not a true concern. Trial is expected to occur in January 2025, and the subsequent IPRs cannot affect many of the asserted claims at trial, including all claims of the '117 patent.

6

This factor weighs against a stay.

### C. The Parties Have Already Invested Substantial Resources into This Case and Thus the Stage of the Case Does Not Support a Stay

Samsung's assertion that this case is in the "early stage" (Mot. at 4) is simply wrong. Headwater filed this case a year and a half ago in March 2023. Since then, the parties and Court have invested substantial resources into this case. Fact discovery is nearly complete. To date, the parties have conducted a at least eight depositions, many of which required interpreters. Claim construction is completed and the Court has issued a detailed, 19-page claim construction order. Dkt. 118. Opening expert reports are currently due on September 16, 2024 (before the briefing on Samsung's stay motion will be completed). The pretrial conference is in less than three months on December 2, 2024. Meanwhile, a final written decision in IPR2024-00341 on the '733 patent is not expected until July 2025—six months after the trial in this case.

This case is squarely in the advanced stages, which weighs against a stay. *See Force Mos Tech.*, 2024 WL 1586266, at *3 (finding the stage of the proceedings weighed against a stay where, as here, "the original complaint had been filed (1) over a year before Defendant filed the Motion and (2) nearly a year before Petitioner filed the IPR petitions," explaining that the "state of discovery as of the filing of the Motion and the length of time between filing of the original complaint and the Motion indicate that this case reached a relatively advanced state"); *Longhorn HD LLC. v. NetScout Sys., Inc.*, No. 2:20-CV-00349-JRG, 2022 WL 71652, at *4 (E.D. Tex. Jan. 6, 2022) ("Although it is true that the parties, and the Court, will still invest additional resources in this case, all dates for remaining case events—including trial—have been set and the Court intends to maintain those dates. Accordingly, the Court finds this factor does not favor a stay.").

Samsung's cited cases do not support a stay. The only somewhat recent case it cites under this factor, *SEVEN Networks, LLC v. Apple Inc.* (in 2020), is easily distinguishable. That case

7

concerned 11 total asserted patents, nine of which were subject to instituted IPRs. No. 2:19-CV-00115-JRG, Dkt. 313 (E.D. Tex. Sept. 22, 2020). The Court *sua sponte* severed and stayed the case with respect to those nine patents, and let the other two patents proceed to trial. This case is far more manageable, as there are only three patents at issue. Further, in *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011-RSP, 2016 WL 1162162 (E.D. Tex. Mar. 23, 2016), while the court ultimately granted a stay because, unlike here, all asserted claims were subject to IPRs, it found that "the advanced stage of this case weighs against a stay." *Id.* at *2.

The advanced stage of this case strongly weighs against a stay.

## IV. CONCLUSION

For the foregoing reasons, Samsung's renewed motion to stay should be denied.

Dated: September 6, 2024

Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Adam Hoffman
CA State Bar No. 218740
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239

8

Amy Hayden
CA State Bar No. 287026
James Milkey
CA State Bar No. 281283
James Pickens
CA State Bar No. 307474
Jason M. Wietholter
CA State Bar No. 337139
Qi (Peter) Tong
TX State Bar No. 24119042
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Robert Christopher Bunt
Parker, Bunt & Ainsworth, P.C.

Texas State Bar No. 00787165
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel.: (903) 531-3535
rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 6, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System, which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

                                                               */s/ Marc Fenster*
                                                               Marc Fenster