IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00103-JRG-RSP |

**SAMSUNG'S MOTION TO COMPEL RESPONSES
TO INTERROGATORIES AND REQUESTS FOR ADMISSION**

I.     **INTRODUCTION**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (together, "Samsung") respectfully move the Court for an order compelling Plaintiff Headwater Research LLC ("Headwater") to respond to (1) Interrogatory No. 25 ("Rog 25"), and (2) Requests for Admissions Nos. ("RFAs") 6, 8, and 30-31.

Headwater's responses to Samsung's discovery requests are deficient. *First*, Headwater did not respond to Rog 25 seeking the basis for Headwater's denial of any RFAs. *Second*, Headwater denied both RFAs 6 and 8 concerning "device agents"—a logical impossibility given the RFAs' substance. *Third*, rather than respond to RFAs 30-31 about whether Dr. Raleigh's past statements were true, Headwater provided a non-answer that "Dr. Raleigh's statement speaks for itself," and cited to an evidentiary hearing from Headwater's earlier-filed case.

Samsung respectfully asks the Court to compel Plaintiff to respond to Rog 25 and RFAs. 6, 8, and 30-31.

II.    **FACTUAL BACKGROUND**

   A.     **Headwater's Deficient Discovery Responses**

Samsung served its Third Set of Interrogatories (No. 25) and its Third Set of Requests for Admission (Nos. 6-27) on August 8, 2024. Samsung served its Fourth Set of Requests for Admission (Nos. 28-40) on August 9, 2024.

**Rog 25.**  As to Rog 25, Samsung sought clarity as to the basis for Headwater's denials of Samsung's RFAs:

> For each Request for Admission served on You in this litigation that You denied in whole or in part, state in detail the basis for the denial, including identifying the relevant documents, information, testimony supporting the denial and identifying the knowledgeable individuals.

1

Ex. 1. On September 9, 2024, Headwater objected to Rog 25, but provided no substantive response. *Id.*

**RFAs 6 and 8.** During the Markman hearing, the Court asked Headwater's counsel if he was "reading 'device agent' to cover what is ordinarily understood as an application." Markman Hr. at 33:12-15. Samsung sought clarity as to Headwater's position on this question by propounding two RFAs, where each RFA was the inverse of each other:

> REQUEST FOR ADMISSION NO. 6
> Admit that a "device agent" does not "cover what is ordinarily understood as an application." *See* Markman Hr. 33:12-15.
>
> REQUEST FOR ADMISSION NO. 8
> Admit that a "device agent" "cover[s]" what is ordinarily understood as an application." *See* Markman Hr. 33:12-15.

Ex. 2. Logically, only one of these RFAs can be true—either a "device agent" covers "what is ordinarily understood as an application," or a "device agent" does not. On September 9, 2024, Headwater responded to both requests with "[d]eny." *Id.* Headwater gave no explanation for its contradictory responses. *Id.*; *see also* Ex. 1 (Headwater did not address its denial of RFAs 6 and 8 in response to Rog 25).

**RFAs 30-31.** RFAs 30-31 seek confirmation as to whether past public statements made by Dr. Raleigh were true:

> REQUEST FOR ADMISSION NO. 30
> Admit that the following statement from Dr. Raleigh is ***true***: "At Qualcomm … I had this idea that … the next step is operating systems technology to manage the way applications connect on these new smartphones … I took it to the then CEO of Qualcomm, again too far afield, Qualcomm is a chipset company, too risky, too disruptive … So I left Qualcomm to start Headwater, we developed that operating system technology, we distributed it to carriers, pitched it to OEMs, and its now in every smartphone on the planet.
>
> REQUEST FOR ADMISSION NO. 31
> Admit that the following statement from Dr. Raleigh ***was only bluster***: "At Qualcomm … I had this idea that … the next step is operating systems technology

2

> to manage the way applications connect on these new smartphones … I took it to the then CEO of Qualcomm, again too far afield, Qualcomm is a chipset company, too risky, too disruptive … So I left Qualcomm to start Headwater, we developed that operating system technology, we distributed it to carriers, pitched it to OEMs, and its now in every smartphone on the planet.

Ex. 3 (emphasis added). Like RFAs 6 and 8, only one of this pair of RFAs can be true—either the statement from Dr. Raleigh is true, or it is not. Instead of providing a response, Headwater responded to each RFA as follows:

> Headwater admits that Dr. Raleigh's statement speaks for itself. As Samsung well knows, Dr. Raleigh has explained this statement in detail in an evidentiary hearing, the result of which was a finding that "Headwater **HAS** standing." *See* Case No. 2:22-cv-00422-JRG-RSP, Dkt. 399 at 1 (emphasis in original).

*Id*. Headwater ignored the question at issue—the truth of Dr. Raleigh's statements. *Id*. Samsung did *not* ask Headwater to opine on whether his statement impacted Headwater's standing to bring this lawsuit. *Id.*

B.  **Meet and Confer**

On September 9, 2024, the evening before the deadline for the parties to file motions to compel on discovery issues, Headwater served its responses to the discovery requests at issue. Within hours of receiving the response, Samsung invited a September 10th Lead and Local meet and confer at whatever time worked for Headwater in view of the day's depositions. Headwater's counsel did not offer a time for their Lead and Local to join, but the parties nonetheless met and conferred with Lead for Samsung, and Kristopher Davis who has argued for Headwater before this Court several times. The parties did not resolve their disputes.

C.  **Interrogatory Responses**

An Interrogatory may seek information "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1), 33(a)(2). Each Interrogatory must "be answered separately and fully in writing under oath." Fed.

3

R. Civ. P. 33(b)(3).  Parties responding to Interrogatories do not get to "decid[e] which [I]nterrogatories (or subparts) to answer and which to ignore." *Stambler v. Amazon.com, Inc.*, Case No. 2:09-cv-310 (DF), 2011 U.S. Dist. LEXIS 157125, at *21 (E.D. Tex. May 23, 2011). Instead, parties must "fully answer" Interrogatories with "all relevant, discoverable information." *Id.*, at *18, 21 (granting Plaintiff's motion to compel). "[A]n evasive or incomplete disclosure, answer, or response [related to discovery] must be treated as a failure to disclose, answer, or respond." *Ultravision Techs, LLC. v. Govision, LLC*, Case No. 2:18-cv-00100-JRG-RSP, 2020 U.S. Dist. LEXIS 257772, at *8 (E.D. Tex. July 18, 2020) (citing Fed. R. Civ. P. 37(a)(4)); *see also Oasis Research, LLC v. Adrive, LLC*, Case No. 4:10-CV-00435, 2011 U.S. Dist. LEXIS 153466, at *6-8 (E.D. Tex. Sept. 13, 2011) (granting motion to compel Interrogatory response under Rule 37).

D. **Request for Admission Responses**

RFAs may seek an admission as to "the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). The options for responding to a RFA are "admit," "deny," or "admit[ a part] and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.*; *see also CHU de Quebec-Universite Laval v. Dreamscape Dev. Grp. Holdings, Inc.*, Case No. 4:21-CV-182-SDJ, 2022 U.S. Dist. LEXIS 95704, at *19-26 (E.D. Tex. May 27, 2022) (granting motion to compel adequate responses to RFA on Rule 36 basis).

III. **ARGUMENT**

    A. **Headwater Must Provide Samsung with the Basis for Its Denial of Samsung's Requests for Admission**

For Samsung to defend itself in this litigation, Samsung must understand what Headwater's positions are, including why it has denied Samsung's RFAs. Headwater's denials of Samsung's RFAs bear on Samsung's non-infringement and invalidity case (*see, e.g.*, Ex. 2 (RFA 7: "Admit that applications 'downloaded from the app store' … are not 'device agents'")), its damages case (*see, e.g.*, *id.* (RFA 27: "Admit that the license agreements entered into between Headwater and ItsOn, Inc. between 2009 and 2017 were not the product of arms-length negotiations")), and other claims and defenses in this case (*see, e.g.*, Ex. 3 (RFA 28: "Admit that before Dr. Raleigh left employment at Qualcomm, he disclosed an idea to Qualcomm's CEO that is now used in every smartphone on the planet")).

Headwater's failure to provide any basis for its denials is inexcusable. Headwater is well aware of its obligation to properly respond to Samsung's "permissible and common" discovery requests. *See Bay Area Unitarian Universalist Church v. Ogg*, Case No. 4:20-cv-03081, 2022 U.S. Dist. LEXIS 131265, at *9-10 (S.D. Tex. July 25, 2022) (in response to an Interrogatory seeking "an explanation for each RFA that [Party] denied," holding that "[c]ontention interrogatories seeking factual explanations for RFA responses are permissible and common."); *United States ex rel. Simms v. Austin Radiological Ass'n.*, Case. No. A-10-CV-914-LY, 2014 U.S. Dist. LEXIS 35796, at *19-20 (W.D. Tex. Mar. 19, 2014) (compelling a response to an Interrogatory reciting "To the extent that [Party]'s Responses to the Requests for Admission served concurrently with these interrogatories include anything other than unqualified admissions, please explain in detail the basis for each response"). Headwater's failure to do so prejudices Samsung. *See Weatherford Tech. Holdings v. Tesco Corp.*, Case No. 2:17-CV-00456-JRG, 2018 U.S. Dist.

5

LEXIS 239350, at *7-8 (E.D. Tex. Apr. 27, 2018) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958); *Comput. Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1117 (9th Cir. 2004)) ("Modern instruments of discovery serve a useful purpose … [to] make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."  "An important purpose of discovery is to reveal what evidence the opposing party has, thereby helping determine which facts are undisputed—perhaps paving the way for a summary judgment motion—and which facts must be resolved at trial.").  Samsung is thus entitled to a full and complete response to Rog 25.

> B. **Headwater Must Provide Samsung with A Non-Contradictory Response to Requests for Admission 6 and 8, and Requests for Admission 30-31**

As to RFAs 6, 8, and 30-31, Headwater's responses defy logic.  Through these RFAs, Samsung sought clarity from Headwater as to whether a "device agent" does or does not "cover what is ordinarily understood as an application" (RFAs 6 and 8) and whether Dr. Raleigh's previous statements were "true" or "bluster" (RFAs 30 and 31).  Ex. 2; Ex. 3.

As to RFAs 6 and 8, Headwater denied both, thus informing Samsung that a "device agent" **both** does and does not "cover what is ordinarily understood as an application."  Ex. 2. Headwater's responses create even greater confusion and run counter to the purpose of propounding RFAs—to allow the requesting party to ascertain "the truth of any matters … relating to … facts, the application of law to fact, or opinions about either."  Fed. R. Civ. P. 36(a)(1).

As to RFAs 30-31, Headwater improperly evaded responding to the RFAs.  The RFAs seek clarity as to whether past statements made by Dr. Raleigh are true or not.  Ex. 3.  Headwater may respond by admitting or denying the Requests, in whole or in part.  Fed. R. Civ. P. 36(a)(4). Alternatively, Headwater may assert a lack of knowledge to respond to the Requests, although such a response would not be defensible given that Dr. Raleigh is actively involved in this litigation

6

(including as the sole named inventor and the sole 30(b)(6) designee for Headwater). Headwater does neither. Instead, it contends that it "admits that Dr. Raleigh's statement speaks for itself," providing no response to Samsung's question as to the truth of the statements. Ex. 3. Further, Headwater's reference to Dr. Raleigh's contextualization of the statement in an evidentiary hearing on standing in a related case similarly does not address the truthfulness of the statements. *Id.* Dr. Raleigh's past statements are relevant to this case, including standing and the history of Headwater. *Id*.

Samsung is entitled to a sufficient response from Headwater as to each RFA.

## IV.     CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant this motion and compel complete responses to the aforementioned Interrogatory and Requests for Admission.

Dated: September 10, 2024        Respectfully submitted,

By:    */s/ Katherine D. Prescott*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice* forthcoming)
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
Nicholas A. Gallo (*pro hac vice* forthcoming)
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice* forthcoming)
GA Bar No. 512272
lake@fr.com
Vivian C. Keller (admitted *pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**

8

1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036

Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry Lee Gillam , Jr
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Lance Lin Yang
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP – LA**
Los Angeles, CA 90017 USA
Tel: (213) 443-3000
Fax: (213) 443-3100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579

10

                gschmidt@hilgersgraben.com
                **HILGERS GRABEN PLLC**
                7859 Walnut Hill Lane, Suite 335
                Dallas, Texas 75230
                Telephone: (972) 645-3097

                **ATTORNEYS FOR DEFENDANTS**
                **SAMSUNG ELECTRONICS CO., LTD. AND**
                **SAMSUNG ELECTRONICS AMERICA, INC.**

**CERTIFICATE OF CONFERENCE**

Counsel for Defendants contacted Plaintiff's counsel within a few hours of receiving Plaintiff's September 9th responses, inviting a September 10th Lead and Local meet and confer at whatever time worked for Plaintiff in view of the day's depositions. Plaintiff's counsel did not offer a time for their Lead and Local to join, but the parties nonetheless met and conferred with Lead for Defendants, and Kristopher Davis who has argued for Plaintiff before this Court several times. Plaintiff opposes this motion.

*/s/ Katherine D. Prescott*
Katherine D. Prescott

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the following document is authorized to be filed under seal pursuant to the Protective Order in this case.

*/s/ Katherine D. Prescott*
Katherine D. Prescott

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on September 10, 2024. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Katherine D. Prescott*
Katherine D. Prescott