# Exhibit 2

of this District and any court orders.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 6**

Admit that a "device agent" does not "cover what is ordinarily understood as an application." *See* Markman Hr. 33:12-15.

**RESPONSE TO REQUEST NO. 6:**

In addition to Headwater's General Objections, which are incorporated by reference as though fully set forth herein, Headwater additionally objects to this Request to the extent it requires a legal conclusion or requires Headwater to provide a legal opinion without the necessary predicate factual information. Headwater further objects to this Request on the grounds that it is vague, ambiguous, and overbroad. Headwater further objects to this Request on the grounds that it seeks premature expert opinions and to the extent that it seeks to require Headwater to prematurely marshal all of its proof or any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing General and Specific Objections, and to the extent that it understands this Request, Headwater responds as follows:

Deny.

Discovery is ongoing, and Headwater reserves the right to amend or supplement this response as discovery proceeds.

**REQUEST FOR ADMISSION NO. 7**

Admit that applications "downloaded from the app store" (*see* Markman Hr. Tr. 33:5-7) are not "device agents."

**RESPONSE TO REQUEST NO. 7:**

In addition to Headwater's General Objections, which are incorporated by reference as

though fully set forth herein, Headwater additionally objects to this Request to the extent it requires a legal conclusion or requires Headwater to provide a legal opinion without the necessary predicate factual information. Headwater further objects to this Request on the grounds that it is vague, ambiguous, and overbroad. Headwater further objects to this Request on the grounds that it seeks premature expert opinions and to the extent that it seeks to require Headwater to prematurely marshal all of its proof or any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing General and Specific Objections, and to the extent that it understands this Request, Headwater responds as follows:

Deny.

Discovery is ongoing, and Headwater reserves the right to amend or supplement this response as discovery proceeds.

**REQUEST FOR ADMISSION NO. 8**

Admit that a "device agent" "cover[s] what is ordinarily understood as an application." *See* Markman Hr. 33:12-15.

**RESPONSE TO REQUEST NO. 8:**

In addition to Headwater's General Objections, which are incorporated by reference as though fully set forth herein, Headwater additionally objects to this Request to the extent it requires a legal conclusion or requires Headwater to provide a legal opinion without the necessary predicate factual information. Headwater further objects to this Request on the grounds that it is vague, ambiguous, and overbroad. Headwater further objects to this Request on the grounds that it seeks premature expert opinions and to the extent that it seeks to require Headwater to prematurely marshal all of its proof or any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing General and Specific Objections, and to the extent that it understands this Request, Headwater responds as follows:

Deny.

Discovery is ongoing, and Headwater reserves the right to amend or supplement this response as discovery proceeds.

**REQUEST FOR ADMISSION NO. 9**

Admit that all applications "downloaded from the app store" (*see* Markman Hr. Tr. 33:5-7) are "device agents."

**RESPONSE TO REQUEST NO. 9:**

In addition to Headwater's General Objections, which are incorporated by reference as though fully set forth herein, Headwater additionally objects to this Request to the extent it requires a legal conclusion or requires Headwater to provide a legal opinion without the necessary predicate factual information. Headwater further objects to this Request on the grounds that it is vague, ambiguous, and overbroad. Headwater further objects to this Request on the grounds that it seeks premature expert opinions and to the extent that it seeks to require Headwater to prematurely marshal all of its proof or any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing General and Specific Objections, and to the extent that it understands this Request, Headwater responds as follows:

Deny.

Discovery is ongoing, and Headwater reserves the right to amend or supplement this response as discovery proceeds.

**REQUEST FOR ADMISSION NO. 10**

Admit that Headwater did not invent push notifications or push messaging.

**RESPONSE TO REQUEST NO. 10:**

In addition to Headwater's General Objections, which are incorporated by reference as though fully set forth herein, Headwater additionally objects to this Request to the extent it requires a legal conclusion or requires Headwater to provide a legal opinion without the necessary predicate factual information. Headwater further objects to this Request on the grounds that it is vague, ambiguous, and overbroad. Headwater further objects to this Request on the grounds that it seeks premature expert opinions and to the extent that it seeks to require Headwater to prematurely marshal all of its proof or any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter. Headwater further objects to Headwater further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine and/or any other applicable privilege.

Subject to and without waiving the foregoing General and Specific Objections, and to the extent that it understands this Request, Headwater responds as follows:

Headwater admits that certain of its inventions relate to push notifications and push messaging, but Headwater did not invent all aspects of push notifications or push messaging.

Discovery is ongoing, and Headwater reserves the right to amend or supplement this response as discovery proceeds.

**REQUEST FOR ADMISSION NO. 11**

Admit that ItsOn Inc. did not design, develop, or manufacture any televisions.

**RESPONSE TO REQUEST NO. 11:**

In addition to Headwater's General Objections, which are incorporated by reference as though fully set forth herein, Headwater additionally objects to this Request to the extent it requires

though fully set forth herein, Headwater additionally objects to this Request to the extent it requires a legal conclusion or requires Headwater to provide a legal opinion without the necessary predicate factual information. Headwater further objects to this Request on the grounds that it is vague, ambiguous, and overbroad. Headwater further objects to this Request on the grounds that it seeks premature expert opinions and to the extent that it seeks to require Headwater to prematurely marshal all of its proof or any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter. Headwater further objects to Headwater further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine and/or any other applicable privilege.

Subject to and without waiving the foregoing General and Specific Objections, and to the extent that it understands this Request, Headwater responds as follows:

Admit.

Discovery is ongoing, and Headwater reserves the right to amend or supplement this response as discovery proceeds.

**REQUEST FOR ADMISSION NO. 27**

Admit that the license agreements entered into between Headwater and ItsOn, Inc. between 2009 and 2017 were not the product of arms-length negotiations.

**RESPONSE TO REQUEST NO. 27:**

In addition to Headwater's General Objections, which are incorporated by reference as though fully set forth herein, Headwater additionally objects to this Request to the extent it requires a legal conclusion or requires Headwater to provide a legal opinion without the necessary predicate factual information. Headwater further objects to this Request on the grounds that it is vague, ambiguous, and overbroad. Headwater further objects to this Request on the grounds that it seeks premature expert opinions and to the extent that it seeks to require Headwater to prematurely marshal all of its proof or any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter. Headwater further objects to Headwater further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine and/or any other applicable privilege.

Subject to and without waiving the foregoing General and Specific Objections, and to the extent that it understands this Request, Headwater responds as follows:

Deny.

Discovery is ongoing, and Headwater reserves the right to amend or supplement this response as discovery proceeds.

Dated:   September 9, 2024

Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
Email: bledahl@raklaw.com
Ben Wang
CA State Bar No. 228712
Email: bwang@raklaw.com
Adam Hoffman
CA State Bar No. 218740
Email: ahoffman@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Paul Kroeger
CA State Bar No. 229074
Email: pkroeger@raklaw.com
Neil A. Rubin