# Exhibit 3

of this District and any court orders.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 28**

Admit that before Dr. Raleigh left employment at Qualcomm, he disclosed an idea to Qualcomm's CEO that is now used in every smartphone on the planet.

**RESPONSE TO REQUEST NO. 28:**

In addition to Headwater's General Objections, which are incorporated by reference as though fully set forth herein, Headwater additionally objects to this Request to the extent it requires a legal conclusion or requires Headwater to provide a legal opinion without the necessary predicate factual information. Headwater further objects to this Request on the grounds that it is vague, ambiguous, and overbroad, including as to "idea." Headwater further objects to this Request on the grounds that it seeks premature expert opinions and to the extent that it seeks to require Headwater to prematurely marshal all of its proof or any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter. Headwater further objects to Headwater further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine and/or any other applicable privilege.

Subject to and without waiving the foregoing General and Specific Objections, and to the extent that it understands this Request, Headwater responds as follows:

Deny.

Discovery is ongoing, and Headwater reserves the right to amend or supplement this response as discovery proceeds.

**REQUEST FOR ADMISSION NO. 29**

Admit that before Dr. Raleigh left employment at Qualcomm, he did not disclose an idea to Qualcomm's CEO that is now used in every smartphone on the planet.

**RESPONSE TO REQUEST NO. 29:**

In addition to Headwater's General Objections, which are incorporated by reference as though fully set forth herein, Headwater additionally objects to this Request to the extent it requires a legal conclusion or requires Headwater to provide a legal opinion without the necessary predicate factual information. Headwater further objects to this Request on the grounds that it is vague, ambiguous, and overbroad, including as to "idea." Headwater further objects to this Request on the grounds that it seeks premature expert opinions and to the extent that it seeks to require Headwater to prematurely marshal all of its proof or any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter. Headwater further objects to Headwater further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine and/or any other applicable privilege.

Subject to and without waiving the foregoing General and Specific Objections, and to the extent that it understands this Request, Headwater responds as follows:

Admit.

Discovery is ongoing, and Headwater reserves the right to amend or supplement this response as discovery proceeds.

**REQUEST FOR ADMISSION NO. 30**

Admit that the following statement from Dr. Raleigh is true: "At Qualcomm … I had this idea that … the next step is operating systems technology to manage the way applications connect on these new smartphones … I took it to the then CEO of Qualcomm, again too far afield, Qualcomm is a chipset company, too risky, too disruptive … So I left Qualcomm to start Headwater, we developed that operating system technology, we distributed it to carriers, pitched it to OEMs, and its now in every smartphone on the planet."

**RESPONSE TO REQUEST NO. 30:**

In addition to Headwater's General Objections, which are incorporated by reference as though fully set forth herein, Headwater additionally objects to this Request to the extent it requires a legal conclusion or requires Headwater to provide a legal opinion without the necessary predicate factual information. Headwater further objects to this Request on the grounds that it is vague, ambiguous, incomplete, and overbroad. Headwater further objects to this Request on the grounds that it seeks premature expert opinions and to the extent that it seeks to require Headwater to prematurely marshal all of its proof or any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter. Headwater further objects to Headwater further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine and/or any other applicable privilege.

Subject to and without waiving the foregoing General and Specific Objections, and to the extent that it understands this Request, Headwater responds as follows:

Headwater admits that Dr. Raleigh's statement speaks for itself. As Samsung well knows, Dr. Raleigh has explained this statement in detail in an evidentiary hearing, the result of which was a finding that "Headwater **HAS** standing." *See* Case No. 2:22-cv-00422-JRG-RSP, Dkt. 399 at 1 (emphasis in original).

Discovery is ongoing, and Headwater reserves the right to amend or supplement this response as discovery proceeds.

**REQUEST FOR ADMISSION NO. 31**

Admit that the following statement from Dr. Raleigh was only bluster: "At Qualcomm … I had this idea that … the next step is operating systems technology to manage the way applications connect on these new smartphones ... I took it to the then CEO of Qualcomm, again too far afield, Qualcomm is a chipset company, too risky, too disruptive … So I left Qualcomm to start Headwater, we developed that operating system technology, we distributed it to carriers, pitched it to OEMs, and its now in every smartphone on the planet."

**RESPONSE TO REQUEST NO. 31:**

In addition to Headwater's General Objections, which are incorporated by reference as though fully set forth herein, Headwater additionally objects to this Request to the extent it requires a legal conclusion or requires Headwater to provide a legal opinion without the necessary predicate factual information. Headwater further objects to this Request on the grounds that it is vague, ambiguous, and overbroad. Headwater further objects to this Request on the grounds that it seeks premature expert opinions and to the extent that it seeks to require Headwater to prematurely marshal all of its proof or any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter. Headwater further objects to Headwater further objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine and/or any other applicable privilege.

Subject to and without waiving the foregoing General and Specific Objections, and to the extent that it understands this Request, Headwater responds as follows:

Headwater admits that Dr. Raleigh's statement speaks for itself. As Samsung well knows, Dr. Raleigh has explained this statement in detail in an evidentiary hearing, the result of which was a finding that "Headwater **HAS** standing." *See* Case No. 2:22-cv-00422-JRG-RSP, Dkt. 399 at 1 (emphasis in original).

Discovery is ongoing, and Headwater reserves the right to amend or supplement this response as discovery proceeds.

**REQUEST FOR ADMISSION NO. 32**

Admit that after Dr. Raleigh left employment at Qualcomm, Qualcomm asserted ownership of his patent applications.

**RESPONSE TO REQUEST NO. 32:**