**PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00103-JRG-RSP |

## SAMSUNG'S OPPOSITION TO HEADWATER'S
## MOTION TO AMEND DOCKET CONTROL ORDER (DKT. NO. 132)

**PUBLIC VERSION**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America Inc. (collectively, Samsung) oppose Plaintiff's Tuesday, September 10 request that the Court further amend the DCO to extend the deadline to file motions to compel. At Plaintiff's request, on Monday, September 9, Samsung agreed to modify the fact and expert discovery deadlines. *See* Dkt. 133-1 (Ex. 1 to Davis Decl.) at 1; Dkt. 130.[1] Samsung conditioned modification of these deadlines on maintaining the September 10 deadline for motions to compel. Dkt. 133-1 at 3-4. Less than 24 hours later, Plaintiff is reneging on that agreement and seeking to extend the deadline for motions to compel. Nothing changed in those 24 hours that creates good cause for Plaintiff's requested extension. Samsung requests that Headwater's attempt to use this time to inundate the Court and parties with unwarranted and belated motion practice be denied.

**I.      DEPOSITIONS REGARDING GOOGLE-SAMSUNG AGREEMENTS**

Plaintiff has already filed a motion to compel production of certain Google-Samsung Agreements, including a Revenue Sharing Agreement ("RSA") (Dkt. 122 at 4-6) and the parties dispute the relevancy of the RSA. Citations in Plaintiff's motion to compel Google-Samsung Agreement show that it has long been public knowledge that James Kolotouros and SeungHo Song were involved in the RSA. *See generally id.* at Exs. 9–11. Nonetheless, Plaintiff chose not to subpoena Mr. Kolotouros and notice Mr. Song until August 28—13 days before the then-scheduled close of fact discovery and well after the original close of fact discovery. Third party Mr. Kolotouros agreed for Fish to accept service on his behalf, alleviating Headwater of the need to formally serve him. Plaintiff then refused to provide Mr. Kolotouros the courtesy of an extension of time to respond to the subpoena. As set forth in Mr. Kolotouros' objections served the morning of September 9, there are complicating third-party confidentiality issues surrounding any

---

[1] Samsung has already twice previously in this case agreed to Headwater's requests to modify and extend the schedule.

deposition of Mr. Kolotouros given that he is a former Google employee and a current non-Defendant Samsung Research America employee. While Headwater suggested that Mr. Song might be deposed September 11, 12 or 13, Samsung did not agree to these dates. Dkt. 133-1 at 4. Nothing changed concerning these depositions from the time the parties jointly agreed to a motion to compel deadline of September 9 to the following day when Plaintiff filed this motion.

## II. THE PARTIES' RECENT DOCUMENT PRODUCTIONS

As to be expected, the parties have both continued to produce documents throughout fact discovery. For example, with Dr. Raleigh's deposition scheduled for September 10, on Friday, September 6, Plaintiff produced over 100 emails and other documents between Dr. Raleigh ▇▇. These documents were responsive to requests from the -422 matter, not just this case, and have been subject to extensive discussion between the parties. In contrast, Samsung's recent production of documents has been in response to follow up requests Plaintiff made after August depositions and recent shifts in Plaintiff's infringement and damages theories, as well as in attempt to minimize the disputes before the Court in the Plaintiff's prematurely filed Motion to Compel (Dkt. 122).

Samsung's recent production of data concerning the number of push notifications sent and the Google-Samsung MADA cannot be a surprise to Plaintiff or justify its changed position on the deadline for motions to compel from September 9 to September 10. Plaintiff had filed a motion to compel these very documents on September 3. Dkt. 122 at 4-6 (seeking production of MADA); Dkt 122 at 6-7 (seeking extent of use data for push notifications). Plaintiff cannot use what it expected to receive in response to its motion to compel to now justify an extension of the deadline of the motion to compel.

Nor can Samsung's recent production of additional documents from Mr. Jwa be a surprise to Plaintiff or justify a changed position on the deadline for motions to compel from September 9

to September 10. Plaintiff requested these documents at Mr. Jwa's August 26-27 deposition and Samsung produced them thereafter. During the meet and confer on September 10, Plaintiff could not specify how many additional hours it was seeking with Mr. Jwa.

### III.  THE PARTIES' MEET AND CONFER

After agreeing, on September 9, in the joint submission to the Court (Dkt. 130) that the deadline for motion to compel should be September 10, during a September 10 meet and confer scheduled for other purposes, Plaintiff raised for the first time an extension of the deadline to move to compel. Even when it made the request, Plaintiff could not specify how long of an extension it sought.

### IV.  LOCAL COUNSEL AVAILABILITY

Samsung's local counsel was available to meet and confer at both 2pm CT and at 5pm CT on September 10.  Samsung's lead counsel was available at these times as well. Plaintiff counsel only made itself available at 2:30 CT, and on less than an hour's notice.

### V.  CONCLUSION

For the reasons set forth above, there is no good cause to modify the DCO to extend the deadline for motions to compel from the deadline of September 10, 2024 to which the parties just agreed on September 9, 2024.

Dated: September 11, 2024   Respectfully submitted,

By: */s/     Thad C. Kodish*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice* forthcoming)
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
Nicholas A. Gallo (*pro hac vice* forthcoming)
GA Bar No. 546590
gallo@fr.com
Steffen C. Lake (*pro hac vice* forthcoming)
GA Bar No. 512272
lake@fr.com
Vivian C. Keller (*pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21

4

Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036
Telephone: (212) 765-5070

Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com

Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111

6

Telephone: (415) 875-6600

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

**PUBLIC VERSION**

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff and counsel for Defendants met and conferred at 2:30 p.m. CT on September 10, 2024, in compliance with the meet and confer requirements of Local Rule CV-7(h). Thereafter, counsel for Plaintiff and Defendant corresponded by email, wherein counsel for Defendants informed Plaintiff's counsel that Defendants opposed Plaintiff's instant motion.

*/s/ Thad C. Kodish*
Thad C. Kodish

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Thad C. Kodish*
Thad C. Kodish

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court of the Eastern District of Texas using the ECF System under seal on September 11, 2024 and served plaintiff with a copy via electronic mail.

*/s/ Thad C. Kodish*
Thad C. Kodish