**PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00103-JRG-RSP<br><br>█████████ |

### SAMSUNG'S SUR-REPLY IN OPPOSITION TO HEADWATER'S
### MOTION TO AMEND DOCKET CONTROL ORDER (DKT. NO. 132)

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America Inc. (collectively, "Samsung") hereby submit this sur-reply to correct a number of false statements in Headwater's Reply (Dkt. 137), which Headwater mischaracterizes as "major developments" taking place since September 8, 2024 (four days ago) that purportedly require yet another extension to the already agreed-upon DCO schedule. Reply at 1; Dkt. 133-1 at 4–5.

First, Headwater misstates that the parties' agreement on the latest amended schedule (Dkts. 130, 131) was "express[ly] condition[ed]" on Samsung offering Mr. Song for deposition the week of September 9th. *See* Dkt. 133-1 at 4–5. Headwater stated it "could" agree to take Mr. Song's deposition this week (on September 11, 12, or 13). Dkt. 133-1 at 4. Even assuming Headwater's suggested deposition dates for Mr. Song constituted a firm proposal, Samsung's email response does not contain any acceptance. *Id.* at 3. Nor does Headwater's email reflect that its agreement to the proposed schedule was "condition[ed]" on deposing Mr. Song this week. *Id.* at 4. The parties' positions have not changed and there has been no "major development."

Second, with respect to the scheduling of depositions of both Mr. Song and Mr. Kolotouros, neither Mr. Song nor Mr. Kolotouros had an agreed-upon deposition date on September 9th when Headwater agreed to the current schedule. This did not change by September 10th when Headwater filed its motion.[1] Again, no "major development." Incredibly, Headwater took 1.5 months to produce Headwater founder and CEO, Greg Raleigh for his 30(b)(1) deposition (noticed by Samsung on May 1, 2024; deposed on June 14, 2024), yet now complains that Samsung has not immediately made available for deposition two witnesses whose names were not uttered during the entire case until Headwater subpoenaed/noticed these individuals with only two weeks left in

---

[1] Consistent with Headwater's discovery strategy, Headwater requested that Samsung be prepared to discuss deposition scheduling for Mr. Song and Mr. Kolotouros on the parties' September 10 meet-and-confer ***less than one hour before*** the meet-and-confer was set to begin.

1

the already-extended discovery period. Only Headwater is to blame for waiting until the end of fact discovery to subpoena Mr. Kolotouros and notice Mr. Song—conduct that has led to Headwater now manufacturing "development[s]" in an attempt to excuse its welching on the parties' agreed-upon schedule. *See* Opp. at 1.

Third, Headwater cannot credibly claim that Samsung's recent ▮▮▮▮▮ ▮▮▮▮▮ document production justifies reneging on its scheduling agreement. As explained in Samsung's opposition, Samsung began producing ▮▮ documents during Mr. Jwa's August 26-27 deposition at Headwater's request and produced more *in response to* Headwater's already filed motion to compel (Dkt. 122). Opp. at 2–3. Headwater fails to explain why mooting at least part of its motion to compel justifies a blank check to file yet more motions to compel. The deadline for motions to compel is also unrelated to whether the parties can "meaningfully meet and confer" about Headwater's recent request for additional deposition time with Mr. Jwa to question him about these ▮▮ documents. *See* Reply at 3–4.

In addition, the relevance of the at-issue ▮▮ documents remains anything but clear. Samsung has repeatedly asked Headwater to amend its infringement contentions to describe with specificity its infringement theories and Headwater has refused. Up until Mr. Jwa's August 26th deposition, Headwater's theory—as best Samsung could understand it—focused on ▮▮▮▮▮ ▮▮▮▮▮ and Firebase Cloud Messaging ("FCM"), ***not*** ▮▮—which offers no push services independent from ▮▮ and FCM.[2]

---

[2] Based on this understanding, Samsung produced voluminous documentation, including ▮▮ and FCM user guides and specifications. It is unreasonable to expect Samsung to produce user guides and specifications for ***unaccused features*** merely because they make passing reference to ▮▮ or FCM. *See* Reply at 3.

2

**PUBLIC VERSION**

▮▮▮▮▮▮▮▮

Indeed, Headwater's undisclosed interest in ▮▮ represents a shift in its infringement theory and is the result of Headwater's sluggish approach to fact discovery. Headwater waited *eight months* to raise any issues regarding the completeness of Samsung's production. *See* Dkt. 122 at 1-2 (referencing Headwater's Document Requests served November 14, 2023 and Headwater's follow-up letter served July 16, 2024). Headwater further waited until the waning days of fact discovery to notice depositions, resulting in Samsung's 30(b)(6) designees sitting for deposition in the last two weeks of August, less than a month before the then-close of fact discovery. Despite Headwater's lack of diligence, Samsung has done its best to accommodate Headwater's iterations of eleventh-hour document requests spurred by Headwater's latest untimely theory of infringement relating to ▮▮. Neither Headwater's failure to diligently pursue discovery nor Samsung's accommodation of Headwater's requests constitute "major development[s]" requiring modification of the DCO. If anything, Samsung's accommodation of Headwater's requests obviates the need for modification.

For the reasons set forth above and in Samsung's opposition, there is no good cause to modify the DCO to extend the deadline for motions to compel from the current deadline.

Dated: September 12, 2024                              Respectfully submitted,

                                   By:  */s/     Thad C. Kodish*
                                             Ruffin B. Cordell
                                             TX Bar No. 04820550
                                             Michael J. McKeon
                                             DC Bar No. 459780
                                             mckeon@fr.com
                                             Jared Hartzman (*pro hac vice* forthcoming)
                                             DC Bar No. 1034255
                                             hartzman@fr.com
                                             **FISH & RICHARDSON P.C.**
                                             1000 Maine Avenue, SW, Ste 1000
                                             Washington, D.C. 20024
                                             Telephone: (202) 783-5070
                                             Facsimile: (202) 783-2331

                                             Thad C. Kodish
                                             GA Bar No. 427603
                                             tkodish@fr.com
                                             Benjamin K. Thompson
                                             GA Bar No. 633211
                                             bthompson@fr.com
                                             Jonathan B. Bright
                                             GA Bar No. 256953
                                             jbright@fr.com
                                             Christopher O. Green
                                             GA Bar No. 037617
                                             cgreen@fr.com
                                             Noah C. Graubart
                                             GA Bar No. 141862
                                             graubart@fr.com
                                             Sara C. Fish
                                             GA Bar No. 873853
                                             sfish@fr.com
                                             Nicholas A. Gallo (*pro hac vice* forthcoming)
                                             GA Bar No. 546590
                                             gallo@fr.com
                                             Steffen C. Lake (*pro hac vice* forthcoming)
                                             GA Bar No. 512272
                                             lake@fr.com
                                             Vivian C. Keller (*pro hac vice*)
                                             GA Bar No. 651500
                                             keller@fr.com
                                             **FISH & RICHARDSON P.C.**
                                             1180 Peachtree St. NE, Fl. 21

Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036
Telephone: (212) 765-5070

Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600

6

**PUBLIC VERSION**

                                                        Jon Bentley Hyland
                                                       Texas Bar No. 24046131
                                                       jhyland@hilgersgraben.com
                                                       Grant K. Schmidt
                                                       Texas Bar No. 24084579
                                                       gschmidt@hilgersgraben.com
                                                       **HILGERS GRABEN PLLC**
                                                       7859 Walnut Hill Lane, Suite 335
                                                       Dallas, Texas 75230
                                                       Telephone: (972) 645-3097

                                                       **ATTORNEYS FOR DEFENDANTS**
                                                       **SAMSUNG ELECTRONICS CO., LTD. AND**
                                                       **SAMSUNG ELECTRONICS AMERICA, INC.**

**PUBLIC VERSION**

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff and counsel for Defendants met and conferred at 2:30 p.m. CT on September 10, 2024, in compliance with the meet and confer requirements of Local Rule CV-7(h). Thereafter, counsel for Plaintiff and Defendant corresponded by email, wherein counsel for Defendants informed Plaintiff's counsel that Defendants opposed Plaintiff's instant motion.

*/s/ Thad C. Kodish*
Thad C. Kodish

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Thad C. Kodish*
Thad C. Kodish

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court of the Eastern District of Texas using the ECF System under seal on September 12, 2024 and served plaintiff with a copy via electronic mail.

*/s/ Thad C. Kodish*
Thad C. Kodish