**PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00103-JRG-RSP |

**SAMSUNG'S MOTION TO COMPEL HEADWATER TO SERVE A CORRECT
<u>RESPONSE TO INTERROGATORY NO. 11</u>**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") respectfully move the Court for an order compelling Plaintiff Headwater Research LLC ("Headwater") to provide a correct response to Interrogatory No. 11 ("ROG 11"). This dispute results from Headwater's failure to correct its interrogatory response, which it copied from a different case involving different technology. Nine months ago, Headwater served RFA responses contradicting its ROG 11 response. Three months ago, its representative (Dr. Raleigh) testified likewise. It is beyond time for Headwater to correct its interrogatory response.

## I. FACTUAL BACKGROUND

### A. The Complaint Claims that the ItsOn Software Practiced the Asserted Patents

Headwater's Complaint focuses on the prior relationship between Samsung and ItsOn, a company also founded by Headwater founder Dr. Gregory Raleigh. *See* Dkt. 31. Sprint and ItsOn had an arrangement where Sprint had Samsung include ItsOn software on certain Sprint devices, which arrangement ended around 2016.

In its Complaint, Headwater predicates its willfulness allegations on the theory that Samsung received "notice of the asserted patents" via its exposure to ItsOn software that implemented "Headwater-patented technology." *See id.* ¶¶ 16-36, 56, 60, 64, 70, 74, 79, 85, 89, 94. Specifically, Headwater: (i) bases its willfulness claims on the "installation of the ItsOn software and solutions into [Samsung's] operating systems, source code, and kernels in 2013-2016." *Id.*, ¶¶ 64, 79, 94; and (ii) claims Samsung knew of/was willfully blind to its alleged infringement because "the ItsOn software installed on [Samsung] phones and tablets in 2013-2016 included a patent marking notice." *Id.*, ¶¶ 64, 79.

### B. Headwater's ROG 11 Response Claims that the ███████████████

Samsung's ROG 11 seeks "the factual and legal basis and supporting evidence for"

1



Headwater's willfulness allegation. Ex. 1.  In its November 27, 2023 response, Headwater made various willfulness allegations premised on the theory that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id*.  For example, Headwater's response alleges:

- "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Id*.  However, this response was inaccurate, as Headwater indiscriminately copied this response from a companion case (the -422 case) involving different patents and technology.  For example, neither "roaming control" nor "background/foreground differential data control technology" has anything to do with the asserted patents in this case; rather, those technologies are at issue in the -422 case (from which Headwater's ROG 11 response was copied).

Five months later, on May 17, 2024, Headwater served its ***first and only*** supplemental response to ROG 11,[1] adding a Rule 33(d) string cite of documents—none of which show that the

---

[1] HW's only Rog 11 Supplemental Response says "Third Supplemental Response to [ROG] 11 (2/9/2024)." This is an incorrect copy and paste from HW's ROG 11 response in the -422 case. HW only served one supplemental response to ROG 11 in this case (-103), and it did so on May 17, 2024.

2

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Ex. 1.

Headwater incorporates its response to ROG 11 into at least four other interrogatory responses:

- No. 4, which seeks, *inter alia*, the legal and factual bases/details for Headwater's contention there are secondary considerations that should be considered as to non-obviousness under 35 U.S.C. § 103.  Headwater ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and incorporates its ROG 11 response in support.

- No. 6, which seeks details about the measure and proper calculation of any and all damages and harm claimed against Samsung in this litigation.

- No. 9, which seeks information about any U.S. products that allegedly embodied any claim of the Asserted Patents.  As part of its response, Headwater incorporates its response to ROG 11.

- No. 12, which seeks the legal and factual bases/details for Headwater's indirect infringement allegations.  As part of its response, Headwater incorporates its response to ROG 11.

**C.     But Headwater's RFA Responses Claim the** ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬

While Headwater's ROG 11 response claims t▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬ Headwater's RFA responses claim otherwise.

In its December 6, 2023 responses to Samsung's first set of RFAs, Headwater *admits* that:

- ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ RFA No. 1.

- ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ RFA No. 2.

In its February 26, 2024 responses to Samsung's second set of RFAs, Headwater states—for each asserted patent—that it ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ RFA Nos. 3-5.  In other words, Headwater ▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (which is what

3

would make such products subject to 35 U.S.C. 287's marking requirement).

### D.  And Dr. Raleigh Testified that ▮▮▮▮▮▮▮▮▮▮▮

At his June 14, 2024 deposition, Dr. Raleigh—the sole inventor of the asserted patents, former ItsOn CEO, and founder and managing board member at Headwater—testified that ▮▮▮▮▮▮▮▮▮▮▮



Raleigh Dep. 197:11-19, June 14, 2024.

*Id.* at 201:01-06.

*Id.* at 202:13-203:25.

4

*Id.* at 215:9-18.

Dr. Raleigh also testified that █████████████████████████████████

█████████████████████████████████████████████████████████████. *See id.* at 201:07-202:12.

### E. Samsung Tried to Get Headwater to Correct its Interrogatory Responses

On July 17, 2024, Samsung wrote Headwater outlining the above and asking, *inter alia*, for correction of Headwater's incorrect response to ROG 11.  Ex. 2.

Over the next two weeks, Samsung repeatedly sought a substantive response to this letter. Headwater never gave one.

On August 1, 2024, the parties met and conferred on, *inter alia*, Headwater's incorrect response to ROG 11.  Headwater committed to promptly supplementing its ROG 11 response consistent with its "theory" in this case (as opposed to the -422 case from which the response was copied).  Thompson Decl., ¶ 5.

Now, over a month later, Headwater still has not corrected its response.  This failure is unjustified and surprising, as just five days ago (September 5), Headwater sent Samsung a letter stating: "████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████" Ex. 3.  Further, yesterday (September 9), Headwater supplemented its responses to other interrogatories, but left its response to ROG 11 uncorrected.  While Discovery has been briefly extended to September 20th, motions to compel remain due today (September 10).  Regrettably, Samsung cannot rely on Headwater's empty promise to supplement and this motion follows.

## II. LEGAL STANDARDS

Parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

"Rule 26 imposes an obligation on parties to conduct a reasonable inquiry into the factual

5

basis of their discovery responses." *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1279 (Fed. Cir. 2012) (quoting Fed. R. Civ. P. 26(e)(1)). A party "who has responded to an interrogatory…must supplement or correct" its response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

A party seeking discovery may move to compel when the opposing party fails to answer an interrogatory. *See* Fed. R. Civ. 37(a)(3)(B)(iii)-(iv). "[An] incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. 37(a)(4).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). Ultimately, if a party fails to provide information as required by Rule 26(a) or (e), that party is not allowed to rely on that information unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1).

"It is long standing and well-settled that methods of discovery are complementary, rather than alternative or exclusive… ." *Yater v. Powderhorn Ski Co.*, 2018 WL 776361, at *7 (D. Colo. Feb. 8, 2018). A party cannot shirk its obligations under Rules 33 and 36 by complying with one form of discovery and not another. *See, e.g., Meltzer/Austin Rest. Corp. v. Benihana Nat'l Corp.*, 2013 WL 2607589, at *4 n.5 (W.D. Tex. June 10, 2013) (even if deposition testimony provided answers to interrogatories' questions, "it would not obviate the need for [the responding party] to provide interrogatory answers in accordance with the Federal Rules of Civil Procedure"); *Ayers v. Contl. Cas. Co.*, 240 F.R.D. 216, 226 (N.D.W. Va. 2007).

### III.   ARGUMENT

There is no dispute that the requested corrected/supplemental information is relevant. Nor

6

has Headwater argued that that there would be any undue burden in correcting its response. Indeed, the only issue is that Headwater simply has not done so. During the meet and confer, Headwater did not provide any basis for failing to correct its response to ROG 11, which is contradicted by its RFA responses, Dr. Raleigh's testimony, and correspondence from Headwater's counsel.

Does Headwater assert that: (i) the ItsOn solution practiced any claim of any patent asserted in *this case*; and, if so, that (ii) any such products were marked? If not, then what is the (detailed) basis for Headwater's willfulness allegations (ROG 11) and, *inter alia,* its copying allegations (ROG 4, incorporating ROG 11 response)? There is no reason that Headwater has still—at the end of discovery—not provided a correct interrogatory response (as opposed to an incorrect response copied and pasted from another case). Indeed, Headwater made these allegations in its Complaint, and therefore Headwater supposedly had factual bases for these assertions when filed. Further, Headwater served its inconsistent RFA responses nine months ago, and Dr. Raleigh gave inconsistent testimony three months ago. It is beyond time for Headwater to have served a correct response to ROG 11 that discloses the true bases for its willfulness, copying, and damages claims, if any. Samsung should not have to file this motion to get it.

## IV.  CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant this motion and compel Headwater to provide a correct response to Interrogatory No. 11.

Dated: September 10, 2024        Respectfully submitted,

By: */s/ Benjamin K. Thompson*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice* forthcoming)
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
Nicholas A. Gallo (*pro hac vice* forthcoming)
GA Bar No. 546590
gallo@fr.com
Steffen C. Lake (*pro hac vice* forthcoming)
GA Bar No. 512272
lake@fr.com
Vivian C. Keller (*pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**

1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036


Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111

    Telephone: (415) 875-6600

    Jon Bentley Hyland
    Texas Bar No. 24046131
    jhyland@hilgersgraben.com
    Grant K. Schmidt
    Texas Bar No. 24084579
    gschmidt@hilgersgraben.com
    **HILGERS GRABEN PLLC**
    7859 Walnut Hill Lane, Suite 335
    Dallas, Texas 75230
    Telephone: (972) 645-3097

    **ATTORNEYS FOR DEFENDANTS**
    **SAMSUNG ELECTRONICS CO., LTD. AND**
    **SAMSUNG ELECTRONICS AMERICA, INC.**

PUBLIC VERSION

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff and counsel for Defendants met and conferred via telephone on August 1, 2024, in compliance with Local Rule CV-7(h).  Plaintiff opposes this motion.

*/s/ Benjamin K. Thompson*
Benjamin K. Thompson

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the following document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Benjamin K. Thompson*
Benjamin K. Thompson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court of the Eastern District of Texas using the ECF System under seal on September 10, 2024 and served plaintiff with a copy via electronic mail.

*/s/ Benjamin K. Thompson*
Benjamin K. Thompson