UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants. | Case No. 2:23-cv-00103-JRG-RSP |

**PLAINTIFF HEADWATER RESEARCH LLC'S SUR-REPLY IN OPPOSITION TO SAMSUNG'S RENEWED MOTION TO STAY PENDING *INTER PARTES* REVIEW**

Samsung's arguments on reply are unavailing and do not support a stay here, where IPR has been denied for 40% of the asserted claims and trial is just four months away.

***Simplification of the Issues.*** Samsung again attempts to bury this most important factor at the end of its brief. But the fact remains that the PTAB *denied* Samsung's IPR petition for the '117 patent, and thus there can be no simplification of the issues for at least 40% of the asserted claims. Under no circumstances will a stay obviate a jury trial in this case.

Samsung's assertion that the "IPRs are likely to eliminate 60% of this case" (Reply at 4) is pure speculation. Samsung offers no explanation or evidence to support this assumption other than two IPRs being instituted on these claims (with one IPR on the '733 patent being denied). But the mere fact of institution is no guarantee that all or even some of the claims will be invalidated. Indeed, the "reasonable likelihood" standard for institution of one challenged claim is far different from proving unpatentability based a full record. Further, Samsung still fails to identify any specific issues (on claim construction or otherwise) that will be impacted by the instituted IPRs. *See Netlist, Inc. v. Samsung Electronics Co. Ltd.*, No. 2:22-cv-00293-JRG, Dkt. 689 at 5 (E.D. Tex. Mar. 11, 2024) (simplification of the issues is "not a given"); *General Access Sols., Ltd. v. Cellco P'ship d/b/a Verizon Wireless*, No. 2:22-CV-00394-JRG, Dkt. 225 at 5 (E.D. Tex. May 22, 2024) (same); *Longhorn HD LLC. v. NetScout Sys., Inc.*, No. 2:20-CV-00349-JRG, 2022 WL 71652, at *3 (E.D. Tex. Jan. 6, 2022) (rejecting defendant's "conclusory assertion" that simplification of the issues is "near certain" where defendant made no showing that the merits of the reexam "will materially impact the parties' positions or arguments in this case").

Samsung's reliance on generic statistics regarding the outcomes of all IPRs should be rejected. "[T]he PTAB's past performance with respect to invalidating patents does not give the Court any concrete information about how the PTAB will analyze the asserted patent in *this case*."

1

*DiCon Fiberoptics, Inc. v. Preciseley Microtechnology Corp.*, No. 15-CV-01362-BLF, 2015 WL 12859346, at *2 (N.D. Cal. Oct. 13, 2015) (emphasis added); *see also Cal. Inst. of Tech. v. Samsung Elecs. Co. Ltd.*, No. 2:21-CV-00446-JRG, Dkt. 108 at 6 (E.D. Tex. Jan. 20, 2023) (rejecting Samsung's reliance on "generic statistics" and stating that "[t]he Court is not persuaded by such speculation"); *Facebook, Inc. v. Blackberry Limited*, No. 4:18-cv-05434-JSW, Dkt. 125 at 6 (N.D. Cal. June 15, 2020) ("group statistics are not indicative of individual probabilities"); *Kirsch Rsch. & Dev., LLC v. Epilay Inc.*, No. 2:20-cv-03773-RGK-RAO, 2021 WL 4704721, at *3 (C.D. Cal. Aug. 18, 2021) (denying motion to stay even after institution and finding it "inappropriate for the Court to speculate as to the outcome of the instituted IPRs"). Samsung's reliance on statistics only further underscores the speculative nature of its arguments regarding simplification. But even in the unlikely event that all instituted claims are invalidated, there still would no simplification for the '117 patent and 40% of the asserted claims.

The *Koninklijke* case cited by Samsung undermines its arguments. *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, No. 2:21-CV-00113-JRG, 2022 WL 17484264 (E.D. Tex. July 7, 2022). There, the court found the simplification factor only weighed "slightly in favor of a stay" where two of the three asserted patents—"which account for 99.998% of [plaintiff's] damages"—were subject to instituted IPRs. *Id.* at *3. The court nonetheless denied a stay, finding this simplification did not outweigh the significant prejudice to the plaintiff and the advanced stage of the case. Indeed, in denying the stay, the court rejected the same arguments Samsung makes here, namely that the plaintiff would not suffer any prejudice because it does not directly compete with defendants, and that "much work remains ahead of the parties and the Court in this case including pretrial and trial preparation." *Id.* at *1–2. Here, there is less basis for a stay. But even if the Court were to apply same analysis as *Koninklijke*, it would *deny* a stay here as well.

***The Prejudice to Headwater.*** Samsung does not dispute that a stay prejudices Headwater's right to the timely enforcement of its patent rights, and instead argues this does not constitute *undue* prejudice. Samsung is wrong. Indeed, this Court rejected a similar argument by Samsung in *Cal. Inst. of Tech. v. Samsung Elecs. Co. Ltd.*, No. 2:21-CV-00446-JRG, Dkt. 108 at 3–4 (E.D. Tex. Jan. 20, 2023). And even if delay does constitute undue prejudice, it is still "'far from non-prejudicial' and is entitled to weight under this factor." *Koninklijke*, 2022 WL 17484264, at *2; *see also Resonant Sys., Inc. v. Samsung Elecs. Co.*, No. 2:22-CV-00423-JRG, 2024 WL 1021023, at *4 (E.D. Tex. Mar. 8, 2024) ("Every stay pending *inter partes* review is prejudicial to the plaintiff in that it prevents the immediate vindication of the plaintiff's patent rights."). Here, where Headwater has already expended considerable resources, including completing claim construction, fact discovery, and opening expert reports (which will be served in less than one week), "a delay of the imminent trial date and the assertion of its patent rights unduly prejudices" Headwater. *See Koninklijke*, 2022 WL 17484264, at *2.

Samsung attempts to distract from its own delay in filing IPRs and moving to stay by pointing to Headwater's purported delay in filing this case. But the timing of this suit was reasonable given the large number of infringing devices sold by Samsung, some of which were only released in the last couple years. Headwater is a small company, and pre-suit investigations take substantial time and resources. Meanwhile, Samsung still fails explain why it waited 10 months to file IPRs on the '733 patent, or why it waited nearly a month after the last institution decisions were issued to file its motion to stay. Samsung's suggestion that Headwater's filing of an amended complaint and amended infringement contentions—neither of which changed the asserted patents in this case—somehow justifies Samsung's delay is unsupported.

3

Samsung also points to Headwater's requests for modest extensions of a few deadlines, such as a four-day extension to file the Joint Claim Construction Statement (Dkt. 89) (which Samsung previously requested to extend by a week, Dkt. 87), a 10-day extension of the fact discovery deadline to accommodate depositions (Dkt. 130), and a 10-day extension of the deadline to file motions to compel (Dkt. 132). But Samsung ignores that none of these extensions changed the pre-trial conference or trial dates in this case, which is what matters here. Further, as set forth in Headwater's pending to motion to compel (Dkt. 146), the adjustments to discovery deadlines were necessitated by Samsung's own dilatory and improper discovery conduct.

Finally, Samsung's reliance on Headwater's agreement to stay the Motorola case in the Northern District of California is also unavailing. In that case: (1) the IPRs had the potential to simplify the entire case; (2) claim construction briefing had not started; (3) no trial date was set; and (4) Headwater understood that the court's practice was to grant pre-institution stays. ***None*** of those facts and circumstances are present here. This case is far more advanced than the Motorola case, with this motion being filed after the Court issued its claim construction order, and long after a trial date was set. Thus, the prejudice resulting from a stay here would be substantial.

***The Advanced Stage of the Case.*** Samsung cannot legitimately dispute that the parties and the Court have already invested substantial resources since this case was filed 18 months ago, including on discovery, contentions, claim construction, and now expert reports. Samsung's attempt to characterize this investment as "some work" (Reply at 4) is disingenuous. Indeed, this Court has found that this factor weighs against a stay in cases that were even less advanced. *See, e.g.*, *Cal. Tech.*, Dkt. 108 at 5 (finding this factor weighed against a stay where the parties had engaged in discovery, exchanged contentions, and, as of the date of the order, had begun the claim construction process and were "nearing completion of document production"); *Intell. Ventures II*

4

*LLC v. Sprint Spectrum, L.P.*, No. 2:17-CV-00662-JRG-RSP, 2018 WL 11363368, at *2 (E.D. Tex. Nov. 19, 2018) (finding this factor weighed against a stay "[w]ith less than a month remaining in fact discovery," noting that "the parties have already invested a substantial amount of time and money in preparing this case for trial").

Samsung's argument that "substantial work lies ahead" is insufficient to support a stay. This could be said at virtually any stage of the case before trial, which is not how this factor is assessed. Rather, this factor looks at the resources the parties and the Court have already invested. Another "criteria" this Court looks to in determining whether to grant a stay is whether "the Defendants' IPR petition and the PTAB institution decision are timely—where timely means a final written decision is expected in the ordinary course before the trial in this case would otherwise take place." *Vill. Green Techs., LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00099-JRG, 2023 WL 416419, at *3 (E.D. Tex. Jan. 25, 2023). Here, Samsung's IPRs and renewed motion to stay are not timely. Given Samsung's delay in filing IPRs, a final written decision for the '733 patent is not expected until six months *after* the scheduled trial. And given Samsung's delay in filing this motion, it will not be fully briefed until the close of discovery and the cusp of expert reports.

In sum, all three factors weigh against a stay. Samsung's motion should be denied.

Dated: September 20, 2024

Respectfully submitted,

/s/ Marc Fenster
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712

5

Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Amy Hayden
CA State Bar No. 287026
James Milkey
CA State Bar No. 281283
Jason M. Wietholter
CA State Bar No. 337139
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Robert Christopher Bunt
Parker, Bunt & Ainsworth, P.C.

Texas State Bar No. 00787165
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel.: (903) 531-3535
rcbunt@pbatyler.com

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 20, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

                /s/ *Marc Fenster*
                Marc Fenster