**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| Plaintiff, | Case No. 2:23-cv-00103-JRG-RSP |
| v. | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendants. | |

**HEADWATER'S RESPONSE TO SAMSUNG'S**
**OBJECTIONS TO CLAIM CONSTRUCTION ORDER**

Samsung's objections ("Objs.," Dkt. 126) to Judge Payne's claim construction order ("CC Order," Dkt. 118) lack merit and should be overruled. Samsung largely repeats its brief, without addressing any of Headwater's reply brief (Dkt. 99), the discussion at the hearing, or the findings and analysis of the CC Order. The order is correct and should be adopted in its entirety.

## I.       "device agents" ('733 patent, claims 1 & 30)

In asserting indefiniteness, the only alleged ambiguity Samsung argued is whether "device agent" means: (a) exactly the same thing as "agent" or (b) something narrower. Dkt. 96 at 8-9. But Headwater and the Court answered that question: a "device agent" is an agent on the device (the "end-user device" recited in claim 1). CC Order at 11, 13. Neither Samsung nor its expert have ever showed that this understanding is unreasonable or inconsistent with the intrinsic evidence.[1] Accordingly, "device agents" is not indefinite.

Given that a device agent is an agent on the device, the Court further construed "agent" to mean "a piece of software that performs certain functions for other software." This is the plain meaning of agent, as confirmed by Samsung's own expert and multiple technical dictionaries cited in his declaration. CC Order at 11. Samsung cannot disavow its own evidence and does not assert that the Court's construction is not the plain meaning.

Lacking any proper basis to object, Samsung makes five drive-by assertions of error. Objs. at 1–3. None have merit. Headwater addresses each in turn.

*First*, Samsung argues that "the '733 Patent does not provide any guidance to save 'device agent' from indefiniteness." Objs. at 1. But this turns the burden to prove indefiniteness on its head. Samsung appears to assume that "device agents" is indefinite, and then argues that parts of

---

[1] At the hearing, Samsung argued for the first time that "an agent on the device" is inconsistent with Figure 13 based on mischaracterizing the figure. Both Headwater and the Court debunked that argument. CC Order at 13. Samsung wisely abandons that argument in its objections.

the intrinsic evidence do not (in isolation) expressly define the term. But Samsung failed to identify a genuine ambiguity in the first place. Based on the term itself, as well as the claims and specification of the '733 patent, a "device agent" is simply an agent on the device. CC Order at 11, 13. This easily answers Samsung's purported questions. A "device agent" does *not* mean the same thing as "agent." And the prefix "device" specifies the location of the agent.

*Second*, Samsung alternatively argues that "device agent" should be construed to exclude applications. Objs. at 2. But courts do not import limitations into the claims—especially *negative* limitations—absent lexicography or disclaimer. And neither Samsung nor its expert have ever asserted disclaimer here. Dkt. 99 at 6. Samsung's only argument is that Fig. 16 shows "apps" in a separate box from "agents." Obj. at 2. But that doesn't support imposing a negative limitation as a matter of claim construction. Indeed, the Court found that even if "device agents" and "apps" have different meanings, those meanings are not mutually exclusive. CC Order at 13.

*Third*, Samsung argues the Court committed clear error by finding that the term "agent" has a plain meaning and relying on that plain meaning. Objs. at 2. This is nonsensical. Without any substantive discussion, Samsung string cites a few cases concerning different terms in different patents that don't support indefiniteness of "device agents" in the '733 patent *in this case*. For example, they involved completely unrelated two-word phases (such as "magnetic fuzz"). They also involved phrases that were "coined," changed the meaning of individual words, or otherwise created a clear ambiguity in claim scope that could not be resolved. Headwater distinguished each of those cases in reply (Dkt. 99 at 4–5), Samsung didn't further argue them at the hearing.

Samsung also argues that "device agent might also mean an agent for a device[.]" Obj. at 3. But Samsung never provided any intrinsic or extrinsic evidence for this interpretation, and its own expert never proposed it. And the Court correctly rejected this interpretation based on the

intrinsic evidence alone. CC Order at 11 ("But nothing in the intrinsic record suggests that interpretation. . . . Thus, Samsung's alternative interpretation runs counter to the invention's purpose as described by Samsung and is not supported by the specification.").

*Fourth*, Samsung argues that "agents on the device" is duplicative of the claim language. Objs. at 3. But no rule of construction requires each word of a claim to have independent or different meanings. Nor is that a proper argument for indefiniteness. To the contrary, claims often use terms with overlapping or reinforcing meanings, and this makes the claim more definite, not less so. *See Bell & Howell Doc. Mgmt. Prod. v. Altek Sys.*, 132 F.3d 701, 707, (Fed. Cir. 1997) ("defining a state of affairs with multiple terms should help, rather than hinder, understanding"— finding terms to be "mutually reinforcing definitions rather than being superfluous").

*Fifth*, argues for indefiniteness because "Headwater provides no reasoning for why a downloadable app could not be a device agent, but might include a device agent." Objs. at 3. To the extent this argument is understandable, it fails. The Court construed "device agent" to mean "a piece of software on the end-user device that performs functions for other software." As the Court found, and based on the construction itself, device agents and apps are not mutually exclusive and can be overlapping. Samsung's apparent objection is that the construction is too broad. But that is not the test for indefiniteness. At most, it would show that "device agent" carries the full scope of its plain meaning. But the alleged breadth of a claim term (in isolation) is not a basis for indefiniteness. *See BASF Corp. v. Johnson Matthey Inc.*, 875 F.3d 1360, 1367 (Fed. Cir. 2017) (legal error to infer indefiniteness because "breadth is not indefiniteness").

## II.    "device messaging agents" ('117 patent, claim 1)

Samsung's objections for "device messaging agents" ('117 patent, claim 1) fail for at least the same reasons as its objections for "device agents" ('733 patent, claims 1 & 30). At the claim

construction hearing, Samsung did not present a separate argument for the "device messaging agents" term. Thus, it appeared to concede that if "device agents" is not indefinite, "device messaging agents" is not indefinite either. Samsung now makes two drive-by assertions of error. Objs. at 4-5. None have merit and Headwater addresses them in turn.

*First*, Samsung argues that the claims of the '117 patent "leave open the question whether ['device messaging agents'] adopts the meaning of an 'agent' and, if so, how its prefixes modify the meaning of that term[.]" Objs. at 4. This is the same fallacious argument it made for "device agents." Again, Samsung fails to identify any genuine ambiguity. Based on the term itself, as well as the claims and specification of the '117 patent, a "device messaging agent" is simply an agent on the device that performs messaging functions. The Court considered and expressly rejected any ambiguity as to how the prefixes modify the term. CC Order at 16 ("Ultimately, however, there is no dispute about what an 'agent' is, that 'agents' perform different functions, and that 'messaging' is one of those functions. 'Device' and 'messaging' are simply modifiers of 'agent').

*Second*, Samsung argues that "the Court erred by discounting" Samsung's arguments about the prosecution history of the related '353 Application. Obj. at 4. As an initial matter, the Court considered Samsung's arguments, and it is unclear how it could have erred by "discounting" (i.e., not being persuaded by) them. Samsung does not even include the prosecution statements it relies on, much less explain how they establish indefiniteness. This is because Samsung's argument does not withstand scrutiny. In the prosecution history of the related '353 Application, the Applicant explained that "device messaging agents" includes but is not limited to "service control device link" in an exemplary embodiment of Figure 18. The additional explanation makes the term "device messaging agents" more definite, not less so.

The Court addressed Samsung's argument based on the prosecution history and found it "not persuasive." CC Order at 15. Indeed, the Court conducted its own review of the '353 Application's prosecution history and concluded that it "*sees nothing* in the applicant's response inconsistent with the idea that a 'device messaging agent' is a 'device agent' for messaging." *Id.* (emphasis added). That puts an end to the matter.

\* \* \*

For the foregoing reasons, Samsung's objections to the CC Order lack merit and should be overruled. Samsung's objections fail to identify any factual or legal error in the Court's detailed findings and analysis. The CC Order should be adopted in its entirety.

Dated: September 20, 2024                    Respectfully submitted,

                                             /s/ *Marc Fenster*
                                             Marc Fenster
                                             CA State Bar No. 181067
                                             mfenster@raklaw.com
                                             Reza Mirzaie
                                             CA State Bar No. 246953
                                             rmirzaie@raklaw.com
                                             Brian Ledahl
                                             CA State Bar No. 186579
                                             bledahl@raklaw.com
                                             Ben Wang
                                             CA State Bar No. 228712
                                             bwang@raklaw.com
                                             Adam Hoffman
                                             CA State Bar No. 218740
                                             ahoffman@raklaw.com
                                             Dale Chang
                                             CA State Bar No. 248657
                                             dchang@raklaw.com
                                             Paul Kroeger
                                             CA State Bar No. 229074
                                             pkroeger@raklaw.com
                                             Neil A. Rubin
                                             CA State Bar No. 250761

5

nrubin@raklaw.com
Kristopher Davis
CA State Bar No. 329627
kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
jtsuei@raklaw.com
Philip Wang
CA State Bar No. 262239
pwang@raklaw.com
Amy Hayden
CA State Bar No. 287026
ahayden@raklaw.com
James Milkey
CA State Bar No. 281283
jmilkey@raklaw.com
James Pickens
CA State Bar No. 307474
jpickens@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
jwietholter@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd., 12th Fl.
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@wsfirm.com

*Attorneys for Plaintiff,*
*Headwater Research LLC*

6

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who to have consented to electronic service are being

served on September 20, 2024, with a copy of this document via the Court's CM/ECF system.

*/s/ Marc Fenster*
Marc Fenster