# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 2:23-cv-00103-JRG-RSP <br><br> JURY DEMANDED |

**HEADWATER'S RESPONSE TO SAMSUNG'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR ADMISSIONS 6, 8, 30–31 AND INTERROGATORY 25**

**TABLE OF CONTENTS**

I.  FACTUAL BACKGROUND ................................................................................................. 1

    A.  Samsung's RFAs 6 & 8 ........................................................................................... 1

    B.  Samsung's RFAs 30-31 .......................................................................................... 1

II.  LEGAL STANDARD .......................................................................................................... 2

III.  ARGUMENT ........................................................................................................................ 2

    A.  RFAs 6 & 8 Relating to Claim Construction Are Vague and Ambiguous, and Headwater Properly Denied Them ......................................................................... 2

    B.  RFAs 30–31 Relating to Dr. Raleigh's 2021 Statements Are Improper, and Dr. Raleigh's Extensive Testimony Speaks for Itself ............................................. 4

    C.  Rog 25 Is Compound and Improper ....................................................................... 5

IV.  CONCLUSION ..................................................................................................................... 6

## TABLE OF AUTHORITIES

**Cases**

*In re Carney*,
  258 F.3d 415 (5th Cir. 2001) .................................................................................................. 2

*McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*,
  322 F.R.D. 235 (N.D. Tex. 2016) ............................................................................................ 2

*Safeco of Am. v. Rawstron*,
  181 F.R.D. 441 (C.D. Cal. 1998) ............................................................................................ 5

**Rules**

F ED. R. C IV. P. 36(a)(1) ................................................................................................................ 2

Samsung's motion to compel Headwater to further respond to Requests for Admission ("RFA") 6, 8, and 30–31 and Interrogatory ("Rog") 25 should be denied. The purpose of RFAs is to streamline undisputed facts before trial. But Samsung's RFAs seek legal conclusions or to relitigate disputed facts, such as those addressed in the Court's claim construction order or the Court's order on standing in the -422 case. Given the nature of the RFAs, Headwater's responses are proper and sufficient, and no further response warranted.

## I.  FACTUAL BACKGROUND

### A.  Samsung's RFAs 6 & 8

RFAs 6 & 8 relate to claim construction. The Court construed the term "device agents" ('733 patent, claims 1 and 30) to mean: "a piece of software on the end-user device that performs certain functions for other software." Dkt. 118 (CC Order) at 19. The Court rejected Samsung's indefiniteness assertion for this term, as well as its alternative construction that "'device agents' excludes 'applications.'" *Id.* at 9–10. The CC Order explained that that "there might be at least some overlap between" device agents and applications. *Id.* at 13. The order explained that even if "device agents" and "apps" have different meanings, those meanings are not mutually exclusive. *Id.* Samsung filed objections to the CC Order. Dkt. 126. Headwater filed a response. Dkt. 144.

### B.  Samsung's RFAs 30–31

RFAs 30–31 relate to statements by Dr. Raleigh from a 2021 panel discussion. The statements (and the parties' competing arguments/characterizations about them) were extensively litigated in a dozen briefs in the -422 case. Case No. 2:22-cv-00422-JRG-RSP, Dkt. 399 (Order on Standing). The Court conducted an evidentiary hearing and heard live testimony from Dr. Raleigh explaining the statements. *Id.* As the Court noted: "At the hearing, Dr. Raleigh testified that these statements [were] passing remarks and that he did not have the time to fully explain what occurred as he was merely a panel member and instructed to keep his statements brief." *Id.* at 10.

The Court found "the broad strokes of Dr. Raleigh's story" to be "corroborated and credible." *Id.* at 12. It also found that in proper context, "Dr. Raleigh sought to make the point that large corporations were fundamentally not innovative." *Id.* at 13. Further, it found believable that "when given only a minute or two to make his point, Dr. Raleigh glossed over the details of precisely what he brought to Qualcomm's CEO in order to make his larger point." *Id.*

Ultimately, the Court found that Dr. Raleigh conceived of the relevant inventions after he left Qualcomm and thus "Headwater **HAS** standing." *Id.* at 1, 13 (emphasis in original). Samsung filed objections to the order. -422 case, Dkt. 411. Headwater filed a response. -422 case, Dkt. 417.

## II. LEGAL STANDARD

Under Rule 36, RFAs may seek an admission as to "(A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." FED. R. CIV. P. 36(a)(1). The purpose of RFAs is to allow litigants to "winnow down issues prior to trial and thus focus their energy and resources on disputed matters." *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 244 (N.D. Tex. 2016) (quoting *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001)). But in the Fifth Circuit, "requests for admissions cannot be used to compel an admission of a conclusion of law" and "Rule 36 should not be employed to establish facts that are obviously in dispute." *Id.* at 245 (quoting *Carney* at 419).

## III. ARGUMENT

### A. RFAs 6 & 8 Relating to Claim Construction Are Vague and Ambiguous, and Headwater Properly Denied Them

Samsung's RFAs 6 & 8 ask Headwater to admit that the claim term device agent ["does not cover" / "covers"] "what is ordinarily understood as an application." Dkt. 135-3. But these RFAs are vague and ambiguous. Samsung never explains (much less define) what it means by (a) "cover" or (b) "ordinarily understood as an application." Both the Court and Headwater noted the

2

problem with "application" at the *Markman* hearing Ex. A (Hr'g Tr.) at 17:13–16 ("THE COURT: one of my problems with your request for a construction that excludes applications is the lack of any definition of applications."), 32:20–33:3 ("HEADWATER COUNSEL: just factually we don't know what they mean by 'application.' I think for the first time there was some argument about applications downloaded from an app store or typically downloaded. I mean, we don't know what that means . . . . 'Application' is not a claim term for the '733 Patent, it's not explained, defined, so I think any sort of negative limitation would be unjustified.").

Likewise, Samsung's use of "cover" is ambiguous. The plain meaning of device agent is a piece of software. As Headwater explained at the hearing, that software can be *overlapping* with applications or parts of applications. *Id.* at 33:4–10 ("if we look at the plain and ordinary meaning of 'agent' there could be some overlap. Maybe the entirety of a device agent is not co-extensive with [] a third-party application downloaded from the app store, but when we just have the claim term of a device agent, there could be some overlap [with] parts of applications or parts of applications in conjunction with other software"). The Court agreed and adopted this understanding in its CC Order. Ex. A at 17:12–16, 21:13-17; Dkt. 118 at 13 (finding "there might be at least some overlap between" device agents and applications; and even if "device agents" and "apps" may have different meanings, those meanings are not mutually exclusive).

Headwater's position on "device agents" is reflected in the construction and findings of the CC Order. Samsung's RFAs 6 & 8 seek to collaterally attack the order by using an undefined term ("covers") that does not appear in the order or its discussion of applications.[1] Given these issues, and based on a reasonable understanding of the RFAs, Headwater denied them.

---

[1] At the *Markman* hearing, the Court used "cover" in a question about Headwater's infringement contentions. Ex. A at 33:12–15. Headwater discussed its contentions and reiterated that "device agents" includes OS-type software that performs the claimed functions, which could have some

3

### B. RFAs 30–31 Relating to Dr. Raleigh's 2021 Statements Are Improper, and Dr. Raleigh's Extensive Testimony Speaks for Itself

Samsung's RFAs 30–31 ask Headwater to admit that Dr. Raleigh's statements in a 2021 panel discussion ["is true" / "was only bluster"]. These RFAs are improper. Samsung has deposed Dr. Raleigh at least four times (including the -422 case) and asked him about the statements at issue. Samsung could, and in fact did, ask Dr. Raleigh if the statements were "true" or "only bluster." Dr. Raleigh gave detailed responses and explanations about the statements, including that they were passing remarks made in a 2021 panel discussion. Dr. Raleigh's testimony speaks for itself. Further, the statements (and the parties' competing arguments/characterizations about them) have been extensively litigated in a dozen briefs in the -422 case. *See* Case No. 2:22-cv-00422-JRG-RSP, Dkt. 399 (Order on Standing). The most accurate and correct response to RFAs 30–31 is to refer Samsung to the existing record, which is what Headwater did.

Indeed, the Court already conducted an evidentiary hearing and heard live testimony from Dr. Raleigh explaining the 2021 statements. *Id*. As the Court noted: "At the hearing, Dr. Raleigh testified that these statements [were] passing remarks and that he did not have the time to fully explain what occurred as he was merely a panel member and instructed to keep his statements brief." *Id.* at 10. The Court found 'the broad strokes of Dr. Raleigh's story" to be "corroborated and credible." *Id.* at 12. It also found that in proper context, "Dr. Raleigh sought to make the point that large corporations were fundamentally not innovative." *Id.* at 13. Further, it found believable that "when given only a minute or two to make his point, Dr. Raleigh glossed over the details of precisely what he brought to Qualcomm's CEO in order to make his larger point." *Id.*

---

overlap with parts of applications or their functionality. *Id.* at 33:16–23. The Court acknowledged Headwater's response. Subsequently, the Court issued its CC Order that adopted Headwater's arguments and constructions and rejected Samsung's arguments and constructions.

These findings resolve any dispute as to Dr. Raleigh's 2021 statements. And they further show that Samsung's RFAs 30–31 are improper. Samsung seeks to collaterally attack the Court's order on standing by removing the full context and explanation of Dr. Raleigh's testimony (as acknowledged and credited by the Court). To the extent Samsung disagrees with the Court's findings, it filed objections that are currently pending. -422 case, Dkt. Nos. 411 (Samsung Objs.) & 417 (Headwater Resp). But RFAs are not the proper vehicle for Samsung to relitigate its disagreements about Dr. Raleigh's 2021 statements.

C. **Rog 25 Is Compound and Improper**

Samsung's Rog 25 asks Headwater, "for *each*" RFA denied "*in whole or in part*," to "state in detail the basis for the denial, including identifying the relevant documents, information, testimony supporting the denial and identifying the knowledgeable individuals." Dkt. 135-2. On its face, this interrogatory is compound and improper. *See Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445–46 (C.D. Cal. 1998) ("Allowing service of an interrogatory which requests disclosure of all of the information on which the denials of each of 50 requests for admissions were based, however, essentially transforms each request for admission into an interrogatory. This is not the purpose request for admission were intended to serve[.]").

In the meet and confer leading to this motion, Headwater's counsel noted that Rog 25 is obviously compound and offered to provide a narrative response for the first RFA that Headwater denied (RFA 3). Samsung's counsel refused this offer and failed to explain why Rog 25 was not compound. Samsung's motion to compel should be denied for this reason alone.

Samsung asserts that narrative responses for RFAs 6, 8, 30–31 are required because "Samsung must understand what Headwater's positions are." Mot. at 5. This does not withstand scrutiny. As to Dr. Raleigh's 2021 statements (RFAs 30–31), Samsung knows full well what Headwater's positions are. They are set forth in a half dozen briefs filed in the -422 case and two

5

oral arguments before the Court. Samsung's disagreement with Headwater's positions (and the Court's findings) is not a lack of information that supports compelling a rog response here.

As to claim construction (RFAs 6 & 8), Headwater's position that "device agents" can overlap with "applications" is likewise clear. This was extensively discussed at the *Markman* hearing. The Court agreed with Headwater's position and rejected Samsung's arguments for a construction that "excludes applications." Headwater agrees with the Court's construction and findings set forth in the CC Order. Again, Samsung's disagreement with the CC Order is not a lack of information or basis for compelling discovery. Samsung already filed objections to the CC Order, and they remain pending. Dkt. Nos. 126 (Samsung Objs.) & 144 (Headwater Resp).

## IV. CONCLUSION

For the foregoing reasons, Samsung's motion to compel responses to RFAs 6, 8, 30–31 and Rog 25 should be denied in its entirety.

Dated: September 24, 2024

Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster (CA SBN 181067)
mfenster@raklaw.com
Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Brian Ledahl (CA SBN 186579)
bledahl@raklaw.com
Ben Wang (CA SBN 228712)
bwang@raklaw.com
Dale Chang (CA SBN 248657)
dchang@raklaw.com
Paul Kroeger (CA SBN 229074)
pkroeger@raklaw.com
Kristopher Davis (CA SBN 329627)
kdavis@raklaw.com
James S. Tsuei (CA SBN 285530)
jtsuei@raklaw.com
Philip Wang (CA SBN 262239)

pwang@raklaw.com
Amy Hayden (CA SBN 287026)
ahayden@raklaw.com
Jason M. Wietholter (CA SBN 337139)
jwietholter@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Fl.
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@wsfirm.com

*Attorneys for Plaintiff*
*Headwater Research LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3).

/s/ *Marc Fenster*
Marc Fenster