**PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00103-JRG-RSP |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF HEADWATER'S
MOTION TO COMPEL ADDITIONAL DEPOSITION TESTIMONY
<u>(DKT. NO. 146)</u>**

**PUBLIC VERSION**

▬▬▬▬▬▬

**TABLE OF CONTENTS**

I. Introduction .................................................................................................................. 1

II. Argument ..................................................................................................................... 1

    A.    Headwater's Eleventh-Hour Discovery Does Not Merit Additional Deposition Time with ▬▬▬ ............................................................................. 1

    B.    Headwater's Demand for Deposition Testimony Regarding Samsung-Google Agreements Is Moot ............................................................................................... 4

III. Conclusion ................................................................................................................... 7

**PUBLIC VERSION**

I. **INTRODUCTION**

The Court should deny Headwater's request for further deposition testimony about (1) SMP and (2) Google agreements. Headwater has already extensively questioned Samsung engineer ▓▓▓▓ about SMP. Samsung produced SMP documents after ▓ testimony because Headwater first asked for documents on this unaccused technology then. Headwater does not identify any new questions raised by these documents. Similarly, Headwater has already extensively questioned ▓▓▓▓ about Google-Samsung agreements. Samsung made ▓ ▓ available for deposition within a month of Headwater noticing ▓ deposition. ▓ provided testimony as to the MADA and the irrelevance of other Samsung-Google agreements.

II. **ARGUMENT**

    A. **Headwater's Eleventh-Hour Discovery Does Not Merit Additional Deposition Time with ▓▓▓▓**

After having already deposed ▓▓▓▓ for two days, Headwater's request to depose ▓ ▓ for seven more hours about a technology (SMP) it never implicated in its infringement contentions should be denied. Samsung's prompt production of SMP-related documents in response to Headwater's request, first made during ▓▓▓▓ August deposition, does not justify further deposition time. Rather, it demonstrates Headwater's failure to diligently pursue discovery.

First, even if SMP were accused in this case (it is not), Headwater extensively questioned ▓▓▓▓ about SMP during ▓ nearly 14-hour long deposition. Indeed, the words "SMP," "Samsung Message Platform," "Samsung Messaging Platform," and "Peppermint" (an earlier name for SMP) appear over 150 times in the transcript, accounting for hours of questioning. Prescott Decl. at ¶ 2. Headwater identifies no aspect of SMP about which ▓▓▓▓ was not knowledgeable. Other than generic arguments about the technical nature of documents produced after ▓▓▓▓ deposition, Headwater does not explain what different questions it would now ask.

1

Also, despite Headwater's representations that the documents at issue were not "self-explanatory," ███████████████████████████████████████████████████.

Second, Headwater's suggestion that Samsung was improperly withholding SMP documents is incorrect. ███████████████████████████████████████████████████████████████████████████████████████. *Id.* at ¶ 3. Up until ███████ August 27th deposition, Headwater's theory—as best Samsung could understand it—targeted Samsung's Push Platform ("SPP") and Firebase Cloud Messaging ("FCM"), ***not*** SMP—which offers no push services independent from SPP and FCM. Accordingly, Samsung produced ███████████████████████████ referencing FCM or SPP, including FCM and SPP user guides and specifications, in addition to Samsung's source code. *Id.* at ¶ 4. Given the existence of SMP is ***public knowledge*** and it was entirely absent from Headwater's contentions, Samsung had no reason to believe Headwater's infringement theories implicated SMP.[1] Ex. 1. Headwater provides no basis to have expected Samsung to produce technical documents related to ***unaccused features***.

Third, despite Headwater failing to implicate SMP in this case until the end of discovery, Samsung promptly catered to Headwater's belated discovery demands. Indeed, ████████ ███████████████████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████. Prescott Decl. at ¶¶ 5-6. It was during ██ August 2024 deposition that Headwater then first requested SMP-

---

[1] Headwater contends that SMP materials are directly responsive to its request to compel metrics about the extent of Samsung's use of push technology. *See* Dkt. 146 at 2. However, Headwater did not raise any interest in such metrics until the very end of fact discovery. Indeed, Headwater waited ***eight months*** to lodge any complaints about the sufficiency of Samsung's document production. *See* Dkt. 122 at 1-2 (referencing Headwater's Document Requests served November 14, 2023 and Headwater's follow-up letter served July 16, 2024).

related documents. *Id.* at ¶ 7. Samsung therefore produced documents between the two days ***during*** which ▇▇▇▇ was deposed. *Id.* Samsung has since done its best to accommodate Headwater's further requests. Samsung's actions in obliging Headwater's requests are not indicative of a party attempting to withhold information, but rather show the result of Headwater's failure to pursue discovery in a timely fashion. Neither Headwater's failure to diligently pursue discovery nor Samsung's accommodation of Headwater's requests justify Headwater's current request.

Relatedly, Headwater's complaints about the quantity of documents Samsung produced in the final weeks of fact discovery also lack merit. Samsung's recent productions largely consist of ESI, and any delay in the production of such was entirely attributable to Headwater's uncooperativeness in negotiating ESI terms.[2] Headwater also fails to mention it has now produced over ***16,000 documents after the close of fact discovery*** without any justification.

Finally, any "prejudice" Headwater claims it has suffered—which it has not—is self-inflicted. District courts regularly deny motions to compel based on the movants failure to act diligently in discovery. *See, e.g.*, *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 328 (N.D. Ill. 2005) ("As such, and especially because the conditions giving rise to their predicament are attributable to having waited to the last minute to notice the depositions, the motion to compel the depositions … is denied."); *Estrada-Mendoza v. Loma Linda U. Health*, No. 5:23-CV-01541-JLS-SP, Dkt. No. 51, at *6-7 (C.D. Cal. Aug. 9, 2024) (denying motion to compel based in part on

---

[2] Headwater's initial search terms (made over eight months after initial disclosures) returned ▇▇▇▇ (in some cases encompassing ▇▇▇▇). Prescott Decl. at ¶ 8. ▇▇▇▇ ESI search terms were not finalized until August 30, 2024, after which, Samsung—in less than five days—produced ▇▇▇▇ ESI. *Id.* at ¶ 9. This situation was not unique to ▇▇▇▇ and culminated in Samsung rapidly producing ▇▇▇▇ between mid-August and September 12, 2024. *Id.* ¶¶ 9-10.

3

movant's "wait[ing] until the last minute to conduct discovery" despite having "nine months to complete discovery"). Because Headwater waited until the end of fact discovery to notice ▮▮ ▮▮ deposition, ▮▮ was not deposed until **over ten months** after Samsung disclosed him and roughly two weeks before the then-close of fact discovery. The record speaks for itself. Samsung did not "withhold" discovery, instead, Headwater never bothered conducting discovery until the last minute and robbed itself of "follow-up discovery."[3] At some point, discovery must end, and the parties must shift focus to expert reports and pre-trial proceedings.

B. **Headwater's Demand for Deposition Testimony Regarding Samsung-Google Agreements Is Moot**

The Court should deny Headwater's request for deposition testimony on Google-Samsung agreements because Headwater has already deposed ▮▮ as Samsung's 30(b)(6) designee on the MADA, and ▮▮ explained the irrelevance of other Samsung-Google agreements. Any further deposition of ▮▮, or anyone else on these agreements would be duplicative and unduly burdensome.

As an initial matter, Headwater mischaracterizes the MADA. Headwater's statement that the "MADA is part of a set of Samsung-Google agreements that ▮▮ ▮▮. *See* Dkt. No. 146 at 6. ▮▮ Moreover, as explained in Samsung's response to Headwater's motion to compel certain Samsung-Google agreements, ▮▮ Dkt. No. 145 at 3; *see also* Ex. 2 at ▮▮

---

[3] Headwater similarly blundered its opportunity to question ▮▮ about the interrogatory responses it now asks the Court to compel testimony on. *See* Dkt. No. 146 at 4. Headwater waited until the last minute to serve these interrogatories, resulting in ▮▮ deposition occurring before the responses were due. Prescott Decl. at ¶ 11.

4

Rather, ███████████████████████████████████████████

███████████████████████████████ Dkt. No. 146 at 6 (citing Dkt. No. 145 at 3) (emphasis added).  Despite the MADA's marginal, if not complete lack of, relevance, in an attempt to minimize discovery disputes, Samsung produced the MADA and made ███ available to provide 30(b)(6) testimony about it.

The Samsung-Google "RSA" agreements are even more disconnected from this patent case than the MADA.  First, there is no "RSA 3.0" as referenced in Headwater's motion. Ex. 2 at ███ ███ ██████████████████ █ ███ ████████████████████ Second, none of Samsung's three █████████████████████████ ████████. *Id.* at 80:12-17, 80:21-81:4, 81:11-16 (███████████████████████). In fact, ███████ explained that in his near decade spent negotiating Samsung-Google agreements, including ██████, ██████████████████████████████. *Id.* at 79:21-80:16, 20:10-21:3, 29:9-17.  These agreements simply are not relevant to the accused technology.  And, despite their irrelevance, Headwater has already extensively questioned ███████ on them: ███ ████████████████████████████████████████████████████████████ █████████████████.  Prescott Decl. at ¶ 12.  The Court should put an end to Headwater's continued pursuit of this irrelevant inquiry.

Headwater's attempt to paint Samsung as "unilaterally refus[ing] to make properly noticed witnesses available for deposition" ignores the last-minute nature of Headwater's demands, as well as Samsung's objections to discovery into the Google-Samsung agreements on the grounds of relevance—which is also currently disputed in Headwater's earlier motion to compel (Dkt. No. 122).  By Headwater's own admission, it "ascertained that Mr. Kim and Mr. Song are

5

knowledgeable about the MADA and RSA" through publicly-available information. *Id.* Despite that public availability, Headwater waited until August 28, 2024, *13 days before the then-agreed upon fact discovery close*, to notice their depositions. *See* Dkt. No. 131 (2nd Amended DCO). Despite the pending dispute on the relevance of the MADA and RSA, and despite Samsung's position that the Court should determine whether the underlying agreements were even relevant before proceeding with such depositions, Headwater instead unilaterally informed Samsung at 9:10PM (CT) on September 11, 2024 that it would start a Zoom deposition for ▆▆▆ *less than twenty-four hours later* at 7:00PM (CT) on September 12, 2024, and threatened a motion to compel if ▆▆▆ did not show up as demanded. Ex. 3. Headwater could have pursued discovery on/from the MADA, RSA, ▆▆▆ at any time since the opening of fact discovery last year. Its demand that Samsung now produce witnesses with minimal notice because of Headwater's own delay is untenable, particularly in view of Headwater's refusal to produce any 30(b)(6) witness until *two months* after Samsung noticed Headwater's 30(b)(6) deposition. Ultimately, Samsung produced ▆▆▆, individually and as a 30(b)(6) designee on the MADA within a month of receiving his deposition notice.

To the extent Headwater still seeks the deposition testimony of ▆▆▆, that request should be denied. As an initial matter, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ This information was not communicated earlier because it was unclear for some time as to whether Headwater was seeking ▆▆▆ deposition.[4]

---

[4] Seven days before the then-scheduled close of fact discovery, Headwater reached out to Samsung to negotiate an extension. Dkt. No. 133-1 at 7-8. Samsung disagreed with the need for an extension and was concerned about extending discovery into the Korean Chuseok holiday, but was willing to work with Headwater to reach a compromise, and agreed to modify the schedule in exchange for Headwater's withdrawal of the notice to ▆▆▆. *Id.* at 4-5. Headwater responded to that email to "agree to those terms" with one minor scheduling modification. *Id.* at 4.

Nor should Headwater be permitted to subpoena ▇ for deposition because such a deposition is duplicative of the deposition of ▇. By Headwater's own admission, both ▇ ▇ would be deposed on the MADA and RSA. Dkt. No. 146 at 7. ▇



Relative to ▇, ▇ does not offer unique knowledge on the Samsung-Google agreements. Thus, Headwater should not be permitted to depose both ▇. *See* Fed. R. Civ. P. 26(b)(2)(C) ("the court must limit the frequency or extent of discovery … if it determines that (i) the discovery sought is unreasonably cumulative or duplicative").

The undue burden of a highly duplicative deposition of ▇ is further exacerbated by ▇ seniority. ▇ is an ▇ and is therefore covered by the Apex doctrine. *See Luminati Networks Ltd. v. NetNut Ltd.*, Case No. 2:20-cv-00188-JRG-RSP, Dkt. 119 (Memorandum Order) (E.D. Tex. July 23, 2021) (denying motion to depose CEO based on finding that he is an apex witness). "[It] is well established in the Fifth Circuit that exceptional circumstances must exist before the involuntary deposition of high agency officials are permitted." *Henry v. City of Sherman, Texas*, Case No. 4:17-cv-00313, 2018 WL 624741, at *1 (E.D. Tex. Jan. 30, 2018) (internal quotations and cited source omitted). ▇ has "no unique information" relevant to this case and Headwater "cannot demonstrate that they cannot get the information desired from another, less burdensome source." *Retractable Techs. Inc. v. Becton, Dickinson & Co.*, Case No. 2:08-cv-00016, 2011 WL 13136271, at *1 (E.D. Tex. Dec. 12, 2011) (granting motion to quash notice of deposition of current chairman and former CEO).

III. **CONCLUSION**

Samsung respectfully requests that the Court deny Headwater's motion to compel.

7

**PUBLIC VERSION**

Dated: October 1, 2024                       Respectfully submitted,

By:  */s/ Katherine D. Prescott*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice* forthcoming)
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice* forthcoming)
GA Bar No. 512272
lake@fr.com
Vivian C. Keller (admitted *pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**

8

1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry Lee Gillam , Jr
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Lance Lin Yang
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP – LA**
Los Angeles, CA 90017 USA
Tel: (213) 443-3000
Fax: (213) 443-3100

Brady Huynh (admitted *pro hac vice*)
CA Bar No. 339441
bradyhuynh@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the following document is authorized to be filed under seal pursuant to the Protective order in this case.

*/s/ Katherine D. Prescott*
Katherine D. Prescott

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on October 1, 2024. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Katherine D. Prescott*
Katherine D. Prescott