UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.<br><br>*Defendants*. | Case No. 2:23-cv-00103-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**JOINT REPORT OF RESULTS OF MEET AND CONFER
REGARDING MOTIONS TO COMPEL SET FOR HEARING**

Pursuant to ¶ 9(d) of the Court's Discovery Order (Dkt. 64), Plaintiff Headwater Research LLC ("Headwater") and Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") (collectively, "Parties") respectfully submit this joint report regarding the results of their subsequent meeting among the Parties' lead and local counsel.

On September 27, 2024, the Parties' lead and local counsel, Marc Fenster and Andrea Fair (for Headwater) and Ruffin Cordell and McKellar Karr (for Samsung), met to discuss the motions to compel set for hearing before the Court on October 2, 2024. *See* Dkt. Nos. 122, 134, 135, 146. As detailed below, the Parties agreed that certain disputes for the four motions have been resolved, narrowing the scope of disputes that remain for the Court's adjudication.

I.  **[Dkt. 122] Headwater's Motion to Compel Certain Revenues, Agreements, and Documents:**

- With respect to Part A of the Motion (seeking push notification revenue information), Samsung has represented that based on a reasonable search, it does not have in its possession any additional responsive documents maintained in the ordinary course of business beyond the documents that have already been produced, and that beyond what has been produced to date, Samsung will not generate, use, or rely on additional information on this issue in this lawsuit for any purpose, including in an expert report, deposition, hearing, trial, or otherwise. With this representation, the parties agree this portion of its Motion is moot.

- With respect to Part B (relating to Samsung-Google agreements), the parties remain at impasse.

    o **Headwater's Position:** In response to the motion to compel, Samsung recently produced the Mobile App Distribution Agreement (MADA) ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ But Samsung has not produced the ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ between Google and Samsung, which is the equivalent of the MADA but covers the accused ▌▌▌▌▌▌▌. Headwater only learned of the existence of ▌▌▌▌ during the September 27, 2024 deposition of Samsung employee ▌▌▌▌▌. Samsung also has not produced any of 

---

[1] Headwater notes that while it does not have a copy of any RSA and has had no opportunity to depose a witness about them, Headwater has learned that the RSA explicitly references the MADA and requires that Samsung be compliant with the MADA to earn revenue share from including the accused technology. Headwater suspects the same is true of the ▌▌▌▌▌▌.

relating to the accused products. Headwater notes that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which uses the accused push notification technology and appears in Headwater's infringement contentions. Upon further questioning, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Samsung has not produced any records of such negotiations. Headwater asserts that all of this material (MADA, ▮▮▮, RSA, and negotiations thereof) fall within the scope of its long-standing discovery requests and Part B of this Motion.

- o **Samsung's Position:**

    - To streamline the issues before the Court, Samsung will produce ▮▮▮▮▮▮▮▮▮▮ requested at ▮▮▮▮▮ deposition on September 27, 2024. Samsung anticipates doing so within a week due to ▮▮▮ travel schedule and the two National Korean holidays that fall on October 1 and October 3.

    - Samsung maintains that the Samsung-Google revenue sharing agreements ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are irrelevant to the issues in this case. As ▮▮ explained during ▮▮ deposition, these agreements ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    - The negotiation history for the more than decade long partnership between Samsung and Google on a wide range of technology unrelated to the accused functionality is both irrelevant and unduly burdensome. Moreover, the vast majority of such documents are subject to the ESI Order.

- With respect to Part C (relating to push notification opt-in information), the parties remain at impasse:

    - o **Headwater's Position:** Samsung asserts that this issue is moot in light of its recent production of documents such as SAM-HW-2_00362657. Headwater disagrees at least because Samsung has refused to provide a witness to testify about this document, which was produced to Headwater after all relevant depositions (as further discussed in Part A of Dkt. 146). Without testimony on this document, Headwater cannot agree that this issue is moot because it is unclear from the document exactly how it was generated, what data it was based on, and whether additional relevant data exists that was not included in generating this document, as examples. In addition, the document produced at SAM-HW-2_00362657 does not include opt-in information for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ or the other services identified in Exhibits C and D to Samsung's Sept. 17, 2024 supplemental discovery responses to Headwater's second set of interrogatories, which suggests it contains incomplete information.

- - **Samsung's Position:** Samsung's position remains this issue is moot. Headwater does not dispute that Samsung has completed its document production of all relevant information reasonably available for this request.

- With respect to Part D (relating to revenues from Galaxy Store and other apps that use accused push notification technology),

  - **Headwater's Position:** Samsung asserts that this issue is moot. Headwater disagrees because Samsung has not produced revenue metrics from all applications that use the accused push notification technology. For example, Samsung has not produced revenue metrics for all services or applications that use push technology, including but not limited to services identified in Exhibits C and D to Samsung's Sept. 17, 2024 supplemental discovery responses to Headwater's second set of interrogatories, or in depositions of Samsung Rule 30(b)(6) witnesses or exhibits thereof such as SAM-HW-2-00362434.

  - **Samsung's Position:** Samsung maintains that its production of revenue data for the Shop Samsung ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮) and Galaxy Store apps, the only apps even mentioned in Headwater's infringement contentions, moots this issue. Samsung has also separately produced revenues for Knox B2B software, and for Samsung Pay. Headwater has not requested nor identified by name any other specific applications. Production of revenue data for all other Samsung-branded apps is unduly burdensome and irrelevant in light of Headwater's infringement contentions and Headwater's opening expert reports (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

II. **[Dkt. 146] Headwater's Motion to Compel Limited Additional Deposition Testimony:**

- With respect to Part A (seeking 30(b)(6) testimony on recently produced materials), the parties remain at impasse.

- With respect to Part B (seeking 30(b)(1) and 30(b)(6) testimony on Samsung-Google agreements), the parties remain at impasse.

  - **Headwater's Position:** Samsung made ▮▮▮▮ available for deposition on September 27, 2024, in ▮ 30(b)(1) capacity and as a 30(b)(6) witness on the MADA produced by Samsung. Headwater maintains that this portion of the dispute requires adjudication because, although Headwater attempted to ask ▮ questions about the Samsung-Google RSA, ▮▮▮▮ was only able to provide high-level testimony about the agreement without key specifics (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The RSA has not been produced. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which uses the accused push notification technology and appears in Headwater's infringement contentions. Upon further questioning, ▮▮▮▮▮▮▮▮

3

▓▓▓▓▓▓▓▓▓▓▓▓. Samsung has not produced any records of such negotiations, and Mr. Song was able to provide further details about the negotiations based on his personal recollection.

- **Samsung's Position:** Samsung made ▓▓▓▓▓ available for deposition on the MADA and in his individual capacity. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ As discussed above with respect to Dkt. 122- Part B, Samsung maintains that neither ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ are relevant to the technology at issue in this case. Nonetheless, if Samsung is ordered to produce ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, Samsung agrees to make ▓▓▓▓, and no additional party or third-party witnesses, available for two hours of deposition on those agreements.

III. **[Dkt. 135] Samsung's Motion to Compel Responses to Interrogatories and Requests for Admission**

- To narrow disputes, the parties have resolved the portion of this Motion regarding RFA Nos. 6 and 8 relating to the claim term "device agents" and Interrogatory No. 25.

- The parties remain at impasse as to RFA Nos. 30 and 31.

IV. **[Dkt. 134] Samsung's Motion to Compel Headwater to Serve a Corrected Response to Interrogatory No. 11**

- The parties agree that this motion is now moot.

Dated: October 1, 2024                                                    Respectfully submitted,

By: /s/ Reza Mirzaie                                 By: /s/ Sara C. Fish
Reza Mirzaie                                               Ruffin B. Cordell
CA State Bar No. 246953                         TX Bar No. 04820550
Marc Fenster                                             Michael J. McKeon
CA State Bar No. 181067                         DC Bar No. 459780
Brian Ledahl                                              mckeon@fr.com
CA State Bar No. 186579                         Jared Hartzman (*pro hac vice* forthcoming)
Ben Wang                                                  DC Bar No. 1034255
CA State Bar No. 228712                         hartzman@fr.com
Adam Hoffman                                         **FISH & RICHARDSON P.C.**
CA State Bar No. 218740                         1000 Maine Avenue, SW, Ste 1000
Paul Kroeger                                             Washington, D.C. 20024
CA State Bar No. 229074                         Telephone: (202) 783-5070
Neil A. Rubin                                             Facsimile: (202) 783-2331
CA State Bar No. 250761

4

Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Amy Hayden
CA State Bar No. 287026
Dale Chang
CA State Bar No. 248657
James Milkey
CA State Bar No. 281283
Jason M. Wietholter
CA State Bar No. 337139
James Pickens
CA State Bar No. 307474
Qi (Peter) Tong
TX State Bar No. 24119042
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
rak_headwater@raklaw.com

Andrea L. Fair
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@wsfirm.com

*Attorneys for Plaintiff,*
*Headwater Research LLC*

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice forthcoming*)
GA Bar No. 512272
lake@fr.com
Vivian C. Keller (admitted *pro hac vice*)
GA Bar No. 651500
keller@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavid@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C**.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)

5

CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C**.
102 N. College Ave., Suite 900
Tyler, Texas  75702

Tel: (903) 597-8311
Fax: (903) 593-0846

Lance Lin Yang
**QUINN EMANUEL URQUHART & SULLIVAN, LLP - LA**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017 USA
213/443-3000 Fax: 213/443-3100
Lanceyang@quinnemanuel.Com

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

*Attorneys for Defendants,*
*Samsung Electronics Co., Ltd. and*
*Samsung Electronics America, Inc*.

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff and counsel for Defendants have complied with the meet and confer requirements of the Discovery Order (D.I. 64) and Local Rule CV-7(h).  The parties agree in the filing of this Joint Status Report.

/s/ Reza Mirzaie
Reza Mirzaie

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ Reza Mirzaie
Reza Mirzaie

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas under seal, and served counsel of record with a copy via electronic email.

/s/ Reza Mirzaie
Reza Mirzaie