# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>　　　　　Defendants. | Case No. 2:23-cv-00103-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**HEADWATER'S MOTION FOR PARTIAL SUMMARY JUDGMENT
ON SAMSUNG'S EIGHTH AFFIRMATIVE DEFENSE OF
"INEQUITABLE CONDUCT / INFECTIOUS UNENFORCEABILITY"**

**TABLE OF CONTENTS**

I.   STATEMENT OF ISSUE ................................................................................................... 1
II.  STATEMENT OF FACTS ................................................................................................. 1
III. LEGAL STANDARD ........................................................................................................ 3
IV.  ARGUMENT ..................................................................................................................... 4
V.   CONCLUSION .................................................................................................................. 8

The Court should grant Plaintiff Headwater's motion for partial summary judgment on Defendant Samsung's eighth affirmative defense of "inequitable conduct / infectious unenforceability." Samsung does not—and cannot—meet its burden to prove that the asserted '733, '117, and '192 patents are unenforceable by clear and convincing evidence. As evidenced by Samsung's answer and rog responses, it never articulated or pursued such a defense in this case. Instead, Samsung's defense is based on cursory attempts to incorporate inequitable conduct allegations from the Headwater -422 case, which involves different patents (the '976 patent) and different prior art (Android OS versions 1.0 and 1.6).

The fails as a matter of procedure, as well as under the law and the facts. No "immediate and necessary relationship" between prosecution of the '976 patent and the enforcement of the Asserted Patents in this case has ever been articulated. To the extent Samsung attempts to articulate one for the first time in response, that would be waived.

**I.      STATEMENT OF ISSUE**

Whether Samsung can meet its burden to prove, by clear and convincing evidence, that the asserted '733, '117, and '192 patents are unenforceable due to "inequitable conduct and infectious enforceability" based on cursory attempts to incorporate inequitable conduct allegations from the Headwater -422 case, which involves different patents and different prior art.

**II.     STATEMENT OF FACTS**

1.      Samsung's operative answer pleads the eighth affirmative defense of "Inequitable Conduct and Infectious Unenforceability." Dkt. 85 (Am. Answer) at 16. For this defense, Samsung attaches and purports to incorporate its answer from the Headwater -422 case. *See id.* at 17 (citing "Samsung's Amended Answer and Defenses to Plaintiff Headwater Research LLC's Second Amended Complaint for Patent Infringement in *Headwater Research LLC v. Samsung Electronics*

1

*Co.*, Ltd, et al., No. 2:22-cv-00422-JRD-RSP, Dkt. No. 81 at 28-41 (E.D. Tex. Dec. 8, 2023) ('*Headwater I*'), a copy of which is attached hereto as Exhibit A.").

2. Samsung's answer also alleges that "the inequitable conduct in connection with the inequitable conduct in connection with the prosecution of the asserted patents in *Headwater I* renders the Asserted Patents in this case unenforceable under the doctrine of infectious unenforceability." Dkt. 85 at 17. As to infectious unenforceability, Samsung's answer only alleges the following two sentences:

> An immediate and necessary relationship exists here between the enforcement of the claims of the Asserted Patents in this case and the asserted patents in *Headwater I* that were obtained via inequitable conduct. For example, all of the asserted patents in both cases allegedly claim priority to, *inter alia*, four provisional patent applications, i.e., provisional application No. 61/206,354, filed on January, 28, 2009; provisional application No. 61/206,944, filed on February 4, 2009; provisional application No. 61/207,393, filed on February 10, 2009; and provisional application No. 61/207,739, filed on February 13, 2009.

*Id.*

3. Headwater's Interrogatory No. 1 (Rog 1) asks Samsung to "Set forth all factual bases for, including identification of any documents or witnesses that you contend support, the Affirmative Defenses asserted in your answer." *See* Dkt. 174-6 (Samsung Rog Responses) at 1. Samsung's first response to Rog 1 lacked any response on inequitable conduct. On January 12, 2024, Samsung served a first supplemental response to Rog 1. The first supplemental response lacked any response on inequitable conduct. *Id.* at 3. On February 6, 2024, Samsung served a second supplemental response to Rog 1. The second supplemental response lacked any response on inequitable conduct. *Id.* at 3–4.

4. On August 19, 2024, Samsung served a third supplemental response to Rog 1. The third supplemental response contains only the following two sentences on inequitable conduct / infectious unenforceability:

> The patents asserted in the 2:22-CV-00422-JRG-RSP litigation are unenforceable due to the doctrines of inequitable conduct and infectious unenforceability. *See* 2:22-CV-00422-JRG-RSP litigation, Samsung's seventh supplemental response to interrogatory no. 1 (incorporated by reference). Because the patents asserted in the -103 case have familial overlap with the patents asserted in the -422 case, the Asserted Patents are also unenforceable due at least to the doctrine of infectious unenforceability.

*Id.* at 11–12.

5. Through the rest of discovery, Samsung never further supplemented its response to Rog 1 on inequitable conduct / infectious unenforceability. Beyond material purportedly incorporated by reference, Samsung never identified any documents or witnesses that it contends supports this affirmative defense. Nor did Samsung identify any depositions taken in this case or testimony from those depositions. Nor did Samsung submit any expert testimony (from either a technical expert or PTO expert) that would support inequitable conduct in this case.

### III. LEGAL STANDARD

Inequitable conduct requires a showing that both (1) information material to patentability was withheld from the PTO, and (2) the information was withheld with the specific intent to deceive the PTO into granting the patent. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290–92 (Fed. Cir. 2011) (*en banc*). Both elements—materiality and intent to deceive—must be proven by clear and convincing evidence. *Id.* Materiality and intent are separate requirements. *Id.* 1290. There is no "sliding scale" whereby a strong showing of either materiality or intent can make up for a weaker showing on the other element. *Id.*

The materiality required to establish inequitable conduct is but-for materiality. *Id.* at 1291. The accused infringer must prove by clear and convincing evidence that the PTO would not have allowed a claim had it been aware of the undisclosed prior art. *Id.*

To satisfy the intent element, the accused infringer must prove by clear and convincing evidence that "the applicant *made a deliberate decision* to withhold a *known* material reference."

3

*Id.* at 1290 (emphasis in original). In other words, there must be clear and convincing evidence that "the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it." *Id.* at 1290. To meet this evidentiary standard, the specific intent to deceive must be "the single most reasonable inference able to be drawn from the evidence." *Id.* at 1290. Indeed, the evidence "must be sufficient to *require* a finding of deceitful intent in light of all the circumstances." *Id.* (emphasis in original). Hence, "when there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found." *Id.* at 1290–91.

Under the doctrine of "infectious unenforceability," if a family member patent is found unenforceable, the inequitable conduct *may* infect other family members if the inequitable conduct at issue bears and immediate and necessary relation to the enforcement of the related patent. *Consolidated Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804, 810–11 (Fed. Cir. 1990).

## IV.  ARGUMENT

Samsung does not—and cannot—meet its burden to prove that the asserted '733, '117, and '192 patents[1] are unenforceable due to "inequitable conduct and infectious unenforceability." Dkt. 85 at 16. As evidenced by Samsung's answer and rog responses, it never articulated or pursued such a defense in this case. Instead, Samsung's defense is based on cursory attempts to incorporate inequitable conduct allegations from the Headwater -422 case, which involves different patents (the '976 patent) and different prior art (Android OS versions 1.0 and 1.6).

As an initial matter, there is no allegation that Headwater (or any prosecutor/inventor) committed inequitable conduct during or as part of prosecution of the asserted '733, '117, and '192

---

[1] The Asserted Patents in this case are U.S. Patent Nos. 8,406,733 ("'733 patent"), 9,198,117 ("'117 patent"), and 9,615,192 ("'192 patent"). In the Samsung -422 case, the only currently asserted patent in that case is U.S. Patent No. 9,143,976 ("'976 patent"). The '976 patent has a different specification and different claims from the Asserted Patents in this case. The only relationship between the '976 patent and the Asserted Patents is that they claim priority to certain of the same provisional applications. *See* Dkt. 85 at 17.

4

patents. For example, there is no allegation that Headwater knowingly withheld material prior art from the Examiner during prosecution of the '733, '117, and '192 patents with the specific intent to deceive. Nor is there any allegation that the Examiner would not have allowed the claims of the '733, '117, and '192 patents had the Examiner been made aware of the withheld prior art.

Thus, Samsung's entire defense amounts to a theory of infectious unenforceability. It presumes that there could be a finding of inequitable conduct for the '976 patent in the -422 case (no other patent will be adjudicated) and theorizes that such a finding would render the asserted '733, '117, and '192 patents in this case unenforceable. But the legal and factual basis for such a theory has never been adduced. Samsung merely asserts in one sentence that "[a]n immediate and necessary relationship exists here between the enforcement of the claims of the Asserted Patents in this case and the ['976 patent] in *Headwater I* that were obtained via inequitable conduct." Dkt. 85 (Am. Answer) at 17. And the only basis for this statement is that the Asserted Patents and the '976 patent claim priority to certain of the same provisional applications. *Id.*

The fails as a matter of procedure, as well as under the law and the facts. No "immediate and necessary relationship" between prosecution of the '976 patent and the enforcement of the Asserted Patents in this case has ever been articulated. To the extent Samsung attempts to articulate one for the first time in response, that would be waived. And it would make clear that Samsung violated its discovery obligations by failing to make it in its original response to Headwater's Rog 1 or any supplements throughout discovery. This is especially true since Samsung is required to plead allegations of inequitable conduct / unenforceability with particularity.

Samsung's inequitable conduct theory in the -422 case is also disconnected from the '733, '117, and '192 patents in this case. In the -422 case, Samsung alleges that the inventors/prosecutor of the '976 patent withheld certain aspects of Android OS versions 1.0 and 1.6 from the Examiner,

5

and that this omission was but-for material to the issuance of the '976 patent claims. To allege materiality, Samsung in the -422 case is relying on the invalidity opinions of its expert, Dr. Schonfeld, who will testify as to invalidity based on Android OS 1.0 and 1.6 at trial. And if jury finds invalidity in the -422 trial, Samsung will rely on that outcome to assert materiality.[2]

In this case, Android OS 1.0 and 1.6 (nor the specific functionality at issue in the -422 case) are not asserted as prior art against the asserted claims of the '733, '117, and '192 patents. Nor is Dr. Schonfeld an expert in this case. Samsung's technical expert here, Dr. Foster, doesn't offer any opinions relevant to inequitable conduct. Nor did Samsung provide an expert report on PTO practices or procedures. Thus, Samsung has no expert opinions—from either the -422 case or this case—that will be relevant to inequitable conduct / infectious unenforceability.

Any implication that a finding of inequitable conduct in the -422 case would render the Asserted Patents unenforceable (as well as hundreds of other patents) is also unsupported and contrary to law. Samsung doesn't cite any case where the mere fact of claiming priority to certain of the same provisional applications was sufficient. Instead, Samsung needed to articulate the factual basis for why and how any alleged conduct in the prosecution of the '976 patent bears "an immediate and necessary relationship" between enforcement of the Asserted Patents in this case. That is what Headwater asked in its Rog 1. And Samsung utterly and repeatedly failed to do so here. That was a discovery violation and further confirms that Samsung cannot prove such an "immediate and necessary" relationship by clear and convincing evidence.

---

[2] Notably, if the jury finds that the '976 patent is not proven to be invalid over Android OS 1.0 and 1.6, no materiality can be found. This is because Samsung failed to provide a separate basis for materiality and relies only on Dr. Schonfeld's invalidity opinions. Further, even if invalidity is found, that would not show that the inventors/prosecutors (a) knew or believed that Android OS 1.0 and 1.6 are but-for material or (b) withheld that information with the specific intent to deceive the PTO. The Court deferred resolution of those issues at the summary judgment stage.

Indeed, Samsung's infectious unenforceability defense is in fact a theory of unclean hands and should be assessed from that perspective. But no basis for unclean hands has been alleged or exists. As Judge Bryson has noted, the "defense of unclean hands is reserved for extreme circumstances." *Erfindergemeinschaft UroPep GbR v. Eli Lilly and Company*, No. 2:15-CV-1202-WCB 2017 WL 275465, at *7 (E.D. Tex. Jan. 20, 2017). For a defendant in a patent case to establish the defense of unclean hands, the defendant "must show that the patentee conducted itself as to shock the moral sensibilities of the judge, or stated otherwise, that the patentee's conduct was offensive to the dictates of natural justice." *Id.* (citing cases). Moreover, a party asserting unclean hands bears the burden of proving by clear and convincing evidence that the opposing party acted with unclean hands." *Id.* (citing cases).

Unclean hands typically requires egregious misconduct. Indeed, the doctrine developed from three Supreme Court cases that dealt with "particularly egregious misconduct, including perjury, the manufacture of false evidence, and the suppression of evidence." *Therasense, Inc. v. Becton, Dickinson & Co.,* 649 F.3d 1276, 1287 (Fed. Cir. 2011) (*en banc*). Further, each of these cases involved "deliberately planned and carefully executed schemes to defraud not only the PTO but also the courts." *Id.*

Here, none of Headwater's prosecution conduct for the '976 patent plausibly supports a defense of unclean hands. None of Headwater's conduct remotely resembles the type of egregious misconduct needed to make out such a defense. *Bombardier Recreational Prods., Inc. v. Arctic Cat Inc.* is instructive on this point. Civil No. 12–2706 (JRT/LIB), 2017 WL 5610220, *1 (D. Minn. Nov. 20, 2017). In that case, unlike here, the defendant made detailed factual allegations for unclean hands, including that the plaintiff "engaged in a course of conduct where it has attempted to patent the prior art, patent subject matter not eligible for patent protection, fail to name proper

7

inventors where the inventors are not BRP employees, and make material misrepresentations and omissions to and from the U.S. Patent Office." *Id.* at *2.

The district court nonetheless dismissed defendant's unclean hands defense. The court held that these specific factual allegations—even assuming they could be proven by clear and convincing evidence—"do not constitute extreme circumstances that would justify prohibiting [plaintiff] from asserting its patent rights for unclean hands." *Id.*

## V. CONCLUSION

For the foregoing reasons, the Court should grant partial summary judgment of no inequitable conduct / infectious unenforceability. Therefore, the Court should grant summary judgment as to Samsung's eight affirmative defense of "inequitable conduct / infectious unenforceability" in its amended answer (Dkt. 85 at 16–17).

October 25, 2024                                                        Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Amy Hayden
CA State Bar No. 287026

8

James Milkey
CA State Bar No. 281283
Jason M. Wietholter
CA State Bar No. 337139
James N. Pickens
CA State Bar No. 307474
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Andrea L. Fair
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com
Attorneys for Plaintiff,
Headwater Research LLC

*Attorneys for Plaintiff*
*Headwater Research LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3).

/s/ *Marc Fenster*
Marc Fenster