# Exhibit 8

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| ECOFACTOR, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>ECOBEE, INC.,<br><br>        Defendant. | Case No. 6:20-cv-00078-ADA<br><br>**JURY TRIAL DEMANDED** |
| ECOFACTOR, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>ECOBEE, INC.,<br><br>        Defendant. | Case No. 6:21-cv-00428-ADA<br><br>**JURY TRIAL DEMANDED**<br><br><u>LEAD CASE</u> |

## ORDER REGARDING *MOTIONS IN LIMINE*

The Court, having considered the Motions *in Limine* filed by Plaintiff EcoFactor, Inc. ("EcoFactor") and Defendant ecobee, Inc. ("ecobee") (Dkt. Nos. 124, 127, 153) and the parties' arguments at the May 11, 2023 Pretrial Conference, rules as follows:

| **Motion** | **Ruling** |
|---|---|
| ecobee's Motion *in Limine* No. 1: Given that EcoFactor Will Present Multiple Infringement Experts, the Court Should Preclude It from Providing Cumulative and Duplicative Testimony (Dkt. No. 124) | Denied. |
| ecobee's Motion *in Limine* No. 2: EcoFactor Should Not Be Permitted to | Denied. The only source code printouts that will be sent to the jury will be |

1

| Motion | Ruling |
|---|---|
| Send ecobee's Source Code Printouts to the Jury (Dkt. No. 124) | printouts specifically discussed during the trial. |
| ecobee's Motion *in Limine* No. 3: EcoFactor May Not Present Evidence or Argue that It Practices Any of the Asserted Patents (Dkt. No. 124) | Denied. However, if Defendant believes that Plaintiff attempts to put in evidence on this issue that was not disclosed in discovery, then Defendant can approach and request exclusion. |
| ecobee's Motion *in Limine* No. 4: The Court Should Exclude Evidence and Argument that ecobee's Knowledge of EcoFactor's Existence or Product Offerings Equates to Notice or Knowledge of the Asserted Patents (Dkt. No. 124) | Granted. |
| ecobee's Motion *in Limine* No. 5: The Court Should Exclude Evidence or Argument that the DSJ Agreements Contain an Agreement to a $5.16 Royalty (Dkt. No. 124) | Denied. |
| ecobee's Motion *in Limine* No. 6: The Court Should Exclude Speculative Evidence Concerning Daikin, Schneider, and JCI's Contractual Intent That is Beyond Any Witness's Personal Knowledge (Dkt. No. 124) | Granted. No fact witness should talk about anything that is beyond that person's knowledge. |
| ecobee's Motion *in Limine* No. 8: EcoFactor May Not Present Evidence of the Outcome of the Google Trial, Including the Verdict or Damages Award (Dkt. No. 124) | Granted. |
| ecobee's Motion *in Limine* No. 9: The Court Should Exclude References to Generac's Acquisition of ecobee and the Acquisition Price (Dkt. No. 124) | Defendant shall notify Plaintiff by the start of trial whether Defendant wants to introduce evidence about operating losses. If so, Plaintiff can address the Generac acquisition and acquisition price. If not, Plaintiff cannot introduce evidence of the Generac acquisition or price. |

| **Motion** | **Ruling** |
|---|---|
| ecobee's Motion *in Limine* No. 10: EcoFactor May Not Rely on Documents It Produced for the First Time in Connection with Its Pre-trial Disclosures (Dkt. No. 124) | Denied. |
| EcoFactor's Motion *in Limine* No. 1: To preclude references to litigation involving EcoFactor and ecobee other than EcoFactor's claims against ecobee at issue in this trial, and to preclude references to EcoFactor's litigation matters against other parties except for those settled by licenses (Dkt. No. 127) | Tentatively granted. Nothing about other litigation unless Plaintiff opens the door. Plaintiff can object on the basis that they did not open the door. |
| EcoFactor's Motion *in Limine* No. 2: To preclude evidence or argument regarding *inter partes* reviews, *ex parte* reexaminations, or other post-grant proceedings (Dkt. No. 127) | Granted. |
| EcoFactor's Motion *in Limine* No. 3: The parties shall not offer evidence or argument regarding no-longer asserted patents, dropped patent claims, non-asserted infringement theories, no-longer asserted non-infringement theories, and no-longer asserted invalidity theories (Dkt. No. 127) | Granted. |
| EcoFactor's Motion *in Limine* No. 4: To preclude evidence or argument regarding prior art not elected by ecobee for trial, including evidence or argument about how any such non-asserted prior art indicates that a claim element was known in the prior art (Dkt. No. 127) | Granted |
| EcoFactor's Motion *in Limine* No. 5: To preclude fact witnesses from offering expert evidence construing claim language or comparing it to ecobee products, EcoFactor products, or prior art (Dkt. No. 127) | Granted solely with respect to fact witnesses offering claim construction opinions. |

3

| **Motion** | **Ruling** |
|---|---|
| EcoFactor's Motion *in Limine* No. 6: To preclude evidence or argument regarding comparisons of accused products to prior art (Dkt. No. 127) | Granted. |
| EcoFactor's Motion *in Limine* No. 7: To preclude evidence or argument regarding equitable defenses not being decided by the jury (Dkt. No. 127) | Mooted by the following stipulation: The parties shall be precluded from introducing evidence, testimony, or argument before the jury that relates only to equitable defenses or counterclaims (i.e., evidence that does not also serve another evidentiary purpose relevant to jury issues). |
| EcoFactor's Motion *in Limine* No. 8: To preclude evidence or argument that is derogatory of the USPTO or its examiners, such as that they are mistake-prone or prone to error (Dkt. No. 127) | Mooted by the following stipulation: The parties shall be precluded from introducing evidence, testimony, or argument bolstering or disparaging the U.S. Patent Office, its examiners, or the process for prosecuting patent applications or granting patents in the United States. This does not preclude factual evidence as to the operations of the USPTO. |
| EcoFactor's Motion *in Limine* No. 9: To preclude evidence or argument that if the jury were to award EcoFactor the damages that it is seeking, this would increase the price of ecobee's products, put ecobee's manufacturers or partners out of business, or lead to lost jobs (Dkt. No. 127) | Granted. *See* PTC Tr. at 138:17-139:2. |
| EcoFactor's Motion *in Limine* No. 10: To preclude evidence or argument regarding EcoFactor's attorney fee agreements or payments to EcoFactor's litigation counsel, Russ August & Kabat (Dkt. No. 127) | Mooted by the following stipulation: The parties shall be precluded from introducing evidence, testimony, or argument regarding funding of the litigation or regarding any comment on attorney-fee compensation including amounts or structure |
| EcoFactor's Motion *in Limine* No. 11: To preclude evidence or argument regarding how often a party's experts have worked | Denied. |

| Motion | Ruling |
|---|---|
| with the party's counsel outside the context of this action (Dkt. No. 127) | |
| EcoFactor's Motion *in Limine* No. 12: To preclude references to EcoFactor as "litigious," "troll," "pirate," "profiteer," "extortionist," "shell-company," "engaging in a shakedown," "in the business of filing lawsuits," "stick up," "hold up," or like terms (Dkt. No. 127) | There should be nothing derogatory said about either party. |
| EcoFactor's Motion *in Limine* No. 13: To preclude reliance upon ecobee's own patents and physical SMART thermostat, which threaten juror confusion and were untimely disclosed (Dkt. No. 153) | Withdrawn as to ecobee's own physical prior art SMART thermostat.<br><br>Granted solely as to introducing ecobee's own patents into evidence. |

**SIGNED** this 1st day of June, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

5