# Exhibit 9

Minute Entry for proceedings held before Judge Matthew F Kennelly: Final Pretrial Conference held on 3/17/2023. This order memorializes rulings made at the 3/17/2023 final pretrial conference and also addresses certain more recently submitted letters. The parties should consult the record of the final pretrial conference for further details on the motion in limine rulings. (A) The Court rules as follows on defendant's motions in limine: (1 & 2) Motions 1 (to bar disparagement of defendant) and 2 (to exclude conjecture by witness Kintner regarding defendant's actions and motives) are granted. (3) Motion 3 (to exclude defendant's total sales etc.) is granted with the exception that plaintiff may present evidence regarding sales and revenue associated with the accused device. (4) Motion 4 (to exclude evidence regarding IPR proceedings) is granted; no evidence regarding the IPR may be presented before the jury. The Court also reminded the parties that claim construction is a matter for the Court to decide and not the jury. (5) Motion 5 (to exclude opinion testimony from non-experts) is denied without prejudice to making appropriate objections at trial. (6) Motion 6 (to bar reference to USPTO alleged bias) is granted. (7 & 8) Motions 7 (to exclude evidence and argument about a reasonable royalty rate and the Yi license) are denied. However witness Kintner may render testimony on these points only from his personal knowledge as a fact witness and may not offer expert opinions. In addition the relevant details regarding the Yi license may be introduced into evidence. Counsel may during argument ask the jury to draw reasonable inferences from the evidence. (9) Motion 9 (to bar reference to enhanced damages) is granted to the following extent. The parties may make arguments regarding willful infringement but not regarding any enhancement of damages. (10) Motion 10 (to bar testimony regarding unclaimed features) should have been filed as a Daubert motion and is denied without prejudice to making appropriate objections at trial. (B) The Court rules as follows on plaintiff's motions in limine: (1 & 3) Motions 1 (other litigation) and 3 (other lawsuits) are both granted with the exception that evidence may be introduced of the fact that defendant filed a lawsuit in April 2016 seeking a declaration of noninfringement and/or invalidity (which may be relevant on the issue of willful infringement). The Court notes in particular that any impeachment based on testimony or filings in the other lawsuits or proceedings must be done without reference to the fact that the testimony or filing was made in a separate lawsuit or proceeding. (2) Motion 2 (to exclude testimony by expert Ryan Thomas) is denied. (4) Motion 4 (to exclude certain prior art) is agreed upon and is therefore granted. (5) Motion 5 (to exclude dropped claims and theories) is granted to the extent stated on the record. The parties are encouraged to reach an appropriate stipulation as further discussed on the record in order to avoid reference to prior rulings by the Court. (C) In addition to the motions in limine the parties have submitted letters to the Court regarding various issues relating to the trial. The Court addresses these as follows: (a) Witnesses McDonald and Dansky may testify by simultaneous video connection. (b) As to witness Dansky the Court adopts the proposals in the 3/31/2023 letter regarding the plaintiff calling Dansky during its case in chief. (c) As to any and all remote witnesses the parties are ordered to communicate with the courtroom deputy clerk and to make sure they have made the necessary arrangements to present the simultaneous testimony at the appropriate times during the trial to avoid disruption. Any lost time will be charged against the trial time of the party responsible for the lost time. (d) The parties are directed to have the agreed-upon preliminary jury instructions and the FJC patent video loaded onto one or both parties' computers in the courtroom so that they

may be projected to the jury before opening statements on the first day of trial. (twk) (Entered: 04/20/2023)

As of April 21, 2023, PACER did not contain a publicly available document associated with this docket entry. The text of the docket entry is shown above.

*360Heros, Inc. v. GoPro, Inc.*
1-17-cv-01302 (DDE), 4/19/2023, docket entry 347