# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-cv-00103-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S MOTION TO EXCLUDE OR STRIKE CERTAIN REBUTTAL EXPERT OPINIONS OF PHILIP W. KLINE**

# TABLE OF CONTENTS

I. Introduction ................................................................................................................... 1

II. Legal Standards ............................................................................................................. 2

III. Mr. Kline's opinions criticizing how Dr. Groehn designed his conjoint survey should be excluded because he is not qualified to offer them. ............................................................ 2

IV. Mr. Kline's opinions criticizing Dr. Groehn's survey design should be also excluded or struck because they are largely duplicative with those of Dr. Simonson and Dr. Perryman. 4

V. Conclusion ..................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Cases**

*Brown v. Progressive Mountain Insurance Co.*,
 No. 3:21-cv-175-TCB, 2024 WL 3565314 (N.D. Ga. July 26, 2024) ....................................... 4

*Daubert v. Merrell Dow Pharms., Inc.*,
 509 U.S. 579 (1993) ............................................................................................................ 2, 3, 5

*Droplets, Inc. v. Yahoo! Inc.*,
 No. 12-cv-037333-JST, 2021 WL 9038355 (N.D. Cal. Aug. 9, 2021) ...................................... 3

*Elliott v. Google, Inc.*,
 860 F.3d 1151 (9th Cir. 2017) ................................................................................................... 4

*Hearing Components, Inc. v. Shure, Inc.*,
 No. 9:07-cv-104, 2008 WL 5572824 (E.D. Tex. Dec. 1, 2008) ................................................. 5

*King v. Cardinal Servs., LLC*,
 No. 2:19-cv-00217-RSP, 2021 WL 1377261 (E.D. Tex. Apr. 11, 2021) ................................... 2

*N.Y. v. United Parcel Serv.*,
 No. 15-cv-1136-KBF, 2016 WL 4735368 (S.D.N.Y. Sept. 10, 2016) ....................................... 4

*Niblock v. Univ. of Ky.*,
 No. 5:19-cv-394-KKC, 2023 WL 4842315 (E.D. Ky. July 28, 2023) ....................................... 4

*Senne v. Kansas City Royals Baseball Corp.*,
 591 F. Supp. 3d 453 (N.D. Cal. 2022) ....................................................................................... 3

*Thomas v. T.K. Stanley, Inc.*,
 No. 9:12-cv-158, 2014 WL 12814614 (E.D. Tex. Oct. 18, 2014) .............................................. 5

**Rules**

Federal Rule of Evidence 403 ............................................................................................................ 5

Federal Rule of Evidence 702 ............................................................................................................ 2

I.  **Introduction**

Samsung seeks to offer rebuttal testimony from Philip W. Kline criticizing the design of the consumer survey performed by Headwater's survey expert Dr. Andreas Groehn.[1] This testimony should be excluded for several reasons.

*First*, Mr. Kline lacks any training or experience that qualifies him to offer opinions on consumer survey design. Mr. Kline is an economist who has never designed or conducted a survey. His survey-related experience is limited to use of data that results from a survey in subsequent economic analyses. Despite this, he offers multitudinous opinions on the design of Dr. Groehn's "conjoint" survey. Put simply, a conjoint survey is a specific type of consumer survey that presents respondents with different purchasing options (here, different phone configurations with varying pricing and features); Dr. Groehn used a "pilot" survey to aid in determining which features survey respondents care most about to inform which to include in his conjoint study. Dr. Groehn called upon his extensive experience and expertise in survey design to do so. Given Mr. Kline's entire lack of experience with survey design, he is not qualified to testify concerning the design of Dr. Groehn's survey.

*Second*, Mr. Kline's survey-design opinions are duplicative and cumulative with those of other of Samsung's experts, Itamar Simonson and Ray Perryman, both of whom provide their own rebuttal opinions criticizing the design of Dr. Groehn's conjoint surveys. Even if Mr. Kline's survey-design opinions did have any probative value (they do not since he is not qualified to give them), that probative value would be outweighed by the prejudice that duplicative testimony brings to Headwater via the dangers of confusing the issues and misleading the jury, as well as simply

---

[1] Mr. Kline also offers opinions criticizing Dr. Groehn's use of the survey data to perform subsequent calculations, and criticizing Headwater's damages expert Stephen Dell for relying upon the result of Dr. Groehn's calculations. Headwater does not seek to exclude these opinions.

1

wasting valuable trial time.

## II. Legal Standards

Federal Rule of Evidence 702 requires that a witness proffered as an expert be "**qualified** as an expert by knowledge, skill, experience, training, or education" such that the proffered "expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a) (emphasis added); *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993); *see also King v. Cardinal Servs., LLC*, No. 2:19-cv-00217-RSP, 2021 WL 1377261, at *1-2 (E.D. Tex. Apr. 11, 2021) (excluding expert testimony from an engineer, rather than a medical doctor, concerning "medical causation of [plaintiff]'s injuries" because the testimony "exceed[ed] [the engineer's] scientific knowledge").

## III. Mr. Kline's opinions criticizing how Dr. Groehn designed his conjoint survey should be excluded because he is not qualified to offer them.

Mr. Kline is not a survey expert. In fact, he admitted at his deposition that he has never designed or conducted a consumer survey of any kind. Ex. 1 (Kline Depo.) at 13:15-18; *see also id*. at 9:6-10:7, 11:3-21, 12:17-13:14. Over the course of his career, on a handful of occasions, he has only "[a]dvis[ed]" those who do actually design surveys "as to the nature of the issues which we were interested in understanding in relation to valuing the [intellectual property at issue] and, you know, ensuring that the data that would come out of the survey would be useful to the applications to which it was to be applied." *Id.* at 10:8-14; *see also id.* at 11:18-12:16. Moreover, those instances did not involve a conjoint survey, the type of survey involved here. *See, e.g.*, *id.* at 10:8-18.

Put simply, the only experience Mr. Kline appears to have related to consumer surveys is the **use** of survey data in economic analyses, not the **design** of the underlying surveys. *Id.* at 10:8-

2

14; *see also* Ex. 2 (Kline Report) ¶4. This is unsurprising since he has an academic background in economics (Ex. 1 at 8:13-16) and the focus of his practice throughout his career has been on "IP valuation and damages" and the "economic aspects of intellectual property" (*id.* at 9:9-16, 9:22-10:1, 11:6-8, 11:15-17, 12:23-13:1). *See also generally id.* at 8:13-13:18; Ex. 2 at App'x A. This is in contrast to Headwater's survey expert Dr. Groehn, who has conducted and analyzed dozens of surveys, including many conjoint surveys, both in and outside of the litigation context. *See generally* Ex. 3 (Groehn Report) ¶5, Ex. C.

Yet, in this case, Mr. Kline offers numerous opinions and criticisms concerning the ***design*** of Dr. Groehn's conjoint survey. Ex. 2 ¶¶16, 53-100, 109-122. Mr. Kline's opinions on survey design are wide-reaching, relating to (1) the "control variables" or "decoy attributes" Dr. Groehn included in his conjoint survey (*id.* ¶¶56-67); (2) the survey's target population (*id.* ¶¶68-74); (3) the way "battery life" is defined and presented in the survey (*id.* ¶¶75-91); and (4) the way Dr. Groehn chose to present models and brands in the survey (*id.* ¶¶92-100, 109-122). This cannot pass muster under *Daubert*.

Indeed, numerous courts have excluded expert testimony concerning consumer survey design where the expert lacked sufficient background in that specific field. For example, in *Senne v. Kansas City Royals Baseball Corp.*, the court excluded a defense expert that "offer[ed] opinions about purported flaws in [plaintiff's expert's] survey" because she was "an expert in statistics," not "survey design or fielding surveys." 591 F. Supp. 3d 453, 486-88 (N.D. Cal. 2022) (cleaned up). This is in part because "permitting a non-survey … expert to testimony on the[se] topics is likely to prejudice [the opposing party] through the aura of authority experts often exude." *Droplets, Inc. v. Yahoo! Inc.*, No. 12-cv-037333-JST, 2021 WL 9038355, at *8 (N.D. Cal. Aug. 9, 2021) (quotation marks omitted); *see also Brown v. Progressive Mountain Insurance Co.*, No.

3:21-cv-175-TCB, 2024 WL 3565314, at *8-9 (N.D. Ga. July 26, 2024) (excluding testimony concerning surveys commissioned by proposed expert in part because his only prior involvement with surveys was at best tangential); *Niblock v. Univ. of Ky.*, No. 5:19-cv-394-KKC, 2023 WL 4842315, at *4 (E.D. Ky. July 28, 2023) (excluding expert testimony regarding survey design and noting that the expert's "expertise in other areas … does not render her an expert on survey methodology"); *N.Y. v. United Parcel Serv.*, No. 15-cv-1136-KBF, 2016 WL 4735368, *8 (S.D.N.Y. Sept. 10, 2016) (excluding expert testimony concerning a consumer survey where the expert "ha[d] never before designed a consumer survey" and "testified that his primary experience as an expert is in providing opinions regarding damages in employment cases"); *cf. Elliott v. Google, Inc.*, 860 F.3d 1151, 1160 (9th Cir. 2017) (affirming exclusion of expert testimony concerning surveys designed and conducted by counsel, rather than by someone qualified to design or interpret surveys).

The Court should do the same here, and exclude Mr. Kline's opinions criticizing Dr. Groehn's survey design because he lacks any education or experience that would qualify him to offer those types of opinions.

**IV.** **Mr. Kline's opinions criticizing Dr. Groehn's survey design should be also excluded or struck because they are largely duplicative with those of Dr. Simonson and Dr. Perryman.**

In addition to Mr. Kline lacking the appropriate qualifications to opine as to survey design in the first place, Mr. Kline's survey-design opinions are also largely duplicative and cumulative with those from Dr. Simonson and Dr. Perryman, two of Samsung's other experts. Like Mr. Kline, Dr. Simonson offers opinions and criticisms concerning (1) the "control variables" or "decoy attributes" Dr. Groehn included in his conjoint survey (Ex. 4 (Simonson Report) ¶¶38-44); (2) the way "battery life" is defined and presented in the survey (*id.* ¶¶22-37); (3) the way Dr. Groehn chose to present models and brands in the survey (*id.* ¶64). And like Mr. Kline, Dr. Perryman also

4

offers opinions and criticisms concerning (1) the target population of Dr. Groehn's conjoint survey (Ex. 5 (Perryman Report) ¶¶318, 334-336); (2) the way "battery life" is defined and presented in the survey (*id.* ¶¶309-312, 318-319, 321, 324-325, 327); and (3) the way Dr. Groehn chose to present models and brands in the survey (*id.* ¶¶320, 337). Indeed, Dr. Perryman admits that he, Mr. Kline, and Dr. Simonson all present criticisms of the way in which battery life was presented and defined in Dr. Groehn's survey. *Id.* ¶326; *see also id.* ¶¶308, 310.

Mr. Kline's survey-design opinions should be excluded or struck for this additional independent reason because even if his testimony were admissible under *Daubert*, "[m]ultiple experts testifying on the same subject is unhelpful and needlessly cumulative," rendering any "probative value … substantially outweighed by the danger of confusing the issues, misleading the jury, and wasting time" under Federal Rule of Evidence 403. *Thomas v. T.K. Stanley, Inc.*, No. 9:12-cv-158, 2014 WL 12814614, at *2 (E.D. Tex. Oct. 18, 2014); *see also Hearing Components, Inc. v. Shure, Inc.*, No. 9:07-cv-104, 2008 WL 5572824, at *3-4 (E.D. Tex. Dec. 1, 2008) (excluding testimony of one expert concerning "background knowledge of one of ordinary skill in the art" as "cumulative and of marginal probative value" in view of a second expert's testimony concerning patent validity).

## V.     Conclusion

For the foregoing reasons, Headwater respectfully requests that the Court exclude or strike the portions of Mr. Kline's opinions that concern Dr. Groehn's survey design.

| | |
|---|---|
| Dated:  October 25, 2024 | Respectfully submitted,<br><br>*/s/ Amy E. Hayden*<br>Marc Fenster<br>CA State Bar No. 181067<br>Reza Mirzaie<br>CA State Bar No. 246953<br>Brian Ledahl<br>CA State Bar No. 186579<br>Ben Wang<br>CA State Bar No. 228712<br>Paul Kroeger<br>CA State Bar No. 229074<br>Neil A. Rubin<br>CA State Bar No. 250761<br>Kristopher Davis<br>CA State Bar No. 329627<br>James S. Tsuei<br>CA State Bar No. 285530<br>Philip Wang<br>CA State Bar No. 262239<br>Amy E. Hayden<br>CA State Bar No. 287026<br>Adam Hoffman<br>CA State Bar No. 218740<br>Dale Chang<br>CA State Bar No. 248657<br>James Milkey<br>CA State Bar No. 281283<br>Jason M. Wietholter<br>CA State Bar No. 337139<br>James N. Pickens<br>CA State Bar No. 307474<br>Qi (Peter) Tong<br>TX State Bar No. 24119042<br>RUSS AUGUST & KABAT<br>12424 Wilshire Blvd. 12th Floor<br>Los Angeles, CA 90025<br>Telephone: 310-826-7474<br>headwater@raklaw.com |

        Andrea L. Fair
        TX State Bar No. 24078488
        MILLER FAIR HENRY PLLC
        1507 Bill Owens Parkway
        Longview, TX 75604
        Telephone: 903-757-6400
        andrea@millerfairhenry.com

        **ATTORNEYS FOR PLAINTIFF,**
        **Headwater Research LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2024, the foregoing document and its exhibits were electronically filed with the Clerk of the Court for the Eastern District of Texas using the ECF System under seal, and Defendants were served with a copy via electronic mail.

/s/ Amy E. Hayden
Amy E. Hayden

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Headwater has complied with the meet and confer requirement in Local Rule CV-7(h) by meeting and conferring with counsel for Defendants on October 23, 2024. For Headwater, Kristopher Davis, James Tsuei, Amy Hayden, James Pickens, and Jason Wietholter of Russ August & Kabat LLP attended the conference. For Defendants, Sara Fish and Jonathan Bright of Fish & Richardson P.C. attended the conference. Plaintiff explained the basis for its proposed motion to exclude or strike, and Defendants explained why they believe the motion lacks good cause. The parties could not reach an agreement, and discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve. Defendants oppose this motion.

/s/ Amy E. Hayden
Amy E. Hayden

8