**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| *Plaintiff*, | Case No. 2:22-cv-00103-JRG-RSP |
| v. | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | |
| *Defendants*. | |

**PLAINTIFF HEADWATER'S MOTION TO STRIKE CERTAIN OPINIONS OF SAMSUNG'S DAMAGES EXPERT DR. M. RAY PERRYMAN, PH.D.**

█████████████

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ........................................................................................................ 1

II.   DR. PERRYMAN'S OPINIONS ON ████████████████████
      SHOULD BE EXCLUDED FOR PATENT COUNTING IN LIEU OF PATENT-
      SPECIFIC ANALYSIS ............................................................................................... 1

III.  DR. PERRYMAN'S OPINIONS ON OTHER HEADWATER-SAMSUNG LITIGATION
      AND CALCULATIONS USING HEADWATER PATENTS FROM DIFFERENT
      LAWSUITS SHOULD BE EXCLUDED ...................................................................... 4

IV.   DR. PERRYMAN'S OPINIONS ON NON-INFRINGING ALTERNATIVES FAIL TO
      SHOW THE ALTERNATIVES ARE NON-INFRINGING, AVAILABLE, OR
      ACCEPTABLE, AND SHOULD BE EXCLUDED........................................................ 8

V.    CONCLUSION............................................................................................................ 14

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Adasa Inc. v. Avery Dennison Corp.*,
  55 F.4th 900 (Fed. Cir. 2022) .................................................... 1

*Correct Transmission, LLC v. Nokia of Am. Corp.*,
  No. 2:22-CV-0343-JRG-RSP, Dkt. 244 (E.D. Tex. Mar. 26, 2024) ........................ 9

*Correct Transmission, LLC v. Nokia of Am. Corp.*,
  No. 2:22-CV-0343-JRG-RSP, 2024 WL 1327906 (E.D. Tex. Mar. 26, 2024) ....................... 12

*DataTreasury Corp. v. Well Fargo & Co.*,
  No. 2:06-cv-72 No. 2:06-CV-348, 2011 WL 13196509 (E.D. Tex. Jan. 28, 2011) ................ 11

*DataTreasury Corp. v. Well Fargo & Co.*, No. 2:06-cv-72,
  No. 2:06-CV-348, 2011 WL 197869 (E.D. Tex. Jan. 20, 2011) ............................ 10

*EcoFactor, Inc. v. Google LLC*,
  No. 6:20-cv-00075-ADA, D.I. 192 (W.D. Tex. Jan. 31, 2022) ................................. 6

*Finjan, Inc. v. Secure Computing Corp.*,
  626 F.3d 1197 (Fed. Cir. 2010) .................................................... 1

*Golden Bridge Tech. v. Apple Inc.*,
  No. 5:12-CV-04882-PSG, 2014 WL 219450 (N.D. Cal. May 18, 2014) .............................. 3, 8

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
  694 F.3d 51 (Fed. Cir. 2012) .................................................... 5

*Mobile Telecomms. LLC v. ZTE (USA) Inc.*,
  No. 2:13-CV-946, 2016 WL 8260584 (E.D. Tex. July 22, 2016) ............................... 5

*Mondis Tech. Ltd. v. LG Elecs., Inc.*,
  No. CV 15-4431 (SRC), 2021 WL 4077563 (D.N.J. Sept. 8, 2021) ........................ 2

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
  711 F.3d 1348 (Fed. Cir. 2013) .................................................... 10

*Stoller Enterprises, Inc. v. Fine Agrochemicals Ltd.*,
  705 F. Supp. 3d 774 (S.D. Tex. 2023) .................................................... 9

*Uniloc USA, Inc. v. Microsoft Corp.*,
  632 F.3d 1292 (Fed. Cir. 2011) .................................................... 10, 13

*United States v. Jones*,
  37 F.3d 633 (5th Cir. 1994) .................................................... 5

**Rules**

Fed. R. Evid. 403 .................................................... 5

Fed. R. Evid. 702 .................................................... 7

███████████████

**TABLE OF EXHIBITS AND ABBREVIATIONS**

| Ex. | Description | Abbreviation |
|-----|-------------|--------------|
| 1 | Rebuttal Expert Report of Dr. M. Ray Perryman, Ph.D. dated October 14, 2024 | Perryman Rpt. |
| 2 | Deposition Transcript of Dr. M. Ray Perryman Ph.D. dated October 24, 2024 | Perryman Tr. |
| 3 | ████████████████████████████ | ████████ |
| 4 | ████████████████████████████ | ████████ |
| 5 | Opening Report of Dr. Ian Foster dated September 26, 2024 | Foster Opening Rpt. |
| 6 | Rebuttal Report of Dr. Ian Foster dated October 14, 2024 | Foster Rebuttal Rpt. |
| 7 | *EcoFactor, Inc. v. ecobee, Inc.,* No. 6:21-cv-00428-ADA, D.I. 208 (Jun. 1, 2023) | EcoFactor Daubert Order |
| 8 | *EcoFactor, Inc. v. ecobee, Inc.,* No. 6:21-cv-00428-ADA, D.I. 209 (Jun. 1, 2023) | EcoFactor MIL Order |
| 9 | 360Heros, Inc. v. GoPro, Inc., 1-17- cv-01302 (DDE), D.I. 347 (Hon. M. Kennelly April 19, 2023) | *360Heros* |
| 10 | Depuy Synthes Prods., LLC v. Globus Med., Inc., 11-652-LPS (DDE), D.I. 268 (Hon. L. Stark May 15, 2023) | *Depuy* |

**TABLE OF PROPOSED NON-INFRINGING ALTERNATIVES AT ISSUE**

| Samsung Proposed NIA | Citation to Dr. Perryman's Rebuttal Report | Citation to Dr. Foster's Opening Report |
|---|---|---|
| U.S. Patent Application No. 2010/0159904 ("Colligan") | Perryman Rpt. ¶ 251 | Foster Opening Rpt. ¶1157-1161 |
| U.S. Patent No. 8,099,764 to Shai Herzog ("Herzog") | Perryman Rpt. ¶ 252 | Foster Opening Rpt. ¶1163-1167 |
| Apple Push Notification Service | Perryman Rpt. ¶ 253 | Foster Opening Rpt. ¶¶1173-1174 |
| "Unencrypted Communication Protocol" (NIA to '733 patent) | Perryman Rpt. ¶ 254 | Foster Opening Rpt. ¶1175-1176 |
| "Not Encrypted End-to-End" (NIA to '733 patent) | Perryman Rpt. ¶ 255 | Foster Opening Rpt. ¶1177 |
| "Non-Federalized Push Notification System" (NIA to 733 and 117 patents) | Perryman Rpt. ¶ 256 | Foster Opening Rpt. ¶1178 |
| "Device Agents Pulling On-Device" (NIA to 733 patent) | Perryman Rpt. ¶ 257 | Foster Opening Rpt. ¶1179 |
| "MQTT" or "MQTT-S" | Perryman Rpt. ¶ 257 | Foster Opening Rpt. ¶1180 |
| "Knox Polling" | Perryman Rpt. ¶ 258 | Foster Opening Rpt.¶1181 |
| "GTalkService" | Perryman Rpt. ¶259 | Foster Opening Rpt. |

███████████████████

## I.      Introduction

Plaintiff Headwater Research LLC ("Headwater") respectfully moves to strike certain rebuttal expert opinions from damages expert Dr. M. Ray Perryman, Ph.D. on behalf of Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. ("Samsung"). First, Dr. Perryman's opinions on allegedly comparable settlements that rely on "patent counting" and the assumption that all patents or patent families are of the same value should be excluded. Second, Dr. Perryman's opinions discussing Headwater's other lawsuits against Samsung should be excluded. These opinions are not methodically sound and their prejudicial effect far outweighs any probative value. Third, Dr. Perryman's opinions on non-infringing alternatives should be excluded. He fails to address the acceptability or availability of the alternatives, and ultimately they play no role in his determination of a reasonable royalty.  Moreover, many of these alternatives were not disclosed by Samsung until the last day of fact discovery, in violation of Rule 37.  Thus, Dr. Perryman's opinions on these issues should be excluded.

## II.     Dr. Perryman's Opinions ████████████████████████ Should Be Excluded For Patent Counting In Lieu Of Patent-Specific Analysis

"[The] use of past patent licenses . . . must account for differences in the technologies and economic circumstances of the contracting parties." *Finjan, Inc. v. Secure Computing Corp.,* 626 F.3d 1197, 1211 (Fed. Cir. 2010).  Moreover, "[t]he party proffering a license bears the burden of establishing it is sufficiently comparable to support a proposed damages award." *Adasa Inc. v. Avery Dennison Corp.,* 55 F.4th 900, 915 (Fed. Cir. 2022).

Dr. Perryman acknowledges that ███████████████████████████████ ███████████████████████████████, which is "different from the rights that Samsung would receive in the hypothetically negotiated license to the patents-in-suit." Perryman

1



Rpt. ¶195.[1]  Dr. Perryman admits that:

Perryman Rpt. ¶191.  He therefore adjusts the lump sum in these agreements by calculating a "per patent family" adjusted rate. To calculate the adjusted royalty rate, Dr. Perryman adds up the number of patent families that were asserted in the litigation underlying the settlement (the "asserted patent families") and then divides the lump sum payment by that number.

In dividing like this, Dr. Perryman assumes that each asserted patent family had equal value to Samsung and contributed an equal amount to the lump sum. Dr. Perryman then concludes that these adjusted values would be a reasonable royalty for a license to the Headwater patents-in-suit, which he says comprise only one patent family. *Id.*

Dr. Perryman's patent counting methodology for addressing the differences between the portfolio                        agreement and the hypothetical negotiation for a license to the three patents in suit relies on the assumption that each contributed equal value to the lump sum amounts in those agreements. Courts routinely exclude opinions based on the assumption that patents have the same value where that assumption is unsupported by evidence. *See, e.g., Mondis Tech. Ltd. v. LG Elecs., Inc.*, No. CV 15-4431 (SRC), 2021 WL 4077563, at *14 (D.N.J. Sept. 8,

---

[1] Exhibits 1-10 are described in the Table of Exhibits that appears *supra* at iii, beneath the Table of Authorities. The exhibits are attached to the concurrently filed Declaration of Reza Mirzaie.

████████████

2021) (excluding opinions based on patent counting); Ex. 7, *EcoFactor, Inc. v. ecobee, Inc.,* No. 6:21-cv-00428-ADA, D.I. 208 (Jun. 1, 2023); *Golden Bridge Tech. v. Apple Inc.*, No. 5:12-CV-04882-PSG, 2014 WL 2194501, at *6 (N.D. Cal. May 18, 2014) ("The case law is clear that mere patent counting and dividing is not enough" to satisfy "the fundamental notion that a patent damages methodology must be 'tied to the relevant facts and circumstances of the case at issue.'"). And Dr. Perryman's assumption—that every patent family or every patent is worth the same amount—is not based on any evidence. Dr. Perryman's report contains no analysis and cites to no evidence supporting his inherent opinion that each family is worth the same. Moreover, Dr. Perryman provides no support for assuming the patent families have equal value *to Samsung*, and he cites no technical opinion supporting that assumption. Dr. Perryman's opinion is thus akin to the excluded opinion in *Golden Bridge* 2014 WL 2194501 at *6, where the expert did not "compare the incremental values of patents in the portfolio."

Further illustrating that Dr. Perryman did not perform a patent-specific analysis is that Dr. Perryman ignored differing circumstances impacting particular patents or patent families. Dr. Perryman admitted as much at his deposition, testifying that he divided the lump sum by the "number of patent families" in each license merely based on his assumption that "patent families tend to be separate types of technology." Ex. 2 (Perryman Tr.) 54:7-56:10. As another example, Dr. Perryman ignores ██████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████ Dr. Perryman does not address which patents or patent families were subject to such risks. In fact, Dr. Perryman did not address ████████████████████████████████ ████████████████████████ Dr. Perryman also ignores the

█████████████████

████████████   ███████████████████████████████████████████████████████████

███████████████████████████████████████████████   At bottom, Dr.

Perryman's opinion is just patent counting. Dr. Perryman admits that he does not know how the

parties came up with a specific royalty payment and here he is applying a patent counting

methodology with no nexus to the facts. Ex. 2 71:12-72:20. This opinion will not be helpful to the

trier of fact.[2]

## III.   Dr. Perryman's Opinions On Other Headwater-Samsung Litigation And Calculations Using Headwater Patents From Different Lawsuits Should Be Excluded

At issue here are two sets of opinions from Dr. Perryman in which he discusses other,

current litigation between Headwater and Samsung. One instance appears purportedly in the

context of his discussion of the difference between the Samsung settlements (████████████

████████████████████) and the hypothetical negotiation where only the three patents in

suit would be at issue. In express violation of Court MIL No. 13, Dr. Perryman discusses the other

pending Headwater/Samsung cases as purported proof that the hypothetical negotiation would not

████████████████████   Perryman Rpt. ¶ 197.

In addition, Dr. Perryman ███████████████████████████████████████████

████████████   ██████████████████   ████████████████████████████████████

██████████████   ████████████   ████████████   entire portfolio to calculate a value for just the three

(3) patents-in-suit, Dr. Perryman counted up the number of patents asserted in Headwater's five

patent infringement lawsuits against Samsung (21 patents), divided the 3 asserted patents in this

case by 21 (3/21=14.29%), and applied this percentage to the total value of the ████████████

---

[2] Dr. Perryman applies the same approach to several other Samsung licenses in the chart on page 69 of his report.  Dr. Perryman does not rely on his calculations regarding the other licenses to the same extent as he relies on patent counting in his analysis of ████████████████████ ███████████, but this chart reflects the same methodological defect and should also be excluded.

████████████

to contend that the three patents-in-suit in this matter are worth ████████. Perryman Rpt. ¶108.

These opinions should be excluded because they are methodologically unsound, and their probative value is substantially outweighed by the danger of unfair prejudice, confusion, and misleading the jury. Under Fed. R. Evid. 403, Dr. Perryman's opinion should be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time." *See also United States v. Jones*, 37 F.3d 633 (5th Cir. 1994) ("*Daubert* did not dispense with the district court's discretion to exclude expert testimony under rule 403"). The Federal Circuit has made clear that an expert's damages opinion should be excluded where it is likely to confuse or mislead the jury. *LaserDynamics, Inc. v. Quanta Computer, Inc.,* 694 F.3d 51, 67-68 (Fed. Cir. 2012).

Dr. Perryman's opinions that discuss other Headwater-Samsung litigation will confuse and mislead the jury by focusing the jury's attention on other Headwater patents and Headwater's other litigation against Samsung. The Court routinely excludes evidence of other litigation and other asserted patents under Rule 403. *See, e.g., Mobile Telecomms. LLC v. ZTE (USA) Inc.*, No. 2:13-CV-946, 2016 WL 8260584, at *2 (E.D. Tex. July 22, 2016) (excluding references or evidence "regarding unrelated litigations, investigations, or accusations involving the parties or their affiliates"). This is also precluded by Court MIL No. 13 ("The parties shall be precluded from introducing evidence, testimony, or argument regarding either party's other litigations or arbitrations, including parallel proceedings in any other court, tribunal, or forum, including ADR proceedings."). The Court should follow this precedent here.[3]

---

[3] This practice is common in patent litigation. *See, e.g.*, Ex. 8, *EcoFactor, Inc. v. ecobee, Inc.*, *supra*, 6:21-cv- 00428-ADA (Lead), D.I. 209 at 3 (granting motion *in limine* excluding other litigation unless EcoFactor opens the door at trial); Ex. 9, *360Heros, Inc. v. GoPro, Inc.*, 1-17- cv-01302 (DDE), D.I. 347 (Hon. M. Kennelly April 19, 2023) (granting motions *in limine* excluding

Dr. Perryman's focus on other Headwater litigation is an improper effort by Samsung to tell the jury about other Headwater-Samsung litigation. Informing the jury about patents not asserted here and other lawsuits would cause significant prejudice to Headwater. Even informing the jury that Headwater has sued Samsung multiple times would cause substantial juror confusion and unfair prejudice, such as suggesting that Headwater is improperly targeting Samsung or that there will be "other chances" for Headwater to obtain relief for Samsung's infringement.  In any event, it would serve only to distract from the issues the jury must decide in this case. This Court should follow its typical practice and exclude references to these other lawsuits, as they would needlessly prejudice the jury and waste time.

There is also no probative value to such evidence. The parties to the hypothetical negotiation would not attempt to weigh the possibility of other infringement findings *against Samsung* on other asserted patents in other lawsuits brought by Headwater, because at the hypothetical negotiation the parties must assume that only the asserted patents in *this* case are valid and infringed and calculate a royalty for *these* patents. The jury is not permitted to calculate a value for Headwater's entire portfolio or the subset of that portfolio that is currently in litigation against Samsung. This improperly invites the jury to consider the possibility of an infringement verdict in other proceedings in determining a reasonable royalty in this one.

Samsung makes a thinly veiled attempt to render Headwater's other lawsuits probative by inserting them into Dr. Perryman's opinion in a place where they have no relevance. Dr. Perryman

---

other litigation and lawsuits except where relevant to willfulness); Ex. 10, *Depuy Synthes Prods., LLC v. Globus Med., Inc.*, 11-652-LPS (DDE), D.I. 268 (Hon. L. Stark May 15, 2023) (granting motion *in limine* excluding reference to the existence of, or facts associated with, other litigations between the parties); *EcoFactor, Inc. v. Google LLC,* No. 6:20-cv-00075-ADA, D.I. 192, at 2 (W.D. Tex. Jan. 31, 2022) (granting motion *in limine* to "exclude references to the parties' other litigations and claims besides EcoFactor's claims against Google in this case").

opines that at the hypothetical negotiation, Samsung is only licensing the patents-in-suit, and as such, Samsung is not getting ██████████████ value that it obtained from the allegedly comparable licenses which are portfolio licenses including covenants that protected Samsung from future litigation. Perryman Rpt. ¶196. Dr. Perryman easily can make this point and discuss this difference without reference to, other Headwater lawsuits against Samsung. Instead, Dr. Perryman argues that "Headwater has filed five patent infringement lawsuits (including this case) against Samsung since March 2023, asserting a total of 21 patents" and "[a]dditionally, Headwater has filed cases against Verizon, AT&T and T-Mobile which also accuse Samsung products," and he claims that Headwater's other litigation "illustrate[s] the significant additional value that" Samsung acquired in the comparable licenses. Perryman Rpt. ¶197. It will always be the case that at a hypothetical negotiation over only asserted patents, the accused infringer is not obtaining a license to the patent holder's other patents. But this does not open the door to discussion of the patent holder's other lawsuits against the accused infringer.

*Second*, Dr. Perryman discusses this other Headwater-Samsung litigation in the context of his opinion on ████████████ ██████████████████████████ Perryman Rpt. ¶ 108. To adjust ████████████ for the entire portfolio to calculate a value for just the three (3) patents-in-suit, Dr. Perryman counted up the number of patents asserted in Headwater's five patent infringement lawsuits against Samsung (21 patents), divided the 3 asserted patents in this case by 21 (3/21=14.29%), and applied this percentage to the total value of the ██████████ offer to contend the three patents-in-suit in this matter are worth ██████████ Perryman Rpt. ¶ 108.

As shown above, this opinion should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice and confusion. Dr. Perryman's opinion requires telling the jury about Headwater's four other lawsuits and 21 asserted patents across those

lawsuits, which would prejudice Headwater and serves no probative value.

Further, under Fed. R. Evid. 702 and the *Daubert* standard, an expert's opinion must be methodologically sound and the product of application of reliable principles and methods to sufficient facts or data. Dr. Perryman's opinion fails to meet the *Daubert* standard. Dr. Perryman's approach was to adjust the total value of the InterDigital offer to purchase Headwater's patent portfolio based on a specific set of 21 patents that Headwater is asserting today in lawsuits against Samsung. Dr. Perryman is once again improperly assuming that each of the 21 Headwater patents asserted against Samsung in five lawsuits has equal value. He is dividing the ███████████ amount by 21, counting up the number of patents and dividing by that number without doing any sort of patent-specific inquiry. "The case law is clear that mere patent counting and dividing is not enough" to satisfy "the fundamental notion that a patent damages methodology must be 'tied to the relevant facts and circumstances of the case at issue.'" *Golden Bridge* 2014 WL 2194501, at *6. This provides another reason to exclude the opinion.

Moreover, this approach is methodologically unsound, and it is not based on data establishing any nexus between the specific set of patents at issue in Headwater's present-day litigation with Samsung and using that number to calculate a per-patent rate with the ██████ ████████████████████ has nothing to do with Headwater's present-day lawsuits against Samsung. Similarly, the number of patents asserted in Headwater's lawsuits against Samsung has no nexus to the ██████████████████ Dr. Perryman offers no evidence that these specific twenty-one (21) Headwater patents are relevant to ████████████████.

## IV.   Dr. Perryman's Opinions on Non-Infringing Alternatives Fail to Show the Alternatives Are Non-Infringing, Available, or Acceptable, and Should Be Excluded

Headwater is concurrently moving to strike certain non-infringing alternatives ("NIAs") from both Dr. Foster's report and Dr. Perryman's report. *See* Table of Proposed Non-Infringing

Alternatives, *supra* at iv. There are at least four bases to exclude Dr. Perryman's opinions on these NIAs. ***First***, Samsung has submitted no economic analysis showing they would be non-infringing alternatives that are commercially acceptable to Samsung. ***Second***, Samsung cannot show the NIAs in ¶¶ 253-257 were commercially available to Samsung at the time of the hypothetical negotiation ***Third***, these NIAs play no role in Samsung's calculation of damages. Samsung's experts failed to provide an economic analysis of the NIAs or the cost to implement them and remove the accused features, rendering these NIAs irrelevant. ***Fourth***, Samsung did not disclose the NIAs in Perryman Rpt. ¶ 251 and ¶¶ 253-258 until the very last day of fact discovery, which prejudiced Headwater and justifies their exclusion under Rule 37.

The first basis to strike the opinions is that neither expert has established that the NIAs would be *non-infringing* substitutes that are *commercially acceptable*. As the accused infringer, Samsung bears the burden to prove the existence of available and acceptable non-infringing alternatives ("NIAs") at the time of the hypothetical negotiation, *i.e.*, the date of first infringement. *Stoller Enterprises, Inc. v. Fine Agrochemicals Ltd.*, 705 F. Supp. 3d 774, 798 (S.D. Tex. 2023) "([I]t is Defendants' burden to establish that 'any alternatives [were] acceptable and available' under reasonable royalties analysis."); *Correct Transmission, LLC v. Nokia of Am. Corp.*, No. 2:22-CV-0343-JRG-RSP, Dkt. 244, at *7-9 (E.D. Tex. Mar. 26, 2024) ("*Correct Transmission I*") ("[I]t is [defendant's] burden to show that an alternative is noninfringing."). But Dr. Perryman provides no financial analysis of how much it would cost to implement the NIAs. In fact, Dr. Perryman provides no economic analysis of the consequences of replacing the infringing features with these NIAs. Dr. Perryman merely parrots Dr. Foster's conclusory allegation that the NIAs would be "commercially acceptable," without any explanation. At his deposition, Dr. Perryman

agreed he did not analyze commercial acceptability beyond what he was told by Dr. Foster. Ex. 2 (Perryman Tr.) 171:18-175:11.

And Dr. Foster, the technical expert, provided no economic analysis of the NIAs. Dr. Foster concludes that the NIAs would be "commercially acceptable" with no supporting facts or economic analysis and no discussion of relative costs and benefits.  Foster Opening Rpt. ¶1157-1161 (the "Colligan" NIA) (opining it "would have been a commercially acceptable alternative" merely because it "could have been implemented by a person having ordinary skill in the art"); Foster Opening Rpt. ¶1163-1167 (the "Herzog" NIA) (identical allegation that it "would have been a commercially acceptable alternative" merely because it "could have been implemented by a person having ordinary skill in the art"); Foster Opening Rpt. ¶1175-1176 ("Unencrypted Communication Protocol" NIA to '733) (no economic analysis); Foster Opening Rpt. ¶1177 ("Not Encrypted End-to-End" NIA to '733) (no economic analysis); Foster Opening Rpt. ¶1178 ("Non-Federalized Push Notification System" NIA to 733 and 117 patents) (no economic analysis); Foster Opening Rpt. ¶1179 ("Device Agents Pulling On-Device" NIA to 733) (no economic analysis); Foster Opening Rpt. ¶1180 ("MQTT" or "MQTT-S" NIA) (no economic analysis); Foster Opening Rpt. ¶1181 ("Knox Polling" NIA) (no economic analysis). It is not even clear Dr. Foster would be qualified to provide an analysis of commercial acceptability in the context of the hypothetical negotiation—but he did not do so in any event.  The broad generalities and conclusory statements in Samsung's reports are not sufficient analysis of the economic impacts from these NIAs.  *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.,* 711 F.3d 1348, 1373 (Fed. Cir. 2013) (expert testimony must "be the product of reliable principles and methods applied to sufficient facts or data.");  *Uniloc USA, Inc. v. Microsoft Corp.,* 632 F.3d 1292, 1315 (Fed. Cir. 2011) (If an expert "fails to tie the theory to the facts of the case, the testimony must be excluded.").

A second basis to strike the alternatives at ¶¶ 253-258 (corresponding to the alternatives in the Foster Opening Report at ¶¶ 1175-1180) is that no expert has established they were commercially available to Samsung. *DataTreasury Corp. v. Well Fargo & Co.*, No. 2:06-cv-72, No. 2:06-CV-348, 2011 WL 197869, at *3 (E.D. Tex. Jan. 20, 2011), *objections overruled*, No. 2:06-cv-72 No. 2:06-CV-348, 2011 WL 13196509 (E.D. Tex. Jan. 28, 2011) ("[Defendant], therefore, bears the burden of proving that the non-infringing alternatives were 'available' to it during the accounting period."). Neither Samsung expert even asserts, much less proves, that these NIAs were *commercially available to Samsung*.

There is no evidence that NIAs such as the Apple Push Notification service were available to Samsung. For example, Dr. Perryman writes that Dr. Foster has opined that the Apple Push Notification service "would have been commercially acceptable, was used *by Apple* as early as September 2008, and was released to the public *by Apple* in June 2009." Perryman Rpt. ¶253 (emphasis added). But Samsung's experts have failed to argue or show that the Apple Push Notification service was commercially available *to Samsung*. Dr. Perryman includes no analysis showing that any Samsung product could actually use the Apple Push Notification service. Rather, Dr. Perryman only cites Dr. Foster's report, which only confirms that the Apple Push Notification Service was released exclusively for *Apple* devices running the proprietary *Apple* iOS operating system used only in *iPhones*—and is *not available on Samsung products.* Foster Opening Rpt. ¶¶1173-1174.

Similarly, Dr. Perryman's report is silent on evidence or analysis that the NIAs at paragraphs 253-257 would have been commercially available to Samsung. Dr. Perryman is parroting Dr. Foster's conclusions, but neither expert opines that the alternatives were commercially available to Samsung. The word "available" does not appear in these paragraphs.

Perryman Rpt. ¶253-257; Foster Opening Rpt. ¶1175-1180. And the experts do not allege, much less prove, that these alleged NIAs were available to Samsung. Most of these NIAs are not even real systems, but rather just made-up systems supported by no evidence that they ever were implemented or existed in the real world. Foster Opening Rpt. ¶1175-1179. Dr. Foster does not show they would be available in the real world or discuss the factors that would relate to their compatibility with Samsung products. *Id.* Dr. Perryman likewise contributes nothing to this question. And for the "MQTT" NIAs, the experts' discussion fails to allege or prove that the system was available to Samsung's accused products. Their analysis of each of these is wholly conclusory and largely amounts to his ipse dixit that the alternative "could be implemented in software" without actually explaining or proving how it could be implemented in Samsung products.

The third basis to strike the NIAs is the fact that the NIAs play no meaningful role in Dr. Perryman's damages opinions.  This applies to Dr. Perryman's entire discussion of NIAs at paragraphs 249 to 259 of his report.  This Court has held that where experts provide no "financial analysis of the impact of a non-infringing alternative to a reasonable royalty… presenting these alternatives will only operate to confuse the jury." *Correct Transmission, LLC v. Nokia of Am. Corp.*, No. 2:22-CV-00343-JRG-RSP, 2024 WL 1289821, at *5 (E.D. Tex. Mar. 26, 2024). *See also Correct Transmission, LLC v. Nokia of Am. Corp.*, No. 2:22-CV-0343-JRG-RSP, 2024 WL 1327906, at *4 (E.D. Tex. Mar. 26, 2024) ("*Correct Transmission II*") (where the damages expert "offers no opinions regarding how the non-infringing alternatives should factor into the hypothetical negotiation," the expert will not be permitted to testify on non-infringing alternatives).

In his report, as part of his analysis of *Georgia Pacific* Factors 9 and 10, Dr. Perryman merely parrots the conclusions of Samsung's technical expert, Dr. Foster, and performs no

economic analysis of the NIAs. Perryman Rpt. ¶¶ 251-259.  Dr. Perryman provides no information or opinions on the cost of any alternative. And he does not discuss the effect of the NIAs on the royalty rate, either individually or as a group. Dr. Perryman concludes his discussion of Factors 9 and 10 as a whole—in which he discusses several other issues besides NIAs (*see, e.g.,* ¶¶ 222-244)—with a statement that "[t]his factor would have a negative impact on the reasonable royalty," but he does not separately discuss the effect of the NIAs, as a group or individually, on the royalty rate.   Similarly, he mentions that "Samsung had several readily available and commercially acceptable non-infringing alternatives to the asserted claims of the patents-in-suit" in a long list of "observations that would affect the bargaining position in each of the hypothetical negotiations," but again does not discuss what the effect of NIAs would be.  At best, Dr. Perryman's entire discussion *intimates* that the NIAs he mentions would strengthen Samsung's negotiating position. But it provides no analysis that would help the jury determine the extent of this effect, let alone any financial analysis comparing the cost of the alternatives with the cost of a license to Samsung. *Uniloc USA, Inc. v. Microsoft Corp.,* 632 F.3d 1292, 1315 (Fed. Cir. 201) (If an expert "fails to tie the theory to the facts of the case, the testimony must be excluded.").

A fourth basis to strike the specific alternatives in Dr. Perryman's report at ¶251 and ¶¶253-258 (corresponding to the alternatives in the Foster Opening Report at ¶¶ 1157-1161 and ¶¶ 1175-1180) is that Samsung did not disclose the NIAs recited in these paragraphs until the very last day of fact discovery. Perryman Rpt. ¶251, ¶¶ 253-258. As described in the concurrently filed motion against Dr. Foster, Samsung surprised Headwater by serving a lengthy Second Supplemental Response to Interrogatory No. 17 on September 20, 2024. D.I. 176-9. This was the last day of fact discovery and the first time that Samsung disclosed these NIAs, as shown in the following Table.

███████████████

| Late-Disclosed NIA | First Disclosure by Samsung | Citation to Dr. Foster's Report | Citation to Dr. Perryman's Report |
|---|---|---|---|
| U.S. Patent Application No. 2010/0159904 ("Colligan") | 9/20/24 Second Supplemental Response to Interrogatory No. 17 | Foster Opening Rpt. ¶1157-1161 | Perryman Rpt. ¶ 251 |
| "Unencrypted Communication Protocol" (NIA to '733 patent) | 9/20/24 Second Supplemental Response to Interrogatory No. 17 | Foster Opening Rpt. ¶1175-1176 | Perryman Rpt. ¶ 254 |
| "Not Encrypted End-to-End" (NIA to '733 patent) | 9/20/24 Second Supplemental Response to Interrogatory No. 17 | Foster Opening Rpt. ¶1177 | Perryman Rpt. ¶ 255 |
| "Non-Federalized Push Notification System" (NIA to 733 and 117 patents) | 9/20/24 Second Supplemental Response to Interrogatory No. 17 | Foster Opening Rpt. ¶1178 | Perryman Rpt. ¶ 256 |
| "Device Agents Pulling On-Device" (NIA to 733 patent) | 9/20/24 Second Supplemental Response to Interrogatory No. 17 | Foster Opening Rpt. ¶1179 | Perryman Rpt. ¶ 257 |
| "MQTT" or "MQTT-S" | 9/20/24 Second Supplemental Response to Interrogatory No. 17 | Foster Opening Rpt. ¶1180 | Perryman Rpt. ¶ 257 |
| "Knox Polling" as an NIA | 9/20/24 Second Supplemental Response to Interrogatory No. 17 | Foster Opening Rpt.¶1181 | Perryman Rpt. ¶ 258 |

Samsung bears the burden of proof on NIAs and was required under Rules 26 and 33 to disclose them in response to Headwater's Interrogatory No. 17 during fact discovery. In waiting until the last day of discovery, Samsung improperly prevented Headwater from developing fact discovery for its responses to the non-infringing alternative arguments, and has irreparably prejudiced Headwater's ability to prepare its case for trial. These should therefore be excluded under Rule 37 and the local rules of this Court.

## V.     Conclusion

The Court should strike the opinions from Dr. Perryman's damages report (Ex. 1) on: Rates from ███████████████ and other "patent counting" analysis in a chart covering all

Samsung's prior licenses (¶¶13(3), ¶188-195, ¶¶201-202, ¶295, ¶299); Headwater-Samsung

litigation (¶¶108, 197); and NIAs (¶¶ 249-259).

Dated: October 25, 2024

Respectfully submitted,

*/s/ Reza Mirzaie*

Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Amy E. Hayden
CA State Bar No. 287026
Adam Hoffman
CA State Bar No. 218740
Dale Chang
CA State Bar No. 248657
James Milkey
CA State Bar No. 281283
Jason M. Wietholter
CA State Bar No. 337139
James N. Pickens
CA State Bar No. 307474
Qi (Peter) Tong
TX State Bar No. 24119042
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Andrea L. Fair
TX State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

17

██████████████████

### CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System under seal, and served defendants with a copy via electronic mail.

*/s/ Reza Mirzaie*
Reza Mirzaie

### CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Headwater has complied with the meet and confer requirement in Local Rule CV-7(h) by meeting and conferring with counsel for Defendants on October 23, 2024. For Headwater, Kristopher Davis, James Tsuei, James Pickens, Amy Hayden, and Jason Wietholter of Russ August & Kabat LLP attended the conference. For Samsung, Sara Fish and Jonathan Bright from Fish & Richardson P.C. attended the conference. Plaintiff explained the basis for its proposed motion to strike, and Defendants explained why they believe the motion lacks good cause. The parties could not reach an agreement, and discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve. Defendants oppose this motion.

*/s/ Reza Mirzaie*
Reza Mirzaie

████████████████████████████

████████████████████████████████

██████████████████

*/s/ Reza Mirzaie*
Reza Mirzaie