**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| *Plaintiff*, | |
| v. | Case No. 2:23-CV-00103-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC., | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

**SAMSUNG'S MOTION FOR SUMMARY JUDGMENT**
**OF NO POST-SUIT WILLFULNESS**

██████████████

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ..................................................................................................... 1

II.     STATEMENT OF ISSUES ...................................................................................... 1

III.    STATEMENT OF UNDISPUTED MATERIAL FACTS ....................................... 1

        A.      Willfulness Allegations in Headwater's Complaint are Predicated on Pre-Suit Copying Narrative ................................................................................ 1

        B.      Headwater's Interrogatory No. 11 Response Initially Based Willful Infringement on an (Incorrect) Pre-Suit Copying Narrative ................................... 2

        C.      Headwater Later Backed Away from this Pre-Suit Copying Narrative as the Bases for its Pre-Suit Willfulness Allegations .................................... 3

        D.      Then, Following Motion Practice, Headwater Changed its Willfulness Theory to Pre-Suit Willfulness based on Willful Blindness ................................... 4

        E.      Then, Last Night, Headwater Dropped Pre-Suit Willfulness ................................ 5

IV.     GOVERNING LAW ................................................................................................ 5

        A.      Summary Judgment ................................................................................... 5

        B.      Willful Infringement ................................................................................. 6

V.      ARGUMENT .......................................................................................................... 6

## **TABLE OF AUTHORITIES**

**Cases**                                                                                       **Page(s)**

*Allure Energy, Inc. v. Nest Labs, Inc.*,
 No. 9-13-CV-102, 2015 WL 11110643 (E.D. Tex. May 11, 2015) ........................................6

*BASF Plant Sci., LP v. Commonwealth Sci. and Indus. Rsch. Org.*,
 28 F.4th 1247 (Fed. Cir. 2022) ........................................................................................6

*Bayer Healthcare LLC v. Baxalta Inc.*,
 989 F.3d 964 (Fed. Cir. 2021)..........................................................................................6

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986).........................................................................................................5

*Dillon v. Rogers*,
 596 F.3d 260 (5th Cir. 2010) ...........................................................................................5

*Jones v. Lowndes Cnty.*,
 678 F.3d 344 (5th Cir. 2012) ...........................................................................................6

*Provisur Techs., Inc. v. Weber, Inc.*,
 No. 2023-1438, 2024 WL 4363502 (Fed. Cir. Oct. 2, 2024)................................................6, 7

*WBIP, LLC v. Kohler Co.*,
 829 F.3d 1317 (Fed. Cir. 2016).........................................................................................6

## EXHIBIT INDEX AND NOTES

| Exhibit | Description |
|---------|-------------|
| 1 | Excerpts from Plaintiff Headwater Research LLC's Fifth (Sixth) Supplemental Objections and Responses to Defendants' First Set of Interrogatories (Nos. 1-14), dated September 24, 2024 |
| 2 | Plaintiff Headwater Research LLC's Objections and Responses to Defendants' First Set of Requests for Admission (Nos. 1-2) |
| 3 | Excerpts from the Deposition of Gregory Raleigh, taken June 14, 2024 |
| 4 | Plaintiff Headwater Research LLC's Objections and Responses to Defendants' Second Set of Requests for Admission (Nos. 3-5) |
| 5 | Excerpts from the Deposition of Gregory Raleigh, taken Nov. 15, 2023 |
| 6 | Excerpts from the Deposition of Gregory Raleigh, taken March 7, 2024 |
| 7 | Excerpts from the Deposition of Gregory Raleigh, taken March 8, 2024 |
| 8 | Excerpts from the Deposition of Gregory Raleigh, taken Sept. 10, 2024 |
| 9 | Email between counsel, dated Oct. 24-25, 2024 |

\* Emphasis added unless otherwise noted.

Abbreviations/Definitions

- ROG 11:  Samsung's Interrogatory No. 11
- *Headwater Research LLC v. Samsung Elecs. Am., Inc.*, Case No. 2:22-cv-00422 (E.D. Tex.) (hereinafter "*HW1*")

## I.       INTRODUCTION

Samsung is entitled to summary judgment on post-suit willfulness because Headwater fails to make a showing sufficient to establish the existence of an element essential to its post-suit willfulness claim: that Samsung had specific intent to infringe the three Asserted Patents[1] after Headwater filed the Complaint in March 2023.  Throughout this case, Headwater continued to (incorrectly) allege *pre-suit* willfulness (based on Samsung's alleged copying of ItsOn technology practicing the Asserted Patents); *not post-suit* willfulness.  In fact, Headwater failed to disclose any bases for this claim during discovery.  Therefore, there are no disputed material facts as to Samsung's alleged post-suit willfulness.  To permit any contrary argument at trial—when Headwater repeatedly failed to disclose its bases for this claim (on which it bears the burden of proof)—would unduly prejudice Samsung.

## II.      STATEMENT OF ISSUES

Whether the Court should grant summary judgment of no post-suit willful infringement where there is no genuine dispute of material fact that Samsung's post-suit conduct was not intentional or deliberate infringement?

## III.     STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.       Willfulness Allegations in Headwater's Complaint are Predicated on Pre-Suit Copying Narrative

1.    Headwater filed its initial Complaint in this case on March 3, 2023.  Dkt. 1.

2.    Headwater filed its First Amended Complaint on July 24, 2023.  Dkt. 31.

3.    The willfulness allegations in Headwater's First Amended Complaint are predicated on the theory that Samsung received "notice of the asserted patents" via its exposure to

---

[1] U.S. Patent Nos. 8,406,733 ("the '733 patent"), 9,198,117 ("the '117 patent"), and 9,615,192 ("the '192 patent").

████████████████

ItsOn software that implemented "Headwater-patented technology." *Id.*, ¶¶ 16-36, 56, 60, 64, 70, 74, 79, 85, 89, 94.

4.    Headwater: (i) bases its willfulness claims on the "installation of the ItsOn software and solutions into [Samsung's] operating systems, source code, and kernels in 2013-2016." *Id.*, ¶¶ 64, 79, 94; and (ii) claims Samsung knew of/was willfully blind to its alleged infringement because this "ItsOn software installed on [Samsung] phones and tablets in 2013-2016 included a patent marking notice." *Id.*, ¶¶ 64, 79.

**B.    Headwater's Interrogatory No. 11 Response Initially Based Willful Infringement on an (Incorrect) Pre-Suit Copying Narrative**

5.    Samsung served, *inter alia,* Integratory No. 11 seeking the "factual and legal basis and supporting evidence for" Headwater's willfulness allegation.  Ex. 1 at 62.

6.    Headwater served three responses to Interrogatory No. 11: initial response on November 27, 2023 (Initial Response); first supplemental response on May 17, 2024; and second (and final) supplemental response on September 24, 2024 (Final Response).  Ex. 1.[2]

7.    In its Initial Response, Headwater gave the following purported bases for willful infringement:[3]

  i.    That the ItsOn technology installed on Samsung devices from 2013-2016 practiced ("implemented") the Asserted Patents.  Ex. 1, ROG 11 Resp. at 63-66.

  ii.    Samsung had notice of the Asserted Patents via the marking website (also called the virtual marking page), that listed the Asserted Patents and ███████████████ ████████████████    *Id.*

---

[2] Headwater's interrogatory response incorrectly states that it served five responses to ROG 11 (initial and four supplements).  Ex. 1.  It did not.  *See id.*  Headwater's response also incorrectly states that it served a "Third Supplemental Response" on "2/9/2024."  It did not.

[3] Headwater's ROG 11 response also made claims about ████████████████████ ██████████████████████████ neither of which are at issue in this case (the are at issue in *HW1*).  Ex. 1, ROG 11 Resp. paras. 2-4.

███████████

    iii.  Headwater gave Samsung notice of the Asserted Patents ███████████ ███████████

███████████ *Id.*

**C.**    **Headwater Later Backed Away from this Pre-Suit Copying Narrative as the Bases for its Pre-Suit Willfulness Allegations**

8.    Headwater later admitted that the ItsOn Technology did not practice the Asserted Patents.

    i.  Ex. 2 (HW December 6, 2023 Resp. to RFAs) at RFA 1 (Headwater admits that █ ███████████ ███████████).

    ii.  Ex. 3 (Raleigh 6/14/2024 Dep. Tr.) at 197:11-19, 201:01-06, 202:13-203:25, 215:9-18 (Dr. Raleigh—the sole named inventor of the Asserted Patents, former ItsOn CEO, and founder and managing board member at Headwater—████████ ███████████).

    iii.  *Id.* at 201:07-202:12 (Dr. Raleigh testified that ███████████ ███████████ ██████.

9.    Headwater later admitted that the ItsOn marking website never listed any of the Asserted Patents.

    i.  Ex. 4 (HW February 26, 2024 Resp. to RFA Nos. 3-5) (Headwater admitted that—for each Asserted Patent—███████████ ███████████).

    ii.  Ex. 3 (Raleigh 6/14/2024 Dep. Tr.) at 202:13-203:25 (Dr. Raleigh testified that the ███████████).

10.    Headwater later admitted that it did not otherwise give Samsung notice of the Asserted Patents, but only directed Samsung to the ItsOn marking website that did not contain the Asserted Patents.

    i.  Ex. 2 (HW December 6, 2023 Resp. to RFAs) at RFA No. 2 (Headwater admitted that ███████████ ███████████

    ii.  *HW1*, Dkt. 364 at 25 ("Headwater stipulates that it did not directly identify to Samsung, by patent number, any specific Headwater patent prior to the filing of

███████████████

[the 422 Case].").

    iii.  Ex. 5 (Raleigh 11/2023 Dep. Tr.) at 157:6-158:2; 169:3-20; 179:17-180:3; Ex. 6 (Raleigh 3/7/24 Dep. Tr.) at 124:25-131:8; Ex. 7 (Raleigh 3/8/24 Dep. Tr.) at 370:13-19; Ex. 8 (Raleigh 9/10/24 Dep. Tr.) at 106:14-25 (Dr. Raleigh repeatedly testifying that ████████████████████████████████████████████ ████████████.).[4]

**D.**     **Then, Following Motion Practice, Headwater Changed its Willfulness Theory to Pre-Suit Willfulness based on Willful Blindness**

11.     In July 2024, given Headwater's admissions that: (1) the Asserted Patents never appeared on the ItsOn marking website (2) the ItsOn software did not practice the Asserted Patents; and (3) Headwater is not aware of Samsung ever receiving actual pre-suit notice of the Asserted Patents, Samsung asked Headwater to drop pre-suit willfulness or correct its Interrogatory No. 11 response (as all bases alleged therein, UMF Nos. 8-10, *supra*, were now moot/incorrect). Dkt. 134-04 (7/17/24 Letter from Samsung to Headwater).

12.     For the next two months, Samsung repeatedly sought Headwater's substantive response and/or position on this issue, which Headwater refused to provide. *See* Dkt. 134 (MTC Corrected ROG 11 Resp.) at §I.E. (outlining efforts).

13.     On September 10, 2024, Samsung filed a Motion to Compel Headwater to serve a corrected response to Interrogatory No. 11. Dkt. 134.

14.     Headwater then served its Final Response to Interrogatory No. 11 on September 24, 2024 (after the close of fact discovery), amending its prior response (the Initial Response, served November 27, 2023) as follows:

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████,

---

[4] To be clear, ████████████████████████████████████████████ (which factual dispute is irrelevant for the present summary judgment motion since Headwater dropped pre-suit willfulness).



Ex. 1, HW Final ROG 11 Resp., at 68; *see also* Dkt. 151 (Opp. to MTC).

15.     Headwater's willfulness allegations in its Final Response are directed to pre-suit willfulness based on willful blindness.

16.     Headwater's Final Response does not mention post-suit willfulness.

17.     Headwater's Final Response does not disclose Headwater's bases for claiming post-suit willful infringement.

> **E.     Then, Last Night, Headwater Dropped Pre-Suit Willfulness**

18.     On October 24, 2024—three months after Samsung asked Headwater to drop pre-suit willfulness for lack of merit, and one month after Headwater served its Final Response to Interrogatory No. 11 maintaining pre-suit willfulness based on willful blindness (which likewise lacked merit)—Headwater dropped pre-suit willfulness in this case.  Ex. 9.

19.     Headwater maintains post-suit willfulness, but as of the time of filing on October 25, 2024, did not articulate a basis therefore (or respond to requests for the same).  *Id.*

## IV.    GOVERNING LAW

### A.  Summary Judgment

Summary judgment is proper where a movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Put differently, summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir.

2010) (cleaned up). That said, a non-movant's "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation" will not preclude summary judgment. *Jones v. Lowndes Cnty.*, 678 F.3d 344, 348 (5th Cir. 2012) (cleaned up).

### B. Willful Infringement

Headwater bears the burden of proving willful infringement. *Allure Energy, Inc. v. Nest Labs, Inc*., No. 9-13-CV-102, 2015 WL 11110643, at *1 (E.D. Tex. May 11, 2015). To establish willful infringement, the patentee must show that the accused infringer had both: (1) knowledge of the asserted patent; and (2) a specific intent to infringe during the at-issue time period. *E.g., Provisur Techs., Inc. v. Weber, Inc*., No. 2023-1438, 2024 WL 4363502, at *4 (Fed. Cir. Oct. 2, 2024); *WBIP, LLC v. Kohler Co*., 829 F.3d 1317, 1341 (Fed. Cir. 2016). However, "knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness." *Bayer Healthcare LLC v. Baxalta Inc*., 989 F.3d 964, 988 (Fed. Cir. 2021). Rather, the patentee must establish that the infringement was deliberate or intentional. *Provisur*, 2024 WL 4363502, at *5.

Therefore, as to post-suit willfulness, a patentee must show that: (1) the accused infringer knew of the asserted patents post-suit (*i.e*., by virtue of the complaint); and (2) that the accused infringer's post-suit conduct rises to the level of deliberate or intentional infringement. The second factor—post-suit conduct—is at issue in the present motion.

## V. ARGUMENT

Headwater—even having corrected its willfulness position after motion practice (Dkts. 134 & 151)—fails to disclose any basis for its claim that Samsung intentionally or deliberately infringed the Asserted Patents post-suit.

To establish post-suit willfulness, Headwater must show that Samsung "had a specific intent to infringe" the Asserted Patents after Headwater filed its Complaint. *BASF Plant Sci., LP*

*v. Commonwealth Sci. and Indus. Rsch. Org.*, 28 F.4th 1247, 1274 (Fed. Cir. 2022).    But Headwater has not articulated ***any*** basis or identified any evidence that such intentional post-suit infringement occurred.

This evidentiary dearth simply cannot create an issue of disputed material fact for a jury as to Samsung's post-suit conduct.  Indeed, the Federal Circuit recently reversed a district court's denial of an accused infringer's willfulness JMOL where the patentee presented evidence that the accused infringer used a "patent matrix that tracked patents" in related technologies—"including the asserted patents"—and rated the patents "for further evaluation." *Provisur*, 2024 WL 4363502, at *5.  The Federal Circuit found this evidence was sufficient to establish knowledge of the asserted patents, but "insufficient ***as a matter of law***" to "establish deliberate or intentional infringement"—*i.e.,* the high standard set for willful conduct.  *Id.*  Here, Headwater's Final Response to Interrogatory No. 11 provides ***no bases or evidence*** for post-suit willfulness.

This deficiency is not excusable.  Headwater's response to Interrogatory No. 11 was the subject of intense scrutiny between the parties for the last three months, culminating in Samsung seeking to compel a correct response to this discovery request.  This forced Headwater to serve its latest Interrogatory No. 11 response just one month ago, after discovery closed.  And still—after all this—Headwater's response does not offer a single allegation or fact to support a claim that Samsung has "deliberately or intentionally infringed" this Asserted Patents since the March 2023 Complaint.  Headwater's utter failure here definitively negates any alleged "factual dispute" as to post-suit conduct.

## VI.    CONCLUSION

Based on the evidence on which Headwater relies for its willfulness allegations, no reasonable jury could find that Samsung had a specific intent to infringe the Asserted Patents post-suit.   Samsung therefore respectfully requests that the Court grant its motion for summary judgment as to post-suit willfulness.

Dated:  October 25, 2024

Respectfully submitted,

By:    /s/Thad C. Kodish
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman
DC Bar No. 1034255
hartzman@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Vivian C. Keller (*pro hac vice*)
GA Bar No. 651500
keller@fr.com
FISH & RICHARDSON P.C.

9

1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036

Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111

11

Telephone: (415) 875-6600

Brady Huynh (admitted *pro hac vice*)
CA Bar No. 339441
bradyhuynh@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
HILGERS GRABEN PLLC
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.

███████

███████████████████

█████████████████████████████

███████████

████████  _____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on October 25, 2024.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Thad C. Kodish* _____

13