# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

HEADWATER RESEARCH LLC,

*Plaintiff*,

v.

SAMSUNG ELECTRONICS CO., LTD and
SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendants*.

Case No. 2:23-CV-00103-JRG-RSP

**JURY TRIAL DEMANDED**

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION
FOR SUMMARY JUDGMENT OF INVALIDITY FOR LACK OF WRITTEN
DESCRIPTION BASED ON 35 U.S.C. § 112 (DKT. NO. 178)**

# **NOTES**

\* Emphasis added unless otherwise noted.

Abbreviations/Definitions

- Mr. DLI: Erik de la Iglesia
- HW: Headwater Research LLC
- Opp.: Opposition
- *Headwater Research LLC v. Samsung Elecs. Am., Inc.*, Case No. 2:22-cv-00422 (E.D. Tex.) (hereinafter "*HW1*")

HW spends the bulk of its Opp. addressing strawman arguments Samsung has not made, while failing to adequately rebut Samsung's primary position: the '117 patent lacks written description support for the limitation reciting "map[ping] the application identifier … to a software process" (hereinafter, the "mapping limitation"). HW relies primarily on (1) its expert, who failed to analyze whether the disputed mapping limitation lacks written description support and (2) unsupportable attorney argument. Neither precludes summary judgment. Notably, HW never disputes that the specification's only references to any "mapping" are unrelated to the limitation-at-issue. HW instead points to a scattershot of other specification excerpts, none of which shows the inventor was in possession of the claimed invention. No dispute of material fact precludes summary judgment on this issue.

## I. RESPONSE TO HW'S COUNTER-STATEMENT OF UNDISPUTED FACTS

1, 7–10.   Undisputed.

2–4.   Disputed. Not material facts nor relevant to the issue before the Court.

5.   Undisputed as to the filing date of Samsung's IPR and challenged claims therein. Disputed as to the accuracy of HW's summary of statements contained within Samsung's IPR as HW provides no citation to evaluate HW's claim.

6.   Undisputed as to Samsung's claim construction argument. Disputed as to the Court's "reject[ion]" of said argument. The Court held that "device agents" and "apps" "clearly have different meanings" but recognized that there might be "some overlap." Dkt. 118 at 13.

11.   Disputed.

## II. HW RELIES ON MISPLACED EXPERT TESTIMONY AND ATTORNEY ARGUMENT.

*First*, HW attempts, but fails, to create a dispute of material fact to avoid summary judgment by relying on testimony its expert, Mr. DLI, offered ***on a separate issue***. Indeed, the

1

cited portion of Mr. DLI's report (i.e. ¶¶ 695-703) concerns whether the specification adequately describes the claimed "application identifier" alone, not whether the mapping limitation is supported. *See* Dkt. 214-2 (DLI Rpt.) ¶ 695 ("I disagree that the specification never describes or supports the claimed application identifier."). In fact, this portion of Mr. DLI's report uses the word "map" only once—in a conclusory statement directed to his opinion on the "application identifier" term, which happens to include the surrounding claim language. *Id.* ¶ 697. HW's Opp. repeatedly cites this lone statement to give the impression that Mr. DLI actually analyzed the mapping limitation in dispute. Opp. at 7, 9, 11, 13. Even assuming Mr. DLI's singular reference to "mapping" was on point, conclusory expert testimony is insufficient to generate a disputed material fact. *T-Rex Prop. AB v. Regal Ent. Grp.*, No. 6:16-CV-927-JDK-KNM, 2019 WL 4727426, at *5 (E.D. Tex. Sept. 27, 2019) ("Offering only conclusory expert opinions, T-Rex has failed to raise a genuine issue of material fact . . . .").

*Second*, HW attempts to avoid summary judgment by supplanting its expert's opinion with attorney argument and attempting to wrongly ascribe those arguments to its expert. Dkt. 214 at 6-12. For example, HW states that Mr. DLI offered opinions related to the specification's disclosure of an "application ID tag" but then cites to portions of the specification which Mr. DLI ***did not rely on***. *Compare id*. at 10-11 (citing Dkt. 214-2 ¶ 697) *with* Dkt. 214-2 ¶ 697. HW goes on to cite over fifteen excerpts of the '117 patent specification as providing support for the "mapping limitation," ***none of which were ever cited by Mr. DLI*** in his § 112 rebuttal opinions: 37:40-42; 41:20-24; 41:42-45; 42:9-15; 44:54-62; 44:62-67; 55:53-54; 55:54-56:10; 69:66-70:5; 88:14-34; 89:14-26; 90:12-46; 92:8-47; 94:42-54; Figs. 24-25. *Compare* Dkt. 214 at 6-12 *with* Dkt. 214-2 ¶¶ 695-703. HW's reliance on these passages is, in fact, unsupported attorney argument, which cannot preclude summary judgment. *See Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No.

2:17-CV-00661-JRG-RSP, 2019 WL 7580245, at *9 (E.D. Tex. May 2, 2019) (finding summary judgment appropriate where non-movant provided unsupported "attorney arguments").

Notwithstanding that the specification excerpts HW cites are attorney argument—not expert opinion—the excerpts still do not provide written description support for the mapping limitation. At best, certain of HW's citations could relate to whether individual elements of the mapping limitation are disclosed—which is not the standard. *See* Dkt. 178 at 14. Even the few disclosures that both HW and Mr. DLI cite are unrelated to the mapping limitation. For example, HW points to 70:18-21, which teaches that "the service control server link 1638 and/or service download control server 1660 use(s) an agent serial number and/or a security key look up when agents are updated and/or when a dynamic agent download occurs." Dkt. 178-1. This passage concerns updating agents via secure communications, not mapping an application identifier to a software process, i.e. the mapping limitation at issue. HW—but not Mr. DLI—also points to Figs. 24-25 and their related disclosures (*e.g.,* 88:14-34, 90:12-46) as additional support. HW fails to explain how such disclosures relate to the mapping limitation. These passages disclose only the concept of general secure communications between agents, not mapping an application identifier to a software process. *See id.* at 88:14-34 (discussing "agent to agent communication"), 90:12-46 (discussing messaging between agents). Neither HW nor its expert (albeit while analyzing a separate issue) identify sufficient support for the mapping limitation.

### III. SAMSUNG'S MOTION DOES NOT TURN ON WHETHER THE WORDS "SOFTWARE PROCESS" APPEAR IN THE SPECIFICATION.

Contrary to the strawman in HW's Opp. (Dkt. 214 at 12), Samsung's written description argument does not rest on whether the words "software process" appear verbatim in the specification. Nor does Samsung's motion turn on whether the "software process" element alone (or any other individual element) is disclosed. Samsung's motion instead focuses on whether the

3

specification provides written description support for the entire challenged "mapping" limitation. Dkt. 178 at 7. Even still, HW's argument, which purports to show how a POSITA would "understand [] the claimed 'software process'" term from the specification (Dkt. 214 at 13), relies on stitched-together excerpts from unrelated portions of Mr. DLI's report to manufacture arguments that Mr. DLI never made. *See id.* (citing ¶ 708 of Mr. DLI's report which addresses the "secure interprocess communications" term).

### IV. SAMSUNG'S MOTION DOES NOT TURN ON ANY DISTINCTION BETWEEN "APPLICATIONS" AND "AGENTS."

HW misstates that "Samsung's argument rests on its assertion that the terms 'applications' and 'agents' are different*." Id.* at 14. Not so. The specification lacks adequate support for the mapping limitation regardless of the degree of overlap between the "application" and "agent" claim terms. HW cannot identify adequate specification support for the mapping limitation, regardless of whether "applications" and "agents" are different, synonymous, or overlapping.

Further, whether a POSITA would be familiar with the singular concept of an "application identifier" or would find it obvious (*see id.* at 16) is irrelevant as (1) Samsung's argument is not directed to the concept of an "application identifier" in isolation, and (2) HW's argument misstates the legal standard for evaluating written description. *See Rivera v. Int'l Trade Comm'n*, 857 F.3d 1315, 1322 (Fed. Cir. 2017) (holding the knowledge of a POSITA "may be used to inform what is actually in the specification," but may "not [] teach limitations that are not in the specification, even if those limitations would be rendered obvious"). HW's limited reliance on *Zoltek* and *Falkner* to argue that concepts familiar to a POSITA do not need to be specifically discussed is misplaced because here—when considering the disputed term as a whole—HW acknowledges that named inventor and POSITA, "Dr. Raleigh[,] testified that . . . the concept of mapping an application identifier in a message to a software process ***was not known in the field***." Dkt. 214 at

4

5 (emphasis added); *Zoltek Corp. v. U.S.*, 815 F.3d 1302, 1308 (Fed. Cir. 2016) ("The [written description] requirement is applied in the context of the state of knowledge at the time of the invention."); *Falko-Gunter Falkner v. Inglis*, 448 F.3d 1357, 1366 (Fed. Cir. 2006) (finding written description requirement satisfied, in part, based on expert testimony which "established that the articles describing essential genes for poxvirus were well-known in the art").

## V.     HW FAILS TO DISTINGUISH SAMSUNG'S CASE LAW.

HW attempts to summarily dismiss Samsung's case law by stating that the '117 patent specification "commonly uses the same reference numbers to refer to the same components." Dkt. 214 at 16. HW fails to explain why this is relevant to the disputed issue, nor how it justifies ignoring Samsung's case law. HW then concludes by citing specification excerpts discussing gateways and a communication bus without relating the excerpts to the mapping limitation at issue.

Dated: November 12, 2024

Respectfully submitted,

By: */s/Benjamin K. Thompson*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Vivian C. Keller (*pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**

6

1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036

Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111

8

Telephone: (415) 875-6600

Brady Huynh (admitted *pro hac vice*)
CA Bar No. 339441
bradyhuynh@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 12, 2024. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Benjamin K. Thompson*
Benjamin K. Thompson
