UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | Case No. 2:23-cv-00103-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY BASED ON THE MOTOROLA E815**

## **TABLE OF CONTENTS**

I.   Summary judgment is justified on the merits because Samsung concedes that Dr. Foster failed to show that the E815 supported the transport of application data. ............................ 1

II.  Samsung is also estopped from presenting both (1) substantive evidence based on the TS-23.140 specification at trial and (2) Samsung's E815 theory more generally. ...................... 4

## **TABLE OF AUTHORITIES**

**Cases**

*Biscotti Inc. v. Microsoft Corp.*,
  No. 2:13-cv-01015-JRG-RSP, 2017 WL 2526231 (E.D. Tex. May 11, 2017) ....................... 4, 5

*Cimline, Inc. v. Crafco, Inc.*,
  413 F. App'x 240 (Fed. Cir. 2011) ............................................................................................ 3

*Fiber Sys. Int'l, Inc. v. Applied Optical Sys., Inc.*,
  No. 2:06-CV-473, 2009 WL 3571350 (E.D. Tex. Oct. 26, 2009) .............................................. 3

*Gen. Access Sols., Ltd. v. Sprint Spectrum L.P.*,
   No. 2:20-cv-00007-RWS, 2020 WL 12572917 (E.D. Tex. Dec. 1, 2020) ................................ 4

*InTouch Techs., Inc. v. VGO Commc'ns, Inc.*,
  751 F.3d 1327 (Fed. Cir. 2014) ................................................................................................ 2

*Wyers v. Master Lock Co.*,
  616 F.3d 1231 (Fed. Cir. 2010) ................................................................................................ 3

Samsung's opposition (Dkt. 208) confirms that Samsung can present no E815-based invalidity theory to the jury that could possibly meet the clear and convincing evidence standard.

On the merits, Samsung introduces theories not even *alleged* to be timely presented with Dr. Foster's invalidity report. Samsung presents no justification for reliance on waived theories, and its reliance on waived theories confirms that its **non-waived** theories were insufficient.

Regarding estoppel, Samsung points to alleged differences between the Motorola E815 and the estopped TS-23.140 specification. But the alleged differences Samsung relies on are contrary to the teachings of TS-23.140 (as well as Samsung's own representations to the PTAB) Furthermore, Samsung is estopped from *any* reliance on the TS-23.140 specification.

I. **Summary judgment is justified on the merits because Samsung concedes that Dr. Foster failed to show that the E815 supported the transport of application data.**

Samsung's assertion that "The E815 Supported Transport of Application Data" (Dkt. 208, 1-4) is pure conjecture, unsupported by any testimony from its invalidity expert Dr. Foster. As such, Samsung effectively concedes that Dr. Foster has failed to make the requisite showing, and attempts to backfill Dr. Foster's deficient opinions with equally-deficient new attorney argument.

For example, Samsung contends that "ample evidence exists to support a finding that the E815 included the relevant feature of MMS, namely the ability to transport application-specific data." *Id.*, 2. But in support of that theory, Samsung **acknowledges** that this capability "was optional on the device side" (*id.*) and merely asserts that because the E815 was released "after the feature-at-issue was already a part of the MMS standard," one could *assume* that the E815 used that optional feature. *Id.* However, Samsung does not present *any* expert testimony in support of this conclusion (*see id.*, not once citing to Dr. Foster's report in support of these attorney arguments), and Samsung's conjecture in this regard is directly contradicted by Samsung's own evidence. Dkt. 179-5 at 734 ("[T]he support for the new feature of transporting data is an optional

1

requirement for an implementation of MMS. So, *an MMS UA in a **new** terminal may not support the feature*.") (emphasis added).

Samsung also alleges that "Headwater does not dispute that the E815 would have needed ways to transport data to a specific application." Dkt. 208, 2. Headwater ***does*** dispute as much, at least insofar as Samsung is referring to a way to transport application-specific data via ***MMS*** as Samsung's theory requires. Samsung had never previously alleged that "the E815 would have needed ways to transport data to a specific application" using MMS (*id.*), and so of course Headwater previously had no reason to dispute as much. But, in fact, numerous non-MMS ways to transport application data were well known in the art, including simply having the application communicate directly with an application server without the use of MMS. For example, a banking app can communicate directly with the bank provider's server, and need not use MMS to obtain data. *See, e.g.*, Ex. 1 ¶¶248-249 (explaining a configuration in which a server can transmit application data using a "direct connection" rather than MMS).

Samsung further alleges that "the record supports a finding that it would have been obvious for the E815 to support transport of application data [via MMS]." Dkt. 208, 2. This is a theory not even ***alleged*** in Dr. Foster's report, and Samsung cannot raise this new theory now as it is waived. *See id.*, 3 (not citing to Dr. Foster's report on this point). And it would be prejudicial for Samsung to present this belated argument to the jury,[1] as Headwater's expert had no opportunity to rebut it.

---

[1] Even if not waived, attorney argument is insufficient to meet Samsung's burden on this point. *See InTouch Techs., Inc. v. VGO Commc'ns, Inc.*, 751 F.3d 1327, 1353-54 (Fed. Cir. 2014)

2

Furthermore, Samsung's opposition highlights the fact that there *is* no motivation to modify the E815 in the alleged manner; even Samsung's attorney argument does not set forth any motivation to modify the E815 to use MMS in the alleged manner. For instance, Samsung does not identify any benefits to doing so, or even explain what changes this modification would have entailed. Nor *could* Samsung have articulated any alleged benefit; there is no evidence of how the E815 *actually* operated in relevant respect, such that a jury considering the issue could only *speculate* as to whether any modifications to the E815's operation might have been beneficial.

Accordingly, even setting aside that Samsung has no Rule 26 basis to argue the obviousness of modifying the E815 to transport application data via MMS, on the evidence of record no reasonable jury could find clear and convincing evidence that it would have been obvious to modify the E815 in that manner that Samsung now proposes for the first time in its opposition.

And more generally, *all* of the argument in Section II.A of Samsung's opposition is devoid of Rule 26 basis. *See generally* Dkt. 208, 1-4 & n.1 (Section II.A. containing only a footnote citation to Dr. Foster's report explaining Dr. Foster's reliance on the "Mostafa" reference). Thus,

---

(reversing jury verdict of invalidity where expert "failed to provide any meaningful explanation or why one of ordinary skill in the art would be motivated to" modify the prior art). Samsung's examples of obviousness without expert testimony (Dkt. 208, 3) are distinguishable. In Samsung's examples "the technology [was] easily understandable, even without the assistance of expert opinion." *Cimline, Inc. v. Crafco, Inc.*, 413 F. App'x 240, 246 (Fed. Cir. 2011) (addressing a patent for heavy machinery equipment where it was undisputed that the only difference between the invention and the prior art was "a powered conveyor belt, rather than a manual conveyor belt"); *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1233 (Fed. Cir. 2010) (addressing "hitch pin locks that secure trailers to cars"); *Fiber Sys. Int'l, Inc. v. Applied Optical Sys., Inc.*, No. 2:06-CV-473, 2009 WL 3571350, at *3 (E.D. Tex. Oct. 26, 2009) (addressing a patent for a physical cable connector and noting that plaintiff "has not established that its invention is sufficiently complex to require expert testimony"). In contrast, this case involves complex software and server communications technology on which the parties have submitted thousands of pages of expert reports.

3

even if Samsung's belated attorney argument *did* have any credibility, Samsung would not be able to present the facts allegedly supporting these arguments to a jury via witness testimony. As such, Samsung cannot even *present* these new invalidity arguments to a jury.

Finally, the arguments set forth in Sections II.B and II.C of Samsung's opposition are also deficient, but need not be considered in evaluating Headwater's Motion because Samsung and Dr. Foster have failed to set forth any genuine dispute of material fact as to whether there is clear and convincing evidence that the E815 used MMS to transport application data.

**II.     Samsung is also estopped from presenting both (1) substantive evidence based on the TS-23.140 specification at trial and (2) Samsung's E815 theory more generally.**

Samsung argues that its E815 theory is not cumulative with the TS-23.140 theory Samsung raised in the IPR and is estopped from raising here. That is incorrect, as explained in further detail below, but even if it *were* correct, summary judgment would *still* be proper.

As Headwater explained in its motion, *Biscotti* and its progeny have been applied "to prevent defendants from using [estopped] publications" other than to establish the priority date of the alleged prior art system. Dkt. 179, 8-9 (citing *Biscotti Inc. v. Microsoft Corp.*, No. 2:13-cv-01015-JRG-RSP, 2017 WL 2526231, at *8 (E.D. Tex. May 11, 2017), and *Gen. Access Sols., Ltd. v. Sprint Spectrum L.P.*, No. 2:20-cv-00007-RWS, 2020 WL 12572917, at *4 (E.D. Tex. Dec. 1, 2020)). But as Headwater showed (and Samsung does not dispute) "TS-23.140 is the *exclusive* source of how the E815 allegedly operated [regarding transport of application data]." Dkt. 179 at 10 (emphasis added); *id.* at 1 ("Other than [TS-23.140], [Dr. Foster] does not present any evidence of how the Motorola E815 actually operated in relevant respect."). Accordingly, Samsung cannot *possibly* set forth a prima facie case of invalidity based on the Motorola E815 without reliance on the TS-23.140 publication. And because Samsung is precluded from relying on the TS-23.140 publication under *Biscotti* and similar cases, summary judgment should be granted.

4

Instead of even attempting to grapple with the fact that *Biscotti* and its progeny prohibit *any* of Samsung's reliance on the TS-23.140 publication, Samsung contends that the E815 is cumulative with the TS-23.140 publication. *See generally* Dkt. 208, 6-9. While that contention is ultimately irrelevant because Samsung cannot rely on TS-23.140 at all, it is also incorrect.

For example, Samsung contends that "the ability to download applications… is unquestionably a disclosure unique to the E815." Dkt. 208, 8. This assertion is not well-taken; TS-23.140 explicitly discloses that "[t]he application registration process…. may also be the initial step after the download of a ***downloadable application to a mobile phone***" (Dkt.179-3 at 54), a fact that Samsung itself acknowledged in its IPR petition. Ex. 2 at 68 (quoting TS-23.140 at 54).[2]

Samsung also contends that the presence of an "end-user device," a "modem," and "memory" are unique to the E815. Dkt. 208, 8. Samsung's reliance on E815 as being an "end-user device" as non-cumulative with TS-23.140 is also untenable; Samsung itself acknowledged that "A POSITA understood [TS-23.140's] 'UE [user equipment'/'external device'… is an 'end-user device.'" Ex. 2, at 20 (quoting TS-23.140 at 14). Regarding a "modem," Samsung previously asserted (and Headwater did not dispute) that "[u]sing a modem would be "nothing more than utilizing familiar, known components to achieve a predictable result of facilitating TS-23.140's communications." *Id.*, 9. And Samsung acknowledges that TS-23.140 also discloses a "memory." *Id.*, 15 ("TS-23.140's user device has 'memory.'") (citing TS-23.140, 19-20).

In sum, this Court's precedent requires that Samsung be estopped from relying on the TS-23.140 *regardless* of cumulativeness, but even Samsung's "non-cumulative" arguments fail.

---

[2] Notably, "downloadable applications" is not a claim limitation, and Dr. Foster does not rely on the E815's teachings regarding downloadable applications in his invalidity analysis.

5

Dated: November 12, 2024                   Respectfully submitted,

/s/ Marc Fenster
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Amy E. Hayden
CA State Bar No. 287026
Adam Hoffman
CA State Bar No. 218740
Dale Chang
CA State Bar No. 248657
James Milkey
CA State Bar No. 281283
Jason M. Wietholter
CA State Bar No. 337139
James N. Pickens
CA State Bar No. 307474
Qi (Peter) Tong
TX State Bar No. 24119042
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Andrea L. Fair
TX State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604

6

Telephone: 903-757-6400
andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who to have consented to electronic service are being served on November 12, 2024, with a copy of this document via the Court's CM/ECF system.

*/s/ Marc Fenster*
Marc Fenster
