# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>　　　　　Defendants. | Case No. 2:23-cv-00103-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE OR STRIKE CERTAIN REBUTTAL EXPERT OPINIONS OF PHILIP W. KLINE**

# TABLE OF AUTHORITIES

**Cases**

*Headwater Research LLC v. Samsung Elecs. Co.*,
  No. 2:22-cv-00422-JRG-RSP, Dkt. No. 433 (E.D. Tex. Nov. 7, 2024) ..................................... 1

*Hearing Components, Inc. v. Shure, Inc.*,
  No. 9:07-cv-104, 2008 WL 5572824 (E.D. Tex. Dec. 1, 2008) .................................................. 5

*Thomas v. T.K. Stanley, Inc.*,
  No. 9:12-cv-158, 2014 WL 12814614 (E.D. Tex. Oct. 28, 2014) ............................................... 5

**Rules**

Federal Rule of Evidence 403 ......................................................................................................... 4

Headwater moves to exclude opinions from Samsung's expert Philip Kline that criticize the way in which Headwater's survey expert Dr. Andreas Groehn designed a consumer survey that he relies on in this case. Headwater seeks this exclusion for two reasons: (1) Mr. Kline lacks the needed qualifications for him to offer opinions on consumer survey design, and (2) Mr. Kline's survey-design opinions are duplicative and cumulative with those of other of Samsung's experts, Itamar Simonson and Ray Perryman. On the first point, Headwater recognizes that this Court recently rejected this qualifications-based argument in *Headwater Research LLC v. Samsung Electronics Co.*, No. 2:22-cv-00422-JRG-RSP, Dkt. No. 433 at 2-3 (E.D. Tex. Nov. 7, 2024). Although Headwater does not withdraw that argument because it wishes to preserve its objection to Mr. Kline's qualifications for appellate purposes, Headwater focuses on the second, case-specific issue in this reply.

Each of Mr. Kline's survey-design opinions are duplicative and cumulative with those from either or both of Dr. Simonson and Dr. Perryman. Mr. Kline's duplicative survey-design opinions can be grouped into three categories: criticisms of (i) the "control variables" or "decoy attributes" Dr. Groehn included in his conjoint survey (Ex. 2 (Kline Report) ¶¶56-67); (ii) the way "battery life" is defined and presented in the survey (*id.* ¶¶75-91); and (iii) the way Dr. Groehn chose to present models and brands in the survey (*id.* ¶¶92-100, 109-122).

*First*, Mr. Kline and Dr. Simonson provide overlapping opinions criticizing the "control variables" or "decoy attributes" Dr. Groehn included in (and omitted from) his conjoint survey. *Compare id.* ¶¶56-67 *with* Ex. 4 (Simonson Report) ¶¶38-44. The thrust of Mr. Kline's opinion on this point is that Dr. Groehn's survey is flawed because he failed to include all of the "decoy attributes" important to customers, including "**RAM (Memory)**," "**Cellular Generation**," "Camera Resolution," "Camera Aperture," "**Reliability of the Device**," "**Processor Speed**,"

"*Video Quality*," and "*Screen Resolution*." Ex. 2 ¶¶56-61, 63 (emphases added). Similarly, Dr. Simonson also criticizes "Dr. Groehn [for] omitt[ing], for example, attributes like 'camera quality,' '*screen resolution*,' 'number of rear camera lens' and '**speed/performance**.'" Ex. 4 ¶41 (emphases added). Thus, both Mr. Kline and Dr. Simonson criticize Dr. Groehn for not including features related to camera performance (underlined attributes), *screen resolution* (italicized attributes), and **speed/performance** (bolded attributes).

Samsung claims that "Dr. Simonson's conclusion relates to survey design—that the failure to account for important attributes generates 'focalism bias' or the artificial inflation of the importance of certain attributes that the survey sponsor emphasizes," while "Mr. Kline's opinions, however, relate to the econometric impact of Dr. Groehn's omission of key attributes—the '***impact [on] consumer demand***.'" Opp'n at 7 (quoting Ex. 2 ¶59 (alteration in Opp'n, emphasis added)). Samsung's contrived framing is a distinction without a difference—the two experts do not focus on separate issues. Just like Mr. Kline, Dr. Simonson's decoy attribute opinions are related to the impact of omission of decoys that are important for consumers on the survey's ability to accurately measure consumer demand. For example, Dr. Simonson explains that "important dimensions should be included to allow for reliable ***predictions of consumer preferences***" and that "if attributes or other influences that significantly drive purchase are not or cannot be included in the design, … then the validity of the results must be called into question." Ex. 4 ¶39 (emphasis added); *see also, e.g.*, *id.* ¶38 ("conjoint must represent the options as seen by consumers in reality"); *id.* ¶39 ("It is widely recognized that conjoint's validity depends on its ability to represent the essential characteristics of choices in reality ….").

<u>*Second*</u>, both Dr. Simonson and Dr. Perryman, *in addition to Mr. Kline*, provide cumulative opinions criticizing the way "battery life" is defined and presented in Dr. Groehn's survey.

2

*Compare* Ex. 2 ¶¶75-91 *with* Ex. 4 ¶¶22-37; Ex. 5 (Perryman Report) ¶¶309-312, 318-319, 321, 324-325, 327. Samsung characterizes Dr. Simonson's opinions on this issue as follows: that use of "standard battery life" as a level "forces respondents to deal with the burdensome task of independently defining a subjective concept because battery life varies across different users and depends on the individual's usage patterns" and that the survey has "ill-defined levels" such that "respondents tend to replace the levels with mental shortcuts like 'low,' 'medium' and 'high.'" Opp'n at 7 (citing Ex. 4 ¶¶22-28). But Mr. Kline's opinions are duplicative: "the survey never specifies clearly what is considered 'standard' battery life, without which [the other levels] and non-meaningful." Ex. 2 ¶77. And both Dr. Simonson and Mr. Kline opine that this alleged problem would have been solved if Dr. Groehn would have expressed his "levels" of battery life in length of time. *Compare* Ex. 2 ¶83-86 *with* Ex. 4 ¶¶23-24.

To make matters worse, Dr. Perryman also offers cumulative opinions as those of Mr. Kline, again criticizing the way in which Dr. Groehn defined battery life and presented the battery life levels in his survey. Dr. Perryman opines that "rather than specifying the various hours of battery life for respondents to choose from," he "relies on respondents to fill in their own idea of what 'standard battery life' would be." Ex. 5 ¶310; *see also, e.g.*, *id.* ¶312 ("Dr. Groehn defined battery life to be an amount of time but failed to specifically define this attribute in meaningful quantitative terms."). And Dr. Perryman and Mr. Kline offer the same opinion on the alleged impact on Dr. Greohn's ultimate incremental profit results. *Compare id.* ¶327 (Dr. Perryman: "Dr. Groehn's entire analysis is based on the vague attribute of standard battery life, and it would be impossible for him to estimate any type of incremental profit that would be accurate in this matter.") *with* Ex. 2 ¶90 (Mr. Kline: "Dr. Groehn's ambiguous presentation of the battery life levels undermines the reliability of Dr. Greohn's data.").

3

Samsung's unsubstantiated and vague claim that "Dr. Perryman does not intend to offer at trial any opinions duplicative of those of Mr. Kline" (Opp'n at 8) gives little comfort. Examination of Dr. Perryman's report, including the portions quotes and cited above, reveals that he is not simply, as Samsung contends, "disclos[ing] his reliance on" Mr. Kline (*id.*), but he is rather offering his own independent opinions. Indeed, Dr. Perryman states that he "provide[s] some [of his own] responses to Dr. Groehn's survey, estimation, and the economic issues involved, specifically regarding his use of battery life and price as attributes" (Ex. 5 ¶308), and admits that both he and Mr. Kline present criticisms of the way in which battery life was presented and defined in Dr. Groehn's survey (*id.* ¶326).

*Third*, both Dr. Simonson and Dr. Perryman, *in addition to Mr. Kline*, provide opinions criticizing the way in which Dr. Groehn presented models and brands to survey respondents. *Compare* Ex. 2 ¶¶92-100, 109-122 *with* Ex. 4 ¶64; Ex. 5 ¶¶320, 337. Mr. Kline faults Dr. Groehn for only including "one specific model within each brand" because this cannot "distinguish between brand and model effects" and "fails to account for the fact that brands like Samsung offer devices across a wide range of price tiers." Ex. 2 ¶92, 94-95. Dr. Simonson similarly criticizes Dr. Greohn for failing to "show[] it would be appropriate to extrapolate the results of his survey to any model other than the specific model that was presented to respondents." Ex. 4 ¶64. And to pile on, Dr. Simonson opines that "Dr. Groehn failed to distinguish between brand and model and did not account for the wide product offerings that Samsung provides." Ex. 5 ¶337; *see also id.* ¶320.

Samsung's numerous experts offering such duplicative opinions criticizing Dr. Groehn is prejudicial to Headwater, could lead to jury confusion, and is a waste of trial time. Mr. Kline's opinions that are duplicative with those of Dr. Simonson and/or Dr. Perryman should thus be excluded under Rule 403. *See, e.g.*, *Hearing Components, Inc. v. Shure, Inc.*, No. 9:07-cv-104,

4

2008 WL 5572824, at *3-4 (E.D. Tex. Dec. 1, 2008) (excluding testimony of one expert concerning "background knowledge of one of ordinary skill in the art" as "cumulative and of marginal probative value" in view of a second expert's testimony concerning patent validity).

Samsung contends *Thomas v. T.K. Stanley, Inc.*, No. 9:12-cv-158, 2014 WL 12814614 (E.D. Tex. Oct. 28, 2014) is distinguishable because the opinions of Mr. Kline, on one hand, and Dr. Perryman and Dr. Simonson, on the other, do not contradict one another. Opp'n at 8-9. But *Thomas* requires no such "contradiction." Rather, in *Thomas*, Judge Clark excluded expert testimony because "[m]ultiple experts testifying on the same subject is unhelpful and needlessly cumulative." *Id.* at *2. He found that the contradictory nature of the two experts' testimony was another consideration supporting exclusion, but not a necessary aspect; the cumulative nature was itself sufficient for exclusion. *See id.*

* * *

For the foregoing reasons, Headwater respectfully requests that the Court exclude or strike Mr. Kline's duplicative survey design opinions, specifically paragraphs ¶¶56-67, 75-91, 92-100, 109-122.

|  |  |
|---|---|
| Dated: November 12, 2024 | Respectfully submitted,<br><br>/s/ *Amy E. Hayden*<br>Marc Fenster<br>CA State Bar No. 181067<br>Reza Mirzaie<br>CA State Bar No. 246953<br>Brian Ledahl<br>CA State Bar No. 186579<br>Ben Wang<br>CA State Bar No. 228712<br>Paul Kroeger<br>CA State Bar No. 229074<br>Neil A. Rubin<br>CA State Bar No. 250761<br>Kristopher Davis<br>CA State Bar No. 329627<br>James S. Tsuei<br>CA State Bar No. 285530<br>Philip Wang<br>CA State Bar No. 262239<br>Amy E. Hayden<br>CA State Bar No. 287026<br>Adam Hoffman<br>CA State Bar No. 218740<br>Dale Chang<br>CA State Bar No. 248657<br>James Milkey<br>CA State Bar No. 281283<br>Jason M. Wietholter<br>CA State Bar No. 337139<br>James N. Pickens<br>CA State Bar No. 307474<br>Qi (Peter) Tong<br>TX State Bar No. 24119042<br>RUSS AUGUST & KABAT<br>12424 Wilshire Blvd. 12th Floor<br>Los Angeles, CA 90025<br>Telephone: 310-826-7474<br>headwater@raklaw.com<br><br>Andrea L. Fair<br>TX State Bar No. 24078488<br>MILLER FAIR HENRY PLLC<br>1507 Bill Owens Parkway<br>Longview, TX 75604 |

Telephone: 903-757-6400
andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

7

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2024, the foregoing document was electronically filed with the Clerk of the Court for the Eastern District of Texas using the ECF System under seal, and Defendants were served with a copy via electronic mail.

/s/ Amy E. Hayden
Amy E. Hayden