# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00103-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

## SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE EXPERT REPORTS OF MR. ERIK DE LA IGLESIA (DKT. NO. 185)

# EXHIBIT INDEX AND NOTES

| Exhibit | Description |
|---|---|
| 11 | Excerpts of Deposition Transcript of Seungho Song, taken September 27, 2024 |
| 12 | SAM-HW-2_00361078, Mobile Application Distribution Agreement (Android) |

\* Emphasis added unless otherwise noted.

Abbreviations/Definitions

- Mr. DLI: Erik de la Iglesia
- FCM: Firebase Cloud Messaging
- FAC: First Amendment Complaint (Dkt. 31)

## I. THE NEW THEORY THAT GOOGLE'S FCM SERVER INFRINGES THE '192 PATENT SHOULD BE EXCLUDED AS UNTIMELY DISCLOSED

Headwater admits it never responded to Samsung's direct inquiry asking whether Headwater accused FCM of infringing the '192 patent. Dkt. 185-6 (email between counsel); Dkt. 207 (Opp.) at 1-5. This nonresponse belies its current argument that throughout this case it has clearly and continually accused FCM servers of infringing the '192 patent.

Headwater's discussion of the motion to dismiss the FAC (Dkt. 207 at 1-3) is inapposite. The issues now are Headwater's disclosures in its operative infringement contentions (not the FAC charts) and what servers Headwater identified as infringing the '192 patent in those contentions. Moreover, Headwater's characterization of the contentions' cover pleading is misleading. In its opposition, Headwater contends it disclosed that ***Google's FCM service*** comprise "servers" that are "leased, owned, supported and/or operated by Samsung." Dkt. 207 at 3. Rather, Headwater actually disclosed that it accused "***Samsung products*** which implement Samsung Knox, Tizen, and/or push messaging functionality (e.g., communicating with Google's Firebase Cloud Messaging service…) of infringing each of the Asserted Claims of the '192 patent: ***Servers leased, owned, supported, and/or operated by Samsung*** ....." Dkt. 185-3 at 8-11. Samsung does not lease, own, support, or operate ***Google*** FCM servers. Headwater's contentions do not suggest it was accusing ***Google*** FCM servers. And again, Headwater could have readily eliminated any ambiguity by responding to Samsung's direct inquiry whether it accused FCM servers of infringing the '192 patent. Dkt. 185-6. Headwater never responded.

## II. THE NEW THEORIES OF A HEARTBEAT BEING THE "TRANSMISSION TRIGGER" OF '117 PATENT CLAIM 17 AND OF "WEB OTA DOWNLOADS" BEING THE INFORMATION REQUIRED BY '733 PATENT CLAIMS 3, 8, AND 9 SHOULD BE EXCLUDED AS UNTIMELY DISCLOSED

For claim 17 of the '117 patent, in its infringement contentions Headwater asserted ███████████████████████████████████████████ Dkt. 185-7 at 127-128. Now Mr. de la

1

Iglesia ("Mr. DLI") asserts that "███████████████████████████████." Dkt. 185-1 ¶ 579. The *activity* of a heartbeat transmission is not a "time period of *inactivity*." This new theory is untimely.

'733 patent claims 3, 8, and 9 require "message content" comprising certain types of information. Headwater does not deny that its contentions failed to identify "data for a Web OTA (Over The Air) download" as being such information. Dkt. 207 at 6; Dkt 185-8 at 78-79 (cl. 3), 85 (cl. 8), 85-86 (cl. 9). Nor does Headwater identify any disclosure in the claim 8 contentions (Dkt. 185-8 at 85) as arguably giving Samsung notice of the current Web OTA theory. Dkt. 207 at 6 (discussing *only* claim 3 and 9 contentions). Moreover, Headwater's argument that the contentions identify "push notifications" generally for claims 3 and 9 (*id.*) is inapposite because what matters for those claims is the type of message content within such notifications.

### III. MR. DE LA IGLESIA SHOULD NOT BE ALLOWED TO TESTIFY HOW '117 PATENT DEPENDENT CLAIM 6 IS MET BECAUSE HIS REPORT FAILS TO ANALYZE THIS ISSUE

Mr. DLI's report contains no analysis of how the '117 patent dependent claim 6 (requiring a device messaging agent to execute in a "secure execution environment") is met. For this claim, his report cross-referenced his entire discussion of independent claim 1. Dkt. 185-1 ¶¶ 543-545. Counsel's cherry picking of a single sentence discussing "lower" and "higher" level logic (Dkt. 207 at 6-7) from the more than 300 paragraphs spanning over 150 pages that Mr. DLI cross-referenced does not salvage his opinion. His report still contains nothing tying counsel's selected sentence to claim 6. Nor does it explain how "lower" and "higher" level logic relate to claim 6's "secure execution environment" limitation. Mr. DLI failed to disclose any analysis of claim 6 and he should be precluded from opining on it.

### IV. MR. DE LA IGLESIA LACKS ANY BASIS TO OPINE ON WHAT CAUSED NETWORK CONGESTION ON AT&T'S NETWORK

Samsung does not challenge Mr. DLI's ability to discuss what problems the alleged inventions purportedly address. Rather, Samsung seeks to preclude him from opining on what caused disruption of Cingular/AT&T's cellular network in the late 2000s. Mr. DLI lacks any basis to offer such opinions because he has not analyzed any data from AT&T or anyone else related to this issue. Dkt. 185-1 ¶ 50; Dkt. 185-2 ¶ 61. Rather he impermissibly parrots the inventor's causation opinions.

### V. POWER SAVINGS OPINIONS SHOULD BE EXCLUDED BECAUSE THEY DO NOT RELATE TO THE ALLEGED INVENTION'S BENEFITS AND ARE NOT BASED ON SOUND METHODOLOGY

Mr. DLI's power savings opinions (Dkt. 185-1 ¶¶ 1219-1262) should not be presented to the jury because they are irrelevant and prejudicial. Headwater contends the alleged invention's purported contribution over the prior art (or non-infringing alternatives) is certain efficiency and security improvements to push systems, not the use of a push system instead of a poll-based system. Dkt. 186-4 (6/14/24 Raleigh Tr.) at 32:1-5; Dkt. 207 at 8. Nonetheless, Mr. DLI opines on the difference in power consumption between push and poll-based systems rather than isolating savings attributable to the alleged invention's purported improvements. Dkt. 185-1 ¶¶ 1219-1262. As Mr. DLI's opinion fails to address a relevant question, it should be excluded.

Even if his opinion was relevant, it should be excluded because the methodology he used is unsound. He ***arbitrarily combines*** smartphone ***power savings data from 2010*** with ***2022 smartphone usage patterns***. He then applies that combination to all devices at issue: tablets, watches, and phones from 2017 to the present. Yet, neither he nor Headwater offer any basis for ***mixing*** these disparate data sets. Nor do they offer a basis to apply this arbitrarily combined data to all accused products. These unreliable power savings opinions should be excluded.

3

## VI. OPINIONS ON SAMSUNG "MAKING, OFFERING FOR SALE, AND SELLING" THE CLAIMED SYSTEMS AND SERVERS ARE UNRELIABLE BECAUSE THEY ARE WHOLLY UNSUPPORTED

Mr. DLI's opinions about Samsung "selling" the system claimed by the '117 patent must be struck because he fails to identify factual support that Samsung sells the server component of the claimed system. Similarly, he does not identify how any action by Samsung "makes" the entire system, as opposed to components thereof. And, despite Headwater's feigned confusion (Dkt. 207 at 14), Samsung also seeks to strike Mr. DLI's opinions on the '192 patent: "The Court should ***strike Mr. de la Iglesia's Allegation that Samsung Infringes*** the '117 and ***'192 Patents*** by "Making," "Offering," "Selling"…". Dkt. 185 at 11. Mr. DLI identifies no evidence to support his opinion that Samsung sells its or Google's servers, as opposed to mobile devices. Nor does he offer any factual basis for his opinion that Samsung makes its servers in the U.S. or that Samsung makes Google's servers. Opinions lacking factual support must be struck.

## VII. OPINIONS ABOUT IRRELEVANT GOOGLE-SAMSUNG CONTRACTS SHOULD BE EXCLUDED

Mr. DLI's opinions that certain Google-Samsung agreements show commercial success of the claimed invention (Dkt. 185-2 ¶¶ 737-739; Dkt. 194-01 (Suppl. Rpt.) ¶¶ 20-24) should be struck because he offers no nexus between those agreements and the purported invention. The ███ (Ex. 11 at 47:2-17, 85:2-10), ███ (*id.* at 28:17-25, 49:20-25, 84:12-23), ███ (*id.* at 49:1-19; 85:14-22); and ███ (*id.* at 64:1-5, 86:1-11). None relate to the accused push functionality FCM, let alone the alleged contribution of the purported invention to FCM. Moreover, the accused push functionality FCM

4

███████████. Dkt. 186-12 at 83:2-24. Without a nexus, opinions that these agreements show commercial success are baseless and should be struck.

Separately, Mr. DLI opines that "████████████████████████████████████████████" Dkt. 185-1 ¶ 1277, see generally *id.* ¶¶ 1266-1277; Dkt. 185-2 ¶ 739. Headwater's *technical* expert has no expertise to opine on ████████████████████ during the hypothetical negotiation. Tellingly, he ignores ████████████████████████████████████. *See e.g.*, Ex. 12 § 11. Mr. DLI is simply unqualified to opine on Samsung's contractual obligations to Google.

Finally, Mr. DLI relies extensively on the "████████████████████████████████████████████". Dkt. 185-1 ¶¶ 1183-1185, 1189, 1193, 1194, 1197, 1202, 1209, 1212, 1214. Injecting these complex agreements on an uncontested point is unhelpful to the jury. Moreover, Headwater offers no explanation of how the "██████████████" (*Id.* ¶¶ 1183-1185, 1212), presumably a reference to "██████████████████████" (*Id.* ¶¶ 1194, 1214), as opposed to the MADA, are even arguably relevant to analyzing whether Samsung directly infringes the asserted patents. Accordingly, opinions on these agreements should be struck.

### VIII. COMMERCIAL SUCCESS OPINIONS SHOULD BE EXCLUDED BECAUSE THERE IS NO NEXUS TO THE ALLEGED INVENTION

Mr. DLI's cross-reference to Dr. Groehn's and Mr. Dell's opinions (Dkt. 185-2 ¶ 736; Dkt. 207 at 15) does not show the requisite nexus between the alleged invention and the commercial success of the accused products for the reasons discussed in Samsung's motions to strike those opinions. Dkt. 181; Dkt. 186. And Mr. DLI offers no basis of his own.

5

Dated: November 12, 2024

Respectfully submitted,

By: */s/ Katherine D. Prescott*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Vivian C. Keller (*pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**

6

1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036

Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111

8

Telephone: (415) 875-6600

Brady Huynh (admitted *pro hac vice*)
CA Bar No. 339441
bradyhuynh@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 12, 2024.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Katherine D. Prescott*
Katherine D. Prescott