# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, *Plaintiff*, v. SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC., *Defendants*. | Case No. 2:23-CV-00103-JRG-RSP **JURY TRIAL DEMANDED** |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION
FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT
FOR THE '117 AND '192 PATENTS (DKT. NO. 187)**

# EXHIBIT INDEX AND NOTES

| Exhibit | Description |
|---|---|
| E | Excerpts of the Supplemental Rebuttal Expert Report of Ian Foster, Ph.D. Regarding the '733, '117, '192 Patents, dated November 6, 2024 |

\* Emphasis added unless otherwise noted.

Abbreviations/Definitions

FCM: Firebase Cloud Messaging
HW: Headwater
SMP: Samsung Messaging Platform
SPP: Samsung Push Platform
MSJ: Motion for Summary Judgment
DLI: Mr. de la Iglesia, Headwater's expert

i

I. **HEADWATER CONTINUES TO FAIL TO PROVIDE EVIDENCE OF DIRECT INFRINGEMENT FOR ITS '117 THEORIES[1]**

HW admits that the "plurality of device messaging agents" is one of the "proper subjects for the 'control' inquiry.'" Dkt. 210 at 7. Yet, it continues to fail to show that Samsung "use[s]" the "plurality of device messaging agents."[2] **First,** HW's assertion that Samsung controls each "device messaging agent" because Samsung allegedly "controls what the targeted device does upon receiving the message" (*id.* at 10) ignores the contrary evidence. Indeed, HW's argument that Samsung "███████████████████████████████████████████████████████████, ███████████████████████████████████████████████████", translates to control of the "device messaging agents" (*id.* at 10-11) requires an impossible leap of logic. Any control Samsung might have over the *transmission* of messages has no bearing on the FCM[3] push client's ability to *receive* such messages. **Second,** contrary to HW's assertion (*id.* at 10), that ███████████████████████████████████████████████ does not mean the FCM push client is able to "*receive* the Internet data messages" as required by Claim 1. Device activation, connection, and push notification enablement (performed by the user) are each necessary prerequisites for the FCM push client to "receive the Internet data messages." Dkt. 187 at 9-10; *see also Info. Images, LLC v. PGA Tour, Inc.*, 686 F. Supp. 3d 549, 567-68 (W.D. Tex. Aug. 2, 2023) (end-users put the accused system into service "by initiating … a demand for service that causes back-end components, like the 'production module' to act out their intended purpose"). Here, it is undisputed that without end-users' active configuration of the device for receiving FCM messages,

---

[1] To the extent that HW accuses FCM push servers for any of its infringement theories, Samsung does not concede, and HW has not shown, that Samsung controls Google's push servers.
[2] Responsive to HW's discussion of SMP, Samsung does not concede that SMP fulfills the "network application server" requirements. *See* Ex. E (Foster Supp. Rebuttal Rpt.) ¶¶ 18-25.
[3] HW disputes the figure in UMF No. 2 as being incomplete. Dkt. 210 at 3. ████████ ████████████████ and is accurate, even if more detail could be added. Dkt. 187 at 2.

the "device messaging agent" cannot "receive the Internet data messages," per the claim. This is likewise true of the SPP push client. Thus, summary judgment is warranted on this issue.

## II. HEADWATER CONTINUES TO FAIL TO PROVIDE EVIDENCE OF DIRECT INFRINGEMENT FOR ITS '192 FCM THEORY

For the "message link server" to be "used" by Samsung, Samsung must "control … and benefit from each claimed component." *Intell. Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1329 (Fed. Cir. 2017). HW's assertion that Samsung "uses" the "message link server" because SMP messages are sent using FCM push servers (Dkt. 210 at 14) trivializes the requirement that the "message link server" only "supply … messages" "upon determining that one of the message delivery triggers has occurred" using the "message buffer system['s]" "logic." Samsung does not control when a "message delivery trigger[]" occurs. Rather, the "message delivery triggers" depend on the end-user device connecting/reconnecting to the FCM push server or requesting delivery of stored and undelivered messages. Dkt. 187 at 11. Thus, it is undisputed that the end-user, not Samsung, controls whether the message delivery trigger has occurred such that messages should be supplied, and Samsung is entitled to summary judgment on this issue.

## III. SAMSUNG CANNOT BE LIABLE FOR POST-SUIT INDUCED INFRINGEMENT OF THE '117 AND '192 PATENTS BECAUSE HEADWATER FAILS TO SHOW THAT SAMSUNG HAD SPECIFIC INTENT TO INFRINGE

HW's contention that Samsung continued to operate/use the SPP/FCM servers to send push messages and ▬▬▬▬▬▬▬▬▬▬ (Dkt. 210 at 16-17) does not rise to the level of demonstrating "specific intent," which is required for a showing of induced infringement. Specific intent "must be proven by evidence of affirmative acts undertaken by defendant to encourage or otherwise promote infringement," which is distinguishable from mere "know[ledge] that [defendant's] products are used for infringement." *Tierra Intelectual Borinquen, Inc. v. ASUS Comp. Int'l, Inc.*, No. 2:13-CV-38-JRG, 2014 U.S. Dist. LEXIS 28249, at *16-17 (E.D. Tex. Mar.

2

3, 2014); *see also DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006). These affirmative acts constitute a high bar—specific intent is not evidenced even if an "accused inducer merely intends to cause others to perform certain acts which are ultimately found to infringe," or if plaintiff provided "[g]eneric allegations that [defendants] provide instructional materials along with accused products, without more. . . ." *Stragent, LLC v. BMW of N. Am., LLC*, No. 6:16-cv-446-RWS-KNM, 2017 U.S. Dist. LEXIS 156084, at *22-23 (E.D. Tex. Mar. 3, 2017) (internal citations omitted). HW's citation to *Stoller* is inapposite. *Stoller* involved the denial of ***plaintiff's*** MSJ where defendant continued supplying ingredients used to make the infringing product per contractual obligations because the Court could not conclude specific intent from those actions. *Stoller Enters. v. Fine Agrochemicahls Ltd.*, 705 F. Supp. 3d 774, 795 (S.D. Tex. Nov. 30, 2023). HW's claim that Samsung's actions meet this exacting standard is thus unsupported.

IV. **SAMSUNG CANNOT BE LIABLE FOR POST-SUIT CONTRIBUTORY INFRINGEMENT OF THE '192 PATENT**

DLI did not present contributory infringement for the '192 Patent. HW's bald reliance on one line in its expert report ("███████████████████████████████████████████████████████████████" (Dkt. 210 at UMF No. 18)) is insufficient as a matter of law. This boilerplate language does not explain ***how*** the contributory infringement arguments for the '117 Patent apply to the '192 Patent. Because infringement is analyzed on a claim-by-claim and element-by-element basis, contributory infringement arguments for one patent cannot be wholesale imported to another patent. DLI's report acknowledges this reality for induced infringement, separately explaining his arguments for each of the '117 and '192 Patents. Dkt. 211-4 ¶¶ 1188-1202, 1208-1211. He failed to engage in the same necessary analysis for contributory infringement. HW's barebones cross-reference to arguments that apply to a different patent demands summary judgment of no contributory infringement as to the '192 Patent.

Dated: November 12, 2024

Respectfully submitted,

By: <u>/s/Katherine D. Prescott</u>
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Vivian C. Keller (*pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**

4

1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036

5

Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111

6

Telephone: (415) 875-6600

Brady Huynh (admitted *pro hac vice*)
CA Bar No. 339441
bradyhuynh@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 12, 2024. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                                      */s/ Katerine D. Prescott*
                                                      Katherine D. Prescott