# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00103-JRG-RSP |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION**
**TO DISMISS FOR LACK OF STANDING (DKT. NO. 177)**

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 1

 A. Headwater Does Not Own the Asserted Patents....................................................... 1

 1. Dr. Raleigh Filed the Relevant Application Within One Year of Leaving Qualcomm, Triggering the Presumption Qualcomm Owns the Asserted Patents ....................................................................................... 1

 2. The Invention Is Within the Scope of Qualcomm's Business ...................... 1

 3. Headwater Fails to Rebut the Presumption of Qualcomm's Ownership .... 1

 (a) Dr. Raleigh's Uncorroborated Testimony Is Insufficient to Establish Conception ....................................................................... 2

 (b) Headwater Has Cited No Documentary Evidence to Show Conception in this Case ................................................................... 3

 (c) Dr. Raleigh's Testimony Is Not Credible ........................................ 5

 (d) Qualcomm's Behavior Is Consistent with Its Ownership of the Asserted Patents ............................................................................... 6

 B. The Court Should Dismiss for Lack of Standing...................................................... 7

III. CONCLUSION.................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**                                                                                                               **Page(s)**

*Apator Miitors ApS v. Kamstrup A/S*,
   887 F.3d 1293 (Fed. Cir. 2018)......................................................................................1, 2

*Bio-Rad Labs., Inc. v. Int'l Trade Comm'n*,
   996 F.3d 1302 (Fed. Cir. 2021)...........................................................................................3

*In re Costello*,
   717 F.2d 1346 (Fed. Cir. 1983).......................................................................................4, 5

*FilmTec Corp. v Hydranautics*,
   982 F.2d 1546 (Fed. Cir. 1992)...........................................................................................3

*Hybritech Inc. v. Monoclonal Antibodies, Inc.*,
   802 F.2d 1367 (Fed. Cir. 1986)......................................................................................2, 3

*Intellectual Prop. Dev. Inc. v. TCI Cablevision of Cal., Inc.*,
   248 F.3d 1333 (Fed. Cir. 2001)...........................................................................................7

*MHL Tek, LLC v. Nissan Motor Co.*,
   655 F.3d 1266 (Fed. Cir. 2011)...........................................................................................3

*Shu-Hui Chen v. Bouchard*,
   347 F.3d 1299 (Fed. Cir. 2003)...........................................................................................6

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021).............................................................................................................3

# TABLE OF EXHIBITS AND NOTES[1]

| Exhibit | Description |
|---|---|
| 1 | U.S. Patent 9,615,192 (Dkt. 177-1) |
| 2 | U.S. Patent 8,406,733 (Dkt. 177-2) |
| 3 | U.S. Patent 9,198,117(Dkt. 177-3) |
| 4 | QC3P_HWvSS422_0000005(Dkt. 177-4) |
| 5 | Excerpts from the Deposition of Gregory Raleigh, taken Sept. 10, 2024 (Dkt. 177-5) |
| 6 | Excerpts from the Deposition of Gregory Raleigh, taken June 14, 2024 (Dkt. 177-6) |
| 7 | Exhibit 5 from the Deposition of Gregory Raleigh, taken Sept. 10, 2024 (Dkt. 177-7) |
| 8 | HW_00104069 (Dkt. 177-8) |
| 9 | HW_00104071-72 (Dkt. 177-9) |
| 10 | Exhibit 6 from the Deposition of Gregory Raleigh, taken Sept. 10, 2024 (Dkt. 177-10) |
| 11 | Exhibit 7 from the Deposition of Gregory Raleigh, taken Sept. 10, 2024 (Dkt. 177-11) |
| 12 | QC3P_HWvSS422_0000011 (Dkt. 177-12) |
| 13 | United States provisional application no. 61/206354 (Dkt. 177-13) |
| 14 | Excerpts from Plaintiff Headwater Research LLC's Fifth (Sixth) Supplemental Objections and Responses to Defendants' First Set of Interrogatories (Nos. 1-14), dated September 24, 2024 (Dkt. 177-14) |
| 15 | Exhibit 11 from the Deposition of Gregory Raleigh, taken June 14, 2024 (Dkt. 177-15) |
| 16 | Exhibit 2 from the Deposition of Gregory Raleigh, taken March 7, 2024 (Dkt. 177-16) |
| 17 | Excerpts from the Expert Report of Erik de la Iglesia, dated September 26, 2024 (Dkt. 177-17) |
| 18 | HW_00013712-29 (Dkt. 204-1) |

\* Emphasis added unless otherwise noted.

\* Form objections are omitted from deposition transcript quotations unless otherwise noted.

\* In this brief, "Headwater" refers to Plaintiff and its purported predecessors, and "Samsung" refers to Defendants.

---

[1] All exhibits are already on the docket, as indicated in the descriptions.

## I. INTRODUCTION

Headwater's opposition confirms this case is substantially different from HW1. In HW1, the Court relied upon documentary evidence—the Best Buy slides from October 23, 2008 (Dkt. 202-1)—to issue an R&R finding sufficient corroboration. By contrast, Headwater cites *not a single document* to corroborate its conception story in this case. Dr. Raleigh testified that he conceived the HW2 invention *after* the HW1 invention, but there are no documents to show this. To be sure, Headwater does not argue the Best Buy slides discuss the HW2 invention. Under the law, "[e]ven the most credible inventor testimony is *a fortiori* required to be corroborated by independent evidence." *Apator Miitors ApS v. Kamstrup A/S*, 887 F.3d 1293, 1295 (Fed. Cir. 2018) (citation omitted). The Court should therefore grant Samsung's motion and dismiss the case.

## II. ARGUMENT

### A. Headwater Does Not Own the Asserted Patents

#### 1. Dr. Raleigh Filed the Relevant Application Within One Year of Leaving Qualcomm, Triggering the Presumption Qualcomm Owns the Asserted Patents

In its opposition, Headwater does not dispute that Qualcomm presumptively owns the asserted patents under the terms of Dr. Raleigh's contract with Qualcomm. Unlike HW1, Headwater also does not challenge the validity of this contract.

#### 2. The Invention Is Within the Scope of Qualcomm's Business

In its opposition, Headwater does not dispute that the asserted patents are within the scope of Qualcomm's business.

#### 3. Headwater Fails to Rebut the Presumption of Qualcomm's Ownership

Headwater fails to overcome the presumption of Qualcomm ownership because it does not

substantively address the many ways in which this case is different from HW1. For example, Headwater does not argue that its October 23, 2008 Best Buy slides even hint at the invention in this case, and it has relied upon no other documents from its interrogatory response. It also fails to overcome the other evidence and law cited in Samsung's opening brief.

### (a) Dr. Raleigh's Uncorroborated Testimony Is Insufficient to Establish Conception

Headwater quotes extensively from Dr. Raleigh's deposition in this case. *See* Dkt. 202 at 8-9. However, the law is clear that "***[e]ven the most credible inventor*** testimony is *a fortiori* required to be corroborated by independent evidence" and "evidence of corroboration ***must not depend solely on the inventor himself***." *Apator*, 887 F.3d at 1295 (citations omittted). Without documents to corroborate Dr. Raleigh's alleged date of conception, Headwater simply cannot prevail.[2]

Samsung addressed the "mechanical" problem identified by the Court (*see* R&R at 12) in its opening brief. Again, Samsung does not seek to impose the burden of proving a negative on Headwater. That is, Headwater is not required to prove that Dr. Raleigh *did not* conceive at Qualcomm. Rather, it is required to prove *when* he did conceive to rebut the presumption of Qualcomm's ownership. The Federal Circuit explained this in *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, to which Headwater does not even respond. There, the Federal Circuit explained that the question of whether an invention was conceived "before" a particular date is "more properly" analyzed as "***when*** the claimed invention was conceived." 802 F.2d 1367, 1376 (Fed.

---

[2] Headwater's argument seeking to distinguish *Apator* and similar cases because the patentee bore the burden in those cases is to no avail. *See* Dkt. 202 at 14 n.2. Headwater is the patentee and similarly bears the burden. Headwater is also wrong that "it is Samsung—not patentee Headwater—who is trying to establish a pre-application conception date." *Id.* Because Headwater has the burden of proof under the contract (and also under standing law), it is Headwater who must establish a conception date. Without proof of conception date, Qualcomm owns all patents filed within one year of employment.

Cir. 1986) (original emphasis omitted).  Thus, what must be corroborated is *the date* of conception. Whether it is before or after some other event is a subsequent question that can be reached only after the date of conception is established and corroborated.  *Id.*

The cases Headwater mentions in its brief also support Samsung.  Headwater argues that *FilmTec* turned on "laboratory notebooks" and *Bio-Rad* turned on "multiple slide presentations and emails."  Dkt. 202 at 15, citing *FilmTec Corp. v Hydranautics*, 982 F.2d 1546, 1552 (Fed. Cir. 1992) and *Bio-Rad Labs., Inc. v. Int'l Trade Comm'n*, 996 F.3d 1302, 1320 (Fed. Cir. 2021).  By contrast, Headwater has cited no such documents in this case, and without evidence, Headwater cannot prevail since it bears the burden of proof.[3]

Finally, the R&R in HW1 required *some* corroboration—the slides in that case—and here Headwater has none.  The Court should therefore find that Headwater has failed to rebut the presumption that Qualcomm owns the asserted patents in this case.

### (b)   Headwater Has Cited No Documentary Evidence to Show Conception in this Case

Headwater argues that the Court's finding of standing in HW1 establishes standing here. Putting aside Samsung's objections to the R&R in HW1 (which Samsung's preserves but does not argue here), the R&R's holding is limited to when Dr. Raleigh conceived his "device" invention.

---

[3] Headwater is also wrong to suggest *Bio-Rad* somehow shifts the burden to Samsung.  As plaintiff, Headwater "bear[s] the burden of demonstrating that [it has] standing."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 430–31 (2021); *see also MHL Tek, LLC v. Nissan Motor Co.*, 655 F.3d 1266, 1273-74 (Fed. Cir. 2011) (same).  In addition, the burdens imposed upon the defendant by the ITC in *Bio-Rad* are distinguishable.  First, *Bio-Rad* did not involve a contract that created a presumption of ownership.  Here, because Dr. Raleigh's agreement with Qualcomm makes Qualcomm the presumed owner of the asserted patents, Headwater must rebut the presumption to demonstrate standing.  Second, *Bio-Rad* did not involve standing. Instead, at issue in *Bio-Rad* was an affirmative defense of co-ownership, which the accused infringer had the burden to prove. Specifically, Bio-Rad, the accused infringer, argued it had co-ownership of the asserted patents because the inventors (Bio-Rad's former employees) had ideas that contributed to the post-employment inventions while employed at Bio-Rad.  *Bio-Rad*, 996 F.3d at 1316.  Thus, the Federal Circuit does not even mention standing in *Bio-Rad*.

3

It does not establish that he conceived the distinct invention in this case after he left Qualcomm or after the HW1 invention (as he asserts). Headwater simply has no documents to corroborate that alleged second step or Headwater's alleged conception in this case. To be sure, Samsung cannot prove Dr. Raleigh conceived the invention around the time he first identified the problem (while at Qualcomm), but Samsung does not have the burden of proof. Headwater has the burden, and it has failed to meet it.[4]

Headwater quibbles with whether "aggregated messaging" is a good shorthand for the patents in this case, but it does not offer an alternate explanation for what those patents involve. Headwater also does no better if the Court simply looks at the claim language. For example, the asserted '733 patent claims require a "service control link," "securing of the service control link with an encryption protocol," and "service control device link agent." Neither the claim language nor "aggregated messaging" appear in the Best Buy slides or any of the other documents cited in Headwater's interrogatory response. Headwater does not deny this. That makes this case very different from HW1, where the Court found the Best Buy slides reflect what it called the "device" invention of that case.

Headwater also suggests Dr. Raleigh's January 2009 provisional patent application is itself corroborating evidence. As discussed in the opening brief, the Court has already rejected this argument. *See* HW1 Dkt. 386 at 173:24-174:20 (evidentiary hearing). The Court was correct. First, the patent application is not evidence of when Dr. Raleigh *first* conceived the claimed invention. *In re Costello*, 717 F.2d 1346, 1350 (Fed. Cir. 1983), cited by Headwater, is not to the contrary. It merely holds that an application "constitutes documentary evidence that appellants

---

[4] In addition, unlike HW1, Dr. Raleigh is the sole inventor, so there is no issue of whether he began collaborating with others within one year of leaving Qualcomm.

had conceived of the invention *as of the filing date*." *Id.* The filing date is not evidence of when the inventor *first* conceived the invention. Second, as a matter of contractual interpretation, it would make no sense if the very patent application that *triggers* the presumption of ownership also *overcomes* it. Such an argument would apply in every case where a patent application is filed within a year of employment, and it would make the contract meaningless.

### (c) Dr. Raleigh's Testimony Is Not Credible

The Court can end its inquiry based on lack of corroboration. But if the Court decides to consider Dr. Raleigh's testimony, it should find Dr. Raleigh's self-serving testimony not credible and undercut by his other recent deposition admissions. The following new deposition testimony distinguishes HW1, where there were no such admissions: (i) the asserted patents *in this case* "solved critical problems that literally brought down the Cingular network when the first iPhones and Androids were attached to the network" (before he left Qualcomm) and (ii) Dr. Raleigh recognized these problems while at Qualcomm. *See* Ex. 5 at 45:20-46:21, 122:2-15. Also important is the 2009 email quoted in Samsung's opening brief, new to this case, where Dr. Raleigh told Qualcomm's CEO Dr. Jacobs that Headwater's technology is ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 7. Furthermore, Dr. Raleigh's reference to "a disaster on the network" in his panel remarks aligns this case more closely with what Dr. Raleigh observed at Qualcomm regarding "critical problems that literally brought down the Cingular network." *See* HW1 Dkt. 236-1 at 46:00-46:51; Ex. 5 at 45:20-46:21, 122:2-15. And his blunt admission in this case that there is *no* "idea that [he] disclosed to Dr. Jacobs that [he] believe[s] is now in every smartphone" also distinguishes HW1. *See* Ex. 5 at 112:14-18. That testimony means Headwater's position depends on Dr. Raleigh's panel remarks being *false*, not merely abbreviated. If Dr. Raleigh made false claims before this case was filed, why should the Court accept his self-serving testimony now? Doing so would turn the requirement for corroboration on its head, and

5

without corroboration Headwater cannot overcome the presumption of Qualcomm's ownership. *See Shu-Hui Chen v. Bouchard*, 347 F.3d 1299, 1309 (Fed. Cir. 2003) (the requirement for corroboration "addresses the concern that a party claiming inventorship might be tempted to describe his actions in an unjustifiably self-serving manner in order to obtain a patent or to maintain an existing patent"). Finally, Headwater's new argument that Dr. Raleigh "did not work at Qualcomm as an engineer" (Dkt. 202 at 6) is belied by the fact Qualcomm required him to sign an invention agreement and by his previous testimony that he was "VP of Wireless Internet" at Qualcomm. HW1 Dkt. 386 at 82:7-16. It is also irrelevant because the agreement is not conditioned on Dr. Raleigh being an engineer. In short, Headwater cannot establish standing by reliance on its inventor's credibility.

### (d) Qualcomm's Behavior Is Consistent with Its Ownership of the Asserted Patents

Headwater makes much ado about Qualcomm's behavior in 2017-2022, ignoring Qualcomm's behavior closer to the events in question in 2009. In 2009, as demonstrated in Samsung's opening brief, Qualcomm asserted ownership, and Headwater took this assertion very seriously. Most revealingly, Headwater requested a release ███████████████████ ███████████████ Ex. 9 at HW_00104071-72. Headwater's assertion that the release was not tied to equity is belied by the very words of the release, and it does not matter whether Qualcomm wanted 5% or 20% of the company. Either way, Headwater offered an ownership stake to Qualcomm to resolve Qualcomm's assertion of ownership. In addition, even if Qualcomm chose not to expend resources on litigation at that time, Headwater likewise did not file a declaratory judgment to resolve the dispute. *See* Ex. 18 at HW_00013720 (Headwater considering declaratory judgment).

By 2017-2022, there is no evidence that the same people at Qualcomm who interfaced with

6

Headwater in 2009 were even involved anymore. The 2022 offer that Headwater cites (Dkt. 174-5) was signed by Alex Rogers, who does not appear in the 2009 correspondence, and there is no evidence he was aware of the previous ownership dispute. Moreover, Dr. Raleigh's testimony that Qualcomm deliberately let the statute of limitations pass is self-serving hearsay, and the Court should disregard it. Regardless, the parties failed to reach an agreement in 2022. Dr. Raleigh wanted more money than Qualcomm was willing to pay. Thus, even if the 2017-2022 interactions related to Qualcomm's previous ownership claim, the parties' behavior has all the hallmarks of an attempted compromise, not a surrender.

Finally, Headwater has the burden to prove standing and the burden to overcome the presumption of Qualcomm's ownership. Qualcomm was not required to expend resources or intervene in a distant forum since Qualcomm does not have the burden to disprove standing.

### B. The Court Should Dismiss for Lack of Standing

Status as a "patentee" gives a party standing under Article III of the Constitution. *Intellectual Prop. Dev. Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1345 (Fed. Cir. 2001). Because Headwater has not proven it owns the asserted patents, it lacks standing. The Court should dismiss the case.

## III. CONCLUSION

For the foregoing reasons, the Court should dismiss this case for lack of standing because Qualcomm owns the asserted patents.

Dated: November 12, 2024      Respectfully submitted,

By:   */s/ John W. Thornburgh*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Vivian C. Keller (*pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**

1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036

9

Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111

10

Telephone: (415) 875-6600

Brady Huynh (admitted *pro hac vice*)
CA Bar No. 339441
bradyhuynh@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 12, 2024.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ John W. Thornburgh*
John W. Thornburgh