**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

HEADWATER RESEARCH LLC,

*Plaintiff*,

v.

SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendants*.

Case No. 2:23-CV-00103-JRG-RSP

**JURY TRIAL DEMANDED**

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO POST-SUIT WILLFULNESS (DKT. NO. 172)**

**TABLE OF CONTENTS**


I. STATEMENTS OF UNDISPUTED MATERIAL FACT (“UMF”) ..... 1

A. Samsung’s Uncontroverted UMFs Are Deemed Admitted ..... 1

B. Samsung Responses to Headwater’s UMFs ..... 2

II. ARGUMENT ..... 3

A. “Pre-Suit Conduct” is an Improper Reassertion of Pre-Suit Willfulness, which Headwater Dropped ..... 3

B. “Post-Suit Conduct” Fails as a Matter of Law ..... 5

C. “Post-Suit Litigation Conduct” Is Attorney Argument Barred by this Court’s Standing MILs ..... 8

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*
(876 F.3d 1350 (Fed. Cir. 2017))....................5

*Broadcom Corp. v. Qualcomm Inc.*
(543 F.3d 683 (Fed. Cir. 2008))....................5

*Cirba Inc. v. VMware, Inc.*,
No. CV 19-742-GBW, 2023 WL 3151852 (D. Del. Apr. 18, 2023)....................5

*Firtiva Corp. v. Funimation Global Grp., LLC,*
No. 2:21-cv-111-JRG-RSP, ECF No. 163 (E.D. Tex. June 1, 2022)....................7

*Mojo Mobility, Inc. v. Samsung Elecs. Co*.,
No. 2:22-CV-00398-JRG-RSP, 2024 WL 3355122 (E.D. Tex. June 4, 2024)....................7

*Provisur Techs., Inc. v. Weber, Inc.*,
119 F.4th 948 (Fed. Cir. 2024)....................7

*SB IP Holdings LLC v. Vivint, Inc*.,
No. 4:20-cv-00886, 2023 WL 6799020 (E.D. Tex. Oct. 13, 2023)....................4

**Other Authorities**

L.R. CV-56(c)....................1, 2

Headwater's response brief (Dkt. 213, "Response") confirms that Samsung is entitled to summary judgment of no pre-suit willfulness. *First*, Headwater does not credibly dispute that it failed to raise or disclose post-suit willfulness issues during discovery. Instead, Headwater tries to improperly re-cast its pre-suit willfulness arguments—now dropped—to save its new post-suit willfulness allegations. It cannot do so. *Second*, Headwater's reliance on Samsung's alleged lack of remedial actions (*i.e.*, failure to change its products or take a license) fails as a matter of law. *Third*, Headwater's claim that Samsung's "unreasonable" positions in this case can be circumstantial evidence of post-suit willfulness likewise fails, as such "evidence" is barred by this Court's standing MILs and thus unavailable at trial.

Ultimately, Headwater's only basis for its post-suit willfulness claim is that Samsung decided to defend this lawsuit. This "evidence" alone cannot create a genuine dispute of material fact as to post-suit conduct. Summary judgment is proper.

## I. STATEMENTS OF UNDISPUTED MATERIAL FACT ("UMF")

### A. Samsung's Uncontroverted UMFs Are Deemed Admitted

Headwater does not properly respond to Samsung's UMFs, and thus they should be deemed admitted. L.R. CV-56(c) states:

> In resolving the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the responsive brief filed in opposition to the motion, as supported by proper summary judgment evidence. The court will not scour the record in an attempt to unearth an undesignated genuine issue of material fact.

Samsung's UMFs set forth nineteen numbered paragraphs across five sections. Dkt. 172 ("MSJ"), §III. Headwater's Response does not controvert these UMFs, with proper summary judgment evidence or otherwise. The entirety of Headwater's UMF "contravention" follows (Dkt. 213 § II):

> Samsung's "statement of undisputed [material] facts" (Mot. at 19) is full of unsupported attorney characterizations. Headwater doesn't dispute the contents of

> its discovery responses, and the responses speak for themselves. Beyond that, Headwater disputes Samsung's characterizations and inferences based on the responses (such as what they are allegedly "directed to"). Headwater also disputes Samsung's characterizations of Headwater's litigation positions. This includes Samsung's argumentative headings, which are not enumerated as facts—because they are not.
>
> For example, Samsung's narrative about Headwater's decision to drop pre-suit willfulness is unsupported and misleading. Leading up to the deadline to file dispositive motions, the parties discussed narrowing disputes and proposed a stipulation. As part of that discussion, Headwater voluntarily dropped pre-suit willfulness "to narrow issues and streamline the case for trial." Dkt. 172-9 at 1. Headwater didn't make any admissions about the evidence, nor suggest that its willfulness claim "lacked merit." Nor did Samsung raise the issue of post-suit willful infringement until 10:44 pm the night before the motions deadline. *Id*.

Headwater's generic statements that it generally "disputes" Samsung's "narratives" fail to comply with the local rules. Headwater's "contravention" and citations to evidence must be specific precisely to avoid Samsung or the Court needing to "scour the record" to determine whether the evidence raises a genuine issue of material fact. L.R. CV-56(c). As it stands, Samsung is unsure precisely which UMFs Headwater admits or denies and why/on what it relies for any denial. Per L.R. CV-56(c), Samsung's UMFs should be deemed admitted.

### B. Samsung Responses to Headwater's UMFs

<u>HW UMF 1.</u> Admitted. As Samsung said in its MSJ, the first willfulness factor—post-suit notice—is not at issue, as it is undisputed that: (1) Samsung did not have pre-suit notice of any Asserted Patent (*i.e.*, no actual or constructive notice before the lawsuit), but (2) received notice via Headwater's served Complaint. MSJ at Samsung UMFs 8-10; *id.* at 1, 6. Only the second willfulness factor—Samsung's post-suit conduct (*i.e.*, specific intent to infringe the Asserted Patents after Headwater's March 2023 Complaint)—is at issue in Samsung's MSJ. MSJ at 1, 6.

<u>HW UMF 2.</u> Admitted.

<u>HW UMF 3.</u> Headwater did not serve four supplemental responses to Samsung's Interrogatory No. 11. *See* MSJ (Dkt. 172) at 2; *id.* at n.2; Ex. 1 (Dkt. 172-1). As to Headwater's

second (and final) supplemental response to Samsung Interrogatory No. 11 (served September 24, 2024), admitted.

HW UMF 4. Denied. Samsung fully and properly responded to Headwater's Interrogatory No. 2. *See* Dkt. 174-6 at 23-24.

HW UMF 5. Samsung did not admit that it "has not made any changes to the Accused Products since the complaint in this case," as Headwater claims. Resp. (Dkt. 213) at 3; *see* Dkt. 210-9 at 11-12. Admitted that Samsung stated, in response to Headwater' RFA 8, that Samsung's "products are designed in a manner that does not infringe any claim of any valid Asserted Patent. To the extent this Request seeks an admission that Samsung has not changed the Accused Products due to any belief or concern that Samsung's products might infringe the Asserted Patents, admitted, at least because the Accused Products do not infringe." Dkt. 210-9 at 12.

HW UMF 6. Admitted that Samsung has not changed the Accused Products due to any belief or concern that Samsung's products might infringe the Asserted Patents, at least because the Accused Products do not infringe. *Id.* Admitted that Samsung has not taken a license to the Asserted Patents. Following notice of the Asserted Patents (after Headwater served this Complaint in 2023), Samsung has properly and reasonably defended itself against Headwater's allegations in this case, including by asserting and developing its defenses that Samsung does not infringe any Asserted Patents and that the Asserted Patents are invalid.

## II. ARGUMENT

Headwater claims "three categories of affirmative evidence—(1) Samsung's pre-suit conduct, (2) Samsung's post-suit conduct, and (3) Samsung's litigation conduct—support a factual finding of deliberate or intentional infringement." Resp. (Dkt. 213) at 8. All fail.

### A. "Pre-Suit Conduct" is an Improper Reassertion of Pre-Suit Willfulness, which Headwater Dropped

Headwater tries to use its pre-suit willfulness allegations—now dropped—to support its new post-suit willfulness claims. It cannot do so. *Cf. SB IP Holdings LLC v. Vivint, Inc.*, No. 4:20-cv-00886, 2023 WL 6799020, at *2 (E.D. Tex. Oct. 13, 2023) ("[Plaintiff] may not introduce evidence of [defendant's] pre-suit conduct as evidence of its post-filing willful infringement, as pre-suit willful infringement is not before the Court.").

Headwater maintained pre-suit willfulness throughout this case based on incorrect claims:

- Headwater claimed the ItsOn Technology practiced the Asserted Patents, which Headwater later admitted was wrong. Samsung UMFs 7, 8, 14.
- Headwater claimed the Asserted Patents were on the ItsOn marking website, which Headwater later admitted was wrong. Samsung UMFs 7, 9, 14.
- Headwater claimed Samsung had pre-suit knowledge of the Asserted Patents, which Headwater later admitted was wrong. Samsung UMFs 3, 4, 7, 10, 14.

As detailed in the MSJ, Headwater's entire willfulness case during this litigation has been ***pre-suit*** (Samsung UMFs 11-15), which Headwater then dropped the night before MSJs were due. Samsung UMF 18. Headwater's Interrogatory 11 response (disclosing bases for its willfulness claims) never mentions or discloses bases for post-suit willfulness. Samsung UMFs 5-7, 16-17.

Headwater—faced with the reality that it (1) had to drop pre-suit willfulness because it lacked support; but (2) had failed to disclose or pursue any alleged bases for post-suit willfulness—now claims that it should be able to swap its pre-suit narrative to support a post-suit argument. It cannot. Specifically, Headwater claims that Samsung's "history" with ItsOn in 2013-2016, including Dr. Raleigh allegedly directing Samsung to ItsOn's patent marking website in 2016—which ***did not list the Asserted Patents because ItsOn did not practice them***[1]—can be used to infer Samsung did not reasonably investigate ***the Asserted Patents*** and thus had the intent to

[1] MSJ (Dkt. 172) at Samsung UMFs 8-10, 14.

infringe after receiving notice of the Asserted Patents ***in 2023*** (when Headwater served the Complaint). This argument belies common sense. No reasonable jury could infer that Samsung had some duty to investigate Headwater's ***entire*** patent portfolio over the last decade, let alone that this alleged pre-suit activity shows deliberate and intentional ***post-suit*** infringement. *Cf. Cirba Inc. v. VMware, Inc.*, No. CV 19-742-GBW, 2023 WL 3151852, at *3 (D. Del. Apr. 18, 2023) (evidence that is "insufficient to support pre-suit willfulness can[not] now support a cause of action for post-suit willfulness").

Headwater offers no factual or legal support that it can recast its case as proposed.[2] Rather, Headwater's about-face should be seen for what it is: a transparent attempt to save its failure to disclose or pursue any alleged post-suit willfulness bases. Headwater should not be allowed to do so. If Headwater wanted to pursue pre-suit willfulness, it could have. It did not.

### B. "Post-Suit Conduct" Fails as a Matter of Law[3]

Headwater's misplaced reliance on *Arigna* supports Samsung's MSJ. Headwater says "[a] fact finder could consider Samsung's failure to design around the Asserted Patents, or failure to take other remedial steps, and find that Samsung has sufficient intent to infringe." Resp. (Dkt. 213) at 6.[4] Headwater relies on *Arigna*, arguing: "Samsung, like the defendant in *Arigna*, took no remedial actions after being served with the complaint" because "Samsung could have taken a

---

[2] Neither *Broadcom Corp. v. Qualcomm Inc.* (543 F.3d 683, 700 (Fed. Cir. 2008)) nor *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.* (876 F.3d 1350, 1371 (Fed. Cir. 2017)) so hold. *Broadcom* did not, as Headwater says, "uphold[] [a] willfulness finding when, among other things, the defendant 'failed to investigate.'" Resp. (Dkt. 213) at 6. *Broadcom* dealt with inducement; the willfulness verdict had ***already been thrown out*** by the district court due to a pre-*Seagate* jury instruction. 543 F.3d at 687, 697. And in *Artic Cat* "the district court found substantial evidence demonstrated that [defendant] ***knew about the patents before they issued***." 876 F.3d at 1371.

[3] Headwater did not disclose these, or any alleged bases for post-suit willfulness in response to Interrogatory No. 11. *See* Ex. 1 (Dkt. 172-1); MSJ (Dkt. 172) at Samsung UMFs 5-17.

[4] Headwater also generically cites to *Broadcom* (543 F.3d at 700). Resp. (Dkt. 213) at 6. But *Broadcom* is an inducement opinion, as the willfulness verdict had already been thrown out by the district court due to a pre-*Seagate* jury instruction. 543 F.3d at 687, 697.

license or changed its products," but did not. *Id.* at 7. But, unlike this case, *Arigna* was not solely a post-suit willfulness case. As the plaintiff repeatedly stated in the opposition MSJ briefing, its willfulness case was based on ***admitted pre-suit knowledge in addition to post-suit conduct***:

- "[B]ecause [defendant] ***admittedly had pre-suit knowledge*** of its infringement, the MSJ's attempt to neatly divide and conquer Arigna's claims into 'pre-suit' and 'post-suit' is not well-taken." Arigna Opp. (Dkt. 206) at 4 (No. 2:22-cv-126-JRG-RSP (E.D. Tex. Aug. 31, 2022) (emphasis added)).

- "Particularly inapposite is [defendant's] reliance on cases in which there was no pre-suit knowledge such that knowledge was first obtained through the filing of the complaint." *Id*.

- [Defendant] ***admittedly had pre-suit knowledge*** of its infringement of the [asserted patent], so cases concerning only post-suit knowledge are inapposite." Sur-Reply (Dkt. 256) at 2 (No. 2:22-cv-126-JRG-RSP (E.D. Tex. Sept. 13, 2022) (emphasis added)).

- "[T]his is ***not a post-suit case***." *Id.* at 2, 3 (emphasis added).

Here, as explained above and in Samsung's MSJ (including thorough UMF which Headwater did not contravene and thus are deemed admitted), it is undisputed that ***Samsung did not have pre-suit knowledge*** of the Asserted Patents. MSJ (Dkt. 172) at Samsung UMFs 8-10, 14.

In the admitted absence of pre-suit knowledge, the only "evidence" Headwater offers from which a jury could allegedly infer deliberate or intentional post suit conduct is Samsung's defense of this lawsuit. Resp. at 6-8 (arguing that after the Complaint, Samsung should have taken a license or changed it products, but instead continued to offer the accused products).[5] As this Court has repeatedly held, no reasonable juror could conclude this limited post-suit conduct constitutes

[5] Headwater also improperly attempts to incorporate by reference "[t]he evidence, documents, and expert testimony discussed in Headwater's opposition [to] induced infringement," citing Section V.C. of its argument in Opposition to Samsung's Motion for Partial Motion for Summary Judgment of Noninfringement for the '117 and '192 Patents. Resp. (Dkt. 213) at 8. Inducement and willful infringement are separate claims, necessitating separate MSJs. Any alleged "evidence, documents, and exert testimony" Headwater believes support its opposition to ***this*** MSJ on post-suit willfulness should be properly ***included in the UMFs***, per the Court's rules and FRCP.

willful infringement. *Firtiva Corp. v. Funimation Global Grp., LLC*, No. 2:21-cv-111-JRG-RSP, ECF No. 163 at 3 (E.D. Tex. June 1, 2022) ("[Plaintiff] fails to provide evidence of any deliberate or intentional action and simply argues that jury could infer willfulness based on [defendant] continuing to offer the accused product . . . [N]o genuine dispute exists because no reasonable juror could find willfulness based on [plaintiff's] evidence."). *See also Mojo Mobility, Inc. v. Samsung Elecs. Co.*, No. 2:22-CV-00398-JRG-RSP, 2024 WL 3355122, at *3 (E.D. Tex. June 4, 2024) ("[A] lack of remedial actions alone is insufficient to demonstrate post-suit willfulness") (citing *Arigna*, 2022 WL 17978913, at *2; *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021); and *Firtiva*, 2:21-cv-111-JRG-RSP, Dkt. No. 163, at *2–3).

On this point—whether "evidence" is legally sufficient to infer deliberate or intentional conduct—*Provisur* speaks volumes. *Provisur Techs., Inc. v. Weber, Inc*., 119 F.4th 948 (Fed. Cir. 2024). As laid out in the MSJ, there are two elements to willfulness: (1) knowledge of the asserted patents, and (2) intentional/deliberate infringement after this knowledge. *E.g., Firtiva*, 2:21-cv-00111-JRG-RSP, Dkt. No. 163 at 3 ("Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness. Rather, willfulness requires deliberate or intentional infringement.") (quotations omitted). Here, as in *Provisur*, knowledge of the Asserted Patents is not disputed. *Provisur*, 119 F.4th at 956 ("There is no dispute [defendant] knew of the asserted patents."). Here, as in *Provisur*, the issue is what "evidence as a matter of law is [] enough to establish deliberate or intentional infringement." *Id.* In *Provisur*, the Federal Circuit granted JMOL on this very point where defendant used a patent matrix to track the asserted patents and rate them for evaluation. *Id*. Here, Headwater offers only Samsung's ***defense of this lawsuit*** as evidence of intentional/deliberate infringement. Read properly, *Provisur* confirms, as this Court has held previously, that such evidence is legally insufficient.

### C. "Post-Suit Litigation Conduct" Is Attorney Argument Barred by this Court's Standing MILs[6]

Headwater's claim that "Samsung's post-suit litigation conduct—and repeated assertions of unsupported defenses—also support a finding of willfulness" (Resp. at 8) is without merit.

Headwater points to three allegedly unreasonable defensive positions advanced by Samsung as circumstantial evidence of post-suit conduct "worse than the defendant in *Arigna*:"

1. "During claim construction Samsung initially asserted" that certain terms were indefinite before ultimately dropping them; the "remaining five indefiniteness assertions were rejected;" after which Samsung "filed meritless objections that were promptly overruled by the District Judge." Resp. (Dkt. 213) at 8.

2. "Samsung's standing defense lacks merit." *Id.*

3. "Samsung refused to withdraw its 'inequitable conduct / infectious unenforceability'" defense. *Id.*

***be presented to the jury*** per the Court's Standing MILs:[7]

> Court MIL No. 1: The parties shall be precluded from introducing evidence, testimony, or argument regarding pretrial proceedings or issues including but not limited to discovery disputes, dispositive motion practice, or dropped claims or defenses.
>
> Court MIL No. 5: The parties shall be precluded from introducing evidence, testimony, or argument before the jury that relates only to equitable issues or defenses (i.e., evidence that does not also serve another evidentiary purpose relevant to jury issues).

And if these three issues cannot be presented to the jury, then they cannot serve as the basis for any possible willfulness verdict.

[6] Headwater did not disclose these alleged bases for post-suit willfulness in its response to Interrogatory No. 11. *See* Ex. 1 (Dkt. 172-1); MSJ (Dkt. 172) at Samsung UMFs 5-17.

[7] Standing Order on Motions *In Limine* on Cases Involving Allegations of Patent Infringement and/or Breach of FRAND Obligations, as well as Declaratory Judgment Actions which Relate to the Same (entered August 11, 2023).

Dated: November 12, 2024

Respectfully submitted,

By: */s/Thad C. Kodish*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Vivian C. Keller (*pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**

1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036

Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111

Telephone: (415) 875-6600

Brady Huynh (admitted *pro hac vice*)
CA Bar No. 339441
bradyhuynh@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**



**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 12, 2024. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Thad C. Kodish*
Thad C. Kodish