# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| *Plaintiff*, | Case No. 2:23-cv-00103-JRG-RSP |
| v. | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | |
| *Defendants*. | |

## PLAINTIFF HEADWATER'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY FOR LACK OF WRITTEN DESCRIPTION BASED ON 35 U.S.C. § 112 [ECF NO. 178]

## I.     INTRODUCTION

Samsung improperly shifts the burden to Headwater to prove the '117 patent satisfies the written description requirement. Because the '117 patent is presumed valid, however, it is Samsung that bears the burden of proving that invalidity by clear and convincing evidence. Yet Samsung's reply focuses on attacking Headwater's evidence, including Mr. DLI's expert testimony and specification cites, but offers no affirmative evidence that the specification as whole—rather than just a handful of snippets containing the term "map"—would not convey to a POSITA that Dr. Raleigh possessed the claimed invention. Samsung instead relies on attorney argument about Mr. DLI's expert opinions and what the cited disclosures purportedly disclose. Samsung's improper burden-shifting and attorney argument cannot support summary judgment, particularly given Federal Circuit precedent that written description is a question of fact that must be assessed from the perspective of a POSITA. Samsung's motion should be denied.

## II.    SAMSUNG OFFERS NO EVIDENCE THAT THE SPECIFICATION AS WHOLE LACKS WRITTEN DESCRIPTION SUPPORT FOR THE MAPPING LIMITATION

Headwater's opposition showed that Samsung's motion largely relies on unsupported attorney argument. Dkt. 214 at 1. And where Samsung relies on expert testimony, it does so to support two arguments that fail as a matter of law—i.e., that passages containing the term "map" do not describe the mapping limitation, and that "device agents" and "applications" are mutually exclusive. *Id*. The first argument fails because the question is whether the specification as whole (not just selective passages that use the term "map") reasonably conveys to a POSITA that Dr. Raleigh possessed the claimed invention. *Allergan U.S. v. MSN Labs. Private Ltd.*, 111 F.4th 1358, 1375 (Fed. Cir. 2024) ("As the 'hallmark' of written description, the disclosure must be considered as a whole, as the person of ordinary skill in the art would read it, to determine if it reasonably conveys possession.") (citing *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336,

1351 (Fed. Cir. 2010) (en banc)). And Samsung cites no expert testimony that the specification as a whole lacks written description support for the mapping limitation. *See* Dkt. 178 at 7-14; Dkt. 229 at 1-3. The second argument fails because, as the Court correctly found (and as Samsung now concedes), there can be overlap between "device agents" and "applications." *See* Dkt. 118 at 17; Dkt. 229 at 1.

Thus, even setting aside Mr. DLI's rebuttal testimony, Samsung's "evidence" is insufficient to prove that the mapping limitation lacks written description support. The motion should be denied on this basis alone.

## III. SAMSUNG MISCHARACTERIZES MR. DLI'S OPINIONS AND IGNORES DISCLOSURES REGARDING AGENT IDENTIFIERS BASED ON THE FLAWED ASSUMPTION THAT AN AGENT CANNOT BE PART OF AN APPLICATION

In any event, Mr. DLI's rebuttal opinions create a triable issue of fact on the "mapping" limitation, including based on disclosures of mapping messages to agents and disclosures of agents mapping messages to other agents or other applications. As shown by "Disputed" Fact #11, Headwater's expert opines that the specification shows the inventor had possession of the entire device agent mapping limitation. Dkt. 214 at 4; Dkt. 229 at 1. Samsung's Reply asserts that Mr. DLI's testimony only addresses the "application identifier" term in isolation. Dkt. 229 at 2. This is wrong and disputed. Dkt. 214 at 4 (Fact #11). Mr. DLI provides extensive analysis showing a POSITA would have understood from the specification that Dr. Raleigh possessed the claimed invention—including "a device agent to map the application identifier to the corresponding application and forward the application data via secure interprocess communication service." *See* Dkt. 214-2 at ¶ 697. Further, Mr. de la Iglesia is clearly addressing the "mapping" limitation— he is rebutting the opinions expressed in Samsung's opening report by Dr. Foster on the "mapping" limitation. *Id.* ¶ 695-698, rebutting Dkt. 176-2 ("Foster Rpt.") ¶ 1127-1139.

Finally admitting in its Reply that Mr. DLI *does* address the "mapping" limitation, Samsung resorts to a characterization of his analysis as "conclusory." Dkt. 229 at 2. In fact, Mr. DLI presents in ¶ 697 a detailed analysis of the specification that clearly addresses the "mapping" function of the "device agent" using the "application identifier." For example, he explains, with reference to Figure 16 and the accompanying text, that the specification discloses "a plurality of device agents that can deliver data to end-user applications" and to do so, they can use "an agent serial number and/or a security key look up" that identifies the target agent/application. Dkt. 214-2 at ¶ 697; *see also id*. ¶ 698 (an agent identifier can also identify an application where, e.g., "there is a 1:1 correspondence between an agent and an application."), ¶ 697 ("Figures 38-40 and the accompanying text disclose the 'application ID tag' used to deliver the application data to the corresponding application."), ¶ 702 ("[A] POSITA in 2009 would be familiar with the concept of an 'application identifier' and its use in structuring network communications."). As



one example of the "device agent to map the application identifier," Mr. DLI highlights the "application interface agent 1693" of Figures 16 and 38-40. *Id*. ¶697, citing Figures 16, 38-40 and accompanying text; '117 Patent, 103:44-51 ("[Discussing Figures 38-40....] As shown in FIG. 16, the application interface agent 1693 is in communication with various applications, including a TCP application 1604, an IP application 1605, and a voice application 1602"). Mr. DLI opines that the "application interface agent 1693" of Figures 16 and 38-40 is disclosed to use an "application ID tag" to map to the correct application / software process and deliver the application data to the corresponding application / software process. *Id*. ¶697.

Samsung's Reply Brief does not meaningfully respond to these opinions. Samsung also

withdraws its previous argument that the written description question turns on disclosures of particular words like "software process" in the same sentence as particular words like "map" or "application."  Dkt. 229 at 4. However, Samsung persists in its effort to sow doubt by reference to the "software process" claim term not appearing verbatim in the specification. *Id.* Yet Samsung's expert, Dr. Foster, agrees with Mr. DLI that a POSITA understands the specification's disclosures of end-user applications as a claimed "software process." Foster Rpt. ¶ 490 ("[S]oftware applications … are examples of 'software processes.'"). Mr. DLI's testimony thus demonstrates how the "device agent" maps the application identifier to a target software process (application) so that application data can be sent to that software process. And this testimony, which is expressly about the "mapping" function of the "device agent," is about the entire claim limitation and is not limited to the "application identifier" claim term in isolation. See Dkt. 214-2 ¶ 696-698; see also id. ¶ 91 ("When a message is received, the messaging agent maps the application identifier to a corresponding software process on the device, such as the application for which the data is intended, sends the data to that specific process."); Dkt. 214 at 7-11.

Samsung's motion also fails given Mr. DLI's opinion that the "agent serial number" and "agent identifier" used in the agent communication bus to map to the corresponding device agents provides another basis for written description support, as set forth in Headwater's Disputed Fact #11. Dkt. 214 at 4. Dr. Foster acknowledges that the specification "discloses a 'service controller' using a 'service control link' ***to distribute messages over an 'agent communication bus' to certain agents*** within a mobile device's service processor." Foster Rpt. ¶ 1131. But he disregards these disclosures based on the flawed assumption that agents and applications are mutually exclusive. Foster Rpt. ¶ 1131 ("Headwater's claims … require passing messages to applications—not agents. But nowhere does the patent describe applications as examples of agents, and in fact, the patent

consistently distinguishes between applications and the 'agents' that are used for service control."). As the Court correctly found, however, applications can include device agents. *See* Dkt. 118 at 11. And as Mr. DLI explains, an "agent identifier" can identify an "application," such that the specification's disclosures of the "agent communication bus" are directly relevant to show possession of the disputed limitation. Dkt. 214-2 ¶¶ 697-699.

Samsung also complains Headwater cites portions of the specification that Mr. DLI did not rely on. Dkt. 229 at 2. But Mr. DLI relied on not only the figures but also the accompanying text describing those figures. *See, e.g., id*. ¶ 697 ("Figures 38-40 *and the accompanying text* disclose the 'application ID tag' used to deliver the application data to the corresponding application"; "Figs. 16-20 *and accompanying text*"; "Fig. 26E *and accompanying text*").

Samsung also contends that the cited portions of the specification "still do not provide written description support for the mapping limitation." Dkt. 229 at 3. But this contention rests entirely on attorney argument which cannot satisfy Samsung's burden to prove invalidity by clear and convincing evidence. *Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052, 1068 (Fed. Cir. 2005) ("Unsubstantiated attorney argument regarding the meaning of technical evidence is no substitute for competent, substantiated expert testimony … and cannot, support [the moving party's] burden on summary judgment."). At most, Samsung's arguments raise genuine disputes of material fact regarding written description support. And again, it is not Headwater's burden to prove validity, it is Samsung's burden to prove invalidity.

## IV. CONCLUSION

For the reasons above and in Headwater's opposition, Samsung's motion should be denied in its entirety.

Dated: November 20, 2024                    Respectfully submitted,

                                            */s/ Marc Fenster*
                                            _____
                                            Marc Fenster
                                            CA State Bar No. 181067
                                            mfenster@raklaw.com
                                            Reza Mirzaie
                                            CA State Bar No. 246953
                                            rmirzaie@raklaw.com
                                            Brian Ledahl
                                            CA State Bar No. 186579
                                            bledahl@raklaw.com
                                            Ben Wang
                                            CA State Bar No. 228712
                                            bwang@raklaw.com
                                            Adam Hoffman
                                            CA State Bar No. 218740
                                            Email: ahoffman@raklaw.com
                                            Dale Chang
                                            CA State Bar No. 248657
                                            dchang@raklaw.com
                                            Paul Kroeger
                                            CA State Bar No. 229074
                                            pkroeger@raklaw.com
                                            Neil A. Rubin
                                            CA State Bar No. 250761
                                            nrubin@raklaw.com
                                            Kristopher Davis
                                            CA State Bar No. 329627
                                            kdavis@raklaw.com
                                            James S. Tsuei
                                            CA State Bar No. 285530
                                            jtsuei@raklaw.com
                                            Philip Wang
                                            CA State Bar No. 262239
                                            pwang@raklaw.com
                                            Amy Hayden
                                            CA State Bar No. 287026
                                            ahayden@raklaw.com
                                            James Milkey
                                            CA State Bar No. 281283
                                            Email: jmilkey@raklaw.com
                                            Jason M. Wietholter
                                            CA State Bar No. 337139
                                            jwietholter@raklaw.com

James Pickens
CA State Bar No. 307474
Email: jpickens@raklaw.com
Qi (Peter) Tong
TX State Bar No. 24119042
Email: ptong@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Fl.
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
TX State Bar No. 24078488
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,**
**HEADWATER RESEARCH LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System and served Samsung via electronic mail.

/s/ *Marc Fenster*
Marc Fenster

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ *Marc Fenster*
Marc Fenster