# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00103-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' SUR-REPLY TO HEADWATER RESEARCH LLC'S MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY BASED ON THE MOTOROLA E815**

# TABLE OF CONTENTS

**Page**

I. THERE IS SUFFICIENT EVIDENCE THAT THE E815 INVALIDATES THE '733 PATENT. ................................................................................................. 1

II. SAMSUNG IS NOT ESTOPPED FROM RAISING AN INVALIDITY DEFENSE BASED ON THE E815. ........................................................................................ 2

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Cimline, Inc. v. Crafco, Inc.*,
  413 F. App'x 240 (Fed. Cir. 2011) .................................................................................... 1, 2

*Fiber Sys. Int'l, Inc. v. Applied Optical Sys., Inc.*,
  No. 2:06-CV-473, 2009 WL 3571350 (E.D. Tex. Oct. 26, 2009) ......................................... 1

*General Access Solutions, Ltd. v. Sprint Spectrum LLC*,
  No. 2:20-CV-00007-RWS, 2021 WL 5154085 (E.D. Tex. July 21, 2021) ............................ 2

*Lionra Techs. Ltd. v. Fortinet, Inc.*,
  No. 2:22-CV-0322-JRG-RSP, 2024 WL 3055977 (E.D. Tex. Apr. 25, 2024) ....................... 2

*Star Envirotech, Inc. v. Redline Detection, LLC*,
  No. SACV1201861JGBDFMX, 2015 WL 4744394 (C.D. Cal. Jan. 29, 2015) ..................... 2

*Wyers v. Master Lock Co.*,
  616 F.3d 1231 (Fed. Cir. 2010) ............................................................................................ 1

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| Defendants or Samsung | Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. |
| Plaintiff or Headwater | Headwater Research LLC |
| '733 patent | U.S. Patent No. 8,406,733 |

## I. THERE IS SUFFICIENT EVIDENCE THAT THE E815 INVALIDATES THE '733 PATENT.

Headwater repeats the same unavailing argument that summary judgment is appropriate simply because the MMS feature at issue (application data transport) was "optional." Headwater ignores the evidence that the E815 had the ability to transport application-specific data, and this evidence raises a factual dispute that cannot be resolved by summary judgment. The E815 supported MMS and allowed users to download applications and access data services—the very use cases that the application data transport feature was created to support. Dkt. 208-2, ¶ 286; Dkt. 208-3 at 223.

Headwater does not credibly offer any ways in which the E815 could transport data to a specific application other than via MMS. Headwater states that "a banking app can communicate directly with the bank provider's server" but provides no evidence that the E815 could employ such a technique. The portions of Mr. de la Iglesia's report cited by Headwater are in a section that address a different reference (Lee) for a different patent ('117 patent) and say nothing about using a direct connection, rather than MMS, to transport application data. *See* Dkt. 234-2, ¶¶ 248-240. Headwater, at most, raises a dispute of fact.

Headwater argues that Samsung's obviousness theory is waived because it was not in Dr. Foster's report. But expert opinion is not required to establish obviousness. *See Cimline, Inc. v. Crafco, Inc.*, 413 F. App'x 240, 246 (Fed. Cir. 2011) ("expert reports … are not required when the underlying factual considerations are resolved by resort to common sense."); *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1239 (Fed. Cir. 2010) ("legal determination of obviousness may include recourse to logic, judgment, and common sense, in lieu of expert testimony"); *Fiber Sys. Int'l, Inc. v. Applied Optical Sys., Inc.*, No. 2:06-CV-473, 2009 WL 3571350, at *3 (E.D. Tex. Oct. 26, 2009). Headwater attempts to distinguish Samsung's cases on the basis that this case involves

"complex software and server communications technology." Dkt. 234 at 2 n.1. But the inquiry here is simply whether the E815—which was released after the adoption of the MMS standard, supported the MMS standard, and allowed users to access data and download applications—could use an MMS feature that was readily available. A jury does not require expert testimony to understand that, if modified to use the MMS feature at issue, the E815 could receive data for applications through existing messaging systems and eliminate the need for an additional communication interface. *See* Dkt. 179-5 at 730 ("As messaging is flourishing in mobile communication, there is a demand to use available messaging systems for transporting data between wireless applications."). These are "factual considerations" that can be "resolved by resort to common sense," and expert opinion is not required. *See Cimline,*, 413 F. App'x at 246.

## II. SAMSUNG IS NOT ESTOPPED FROM RAISING AN INVALIDITY DEFENSE BASED ON THE E815.

Headwater argues that Samsung is estopped from relying on TS-23.140 publication regardless of whether the E815 is cumulative of TS-23.140. This Court has held the opposite: "IPR estoppel does not apply to device art, even when that device art is cumulative of patents and printed publications that were or could have been asserted in prior IPR." *Lionra Techs. Ltd. v. Fortinet, Inc.*, No. 2:22-CV-0322-JRG-RSP, 2024 WL 3055977, at *3 (E.D. Tex. Apr. 25, 2024). This ends the inquiry given that E815 was not and could not be asserted in an IPR.

Even if a "cumulative" analysis applied, the extent to which the system art is described by the printed publication must be considered. *See General Access Solutions, Ltd. v. Sprint Spectrum LLC*, No. 2:20-CV-00007-RWS, 2021 WL 5154085, at *4 (E.D. Tex. July 21, 2021) (refusing to apply IPR estoppel where the system reference was "not described by the printed publication" from the IPR); *see also Star Envirotech, Inc. v. Redline Detection, LLC*, No. SACV1201861JGBDFMX, 2015 WL 4744394, at *4 (C.D. Cal. Jan. 29, 2015) (estoppel does not

2

apply when "the physical machine itself discloses features claimed in the [patent at issue] that are not included in the instruction manual, and it is therefore a superior and separate reference").

Contrary to Headwater's argument, the E815 is not cumulative of TS-23.140. Headwater argues that TS-23.140 is not the exclusive source because Samsung argued in the IPR that TS-23.140 discloses an "end-user device," "modem," and "memory." Dkt. 234 at 5. But the fact that TS-23.140 discloses these limitations does not undermine that, here, Samsung relies on the hardware configurations of the E815, namely that it is "a digital dual band phone supporting both the 800 MHz CDMA and 1900 MHz PCS bands," had 40 megabytes of memory, and was capable of running a plurality of applications downloaded from the Internet. Dkt. 208-2, ¶¶ 283, 285, 302; Dkt. 208-3. These disclosures are not in TS-23.140 and could not be raised for PTAB's consideration. Indeed, Headwater's argument against how the E815 makes the application data transport feature obvious, confirms that the E815 discloses something in addition to what is in TS 23.140.

Because the E815-based invalidity theory was not and could not have been raised in the IPR, Samsung is not estopped from asserting the E815 as a prior art reference in this litigation.

Dated: November 20, 2024

Respectfully submitted,

By: */s/ Kevin Jang*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice* forthcoming)
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024

3

Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Steffen C. Lake (*pro hac vice* forthcoming)
GA Bar No. 512272
lake@fr.com
Vivian C. Keller (*pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**

4

1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715

tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600

Brady Huynh (admitted *pro hac vice*)
CA Bar No. 339441
bradyhuynh@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jon Bentley Hyland
Texas Bar No. 24046131

6

                                                jhyland@hilgersgraben.com
                                                Grant K. Schmidt
                                                Texas Bar No. 24084579
                                                gschmidt@hilgersgraben.com
                                                **HILGERS GRABEN PLLC**
                                                7859 Walnut Hill Lane, Suite 335
                                                Dallas, Texas 75230
                                                Telephone: (972) 645-3097

                                                **ATTORNEYS FOR DEFENDANTS**
                                                **SAMSUNG ELECTRONICS CO., LTD. AND**
                                                **SAMSUNG ELECTRONICS AMERICA, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on counsel of record for Plaintiff via electronic mail on November 20, 2024.

>   */s/ Kevin Jang*
>   Kevin Jang

8