**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| Plaintiff, | Case No. 2:23-cv-00103-JRG-RSP |
| v. | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | ███████████████ |
| Defendants. | |

**PLAINTIFF HEADWATER RESEARCH LLC'S**
**SUR-REPLY IN OPPOSITION TO SAMSUNG'S *DAUBERT* MOTION AND MOTION**
**TO STRIKE EXPERT TESTIMONY OF DR. ANDREAS GROEHN**

Samsung's motion to strike should be denied. Samsung's reply in support of its motion to exclude Dr. Groehn's conjoint survey analysis merely repeats arguments this Court has already rejected in *Headwater Research LLC v. Samsung Electronics Co.*, No. 2:22-cv-00422-JRG-RSP, 2024 WL 4712953 (E.D. Tex. Nov. 7, 2024) ("*Headwater I*") and that Headwater has already addressed in its opposition in this case. If anything, Samsung's criticisms go to the weight of the evidence, not its admissibility.

## I.    Dr. Groehn's conjoint survey and economic analysis are sufficiently tied to the facts of this case.

As Headwater already explained in its opposition, Dr. Groehn's conjoint survey and subsequent economic analysis measures the economic value of increased battery life, and his survey and analysis are sufficiently tied to the facts of this case because increased battery life is one of the benefits of the patents-in-suit. Opp'n (Dkt. No. 199) at 9-10. And as Headwater also already explained, Stephen Dell—Headwater's damages expert in this case—then combined Dr. Groehn's measure of economic value of increased battery life with Erik de la Iglesia's— Headwater's technical expert's—technical analysis to estimate improvement in battery life specifically attributable to the push-notifications-related accused features. *Id.* at 10. In this way, Mr. Dell calculated the incremental profit per unit directly attributable to the patented contribution to battery life (Ex. 3 ¶¶312-313; Dkt. No. 186-1 ¶¶297-311) and a per unit royalty rate (Ex. 3 ¶¶314-318, 349-362, Attachment 4). Samsung is therefore simply incorrect that Mr. Dell "assumed Dr. Groehn's opinions actually isolated the purported benefit of the patents and the accused features." Reply (Dkt. No. 231) at 1.

Indeed, in *Headwater I*, this Court found:

> The Court is further not convinced that Dr. Groehn's focus on battery life is inappropriate. [Headwater's technical expert] Dr. Wesel provides sufficient testimony tying battery life to the asserted claims. While the Court in *Fractus* excluded a conjoint survey focused on internal antennas that did not

distinguish between the claimed and unclaimed antenna because it failed to measure how consumers value the purported advantages provided by the patented technology, here Dr. Groehn's survey was specifically crafted to focus on the battery-saving advantages provided by the patented technology. While there are other technologies that can also improve battery life, that does not render Dr. Groehn's focus inappropriate. It will be for [Headwater's damages expert] Mr. Kennedy, Dr. Wesel, and Samsung itself to explore how else battery life can be improved and the comparable benefit of the claimed invention.

2024 WL 4712953, at *4. The same is true here. Here, Mr. de la Iglesia "provides sufficient testimony tying battery life to the asserted claims," and "[i]t will be for Mr. [Dell], [Mr. de la Iglesia], and Samsung itself to explore how else battery life can be improved and the comparable benefit of the claimed invention." *See id.* And Samsung's reliance on *Fractus, SA v. Samsung*, No. 6:09-cv-203-LED-JDL, 2011 WL 7563820 (E.D. Tex. Apr. 29, 2011) (*see* Reply at 2-3) is inapposite here for the same reasons the Court found it inapplicable in *Headwater I*. *See* 2024 WL 4712953, at *4.

Samsung is also incorrect to imply that Dr. Groehn used conjoint survey data ***alone*** in his incremental profit calculations. *See* Reply at 1. Rather, as Headwater already detailed in its opposition, Dr. Groehn used his conjoint survey data ***in combination with*** Samsung financial information produced in this case. Opp'n at 6-8. This Court already considered this exact same criticism and concluded that "the Court is satisfied that Dr. Groehn is sufficiently familiar with the use of conjoint surveys to be permitted to opine on them ***and their use***." *Headwater I*, 2024 WL 4712953, at *3 (emphasis added). Thus, "Samsung's complaint [goes] to weight, not admissibility." *Id.*[1]

---

[1] And it is clear from the face of Dr. Groehn's report (and even Samsung's reply) that Dr. Groehn did not "assume[] zero costs" in his analysis, as Samsung claims. *See* Reply at 2 n.1. Rather, in Dr. Groehn's analysis, "Samsung's marginal costs (MC) are assumed to be constant within the relevant … sales volumes … because at relatively low changes in volume marginal costs are unlikely to change." Ex. A ¶139. In other words, he assumed *constant*, not *zero* marginal costs, and also explained that this assumption was unrelated to other costs Samsung has, such as average costs and variable costs. *Id.* & n.81. Dr. Groehn also "assume[d] that the marginal costs do not

## II.    Dr. Groehn's "battery life" attribute and its levels were sufficiently and appropriately defined for survey respondents.

As already explained in Headwater's opposition, Dr. Groehn defined "battery life" in his survey as "the length in time in hours that a device can operate under battery power after being fully charged," and set forth three levels: (1) "Standard battery life"; (2) "Battery life increased by 5% under normal usage"; and (3) "Battery life increased by 10% under normal usage." Ex. A ¶93 (Figure 17). On reply, Samsung continues to criticize this definition and these levels because what "standard battery life" is "varies greatly depending on the user and their individual practices." Reply at 1; *see also id.* at 3-4. But this criticism misses the point—it is critical the survey taker consider what standard battery life is *for them* for the results to be meaningful. Opp'n at 11-12. That is precisely what Dr. Greohn's approach allowed survey respondents to do. Indeed, this Court has already found that "Headwater has put forth a sufficient explanation for using its definition in this instance." *Headwater I*, 2024 WL 4712953, at *4. Thus, "Samsung's concern about defining 'battery life' is best left for cross-examination." *Id.*

Dated:  November 20, 2024                    Respectfully submitted,

                                            /s/ Amy E. Hayden
                                            Marc Fenster
                                            CA State Bar No. 181067
                                            Reza Mirzaie
                                            CA State Bar No. 246953
                                            Brian Ledahl
                                            CA State Bar No. 186579
                                            Ben Wang
                                            CA State Bar No. 228712
                                            Paul Kroeger
                                            CA State Bar No. 229074
                                            Neil A. Rubin
                                            CA State Bar No. 250761
                                            Kristopher Davis

---

differ [with and without improvements in battery life] because the Feature of Interest is software-based rendering its marginal cost of distribution to consumers zero or close to zero." *Id.* ¶139. Again, this assumption assumes *constant*, not *zero*, marginal costs.

CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Amy Hayden
CA State Bar No. 287026
James Milkey
CA State Bar No. 281283
Jason M. Wietholter
CA State Bar No. 337139
James N. Pickens
CA State Bar No. 307474
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Andrea L. Fair
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System under seal, and served defendants with a copy via electronic mail.

/s/ Amy E. Hayden
Amy E. Hayden