**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>           *Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>           *Defendants*. | Case No. 2:23-CV-00103-JRG-RSP |

**SAMSUNG'S OMNIBUS MOTION *IN LIMINE***

## <u>TABLE OF CONTENTS</u>

I.      MIL 1: Exclude evidence and argument that employees or corporate representatives lack knowledge that is outside of personal knowledge or 30(b)(6) topics ...................................1

II.     MIL 2:  Exclude evidence, argument, or suggestion of copying the ItsOn Solution by Samsung ..........................................................................................................................3

III.    MIL 3: Exclude testimony, argument, or suggestion that the mobile industry adopted any Asserted Patent..........................................................................................................................5

IV.     MIL 4: Exclude evidence, argument, or reference to pre-suit discussions between (1) Samsung or Google, and (2) Dr. Raleigh/Headwater/ItsOn .................................................7

V.      MIL 5:  Exclude evidence, argument, or reference to any agreements between Samsung and Google, and related litigation..........................................................................................9

███████████████████████

## TABLE OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| 1 | Excerpts from Plaintiff Headwater Research LLC's Fifth (Sixth) Supplemental Objections and Responses to Defendants' First Set of Interrogatories (Nos. 1-14), dated September 24, 2024 |
| 2 | Plaintiff Headwater Research LLC's Objections and Responses to Defendants' First Set of Requests for Admission (Nos. 1-2) |
| 3 | Plaintiff Headwater Research LLC's Objections and Responses to Defendants' Second Set of Requests for Admission (Nos. 3-5) |
| 4 | Email between counsel, dated October 24, 2024 |
| 5 | Excerpts from the Rebuttal Expert Report of Erik de la Iglesia, dated October 14, 2024 |
| 6 | Excerpts from the Expert Report of Erik de la Iglesia, dated September 26, 2024 |
| 7 | Excerpts from the Deposition of Gregory Raleigh, taken September 10, 2024 |
| 8 | Excerpts from the Deposition of Seungho Song, taken September 27, 2024 |
| 9 | Excerpts from the Expert Report of Stephen Dell, dated September 26, 2024 |
| 10 | MADA, SAM-HW-2_00361078 |
| 11 | ██████, SAM-HW-2_00365238 |

\*      Emphasis added unless otherwise noted.

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                                           **Page(s)**

*Advanced Technology Incubator, Inc. v. Sharp Corp.*,
    2010 WL 11451797 (E.D.Tex. March 31, 2010)...................................................................8

*Alexsam, Inc. v. Best Buy Stores L.P.*,
    2013 U.S. Dist. LEXIS 199516 (E.D. Tex. May 15, 2013)...................................................9

*Arthrex, Inc. v. Smith & Nephew, Inc.*,
    No. 2:15-CV-01047-RSP, 2016 WL 11750180 (E.D. Tex. Nov. 30, 2016)........................3, 4

*ContentGuard Holdings, Inc. v. Amazon.com Inc.*,
    2015 WL 11089490 (E.D. Tex. Sep. 4, 2015) ...........................................................9

*DataTreasury Corp. v. Wells Fargo & Co.*,
    No. 2:06-CV-72-DF, Dkt. No. 2392 (E.D. Tex. Oct. 5, 2010)....................................3

*Enovsys LLC v. AT&T Mobility LLC*,
    2015 WL 12857466 (C.D.Cal. June 11, 2015) ........................................................8

*Headwater Research LLC v. Samsung Elec. Co.*,
    No. 2:22-CV-00422-JRG-RSP, Dkt. No. 350 (E.D.Tex. July 8, 2024)...................................1

*Marlow LLC v. BellSouth Telecommunications, Inc.*,
    2013 WL 1752384 (S.D. Miss. Apr. 23, 2013)...........................................................9

*Netlist, Inc. v. Samsung Elec. Co.*,
    No. 2:21-CV-00463-JRG, Dkt. No. 432 (E.D. Tex. Apr. 5, 2023)....................................2, 3

*Solas OLED Ltd. v. Samsung Elecs. Co., Ltd.*,
    No. 2:21-CV-105-JRG-RSP, 2022 U.S. Dist. LEXIS 100437
    (E.D. Tex. Jan. 4, 2022) ...........................................................................2

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
    930 F.3d 1295 (Fed. Cir. 2019)....................................................................2

*TransData, Inc. v. Centerpoint Energy Houston Electric LLC*,
    No. 6:10cv557 RWS-JDL, 2016 WL 11677492 (E.D. Tex. July 1, 2016)...............................9

**Other Authorities**

Fed. R. Evid. 401 ............................................................................................7

Fed. R. Evid. 402 ...................................................................................3, 11, 12

Fed. R. Evid. 403 ..................................................................................... *passim*

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Other Authorities**

Fed. R. Evid. 404(b)(1) ............................................................................................................12

Fed. R. Evid. 703 ........................................................................................................................7

iv

██████████████████████████████

Samsung respectfully moves *in limine* to preclude the following from trial.

## I.     MIL 1: Exclude evidence and argument that employees or corporate representatives lack knowledge that is outside of personal knowledge or 30(b)(6) topics

The Court should preclude Headwater from presenting evidence, testimony, or argument that Samsung's trial witnesses should be prepared to discuss or be aware of topics outside of their personal knowledge, unless such persons were designated as 30(b)(6) designees on such topics. This includes evidence, testimony, or argument that: (i) Samsung's fact witnesses have not read the Asserted Patents or formed opinions regarding the Asserted Patents, including noninfringement positions and positions regarding NIAs, unless the witnesses were designated as 30(b)(6) witnesses on such topics; and (ii) Samsung's trial witnesses were obligated to prepare on any particular topic or charged with knowledge of others within the company unless that individual was previously designated as a 30(b)(6) witness on such a topic.

The prejudice of evidence, testimony, or argument that the fact witnesses have not read or formed opinions regarding the Asserted Patents, when outside their personal knowledge and not designated on those topics, greatly outweighs its probative value.  *See Headwater Research LLC v. Samsung Elec. Co.,* No. 2:22-CV-00422-JRG-RSP, Dkt. No. 350 at 3 (E.D.Tex. July 8, 2024) (excluding "evidence, testimony, or argument that Samsung's fact witnesses have not read the patents-in-suit or formed opinions regarding the patents-in-suit unless the witnesses were designated on such topics" and "argument, evidence, or testimony suggesting that a party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company unless said representative was previously designated as a 30(b)(6) witness on said topic.").  ***First,*** Headwater has the burden to establish infringement, and any evidence that Samsung's fact witnesses (e.g., engineers) have not reviewed the asserted patents/formed opinions concerning infringement flips that burden on its head by improperly

suggesting that Samsung's employees had a duty to review patents and form opinions concerning noninfringement. *See SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1309 (Fed. Cir. 2019) (vacating a jury's willfulness finding as not supported by substantial evidence in part because it was "unremarkable" that engineers without legal training did not analyze the asserted patents). ***Second***, asking fact witnesses whether they have read the Asserted Patents or formed opinions about infringement, validity, or NIAs improperly treats Samsung's fact witnesses as expert witnesses (which they are not), and may cause the jury to conflate the roles of experts with fact witnesses. ***Third***, any evidence that a Samsung fact witness has not reviewed the Asserted Patents will likely mislead the jury on willfulness, as Samsung witnesses' lack of awareness of the Asserted Patents does not show that Samsung willfully infringed (it should lead to the opposite conclusion, as willfulness requires knowledge of the patents), especially where no duty to investigate the issue of infringement exists. *See Solas OLED Ltd. v. Samsung Elecs. Co., Ltd.*, No. 2:21-CV-105-JRG-RSP, 2022 U.S. Dist. LEXIS 100437, at *6 (E.D. Tex. Jan. 4, 2022) (granting motion to preclude suggestion that Samsung had a duty to investigate a patent).

Similarly, the prejudice of evidence, testimony, or argument that Samsung's trial witnesses lack knowledge outside their personal knowledge or on topics for which they were not designated, greatly outweighs its probative value. Samsung's trial witnesses have no obligation to prepare to testify on topics outside their personal knowledge. *Netlist, Inc. v. Samsung Elec. Co*., No. 2:21-CV-00463-JRG, Dkt. No. 432 at 12 (E.D. Tex. Apr. 5, 2023) (recognizing the same when granting similar MIL). For example, if Samsung's corporate representative works in sales, Headwater should not be permitted to question the witness on the technical details of the products and components at issue. A witness's lack of knowledge on topics—which is the subject of other witnesses' knowledge and testimony—is not relevant to the claims of any party and can only

unfairly prejudice the jury against Samsung.  FRE 402, 403; *Netlist,* No. 2:21-CV-00463-JRG, Dkt. No. 432 at 12 (granting MIL on this issue "[a]s to any witness testifying on behalf of Samsung who was never noticed or deposed as a 30(b)(6) witness [on a particular topic]"); *DataTreasury Corp. v. Wells Fargo & Co*., No. 2:06-CV-72-DF, Dkt. No. 2392 at 48-9 (E.D. Tex. Oct. 5, 2010) ("The Parties should be precluded from asserting that a person who is acting as a Party's corporate representative at trial (1) has a legal obligation to prepare to testify on any particular topic, (2) is charged with the knowledge of others within the company, or (3) has the ability to bind the Party with his or her trial testimony.").

Therefore, the Court should preclude Headwater from presenting evidence or argument that employees or corporate representatives lack knowledge that is outside of personal knowledge or 30(b)(6) topics, as such evidence and arguments have little probative value, but are highly prejudicial and likely to lead to jury confusion.  FRE 402, 403.

## II.    MIL 2:  Exclude evidence, argument, or suggestion of copying the ItsOn Solution by Samsung

The Court should preclude Headwater from presenting evidence, testimony, or suggestion that Samsung allegedly copied the ItsOn Solution.

"Evidence of copying . . . is 'legally irrelevant' unless the copied product is shown to be an embodiment of the asserted claims."  *Arthrex, Inc. v. Smith & Nephew, Inc.,* No. 2:15-CV-01047-RSP, 2016 WL 11750180, at *1 (E.D. Tex. Nov. 30, 2016) (quoting *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1366 (Fed. Cir. 2001)).  Therefore, "[c]opying requires 'replication of a specific product'" (*id.* at *3) (quoting *Iron Grip Barbell Co., Inc. v. USA Sports, Inc.*, 392 F.3d 1317, 1325 (Fed. Cir. 2004)), and that "copied product must be covered by the asserted claims."  *Id.* at *3 (citing *Amazon.com*, 239 F.3d at 1366).

Headwater no longer claims that the ItsOn Solution practiced/embodied any claim of any

███████████████████

Asserted Patent; in fact, Headwater now admits that the opposite is true. Ex. 1; Ex. 2; Ex. 3. Nevertheless, it appears Headwater still plans to interject it's ItsOn copying "story"[1] into the case, at least via Mr. Dell's damages opinions. Mr. Dell relies on Headwater's ItsOn copying story to show "the relationship between [] Headwater, ItsOn, Sprint, and Samsung," which Headwater claims is relevant to "the parties' relationship at the time of the hypothetical negotiation." Opp. to MTS Dell (Dkt. 206) at 15.

Any general and generic allegations that Samsung copied unspecified features of the long-defunct ItsOn Solution—which features Headwater admits did not embody/practice any asserted claim—are irrelevant, prejudicial, and likely to confuse the jury, as this Court has previously recognized:

> [Plaintiff] contends that much of its generalized evidence of copying, even if it is not specific to products embodied by currently-asserted claims, is nevertheless admissible to show willful infringement, induced infringement, and willful blindness . . . Plaintiff argues that "evidence of copying not tied to the asserted claims is admissible under Rule 404(b)(2) as circumstantial evidence that [defendant] had the requisite intent, knowledge, and motivation to copy [plaintiff's] products." The limited probative value that such circumstantial inferences may provide, however, is outweighed by the danger that the jury will unfairly view [defendant] as a wholesale copyist. *See* Fed. R. Evid. 403. Accordingly . . . [plaintiff] is precluded from presenting any evidence or argument concerning copying for any purpose . . . unless the evidence or argument relates specifically to [defendant's] alleged copying of [a plaintiff] product embodied by at least one of the asserted [patent claims].

*Arthrex,* 2016 WL 11750180, at *4; *id.* at *3.

In sum, any argument or suggestion that Samsung copied the ItsOn Solution is irrelevant and prejudicial. The Court should preclude any such evidence, argument, or suggestion under FRE 403.

---

[1] Dkt. 31 (First Amend. Complaint), ¶¶ 16-36, 64, 79, 94 (focusing heavily on Samsung-copying-ItsOn narrative); Ex. 1 (Headwater Resp. to Interrogatory No. 11) (same).

███████████████████████████████████████

### III.    MIL 3: Exclude testimony, argument, or suggestion that the mobile industry adopted any Asserted Patent

The Court should exclude any testimony, argument, or suggestion that the mobile industry adopted any Asserted Patent, which is unsupported, irrelevant, and invented to prejudice Samsung and confuse the jury as it has no legitimate attachment to any legal issues in this case.

Headwater's original copying allegations fell apart.  Originally, Headwater planned to argue that Samsung copied the ItsOn Solution—the alleged pre-suit commercial embodiment of Headwater's patents.  *See e.g.,* Dkt. 31 ¶¶ 16-36, 64, 79, 94; Ex. 1.  However, after admitting that (1) the ItsOn Solution *did not* practice any Asserted Patent, and (2) Samsung had no pre-suit knowledge of the Asserted Patents, Headwater agreed not to offer testimony about the "praise, awards, or copying" as secondary considerations.  Ex. 4.

Unable to make its original argument, Headwater instead plans to argue that the entire "mobile device industry" copied Headwater's Asserted Patents.  Ex. 5 (DLI Reb. Rpt.) ¶ 65.  Specifically, Mr. de la Iglesia, Headwater's validity and infringement expert, tells the following story: ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████    Ex. 6 (DLI Op. Rpt.) ¶¶ 40-50; Ex. 5 (DLI Reb. Rpt.) ¶¶ 51-65.  Headwater's inventor Dr. Raleigh also ██████████████████████████████

███████████████████████████████████.  Ex. 7 (9/10/24 Dep. Tr.) at 162-63.

*First*, Headwater has not offered, and no expert has relied on, any actual evidence that the "mobile device industry" "adopted" or copied any of the 63 claims across the three Asserted Patents.  Rather, Mr. de la Iglesia equates (alleged) correlation with causation: there was an

industry problem; Headwater's Asserted Patents proposed an alleged solution (shared with the USPTO in a patent application); the industry problem resolved; thus, it is proved, the industry "adopted" or copied the alleged solution in Headwater's Asserted Patents.  Allowing such conjecture as "evidence" in this case would be highly prejudicial.  Even if the timeline and statements relayed by Mr. de la Iglesia (via Dr. Raleigh) are accurate/true (*i.e.*, even if a correlation exists), it is axiomatic that correlation does not equal causation.  And this logical fallacy certainly cannot establish reliable "evidence" of industry-wide copying of the Asserted Patents.

**Second**, even assuming the industry "adopted" the Asserted Patents, it is irrelevant. Headwater has identified no issue to which the alleged industry-wide adoption is relevant.  It cannot be used to establish Samsung's copying.  Headwater does not assert that Samsung **knew** AT&T (or others in the industry) had used any Headwater ideas.  Put differently, if Samsung complied with an industry standard, it had no way to know Headwater was even involved, and again, Headwater agrees Samsung had no pre-suit notice of the Asserted Patents.  Accordingly, the alleged industry adoption, even if true, cannot establish that Samsung "copied" any Asserted Patent.  Indeed, Headwater does not even make such a claim, as explained further below.

**Third**, Headwater's proposed tactic circumvents the legal process.  If Headwater believes AT&T or others in the "mobile device industry" adopted or copied one or more claims of the Asserted Patents, then it can sue them.  What it cannot do is presume an entire industry "adopted" or infringed its patents and rely on such an unsubstantiated claim to influence the jury.  By extension, having made no specific claim of copying by Samsung, whether as a willfulness claim or secondary indicia of non-obviousness, Headwater should not be permitted to raise the inference of copying by Samsung based on nothing more than speculation about the industry-wide adoption. It would be prejudicial because Headwater did not establish that anyone in the industry adopted

███████████████████████████████████

any asserted claim, let alone afford Samsung an opportunity to explore such infringement claims. For example, Headwater has introduced no licenses to the Asserted Patents from other industry players; no analysis of infringement by any third party products in the industry; no consent judgments; no jury verdicts—only Mr. de la Iglesias's industry-wide copying "story" based on Dr. Raleigh's "████████████████████████████████████ ████████████████. Ex. 6 (DLI Op. Rpt.) ¶ 50; Ex. 5 (DLI Reb. Rpt.) ¶ 61.

In sum, Headwater's claims that the Asserted Patents have been "widely adopted in the mobile device industry," and any similar allegation or suggestion (*i.e.*, that the industry copied one or more alleged inventions in the three Asserted Patents), is irrelevant, unsupported, and highly prejudicial. The Court should preclude any such evidence, argument, or suggestion under FRE 401, 403, and 703.

## IV. MIL 4: Exclude evidence, argument, or reference to pre-suit discussions between (1) Samsung or Google, and (2) Dr. Raleigh/Headwater/ItsOn

The Court should exclude any testimony, argument, or reference to pre-suit discussions between (1) Samsung or Google (on the one hand) and (2) Dr. Raleigh/Headwater/ItsOn (on the other hand) due to their lack of connection to any claim in this case.

Headwater admits that Samsung did not have pre-suit knowledge of the Asserted Patents. (Ex. 2). And while Google supplies Samsung with the accused Firebase Cloud Messaging (FCM) push notification technology, Google is not a party to this case. Yet, Headwater still intends to introduce evidence of pre-suit discussions between Samsung or Google (on the one hand) and Dr. Raleigh/Headwater/ItsOn (on the other), including as to ***other, unasserted*** patents to imply bad acts. For example, Headwater routinely relies on Dr. Raleigh's version of ████████████ ███████████████████████, where Headwater alleges:

(1) ████████████████████████████████████████████



(2)

Ex. 1 (Rog 11 response).

Any suggestion that Samsung or Google knew of unasserted patents or ItsOn technology (which does not practice the Asserted Patents) in advance of this litigation is irrelevant.  Indeed, Dr. Raleigh has admitted that ████████████████████ is not relevant to the present litigation.  Ex. 7 (9/10/24 Dep. Tr.) at 106:14-25.  The only purpose of such evidence (including ██████████████) is to imply that Samsung/Google had reason to know of the Asserted Patents before this lawsuit, and therefore were bad actors in using the technology that Headwater—in its 2023 Complaint—accuses of infringing.  This would be highly prejudicial.  Stated differently, how are pre-suit communications between Samsung or Google (a third party) and Headwater/ItsOn/Raleigh about unasserted patents and technology that did not practice the Asserted Patents relevant to any issue in this case other than to imply bad acts or pre-suit willfulness (which Headwater dropped)?  They are not.  And even if Headwater could point to some attenuated relevance, that attenuated relevance would be grossly outweighed by the substantial prejudice such an implication would cause Samsung.  *See e.g*, *Enovsys LLC v. AT&T Mobility LLC,* 2015 WL 12857466 at *7 (C.D.Cal. June 11, 2015) (excluding party communications that were irrelevant to the asserted patents); *cf. Advanced Technology Incubator, Inc. v. Sharp Corp.*, 2010 WL 11451797 *10 (E.D.Tex. March 31, 2010).

In sum, any evidence of or reference to pre-suit discussions between (1) Samsung or Google, and (2) Dr. Raleigh/Headwater/ItsOn is irrelevant and prejudicial.  The Court should preclude such under FRE 403.

████████████████

## V.    MIL 5:  Exclude evidence, argument, or reference to any agreements between Samsung and Google, and related litigation

The Court should exclude any testimony, argument, or suggestion concerning agreements between Google and Samsung, including indemnification, revenue sharing, and distribution agreements, as well as any litigation involving such agreements.

*First*, "[i]t is a general rule that the existence of … indemnity should not be submitted to the jury." *Marlow LLC v. BellSouth Telecommunications, Inc*., 2013 WL 1752384, at *1 (S.D. Miss. Apr. 23, 2013) (*citing*, *Larez v. Holcomb*, 16 F.3d 1513, 1518-19 (9th Cir. 1994); *Halladay v. Verschoor*, 381 F.2d 100, 112 (8th Cir. 1967); *Indamer Corp. v. Crandon*, 217 F.2d 391, 394 (5th Cir. 1954)).  Here, Google provides Samsung the accused push functionality FCM.  Any suggestion that Google may indemnify Samsung for FCM's infringement is not relevant to the issues to be decided by the jury.  It has no bearing on whether FCM infringes the Asserted Patents or the value of those patents.  An insinuation of an indemnity arrangement will only serve to prejudicially encourage the jury to award a greater sum if it believes there is a possibility that Google will indemnify Samsung for any awarded damages.  As in other patent matters in this district, any such suggestion should be excluded under FRE 403.  *See e.g*., *ContentGuard Holdings, Inc. v. Amazon.com Inc*., 2015 WL 11089490, at *4 (E.D. Tex. Sep. 4, 2015) (prohibiting introduction of "any argument, evidence, testimony, insinuation, reference, or assertion regarding… any defense or indemnification agreement(s) between Samsung and Google"); *TransData, Inc. v. Centerpoint Energy Houston Electric LLC*, No. 6:10cv557 RWS-JDL, 2016 WL 11677492 at *2 (E.D. Tex. July 1, 2016) (precluding the parties from discussing indemnity); *Alexsam, Inc. v. Best Buy Stores L.P*., 2013 U.S. Dist. LEXIS 199516, at *7 (E.D. Tex. May 15, 2013) (precluding plaintiff from introducing evidence of indemnification).

*Second*, Headwater's proposed injection of more than a half dozen, complex commercial



agreements between Google and Samsung (and amendments and extensions thereto) that do not mention the accused FCM technology should be rejected under FRE 403.   Any attenuated relevance of these revenue sharing and distribution agreements is grossly outweighed by the confusion and undue prejudice their introduction would create.

Headwater seeks to introduce Google-Samsung revenue sharing agreements, but these agreements do not relate to what matters here – FCM or its purported value.  Instead,

- ████████████████████████████████████████████████
  ██████████████████████ (Ex. 8 (Song 9/27/24 Dep. Tr.) at 49:1-19; 85:14-22),
- the Revenue Share Agreements ███████████████████████████ (*id.* at 47:2-17, 85:2-10),
- the ████████████████████████████████████████████
  ██████ (*id.* at 28:17-25, 49:20-25, 84:12-23), and
- the ████████████████████████████████████████████
  ██████████ (*id.* at 64:1-5, 86:1-11).

Although ███████████████████████ may make use of FCM, none of the agreements themselves relate to FCM, let alone the alleged contribution of the purported invention to FCM. Moreover, ████████████████████████████████████████████████████████
██████. *Id.* at 83:2-25.

Besides being irrelevant, these revenue sharing agreements are highly prejudicial.  Pursuant to this collection of agreements, Google has paid Samsung more than $8 billion since 2020.  *See. e.g.*, Ex. 9 (Dell Rpt.) ¶ 266; Ex. 6 (DLI Op. Rpt.) ¶ 1269.  Headwater's damages expert does not use this revenue as a base in his damages analysis.  *Id.*  Given that these revenue sharing agreements do not relate to the accused FCM, these large payments are only evidence of

██████████████████████████████████████████

Samsung's overall financial size (which CMIL No. 3 prohibits from being introduced).  Standing Order on MILs in Cases Involving Patent Infringement, August 11, 2023.  Even if these agreements and payments had some attenuated relevance (which they do not), any such attenuated relevance is far outweighed by the potential for confusion and prejudice.  The Court should preclude introduction of evidence, argument, or suggestions of such revenue sharing agreements and any revenue received pursuant to the agreements under FRE 402 and 403.

Headwater also seeks to introduce Google-Samsung distribution agreements (*i.e.*, the "MADA" and "████").  These agreements relate to ████████████████████████ ████████████████████████████████████████████ ███████████████████████████).  Ex. 10 (exemplary MADA); Ex. 11 (exemplary ████); Ex. 6 (DLI Op. Rpt.) ¶ 1268.  These distribution agreements ████ ████████████████████████████████████████████ ███████████████████.  In this case, there is no dispute that Google provides FCM to Samsung, and that Samsung preloads FCM on certain accused products.  Given that these distribution agreements ███████████████████████████, these distribution agreements create substantial risk of jury confusion and would waste time.  They should be excluded under FRE 403.

***Finally***, compounding the above-discussed prejudice imposed by the Google-Samsung agreements, Headwater further seeks to introduce evidence of pending antitrust litigation against third party Google where these agreements are at issue.  *See, e.g.,* Ex. 6 (DLI Op. Rpt.) ¶¶ 1269-1274.  Antitrust litigation against a third party is entirely unrelated to Headwater's patent infringement claims against Samsung.  Evidence of such litigation would only serve to confuse and prejudice the jury against Samsung and the accused FCM.  It would also be improper character

███████████████████████████

evidence prohibited under FRE 404(b)(1).

In sum, evidence of Google-Samsung agreements is irrelevant and prejudicial.  The Court should preclude any evidence, argument, or suggestion related to such agreements under FRE 402 and 403.

Dated:  November 18, 2024                    Respectfully submitted,

By:    */s/ Katherine D. Prescott*
       Ruffin B. Cordell
       TX Bar No. 04820550
       Michael J. McKeon
       DC Bar No. 459780
       mckeon@fr.com
       Jared Hartzman
       DC Bar No. 1034255
       hartzman@fr.com
       **FISH & RICHARDSON P.C.**
       1000 Maine Avenue, SW, Ste 1000
       Washington, D.C. 20024
       Telephone: (202) 783-5070
       Facsimile: (202) 783-2331

       Thad C. Kodish
       GA Bar No. 427603
       tkodish@fr.com
       Benjamin K. Thompson
       GA Bar No. 633211
       bthompson@fr.com
       Jonathan B. Bright
       GA Bar No. 256953
       jbright@fr.com
       Christopher O. Green
       GA Bar No. 037617
       cgreen@fr.com
       Noah C. Graubart
       GA Bar No. 141862
       graubart@fr.com
       Sara C. Fish
       GA Bar No. 873853
       sfish@fr.com

████████████████████████

Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com

Vivian C. Keller (*pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street

13

Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Lance Lin Yang
CA. Bar No. 260705

███████████████████

Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600

Brady Huynh (admitted *pro hac vice*)
CA Bar No. 339441
bradyhuynh@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

████████████████████████████████████

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on Plaintiff through its counsel of record via email on November 18, 2024.

*/s/ Katherine D. Prescott*
Katherine D. Prescott

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Defendants have complied with the meet and confer requirement in Local Rule CV-7(h).  This motion is opposed.  The personal conference required by Local Rule CV-7(h) was conducted on November 15, 2024.  The parties were unable to reach agreement as to Samsung's requested relief.

*/s/ Katherine D. Prescott*
Katherine D. Prescott