# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, *Plaintiff*, v. SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC., *Defendants*. | Case No. 2:23-CV-00103-JRG-RSP **JURY TRIAL DEMANDED** |

**SAMSUNG'S SUR-REPLY TO HEADWATER'S MOTION TO EXCLUDE OR STRIKE CERTAIN REBUTTAL EXPERT OPINIONS OF PHILIP W. KLINE (DKT. 173)**

## **EXHIBIT INDEX AND NOTES**

| Exhibit | Description |
|---|---|
| 6 | Excerpts from the Rebuttal Report of Dr. Itamar Simonson, dated October 14, 2024 |
| 7 | Excerpts from the Expert Report of M. Ray Perryman, Ph.D., dated October 14, 2024 |

\* Emphasis added unless otherwise noted.

\*\* Form objections are omitted from deposition transcript quotations unless otherwise noted.

\*\*\* In this brief, "Headwater" refers to Plaintiff and its purported predecessors.

## I. The Court Has Already Found Mr. Kline Qualified

Headwater moves to exclude Mr. Kline's opinions criticizing Dr. Groehn's survey, arguing that Mr. Kline lacks the necessary "education or experience" to offer such opinions. Mot. at 4. However, Headwater acknowledges that this Court previously rejected its "qualifications-based argument" in *Headwater Research LLC v. Samsung Electronics Co.*, No. 2:22-cv-00422-JRG-RSP, Dkt. No. 433 at 2-3 (E.D. Tex. Nov. 7, 2024). Reply at 1. Regardless, Headwater does not withdraw its motion or argument. *Id.*

Mr. Kline's opinions fall squarely within the purview of his substantial academic and professional expertise. As this Court has observed, Headwater's criticisms do not carry its burden to establish that Mr. Kline's opinions will not be helpful to the fact-finder. *Headwater Research LLC*, at 3. At most, such criticisms go to weight, not admissibility. *Id.*

## II. Mr. Kline, Dr. Simonson, and Dr. Perryman Offer Distinct, Non-Cumulative Opinions

Headwater moves to strike Mr. Kline's opinions, asserting that his "survey-design opinions are [] duplicative and cumulative" of other expert's opinions. Mot. at 4. This argument largely mirrors the one Headwater advanced in its motion to strike Mr. Kline's opinion in *Headwater Research LLC v. Samsung Electronics Co.*, No. 2:22-cv-00422-JRG-RSP. In that case, Headwater similarly challenged Mr. Kline's opinions regarding decoy attributes, the definition of "battery life," and brand and model names (though it argued those opinions were duplicative of those of a different damages expert, Ms. Sarah Butler). This Court rejected that argument, holding that "Mr. Kline's and Ms. Butler's opinions are not so duplicative as to warrant exclusion of either. The Court is satisfied that while the two experts comment on related facts, their opinions are focused on separate issues." *Headwater Research LLC*, at 3. The Court should reach the same conclusion here.

Headwater claims such duplicative opinions could "lead to jury confusion and is a waste of trial time." Reply at 4. Regarding the former, Headwater provides no explanation of why jurors would be confused if presented with Mr. Kline's opinions alongside either or both Dr. Simonson and Dr. Perryman's opinions. Headwater does not argue that Mr. Kline's opinions contradict or are otherwise inconsistent with the opinions of any other expert because there is no inconsistency. There will not be any waste of trial time because, while Mr. Kline's testimony may address similar facts as other experts, his opinions ultimately address different issues.

For example, one basis for Headwater's motion is that both Mr. Kline and Dr. Simonson critique Dr. Groehn's use or omission of "control variables" or "decoy attributes." Reply at 1-2. Headwater contends that their opinions are duplicative because both experts mention similar facts, specifically Dr. Groehn's omission of camera performance, screen resolution, and speed/performance. Reply at 1-2. However, Headwater overlooks that the two experts ultimately offer separate and distinct opinions, each grounded in their respective areas of expertise.

Dr. Simonson's testimony aids the fact-finder in evaluating the impact that omission of critical attributes has on the survey respondents. Specifically, Dr. Simonson explains that conjoint surveys "must represent the options **as seen by consumers in reality**," and that failing to do so leads to "focalism" or "focalism bias." Ex. 6 (Simonson Rpt.) ¶ 38. This is significant because, as Dr. Simonson explained, the reliability of a survey hinges on its "ability to represent the essential characteristics of choices in reality, including capturing the key decision criteria." Ex. 6 (Simonson Rpt.) ¶ 59. Because Dr. Groehn's survey excludes essential features that influence consumer purchasing decisions—such as camera performance, screen resolution, and speed/performance—it fails to reflect real-world conditions and thus lacks credibility. Ex. 6

2

(Simonson Rpt.) ¶ 43.  Ultimately, Dr. Simonson's opinion focuses on the credibility of the survey design itself.

Mr. Kline's opinions, by contrast, help the fact-finder understand the economic impact on the resulting data by omitting key features from the survey.  While Mr. Kline, like Dr. Simonson, acknowledges the "set of control variables is incomplete," he goes further by explaining that because "these attributes do not vary in his survey (i.e., they are not controlled)" the regression analysis does not consider "the impact of variances in these attributes on the demand of smartphones."  Dkt. 173-3 (Kline Rpt.) ¶¶ 66-67.  Mr. Kline further elaborates on how these variables impact the elasticity of demand for smartphones: "Dr. Groehn's data do not show how changes in these attributes (e.g., camera resolution) affect how many smartphones people buy."  *Id.*  In summary, while Dr. Simonson's opinions address the credibility of the survey data itself, Mr. Kline's opinions focus on the economic analysis derived from the survey.

Headwater's other examples fail for largely the same reason—they merely highlight similar facts criticized by multiple experts while ignoring the distinct opinions and conclusions each expert offers.  For instance, Headwater notes that Dr. Simonson, Dr. Perryman, and Mr. Kline all comment on how "battery life" is defined in Dr. Groehn's survey.  Reply at 2.  However, each expert addresses this issue to support different ultimate conclusions.  Dr. Simonson, for example, focuses on how the ambiguity affects the survey respondents.  He explains that respondents mentally substitute "standard," "5%," and "10%" with "low," "medium," and "high."  Ex. 6 (Simonson Rpt.) ¶ 29.  This criticism ultimately challenges the reliability of the survey's design, as Dr. Simonson explains that regardless of the specific numbers presented, survey respondents are most likely to value the middle or "compromise" option.  Ex. 6 (Simonson Rpt.) ¶ 31-33.  Once again, Dr. Simonson's conclusions are narrowly focused on the credibility of the survey design

3

itself (and are not challenged at all by Headwater). Mr. Kline, by contrast, focuses on the economic implications of Dr. Groehn's failures. Specifically, he addresses Dr. Groehn's failure to "quantify the economic value of 'battery life' to Samsung." Dkt. 173-3 (Kline Rpt.) ¶ 91. Mr. Kline's criticisms of Dr. Groehn's survey illustrate that the resulting data output from the survey are not economically reliable to reflect the claimed economic benefit. For example, Mr. Kline notes that Dr. Groehn failed to test accused smartphone models at lower price ranges, yet still attempts to calculate alleged incremental benefits across all models and price points. Dkt. 173-3 (Kline Rpt.) ¶ 95. In contrast, Dr. Simonson's criticism illustrates that the survey itself was not conducted in a reliable or proper way. Mr. Kline's opinions are distinct from Dr. Simonson's and are not duplicative. Instead, they provide additional, valuable perspectives that will aid the fact-finder.

As noted in Samsung's response, Dr. Perryman notes Dr. Groehn's error in defining "battery life" for a different purpose: he relies on Dr. Simonson's survey design critiques and Mr. Kline's economic analysis to rebut the reasonable royalty calculated by Headwater's expert, Mr. Dell, under the *Georgia-Pacific* factors. Ex. 7 (Perryman Rpt.) ¶¶ 10, 293. Dr. Perryman does not intend to offer at trial any opinions duplicative of those of Mr. Kline or Dr. Simonson.

As a third example, Headwater notes the experts' discussion of how models and brands are presented to survey respondents. Once again, Dr. Simonson focusses on impact of these choices on the survey respondents. For instance, he examines how, unlike in real-world scenarios, survey respondents are limited to selecting from only three phones: the Samsung Galaxy S24, Motorola Edge 2023, and the Apple iPhone 15. Ex. 6 (Simonson Rpt.) ¶ 64. Dr. Simonson further discusses how presenting these particular devices in Dr. Groehn's survey compounds the ambiguity in the definition of "battery life," given the significant differences in battery performance among these devices (e.g., the Motorola Edge offers 36 hours, while the Apple iPhone 15 provides only 20

4

hours). *Id.* Mr. Kline, in contrast, focuses on the economic implications of restricting the survey to three brand/model options. For example, he explains that this limitation in Dr. Groehn's data fails to consider the "wide range of price tiers" offered by these brands. Dkt. 173-3 (Kline Rpt.) ¶ 95. As before, Mr. Kline's ultimate opinions pertain to the economic analysis of Dr. Groehn's data, while Dr. Simonson examines the impact of Dr. Groehn's design parameters on survey respondents.

In its reply, Headwater cites *Hearing Components, Inc. v. Shure, Inc.*, No. 9:07-cv-104, 2008 WL 557824 (E.D. Tex. Dec. 1, 2008) to argue that any overlap between expert reports should be excluded under Rule 403. However, the reasoning in *Hearing Components* is not applicable here. In that case, the expert admitted he had not conducted an in-depth analysis of the patents because the validity expert had done so, but nonetheless offered an opinion on the state of the art at the time of the invention. *Id.* at *2. The court excluded the testimony not merely because it was cumulative, but because it had little to no probative value. *Id.* at *1. Here, by contrast, each expert has conducted a thorough review of Dr. Groehn's survey and subsequent analysis. Crucially, each expert offers distinct opinions based on their unique areas of expertise informed by their own analysis, making their respective testimonies probative of different issues and valuable to the fact-finder.

### III. CONCLUSION

For the foregoing reasons, Samsung respectfully submits the Court should deny Headwater's motion to exclude or strike portions of Mr. Kline's expert opinions.

Dated: November 20, 2024  Respectfully submitted,

By: */s/ Thomas H. Reger II*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com

Vivian C. Keller (*pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**

6

1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036

7

Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111

Telephone: (415) 875-6600

Brady Huynh (admitted *pro hac vice*)
CA Bar No. 339441
bradyhuynh@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 20, 2024.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                     */s/ Thomas H. Reger II*
                                     Thomas H. Reger II