IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00103-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S SUR-REPLY TO HEADWATER'S MOTION
TO STRIKE CERTAIN OPINIONS OF SAMSUNG'S DAMAGES EXPERT
<u>M. RAY PERRYMAN, PH.D. (DKT. 182)</u>**

## EXHIBIT INDEX AND NOTES

| Exhibit | Description |
|---|---|
| 4 | Excerpts from the Expert Report of Stephen E. Dell, CVA, dated September 26, 2024 |
| 5 | Excerpts from the Expert Report of Erik de la Iglesia, dated September 26, 2024 |

\* Emphasis added unless otherwise noted.

\*\* Form objections are omitted from deposition transcript quotations unless otherwise noted.

\*\*\* In this brief, "Headwater" refers to Plaintiff and its purported predecessors.

I.   **Dr. Perryman's Apportionment Satisfies Federal Circuit Requirements**

In its reply, Headwater relies on *Apple Inc. v. Wi-LAN Inc.* to assert "The Federal Circuit has held that an expert relying on a license must show it is comparable, and if it is a portfolio license the expert must apportion to the patents in suit." Reply at 1 (citing *Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960, 974 (Fed. Cir. 2022)). Dr. Perryman satisfies both requirements.

As required by Federal Circuit law, Dr. Perryman relies on Dr. Foster to establish the technical comparability of the licenses. Dkt. 182-1 at ¶¶ 155, 160. Then, Dr. Perryman acknowledges that the ▮▮▮▮▮▮▮▮ licenses require apportionment to render them economically comparable to the hypothetical negotiation for the patents in suit. Dkt. 182-1 at ¶ 195.

Headwater attempts to distinguish its own expert's testimony arguing that Mr. Dell has not "assumed" that "the three patents in suit are of the same value." Reply at 2. Instead, it argues that Mr. Dell "relies on the technical opinion that the three patents in suit have the same or similar scope, implicate similar elements of Samsung's accused products, and provide the same or similar benefits." Reply at 2. Headwater's response confirms the similarity of the experts' approaches: Dr. Perryman relies on Samsung's technical expert to confirm licensed patents are technically comparable, implicate the same products, and provide the same or similar benefits. Resp. at 3 (citing Dkt. 182-1 ¶¶ 152, 156), Dkt. 182-1 ¶¶ 155, 160. To the extent either party disputes the sufficiency of the technical analysis from the technical expert or the sufficiency of the support provided to the damages experts, all such disputes are issues to be tested on cross-examination as going to weight, not admissibility. *Bio-Rad Labs., Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1374 (Fed. Cir. 2020) ("the 'degree of comparability' . . . is a 'factual issue[ ] best addressed by cross examination and not by exclusion.'").

## II. Dr. Perryman's Reliance on Dr. Foster's Technical Opinions Satisfies Rule 702

Headwater has moved to strike Dr. Perryman's apportionment of the ▇▇▇ ▇▇▇ agreements, arguing that he failed to conduct a patent-specific analysis. In response, Samsung clarified that its technical expert, Dr. Foster, confirmed that the agreements were both technically comparable and covered the same accused products at issue here. Resp. at 3. Dr. Perryman explicitly disclosed that he relied on Dr. Foster's opinions regarding technical comparability of the patents asserted in this case and those licensed under the ▇▇▇ ▇▇▇ agreements. Dkt. 182-1 at ¶¶ 155, 160.

In reply, Headwater did not challenge the admissibility or appropriateness of Dr. Perryman's reliance on Dr. Foster. Instead, it characterized Dr. Perryman's analysis as "assum[ing] that each licensed family is worth the same." Reply at 2. However, the record does not support the claim that Dr. Perryman made any such assumption. Rather, Dr. Perryman reasonably relied on Dr. Foster's technical opinion that the patent families licensed in the ▇▇▇ ▇▇▇ agreements are technically comparable to the patent families asserted in this case. If Headwater contends that the licensed patent families provide more or less benefit than each other or the asserted patent family, that issue is more appropriately directed to Samsung's technical expert Dr. Foster on cross examination, as an issue going to the weight of Dr. Foster's underlying analysis provided to Dr. Perryman. It was reasonable (and routine) for Dr. Perryman to rely on the technical opinions of Dr. Foster here, and Headwater has identified no specific unreliability in Dr. Perryman's methodology requiring exclusion.

## III. Samsung Does Not Intend to Offer Testimony Regarding Other Litigations at Trial

Both Samsung and Headwater are well aware of this Court's Standard *Limine* Order No. 13. As stated in its response to Headwater's motion, it has "no intention to violate this Court's

2

standing order on motions *in limine* and would seek leave if Samsung believes Headwater opened a door on such issues." Resp. at 8. Nonetheless, Headwater continues to raise the issue.

In his report, Dr. Perryman referenced certain other litigations as the factual basis for his conclusion that a license to the patents in suit would not provide the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Dkt. 182-1 ¶¶ 189, 197. Under Rule 26, Dr. Perryman is legally required to disclose all "facts and data considered by the witness in forming [his opinions]," which includes other Headwater litigations. Furthermore, Federal Rule of Evidence 703 permits experts to rely on otherwise inadmissible facts or data if such reliance is customary in the field. Headwater has not argued that it was unreasonable for Dr. Perryman to consider ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Even if Headwater had made such an argument, it would be an issue for cross-examination rather than a basis for exclusion. Accordingly, Headwater has not provided a compelling justification for exclusion at this stage.

### IV. Dr. Perryman's Noninfringing Alternatives Opinions Are Relevant and Properly Disclosed

Headwater now argues that Dr. Perryman's opinions on noninfringing alternatives should be excluded for lack of relevance. Reply at 4 (". . . Dr. Perryman's opinions on non-infringing alternatives [are] useless to the jury."). Dr. Perryman has established the relevance of his and Dr. Foster's opinions on noninfringing alternatives in that they will put downward pressure on Samsung's position at the hypothetical negotiation. Dkt. 182-1 ¶ 260. Headwater offers no explanation why this opinion would be misleading or confusing to a jury. To the extent Headwater disagrees with Dr. Perryman's conclusions about the availability of noninfringing alternatives, it is free to address that disagreement through cross-examination.

Headwater complains that Dr. Perryman does not specifically quantify the negative impact of the noninfringing alternatives. Reply at 4. Headwater does not, however, cite any authority requiring Dr. Perryman to provide such a quantification, nor has it rebutted the case law Samsung provided confirming that experts are permitted to provide opinions considering non-infringing alternatives like those of Dr. Perryman. *See, e.g., Astrazeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1334-35 (Fed. Cir. 2015) ("When an infringer can easily design around a patent and replace its infringing goods with non-infringing goods, the hypothetical royalty rate for the product is typically low."); *Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302, 1312 (Fed. Cir. 2002). Notably, Headwater's own expert, Mr. Dell, employs the same approach it criticizes in Dr. Perryman's report. In Mr. Dell's analysis of noninfringing alternatives, he concludes that "the lack or absence of available, acceptable non-infringing alternatives discussed above **would have an upward impact on my reasonable royalty determination**," yet he does not quantify that upward impact. Ex. 4 (Dell Rpt.) ¶ 289. Headwater has not provided a legal basis for exclusion of Dr. Perryman's opinions for lack of specificity, and Headwater's criticisms of Dr. Perryman's opinions in this regard at best go to weight, not admissibility.

Headwater next argues prejudice, claiming that it was not permitted to explore the noninfringing alternatives. Again, Headwater cites no legal basis supporting its contention that Samsung was required to disclose its noninfringing alternatives earlier than it did. Moreover, Headwater's own experts actually do appear to have investigated and responded to Samsung's proffered noninfringing alternatives. *See* Ex. 5 (de la Iglesia Rpt.) ¶¶ 1278-87, Ex. 4 (Dell Rpt.) ¶¶ 277-90. Therefore, even if Headwater had a valid legal basis for its objection, that objection would now be untimely and waived.

Finally, Headwater contends that the jury will be unable to determine whether Samsung "can easily design around" the patents in suit or "which alternatives, if any, are adequate." Reply at 4-5. This argument fails here for two reasons. First, it is Dr. Foster—not Dr. Perryman—who provided the technical opinions regarding the availability and acceptability of noninfringing alternatives. As such, Headwater's objection is improperly directed at Dr. Perryman. Second, the question of commercial availability and acceptability of noninfringing alternatives is a factual issue for the jury to decide, and Headwater is free to explore it through cross-examination. *See Elbit Sys. Land and C4I Ltd. v. Hughes Network Sys.*, LLC, 2017 WL 2651618, at *18 (E.D. Tex. June 20, 2017) (the dispute over NIAs "is one that will be resolved by the jury when they determine which alternatives, if any, are adequate noninfringing substitutes, and what affect that may have on any damages award"). Headwater's objection to Samsung's proposed noninfringing alternatives ultimately concerns the weight of the evidence, not its admissibility.

Dated: November 20, 2024          Respectfully submitted,

By: */s/ Thomas H. Reger II*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Vivian C. Keller (*pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**

1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036

Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111

8

Telephone: (415) 875-6600

Brady Huynh (admitted *pro hac vice*)
CA Bar No. 339441
bradyhuynh@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**

██████████████

████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████████████

███████████████████
████████████

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 20, 2024.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                          */s/ Thomas H. Reger II*
                                          Thomas H. Reger II