# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, *Plaintiff*, v. SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC., *Defendants*. | Case No. 2:23-CV-00103-JRG-RSP **JURY TRIAL DEMANDED** |

**SAMSUNG'S SUR-REPLY TO HEADWATER'S MOTION TO EXCLUDE CERTAIN REBUTTAL EXPERT OPINIONS OF IAN FOSTER, PH.D. (DKT. 176)**

## **Abbreviations/Definitions**

Headwater: Plaintiff and its purported predecessors.

Headwater I: *Headwater Research LLC v. Samsung Elecs. Co. et al.*, Case No. 2:22-cv-422-JRG-RSP (E.D. Tex.).

FCM: Firebase Cloud Messaging

1999 Overview:  November 1999 WAP Overview

2001 Overview: July 2001 WAP Overview

POSITA: Person of skill in the art

I.  **Headwater's Continued Insistence that Samsung Needed to Disclose the 2001 Overview in Its Invalidity Contentions is Unsupported**

This Court's patent local rules "require disclosure of specific invalidity *theories*," not "disclosure of all evidence relevant to proof of those theories." *Allergan, Inc. v. Teva Pharms. USA, Inc.*, Case No. 2:15-CV-1455-WCB, 2017 U.S. Dist. LEXIS 225041, at *17-20 (E.D. Tex. Aug. 3, 2017); *id.*, at *19-20. Yet, Headwater argues that Dr. Foster cannot rely on the 2001 Overview because Samsung's invalidity contentions did not, verbatim, reproduce that version of that document. Samsung's contentions need not have done so because its WAP and OpenWave contentions put Headwater on notice of the "device identifiers" implicated in that 2001 Overview. Dkts. 212-2, 212-3 at 8, 13-15; Dkts. 176-5, 176-6 at 1. Headwater provides no authority for its claim that Samsung's notice fails to comport with Patent Rule 3-3. Dkt. 219 at 1-2.

Samsung's OpenWave claim charts explicitly and specifically referenced "device IP address[es]" in the context of the WAP 2.0 standard. Dkts. 212-2, 212-3 at 8, 13-15. Headwater's claim that Samsung "disclose[d] no mapping of any alleged 'device identifier' or 'device IP addresses'" in the context of [1c] of the '117 Patent or [1b] of the '192 Patent (Dkt. 219 at 2) is incorrect. Samsung's analysis of [1c] of the '117 Patent, specifically refers to disclosures cited in [1a], which include disclosures of said "device IP address[es]" for identifying an end-user device. *See* Dkt. 212-2 at 52; *see also* Dkt. 212-3 at 32 (incorporating disclosures related to [1a] of the '192 Patent, which include disclosure of "device IP address[es]").[1] The patent rules permit Dr.

---

[1] Headwater claims, for the first time in its reply, that Samsung's citation to the 1999 Overview's disclosure of device-level messaging does not suffice under Patent Rule 3-3(c). Dkt. 219 at 2. Its original motion claimed that the 1999 Overview contained no disclosure about addressing clients at all. Dkt. 176 at 4. Samsung merely provided evidence to rebut Headwater's false claim and does not solely rely on the 1999 Overview's disclosures to put Headwater on notice of its "device identifier" theory, as it already provided notice in the OpenWave and WAP contentions. In any event, Headwater cites no authority that Samsung was required to cite every possible disclosure across the various WAP documents to preserve its arguments, given that Headwater had notice of the invalidity theory itself. Dkt. 219 at 2.

Foster to rely on materials relating to the WAP standard, such as the 2001 Overview, to further explain in his expert report how WAP "device IP address[es]" may function as "device identifiers." *See Allergan, Inc.*, 2017 U.S. Dist. LEXIS 225041, at *19-20.[2]

## II. Dr. Foster's Obviousness Combinations Should Not Be Stricken Because Headwater's Claim That Samsung Relies on Boilerplate Language to Preserve Its Obviousness Combinations Is False

As required by this Court's rules, Samsung's invalidity contentions disclosed each of Dr. Foster's prior art combinations. Headwater initially argued that while Samsung's contentions adopted a permissible "grouping" approach to disclosing combinations, this approach "does not yield any of the undisclosed combinations at issue here." Dkt. 176 at 6. Headwater now recants, instead arguing that Samsung's invalidity contentions language should be considered an ineffective reservation of rights given their breadth. Dkt. 219 at 2-3. But the fact that Samsung phrased its contentions broadly enough to *include* reservations of rights does not mean Headwater lacked adequate notice of the challenged prior art combinations. *See* Dkt. 212 at 4-5. Indeed, Headwater has been on notice of Samsung's invalidity contentions since November 30, 2023, and neglected to raise any objection for nearly a year.

As to the **Kalibjian combinations,** Samsung's contentions provided notice of a combination based on "any given primary . . . reference" with Kalibjian, specifically, as a secondary reference. Dkt. 219 at 2-3. The contentions identified Kalibjian as a reference that a POSITA would seek to combine with another charted reference to improve security. *See* Dkt. 212

---

[2] Headwater holds itself to a completely different standard. Here, it seeks to strike Dr. Foster's reliance on one WAP document because it was not cited in the contentions. Headwater's expert Mr. de la Iglesia, however, cited to numerous FCM documents in his analysis of the '192 Patent which were not cited in Headwater's contentions. Dkt. 185 at 1-3. If this Court finds that Dr. Foster's reliance on the 2001 Overview should be stricken, that finding would necessitate striking Mr. de la Iglesia's new FCM-based theories for the '192 Patent, as they are wholly predicated on documents not disclosed or cited in Headwater's contentions.

at 4.  As to the ***WAP or Houghton combinations***, Samsung's contentions stated it would have been obvious to combine "the primary reference" with Houghton or WAP to achieve, for example, a "secure Internet data connection."  *See* Dkt. 212 at 5 (citing Dkt. 176-4 at 48 ('117 Patent), 55-56 (similar disclosure for '192 Patent)).  The cover pleading also called out Houghton for combination with primary references to provide benefits such as conserving power, reducing network congestion, providing timely updates, and reducing data usage.  *See* Dkt. 176-4 at 37-38. Headwater seems to complain only that Samsung should have replaced the words "the primary reference" with a verbatim listing of the 18 primary references charted in this case.  But Headwater cites no authority mandating this form over substance and fails to explain how such a replacement could have provided any more notice.

As Headwater acknowledges, Samsung's "grouping" approach is like that approved by this Court in *PMC*.  *See* Dkt. 176 at 6.  As in *PMC*, Samsung provided "element-by-element charts for all primary references relied upon" (Exs. B-1 through B-18[3]), additional "element-by-element charts for secondary references, with targeted citations to the secondary references and the element(s) of the asserted claims disclosed therein" (Ex. B-B), a "listing of all primary references that could be combined with" (i.e., Exs. B-1 through B-18), and "a delineated list of [other] references" (i.e., those identified in string citations in the portion of Samsung's invalidity contentions discussing obviousness combinations).  Dkt. 212 at 3-4 (reproducing invalidity contention citations); *Personalized Media Commc'ns, LLC v. Apple, Inc.*, 2021 WL 310789, at *3 (E.D. Tex. Jan. 29, 2021).  Even if such disclosure gave rise to "a vast number of possible combinations," plaintiff received at the very least "a sort of summary" that "alerted [plaintiff] that

---

[3] For brevity, Samsung cites to the "B" charts, which correspond to the '117 Patent.  Samsung's contentions also provided "C" charts for the '192 Patent.

3

[defendant] has identified the sorts of combinations on which it will later rely." *Id.* at *3. The challenged obviousness combinations were thus disclosed in compliance with Patent Rule 3-3(b).

### III. The Non-Infringing Alternatives (NIAs) Discussed by Dr. Foster Were Neither Untimely Disclosed nor Unavailable

Headwater's continued reliance on *Elbit*, *Gree*, and *Correct Transmission* to argue untimeliness of Samsung's disclosure of its NIAs ***during fact discovery*** (Dkt. 219 at 4) is misplaced. None of these cases related to NIAs disclosed during fact discovery. While *Elbit* found prejudice because plaintiff had "not had a chance to test the underlying merits of [the NIAs] through discovery," the disputed NIAs were raised for the first time ***in the expert's rebuttal report, after fact discovery had closed***. *Elbit Sys. Land and C4I Ltd. et al. v. Hughes Network Sys., LLC et al.*, Case No. 2:15-CV-00037-RWS-RSP, 2017 WL 2651618, at *12 (E.D. Tex. June 20, 2017). Similarly, *Gree* is inapposite because it involved a "supplemental interrogatory response served … ***long after the close of discovery and just over two weeks before trial***." *Gree, Inc. v. Supercell Oy*, Case No. 2:19-cv-00200-JRG-RSP, Dkt. 269 at 14-15 (E.D. Tex. Apr. 28, 2021). And, in *Correct Transmission*, the defendant waited to submit NIA expert reports until rebuttal reports, despite bearing the burden. *Correct Transmission LLC v. Nokia Corp. et al.*, Case No. 2:22-cv-00343-JRG-RSP, Dkt. 244 at 7-8 (E.D. Tex. Mar. 26, 2024).

Instead, despite Headwater's protests, *Fractus* shows how this Court has ruled where NIAs were disclosed at the end of fact discovery. *Fractus, S.A. v. ADT LLC*, Case No. 2:22-CV-00412-JRG, Dkt. 211-1, at 2-4 (E.D. Tex. June 17, 2024). There, this Court allowed NIAs disclosed on the last day of fact discovery, even when plaintiff had served an interrogatory about NIAs, and until the close of discovery, defendant had only provided boilerplate objections. *See id.* Samsung's NIA identification exceeds that. Samsung provided a substantive response to Headwater's NIA interrogatory identifying NIA theories on August 19, 2024 (a month before the

4

close of fact discovery), on which it only further elaborated with examples in its September 20, 2024 response. Dkt. 176-9 at 75-82. Samsung added that elaboration after September 2024 depositions suggested a shift in Headwater's infringement theories. Headwater was not prejudiced[4] by these disclosures—not only did Mr. de la Iglesia address Samsung's NIA theories in his opening and rebuttal expert reports, but Headwater deposed Dr. Foster on the NIA theories.

Headwater further attempts to claim prejudice because Dr. Foster "does not even allege, much less prove, that NIAs were 'available.'" Dkt. 219 at 4. Despite belaboring the absence of the word "available" (*see id.* at 4; *see also* Dkt. 176 at 13), Headwater cites no authority that necessitates the use of that word to demonstrate an NIA's availability. Headwater wholly ignores Samsung's explanation of how Dr. Foster opined on the availability of each NIA. *See* Dkt. 212 at 12-13. Whether Dr. Foster's opinions on NIA availability suffice to demonstrate availability goes to the weight of his opinions and not their admissibility. *See Elbit*, 2017 WL 2651618, at *18 (the dispute over NIAs "is one that will be resolved by the jury when they determine which alternatives, if any, are adequate noninfringing substitutes, and what affect that may have on any damages award"). Similarly, in *Headwater 1*, this Court refused to strike Samsung's technical expert's NIA opinions because "Samsung has presented evidence that the materials and know-how was available, [so] Samsung may present the question of availability to the jury." *Headwater 1,* Dkt. 436 at 9. Here, Dr. Foster has presented similar evidence in his opening expert report, and Samsung should thus be permitted to present his opinions to a jury.

---

[4] Headwater's claim that it was prejudiced by "the new NIA disclosed on September 21" or "the new NIA disclosed in Dr. Foster's opening report" (Dkt. 219 at 5) misstates the amount of notice provided by Samsung. The "new NIA disclosed on September 21" was served on Headwater about one hour after fact discovery closed to add one sentence inadvertently omitted from the responses served the day fact discovery closed. Dkt. 212 at 7. Headwater acknowledges that the "new NIA disclosed in Dr. Foster's opening report" was provided, almost verbatim, in Samsung's timely responses to Interrogatory No. 17. *See* Dkt. 219 at 5.

5

Dated: November 20, 2024

Respectfully submitted,

By: */s/ Katherine D. Prescott*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Vivian C. Keller (*pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**

6

1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street, Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036
Telephone: (212) 765-5070

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com

7

**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600

Brady Huynh (admitted *pro hac vice*)
CA Bar No. 339441
bradyhuynh@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

8

>Telephone: (650) 801-5000
>
>Jon Bentley Hyland
>Texas Bar No. 24046131
>jhyland@hilgersgraben.com
>Grant K. Schmidt
>Texas Bar No. 24084579
>gschmidt@hilgersgraben.com
>**HILGERS GRABEN PLLC**
>7859 Walnut Hill Lane, Suite 335
>Dallas, Texas 75230
>Telephone: (972) 645-3097
>
>**ATTORNEYS FOR DEFENDANTS**
>**SAMSUNG ELECTRONICS CO., LTD. AND**
>**SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 20, 2024. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/ Katherine D. Prescott
Katherine D. Prescott