IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00103-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S SUR-REPLY TO HEADWATER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON STANDING (DKT. 174)**

# TABLE OF EXHIBITS AND NOTES[1]

| Exhibit | Description |
|---|---|
| 1 | U.S. Patent 8,406,733 (Dkt. 177-1) |
| 2 | U.S. Patent 9,198,117 (Dkt. 177-2) |
| 3 | U.S. Patent 9,615,192 (Dkt. 177-3) |
| 4 | QC3P_HWvSS422_0000005(Dkt. 177-4) |
| 5 | Excerpts from the Deposition of Gregory Raleigh, taken Sept. 10, 2024 (Dkt. 177-5) |
| 6 | Excerpts from the Deposition of Gregory Raleigh, taken June 14, 2024 (Dkt. 177-6) |
| 7 | Exhibit 5 from the Deposition of Gregory Raleigh, taken Sept. 10, 2024 (Dkt. 177-7) |
| 8 | HW_00104069 (Dkt. 177-8) |
| 9 | HW_00104071-72 (Dkt. 177-9) |
| 10 | Exhibit 6 from the Deposition of Gregory Raleigh, taken Sept. 10, 2024 (Dkt. 177-10) |
| 11 | Exhibit 7 from the Deposition of Gregory Raleigh, taken Sept. 10, 2024 (Dkt. 177-11) |
| 12 | QC3P_HWvSS422_0000011 (Dkt. 177-12) |
| 13 | United States provisional application no. 61/206354 (Dkt. 177-13) |
| 14 | Excerpts from Plaintiff Headwater Research LLC's Fifth (Sixth) Supplemental Objections and Responses to Defendants' First Set of Interrogatories (Nos. 1-14), dated September 24, 2024 (Dkt. 177-14) |
| 15 | Exhibit 11 from the Deposition of Gregory Raleigh, taken June 14, 2024 (Dkt. 177-15) |
| 16 | Exhibit 2 from the Deposition of Gregory Raleigh, taken March 7, 2024 (Dkt. 177-16) |
| 17 | Excerpts from the Expert Report of Erik de la Iglesia, dated September 26, 2024 (Dkt. 177-17) |
| 18 | HW_00013712-29 (Dkt. 204-1) |

\* Emphasis added unless otherwise noted.

\* Form objections are omitted from deposition transcript quotations unless otherwise noted.

\* In this brief, "Headwater" refers to Plaintiff and its purported predecessors, and "Samsung" refers to Defendants.

---

[1] All exhibits are already on the docket, as indicated in the descriptions.

**Introduction:** Headwater's reply simply repeats its same arguments and cases. It adds nothing new except a citation to a 2009 email string between Headwater and Qualcomm where Qualcomm states "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" (before a business deal could be consummated). Dkt. 220-2 at HW_00104077. This confirms Qualcomm asserted it owned the patents when it was closest to the issue, in 2009.

Headwater's reply also admits standing depends on fact finding and credibility determinations. Accordingly, given that it is Headwater's burden to prove standing and that on a motion for summary judgment all facts must be interpreted in the light most favorable to the non-movant (Samsung), Headwater's motion for summary judgment must fail. Standing should be addressed in the context of Samsung's motion to dismiss.

Finally, the Court should dismiss because Headwater has failed to meet its triple burden (1) to establish standing, (2) to prove its conception date under the Qualcomm contract, and (3) to corroborate that date with documentary evidence.

**Corroboration Is Required:** The law is clear that "*[e]ven the most credible inventor testimony is a fortiori required to be corroborated by independent evidence*" and "*evidence of corroboration must not depend solely on the inventor himself.*" *Apator Miitors ApS v. Kamstrup A/S*, 887 F.3d 1293, 1295 (Fed. Cir. 2018) (citation omitted). In its reply, Headwater again seeks to distinguish *Apator* and similar cases because the patentee bore the burden in those cases, but *Headwater is the patentee* and similarly bears the burden. Headwater is also wrong that Samsung is trying to establish a conception date. Headwater has the burden of proof under both the contract and standing law, so Headwater must establish a conception date. ***Without sufficient proof of a conception date, Qualcomm owns all patents filed within one year of employment.*** It is as simple as that.

Headwater's cases also support Samsung. Headwater argues *FilmTec* turned on "laboratory notebooks" and *Bio-Rad* turned on "multiple slide presentations and emails." Reply at 9, citing *FilmTec Corp. v Hydranautics*, 982 F.2d 1546, 1552 (Fed. Cir. 1992) and *Bio-Rad Labs., Inc. v. Int'l Trade Comm'n*, 996 F.3d 1302, 1320 (Fed. Cir. 2021). But Headwater has cited no such documents in this case, and without evidence, Headwater cannot prevail since it bears the burden of proof.

Finally, Headwater continues to insist that Samsung is attempting to impose a negative burden. This is wrong. What Headwater must prove is **when** it conceived. This is not a word game. It is the law, as stated by the Federal Circuit in the seminal *Hybritech* case Headwater never addresses. The Federal Circuit held that the question of whether an invention was conceived "before" a particular date is "more properly" analyzed as "**when** the claimed invention was conceived." *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1376 (Fed. Cir. 1986) (original emphasis omitted). Whether conception is before or after some other event is a separate question that can be reached only after the date of conception is established and corroborated.

**Headwater Has No Corroboration:** Headwater persists in arguing that its HW1 documents are enough in this case. They are not. The most the HW1 documents could arguably corroborate is a "device" invention, yet Headwater does not dispute that the invention *in this case* is a network/server invention. This is apparent whether one considers Dr. Raleigh's shorthand description, "aggregated messaging," or whether one looks at the claims. Even Dr. Raleigh admitted the asserted patents require "servers," which are not "devices" in the parlance of this case. Ex. 5 at 117:4-118:23. And to prove conception, Headwater must show that **each** element of **each** patented claim was in Dr. Raleigh's possession at the time. Headwater has proffered no such evidence.

2

Dr. Raleigh's testimony is also consistent with the claims and disclosures of the asserted patents. For example, the '117 patent is entitled "**NETWORK** SYSTEM WITH COMMON SECURE WIRELESS MESSAGE SERVICE SERVING MULTIPLE APPLICATIONS ON MULTIPLE WIRELESS DEVICES," and its Abstract states "[t]he **network** message server delivers messages to the device messaging agent on behalf of a plurality of network application servers." Ex. 2 ('117 patent); *see also* Exs. 1, 3 (other asserted patents); Ex. 17 (de la Iglesia Rpt.) at ¶¶ 49, 1229 (Headwater expert describing invention in a similar way). As another example, the '733 patent claims require a "service control link," "securing of the service control link with an encryption protocol," and a "service control device link agent." ***Yet none of these things are in the Best Buy slides.*** Headwater does not even say they are there. Therefore, Headwater has zero corroboration for the invention in this case even if the Court believes the "device" invention of HW1 appears in the slides. This means Headwater has failed as a matter of law to prove its conception date. *See iRobot Corp. v. SharkNinja Operating LLC*, 2024 WL 3687981, *3-4 (Fed. Cir. Aug. 7, 2024) (rejecting corroboration not linked to claim elements); *Singh v. Brake*, 222 F.3d 1362, 1367 (Fed. Cir. 2000) ("A conception must encompass all limitations of the claimed invention.").

Finally, Headwater again relies on its patent filing, but it never responds to why the Court already rejected this as sufficient evidence of conception. *See* HW1 Dkt. 386 at 173:24-174:20 (evidentiary hearing). First, the patent application is not evidence of when Dr. Raleigh *first* conceived the claimed invention. *In re Costello*, 717 F.2d 1346, 1350 (Fed. Cir. 1983), cited by Headwater, is not to the contrary. It merely holds that an application "constitutes documentary evidence that appellants had conceived of the invention *as of the filing date*." *Id.* The filing date is not evidence of when the inventor *first* conceived the invention. Second, as a matter of

3

contractual interpretation, it would make no sense if the very patent application that *triggers* the presumption of ownership also *overcomes* it. Such an argument would apply in every case where a patent application is filed within a year of employment, and it would make the contract meaningless.

Thus, because Headwater has no corroborating evidence, it has failed to establish a conception date. And since the asserted patents were filed within one year of Dr. Raleigh's departure from Qualcomm, Qualcomm owns them.[2]

**Dr. Raleigh Is Not Credible:** The Court should end its inquiry based on lack of corroboration. *See Apator*, 887 F.3d at 1295 ("[e]ven under the 'rule of reason' analysis . . . the 'evidence of corroboration must not depend solely on the inventor himself'"). But if it decides to consider Dr. Raleigh's testimony, it should find Dr. Raleigh's self-serving testimony not credible and undercut by his other admissions that create disputes of fact that must be weighed in favor of the non-movant. The following new deposition testimony distinguishes HW1, where there were no such admissions: (i) the asserted patents *in this case* "solved critical problems that literally brought down the Cingular network when the first iPhones and Androids were attached to the network" (before he left Qualcomm) and (ii) Dr. Raleigh recognized these problems while at Qualcomm. *See* Ex. 5 at 45:20-46:21, 122:2-15. To be sure, Samsung cannot prove Dr. Raleigh

---

[2] Headwater also attempts to revive its argument the Qualcomm contract is void in its reply, but it is too late to inject that argument here. The Court also rightly rejected it in HW1. *See* R&R at 5 ("The Court finds that the one-year provision does not run afoul of either California statute. The provision does not create 'restraint of a substantial character' as it is only a rebuttable presumption."). In addition, Headwater may not challenge the validity of the Qualcomm agreement without adding Qualcomm as a party. *E.g.*, *Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1327 (Fed. Cir. 2009) (finding no standing where plaintiff's claim required "first voiding his patent assignments"); *Ash Grove Texas, L.P. v. City of Dallas*, 2009 WL 3270821, *15 (N.D. Tex. Oct. 9, 2009) (federal courts "consistently hold that a party to an agreement in dispute is an indispensable party").

4

conceived the invention around the time he first identified the problem (while at Qualcomm), but Samsung does not have the burden of proof. Headwater has the burden, and it has failed to meet it.[3]

Headwater's repeated argument that Dr. Raleigh did not work at Qualcomm as an "engineer" is belied by the fact Qualcomm required him to sign an invention agreement and by his previous testimony that he was "VP of Wireless Internet" at Qualcomm. HW1 Dkt. 386 at 82:7-16. It is also irrelevant because the agreement is not conditioned on Dr. Raleigh being an engineer. In short, Headwater cannot establish standing by reliance on its inventor's credibility.[4]

**Qualcomm's Behavior Supports Samsung:** Qualcomm has believed it owns the Headwater patents—certainly in 2009 when it employed personnel who were closest to the issue—and it chose not to pursue a claim and instead tried to reach a settlement with Headwater as part of a business deal. Those basic facts support Samsung, not Headwater. Headwater has the burden to prove standing and the burden to overcome the presumption of Qualcomm's ownership. Qualcomm was not required to expend resources or intervene in a distant forum since Qualcomm does not have the burden to disprove standing.

---

[3] In addition, unlike HW1, Dr. Raleigh is the sole inventor, so there is no issue of whether he began collaborating with others within one year of leaving Qualcomm.

[4] Dr. Raleigh's reference to "a disaster on the network" in his panel remarks also aligns this case more closely with what Dr. Raleigh observed at Qualcomm regarding "critical problems that literally brought down the Cingular network." *See* HW1 Dkt. 236-1 at 46:00-46:51; Ex. 5 at 45:20-46:21, 122:2-15. Dr. Raleigh's blunt admission in this case that there is *no* "idea that [he] disclosed to Dr. Jacobs that [he] believe[s] is now in every smartphone" also distinguishes HW1. *See* Ex. 5 at 112:14-18. That testimony means Headwater's position depends on Dr. Raleigh's panel remarks being *false*, not merely abbreviated. If Dr. Raleigh made false claims before this case was filed, why should the Court accept his self-serving testimony now? Doing so would turn the requirement for corroboration on its head. Without corroboration, Headwater cannot overcome the presumption of Qualcomm's ownership. *See Shu-Hui Chen v. Bouchard*, 347 F.3d 1299, 1309 (Fed. Cir. 2003) (the requirement for corroboration "addresses the concern that a party claiming inventorship might be tempted to describe his actions in an unjustifiably self-serving manner in order to obtain a patent or to maintain an existing patent").

Headwater's single new exhibit on reply is an email string in which Qualcomm asserts IP ownership must be resolved before any business deal. Dkt. 220-2 at HW_00104077 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆). This confirms Qualcomm's belief in 2009 that it owned the patents. Moreover, Headwater did request a release "▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆." Ex. 9 at HW_00104071-72. Headwater says this is a "false characterization," but it is *a quote* of the proposed release Headwater sent Qualcomm in 2009.

While Qualcomm and Headwater may have attempted to resolve this dispute in 2017-2022, they were unable to reach a deal. Dr. Raleigh wanted more money than Qualcomm was willing to pay. Thus, Qualcomm's behavior has all the hallmarks of an attempted compromise, not a surrender. It does not help Headwater establish standing.

**Conclusion:** The Court should deny Headwater's motion for summary judgment and dismiss this case for lack of standing because Headwater has not established it owns the asserted patents.

Dated: November 20, 2024                Respectfully submitted,

By: */s/ John W. Thornburgh*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Vivian C. Keller (*pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**

1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036

Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111

9

Telephone: (415) 875-6600

Brady Huynh (admitted *pro hac vice*)
CA Bar No. 339441
bradyhuynh@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 20, 2024.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ John W. Thornburgh*
John W. Thornburgh