# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.<br><br>*Defendants*. | Case No. 2:23-cv-00103-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF HEADWATER RESEARCH LLC'S MOTION TO AMEND DOCKET CONTROL ORDER AND DEADLINE TO SERVE FINAL ELECTION OF CLAIMS

Plaintiff Headwater Research LLC ("Headwater") respectfully files this Motion to Amend the Docket Control Order and shows good cause for the amendment as follows:

The Court's Docket Control Order sets the deadline for Plaintiff to disclose its final election of Asserted Claims at 10 days before Jury Selection. Pursuant to the Court's November 11, 2024 Text Notice Setting Jury Selection and Trial for January 13, 2025, Headwater's deadline to serve its final election of Asserted Claims would have been January 3, 2025.

However, it is clear that jury selection and trial will not be proceeding in this case on January 13, 2025, because another trial involving the same parties and counsel is first in line to start trial on January 13, 2025. *See Headwater v. Samsung,* Case No. 22-cv-422-JRG-RSP ("-422 case"), Dkt. No. 473 (denying Samsung's motion to continue trial and ordering "that the trial in this case proceed as currently scheduled with jury selection to begin on January 13, 2025"). Thus, trial in the instant case will not occur on January 13, 2025.

Headwater therefore respectfully requests a brief extension of its deadline to elect its final Asserted Claims to 10 days before the forthcoming re-set trial date for this case. Samsung opposes

this Motion but does not dispute that the trial date of this case is expected to be re-set shortly. Indeed, that same premise is what prompted Samsung to urge the Court that it need not take up exhibit objections during the December 16 pretrial conference. *See, e.g.*, 12/16/2024 PTC Tr. at 104:11-105:23(Samsung's counsel stating: "[This case] would be moved to a date after [the -422 case] that's available to the Court. So I would keep the order. You know, [the -422 case] would go first."); *id.* at 105:24-106:5 (the Court stating it would "reach out about scheduling a time to take up exhibits that is more consistent with what you are expecting to be the trial schedule for [this action]"); *see also* Dkt. No. 298 at 3 (motion for continuance requesting that this case continue to be scheduled to occur after trial of the -422 case). In advance of the existing January 3 deadline for Headwater to disclose its final election of asserted claims, Samsung asked Headwater whether it would be providing this disclosure. This request also suggests that both parties recognized that trial in this case will not begin on January 13 (otherwise, Samsung would have no reason to ask). Headwater explained its position that Headwater's final election should be due 10 days before the forthcoming new trial date, with Samsung's final election due 3 days thereafter. Headwater also expressed concern that Samsung may gain an unfair advantage if trial is re-set after Headwater's final election, as occurred in in the -422 case.[1] Headwater suggested mutually extending the parties' final elections in a joint motion, but the parties could not reach agreement.

---

[1] In the -422 case, Samsung demanded that Headwater disclose its final election claims but refused to agree to disclose its invalidity election if trial was reset. That is what happened and Samsung received Headwater's final election several months before making its own election. As the Court noted, this tactic "played out last time . . . to [Samsung's] benefit," but should not "work out to [Headwater's] detriment." *Headwater v. Samsung*, Case No. 22-cv-422, 11/18/24 PTC Transcript at 56. In this case, Headwater expressed the same concern and understood that Samsung was taking the same position it did in the -422 case. This is another reason Headwater did not serve its final election on Jan. 3 and why that should be excused for good cause. On Jan. 6, Samsung stated for the first time it would provide its final election even if trial is reset. But Headwater continues to believe that a mutual extension is justified and files this Motion the same day.

Good cause exists for the requested schedule modification, given the unique circumstances of this case. As discussed above, the trial date for this case will be re-set because the -422 case involving the same parties and same counsel will proceed to trial on January 13, 2025 instead of this case. Additionally, the Court's rulings on pending motions to strike and motions for summary judgment here are pending, which has the potential to significantly narrow the case and guide the parties in their final elections of asserted claims and invalidity theories. Headwater also does not oppose a mutual extension for Samsung's final election of invalidity, making it due 3 days after Headwater serves its final election of asserted claims.

Headwater represents that this Motion is not filed for the purposes of delay but rather is supported by good cause, does not unfairly prejudice any party, and would be in the interest of justice. Accordingly, Headwater respectfully request that the Court grant this Motion to Amend the Docket Control Order, such that the deadline for Headwater to elect its final Asserted Claims is 10 days before the forthcoming re-set trial date for this case, rather than 10 days before the January 13, 2025 setting that will be used for trial of the -422 case between the same parties and counsel.

Dated: January 6, 2025                                      Respectfully submitted,

                                                            By:   */s/ Marc Fenster*

                                                                  Marc Fenster
                                                                  CA State Bar No. 181067
                                                                  Reza Mirzaie
                                                                  CA State Bar No. 246953
                                                                  Brian Ledahl
                                                                  CA State Bar No. 186579
                                                                  Ben Wang
                                                                  CA State Bar No. 228712
                                                                  Adam Hoffman
                                                                  CA State Bar No. 218740
                                                                  Paul Kroeger
                                                                  CA State Bar No. 229074
                                                                  Neil A. Rubin

3

CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Amy Hayden
CA State Bar No. 287026
James Milkey
CA State Bar No. 281283
Jason M. Wietholter
CA State Bar No. 337139
James Pickens
CA State Bar No. 307474
Qi (Peter) Tong
TX State Bar No. 24119042
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
rak_headwater@raklaw.com

Andrea L. Fair
TX State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

*Attorneys for Plaintiff,*
*Headwater Research LLC*

**CERTIFICATE OF CONFERENCE**

Counsel for Plaintiff has complied with the meet and confer requirements of Local Rule CV-7(h). In addition to conferring via email multiple times, the parties met and conferred by teleconference on January 6, 2025. No agreement on a joint motion addressing this issue could be reached, necessitating Headwater's motion.

*/s/ Marc Fenster*
Marc Fenster

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 6, 2025.

*/s/ Marc Fenster*
Marc Fenster