**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

HEADWATER RESEARCH LLC,

      *Plaintiff*,

v.

SAMSUNG ELECTRONICS CO., LTD and
SAMSUNG ELECTRONICS AMERICA, INC.,

      *Defendants*.

Case No. 2:23-CV-00103-JRG-RSP

**SAMSUNG'S OPPOSITION TO HEADWATER'S MOTION (DKT. 182)
TO STRIKE CERTAIN OPINIONS OF SAMSUNG'S DAMAGES EXPERT
<u>M. RAY PERRYMAN, PH.D.</u>**

██████████████

# **TABLE OF CONTENTS**

I.      Dr. Perryman's Apportionment ███████████████████ are
        Admissible, Appropriate for Cross-Examination ................................... 1

II.     Dr. Perryman's References to Related Concurrent Litigation Between
        the Parties Is Relevant To Expert Opinion ........................................... 8

III.    Dr. Perryman Appropriately Relies on Dr. Foster for Non-Infringing
        Alternatives Opinions ............................................................................ 10

IV.     Conclusion ............................................................................................. 13

████████████████

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Apple Inc. v. Motorola, Inc*.,
757 F.3d 1286 (Fed.Cir.2014)...............................................................................1

*Astrazeneca AB v. Apotex Corp.*,
782 F.3d 1324 (Fed. Cir. 2015).............................................................................10

*Bio-Rad Labs., Inc. v. 10X Genomics Inc.*,
967 F.3d 1353 (Fed. Cir. 2020)..........................................................................8, 10

*Commonwealth Sci. & Indus. Rsch. Organisation v. Cisco Sys., Inc.*,
809 F.3d 1295 (Fed. Cir. 2015)..............................................................................1

*Correct Transmission, LLC v. Nokia of Am. Corp.*,
No. 2:22-CV-0343-JRG-RSP, 2024 WL 1289821 (E.D. Tex. Mar. 26, 2024) ......11

*Correct Transmission, LLC v. Nokia of Am. Corp.*,
No. 2:22-CV-0343-JRG-RSP, 2024 WL 1327906 (E.D. Tex. Mar. 26, 2024) ......11

*EcoFactor, Inc. v. ecobee, Inc.*,
No. 6:21-cv-00428-ADA, D.I. 208 (Jun. 1, 2023)...................................................7

*Elbit Sys. Land and C4I Ltd. v. Hughes Network Sys., LLC*,
2017 WL 2651618 (E.D. Tex. June 20, 2017).......................................................11

*Genband US LLC v. Metaswitch Networks Corp.*,
No. 2:14-CV-33-JRG-RSP, 2016 WL 122969 (E.D. Tex. Jan. 9, 2016)...............12

*Golden Bridge Tech. v. Apple Inc.*,
No. 5:12-CV-04882-PSG, 2014 WL 2194501 (N.D. Cal. May 18, 2014) ..............7

*GPNE Corp. v. Apple, Inc.*,
No. 12-CV-02885-LHK, 2014 WL 1494247 (N.D. Cal. Apr. 16, 2014) ................2

*Lone Star Tech. Innovations, LLC v. ASUSTek Computer Inc.*,
No. 6:19-CV-00059-RWS, 2022 WL 4494312 (E.D. Tex. Aug. 18, 2022) ............7

*MLC Intell. Prop., LLC v. Micron Tech., Inc.*,
10 F.4th 1358 (Fed. Cir. 2021) ..............................................................................7

*Mondis Technology Ltd. et al., v. LG Electronics, Inc. et al.*,
No. CV 15-4431 (SRC), 2021 WL 4077563 (D.N.J. Sept. 8, 2021) .......................6

██████████████

*Riles v. Shell Exploration & Prod. Co.*,
298 F.3d 1302 (Fed. Cir. 2002)............................................................................................10

**Other Authorities**

Fed. R. Civ. P. 26...............................................................................................................8, 9

Fed. R. Evid. 702..............................................................................................................1, 6

███████████████

## **EXHIBIT INDEX AND NOTES**

| Exhibit | Description |
|---------|-------------|
| 1 | Excerpts from the Expert Report of Erik de la Iglesia, dated September 26, 2024 |
| 2 | Excerpts from the Rebuttal Expert Report of Ian Foster, Ph.D., dated October 14, 2024 |
| 3 | Excerpts from the Expert Report of Stephen E. Dell, CVA, dated September 26, 2024 |

\* Emphasis added unless otherwise noted.

\*\* Form objections are omitted from deposition transcript quotations unless otherwise noted.

\*\*\* In this brief, "Headwater" refers to Plaintiff and its purported predecessors.

Headwater's Motion does not present any legally sound reason to exclude any portion of Dr. Perryman's opinions. Dr. Perryman's opinions offered in this case are reasonable, supported, and fully-disclosed by an undisputedly qualified expert.[1]  *First*, Headwater's complaint that Dr. Perryman's adjustment of comparable licenses is improper patent counting is simply a disagreement regarding the sufficiency of Dr. Perryman's adjustments, which goes to weight and not admissibility. *See Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1326 (Fed.Cir.2014) (whether licenses are sufficiently comparable goes to the weight of the evidence, not its admissibility). *Second*, Headwater's concerns regarding Dr. Perryman's disclosure of other district court cases are prematurely raised. Dr. Perryman's report provided the required disclosure of all substance underlying his analysis, including consideration of other related litigation, but Samsung and its experts will abide by all Court rulings during trial. *Finally*, Headwater's concerns about non-infringing alternatives are duplicative of its concerns raised in its motion regarding Dr. Foster's opinions and appear largely directed at the technical expert, Dr. Foster (and based on a discovery dispute). *See* Dkt. 176. In sum, Headwater fails to generate disputes rising to the level of a Fed. R. Evid. 702 issue. Nothing in Headwater's Motion requires exclusion of Dr. Perryman's opinions.

## I.  Dr. Perryman's Apportionment of ███████████████████ are Admissible, Appropriate for Cross-Examination

Headwater's motion seeks to strike Dr. Perryman's discussion of two comparable licenses, ██████████████ that he adjusts to "account[] for differences in the technologies and economic circumstances of the contracting parties," precisely as required by the Federal Circuit. *Commonwealth Sci. & Indus. Rsch. Organisation v. Cisco Sys., Inc*., 809 F.3d 1295, 1303 (Fed.

---

[1] Headwater does not dispute that Dr. Perryman is a qualified expert in the field of patent damages, does not challenge the bulk of Dr. Perryman's affirmative opinions (including analysis of several other comparable licenses), and does not dispute that ████████████████

Cir. 2015).  Headwater takes issue with the particular adjustments made by Dr. Perryman by recasting Dr. Perryman's adjustments as patent counting.  First, Dr. Perryman's approach is not patent counting, but rather an appropriate method for adjusting comparable license agreements that cover substantially larger, worldwide portfolios of patents than the three U.S. patents (all within one patent family) at issue in the hypothetical negotiation for this case.  Moreover, "as long as the expert adjusts her final royalty figure based on the value of the asserted patent relative to the other . . . patents, a patent counting approach is not by itself grounds for exclusion…." *GPNE Corp. v. Apple, Inc*., No. 12-CV-02885-LHK, 2014 WL 1494247, at *7 (N.D. Cal. Apr. 16, 2014). Thus, Headwater's motion does not identify any methodologically improper or unreliable opinion of Dr. Perryman's relating to ███████████████████████████████.  Headwater remains free to raise its disagreements with Dr. Perryman's analysis through vigorous cross examination.

A review of Dr. Perryman's full *Georgia-Pacific* Factor 2 analysis of comparable licenses confirms that Dr. Perryman is not applying improper patent counting. ████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████



Turning to the two licenses at issue here, Dr. Perryman uses the available evidence to appropriately adjust ████████████████████████████████████████████████████ ████████████████████████████████ While Dr. Foster's unrebutted opinion confirmed technical comparability[2] and similar product coverage of these licenses,[3] Dr. Perryman determined further adjustments to these licenses were appropriate ██████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████

---

[2] Headwater's technical expert offers no opinion on the technical comparability ██████████ ███████████████████████████████████████████████████). [3] ███████████████████████████████████ same accused products at issue here, including all mobile phones and tablets, such as Samsung's Galaxy S, Galaxy Note, and Galaxy Tab devices. Dkt. 182-1 ¶¶ 152, 156.

3



Therefore, Dr. Perryman has reasonably adjusted these two licenses to account for the primary differences between them versus the hypothetical negotiation license to incorporate these adjusted data points into his overall analysis.

At deposition, Dr. Perryman clearly explained the conservative approach of his method was not at all what Headwater now claims:

4

Dkt. 182-2 at 55:5-20 (emphasis added).  Dr. Perryman's adjustments ██████████████

██████ are proper adjustments that may be tested on cross examination.

Headwater's primary challenge to Dr. Perryman's adjustments based on patent families
(wrongly) suggests that this adjustment does not include "patent-specific analysis" accounting for
any technical differences between the licensed patent families.  Dkt. 182 at 2-3.  Not so.  ██

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████

Headwater also briefly complains that Dr. Perryman's adjustment ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████ Headwater may

cross examine Dr. Perryman to the extent it disagrees with this opinion, but Headwater has not

shown Dr. Perryman's analysis to be inherently unreliable, baseless, or unqualified in any way

requiring exclusion under Fed. R. Evid. 702.

Ultimately, Headwater's characterization of Dr. Perryman's approach as "patent counting"

is misplaced and not supported by Headwater's cited cases.  For example, in *Mondis Technology*

*Ltd. et al., v. LG Electronics, Inc. et al.,* No. CV 15-4431 (SRC), 2021 WL 4077563, at *9-13

(D.N.J. Sept. 8, 2021), the court excluded expert opinion as unreliable primarily for attempting to

use a jury verdict from another case as a comparable license where the jury verdict did not support

allocating the award as between three asserted patents only to the one patent later asserted in

*Mondis*, especially where *Mondis* implicated different accused products.  The *Mondis* court went

on to note the expert himself disparaged his own apportionment of the jury verdict (simply dividing

by three to isolate the portion of the verdict allegedly relating to the one at-issue patent).  2021

WL 4077563 at *13-14.  The court ultimately held the opinion was inadmissible for lacking any

analysis or support for his approach—not because the approach itself was *per se* inadmissible.

2021 WL 4077563 at *14 (expert apportionment method was "without any explanation or

justification," has not "provided any justification for treating a jury verdict as equivalent to a

license," and "has failed to provide any basis for this Court to conclude that this is a reliable method

of apportionment").  The court reiterated the applicable rule, to which Dr. Perryman's analysis has

conformed, saying "[t]he Federal Circuit held that an expert's testimony <u>must</u> account for

distinguishing facts when invoking a license to value the patented invention."  *Mondis*, 2021 WL

6

4077563 at *4 (citing *Ericsson, Inc. v. D-Link Sys.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014)).  This is what Dr. Perryman's apportionment of BNR and Seven Networks licenses achieves.

Additionally, patent counting usually arises in the standard essential context, and none of the asserted patents here are standard essential.  *See Golden Bridge Tech. v. Apple Inc.*, No. 5:12-CV-04882-PSG, 2014 WL 2194501, at *6 (N.D. Cal. May 18, 2014) (expert "erred in assuming the value of the '793 patent was no different than the value of each of the other WCDMA standard-essential patents considered.").[4]

Contrary to Headwater's arguments, the Federal Circuit has indicated experts should discount or apportion potentially comparable licenses to account for a difference in number of patents between the comparable license and the hypothetical negotiation license.  *MLC Intell. Prop., LLC v. Micron Tech., Inc.,* 10 F.4th 1358, 1375 (Fed. Cir. 2021) (affirming district court exclusion of damages opinion where expert failed to apportion a potentially comparable license for 41 patents down where only one asserted patent in suit).  Headwater's damages expert in this case has likewise previously offered opinion testimony identifying litigation settlements as a comparable license where the license covered more patents than asserted in the case.  There, the jury verdict was found reasonably supported by the comparable agreement once the license was "appropriately discounted by sales **and the number of patents**."  *Lone Star Tech. Innovations, LLC*

---

[4] Headwater also cites Dkt. 183-1, *EcoFactor, Inc. v. ecobee, Inc.*, No. 6:21-cv-00428-ADA, D.I. 208 (Jun. 1, 2023), without parenthetical or explanation.  Dkt. 182 at 3.  The attached Order at Exhibit 7 says only "Granted as to opinions where Ms. Bennis assumes patents have equal value."  Read at face value, it is Headwater's damages expert who is assuming the asserted patents have equal value.

*v. ASUSTek Computer Inc*., No. 6:19-CV-00059-RWS, 2022 WL 4494312, at *14 (E.D. Tex. Aug. 18, 2022) (emphasis added) (denying JMOL, finding Mr. Dell's opinion and rebuttal expert opinion thereto supported a jury verdict after discounting the comparable license by the number of patents licensed); *see also Bio-Rad Labs., Inc. v. 10X Genomics Inc*., 967 F.3d 1353, 1375 (Fed. Cir. 2020) (finding comparability of license agreement properly discounted for the number of patents involved in the agreements).    Ultimately, Dr. Perryman's conservative approach of adjusting ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████ is a reasonable, supported, and fully disclosed methodology that complies with Federal Circuit requirements and will assist the jury in evaluating the comparable licenses.    To the extent Headwater disagrees with the reasonableness of Dr. Perryman's opinions and choices made in apportionment, "[t]he 'degree of comparability' [is] appropriately left for the jury to decide." *Bio-Rad Labs.,* 967 F.3d at 1374 (court also noting jury instructions should instruct jury to account for differences such as number of patents in relying on comparable licenses).

## II.  Dr. Perryman's References to Related Concurrent Litigation Between the Parties Is Relevant To Expert Opinion

Mr. Perryman's discussion of the existence of other litigations and facts related to such litigations is relevant to his damages opinions.    Under Fed. R. Civ. P. 26, an expert report is required to set forth the bases for an expert's opinions, even if those bases may implicate facts about other litigation.    Samsung certainly has no intention to violate this Court's standing order on motions *in limine* and would seek leave if Samsung believes Headwater opened a door on such issues.

8

As to Dr. Perryman's opinions discussing and referring to other litigations regarding his comparable agreement analysis, Dkt. 182-1 at ¶¶ 196-197, the other litigations are directly relevant to Dr. Perryman's analysis, including at least because



At trial, Dr. Perryman will comply with all Court orders, but has disclosed in detail here all bases for his opinions as required by Rule 26, including consideration of the other Headwater litigations. To the extent Headwater elicits this information or challenges Dr. Perryman's opinions here, Samsung may seek leave to present certain discussion of related litigations in a limited and specific manner, thus exclusion of such opinions now is premature.

As to Dr. Perryman's adjustments to ████████████████████████ Dr. Perryman discusses other litigations in only one paragraph of this analysis.  Dkt. 182-1 at ¶ 108. Headwater does not seek to exclude Dr. Perryman's reliance ███████████████ itself and does not dispute ██████████ is directly relevant to the damages analysis in this case.  Headwater again merely disagrees with the approach chosen by Dr. Perryman for ██████████████████████ ███████████████████████, to be more analogous to the hypothetical negotiation in this case.  As discussed above, such disagreements with adjusting comparable values by the number of patents is a dispute that goes to weight and not admissibility.

9

*Bio-Rad Labs.*, 967 F.3d at 1374 ("the 'degree of comparability' . . . is a 'factual issue[ ] best addressed by cross examination and not by exclusion.")  Dr. Perryman's adjustment ████ ███████████████████████████████████████████████ is not inherently prejudicial to Headwater or confusing.  Headwater does not identify what specific prejudice it would face if, for example, only these numbers were disclosed to the jury without reference to the other litigations specifically.  Dr. Perryman's approach remains reasonable for all the same reasons discussed above regarding patent number adjustments, and Dr. Perryman will follow all Court orders, seeking leave to discuss the related litigations if necessary to rebut an opening raised by Headwater.

## III. Dr. Perryman Appropriately Relies on Dr. Foster for Non-Infringing Alternatives Opinions

Headwater contends that Dr. Perryman's opinions on non-infringing alternatives should be excluded for numerous reasons that are duplicative of Headwater's arguments in its Motion to Strike Portions of Dr. Foster's Opinions, including because "these NIAs play no role in Samsung's calculation of damages."  Dkt. 182 at 9; Dkt. 176 at 9-15.  This is incorrect.  The mere existence of NIAs would be an important negotiation point raised by Samsung in assessing a reasonable royalty, which is how Dr. Perryman analyzes the available NIAs.  *See, e.g., Astrazeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1334-35 (Fed. Cir. 2015) ("When an infringer can easily design around a patent and replace its infringing goods with non-infringing goods, the hypothetical royalty rate for the product is typically low."); *Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302, 1312 (Fed. Cir. 2002).

Headwater complains primarily that "Dr. Perryman provides no financial analysis of how much it would cost to implement the NIAs," but it does not cite any case that requires a precise quantification of the costs of each non-infringing alternative, or quantification of a specific adjustment attributable to each non-infringing alternative, for a non-infringing alternative to be

relevant to the hypothetical negotiation.  Dkt. 182 at 9-11.  The case Headwater does cite, *Correction Transmission*, does not justify striking Dr. Perryman's non-infringing alternatives opinion.  In that case, the relevant expert(s) offered "no opinions regarding how the non-infringing alternatives should factor into the hypothetical negotiation," *Correct Transmission, LLC v. Nokia of Am. Corp.,* No. 2:22-CV-0343-JRG-RSP, 2024 WL 1327906, at *4 (E.D. Tex. Mar. 26, 2024), and "no damages opinion tying any non-infringing alternative to a proper damages analysis." *Correct Transmission, LLC v. Nokia of Am. Corp.,* No. 2:22-CV-0343-JRG-RSP, 2024 WL 1289821, at *4 (E.D. Tex. Mar. 26, 2024).  Here, ████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████.

    Headwater's remaining challenges to Dr. Perryman's opinions as to the availability[5] and acceptability of Samsung's non-infringing alternatives actually lie with Dr. Foster, not Dr. Perryman.[6]  In any event, Headwater's challenges to both Dr. Foster and Dr. Perryman's NIA opinions go to the weight, not admissibility, of Dr. Perryman's opinions, which Headwater is free to challenge via cross examination at trial.  *See Elbit Sys. Land and C4I Ltd. v. Hughes Network Sys., LLC,* 2017 WL 2651618, at *18 (E.D. Tex. June 20, 2017) (the dispute over NIAs "is one

---

[5] Primarily, Headwater's concern regarding lack of availability appears to be with the Apple Push Notification service NIA.  Headwater's dispute regarding the opinions on the technical availability of an Apple service to Samsung's Android-based devices is purely a point for cross examination and not for exclusion.

[6] *See, e.g.*, Dkt. 182-5 at ¶ 1156 (opining that "Indeed, the GTalkService Platform (either the version before Android 1.0 that was open to non-Google applications or the version that was available to only Google applications), OpenWave and Microsoft system were ***already implemented, and thus would be adequate and available***.") (emphasis added) and at ¶ 1173.

that will be resolved by the jury when they determine which alternatives, if any, are adequate noninfringing substitutes, and what affect that may have on any damages award").  For example, Headwater complains about the sufficiency of evidence proving dates and details of the disclosure of the systems (claiming some systems are "just made-up systems," Dkt. 182 at 12).  These are points to challenge Dr. Foster and Dr. Perryman with on cross examination should the factual evidence presented at trial not support the discussed NIAs.  Thus, at most, Headwater's criticisms go to weight, not admissibility.

As to Headwater's complaint regarding the sufficiency of Samsung's disclosure and identification of the NIAs during fact discovery, Samsung disagrees any disclosure was untimely. Samsung's disclosures of its non-infringing alternatives were timely and permitted Headwater sufficient notice and time to respond.  Headwater cites no authority for its argument that Samsung was required to disclose all of its non-infringing alternative evidence earlier than the last day of discovery.  Samsung disclosed its non-infringing alternatives within the fact discovery period in compliance with Fed. R. Civ. P. and the Court's scheduling order.  Interrogatory responses are not required to include the full content of expert opinions, but rather provide adequate notice, which Samsung's interrogatory responses on NIAs achieved: Headwater's expert was able to address and respond to Samsung's NIAs.  *See Genband US LLC v. Metaswitch Networks Corp*., No. 2:14-CV-33-JRG-RSP, 2016 WL 122969, at *3 (E.D. Tex. Jan. 9, 2016) (plaintiff "was not entitled to the detailed analyses of [defendant's] experts prior to the expert disclosure deadline").  Samsung intends to rely on and reserves the right to rely on all NIAs identified in its interrogatory responses in the manner disclosed in Dr. Perryman's report.

12

**IV. CONCLUSION**

      For the foregoing reasons, Samsung respectfully submits the Court should deny Headwater's motion to strike Dr. Perryman's expert opinions.

Dated:  November 4, 2024

Respectfully submitted,

By:  */s/ Thomas H. Reger II*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com

Vivian C. Keller (*pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**

14

1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036

15

Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111

16

Telephone: (415) 875-6600

Brady Huynh (admitted *pro hac vice*)
CA Bar No. 339441
bradyhuynh@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the following document is authorized to be filed under seal pursuant to the Protective order in this case.

*/s/ Sara C. Fish*
Sara C. Fish

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 4, 2024. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Sara C. Fish*
Sara C. Fish