IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00103-JRG-RSP |

**DEFENDANTS' REPLY IN SUPPORT OF ITS
RENEWED MOTION TO STAY PENDING *INTER PARTES* REVIEW**

Headwater cannot show that staying this case is unwarranted. Because Headwater is a pure licensing entity that delayed enforcement of its purported rights, Headwater cannot be unduly prejudiced by a stay. In addition, because the bulk of the parties' expenses remain ahead, Headwater cannot show that the case is too advanced to be stayed. And, because two-thirds of the asserted patents are likely to be eliminated by Samsung's IPRs, Headwater cannot show that the case is unlikely to be significantly simplified.

## I.   A STAY WOULD NOT UNDULY PREJUDICE HEADWATER

Headwater does not articulate any specific need for an expeditious resolution of its claims, such that it would face **undue** prejudice from a pre-institution stay. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("[W]hether the patentee will be *unduly prejudiced* by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim." (emphasis in original)). The temporary deferral of litigation alone does **not** create undue prejudice, because a "stay will not diminish the monetary damages to which [plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages." *Id.*; *see also Stragent LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446, 2017 WL 3709083, at *2 (E.D. Tex. July 11, 2017); *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015).

The Court should disregard Headwater's claims that it is not an NPE ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*see* Opp. at 4-5). The record is clear. Headwater has always been a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 5 (Raleigh 3/7/24 Dep. Tr.) at 28:2-7, 46:25-47:11, 160:2-4. In any event, ItsOn is irrelevant to the present case given that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ To date, Headwater has identified ▬▬▬▬▬▬▬▬ to the asserted patents. Thus, Headwater can only point to a potential delay in enforcement of patent rights—a "factor [] present in every case in which a patentee resists a stay, and . . . [in]sufficient, standing alone, to defeat a stay motion." *Village Green Techs., LLC v. Samsung Elecs. Co., Ltd.*, No. 2:22-CV-00099-JRG, 2023 WL 416419, at *2 (E.D. Tex. Jan. 25, 2023); *see also Resonant Sys., Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:22-CV-00423-JRG, 2024 WL 1021023, at *4 (E.D. Tex. Mar. 8, 2024) ("RevelHMI has not identified any prejudice beyond the delay of the vindication of its patent rights and alleged entitlement to collect money damages. Such, on its own, is not enough to show undue prejudice."). Thus, this factor weighs in favor of a stay.

Moreover, it is Headwater—not Samsung—who has continued to delay the present action. Indeed, Headwater's "conduct . . . casts doubts on its seriousness as to the prosecution of this case in this Court." *See Village Green Techs.*, 2024 WL 1021023, at *3. For example, Headwater waited ***six years*** after its last patent issued to bring this suit—which shows that it did not feel a need for any particularly expeditious enforcement of its alleged rights. No such need now arises simply because IPRs have been instituted against the majority of claims and patents in the case and will be resolved in about 10 months from now. *See CyWee Grp. Ltd. v. Samsung Elecs. Co., Ltd.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *4 (E.D. Tex. Feb. 14, 2019) ("Further undermining [plaintiff's] suggestion as to the urgency of obtaining judicial relief is the fact that [it] delayed for more than three years after the issuance of the [asserted] patents before

---

[1] Samsung notes that Headwater continues to use ItsOn as a sword against Samsung in this case despite having no factual basis to do so and failing to properly answer basic interrogatories about ItsOn's purported relevance to the case. *See generally* Dkt. 134 (Samsung's Mot. to Compel re ROG 11).

2

bringing suit against Samsung."). Indeed, Dr. Raleigh, founder and CEO of Headwater testified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 6 (Raleigh 11/15/23 Dep. Tr.) 198:1-9. These intervening years indicate self-imposed delay that should not now be disregarded to thwart Samsung's stay motion.

Nor have Headwater's delays ceased since bringing the present action. For example, Samsung has now accommodated three requests from Headwater to modify the DCO, and Headwater recently moved to extend yet another deadline, largely based on its own failures to promptly seek discovery. *See* Dkt. Nos. 87, 110, 130, 132. Headwater's pattern of routine delay and obstruction in supposedly vindicating its patent rights has been long-apparent and is well cataloged in Samsung's reply in support of its original motion to stay. *See* Dkt. 75 at 3.

On the flip side, Samsung filed its first two IPRs in November 2023, less than two months after Headwater served its initial infringement contentions. Shortly after, Samsung completed its final two IPR filings in January 2024, only a month after Headwater served its amended infringement contentions. All IPRs were filed less than five months after Headwater filed its first Amended Complaint on July 24, 2023 (Dkt. 31). Samsung promptly filed its original stay motion after completing IPR filings for all three asserted patents on January 25, 2024 (Dkt. 70). This timeline is well within the scope of what courts in this district have deemed reasonable. *See Emed Techs. Corp. v. Repro-med Sys., Inc.*, No. 2:15-CV-1167-JRG-RSP, 2016 WL 2758112, at *2 (E.D. Tex. May 12, 2016) ("Courts have held that a delay of over seven months can be reasonable."); *NFC Tech.*, 2015 WL 1069111, at *4 ("[A] delay of seven and one-half months from the filing of the complaint is not unreasonable. That is particularly true [since] the petitions were filed only four months after NFCT served its infringement contentions on HTC.").

Finally, Headwater cannot credibly claim that a stay would cause undue prejudice because it has recently agreed to a stay in other litigation involving similar patents. *See* Ex. 7. Such conduct is not consistent with Headwater's arguments to the Court in its opposition.

## II. THIS CASE IS NOT AT A SUFFICIENTLY ADVANCED STAGE

While some work has been done in this case, "the bulk of the expenses that the parties would incur in pretrial work and trial preparation are still in the future." *NFC Tech.*, 2015 WL 1069111, at *3 (granting motion to stay with only a month left in fact discovery). As Samsung's renewed motion to stay argues, the upcoming work includes the close of fact discovery (recently extended to September 20th), expert discovery, dispositive motions, *Daubert* motions, motions in *limine*, jury instructions, pre-trial conference, jury selection, and trial. *See* Dkt. 131. Headwater cannot dispute that these substantive stages remain ahead, and in fact insists on creating more work by seeking more depositions. *See* Dkt. 132 at 2-3. The potential to simplify the case before any of these cost-heavy pre-trial litigation activities take place favors a pre-institution stay. Samsung's promptly filed pre-institution motion to stay (Dkt. 70)–filed well over a month before proposed claim terms had even been exchanged (Dkt. 63)–also must be given weight in considering the stage of the case. *Solas OLED Ltd. v. Samsung Display Co.*, Ltd., No. 2:19-CV-00152-JRG, 2020 WL 4040716, at *2 (E.D. Tex. July 17, 2020) (according weight to the timing of defendant's pre-institution stay motion); *e-Watch Inc. v. Apple, Inc.*, No. 2:13-CV-1061-JRG-RSP, 2015 WL 12915668, at *3 (E.D. Tex. Mar. 25, 2015) (same).

Headwater's arguments to the contrary are unpersuasive. In fact, Headwater fails to address the immense cost savings that will result from a stay while at the same time, implicitly recognizing that IPRs are likely to eliminate 60% of this case. Opp. at 2. Headwater instead focuses on recently taken depositions and the upcoming close of fact discovery, which pale in comparison to the mountain of upcoming costs both parties face. Headwater's reliance on claim

4

construction is similarly unavailing. Although a claim construction report and recommendation order has issued, Samsung's objections to that order still require resolution. *See* Dkt. 126.

### III. A STAY WOULD INDISPUTABLY SIMPLIFY THE CASE

IPRs have been instituted against 15 out of 25 asserted claims and 2 out of 3 asserted patents. This is not insignificant. According to the PTAB's latest statistics, 78% of instituted claims that reach FWD are invalidated. *See* Ex. 8 (of the instituted claims that reach a FWD, 4,413 were found unpatentable and 1,222 were found patentable).

That the '117 patent IPR did not institute does not change the fact that a stay would simplify the case. This Court has previously found this factor to weigh in favor of a stay when two out of three asserted patents in a case were subject to IPR:

> ***On balance, this factor weighs slightly in favor of a stay***. Ericsson filed the IPR petitions and will be subject to estoppel even if no asserted claims are found unpatentable. Thus, '[r]egardless of whether the IPRs result in invalidating the Asserted Claims, there is still a substantial likelihood that the issues will be narrowed' to some degree. *Solas*, 2020 WL 4040716, at *3.

*Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, No. 2:21-CV-00113-JRG, 2022 WL 17484264, at *3 (E.D. Tex. July 7, 2022) (emphasis added).

Similar benefits exist here as there is a substantial likelihood that the issues will be narrowed. As discussed above, two of the three asserted patents are likely to be invalidated which would offer significant narrowing to the parties' upcoming work and number of triable issues. As a result, this factor weighs in favor of a stay.

### IV. CONCLUSION

Because all three factors favor the requested stay, Samsung respectfully requests that the Court grant Samsung's renewed motion to stay.

| | |
|---|---|
| Dated: September 13, 2024 | Respectfully submitted, |

By: */s/ Jonathan B. Bright*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice* forthcoming)
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice* forthcoming)
GA Bar No. 512272
lake@fr.com
Vivian C. Keller (admitted *pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**

6

        1180 Peachtree St. NE, Fl. 21
        Atlanta, GA 30309
        Telephone: (404) 892-5005
        Facsimile: (404) 892-5002

        Leonard E. Davis
        TX Bar No. 05521600
        ldavis@fr.com
        Andria Rae Crisler
        TX Bar No. 24093792
        crisler@fr.com
        Thomas H. Reger II
        Texas Bar No. 24032992
        reger@fr.com
        **FISH & RICHARDSON P.C.**
        1717 Main Street, Suite 5000
        Dallas, TX 75201
        Telephone: (214)747-5070
        Facsimile: (214) 747-2091

        John-Paul R. Fryckman (*pro hac vice*)
        CA Bar No. 317591
        John W. Thornburgh
        CA Bar No. 154627
        thornburgh@fr.com
        **FISH & RICHARDSON P.C.**
        12860 El Camino Real, Ste. 400
        San Diego, CA 92130
        Telephone: (858) 678-5070
        Facsimile: (858) 678-5099

        Katherine D. Prescott (*pro hac vice*)
        CA Bar No. 215496
        prescott@fr.com
        **FISH & RICHARDSON P.C.**
        500 Arguello Street
        Suite 400
        Redwood City, CA 94063
        Telephone: (650) 839-5180
        Facsimile: (650) 839-5071

        Kyle J. Fleming (*pro hac vice*)
        NY Bar No. 5855499
        kfleming@fr.com
        **FISH & RICHARDSON P.C.**
        7 Times Square, 20th Floor,
        New York, NY 10036

Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
Harry Lee Gillam , Jr
gil@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Lance Lin Yang
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP – LA**
Los Angeles, CA 90017 USA
Tel: (213) 443-3000
Fax: (213) 443-3100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com

8

**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on September 13, 2024.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                              */s/ Jonathan B. Bright*
                                              Jonathan B. Bright

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the following document is authorized to be filed under seal pursuant to the Protective order in this case.

                                              */s/ Jonathan B. Bright*
                                              Jonathan B. Bright