# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, *Plaintiff*, v. SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC., *Defendants*. | Case No. 2:23-CV-00103-JRG-RSP |

**DEFENDANTS' UNOPPOSED MOTION TO REDACT PORTIONS OF THE
<u>DECEMBER 16, 2024 PRETRIAL CONFERENCE TRANSCRIPT</u>**

Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc. ("Samsung") respectfully submit this motion to redact certain limited portions of the December 16, 2024 Pretrial Conference transcript. On December 24, 2024, Samsung notified the Court of its intent to request redactions of this transcript. Dkt. 305.

## I.  BACKGROUND

On December 16, 2024, the Court held a Pretrial Conference to address various motions in limine. Dkt. 297. During that conference, the parties and the Court discussed matters designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 65). For example, the parties discussed certain confidential commercial agreements between the Defendants and third-party Google, as well as Samsung confidential business information concerning its use of the accused technologies.

## II.  REQUEST FOR REDACTION

"The 'right to inspect and copy judicial records is not absolute.'" *See Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, Case No. 2:15-cv-1202-WCB, 2017 U.S. Dist. LEXIS 14099, at *3 (E.D. Tex. Feb. 1, 2017) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The decision whether to allow public access to court records is left to the 'sound discretion of the trial court ... to be exercised in light of the relevant facts and circumstances of the particular case.'" *Id.* (quoting *Nixon*, 435 U.S. at 599). "Where the materials relate to non-dispositive issues, the interest in disclosure is less compelling. In particular, the materials filed in connection with discovery disputes unrelated to the merits of the case have been identified as the kinds of court materials for which there is not a compelling need for public disclosure; the presumption of disclosure has therefore been held inapplicable in that setting." *Id.* at *5.

Here, the narrowly tailored redactions maintain the confidentiality of matters designated as confidential under the Protective Order (Dkt. 65). The redacted materials relate to non-dispositive issues, therefore the presumption of disclosure does not apply. Samsung thus believes it is appropriate to redact such information from the transcript and now moves to effectuate the redaction of such information. Samsung requests that the Court order the redaction of the material discussed on the following pages of the December 16, 2024 Pretrial Conference transcript:

| Page | Line No(s) | Reason |
| --- | --- | --- |
| 88 | 3-8, 10, 17-18, 22-23 | Reveals confidential details concerning confidential commercial agreements with third party Google |
| 89 | 9-11, 21-22 | Reveals confidential details concerning confidential commercial agreements with third party Google |
| 90 | 3 | Reveals confidential details concerning confidential commercial agreements with third party Google |
| 92 | 3, 8, 12, 15-16, 23-25 | Reveals confidential details concerning confidential commercial agreements with third party Google |
| 93 | 2, 5-6, 9-10 | Reveals confidential details concerning confidential commercial agreements with third party Google |
| 94 | 19, 23-25 | Reveals confidential Samsung business information |
| 95 | 1-2, 18 | Reveals confidential Samsung business information |
| 96 | 13-15 | Reveals confidential details concerning confidential commercial agreements with third party Google |
| 96 | 20-22 | Reveals confidential Samsung business information |
| 97 | 19-24 | Reveals confidential details concerning confidential commercial agreements with third party Google |
| 98 | 1 | Reveals confidential Samsung business information |
| 98 | 6-10 | Reveals confidential details concerning confidential commercial agreements with third party Google |
| 98 | 13-14 | Reveals confidential Samsung business information; Reveals confidential details concerning confidential commercial agreements with third party Google |
| 99 | 3 | Reveals confidential Samsung business information |
| 99 | 14-19, 23-24 | Reveals confidential details concerning confidential commercial agreements with third party Google |

| Page | Line No(s) | Reason |
|---|---|---|
| 100 | 5-8, 12-21 | Reveals confidential details concerning confidential commercial agreements with third party Google |
| 101 | 2-3, 10-12, 17, 23-24 | Reveals confidential details concerning confidential commercial agreements with third party Google |
| 102 | 1-4, 7-11, 13-14, 16-17, 19, 21-22 | Reveals confidential details concerning confidential commercial agreements with third party Google |
| 103 | 3-5, 8-11 | Reveals confidential details concerning confidential commercial agreements with third party Google |

Samsung's requested redactions are highlighted in Exhibit A, attached hereto. Where possible, these redactions were targeted so as not to include the entire line. Counsel for Headwater Research, LLC does not oppose the above-requested relief and seeks redaction of the December 16, 2024 Pretrial Conference Transcript at: 41:21-24, 42:7-8, 42:10-12, 42:23-25, 43:12-23, 44:2-3, 44:21-23, 45:12-15, 46:8-11, 47:1-2, 47:6-8, 47:11-13, 47:19-25, 48:5-7, 57:4-5, 57:24-25, 59:4, 60:2, and 60:5. Headwater's requested redactions are also reflected in Exhibit A.

Samsung considers the details of its commercial agreements with Google and aspects of its own business information to be highly sensitive and confidential, as they are not otherwise known to the public. Public disclosure of information concerning the commercial agreements between Samsung and Google creates a risk of harm to Samsung and third-party Google during future negotiations and/or business transactions. This harm outweighs the presumption of public access at least because the redactions will not affect the public's ability to understand the underlying issues in the rest of the record, as the confidential specifics that are proposed for redaction are not germane to the issues decided at the December 16, 2024 Pretrial Conference.

Good cause exists to redact this information from the transcript in light of the potential harm to Samsung and third-party Google. This motion is brought shortly after the December 16, 2024 Pretrial Conference in which this information was raised on the record. And all individuals

present in the courtroom during the December 16, 2024 Pretrial Conference were subject to this case's Protective Order (Dkt. 65)—i.e., the attorneys for the parties, the Court, its clerks, and supporting staff members.  As such, there was no need to seal the courtroom during the discussion of the confidential Samsung business information and the confidential commercial agreements between Samsung and third-party Google.  As noted above, redacting the requested details does not inhibit the public's ability to understand the dispute, the arguments, or the resolution.  Samsung respectfully requests that the Court grant its motion for these targeted redactions.

### III.   CONCLUSION

Samsung respectfully requests that the Court grant its unopposed motion to redact the December 16, 2024 Pretrial Conference transcript and enter the redacted transcript containing the proposed redactions attached as Exhibit A into the public record.

Dated: January 10, 2025          Respectfully submitted,

By:   */s/Jonathan B. Bright*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Vivian C. Keller (*pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**

1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036

6

Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111

7

Telephone: (415) 875-6600

Brady Huynh (admitted *pro hac vice*)
CA Bar No. 339441
bradyhuynh@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), I hereby certify that counsel of record for Samsung and Headwater have met and conferred.  Headwater does not oppose this motion.

                                                */s/ Jonathan B. Bright*
                                                Jonathan B. Bright

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 10, 2025.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                                */s/ Jonathan B. Bright*
                                                Jonathan B. Bright