# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, *Plaintiff*, v. SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., *Defendants*. | Case No. 2:23-cv-00103-JRG-RSP **JURY TRIAL DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S REPLY
IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT
AS TO SAMSUNG'S STANDING DEFENSE (Dkt. 174)**

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. MATERIAL FACTS ....................................................................................................... 1

III. ARGUMENT .................................................................................................................. 2

    A. Headwater Has Met Any Burden It Is Required to Meet ............................................ 2

        1. Dr. Raleigh's Invention Timeline Is Corroborated and Credible ....................... 3

        2. Qualcomm's Conduct Is Not "Consistent with Its Ownership"—It Instead Corroborates Dr. Raleigh ................................................................................. 5

        3. Samsung Seeks to Impose Burdens that Defy Logic, Disregard This Court's Prior Findings, and Are Unsupported by Case Law ........................................ 8

    B. Baseless Attorney Argument that Dr. Raleigh's Conception Date Is "Simply Not Credible" Cannot Support Any Finding for Samsung ................................................. 9

# **TABLE OF AUTHORITIES**

**Cases**

*Apator Miitors ApS v. Kamstrup A/S*,
   887 F.3d 1293 (Fed. Cir. 2018) .................................................................................................. 8

*Bio-Rad Labs., Inc. v. Int'l Trade Comm'n*,
   996 F.3d 1302 (Fed. Cir. 2021) .................................................................................................. 9

*FilmTec Corp. v Hydranautics*,
   982 F.2d 1546 (Fed. Cir. 1992) .................................................................................................. 9

*In re Costello*,
   717 F.2d 1346, 1350 (Fed. Cir. 1983) ........................................................................................ 3

*iRobot Corp. v. SharkNinja Operating LLC*,
   2024 WL 3687981 (Fed. Cir. Aug. 7, 2024) ............................................................................. 8

\* All emphasis in quoted material has been added unless otherwise noted.

## TABLE OF EXHIBITS & ABBREVIATIONS

Exhibits 1-14 listed below were previously filed on October 25, 2024 in conjunction with Headwater's Motion for Partial Summary Judgment as to Samsung's Standing Defense (Dkt. 174). Exhibit 15 was previously filed at Dkt. 202-1. Exhibit 16 is attached to the concurrently filed Declaration of Kristopher Davis.

| Ex. | Document Description | Abbreviation | Dkt. No. |
|---|---|---|---|
| 1 | Report and Recommendation on Standing in *Headwater Research LLC v. Samsung Electronics Co. Ltd.*, No. 2:22-cv-00422-JRG-RSP, Dkt. 399 (E.D. Tex. Aug. 2, 2024) | 422 Standing R&R | 175-1 |
| 2 | Transcript of Evidentiary Hearing in *Headwater Research LLC v. Samsung Electronics Co. Ltd.*, No. 2:22-cv-00422-JRG-RSP (E.D. Tex. July 25, 2024) | 422 Evid. Hearing Tr. | 175-2 |
| 3 | Assignment record for '117 patent | '117 Assignments | 175-3 |
| 4 | Assignment record for '192 patent | '192 Assignments | 175-4 |
| 5 | Assignment record for '733 patent | '733 Assignments | 175-5 |
| 6 | Excerpts from Opening Report of Samsung's technical expert, Dr. Ian Foster, dated September 26, 2024 | Foster Op. Rpt. | 174-1 |
| 7 | Invention Disclosure, Confidentiality & Proprietary Rights Agreement, signed by Dr. Gregory Raleigh, dated December 18, 2006 | Qualcomm Agreement | 174-2 |
| 8 | Qualcomm employment record of Dr. Gregory Raleigh, dated February 21, 2024 | Raleigh Employment Record | 174-3 |
| 9 | Qualcomm's objections and responses to Samsung's subpoena in *Headwater Research LLC v. Samsung Electronics Co. Ltd.*, No. 2:22-cv-00422-JRG-RSP, dated January 23, 2024 | 422 Qualcomm Subpoena Resp. | 175-6 |
| 10 | Qualcomm's objections and responses to Samsung's subpoena in this action, dated February 19, 2024 | 103 Qualcomm Subpoena Resp. | 175-7 |
| 11 | Transcript from deposition of Dr. Gregory Raleigh, dated September 10, 2024 | 9/10/24 Raleigh Tr. | 174-4 |

| Ex. | Document Description | Abbreviation | Dkt. No. |
|---|---|---|---|
| 12 | Excerpts from the Initial Determination in ITC Inv. No. 337-TA-1100, dated July 12, 2019 | *Bio-Rab* Init. Det. | 175-8 |
| 13 | Letter from Qualcomm to Dr. Gregory Raleigh, dated April 4, 2022 | 2022 Qualcomm Offer | 174-5 |
| 14 | Samsung's Amended Second Supplemental Objections and Responses to Headwater Research LLC's First Set of Interrogatories (Nos. 1-17) | - | 174-6 |
| 15 | Best Buy Presentation titled "Rewiring the Mobile Internet," dated October 23, 2008 | 10/23/08 Best Buy Presentation | 202-1 |
| 16 | Qualcomm Email Chain Regarding IP Diligence, dated April 21-24, 2009 | Apr. 2009 Qualcomm Emails | - |

## I. INTRODUCTION

Headwater's standing is demonstrated by its patent assignments, Dr. Raleigh's testimony, his employment record at Qualcomm, the original patent application describing his invention, documentary evidence consistent with his invention timeline, and years of Qualcomm recognizing Headwater owns the asserted patents. That is more than sufficient to meet any burden Headwater has. In contrast, Samsung offers nothing more than attorney argument and mischaracterizations of fact and law. As before, Headwater's motion for summary judgment (Dkt. 174) should be granted.

## II. MATERIAL FACTS

Samsung does not meaningfully dispute Headwater's Undisputed Material Facts. Dkt. 204 at 2-3. But Samsung wrongly asserts that "summary judgment is not appropriate because standing depends on the Court's fact findings and credibility determinations." Dkt. 204 at 2. The Court already made such findings and determinations in the 422 Action, and they remain relevant here.

Samsung also asserts that Qualcomm has "shown support for Samsung in this case." Dkt. 204 at 3. To be clear, Qualcomm has been fully aware of this standing dispute for a year and even attended the Court's evidentiary hearing. *See* 422 Evid. Hearing Tr. at 3:20-21. Yet Qualcomm has never sought to intervene, has never filed any action of its own, and has never produced any evidence demonstrating conception while at Qualcomm or otherwise undermining Dr. Raleigh's testimony. That hardly shows "support" for Samsung's unsubstantiated standing defense here.

Samsung's "Additional Material Facts" are also erroneous. For example, Samsung's focus on the term "aggregated messaging" (e.g., Dkt. 204 at 4-5, 8-9) is misplaced, in that Dr. Raleigh clearly stated he was not describing any claimed invention as "aggregated messaging" but was instead describing a higher-level concept as relevant context. *See, e.g.*, 9/10/24 Raleigh Tr. at 64:14-67:25 ("If you want me to talk about a specific invention defined by a claim I need to use the words in the claim. I can talk to you about concepts like aggregated messaging but that would

be separate from any specific invention. … Those words do not appear in claim 1. But I can talk to you separate from the claim, separate from the patent, I can explain what I meant by that concept but I can't read word [into] claims. … I'm not saying it's what these inventions are. I think that there are similar descriptions in my specifications but not exactly the same."). As discussed in the Argument section below, Samsung also mischaracterizes the proposed release discussed with Qualcomm and continues to misinterpret Dr. Raleigh's 2021 panel remarks. Dkt. 204 at 7, 9-10.

### III. ARGUMENT

#### A. Headwater Has Met Any Burden It Is Required to Meet

Headwater maintains that paragraph 1.4 of the Qualcomm Agreement is void and unenforceable, consistent with findings of the Federal Circuit and other courts. *See, e.g.*, 422 Action, Dkt. No. 241 at 8-10, Dkt. No. 287 at 13-15. But to the extent this one-year presumption places any burden on Headwater, it is overcome here. Samsung's characterization of what Headwater must show is contrary to logic, case law, and this Court's findings in the 422 Action. And while Samsung tries to dismiss the Court's prior finding that Dr. Raleigh's testimony was "corroborated and credible" (422 Standing R&R at 12), that finding is highly relevant here because the bulk of this case's invention timeline is exactly what Dr. Raleigh described in the 422 Action.

Headwater cannot be expected to corroborate what was *not* in Dr. Raleigh's mind before he left Qualcomm. That would be wrong as a matter of law and logic, as this Court explained:

> The corroboration requirement simply does not mechanically work in the situation where the party without the burden is the one trying to prove an earlier conception date. Here, **Headwater has no need to corroborate its latest conception date, the one supported by prosecution history filing, as it relies on no testimony**. What Samsung wants Headwater to provide corroboration for is the **lack** of conception. Headwater would have to provide documentation that something novel was expressly not conceived of while Dr. Raleigh worked at Qualcomm. This is impractical, and the Court will not hold Headwater to such a standard.

422 Standing R&R at 12; 422 Evid. Hearing Tr. at 173:2-5 (the Court to Samsung: "[W]ouldn't

2

corroborating evidence be something you need to get an earlier date? I mean, surely there is no requirement that you can't have conceived an idea if you don't have corroborating evidence.").

The asserted patents here claim priority to the '354 application filed on January 28, 2009. Samsung does not dispute that they are entitled to this priority date. Dkt. 204 at 2 (confirming SUMF No. 5 is "Undisputed"). Thus, there is "no need to corroborate" conception as of January 28, 2009 because that priority claim "relies on no testimony." 422 Standing R&R at 12. Put another way, if there were a need for documentary corroboration that Dr. Raleigh conceived of the claimed inventions as of January 28, 2009, then the '354 application itself is evidence of conception, as the Federal Circuit has long recognized. *E.g.*, *In re Costello*, 717 F.2d 1346, 1350 (Fed. Cir. 1983) ("The filing of the original application is, however, evidence of conception to the invention."). Certainly, there is no evidence that the '354 application or any portion of it was generated more than four months earlier while Dr. Raleigh was at Qualcomm.

### 1.     Dr. Raleigh's Invention Timeline Is Corroborated and Credible

Besides the '354 application itself, other record evidence further corroborates Dr. Raleigh's testimony. For example, Dr. Raleigh testified that he did not work at Qualcomm as an engineer but instead was tasked with "business strategy and various business roles relying more on [his] entrepreneurial background as opposed to [his] inventor/engineering background." 422 Evid. Hearing Tr. at 13:4-10. In fact, he "did not invent anything" while he was at Qualcomm, much less the specific claimed inventions here. *Id.* This testimony is not contradicted by any evidence and is corroborated by the record of Dr. Raleigh's employment produced by Qualcomm, which indicates his title was "VP, Product Management." *See* Raleigh Employment Record.

As previously explained, Dr. Raleigh testified about how, after Dr. Raleigh left Qualcomm on September 19, 2008 (*see id.*), he attended a meeting with Best Buy that ended on September 25, 2008, during which vendors presented about network-side solutions they believed would

3

support Best Buy's plan to introduce an MVNO. *See* 422 Standing R&R at 7-8; 422 Evid. Hearing Tr. at 20:4-23:16. While traveling home from the meeting, Dr. Raleigh had an "ah-ha" moment: while the vendors had all pitched network-side solutions to MVNO issues, Dr. Raleigh thought "if you could find a way to move technology onto the device and try to solve the problem there, it would open up a whole new world of opportunity for products, inventions, et cetera." 422 Evid. Hearing Tr. at 22:11-21. To be clear, this "ah-ha" moment was not itself the conception of any claimed invention; it was simply the "spark" that prompted Dr. Raleigh to explore certain device-side technologies, which then *eventually* led to conception of the claimed inventions months later. *See, e.g.*, 422 Evid. Hearing Tr. at 7:17-20, 22:11-23:1, 182:18-183:3.

After considering Dr. Raleigh's testimony about the timing and nature of his initial "ah-ha" moment about investigating device-side technologies, as well as other evidence (*see, e.g.*, 10/23/08 Best Buy Presentation), the Court found "the broad strokes of Dr. Raleigh's story [to be] ***corroborated and credible***." 422 Standing R&R at 12. Samsung dismisses those findings and the evidence supporting them as "inapplicable to this case" merely because Dr. Raleigh did not conceive the claimed inventions here until after his initial "ah-ha" about exploring device-side technologies. Dkt. 204 at 8, 12. But that same testimony from Dr. Raleigh is just as relevant here because what prompted Dr. Raleigh to conceive of the claimed inventions here was his realization that moving toward device-side technology presented new problems that needed to be solved. *E.g.*, 9/10/24 Raleigh Tr. at 115:4-118:10, 146:9-148:14, 150:17-152:19 (again describing how his initial "inkling of a new direction" focused on device-side technology and how the claimed inventions here were part of "a second wave" that was "necessary to make the first wave work" once Dr. Raleigh realized the device-side focus raised new challenges that needed to be solved).

Dr. Raleigh's deposition testimony about developing the claimed inventions (which

4

generally relate to messaging systems) is fully consistent with the earlier portion of his invention timeline (e.g., Best Buy meeting after he left Qualcomm, "ah-ha" about exploring device-side technologies after the Best Buy meeting), which this Court already found "corroborated and credible." 422 Standing R&R at 12. This same early part of the invention timeline prompted Dr. Raleigh to conceive of the claimed inventions here, in an effort to address new problems created by moving toward device-side technologies. The Court should likewise find his invention timeline here corroborated and credible, including for the same reasons as in the 422 Action.

### 2. Qualcomm's Conduct Is Not "Consistent with Its Ownership"— It Instead Corroborates Dr. Raleigh

Samsung asserts that Headwater "makes much of Qualcomm's behavior in 2017-2022" but "ignor[es] Qualcomm's behavior closer to the events in question in 2009." Dkt. 204 at 18. That is both wrong and a deflection. Qualcomm has ***never*** brought any legal action or other claim of patent ownership against Dr. Raleigh or Headwater. Samsung's defense is based on an unnamed person within Qualcomm raising a vague insinuation about Dr. Raleigh's earliest patent application being filed several months after he left Qualcomm. The Court already considered that insinuation and the lack of evidence supporting it. Samsung has nothing more to offer now. Indeed, that Samsung could uncover nothing more despite months of additional time to investigate only further shows the insinuation was entirely unsubstantiated. Samsung unreasonably demands contemporaneous documentary corroboration for every aspect of Dr. Raleigh's testimony (and ignores documentary evidence already provided), yet Samsung blindly accepts zero corroboration for an unnamed person's vague insinuation 15 years ago, which Qualcomm itself never acted upon. This is telling.

Back in 2009, Dr. Raleigh explained to Qualcomm the technical details of his inventions and his invention timeline—including how even his first "ah-ha moment" about focusing on

device-side technology occurred after he left Qualcomm and after his Best Buy meeting.[1] *E.g.*, 422 Evid. Hearing Tr. at 8:8-21, 30:13-31:1, 33:22-34:13. Dr. Raleigh and his team also repeatedly asked Qualcomm for details about the insinuation someone made and whatever evidence supposedly supported it. *E.g.*, *id.* at 41:23-42:21. Headwater even tried to arrange a face-to-face meeting for Qualcomm to lay out any assertions or supposed evidence it had, but Qualcomm never agreed to meet and never produced any alleged evidence. *Id*. As shown at the evidentiary hearing, Dr. Raleigh's testimony on this is supported by contemporaneous documentation. *E.g.*, Apr. 2009 Qualcomm Emails (bullet 4 on HW_00104078). There is zero evidence Qualcomm ever produced anything to Headwater to support the vague insinuation someone made in 2009. Qualcomm similarly has never produced evidence of conception while at Qualcomm despite Samsung's broad subpoenas. *See* 422 Qualcomm Subpoena Resp.; 103 Qualcomm Subpoena Resp.

Samsung offers no meaningful response, only mischaracterizations and deflections. For example, it asserts that "[m]ost revealingly, Headwater requested a release 'in consideration of … equity purchase agreements.'" Dkt. 204 at 18. That is a false characterization, as this Court found. The equity interest was being negotiated before there was any "insinuation." *See* 422 Evid. Hearing Tr. at 179:22-180:1 (this Court noting the consideration "wasn't an exchange of ownership for the release"). The release only came up when Qualcomm asked for an additional 5%, and Dr. Raleigh refused and demanded a release or Headwater would walk away—which it did. *Id.* at 43:7-45:25.

As another example, Samsung deflects from Qualcomm's decision to never bring any claim of patent ownership by blaming Headwater for not filing a declaratory judgment action against

---

[1] Again, this notion of exploring device-side technology was itself not the conception of any invention. And as explained in the deposition excerpts referenced in Headwater's opening brief, new problems created by the move toward device-side technology are what later prompted Dr. Raleigh to conceive the claimed inventions as potential solutions to such problems. *E.g.*, Dkt. 174 at 6-8 (quoting and citing 9/10/24 Raleigh Tr. at 115:4-118:10, 146:9-148:14, 150:17-152:19).

6

Qualcomm. Dkt. 204 at 18. As Dr. Raleigh already explained: "It just wasn't necessary. There was no encumbrance on the title. Nothing was claimed. It was just vague insinuations that they couldn't do anything with and wouldn't do anything with." 422 Evid. Hearing Tr. at 38:4-7; *see also id.* at 36:23-38:2. And Headwater was right; Qualcomm never pursued any alleged claim.

Samsung follows this with another deflection, asserting that "[b]y 2017-2022, there is no evidence the same people at Qualcomm were even involved." Dkt. 204 at 18. Notably, Samsung is suggesting that the President of the IP licensing program at Qualcomm—one of the most sophisticated IP owners in the world—offered millions of dollars to buy "Headwater Patents" that "are owned by Headwater" without knowing any of the negotiation history between Qualcomm and Headwater. *Id.* at 18-19; 2022 Qualcomm Offer. This is not credible and has zero basis.

Samsung also dismisses Dr. Raleigh's testimony about Qualcomm knowingly letting the statute of limitations expire as "self-serving hearsay." Dkt. 204 at 19. Again, Samsung has no testimony or document suggesting otherwise. And in fact, Dr. Raleigh's explanation is entirely consistent with the undisputed facts. It is clear Qualcomm was aware of the vague insinuation someone made in 2009 and yet never brought any action relating to patent ownership. If Qualcomm did not knowingly let the statute of limitations expire, then Samsung is apparently suggesting that Qualcomm—again, an extremely sophisticated company and IP holder—intended to bring a claim but carelessly forgot to do so. Again, such speculations are not credible. Dr. Raleigh obviously would not have re-engaged in negotiations with Qualcomm in 2017 or 2022 if the same vague insinuation from 2009 could derail them. *See, e.g.*, 422 Evid. Hearing Tr. at 9:4-14, 48:16-49:16.

At bottom, Samsung is ignoring undisputed facts and basic logic. Samsung has no credible explanation—nor could there ever be one—for Qualcomm supposedly knowing that it owned Headwater's patents and yet offering millions of dollars to buy them, including in a letter calling

7

them "Headwater Patents" that "are owned by Headwater." 2022 Qualcomm Offer. All Samsung can offer are absurd, baseless assertions about Qualcomm forgetting about IP rights or repeatedly failing to perform basic due diligence before issuing multi-million dollar offers that refer to the subject IP as belonging to Headwater. The actual facts corroborate Dr. Raleigh.

### 3. Samsung Seeks to Impose Burdens that Defy Logic, Disregard This Court's Prior Findings, and Are Unsupported by Case Law

Samsung recognizes that "Headwater is not required to prove that Dr. Raleigh *did not* conceive at Qualcomm" but asserts that Headwater "is required to prove *when* he did conceive." Dkt. 204 at 14 (emphasis in original). These are just word games. This Court appropriately recognized that "[t]he corroboration requirement simply does not mechanically work in the situation where [Samsung] is the one trying to prove an earlier conception date." 422 Standing R&R at 12. Samsung is disregarding this direction from the Court. In the 422 Action, the Court "require[d] Dr. Raleigh's testimony regarding his 'ah-ha moment' to be corroborated" and did "not expect this corroboration to demonstrate his exact moment of conception or a lack of prior conception." *Id.* That same initial "ah-ha" moment about exploring device-side technologies is just as corroborated now as it was in the 422 Action. The only difference is that, as Dr. Raleigh's testimony quoted in Headwater's opening brief shows, that move toward device-side technology created new problems that prompted him to conceive of the claimed inventions to address them. Samsung's reliance upon generic case law about corroboration ignores (i) that the Court already found the bulk of the invention timeline here to be corroborated and credible, and (ii) that the normal corroboration requirement "simply does not mechanically work in the situation" here.

Samsung offers no case law involving facts like those here that supports its position:

- For example, Samsung points to two IPR cases and one interference proceeding, all of which involved a *patentee's* attempt to establish a pre-application date of conception. *See* Dkt. 204 at 13, 14, 16 (citing *iRobot Corp. v. SharkNinja Operating LLC*, 2024 WL 3687981 (Fed. Cir. Aug. 7, 2024); *Apator Miitors ApS v. Kamstrup A/S*, 887 F.3d

8

1293 (Fed. Cir. 2018); *Chen v. Bouchard*, 347 F.3d 1299 (Fed. Cir. 2003)). In this case, Headwater is not the one trying to prove an earlier priority date and yet it still offers documentary evidence of Dr. Raleigh's invention timeline, his employment focus at Qualcomm, and Qualcomm's attempts to purchase Headwater's patents.

- In *FilmTec*, for example, "[t]he claimed invention [wa]s a composition, claimed by its structure, the key limitations of the claims being the chemical reactants, and [the inventor] conceived that invention while at" his employer's company. *FilmTec Corp. v Hydranautics*, 982 F.2d 1546, 1552 (Fed. Cir. 1992). After leaving to form what it called a "spin-off" of the prior employer, the inventor added "narrow performance limitations in the claims," which were "refine[ments]" that imposed "require[ments] for commercial use." *Id.* at 1549, 1553. But **laboratory notebooks** from the inventor's time at his former company (the analog to Qualcomm here) showed he performed the same experiment there that he repeated after founding the "spin-off" company, which led to the patent application. *Id.* Those facts are not remotely like those here, as Samsung has no proof of any technical work Dr. Raleigh performed at Qualcomm, much less records explicitly showing aspects of the claimed inventions.

- And in *Bio-Rad*, the accused infringer produced evidence of **multiple slide presentations and emails** from the inventor's time at his former employer's company, which described aspects of the claimed inventions. *Bio-Rad Labs., Inc. v. Int'l Trade Comm'n*, 996 F.3d 1302, 1320 (Fed. Cir. 2021). Even still, such contemporaneous evidence was not enough to support the type of finding Samsung seeks here.

And of course, none of these cases—or any other—involved a situation where the alleged rightful owner repeatedly offered millions of dollars to buy what it explicitly said were the patents "owned by" the assignee, and stated that it knowingly let the statute of limitations expire on any purported claim of ownership. There is simply no precedent for the relief Samsung seeks.

**B.    Baseless Attorney Argument that Dr. Raleigh's Conception Date Is "Simply Not Credible" Cannot Support Any Finding for Samsung**

Samsung also briefly (and baselessly) asserts that "Dr. Raleigh's alleged conception date is simply not credible." Dkt. 204 at 13. This is based on Dr. Raleigh explaining at deposition that, while he was still at Qualcomm, technical problems "began to develop" that he *later* helped to address with the claimed inventions. *See* 9/10/24 Raleigh Tr. at 2-15. Samsung wrongly jumps to the conclusion that "[t]his strongly suggests conception before he left Qualcomm," even though Dr. Raleigh never said or suggested anything about even attempting to solve such problems while

9

at Qualcomm. Dkt. 204 at 15. That is absurd. The existence of a problem does not imply the existence of any solution to that problem, much less an immediate solution. There is zero evidence suggesting that Dr. Raleigh conceived of the claimed inventions immediately after problems with network chatter arose. Samsung's argument assumes—with no basis whatsoever—that while working full time on Qualcomm business strategy, Dr. Raleigh must have engineered a solution to immediately address network chatter merely because that problem began to develop while he was at Qualcomm. The Court should disregard such specious arguments from Samsung.

Similarly, Samsung continues to misinterpret Dr. Raleigh's 2021 panel remarks, as in the 422 Action *See id.* at 9-10, 12, 16. This time, Samsung seizes upon the phrase "disaster on the network" in those remarks because the claimed inventions help to address network problems, with Samsung declaring Dr. Raleigh must have been "untruthful" in this case or in his panel remarks. *Id.* at 10. This is not evidence of anything, and this Court has already thoroughly considered Dr. Raleigh's explanation of his panel remarks and how they must be considered in the context of Dr. Raleigh being "given only a minute or two to make his point" about small companies being drivers of innovation. *E.g.*, 422 Standing R&R at 13; *id.* at 10-11; 422 Evid. Hearing Tr. at 31:5-18, 55:23-61:16. The Court rightly found his explanation in the 422 Action "credible." 422 Standing R&R at 13-14. And notably, Qualcomm did not claim any ownership interest after the panel, even though it was moderated by a 20-year Qualcomm executive who presumably would have acted if Dr. Raleigh had admitted to stealing Qualcomm's IP. 422 Evid. Hearing Tr. at 56:7-13, 59:19-60:2.[2]

Thus, Headwater's motion (Dkt. 174) should be granted. Samsung's should be denied.

---

[2] Samsung also argues there is a "glaring inconsistency" between Dr. Raleigh's deposition testimony and his panel remarks about "every smartphone on the planet." Dkt. 204 at 16. Again, the Court has thoroughly considered his panel remarks and the context in which they were made, and Samsung notably omits from its citation the pages of explanation Dr. Raleigh provided about this supposed inconsistency. *See, e.g.*, 9/10/24 Raleigh Tr. at 108:20-112:18.

10

Dated: November 12, 2024

Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
bledahl@raklaw.com
Ben Wang
CA State Bar No. 228712
bwang@raklaw.com
Adam Hoffman
CA State Bar No. 218740
Email: ahoffman@raklaw.com
Dale Chang
CA State Bar No. 248657
dchang@raklaw.com
Paul Kroeger
CA State Bar No. 229074
pkroeger@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
nrubin@raklaw.com
Kristopher Davis
CA State Bar No. 329627
kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
jtsuei@raklaw.com
Philip Wang
CA State Bar No. 262239
pwang@raklaw.com
Amy Hayden
CA State Bar No. 287026
ahayden@raklaw.com
James Milkey
CA State Bar No. 281283
Email: jmilkey@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
jwietholter@raklaw.com

James Pickens
CA State Bar No. 307474
Email: jpickens@raklaw.com
Qi (Peter) Tong
TX State Bar No. 24119042
Email: ptong@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Fl.
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
TX State Bar No. 24078488
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com


**ATTORNEYS FOR PLAINTIFF,
HEADWATER RESEARCH LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas under seal, and served counsel of record with a copy via electronic email.

/s/ *Reza Mirzaie*
Reza Mirzaie