███████████

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| *Plaintiff*, | Case No. 2:23-cv-00103-JRG-RSP |
| v. | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | |
| *Defendants*. | |

**PLAINTIFF HEADWATER RESEARCH LLC'S SUR-REPLY OPPOSING
SAMSUNG'S MOTION TO DISMISS FOR LACK OF STANDING (Dkt. 177)**

### TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................................................. 1

II.    ARGUMENT .................................................................................................................... 1

       A.     Headwater's Recognition of the Court's Prior Opinion Does Not Mean Headwater
              Agrees with Samsung ............................................................................................... 1

       B.     Samsung Continues to Misapply the Law and Ignore the Corroboration of Dr.
              Raleigh's Testimony ................................................................................................. 2

       C.     Qualcomm's Conduct Is Not "Consistent with Its Ownership"—It Instead
              Corroborates Dr. Raleigh .......................................................................................... 7

       D.     Baseless Attorney Argument that "Dr. Raleigh's Testimony Is Not Credible" Cannot
              Support Any Finding for Samsung ......................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*E.I. du Pont De Nemours & Co. v. Unifrax I LLC*,
    921 F.3d 1060 (Fed. Cir. 2019) ................................................................. 6

*Fleming v. Escort Inc.*,
    774 F.3d 1371 (Fed. Cir. 2014) ................................................................. 6

*Hybritech Inc. v. Monoclonal Antibodies, Inc.*,
    802 F.2d 1367 (Fed. Cir. 1986) ................................................................. 3

**Statutes**

35 U.S.C. § 102(g) ...................................................................................... 2

\* All emphasis in quoted material has been added unless otherwise noted.

## TABLE OF EXHIBITS & ABBREVIATIONS

Exhibits 1-14 listed below were previously filed on October 25, 2024 in conjunction with Headwater's Motion for Partial Summary Judgment as to Samsung's Standing Defense (Dkt. 174).

Exhibit 15 was previously filed at Dkt. 202-1. Exhibit 16 was previously filed at Dkt. 220-2

| Ex. | Document Description | Abbreviation | Dkt. No. |
|---|---|---|---|
| 1 | Report and Recommendation on Standing in *Headwater Research LLC v. Samsung Electronics Co. Ltd.*, No. 2:22-cv-00422-JRG-RSP, Dkt. 399 (E.D. Tex. Aug. 2, 2024) | 422 Standing R&R | 175-1 |
| 2 | Transcript of Evidentiary Hearing in *Headwater Research LLC v. Samsung Electronics Co. Ltd.*, No. 2:22-cv-00422-JRG-RSP (E.D. Tex. July 25, 2024) | 422 Evid. Hearing Tr. | 175-2 |
| 3 | Assignment record for '117 patent | '117 Assignments | 175-3 |
| 4 | Assignment record for '192 patent | '192 Assignments | 175-4 |
| 5 | Assignment record for '733 patent | '733 Assignments | 175-5 |
| 6 | Excerpts from Opening Report of Samsung's technical expert, Dr. Ian Foster, dated September 26, 2024 | Foster Op. Rpt. | 174-1 |
| 7 | Invention Disclosure, Confidentiality & Proprietary Rights Agreement, signed by Dr. Gregory Raleigh, dated December 18, 2006 | Qualcomm Agreement | 174-2 |
| 8 | Qualcomm employment record of Dr. Gregory Raleigh, dated February 21, 2024 | Raleigh Employment Record | 174-3 |
| 9 | Qualcomm's objections and responses to Samsung's subpoena in *Headwater Research LLC v. Samsung Electronics Co. Ltd.*, No. 2:22-cv-00422-JRG-RSP, dated January 23, 2024 | 422 Qualcomm Subpoena Resp. | 175-6 |
| 10 | Qualcomm's objections and responses to Samsung's subpoena in this action, dated February 19, 2024 | 103 Qualcomm Subpoena Resp. | 175-7 |
| 11 | Transcript from deposition of Dr. Gregory Raleigh, dated September 10, 2024 | 9/10/24 Raleigh Tr. | 174-4 |

| Ex. | Document Description | Abbreviation | Dkt. No. |
|-----|---------------------|--------------|----------|
| 12 | Excerpts from the Initial Determination in ITC Inv. No. 337-TA-1100, dated July 12, 2019 | *Bio-Rab* Init. Det. | 175-8 |
| 13 | Letter from Qualcomm to Dr. Gregory Raleigh, dated April 4, 2022 | 2022 Qualcomm Offer | 174-5 |
| 14 | Samsung's Amended Second Supplemental Objections and Responses to Headwater Research LLC's First Set of Interrogatories (Nos. 1-17) | - | 174-6 |
| 15 | Best Buy Presentation titled "Rewiring the Mobile Internet," dated October 23, 2008 | 10/23/08 Best Buy Presentation | 202-1 |
| 16 | Qualcomm Email Chain Regarding IP Diligence, dated April 21-24, 2009 | Apr. 2009 Qualcomm Emails | 220-2 |

## I.    INTRODUCTION

Ample evidence proves Headwater's standing. In a strained effort to differentiate this case from the 422 Action, Samsung mischaracterizes the facts. But just as in the 422 Action, Samsung's standing defense boils down to speculation and attorney argument—nothing more. Most notably, Samsung wrongly asserts that Headwater cites "*not a single document* to corroborate its conception story in this case." Dkt. 222 at 1. That is not true. Dr. Raleigh's testimony is corroborated by documentary evidence that includes, for example, his employment record at Qualcomm (showing he had no role involving invention), the same Best Buy slides considered in the 422 Action (e.g., Dkt. 202-1), Headwater's original patent application, and documents showing Qualcomm's offers to buy "Headwater Patents" "owned by Headwater" (e.g., Dkt. 174-5). That is plenty, especially because it is Samsung who is arguing for a pre-application conception date. There is no precedent requiring even this level of corroboration under similar facts, let alone more, as Samsung suggests.

## II.    ARGUMENT

### A.    Headwater's Recognition of the Court's Prior Opinion Does Not Mean Headwater Agrees with Samsung

Contrary to Samsung's suggestions, Headwater maintains that paragraph 1.4 of the Qualcomm Agreement is void and unenforceable, consistent with findings of the Federal Circuit and other courts. *See, e.g.*, 422 Action, Dkt. No. 241 at 8-10, Dkt. No. 287 at 13-15. And Headwater does not agree that "within the scope of Qualcomm's business" under the Qualcomm Agreement should be interpreted broadly enough to include the claimed inventions, just as in the 422 Action. *See, e.g.*, 422 Action, Dkt. No. 287 at 8-10, Dkt. No. 304 at 6-7. But unlike Samsung, Headwater recognizes the applicability of this Court's prior decision on standing in the 422 Action and has attempted to focus its briefing here accordingly. Samsung, on the other hand, ignores the Court's prior findings against it and seeks to relitigate them here, such as in its arguments about Dr.

Raleigh's 2021 panel remarks. The Court's conclusion in the 422 Action that Headwater has standing was correct. That is the correct outcome here as well, for many of the same reasons.

**B.    Samsung Continues to Misapply the Law and Ignore the Corroboration of Dr. Raleigh's Testimony**

Headwater has overcome any burden imposed by the one-year presumption. The 354 application was filed in January 2009, and all available evidence shows Dr. Raleigh conceived of the claimed inventions after he left Qualcomm in mid-September 2008. There is no contrary evidence. Samsung's arguments are all premised upon a misunderstanding of case law and this Court's decision in the -422 Action. For example, Samsung continues to argue (incorrectly) that it is not forcing Headwater to prove a negative but instead is simply requiring Headwater "to prove *when* [Dr. Raleigh] did conceive." Dkt. 222 at 2 (emphasis in original). But this Court, for good reason, did not impose such a standard in the 422 Action. This Court explained that "[t]he corroboration requirement simply does not mechanically work in the situation where the party without the burden is the one trying to prove an earlier conception date." 422 Standing R&R at 12. That remains the situation here because it is Samsung who is arguing conception occurred more than four months before the filing of the 354 application—without any facts, evidence, or even logic to support the argument. As the Court acknowledged, Samsung "wants Headwater to provide corroboration for [] the **lack** of conception." *Id.* But as the Court explained, "[t]his is impractical" (if not impossible) and determined that it "will not hold Headwater to such a standard." *Id.* Samsung's word games aside, it is still trying to impose this same impractical standard now.

Samsung suggests its impractical standard comes from the *Hybritech* case. *See* Dkt. 222 at 2-3. It most certainly does not. In *Hybritech,* the invalidity of the asserted patent was challenged under 35 U.S.C. § 102(g), so the patent owner attempted to show an earlier conception date to swear behind the prior art. *Hybritech Inc. v. Monoclonal Antibodies, Inc.,* 802 F.2d 1367, 1376-77

(Fed. Cir. 1986). That is nothing like the facts here, where it is Samsung—not Headwater—who is trying to argue for a conception date that pre-dates the filing of the 354 application. Samsung continues to miss the fundamental problem with the standard it seeks to impose, which does not come from *Hybritech* or any other case,[1] and which this Court has already found impractical.

This Court explicitly found in the 422 Action that Headwater was not required to corroborate a specific date of conception or lack of prior conception. Instead, the Court recognized that it was reasonable to require some corroboration of Dr. Raleigh's testimony, but rightly did not impose the standard Samsung seeks to apply here. The Court explained:

> [T]he importance of some corroboration of an inventor's conception testimony is well established in the jurisprudence. The Court will require Dr. Raleigh's testimony regarding his "ah-ha moment" to be corroborated, but the Court does not expect this corroboration to demonstrate his exact moment of conception or a lack of prior conception.

422 Standing R&R at 12. Headwater plainly meets this standard here. Dr. Raleigh's initial "ah-ha moment" about exploring device-side technologies is corroborated, as the Court found in the 422 Action, determining that "the broad strokes of Dr. Raleigh's story is corroborated and credible." *See, e.g.*, *id.* at 12-14. There is no new evidence or other reason to conclude otherwise now.

That the October 23, 2008 slides do not discuss messaging technologies does not support Samsung's position. Those slides similarly did not discuss the aspects of the claimed inventions in the 422 Action that gave the asserted patent there its priority date of May 25, 2010. Indeed, Dr. Raleigh and his co-inventors in the 422 Action did not even begin working together until December

---

[1] Samsung sidesteps or ignores Headwater's points about *FilmTec*, *Bio-Rad*, *iRobot*, and *Apator*. *See* Dkt. 202 at 14 n.2, 15-16. Headwater's points included (i) *FilmTec* is not analogous because, among other things, conception while at the prior employer was documented in a written lab notebook, (ii) in *Bio-Rad*, the accused infringer even had documentary evidence of the inventor's work at the prior employer on aspects of the claimed invention—and this still was not enough to establish earlier conception; and (iii) Samsung's reliance upon cases like *iRobot* and *Apator* where the patent owner argued for an earlier conception date is misplaced because of the mechanical problem the Court identified (422 Standing R&R at 12). Samsung offers no meaningful response.

2009, more than a year after October 23, 2008. As Dr. Raleigh explained at the hearing, the claimed inventions in the 422 Action require, among other things, an ability to classify whether an end-user application is interacting in the device display foreground with the user—and this was not conceived until after Dr. Raleigh and his co-inventors began working together more than a year after October 23, 2008. *E.g.*, 422 Evid. Hearing Tr. at 28:3-29:6. The point is the Court properly recognized in the 422 Action that Headwater did not need to provide documentary corroboration of exactly when before the filing date of Headwater's patent application the claimed inventions were conceived. Instead, the Court considered the whole of Dr. Raleigh's testimony and required Headwater to substantiate it with at least "some corroboration." 422 Standing R&R at 12.

Just as in the 422 Action, the invention timeline here begins with Dr. Raleigh's initial "ah-ha moment" after leaving the Best Buy meeting (which occurred after he had already left Qualcomm). In the 422 Action, the Court properly did not require Headwater to corroborate every step along the invention timeline that ultimately concluded with filing the priority patent application (in May 2010). Instead, the Court required Headwater to corroborate at least some of that invention timeline—specifically the early portion about Dr. Raleigh's "ah-ha moment" following the Best Buy meeting—and the Court found that Headwater did so. Those same events of Dr. Raleigh meeting with Best Buy, having an initial "ah-ha moment" on his way home from the meeting, and then providing Best Buy with an October 23, 2008 presentation about some of his early, high-level thoughts (again, not itself a conception of any claimed invention) are likewise part of the invention timeline here, and they are no less corroborated now. What prompted him to conceive of the claimed inventions here was realizing that moving toward device-side technology (which he started exploring after his initial "ah-ha moment") presented new problems that needed to be addressed. *See, e.g.*, 9/10/24 Raleigh Tr. at 115:4-118:10, 146:9-148:14, 150:17-152:19.

4

In its argument, Samsung mischaracterizes the claimed inventions of the 422 Action. Specifically, Samsung repeatedly refers to "the 'device' invention of that case" (*e.g.*, Dkt. 222 at 4), but that ignores the facts of the 422 Action. Just as here, the claimed inventions in the 422 Action were not simply "devices" or "device assisted services." That was merely the general research focus Dr. Raleigh had when the October 23, 2008 Best Buy slides were created. Those slides corroborated Dr. Raleigh's testimony about his initial "ah-ha moment" following the Best Buy meeting because they showed he had begun exploring device-side technologies, as he testified. The slides did not corroborate, for example, that the three co-inventors in the 422 Action worked together in 2010 on classifying whether an application is interacting in a device display foreground with a user, which is a requirement of the claimed inventions in the 422 Action. The Court did not require corroboration of exactly when the co-inventors conceived of that classifying capability, just as the Court need not and should not require here corroboration of exactly when Dr. Raleigh conceived the messaging functionalities at issue here. Samsung is simply disregarding the Court's standard in the 422 Action and insisting upon the impractical standard it argued for in the 422 Action—again without any analogous case law or other legitimate basis for it.

Not requiring corroboration for specific messaging functionality here is also consistent with conception being considered under a "rule of reason" analysis. Even in cases where the patent owner tries to establish a pre-application conception date (e.g., to swear behind prior art), the corroboration standard is less exacting than what Samsung suggests for this case—where, as this Court recognized, "[t]he corroboration requirement simply does not mechanically work." 422 Standing R&R at 12. For example, the Federal Circuit has explained: "An inventor's testimony on conception can be corroborated through several pieces of evidence, even though no one piece of evidence independently proves conception, and even circumstantial evidence, so long as the

evidence supports that the inventor's story is credible." *E.I. du Pont De Nemours & Co. v. Unifrax I LLC*, 921 F.3d 1060, 1076 (Fed. Cir. 2019) (internal quotation marks omitted). "There is no particular formula required for corroboration, and instead, a 'rule of reason' analysis applies to the evaluation of all pertinent evidence." *Id.*; *see also Fleming v. Escort Inc.*, 774 F.3d 1371, 1377 (Fed. Cir. 2014) (sufficient corroboration even though "none of the corroborating evidence constitute[d] definitive proof of [the inventor's] account or disclose[d] each claim limitation as written" because "the corroboration requirement has never been so demanding"). And again, those are cases in which the corroboration requirement at least mechanically works, unlike here.

The typical standards for corroboration simply cannot apply here because Headwater is not arguing for pre-application conception. Samsung acknowledges that the 354 application shows conception as of its filing date of January 28, 2009. Dkt. 222 at 4-5. But Samsung asserts this does not show when Dr. Raleigh "*first* conceived the invention" because it must have taken some time to draft the application itself. *See id.* (emphasis in original). Yet even if, for example, Headwater produced 100 documents from January 2009 describing the claimed inventions, Samsung could still argue that Dr. Raleigh—despite working full time as a business leader at Qualcomm with no inventing or engineering responsibilities—could have conceived all of the inventions in Headwater's 500+ patent portfolio while at Qualcomm but simply waited to write them down until months after he left the company. That is because conception is a mental act. Of course, Samsung would have no factual basis for such an argument, but that did not stop Samsung in the 422 Action and has not stopped Samsung here. No matter what pre-application document Headwater could produce describing the claimed inventions, Samsung could always speculate—with no basis whatsoever—that Dr. Raleigh still conceived the claimed inventions earlier but just kept them in his head until after he left Qualcomm. This is why Samsung's proposed standard can never work

here, as it is impossible to prove a claimed invention was ***not*** in Dr. Raleigh's head at a given time.

This is what led the Court to reject Samsung's proposed standard but still require some corroboration of Dr. Raleigh's testimony in the 422 Action. As before, there is corroboration for his testimony here. For example, Dr. Raleigh testified that he worked on business strategy projects at Qualcomm and thus did not invent anything there, which is consistent with his employment record indicating his title was VP, Product Management. *E.g.*, 422 Evid. Hearing Tr. at 13:4-10; Raleigh Employment Record. As another example, Dr. Raleigh testified about how he attended a meeting with Best Buy in late September 2008 and shortly thereafter began exploring device-side technologies, which the Court found was corroborated. *E.g.*, 422 Standing R&R at 7-8, 12-13; 422 Evid. Hearing Tr. at 7:17-20, 20:4-23:16, 182:18-183:3; 10/23/08 Best Buy Presentation. And Dr. Raleigh testified that he did not conceive of the messaging functionalities of the claimed inventions until after this initial research into device-side technologies (in response to discovering new problems with such approaches), which is consistent with such messaging functionality not being discussed in the October 23, 2008 Best Buy slides—because he had not thought of those inventions yet. *See, e.g.*, 9/10/24 Raleigh Tr. at 115:4-118:10, 146:9-148:14, 150:17-152:19.

## C.    Qualcomm's Conduct Is Not "Consistent with Its Ownership"—It Instead Corroborates Dr. Raleigh

Samsung asserts that Headwater "makes much ado about Qualcomm's behavior in 2017-2022" but "ignor[es] Qualcomm's behavior closer to the events in question in 2009." Dkt. 222 at 6. That is both wrong and a deflection. Qualcomm has ***never*** brought any legal action or other claim of patent ownership against Dr. Raleigh or Headwater. The Court already considered the vague insinuation an unnamed person within Qualcomm made in 2009—and the lack of evidence supporting it. Samsung has nothing more to offer now, despite having months of additional time to investigate. This only further shows the insinuation was baseless. Samsung unreasonably

demands contemporaneous documentary corroboration for every aspect of Dr. Raleigh's testimony (and ignores such evidence already provided), yet Samsung blindly accepts zero corroboration for an unnamed person's vague insinuation 15 years ago, which Qualcomm itself never acted upon.

Back in 2009, Dr. Raleigh explained to Qualcomm the technical details of his inventions and his invention timeline—including how even his first "ah-ha moment" about focusing on device-side technology occurred after he left Qualcomm and after his Best Buy meeting.[2] *E.g.*, 422 Evid. Hearing Tr. at 8:8-21, 30:13-31:1, 33:22-34:13. Dr. Raleigh and his team repeatedly asked Qualcomm for details about the insinuation and whatever evidence supposedly supported it, even requesting a face-to-face meeting that Qualcomm never agreed to. *E.g.*, *id.* at 41:23-42:21. Dr. Raleigh's testimony on this is supported by contemporaneous documentation. *E.g.*, Apr. 2009 Qualcomm Emails (bullet 4 on HW_00104078). There is zero evidence Qualcomm ever produced anything to Headwater, and Qualcomm similarly produced nothing of consequence to Samsung despite its broad subpoenas. *See* 422 Qualcomm Subpoena Resp.; 103 Qualcomm Subpoena Resp.

Samsung offers no meaningful response, only mischaracterizations and deflections. For example, it asserts that "[m]ost revealingly, Headwater requested a release 'in consideration of … equity purchase agreements.'" Dkt. 222 at 6. That is a false characterization, as this Court found. The equity interest was being negotiated before there was any "insinuation." *See* 422 Evid. Hearing Tr. at 179:22-180:1 (this Court noting the consideration "wasn't an exchange of ownership for the release"). The release only came up when Qualcomm asked for an additional 5%, and Dr. Raleigh refused and demanded a release or Headwater would walk away—which it did. *Id.* at 43:7-45:25.

---

[2] Again, this notion of exploring device-side technology was itself not the conception of any invention. And as explained in the deposition excerpts referenced in Headwater's opening brief, new problems created by the move toward device-side technology are what later prompted Dr. Raleigh to conceive the claimed inventions as potential solutions to such problems. *E.g.*, Dkt. 174 at 6-8 (quoting and citing 9/10/24 Raleigh Tr. at 115:4-118:10, 146:9-148:14, 150:17-152:19).

As another example, Samsung deflects from Qualcomm's decision to never bring any claim of patent ownership by blaming Headwater for not filing a declaratory judgment action against Qualcomm. Dkt. 222 at 6. As Dr. Raleigh already explained: "It just wasn't necessary. There was no encumbrance on the title. Nothing was claimed. It was just vague insinuations that they couldn't do anything with and wouldn't do anything with." 422 Evid. Hearing Tr. at 38:4-7; *see also id.* at 36:23-38:2. And Headwater was right; Qualcomm never pursued any alleged claim.

Samsung follows this with another deflection, asserting that "[b]y 2017-2022, there is no evidence the same people at Qualcomm were even involved." Dkt. 204 at 18. Notably, Samsung is suggesting that the President of the IP licensing program at Qualcomm—one of the most sophisticated IP owners in the world—offered millions of dollars to buy "Headwater Patents" that "are owned by Headwater" without knowing any of the negotiation history between Qualcomm and Headwater. *Id.* at 18-19; 2022 Qualcomm Offer. This is not credible and has zero basis.

Samsung also dismisses Dr. Raleigh's testimony about Qualcomm knowingly letting the statute of limitations expire as "self-serving hearsay." Dkt. 222 at 7. Again, Samsung has no testimony or document suggesting otherwise. And in fact, Dr. Raleigh's explanation is entirely consistent with the undisputed facts. It is clear Qualcomm was aware of the vague insinuation someone made in 2009 and yet never brought any action relating to patent ownership. If Qualcomm did not knowingly let the statute of limitations expire, then Samsung is apparently suggesting that Qualcomm—again, an extremely sophisticated company and IP holder—intended to bring a claim but carelessly forgot to do so. Again, such speculations are not credible. Dr. Raleigh obviously would not have re-engaged in negotiations with Qualcomm in 2017 or 2022 if the same vague insinuation from 2009 could derail them. *See, e.g.*, 422 Evid. Hearing Tr. at 9:4-14, 48:16-49:16.

At bottom, Samsung is ignoring undisputed facts and basic logic. Samsung has no credible

explanation—nor could there be one—for Qualcomm supposedly knowing it owned Headwater's patents and yet offering millions of dollars to buy them, including in a letter calling them "Headwater Patents" that "are owned by Headwater." 2022 Qualcomm Offer. All Samsung can offer are absurd assertions about Qualcomm forgetting about IP rights or failing to perform basic due diligence before issuing multi-million dollar offers. The actual facts corroborate Dr. Raleigh.

### D.    Baseless Attorney Argument that "Dr. Raleigh's Testimony Is Not Credible" Cannot Support Any Finding for Samsung

Samsung also asserts there is "new deposition testimony" that proves Dr. Raleigh is not credible. Dkt. 222 at 5. Not so. This is based on Dr. Raleigh explaining at deposition that, while he was still at Qualcomm, technical problems "began to develop" that he *later* helped to address with the claimed inventions. *See* 9/10/24 Raleigh Tr. at 122:2-15. Again, the existence of a problem does not imply the existence of any solution to that problem, much less an immediate one.

Samsung's arguments about Dr. Raleigh's remarks at a 2021 panel (moderated by a 20-year Qualcomm executive) are equally unpersuasive. Samsung declares that Dr. Raleigh made "false" claims in his panel remarks because he made a passing comment about "every smartphone on the planet." Dkt. 222 at 5-6. But the Court already thoroughly considered Dr. Raleigh's panel remarks and the context in which they were made, with Dr. Raleigh having "only a minute or two to make his point" about small companies being drivers of innovation. *E.g.*, 422 Standing R&R at 13; *id.* at 10-11; 422 Evid. Hearing Tr. at 31:5-18, 55:23-61:16. Dr. Raleigh has also thoroughly explained his remarks, including in deposition and when questioned about this specific statement about "every smartphone on the planet" during the evidentiary hearing. *See, e.g.*, 9/10/24 Raleigh Tr. at 108:20-112:18; 422 Evid. Hearing Tr. at 60:3-61:16, 115:16-120:10. The Court rightly found his explanation in the 422 Action "credible." 422 Standing R&R at 13-14.

Accordingly, the Court should deny Samsung's Motion to Dismiss (Dkt. 177).

Dated: November 20, 2024

Respectfully submitted,

/s/ Reza Mirzaie

Marc Fenster
CA State Bar No. 181067
mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
bledahl@raklaw.com
Ben Wang
CA State Bar No. 228712
bwang@raklaw.com
Adam Hoffman
CA State Bar No. 218740
Email: ahoffman@raklaw.com
Dale Chang
CA State Bar No. 248657
dchang@raklaw.com
Paul Kroeger
CA State Bar No. 229074
pkroeger@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
nrubin@raklaw.com
Kristopher Davis
CA State Bar No. 329627
kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
jtsuei@raklaw.com
Philip Wang
CA State Bar No. 262239
pwang@raklaw.com
Amy Hayden
CA State Bar No. 287026
ahayden@raklaw.com
James Milkey
CA State Bar No. 281283
Email: jmilkey@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
jwietholter@raklaw.com

11

James Pickens
CA State Bar No. 307474
Email: jpickens@raklaw.com
Qi (Peter) Tong
TX State Bar No. 24119042
Email: ptong@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Fl.
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
TX State Bar No. 24078488
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com


**ATTORNEYS FOR PLAINTIFF,
HEADWATER RESEARCH LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas under seal, and served counsel of record with a copy via electronic email.

/s/ *Reza Mirzaie*
Reza Mirzaie