# Exhibit 3

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00103-JRG-RSP |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO
PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION**

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") by and through its undersigned attorneys, hereby object and respond, for the reasons set forth below to the Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6) propounded by Plaintiff Headwater Research LLC ("Headwater" or "Plaintiff")

**GENERAL OBJECTIONS**

Samsung makes the following general objections to Plaintiffs' 30(b)(6) Notice ("General Objections"), which General Objections are hereby incorporated by reference and made part of Samsung's response to each and every Rule 30(b)(6) topic:

1.      Samsung will make any designated witnesses(s) available on dates and at locations that are convenient to the witness(es), subject to all General and Specific Objections for each Topic set forth below.  Samsung is willing to discuss with Headwater a mutually agreeable time and place for the deposition.

extent it is duplicative of requests made in Headwater I.  Samsung objects to the terms "aware" and "awareness" as vague, ambiguous, and undefined.  Samsung further objects to the phrase "any actions You have taken as a result of your awareness of the Asserted Patents" as overly broad as to scope, unduly burdensome, and seeking irrelevant information.  Samsung further objects to this Topic to the extent that it does not specify a relevant time period and seeks information from a potentially unlimited period of time.

Subject to and without waiver of the General and Specific Objections, Samsung responds as follows: Samsung will designate witnesses to testify as to any non-privileged, non-work product facts known regarding Samsung's first awareness of ItsOn, and Samsung's first awareness of the Asserted Patents and Plaintiff to the extent not duplicative of testimony sought in Headwater I.  Samsung will not reveal any privileged and/or work product actions taken as a result of Samsung's awareness of the Asserted Patents.

**TOPIC NO. 4:**

The identity of each Accused Product and Accused Feature/Functionality, including the product's name, internal and external model and version number(s), development names, project names, software build IDs, and any other designation or nomenclature used to identify the Accused Products and Accused Features/Functionalities.

**RESPONSE TO TOPIC NO. 4:**

Samsung objects to this Topic on the grounds set forth in the General Objections above, and hereby incorporates these by reference as if fully set forth herein.  Samsung objects to the phrase "each Accused Product and Accused Feature/Functionality" as overly broad as to scope and unduly burdensome.  Samsung objects to this Topic to the extent it is duplicative of requests made in Headwater I.  Samsung objects to this topic as overly broad, unduly burdensome, and not relevant to any claims or defenses in this action nor proportional to the needs of the case, including to the extent it seeks information regarding aspects of Samsung's products not accused of

infringement.  Samsung further objects to this Topic to the extent that it does not specify a relevant time period and seeks information from a potentially unlimited period of time.  Samsung objects to this Topic to the extent that it seeks disclosure of confidential information from third parties that Samsung is under an obligation not to disclose.

Subject to and without waiver of the General and Specific Objections, Samsung responds as follows: Samsung will designate witnesses to testify as to any non-privileged, non-work product facts regarding the identity of the Accused Products, and the Firebase Cloud Messaging, Knox, and Samsung Push Platform features identified in Headwater's infringement contentions to the extent they relate to push notifications and to the extent not duplicative of testimony sought in Headwater I.

**TOPIC NO. 5:**

The dates of first sale and commercial usage of each Accused Product and Accused Feature/Functionality, including for each product name, internal and external model and version number, development name, project name, software build ID, and any other designation or nomenclature used to identify the Accused Products and Accused Features/Functionalities.

**RESPONSE TO TOPIC NO. 5:**

Samsung objects to this Topic on the grounds set forth in the General Objections above, and hereby incorporates these by reference as if fully set forth herein.  Samsung objects to the phrase "each Accused Product and Accused Feature/Functionality, including for each product name, internal and external model and version number, development name, project name, software build ID, and any other designation or nomenclature used to identify the Accused Products and Accused Features/Functionalities" as overly broad as to scope, unduly burdensome, and seeking irrelevant information.  Samsung objects to this Topic to the extent it is duplicative of requests made in Headwater I.  Samsung objects to the phrase "dates of first sale and commercial usage" as overly broad as to scope, unduly burdensome, and seeking irrelevant information outside.

**TOPIC NO. 20:**

Your suppliers or vendors (e.g., Google) of components (e.g. the Android Operating System) used within each Accused Product.

**RESPONSE TO TOPIC NO. 20:**

Samsung objects to this Topic on the grounds set forth in the General Objections above, and hereby incorporates these by reference as if fully set forth herein. Samsung objects to this topic as overly broad, unduly burdensome, and not relevant to any claims or defenses in this action nor proportional to the needs of the case, including to the extent it seeks information regarding aspects of Samsung's products not accused of infringement. Samsung objects to the phrase "components . . . used within each Accused Product" as overly broad as to scope, unduly burdensome, and seeking irrelevant information. Samsung further objects to this Topic to the extent it seeks third party confidential information that Samsung is under an obligation not to disclose. Samsung objects to this Topic to the extent it is duplicative of requests made in Headwater I. Samsung further objects to this Topic to the extent that it does not specify a relevant time period and seeks information from a potentially unlimited period of time.

Subject to and without waiver of the General and Specific Objections, Samsung is willing to meet and confer regarding the scope of this Topic.

**TOPIC NO. 21:**

Communications with your suppliers or vendors (e.g. Google) of components (e.g. the Android Operating System) related to each Accused Product.

**RESPONSE TO TOPIC NO. 21:**

Samsung objects to this Topic on the grounds set forth in the General Objections above, and hereby incorporates these by reference as if fully set forth herein. Samsung objects to this topic as overly broad, unduly burdensome, and not relevant to any claims or defenses in this action nor proportional to the needs of the case, including to the extent it seeks information regarding

22

aspects of Samsung's products not accused of infringement.  Samsung objects to the phrase "[c]ommunications with your suppliers or vendors . . . of components . . . related to each Accused Product" as overly broad as to scope, unduly burdensome, and seeking irrelevant information.  Samsung further objects to this Topic to the extent it seeks third party confidential information that Samsung is under an obligation not to disclose.  Samsung objects to this Topic to the extent it is duplicative of requests made in Headwater I.  Samsung further objects to this Topic to the extent that it does not specify a relevant time period and seeks information from a potentially unlimited period of time.

Subject to and without waiver of the General and Specific Objections, Samsung is willing to meet and confer regarding the scope of this Topic.

**TOPIC NO. 22:**

Information exchanged between You and Google regarding the design, development, features, performance, function, operation, use, and testing of any hardware or software components of the Accused Products supplied by Google relating to the Accused Features/Functionalities.

**RESPONSE TO TOPIC NO. 22:**

Samsung objects to this Topic on the grounds set forth in the General Objections above, and hereby incorporates these by reference as if fully set forth herein.  Samsung objects to this topic as overly broad, unduly burdensome, and not relevant to any claims or defenses in this action nor proportional to the needs of the case, including to the extent it seeks information regarding aspects of Samsung's products not accused of infringement.  Samsung objects to the phrase "any hardware or software components of the Accused Products supplied by Google relating to the Accused Features/Functionalities" as overly broad as to scope, unduly burdensome, and seeking irrelevant information.  Samsung further objects to this Topic to the extent it seeks third party confidential information that Samsung is under an obligation not to disclose.  Samsung objects to

23

this Topic to the extent it is duplicative of requests made in Headwater I.  Samsung further objects to this Topic to the extent that it does not specify a relevant time period and seeks information from a potentially unlimited period of time. Samsung further objects to this Topic to the extent it seeks privileged information or information otherwise shielded from discovery from any other privilege or immunity including but not limited to the attorney work-product doctrine.

Subject to and without waiver of the General and Specific Objections, Samsung responds as follows: Samsung will designate witnesses to testify as to any non-privileged, non-work product facts regarding the Firebase Cloud Messaging, Knox, and Samsung Push Platform features identified in Headwater's infringement contentions to the extent they relate to push notifications and to the extent not duplicative of testimony sought in Headwater I.

**TOPIC NO. 23:**

The cost of components and any input into COGS (costs of goods sold), including bills of materials (BOMs) or other detailed cost accounting for the Accused Products.

**RESPONSE TO TOPIC NO. 23:**

Samsung objects to this Topic on the grounds set forth in the General Objections above, and hereby incorporates these by reference as if fully set forth herein.  Samsung objects to this topic as overly broad, unduly burdensome, and not relevant to any claims or defenses in this action nor proportional to the needs of the case, including to the extent it seeks information regarding aspects of Samsung's products not accused of infringement.  Samsung objects to the phrases "cost of components," "input into COGS," "cost accounting," and "Accused Products" as overly broad as to scope, unduly burdensome, and seeking irrelevant information.  Samsung objects to this Topic to the extent it is duplicative of requests made in Headwater I.  Samsung further objects to this Topic to the extent that it does not specify a relevant time period and seeks information from a potentially unlimited period of time.

**RESPONSE TO TOPIC NO. 62:**

Samsung objects to this Topic on the grounds set forth in the General Objections above, and hereby incorporates these by reference as if fully set forth herein. Samsung objects to this topic as overly broad, unduly burdensome, and not relevant to any claims or defenses in this action nor proportional to the needs of the case, including to the extent it seeks information regarding aspects of Samsung's products not accused of infringement. Samsung objects to the phrases "importance," "economic value," "increased battery life," "value of battery life" as overly broad as to scope, unduly burdensome, and seeking irrelevant information. Samsung further objects to this Topic to the extent that it does not specify a relevant time period and seeks information from a potentially unlimited period of time. Samsung further objects to this Topic to the extent it seeks expert testimony from Samsung's corporate witnesses. Samsung objects to this Topic to the extent it is duplicative of requests made in Headwater I.

Subject to and without waiver of the General and Specific Objections, Samsung responds as follows: Samsung will designate witnesses to testify as to any non-privileged, non-work product, reasonably accessible facts regarding Firebase Cloud Messaging, Knox, and Samsung Push Platform features identified in Headwater's infringement contentions to the extent they relate to push notifications, to the extent not duplicative of testimony sought in Headwater I.

**TOPIC NO. 63:**

All teams, task forces, and working groups comprising both Samsung and Google personnel that are or have been involved in the development, implementation, support, and/or maintenance of push messaging and/or push notification functionality for the Android operating system.

**RESPONSE TO TOPIC NO. 63:**

Samsung objects to this Topic on the grounds set forth in the General Objections above, and hereby incorporates these by reference as if fully set forth herein. Samsung objects to this

topic as overly broad, unduly burdensome, and not relevant to any claims or defenses in this action nor proportional to the needs of the case, including to the extent it seeks information regarding aspects of Samsung's products not accused of infringement. Samsung objects to the phrases "teams, task forces, and working groups" as overly broad as to scope, unduly burdensome, and seeking irrelevant information. Samsung further objects to this Topic to the extent that it does not specify a relevant time period and seeks information from a potentially unlimited period of time.

Subject to and without waiver of the General and Specific Objections, Samsung responds as follows: Samsung will designate witnesses to testify as to any non-privileged, non-work product facts known regarding Samsung personnel involved in the development, implementation, support, and/or maintenance of push messaging and/or push notification functionality for the Android operating system.

**TOPIC NO. 64:**

The design, development, features, performance, operation, and use of push messaging or push notifications for Tizen Push Service or Tizen OS.

**RESPONSE TO TOPIC NO. 64:**

Samsung objects to this Topic on the grounds set forth in the General Objections above, and hereby incorporates these by reference as if fully set forth herein. Samsung objects to this topic as overly broad, unduly burdensome, and not relevant to any claims or defenses in this action nor proportional to the needs of the case, including to the extent it seeks information regarding aspects of Samsung's products not accused of infringement. Samsung objects to the phrases "operation" and "use" as overly broad as to scope, unduly burdensome, and seeking irrelevant information. Samsung further objects to this Topic to the extent that it does not specify a relevant time period and seeks information from a potentially unlimited period of time.