# Exhibit 8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants.* | Civil Action No. 2:23-cv-00103-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**SAMSUNG'S INITIAL DISCLOSURES**

Pursuant to the paragraphs 1 and 3 of the Model Discovery Order for Patent Cases[1] Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively "Samsung") hereby submit these Initial Disclosures in the above-captioned litigation. These Disclosures are based on information currently available to Samsung after a reasonable search. Samsung reserves the right to modify and/or make further disclosures based on information developed in the course of this case through discovery and/or additional investigation. By making these Disclosures, Samsung does not waive any applicable privilege or immunity or any evidentiary objection that may apply to the information disclosed.

**Paragraph 1 of the Discovery Order**

    **(a)    The correct names of the parties to the lawsuit.**

The correct names of Defendants are: Samsung Electronics Co., Ltd. and Samsung

---

[1] The parties intend to file the proposed Docket Control Order and Discovery Order on October 26, 2023, based on the Court's Model Docket Control Order and the Model Discovery Order. To the extent the Court rejects or modifies any provision of either order that would affect any disclosure herein, Samsung reserves the right to amend these disclosures in light of such a rejection or modification.

Electronics America, Inc.

  **(b)**  **The name, address, and telephone number of any potential parties.**

Samsung is currently unaware of any other potential parties to this action. Samsung reserves the right to identify any potential parties should such parties become known through discovery.

  **(c)**  **The legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial)**

Samsung does not infringe, and has not infringed any valid, enforceable claim of any of U.S. Patent Nos. 8,406,733; 9,198,117; and/or 9,615,192 ("the Asserted Patents") under any theory, including directly, indirectly, literally, or under the doctrine of equivalents. The asserted claims of the Asserted Patents include elements that are lacking from Samsung's accused products, and Samsung continues to develop its contentions and evidence demonstrating noninfringement of each asserted claim. Facts and evidence relating to these defenses include the Asserted Patents, their file histories, and the software and/or hardware of the accused products.

Each asserted claim of each of the Asserted Patents is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto. The legal theories and general factual bases for invalidity will be disclosed at the appropriate time, including pursuant to P.R. 3-3 and 3-4.

Headwater Research LLC's ("Headwater") attempted enforcement of the Asserted Patents against Samsung is barred by laches, estoppel, waiver, and/or unclear hands, along with by the doctrines of prosecution history estoppel and/or disclaimer. Certain of Headwater's allegations are further barred via the ensnarement, vitiation, and/or public dedication doctrines.

Headwater's claims for relief, remedy, and damages are statutorily limited or barred by 35 U.S.C. §§ 286 and/or 287.

Headwater's claim for injunctive relief is barred because there exists an adequate remedy at law and Headwater's claims otherwise fail to meet the requirements for such relief.

**(d)   The name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person**

Upon information and belief, and based upon the current information available to Samsung, the following individuals are likely to have knowledge of relevant facts based on Headwater's First Amended Complaint and Infringement Contentions, and based on Samsung's understanding of the asserted scope of the Asserted Patents. Samsung does not consent to or authorize other parties' communications with Samsung's employees or former employees and does not consent to or authorize any communications otherwise prohibited by any applicable rules of professional conduct. Other parties' contact with Samsung employees should take place through Samsung's counsel of record. Since Samsung is continuing its investigation of the case, it is possible that some of the individuals listed herein may not, in fact, possess knowledge of facts relevant to a claim or defense or may only have knowledge that is duplicative of knowledge possessed by others. Samsung reserves the right to supplement these Disclosures based on further investigation and discovery, as appropriate.

| Name | Contact Information | Believed Knowledge |
|---|---|---|
| Sean Diaz<br>Samsung Electronics America, Inc. | To be contacted through Samsung's outside counsel | U.S. financial data relating to certain accused devices. |
| Chris Pickering<br>Samsung Electronics America, Inc. | To be contacted through Samsung's outside counsel | U.S. sales and marketing of certain accused devices. |

3

| Name | Contact Information | Believed Knowledge |
|---|---|---|
| Changhyup Jwa Samsung Electronics Co., Ltd. | To be contacted through Samsung's counsel | Design and operation of accused functionalities, including the Samsung Push Platform and related functionalities. |
| ByeongChul Nam Samsung Electronics Co., Ltd. | To be contacted through Samsung's counsel | Use of Firebase Cloud Messaging and related functionalities. |
| Junghoon Hwang Samsung Electronics Co., Ltd. | To be contacted through Samsung's counsel | Design and operation of accused Knox features and related functionalities. |
| Gregory G. Raleigh | On information and belief: Redwood City, California | Named inventor on Asserted Patents and co-founder of Headwater and is believed to have knowledge about the Asserted Patents, prosecution of the Asserted Patents, prior art, ownership and assignment of the Asserted Patents, valuation of the Asserted Patents, embodiments of the Asserted Patents, attempts to license the Asserted Patents, attempts to enforce the Asserted Patents, and ItsOn. |
| James Lavine | On information and belief: Redwood City, California | Knowledge about the Asserted Patents, prosecution of the Asserted Patents, prior art, ownership and assignment of the Asserted Patents, valuation of the Asserted Patents, embodiments of the Asserted Patents, attempts to license the Asserted Patents, and attempts to enforce the Asserted Patents. |
| James Fitzgerald | Unknown, but on information and belief, located in San Francisco, California | Knowledge about the Asserted Patents, prosecution of the Asserted Patents, prior art, ownership and assignment of the Asserted Patents, valuation of the Asserted Patents, embodiments of the Asserted Patents, attempts to license the Asserted Patents, and attempts to enforce the Asserted Patents. |

4

| Name | Contact Information | Believed Knowledge |
|---|---|---|
| Jeff Green | Unknown, but on information and belief, located in Tennessee | Knowledge about the Asserted Patents, prosecution of the Asserted Patents, prior art, ownership and assignment of the Asserted Patents, valuation of the Asserted Patents, embodiments of the Asserted Patents, attempts to license the Asserted Patents, and attempts to enforce the Asserted Patents. |
| Charlie Giancarlo | On information and belief: Mountain View, California | Co-founder of Headwater and is believed to have knowledge about the Asserted Patents, prosecution of the Asserted Patents, ownership and assignment of the Asserted Patents, valuation of the Asserted Patents, embodiments of the Asserted Patents, attempts to license the Asserted Patents, attempts to enforce the Asserted Patents, ItsOn, organization of Headwater, and funding of Headwater. |
| John O'Farrell and other Partners and Agents at Andreessen Horowitz | On information and belief: 2865 Sand Hill Rd Ste 101, Menlo Park, CA 94025 | Knowledge about the Asserted Patents, ownership and assignment of the Asserted Patents, prosecution of the Asserted Patents, attempts to license the Asserted Patents, attempts to enforce the Asserted patents, valuation of the Asserted Patents, ItsOn, organization of Headwater, and funding of Headwater. |
| Jim Davidson | On information and belief: Menlo Park, California | Knowledge about the Asserted Patents, attempts to license the Asserted Patents, ownership and assignment of the Asserted Patents, prosecution of the Asserted Patents, attempts to enforce the Asserted Patents, valuation of the Asserted Patents, organization of Headwater, and funding of Headwater. |

5

| Name | Contact Information | Believed Knowledge |
|---|---|---|
| James Straight | Unknown | Knowledge about the Asserted Patents, ownership and assignment of the Asserted Patents, prosecution of the Asserted Patents, embodiments of the Asserted Patents, attempts to license the Asserted Patents, attempts to enforce the Asserted Patents, valuation of the Asserted Patents, ItsOn, organization of Headwater, and funding of Headwater. |
| David Brown | On information and belief: Jackson, Wyoming | Knowledge about the Asserted Patents, ownership and assignment of the Asserted Patents, prosecution of the Asserted Patents, embodiments of the Asserted Patents, attempts to license the Asserted Patents, attempts to enforce the Asserted Patents, valuation of the Asserted Patents, organization of Headwater, and funding of Headwater. |
| David Johnson | On information and belief: Healdsburg, California | Knowledge about the Asserted Patents, ownership and assignment of the Asserted Patents, prosecution of the Asserted Patents, embodiments of the Asserted Patents, attempts to license the Asserted Patents, attempts to enforce the Asserted Patents, valuation of the Asserted Patents, organization of Headwater, and funding of Headwater. |
| Krista Jacobson | On information and belief: Campbell, California | Knowledge about the Asserted Patents, ownership and assignment of the Asserted Patents, prosecution of the Asserted Patents and/or the applications from which they were issued or to which priority is claimed, prior art, embodiments of the Asserted Patents, attempts to license the Asserted Patents, attempts to enforce the Asserted Patents, valuation of the Asserted Patents, organization of Headwater, and funding of Headwater. |

| Name | Contact Information | Believed Knowledge |
|---|---|---|
| Attorneys and Agents at Farjami & Farjami LLP | On information and belief: 26522 La Alameda Ste 360, Mission Viejo, CA 92691 | Prosecution of the Asserted Patents, prior art, assignments of the Asserted Patents, and/or the application from which they were issued. |
| James E. Harris | On information and belief: Stanardsville, Virginia | Prosecution of the Asserted Patents, prior art, assignments of the Asserted Patents, and/or the applications from which they were issued. |
| Marc A. Sockol | On information and belief: Menlo Park, California | Prosecution of the Asserted Patents, prior art, assignments of the Asserted Patents, and/or the applications from which they were issued. |
| Ann Taylor | On information and belief: San Francisco, California | Prosecution of the Asserted Patents, prior art, assignments of the Asserted Patents, and/or the applications from which they were issued. |
| Individuals identified in Headwater's Initial Disclosures in this case | Unknown | At least the topics for which the individuals have been identified. |
| Unidentified employees or former employees, agents, and/or principals of Headwater | Unknown | At least knowledge about the Asserted Patents, Headwater's infringement contentions, prior art, ownership and assignment of the Asserted Patents, prosecution of the Asserted Patents, embodiments of the Asserted Patents, attempts to license the Asserted Patents, attempts to enforce the Asserted patents, valuation of the Asserted Patents, organization of Headwater, and funding of Headwater. |
| Unidentified employees or former employees, agents, and/or principals of Google | Unknown | Design and operation of certain accused features. |
| Unidentified employees or former employees, agents, and/or principals of ItsOn | Unknown | At least knowledge of the Asserted Patents, licensing of the Asserted Patents, and alleged embodiments of the Asserted Patents. |

| Name | Contact Information | Believed Knowledge |
|---|---|---|
| Unidentified employees or former employees, agents, and/or principals of Headwater | Unknown | At least knowledge about the Asserted Patents, Headwater's infringement contentions, prior art, ownership and assignment of the Asserted Patents, prosecution of the Asserted Patents, embodiments of the Asserted Patents, attempts to license the Asserted Patents, attempts to enforce the Asserted patents, valuation of the Asserted Patents, organization of Headwater, and funding of Headwater. |
| Unidentified employees or former employees, agents, and/or principals of Google | Unknown | Design and operation of certain accused features. |
| Russ August & Kabat law firm. | 12424 Wilshire Blvd, Los Angeles, California 90025 and other offices | Its financial interest in the outcome of this litigation. |
| Unidentified employees or former employees, agents, and/or principals of ItsOn | Unknown | At least knowledge of the Asserted Patents, licensing of the Asserted Patents, and alleged embodiments of the Asserted Patents. |

Witnesses associated with Samsung can be contacted through Samsung's counsel, Fish & Richardson P.C., 1180 Peachtree St. NE, 21st Floor, Atlanta, Georgia, 30309, telephone (404) 892-5005.

(e) **Any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment**

Samsung continues to investigate the existence of any indemnification agreements under which any person or entity may indemnify or reimburse for payments made to satisfy the judgment and will supplement as required.

Samsung is currently unaware of the existence of any insurance agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a

8

judgment entered in this action.

    **(f)    Any settlement agreements relevant to the subject matter of this action**

Samsung is unaware at this time of any settlement agreements relevant to the subject matter of this action. Samsung reserves the right to supplement these Disclosures after further determination of whether later discovered settlement agreements are relevant to the subject matter of this action.

    **(g)    Any statement of any party to the litigation**

Samsung is currently unaware of the existence of any statement of any party to the litigation.

**Paragraph 3 of the Discovery Order**

    **(a)    Provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:**
        **i.    If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.**
        **ii.    If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement**

Samsung will produce required information according to the Local Patent Rules and the upcoming Docket Control Order.

    **(b)    Produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth**

9

**in the Patent Rules for the Eastern District of Texas**

Subject to any objections, Samsung will make available, has produced, or will produce its relevant documents to Headwater.

**(c)** **Provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.**

Samsung denies that Headwater is entitled to any relief in this litigation. Headwater has not yet provided any specific claim of damages or damages theory. Samsung reserves the ability to respond to and/or rebut Headwater's damages claims and theories at the appropriate time, which may occur during expert discovery. Further, Samsung reserves the ability to specify an assessment of attorneys' fees it may seek pursuant to 35 U.S.C. § 285.

Dated: October 19, 2023
Respectfully submitted,

By: /s/ Thad C. Kodish
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman (*pro hac vice* forthcoming)
DC Bar No. 1034255
hartzman@fr.com
Joshua Carrigan (*pro hac vice* forthcoming)
VA Bar No. 96911
carrigan@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com

Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Steffen Lake (*pro hac vice* forthcoming)
GA Bar No. 512272
lake@fr.com
Vivian C. Keller (admitted *pro hac vice*)
GA Bar No. 651500
keller@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett

11

           State Bar No. 24074372
           shaunhassett@potterminton.com
           POTTER MINTON, P.C.
           102 N. College Ave., Suite 900
           Tyler, Texas 75702
           Tel: (903) 597-8311
           Fax: (903) 593-0846

           *Attorneys for Defendants*
           *Samsung Electronics Co., Ltd. and*
           *Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 19, 2023 to Plaintiff through its counsel of record via email.

*/s/ Jonathan B. Bright*
Jonathan B. Bright