IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00103-JRG-RSP |

**SAMSUNG'S REPLY IN SUPPORT OF ITS OPPOSED MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL REBUTTAL REPORT ADDRESSING HEADWATER DAMAGES OPINIONS (DKT. NO. 317)**

# EXHIBIT INDEX

| Exhibit | Description |
|---|---|
| 20 | Excerpt from Headwater's Resp. to Interrog. No. 19, dated September 5, 2024 |

## I. INTERROGATORY NO. 19 REQUIRED HEADWATER TO DISCLOSE THE ▬▬▬▬▬

Headwater's opposition is tellingly silent regarding Interrogatory No. 19—a request served only in this case—a critical factor that distinguishes the present motion from the issue in the -422 case. There, the Court found that Samsung's Interrogatory No. 5, which sought "each valuation, . . . or actual sale or licensing of the Asserted Patents" (Dkt. 317-4 at 3), did not directly call for identification of the ▬▬▬▬▬ because it was not specifically a "valuation[] of the patent." -422 Case, Dkt. 482 at 2. In fact, Headwater's response does not mention or address Samsung's Interrogatory No. 19 at all. The ▬▬▬▬▬ is undisputedly responsive to Samsung's Interrogatory No. 19 served in this case, which seeks offers to sell Headwater's business:

> **INTERROGATORY NO. 19**
> Describe in detail Headwater's efforts and plans to sell or offer to sell its business and/or its patent portfolio between 2012 and 2022, including identifying each third party Headwater and/or Dr. Gregory Raleigh retained for purposes of offering its business or portfolio for sale, each third party Headwater and/or Dr. Raleigh communicated with regarding a potential offer or sale, timing of such communications, scope of such negotiations, and the results of any such communications.

(Dkt. 317-7 at 3). Headwater's response to Interrogatory No. 19 only incorporated by reference its response to No. 5, and depositions of Dr. Raleigh and Mr. Harris (neither of whom testified regarding the ▬▬▬▬▬). Ex. 20 (Headwater's Resp. to Interrog. No. 19 (Sept. 5, 2024)) at 11-12 ("Subject to and without waiving the foregoing objections, Headwater responds as follows: Headwater incorporates by reference its response to Defendants' Interrogatory No. 5 and all supplements thereto, as well as the depositions of Dr. Gregory Raleigh and James Harris. Discovery in this case is ongoing . . ."). The ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, is squarely called for by Interrogatory No. 19.

1

Headwater offers no excuse for its failure to identify the ▮▮▮▮▮ in this case in response to this directly applicable interrogatory. Headwater's failure to explain the absence of the ▮▮▮▮▮ from Interrogatory No. 19 concedes a clear discovery violation. Headwater served its response to Interrogatory No. 19 on Sept. 5, 2024 and has never supplemented its response. The record is clear that, a few weeks later, ▮▮▮ produced the ▮▮▮▮▮ to Headwater on October 25, 2024. Dkt. 317-12. The failure to supplement its response at that time is another violation of Headwater's Rule 26 obligations. If Headwater's position is instead that it did not possess the ▮▮▮, lost the ▮▮▮▮▮, or had no ability to know of the ▮▮▮ during discovery in this case, that raises a spoliation concern since Headwater had a duty to preserve documents since at least 2016-2017, when it ▮▮▮▮▮▮▮▮▮▮. Either way, a reasonable measure to rectify Headwater's failure to preserve and identify the ▮▮▮▮▮ as required by Rule 26 during fact discovery, is to permit Samsung leave to amend Dr. Perryman's expert opinions to include analysis of the belatedly discovered ▮▮▮▮▮.

II. **THE ▮▮▮▮▮ PROVIDES RELEVANT INFORMATION FOR GEORGIA-PACIFIC ANALYSIS BEYOND THE ▮▮▮▮▮**

Contrary to Headwater's assertions, the ▮▮▮ is not "irrelevant." Dkt. 330 at 1. As Dr. Perryman's proposed supplemental report explains, the ▮▮▮▮▮ is directly relevant to his damages analysis under *Georgia-Pacific* Factor 1 (and 15) as an ▮▮▮▮▮ where ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 317-18 at ¶2. The ▮▮▮ "serves as a reasonableness check on any ultimate damages figure" because Dr. Raleigh stated ▮▮▮▮▮

2

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ . . . , whereas Headwater asserts only three patents in the current matter (all of which had been issued at the time of the ■■■■■)." *Id.* at ¶3. Dr. Perryman also specifically relies on the fact that the ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ where there would be a "disincentive to undervalue the company's assets." *Id.* at ¶4. Dr. Perryman's opinion demonstrates the importance of the unique relevance of the ■■■■■■■■■■■■■■■■■■■■, as compared to merely ■■■■■■■■■■■■■■■■■■■.

Headwater's suggestion that Samsung's request is untimely because it previously produced ■■■■■■■■■ likewise does not hold water. Headwater's opposition fails to acknowledge the relevant distinction between the ■■■■■■■■■■■■■■■■■, Dkt. 317-15 (HW_00055506), versus the ■■■■■■■ which was ■■■■■■■■■■: the former shows what was in planning to happen and the latter shows that it ***did*** happen. *Compare* Dkt. 330 at 2 and 6. Planning to act and actually acting are two different facts illustrated here by two different pieces of evidence, one of which was withheld (or lost) by Headwater. Headwater argues instead that evidence of planning to act (i.e., the ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■) is alone enough to permit Samsung to "necessarily" assume that the ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Dkt. 330 at 6. Not so. Who was the ■■■■■ sent to? When? By whom? With what context, documents, or terms? None of this relevant information was produced until Samsung obtained the ■■■■■■■■ from ■■■■. With the ■■■■, Dr. Perryman can now consider the appropriate context of the ■■■■■■■■■■ ■■■■■■ under his Georgia-Pacific analysis and should be so permitted to supplement his report.

Headwater also points to a separate ■■■■■■■■■■■■■■■■■■■■■■■■■■■ to prove Headwater had produced evidence that the ■■■■■■■■■■■■■■■■■ was sent out. Dkt. 330-4

3

(HW_00055486) (stating in part "█████████████████████████████████████████████████████████████████████████████████████████████████████████████████"). This one sentence, buried in Headwater's ███████████████, does not provide notice or clear confirmation that the ███████████████ was actually sent to any particular investor or how any ███████████████ may have been "consummated." Nor did Headwater ever cite this document in any of the relevant interrogatory responses. If anything, Headwater's reliance on and awareness of these later ███████████████ raise several questions: Why does Headwater allegedly not possess any other documents between June 2018 and July 2019 proving such ████ were sent and consummated? If such documents exist, why has Headwater not produced them? If they do not exist, why did Headwater fail to conduct further investigation and document collection to address this gap—especially after Samsung directly requested this information in Interrogatory No. 19?

### III.  OTHER ORDERS FROM OTHER CASES ARE NOT CONTROLLING

Headwater also asserts two prior orders by this Court in other cases resolve the relevance of the ███████████ to this case. Dkt. 330 at 1. They do not. First, the Court's order in -422 indicated primarily a concern with the short time to trial and the limited scope of Interrogatory No. 5, which the Court found requested only valuations of patents. As discussed above, Samsung served a different interrogatory of different scope here and has offered a different supplemental expert report explaining the relevance to *Georgia-Pacific* analysis. In addition, two months remain before trial. As to the Court's order in the Headwater-Verizon matter (-352 matter), the Order (Dkt. 155) appears to be addressed to a substantially broader, different discovery dispute (to which Samsung was not a party) seeking a variety of "corporate document productions," without any clear holding in the Order appearing to directly address the single, specific ███████████ at issue here.

4

## IV. HEADWATER IS NOT PREJUDICED BY THE LIMITED RELIEF REQUESTED IN SAMSUNG'S MOTION

Headwater's opposition underscores the minimal, if any, prejudice it would face from the requested supplementation. Headwater and its damages expert have been aware of the ▮▮▮▮ for months and have had Dr. Perryman's proposed report for over one month. Headwater still fails to identify any specific opinion in Dr. Perryman's supplemental report that Headwater is prejudiced by and unable to adequately adapt their trial preparations to, especially given that the report was provided on January 2, 2025 (leaving ample time to prepare whether trial was held on March 3rd or April 21st). Any claimed prejudice is entirely self-inflicted. Had Headwater timely produced the ▮▮▮▮ during the discovery period or supplemented its interrogatory response to at least Interrogatory No. 19 when Verizon produced it in October 2024, this issue could have been addressed long before trial.[1] The prejudice to Samsung, by contrast, is significant. Dkt. No. 317 at 11-13. Samsung was effectively deprived of any meaningful opportunity to conduct discovery into the ▮▮▮▮ due to Headwater's failure to disclose it during discovery, despite Samsung directly asking for any such third-party communications relating to offers to sell its business in Interrogatory No. 19. As a result, Samsung's expert did not have the ability to review and incorporate the document fully into his initial rebuttal report analysis, limiting his ability to fully address its implications. Excluding the ▮▮▮▮ and Samsung's expert's supplemental report would allow Headwater to benefit from its own gamesmanship of concealing the ▮▮▮▮ and failing to comply with its discovery obligations.

---

[1] The Discovery Order explicitly requires parties to supplement their disclosures "immediately." Dkt. No. 56 at 7.

5

Dated: February 25, 2025                           Respectfully submitted,

                                              By:   */s/ Thad C. Kodish*
                                                    Ruffin B. Cordell
                                                    TX Bar No. 04820550
                                                    Michael J. McKeon
                                                    DC Bar No. 459780
                                                    mckeon@fr.com
                                                    Jared Hartzman
                                                    DC Bar No. 1034255
                                                    hartzman@fr.com
                                                    **FISH & RICHARDSON P.C.**
                                                    1000 Maine Avenue, SW, Ste 1000
                                                    Washington, D.C. 20024
                                                    Telephone: (202) 783-5070
                                                    Facsimile: (202) 783-2331

                                                    Thad C. Kodish
                                                    GA Bar No. 427603
                                                    tkodish@fr.com
                                                    Benjamin K. Thompson
                                                    GA Bar No. 633211
                                                    bthompson@fr.com
                                                    Jonathan B. Bright
                                                    GA Bar No. 256953
                                                    jbright@fr.com
                                                    Christopher O. Green
                                                    GA Bar No. 037617
                                                    cgreen@fr.com
                                                    Noah C. Graubart
                                                    GA Bar No. 141862
                                                    graubart@fr.com
                                                    Sara C. Fish
                                                    GA Bar No. 873853
                                                    sfish@fr.com
                                                    Katherine H. Reardon
                                                    NY Bar No. 5196910
                                                    reardon@fr.com
                                                    Steffen C. Lake
                                                    GA Bar No. 512272
                                                    lake@fr.com

Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Vivian C. Keller (*pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

7

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400 mikejones@potter-minton.com
Shaun W. Hassett
State Bar No. 24074372 shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com

8

Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600

Brady Huynh (admitted *pro hac vice*)
CA Bar No. 339441
bradyhuynh@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on February 25, 2025.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/ Thad C. Kodish
Thad C. Kodish