# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| *Plaintiff*, | Case No. 2:23-cv-00103-JRG-RSP |
| v. | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | |
| *Defendants*. | |

**HEADWATER'S RESPONSE TO SAMSUNG'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Samsung's Notice of Supplemental Authority (Dkt. 384) identifies for the Court the Federal Circuit's decision in *CloudofChange, LLC. v. NCR Corp.*, 123 F.4th 1333 (Fed. Cir. Dec. 2024) ("*CloudofChange*") as relevant to issues raised in Samsung's Motion for Partial Summary Judgment of Noninfringement for the '117 and '192 Patents (Dkt. 187).

In *CloudofChange*, the plaintiff "pursued a single theory of infringement: that NCR directly used the claimed system by putting it into beneficial use under this court's *Centillion* precedent." 123 F.4th at 1337. A jury returned a verdict of infringement, the defendant moved for JMOL under Rule 56(b) for noninfringement. The district court denied the motion:

> The district court first held "that NCR, although it owns and operates the Back Office, does not put the accused system into service because it does not itself control the network." Instead, the court concluded that NCR's merchants were analogous to the accused infringer's customers in *Centillion* because the merchants benefit from and put the system into service by initiating demand for service at the front-end. Accordingly, the district court held that NCR's customers—not NCR— "put the accused system into service by obtaining internet access" and "therefore, control this portion of the accused system."

*Id.* at 1338-1339 (internal citation omitted). The district court denial was premised on a theory that NCR was vicariously liable for use by NCR's customers. *Id.* The defendant appealed.

*CloudofChange* is inapposite here. The issue on appeal for the Federal Circuit concerned "the application of *Centillion* and principles of vicarious liability." *Id.* at 1339. The issue to be decided was whether an accused infringer could be held vicariously liable for an infringing use by its customers. As to whether the defendant was vicariously liable for the "use" of the claimed system by the defendant's merchant-customers, the Federal Circuit determined: "NCR does not direct or control its merchants' use of the claimed system." *Id.* at 1341.

*CloudofChange* does not pertain to the issues in this case, including when and whether a defendant directly infringes a claimed system through its own use of the system, or when and whether a defendant indirectly infringes a claimed system through its customers use of the system.

Dated: March 24, 2025                    Respectfully submitted,

                                         */s/ Marc Fenster*
                                         Marc Fenster
                                         RUSS AUGUST & KABAT
                                         12424 Wilshire Blvd. 12th Floor
                                         Los Angeles, CA 90025
                                         Telephone: 310-826-7474
                                         headwater@raklaw.com

                                         **ATTORNEYS FOR PLAINTIFF,**
                                         **Headwater Research LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System, and served defendants with a copy via electronic mail.

*/s/ Marc Fenster*
Marc Fenster
