**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| *Plaintiff*, | |
| v. | Case No. 2:23-CV-00103-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC., | |
| *Defendants*. | |

**SAMSUNG'S OPPOSITION TO HEADWATER'S
<u>MOTION FOR RELIEF (DKT. 332)</u>**

███████████████████████████████

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ..................................................................................................1

II.    FACTUAL BACKGROUND ................................................................................2

      A.     Headwater Raises, For the First Time, A Discovery Issue ████████
██████████████████.............................................................2

      B.     Headwater Has Always Known ██████████████..................3

      C.     Headwater Was Not Diligent In Seeking Discovery ███████████...........5

      D.     A█████████████████████████.....................6

III.   LEGAL STANDARD ..........................................................................................6

IV.   ARGUMENT .......................................................................................................7

      A.     Headwater Suffers No Prejudice ...........................................................7

            1.     No Prejudice From Production of the MADA on September 9, 2024.............................................................................................7

            2.     No Prejudice From ██████████████████████
██████████████████.............................................10

            3.     ████████ Will Not Offer Any Improper Opinion Testimony...............11

      B.     Headwater Fails to Provide Any Framework Justifying Its Requested Relief.....................................................................................................12

      C.     Headwater's Requested Relief Is Unjustly Prejudicial to Samsung .....................14

      D.     Headwater's Motion is Not Timely .......................................................15

V.     CONCLUSION...................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Cases**

*Batson v. Neal Spelce Assocs., Inc.*,
    765 F.2d 511 (5th Cir. 1985) ........................................................................ 7

*BPP Retail Props., LLC v. N. Am. Roofing Servs., Inc.*,
    300 F.R.D. 59 (D.P.R. 2014) ...................................................................... 14

*Compaq Comput. Corp. v. Ergonome Inc.*,
    387 F.3d 403 (5th Cir. 2004) ....................................................................... 7

*Edwards v. Cass Cnty., Tex.*,
    919 F.2d 273 (5th Cir. 1990) ................................................................. 7, 15

*Hardin v. Samsung Elecs. Co., Ltd.*,
    No. 2:21-cv-290-JRG (E.D. Tex. Jan. 28, 2023) ......................................... 9

*Hall v. Witron Integrated Logistics, Inc.*,
    No. 4:21-CV-477, 2023 WL 4269760 (E.D. Tex. June 29, 2023) ............ 11

*Hernandez v. Rush Enters., Inc.*,
    No. 4:19-CV-638, 2020 WL 7041822 (E.D. Tex. Dec. 1, 2020) ..... 6-7, 13

*Image Processing Techs., LLC v. Samsung Elecs. Co.*,
    No. 220CV00050, 2020 WL 3512957 (E.D. Tex. June 29, 2020) ............ 11

*In re Subpoena to Kolotouros*,
    No. 5:24-mc-80255 (N.D. Cal. Nov. 19, 2024) ........................................... 6

*In re Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig.*,
    No. 09-MD-2096, 2010 WL 4715951 (D. Ariz. Nov. 15, 2010) .............. 14

*Jones v. Louisiana State Bar Ass'n*,
    602 F.2d 94 (5th Cir. 1979) ........................................................................ 7

*Marlow LLC v. BellSouth Telecomm., Inc.*,
    2013 WL 1752384 (S.D. Miss. Apr. 23, 2013)......................................... 15

*Pressey v. Patterson*,
    898 F.2d 1018 (5th Cir. 1990) .............................................................. 7, 14

*Torreblanca de Aguilar v. Boeing Co.*,
    806 F. Supp. 139 (E.D. Tex. 1992) ........................................................... 11

*Truck Treads, Inc. v. Armstrong Rubber*,
    818 F.2d 427 (5th Cir. 1987) .................................................................................... 7

**Rules**

Fed. R. Civ. P. 26 .......................................................................................... 1, 14

Fed. R. Civ. P. 37(b)(2) ........................................................................... 1, 6, 13-14

Fed. R. Civ. P. 37(c)(1) ............................................................................. 1, 6, 13

Fed. R. Evid. 602 ............................................................................................ 11

**EXHIBIT INDEX AND NOTES**

| Exhibit | Description |
|---|---|
| 1 | January 22, 2025 Email from Amy Wann |
| 2 | '733 Patent Infringement Chart for Headwater's September 28, 2023 Preliminary Infringement Contentions |
| 3 | December 15, 2024 Amended '733 Patent Infringement Chart |
| 4 | Excerpts of Samsung's November 30, 2023 Preliminary Invalidity Contentions |
| 5 | Excerpts of Samsung's December 14, 2023 Objections and Responses to Headwater's First Set of Interrogatories |
| 6 | Excerpts of Samsung's March 8, 2024 Invalidity Contentions |
| 7 | Excerpts of Transcript of the August 22, 2024 Deposition of Byeongchul Nam |
| 8 | Headwater's August 27, 2024 Notice of Amended Subpoena to Google |
| 9 | February 7, 2025 Email Chain Regarding Election of Claims and Defenses |
| 10 | September 10, 2024 Email from Katie Prescott |
| 11 | Excerpts of September 26, 2024 Invalidity Report of Ian Foster |

\* Emphasis added unless otherwise noted.

\*\* Form objections are omitted from deposition transcript quotations unless otherwise noted.

\*\*\* In this brief, "Headwater" refers to Plaintiff and its purported predecessors.

██████████████████████████████

## I.    __INTRODUCTION__

Headwater's motion is baseless, untimely, and a final attempt to unfairly tip the scale in Headwater's favor.  Headwater raised these issues for the first time on February 6, one month after the original trial date for this case.  But Headwater's last ditch effort fails.

*First*, Headwater fails to credibly claim any prejudice.  Headwater alleges that it learned for the first time from the MADA (which Samsung produced in fact discovery) that ███████████ ████████████████ and argues that, had it received that information earlier, it would have conducted discovery differently.  But ██████████████████ not come as a surprise because (1) Headwater accused a Google feature of infringement at the outset of this case, (2) Headwater's infringement allegations implicate Google-controlled servers, (3) Samsung timely identified a Google service as invalidating prior art, and (4) both parties sought discovery from Google. Headwater's claim of prejudice is also belied by the fact that Headwater raised none of these issues leading up to the original trial date for this case on January 6, 2025.  In fact, this motion comes more than one month after trial would have already completed.  The notion that Headwater will be prejudiced by ███████████████████████████████ ████████████████████, also strains credulity.

*Second*, Headwater misstyles its motion as one for "targeted relief," as it seeks a slew of extremely prejudicial requests barely tied to the alleged harms.  Headwater relies, in part, on Rule 37(c)(1), which excludes late-disclosed discovery absent justification.  But Rule 37(c)(1) cannot support the drastic remedies Headwater seeks, namely: excluding trial testimony, modifying the jury instructions, and overruling multiple motions.  Headwater also relies on Rule 37(b)(2), which provides sanctions against a party that disobeys a court order, claiming Samsung disobeyed the Discovery Order by producing the MADA on September 9 (before the close of fact discovery). But neither the Discovery Order nor Rule 26 require ████████████████████████

1

███████████████████████████████████████████

████████ Even if it did, Headwater received the MADA during fact discovery and before two depositions of a knowledgeable witness. And none of Headwater's requested relief, other than the jury instruction regarding ████████████████████████████████████████████ Without an appropriate legal framework, Headwater's motion seeks to arbitrarily punish Samsung.

*Third*, Headwater's motion is untimely. Contrary to Headwater's motion which states that the parties were unable to reach resolution on these issues since the pretrial conference, Headwater *did not even notify* Samsung of any issues regarding an alleged failure to provide discovery ██ ████████ until February 6, 2025—even though this case came within five days of trial beginning January 27, 2025 before being released by the Court. At that time, nothing had changed since the December 16 pretrial conference, except that Samsung narrowed its invalidity case to the Google prior art ██████████████████████. Despite the motion to compel deadline passing on September 10, the dispositive and *Daubert* motion deadline passing on October 25, and the motion *in limine* deadline passing on November 18, Headwater now files an out-of-the-blue motion for a hodgepodge of relief that should have been sought half a year ago, if at all.

## II.    FACTUAL BACKGROUND

### A.    Headwater Raises, For the First Time, A Discovery Issue ██████████ ██████████████████████████████████████

On September 9, 2024, Samsung produced the MADA. Mot. at 4; *see also* Dkt. 242 (regarding background on the MADA). Fact discovery closed on September 20, 2024. Dkt. 131.

On February 6, 2025, Headwater alleged, for the first time, that Samsung failed to provide discovery ██████████████████████████████. Dkt. 332-9 at 8-9. This came well after:

- The deadline to file motions to compel discovery on September 10, 2024;
- Headwater deposed █████████████████████ on September 10, 2024;
- Headwater deposed ████████████, Samsung's 30(b)(6) designee on the MADA on September 27, 2024, and then again on October 17, 2024, but asked no questions in either deposition about ████████████████████████████████████████

■■■■■■■■■

- The close of expert discovery on October 21, 2024;
- The deadline to file dispositive and expert motions on October 25, 2024;
- The parties exchanged witness lists on November 6, 2024, ■■■■■■■
  ■■■■■
- The deadline to file motions *in limine* on November 18, 2024;
- The deadline to file pretrial disclosures on December 4, 2024;
- The pretrial conference held on December 16, 2024;
- The original trial date on January 6, 2025;
- Headwater's election of claims on January 17, 2025;
- Samsung's election of invalidity theories and prior art references on January 21, 2025, wherein Samsung notified Headwater that it would only rely on Google's GTalkService; and
- This case came within five days of trial starting January 27, 2025 before release by the Court.

Dkt. 131; Dkt. 270; Ex. 1.

    **B.**   **<u>Headwater Has Always Known</u>** ■■■■■■■

On March 10, 2023, Headwater filed the complaint in this case, alleging Samsung infringed two of the three asserted patents by using Google's FCM. *E.g.*, Dkt. 1-4 at 7.[1]

On October 19, 2023, Samsung identified Google in its initial disclosures as a relevant entity with knowledge of the design and operation of certain accused features. Dkt. 333-2 at 8.

On September 28, 2023, Headwater served preliminary infringement contentions alleging Samsung infringed its patents by using Google's FCM. *E.g.*, Ex. 2 at 6. On December 15, 2023, Headwater served amended infringement contentions alleging the same. E.g., Ex. 3 at 6.

On November 30, 2023, Samsung identified Google Message Delivery (GTalkService) as prior art to Headwater's asserted patents. Ex. 4 at 23. That same day, Samsung served a subpoena on Google for documents and testimony related to GTalkService. Dkt. 333-4 at 7-8.

On December 14, 2023, Samsung responded to Headwater's interrogatory seeking information about the accused products, noting that "most if not all of the at-issue features/functionalities in this interrogatory relate to or consist of third-party information (e.g.,

---

[1] Headwater did not articulate an FCM-based infringement theory for the '192 patent. Dkt. 185.

████████████████████████████

Google's Android operating system)." Ex. 5 at 12.

On March 8, 2024, Samsung served supplemental invalidity contentions also identifying GTalkService. Ex. 6 at 23.

On June 26, 2024, over a year after Headwater first alleged that Google technology infringes, Headwater served a subpoena on Google for documents and testimony related to FCM.

On August 21, 2024, Samsung served an updated set of initial disclosures, adding that Google was a relevant entity with knowledge regarding prior art.

On August 22, 2024, Samsung engineer ████████████ testified at deposition that

█████████████████████████████████████

████    *See* Ex. 7 at 28:18-29:1, 30:10-13.

On August 27, 2024, Headwater served an amended subpoena on Google, adding two additional requests, including one specifically directed to the MADA. Ex. 8. On September 6, 2024, third-party Google objected to Headwater's request because, among other things, the request sought information more efficiently obtained from Samsung. Ex. 8 at 11. On September 9, 2024, Samsung produced the MADA to Headwater.

On September 10, 2024, the parties deposed ████████, a Google engineer, regarding FCM and GTalkService. ████████, a Google engineer, was not designated on a deposition topic directed to the MADA (Topic No. 8), and Headwater's counsel proceeded with the deposition under the same understanding. Dkt. 332-8 ████████ at 43:19-25. Headwater did not leave the deposition open or seek any relief regarding Google's timely objections. *Id.* at 218:18-24.

On September 26, 2024, Headwater served its expert report regarding infringement that includes theories for all asserted patents based on Google's FCM push system. The expert report also discusses at length the MADA. Dkt. 185-1, ¶¶ 1183-1217. That same day, Samsung served

██████████████████████████████████

its invalidity expert report that includes theories based on Google's GTalkService.  Samsung's expert spoke with Google engineer ████████ to confirm his understanding of GTalkService, the conversation of which Headwater had the ability to question Dr. Foster about in deposition.

On November 6, 2024, the parties exchanged witness lists, both listing ████████ as may call live or by deposition.

On January 21, 2025, Samsung served its election of invalidity theories and prior art references, relying only on Google's GTalkService for anticipation and obviousness.  Ex. 9 at 2.

On February 7, 2025, Headwater notified Samsung that it intended to proceed at trial with allegations against Samsung's products based on Google's FCM push system.  *Id.* at 1.

### C.    <u>Headwater Was Not Diligent In Seeking Discovery</u> ████████████

On September 10, 2024, the parties deposed Google engineer ████████.  Despite understanding that ████████ was not designated on any such topics, Headwater nonetheless asked him questions about ████████████████████.  Dkt. 332-8 at 43:19-24; 45:4-46:7.  ████████ an engineer, testified ████████████████████████████████████. *Id.* at 43:7-15, 44:1-8, 45:25-46:7; 216:4-11.  Headwater moved on and did not hold the deposition open.

On September 20, 2024, Samsung designated ████████ as its 30(b)(6) witness concerning the MADA.  ████████ was deposed on September 27 and again on October 17.  Headwater did not ask any questions about t████████████████████ ████ Headwater did not hold Mr. Song's deposition open.

Headwater failed to timely seek discovery from Mr. Kolotouros.  Headwater subpoenaed him on August 28, 2024.  As early as September 10, 2024 (prior to Mr. Song's deposition), Samsung informed Headwater that a deposition of Mr. Kolotouros would be duplicative of ████ ████ deposition. Ex. 10 at 2.  By September 17, 2024, Headwater knew that Mr. Kolotouros

████████████████████████████████████████

would not appear for a deposition.  *In re Subpoena to Kolotouros*, No. 5:24-mc-80255, Dkt. 9 at 2 (N.D. Cal. Nov. 19, 2024).  Headwater moved to compel his deposition a month later, on October 10, 2024.  *Id.*  By then, opening expert reports had already been served and rebuttal reports were due in just four days.  *Id.* at 3.  Headwater did not seek an expedited briefing schedule, despite that pretrial disclosures were due before briefing on the motion to compel would complete.  *Id.*  The Northern District of California found Headwater failed to "address how the sought-after deposition testimony could be used at this late stage in the underlying action."  *Id.*  After briefing, the court denied Headwater's motion on November 19, 2024.  Headwater did not appeal the decision.

Headwater did not request to extend any deadlines to seek discovery ████████████████

**D.** ██████████████████████████████████████

On November 6, 2024, Samsung served its trial witness list, listing ██████████ as "May Call" and noted that "'[m]ay' call witnesses may be called *live* or by deposition."  Dkt. 280-4.  That same day, Headwater served its trial witness list which also identified ██████████ as "[m]ay call, live or by deposition."  Dkt. 280-1.  ████████████████████████

At the Court's first pretrial conference on December 16, 2024, months before Headwater raised this issue, Samsung informed the Court and Headwater that it ██████████████████

████████████████████████████████████████████████

██████████████████ Dkt. 312-1 (12/16/24 Hr'g Tr.) at 87:12-15, 88:19-23.

On February 4, 2025, ████████████████████████████████████████

████████████████████████████████ Dkt. 318 at 2.

## III.    LEGAL STANDARD

Rule 37 requires that any sanction imposed be just and specifically related to the particular claim that was the subject of the discovery violation.  *Hernandez v. Rush Enters., Inc.*, No. 4:19-CV-638, 2020 WL 7041822, at *1 (E.D. Tex. Dec. 1, 2020) (citing *Compaq Comput. Corp. v.*

██████████████████████████████████████

*Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004)).  Striking pleadings requires a finding of bad faith or willful misconduct.  *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990) (citing *Truck Treads, Inc. v. Armstrong Rubber*, 818 F.2d 427, 429 (5th Cir. 1987)).  Courts should "also consider whether a less drastic remedy would be more tailored to the misconduct and therefore … better serve the purposes of Rule 37."  *Id.* (citing *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 516 (5th Cir. 1985); *Jones v. Louisiana State Bar Ass'n*, 602 F.2d 94, 97 (5th Cir. 1979)).

The Court "has broad discretion in controlling its own docket." *Edwards v. Cass Cnty., Tex.*, 919 F.2d 273, 275 (5th Cir. 1990)  For example, refusing "to allow the filing of a substantive motion on the eve of trial three months after the expiration of a deadline (especially where no extension has been sought) should normally be deemed well within the court's discretion."  *Id.*

## IV.  ARGUMENT

### A.  Headwater Suffers No Prejudice

#### 1.  No Prejudice From Production of the MADA on September 9, 2024

Headwater claims that the "***first indication*** [it] received that ██████████████████ ████████████ was when Samsung produced the MADA on September 9, 2024 (during fact discovery).  Mot. at 4.  But Headwater cannot credibly assert surprise ████████████ ██████████████████████████████████ Mot. at 2, 6-7; Section II.B.1. ████████████████████

████████████████████ Section II.B.1. ████████████ ████████he parties sought discovery from Google as early as November 30, 2023.  Section II.B.2. ██████████████████████

██████████████████████████

Headwater has failed to articulate any prejudice for the alleged harms. Headwater claims that it would have changed its discovery strategy if it had known sooner ██████████████

██████████████████████████████████████████████████

██████ But Headwater offers no examples of additional discovery it would have sought and its actions indicate this alleged prejudice is merely an afterthought.  For example, the Court already granted Headwater relief ██████████████████████████████████████████████████ ██████████████████████████████████████. Dkt. 170-1 (10/02/24 Hr'g Tr.) at 30:8-23.  ██████ ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████ Section II.C.  ██████████████████████████

████████████████████████████ e. Although Headwater served a belated document request and deposition topic (No. 8) on Google directed specifically to the MADA, Google objected on the basis, among other things, that the requested information should be sought from Samsung. Headwater did not attempt to enforce Request/Topic No. 8 on Google.  To the contrary, Headwater proceeded to depose ██████████, Google's witness, fully aware that he was not designated on Topic No. 8 (Dkt. 332-8 at 43:19-25) and agreed to proceed even in light of Google's objections ████████████████████████ as outside the scope.  Section II.C.  If Headwater believed ████ ████████ was not prepared for his deposition, Headwater was obligated to seek timely relief. Moreover, because the MADA was produced during fact discovery, Headwater's expert reports already addressed it at length.[2]  Section II.B; *see also* Dkt. 185 at 12-14; Dkt. 186 at 12-13.

Headwater claims that, because the MADA was allegedly produced late (it was not), it cannot now effectively cross examine ████████████████████████████████ Mot. at 10.  But Headwater delayed filing this motion until more than one month after trial would have already completed but for multiple continuances.  Moreover, Headwater's alleged inability to cross examine ██████████████████████ cannot be

---

[2]  Headwater even had an opportunity to serve supplemental expert reports.  Dkt. 245.

███████████████████████████████████████

prejudicial because ███████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████ Dkt. 332-8 at 44:1-8; 45:25-46:11; 216:4-16.  In

addition, as this Court found in *Hardin v. Samsung Electronics,* ████████████████████

███████████████████████████████████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

No. 2:21-cv-290-JRG, Dkt. 218 at 219:8-227:10  (E.D. Tex. Jan. 28, 2023).  As in *Hardin*,

Headwater can cross examine ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████ *Id.*  Headwater does not explain why it is entitled to further cross examine ████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████

Lastly, Headwater alleges that it is prejudiced as a result of its inability to take discovery

from third-party Mr. Kolotouros.  This, however, has already been adjudicated by the Northern

District of California.[3]  If Headwater had any issues with that ruling, Headwater was obligated to

---

[3]  Headwater initially asked this Court to compel Mr. Kolotouros's deposition.  At the October 2 hearing, Headwater admitted it had no legal theory for the Court authority to order that deposition, and that it had not yet initiated an action in the correct forum.  10/02/2024 Hr'g Tr. at 15:23-20:16.

██████████████████████████████

appeal.  It chose not to.  Headwater instead blames Samsung, claiming Samsung did not disclose Mr. Kolotouros or make him available for deposition.  To begin, Samsung explained to Headwater that Mr. Kolotouros's deposition would be duplicative in light of ██████████ deposition.  Ex. 10 at 2.  Also, when this case was filed, Mr. Kolotouros was still a VP of partnerships at Google.  While Mr. Kolotouros later joined Samsung Research America ("SRA"), SRA is not a party to this case.  Dkt. 170-1 (10/02/24 Hr'g Tr.) at 11:19-25, 15:19-16:3.  As the Northern District of California court recognized, the delay was an issue of Headwater's own making.  Section II.B.3.  Regardless, Headwater already had two chances to depose ██████████ to learn similar information.

### 2.  No Prejudice From ████████████████████ ███████████████████

Headwater alleges that it is prejudiced from Samsung ████████████████ ████████████████████████████████████████ ████████████████████  Dkt. 318.  Headwater purports that it had to recalibrate its expectations because ████████████████████████████████ ████████████████  Mot. at 1.  ***This makes no sense***.  Samsung's initial trial witness list notified Headwater that ██████████may be called live.  Section II.D.  Samsung expressly reiterated ████████████████████████████████████ Dkt. 312-1 (12/16/24 Hr'g Tr.) at 87:12-15, 88:19-20 ████████████████████ ████████████████████.  And Headwater's own trial witness list listed ██████████ as "[m]ay call, ***live*** or by deposition."  *Id.*  Headwater cannot now pretend it would be harmed by ██████████ live testimony when both parties reserved the ability to call him live and Samsung verbally told Headwater it intended to call him live months before this baseless motion.  Headwater has always been aware that ████████████████████████████ ████████████████████████████████████



███████    Finally, any prejudice caused by ███████████████ (there is none) is outweighed

by the benefits of live testimony. *Torreblanca de Aguilar v. Boeing Co.*, 806 F. Supp. 139, 144

(E.D. Tex. 1992) ("[C]onducting a substantial portion of a trial on deposition testimony precludes

the trier of fact from its most important role: evaluating the credibility of the witnesses.").

Headwater also argues that it was prejudiced by off-the-record conversations between ███

████ and Samsung's experts. Mot. at 6. But such conversations are not only common, but

appropriate. *Image Processing Techs., LLC v. Samsung Elecs. Co.*, No. 220CV00050, 2020 WL

3512957, at *3 (E.D. Tex. June 29, 2020) (holding that experts may rely on post-discovery

conversations with fact witnesses who were timely disclosed). And Headwater has been on notice

of these ████████ conversations since the reports were served as early as September 27, 2024.

Headwater failed to raise this issue by the October 25 deadline for dispositive and expert motions.

**3.** ████████████████████

Headwater's attempt to preclude ██████████ from testifying is baseless. Mot. at 15.

███████ will only be called to testify as a fact witness. Headwater mischaracterizes his

██████████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████ Fed. R. Evid. 602; *Hall v. Witron Integrated Logistics, Inc.*, No. 4:21-CV-

477, 2023 WL 4269760, at *3 (E.D. Tex. June 29, 2023) ("As employees, the witnesses will be

permitted to disclose facts that are based on 'first-hand knowledge or observations.'").

Headwater cherry-picks ████████████ deposition testimony to argue that ████████

testified ██████████████████████████████████

██████████████" Mot. at 14 (emphasis in original). But Headwater mischaracterizes ███

██████████████. ██████████████████████████



Dkt. 332-8 ███████████ at 106:21-107:8:

Dkt. 332-8 at 198:2-199:1.

[4] *See* Ex. 11 ¶¶ 97, 216-223.

## B.    <u>Headwater Fails to Provide Any Framework Justifying Its Requested Relief</u>

Headwater cobbles together a list of alleged harms and asks the Court to punish Samsung with drastic sanctions.  At base, Headwater appears to argue that the alleged harms amount to a discovery violation that justifies its requested relief under Rule 37(c)(1) and Rule 37(b)(2). Headwater's reliance on these Rules, however, is misplaced.

---

[4]  If his testimony borders on opinion testimony, Headwater may object on a case-by-case basis.

█████████████████████████████████████████████

Rule 37(c)(1) does not apply to Headwater's issue with ████████ providing live, and allegedly opinion, testimony.  Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness."  Headwater's issues concerning ████████ testimony—that he was "upgraded" to be a primary witness and that he will allegedly offer opinion testimony—have nothing to do with late-disclosed discovery.  Rule 37(c)(1) cannot support striking Samsung's summary judgment motion based on Google prior art or precluding ████████ testimony.

Rule 37(c)(1) also does not justify Headwater's request concerning the MADA.  Headwater is not entitled to any remedy under Rule 37(c)(1) because the MADA was produced during fact discovery and Headwater had two opportunities to take discovery from Samsung's witness regarding the MADA, so there is no prejudice to Headwater.  Further, while Rule 37(c)(1) gives the Court discretion to construct an appropriate remedy, any sanction must still be "just and specifically related to the particular claim." *Hernandez*, 2020 WL 7041822 at *1; *see also Pressy*, 898 F.2d at 1021.  The remedies Headwater seeks are (1) not "just" because ████████████ ██████████████████████████████████ is not relevant to the issues to be decided by the jury, and (2) not "specifically related" to the claim because some of the objections Headwater wants to overrule have nothing to do with the MADA.  *E.g.*, Dkt. 185 (Parts A, B, and F seeks striking Headwater's late-disclosed, conclusory, and unreliable infringement theories).

Headwater's request to overrule Samsung's objections to Headwater's use of Google-related evidence, including striking Samsung's motion *in limine* and parts of Samsung's *Daubert* motions, is similarly baseless.  Striking a pleading under Rule 37 requires a finding of bad faith or willful misconduct.  *Pressey*, 898 F.2d at 1021.  Headwater does not even allege such misconduct. If Headwater believed that Samsung's motions were improper in light of the issues it raises in this

███████████████████████████

motion, Headwater could have included these arguments in its oppositions.  It did not.

Headwater's reliance on Rule 37(b)(2) is also unavailing.  Rule 37(b)(2) provides "[i]f a party . . . fails to obey an order to provide or permit discovery . . . , the court where the action is pending may issue further just orders."  Headwater asserts that Samsung disobeyed the Discovery Order (Dkt. 64)[5] by producing the MADA on September 9 (before the close of fact discovery).  Mot. at 2.  Headwater cites 1(e) of the Discovery Order—which largely tracks Rule 26(a)(1)(iv)—to argue Samsung should have produced ███████████████  ████████

███████████████████████████████████  ██

███████████████████████████

█████████████; *see In re Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 09-MD-2096, 2010 WL 4715951, at *1 (D. Ariz. Nov. 15, 2010) ("[Rule 26] explicitly applies only to agreements covering the potential liability of insurance businesses."); Fed. R. Civ. P. 26 Advisory Comm. Notes (1970) ("The provision applies only to persons 'carrying on an insurance business' and thus covers insurance companies."); *see also BPP Retail Props., LLC v. N. Am. Roofing Servs., Inc.*, 300 F.R.D. 59, 62–63 (D.P.R. 2014).  Thus, Samsung did not violate the Discovery Order.  And Headwater's issues regarding █████████ testimony do not fall into this framework because Headwater has not alleged the violation of any court order for this issue.

## C.    <u>Headwater's Requested Relief Is Unjustly Prejudicial to Samsung</u>

Each of Headwater's requests for relief will disproportionately and unjustly prejudice Samsung.  Headwater waited until after Samsung elected only GTalkService in its final election of prior art to bring this motion, which seeks to preclude testimony from ████████████

---

[5]  Headwater does not accuse Samsung of violating any of the Court's orders regarding Headwater's motions to compel issued at the October 2, 2024 hearing.

████████████████████████████

████████████████████████████████████████████

████████████████████████    Thus, Headwater is effectively attempting to cripple Samsung's prior art and non-infringement defenses on the eve of trial.

Headwater's other requests to establish ████████████ by jury instruction and unobjected evidence are highly prejudicial to Samsung.  For example, they may lead the jury to decide ████████████████████████████████████ Such an instruction and unobjected evidence contravenes the Court's standing motion *in limine* 12 that "[t]he parties shall be precluded from introducing evidence, testimony, or argument regarding funding of the litigation" and may cause confusion over who is the defendant in this case. *See Marlow LLC v. BellSouth Telecomm., Inc.*, 2013 WL 1752384, at *1 (S.D. Miss. Apr. 23, 2013).

### D.      Headwater's Motion is Not Timely

Headwater's motion is not timely.  Headwater did not notify Samsung of any issues regarding a failure to provide discovery ████████ until February 6, 2025—five months after learning about ████████████ and weeks after this case was originally scheduled for trial. At that time, nothing had changed in this case, which had been stalled since the December 16, 2024 pretrial conference.  The Court does not need to entertain Headwater's current motion that effectively amounts to a series of out-of-time *Daubert*, *in limine*, and summary judgment motions and sur-replies.  *Edwards*, 919 F.2d at 275 (A court may refuse to allow the filing of a substantive motion after the expiration of a deadline, especially where no extension has been sought). Headwater chose, at its peril, not to file this motion by those deadlines.

## V.    CONCLUSION

In light of the foregoing, the Court should deny Headwater's motion in its entirety.

Dated: March 6, 2025                 Respectfully submitted,

                                By:   */s/ Lance Yang*
                                      Ruffin B. Cordell
                                      TX Bar No. 04820550
                                      Michael J. McKeon
                                      DC Bar No. 459780
                                      mckeon@fr.com
                                      Jared Hartzman
                                      DC Bar No. 1034255
                                      hartzman@fr.com
                                      FISH & RICHARDSON P.C.
                                      1000 Maine Avenue, SW, Ste 1000
                                      Washington, D.C. 20024
                                      Telephone: (202) 783-5070
                                      Facsimile: (202) 783-2331

                                      Thad C. Kodish
                                      GA Bar No. 427603
                                      tkodish@fr.com
                                      Benjamin K. Thompson
                                      GA Bar No. 633211
                                      bthompson@fr.com
                                      Jonathan B. Bright
                                      GA Bar No. 256953
                                      jbright@fr.com
                                      Christopher O. Green
                                      GA Bar No. 037617
                                      cgreen@fr.com
                                      Noah C. Graubart
                                      GA Bar No. 141862
                                      graubart@fr.com
                                      Sara C. Fish
                                      GA Bar No. 873853
                                      sfish@fr.com
                                      Katherine H. Reardon
                                      NY Bar No. 5196910
                                      reardon@fr.com
                                      Steffen C. Lake
                                      GA Bar No. 512272
                                      lake@fr.com

Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Vivian C. Keller (*pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

17

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com

18

Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600

Brady Huynh (admitted *pro hac vice*)
CA Bar No. 339441
bradyhuynh@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

19

**CERTIFICATE OF SERVICE**

 I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on March 6, 2025.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Lance Yang*
Lance Yang
