IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, | § § § § § |
| Plaintiff, | § § |
| v. | §  CIVIL ACTION NO. 2:23-CV-00103-JRG-RSP |
| | § |
| SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § |
| Defendants. | § |

**REPORT & RECOMMENDATION**

Before the Court is Samsung's Motion for Summary Judgment of Invalidity for Lack of Written Description Based on 35 U.S.C. § 112. **Dkt. No. 178**. The Motion should be denied because there is a genuine dispute of material fact.

### I. LEGAL STANDARD

#### A. SUMMARY JUDGMENT

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* [dispute] of material fact." *Anderson*, 477 U.S. at 247–48 (emphasis added). The substantive law

identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323.

If the movant bears the burden of proof on an issue at trial, then the movant "must establish beyond peradventure all of the essential elements of the claim or defense to warrant [summary] judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

### B.  WRITTEN DESCRIPTION

"The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same." 35 U.S.C. § 112(a). The Federal Circuit has held that this statute sets forth two separate and distinct requirements, known as "enablement" and "written description." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010). Although distinct, the doctrines of written description and enablement are related and "often rise and fall together." *Id.* at 1352. Both issues are routinely tried to a jury. *See, e.g.*, *Enzo Biochem, Inc. v. Applera Corp.*, 780 F.3d 1149, 1153 (Fed. Cir. 2015) ("The case then proceeded to a jury trial, where the jury found that the … patent was not invalid for lack of written description and enablement.")

"The test for the sufficiency of the written description 'is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date.'" *Vasudevan Software, Inc. v.*

2

*MicroStrategy, Inc.*, 782 F.3d 671, 682 (Fed. Cir. 2015) (quoting *Ariad*, 598 F.3d at 1351). "[T]he test requires an objective inquiry into the four corners of the specification from the perspective of a person of ordinary skill in the art. Based on that inquiry, the specification must describe an invention understandable to that skilled artisan and show that the inventor actually invented the invention claimed." *Ariad*, 598 F.3d at 1351. Whether a patent complies with the written description requirement is a question of fact. *Id.* "A party must prove invalidity for lack of written description by clear and convincing evidence." *Vasudevan Software*, 782 F.3d at 682.

## II.   ANALYSIS

Samsung argues that the asserted '117 patent is invalid under 35 U.S.C. Section 112 ¶ 1. Samsung focuses specifically on Claim 1 which requires "mapp[ing] the application identifier" to a "software process." Dkt. No. 178 at 6; Dkt. No. 178-1 at claim 1. Samsung claims that this part of the claim is undisclosed in the specification. Dkt. No. 178 at 7. Indeed, Samsung asserts that the specification "contains no trace of this 'mapping concept.'" *Id.* Samsung argues that any mention of "mapping" in the specification is unrelated to the claimed mapping of an application identifier. *Id.* at 8.

First, Samsung argues that the disclosure of "a mapping of application to socket" for purposes of "[t]raffic inspection" is different from the "mapping" in the claims and that Headwater has confirmed this. *Id.* at 9 (quoting Dkt. No. 178-1 at 53: 53–58); Dkt. No. 178-6 at 245: 19 – 249: 9. Next, Samsung similarly contests the applicability of the patent's disclosure of "a mapping (e.g., an association) of the network apparatus settings to the appropriate device 100 (service processor 115) settings can be determined to advantageously support the service usage monitoring, service usage control, service usage billing or service usage verification objectives being addressed." Dkt. No. 178 at 10 (quoting Dkt. No. 178-1 at 79: 2–8). Third, Samsung differentiates

3

from the claim the specification's disclosure of "service usage limits" that may be "mapped to usage limit settings on the device service processor" or "to a number of service profiles." *Id.* (quoting Dkt. No. 178-1 at 79: 12–21). Likewise, Samsung disputes the applicability of the specification's disclosure of "mapping the network profiles and/or policies to device 100 (e.g., service processor 115) profiles and/or policies[.]" *Id.* at 11 (quoting Dkt. No. 178-1 at 80: 47–63).

Samsung also argues that the fact that the specification never uses the term "software process" further supports its lack of written description position.[1] *Id.* Samsung claims that the amendment to the claims and abstract cannot be relied on because amended claims must be tied to the specification as filed. *Id.* at 12.

Samsung further argues that this is not an instance where the patentee can rely on information that is well-known in the art because Dr. Raleigh testified that this limitation was not well-known. *Id.*

Headwater responds that its expert, Erik de la Iglesia, provides expert testimony that the specification as a whole reasonably conveys to those skilled in the art that Dr. Raleigh had possession of the claimed subject matter including the mapping term. Dkt. No. 214 at 7; *see* Dkt. No. 214-2 at ¶¶ 695–703. Headwater argues that this alone precludes summary judgment because it raises a dispute of material fact. Dkt. No. 214 at 7. Headwater then points to parts of the specification and the Court's claim construction which it claims supports the written description of the subject claim. *Id.* at 7–12.

The Court finds that there is a genuine dispute of material fact that precludes summary judgment. Samsung points to instances of the use of "mapping" in the specification and argues that

---

[1] The abstract of the patent does use the phrase "software process." Dkt. No. 178-1 at [57]. According to Samsung the phrase "software process" was added to the abstract via amendment after the original application was filed. Dkt. No. 178 at 2.

4

none of them line up with its usage in the claim. Headwater responds that its expert opines that a POSITA would understand from the specification as a whole that Dr. Raleigh had possession of the claimed subject matter. While Mr. De la Iglesia provides his opinion in a section titled "application identifier limitations" he sufficiently discloses the basis for his opinion regarding the subject claim. *See* Dkt. No. 214-2 at ¶ 697. There is no requirement that a specification disclose the exact words of the claim. Accordingly, the Motion should be **DENIED**.

### III.   CONCLUSION

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 1st day of April, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE