IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, § § § *Plaintiff*, § § v. § CIVIL ACTION NO. 2:23-CV-00103-JRG-RSP § SAMSUNG ELECTRONICS CO., LTD., § and SAMSUNG ELECTRONICS § AMERICA, INC., § § *Defendants*. § | |

**REPORT & RECOMMENDATION**

Before the Court is Plaintiff Headwater Research LLC's Motion for Summary Judgment of No Invalidity Based on the Motorola E815. **Dkt. No. 179**. For the reasons discussed below, the Motion should be **DENIED**.

## I. LEGAL STANDARD

### A. SUMMARY JUDGMENT

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* [dispute] of material fact." *Anderson*, 477 U.S. at 247–48 (emphasis added). The substantive law

identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323.

"If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

## II.   ANALYSIS

Headwater argues that there are two fundamental issues with Dr. Foster's (Samsung's Expert) invalidity analysis relating to the Motorola E815. First, Headwater contends that Dr. Foster relies on optional portions of the MMS specification and does not present any evidence that the E815 actually implemented those features. Dkt. No. 179 at 1. Second, Headwater claims that Samsung is estopped from presenting its prior art obviousness combination based on its IPR stipulation. *Id.* at 1–2. The Court addresses both issues and finds both unavailing.

### A.  Relying on Optional Portions

Headwater argues that Samsung fails to provide sufficient evidence to support Samsung's assertion that the "'Motorola E815 in view of Ogawa renders obvious the asserted claims of the '733 patent.'" *Id.* at 2 (quoting Dkt. No. 179-2 at Section 14.2 [Foster Opening Expert Report]).

Headwater alleges that Dr. Foster exclusively relies on the MMS specification for evidence of his theory. *Id.* Headwater then argues that this is insufficient because "there is no evidence that the E815 implemented ***all*** portions of . . . the MMS specification." *Id.* at 3 (emphasis in original). Headwater argues that this is particularly problematic because parts of the specification are explicitly optional. *Id.* Headwater then describes specific representative limitations that it claims are optional under the specification and argues that Dr. Foster never shows that the E815 actually used them. *Id.* at 3–7.

Headwater then argues that even if the E815 used all the optional features, Samsung's invalidity theory would still fail. *Id.* at 7. In support, Headwater shows that the MMS specification states that "[d]etails of these applications . . . or how an MMS User Agent . . . would interface with them are outside the scope of this specification." *Id* (quoting Dkt. No. 179-3 at 54). Notwithstanding this, Dr. Foster claims that the specification "discloses that its multiple additional '[a]pplications' on the user device 'transport application specific data using MMS.'" *Id* (quoting Dkt. No. 179-2 at ¶ 297).[1]

Samsung responds that Motorola released the E815 after the feature at issue was already part of the MMS standard and Motorola designed it to include support for MMS. Dkt. No. 208 at 2. Samsung further argues that the record supports a finding of obviousness even if their expert did not specifically opine on the issue. *Id.* Samsung further argues that there remains a factual dispute as to whether the E815 supported the transport of application data as part of its MMS capability. *Id.* at 4. Samsung then disputes exactly what the MMS specification requires versus what is optional. *Id.* at 4–6.

---

[1] Dr. Foster quotes the MMS specification in support of his assertion. Dkt. No. 179-2 at ¶ 297 & n. 162.

The Court finds that Headwater has not carried its burden on summary judgment. While the ultimate burden to prove invalidity is on Samsung, Headwater still has the burden at this stage to show that there are no disputes of material fact. After review of Dr. Foster's opinions, the Court finds that although he only references the standard, he (at least implicitly) opines that the Motorola E815 device practiced all parts of the claim that are necessary for it, in combination with the other references, to render the claim obvious. There also remains a fact dispute about what is and is not optional under the standard. Headwater certainly may attempt to highlight its perceived deficiencies with Dr. Foster's analysis through vigorous cross-examination. The Court recommends **DENYING** the Motion on this basis.

### B.  ESTOPPEL

Headwater also argues that Samsung is estopped from presenting the E815 as a prior art ground based on Samsung's IPR stipulation. Dkt. No. 179 at 8. As described previously, Headwater asserts that Dr. Foster relies exclusively on the MMS specification to describe the operation of the E815. *Id.* However, Samsung has agreed by stipulation to not raise the TS-23.140, (The "MMS Specification,") and Ogawa in this proceeding. *Id*; Dkt. No. 179-4. Headwater thus argues that Samsung's theory relies exclusively on printed publications that are subject to estoppel and the inclusion of the E815 is merely a prohibited work-around. Dkt. No 179 at 8.

Samsung responds that it "explicitly relies on the physical components of the E815 that were not relied on during the IPR." Dkt. No. 208 at 7. Samsung specifically points to the availability of applications and users' ability to download them on the device. *Id.* Samsung also points out that it reserved the right to assert system art not eligible for PTAB consideration, including devices supporting MMS technology. *Id* (quoting Dkt. No. 208-4). Samsung further

asserts that the operation of the E815, and the combination of the E815 with the MMS standard, directly responds to Headwater's claims that certain MMS features are options. *Id.* at 8.

The Court finds that Samsung is not estopped from using the Motorola E815 as part of its invalidity argument. First, Samsung could not have raised the E815 at the IPR because it is a physical device. Further, the physical device here cannot be said to be entirely duplicative of the MMS Standard Specification because as Samsung argues, the device has features that are not mentioned in the general Specification. Finally, Headwater argues that some of the features of the Specification are optional. Samsung should have the opportunity to show that the physical device uses those optional features as part of its obviousness case. This portion of the Motion should also be **DENIED**.

## III. CONCLUSION

For the reasons discussed above, the Motion should be **DENIED**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 3rd day of April, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE