**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| Plaintiff, | Case No. 2:23-cv-00103-JRG-RSP |
| v. | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendants. | |

**PLAINTIFF HEADWATER RESEARCH LLC'S**
**OPPOSED MOTION FOR TARGETED RELIEF FROM PREJUDICE CAUSED BY**
**SAMSUNG'S DISCOVERY VIOLATIONS RELATING TO GOOGLE**

## TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................... 1

II.   FACTUAL BACKGROUND ..................................................................................... 2

    A.   Headwater's Complaint and Infringement Contentions Accused Google Firebase Cloud Messaging ................................................................................. 2

    B.   Samsung's Initial Disclosures Do Not Disclose Samsung's Contracts with Google Covering Samsung's Use of Firebase, ███████████████████████, or Relevant Witnesses, in Violation of the Discovery Order ........................................... 2

    C.   Headwater Repeatedly Sought Discovery into Contracts and Indemnification Agreements Covering the Accused Features Through Specific Requests .................. 3

    D.   Headwater Was Forced to Move to Compel Production of the Contracts and Discovery of ████████████████ and Relevant Witnesses ..................... 4

    E.   Samsung Prevents Headwater from Questioning Google About the Samsung-Google Agreements Pertaining to the Accused Functionalities .............................................. 5

    F.   ███████████████████████████████████████████████ ...................................................... 5

    G.   Samsung Discloses New Non-Infringement Theories, ████████████████████████ at the Last Minute ............................................................. 6

III.   LEGAL STANDARD .............................................................................................. 7

IV.   ARGUMENT ........................................................................................................... 7

    A.   Samsung Concealed █████████████████ the Samsung-Google Contracts Governing the Accused Software Despite Their Clear Relevance and Importance to This Case ................................................................................................................ 8

    B.   The Court Should Grant Relief to Address the Clear Prejudice and Harm From Samsung's Concealment of its Agreements with Google .......................................... 10

    C.   The Court Should Grant Relief to Address the Clear Prejudice and Harm From Samsung's Surprise Reliance on Google's Fact Witness at Trial .............................. 12

V.   CONCLUSION ....................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Primrose Operating Co. v. Nat'l Am. Ins. Co.,*
   382 F.3d 546 (5th Cir. 2004) ............................................................................. 7

*Tex. A & M Research Found. v. Magna Transp., Inc.,*
   338 F.3d 394 (5th Cir. 2003) ............................................................................. 7

**Statutes**

Fed. R. Civ. P. 37 ............................................................................................. 15

Fed. R. Civ. P. 37(b)(2)(A) .................................................................................. 7

Fed. R. Civ. P. 37(c)(1) ...................................................................................... 7

**Rules**

Rule 26 ......................................................................................................... 7, 14

Rule 26(a) ......................................................................................................... 7

Rule 26(e) ......................................................................................................... 7

Rule 26(f) ......................................................................................................... 7

Rule 35 ............................................................................................................. 7

Rule 37(a) ......................................................................................................... 7

## I.    INTRODUCTION

Samsung failed to disclose that ███████████████████ and failed to disclose relevant witnesses, Google contracts, and billions in related revenues. On September 9, 2024, Samsung finally produced a Samsung-Google contract ███████████████ after Headwater filed a motion to compel (Dkt. 122). But Samsung later moved to exclude evidence of ███████████████ at the December 16, 2024 pretrial conference, while refusing to confirm ███████████████ Ex. 1 (Dec. 16, 2024 Pretrial Conference) at 99:11-101:18.

Headwater brings this motion now because the Parties have been unable to reach a resolution on these issues since the Pretrial Conference. Headwater contends that it is entitled to probe the nature of ███████████████ at trial. At the Pretrial Conference, the Court appeared to agree that evidence on ███████████████ is relevant.  Ex. 1 at 99:11-101:18. Samsung disagrees and maintains that Headwater should be precluded from informing the jury ███████████████ or about *any* moneys exchanged between Samsung and Google.

Headwater also brings this motion now because on February 4, 2025, Samsung suddenly upgraded Google witness, Mr. Todd Hansen, from a "May Call" witness to Samsung's "primary fact witness" at trial. Dkt. 318.  This is remarkably prejudicial. Headwater has been preparing for trial understanding Mr. Hansen would be limited to his deposition testimony. This recent change necessitates that Headwater bring this motion to prevent Mr. Hansen from testifying live without being subjected to questioning about Google's involvement with Samsung. Samsung previously blocked Headwater from deposing Mr. Hansen on Google's involvement and he is apparently unaware Samsung and Google have agreements. Samsung maintains any inquiries of Mr. Hansen ███████████████ are improper and outside the scope of his personal knowledge, leaving Headwater no fair way to show that Mr. Hansen is not, in fact, a neutral third party.

Further, Mr. Hansen's testimony is highly prejudicial for another reason: Samsung plans

to elicit from him certain *opinion* testimony that "equivalent" functionality to what Headwater accuses of infringement of the "identifier" claim term existed in prior art systems. This is based on Mr. Hansen's speculation about what existed—despite ███████████████████████ ████████████████████████████████████████████ This violates Rule 26.

The only way to begin to cure this prejudice now is to instruct the jury about ██████████ ██████████████████████████████████████████, admit exhibits obtained from Google, prevent Mr. Hansen from testifying live at trial, and limit his deposition testimony.

## II.    FACTUAL BACKGROUND

### A.    Headwater's Complaint and Infringement Contentions Accused Google Firebase Cloud Messaging

Headwater's First Amended Complaint accused Samsung of infringing through its implementation of "Firebase Cloud Messaging," a Push Notification feature provided by Google. *See, e.g.,* Dkt. 31-4 ('733 Chart) at 15; Dkt. 31-5 ('117 Chart) at 4-5; Dkt. 31-6 ('192 Chart) at 11-12. In addition, Headwater's September 28, 2023 infringement contentions explicitly accused "Google's Firebase Cloud Messaging service." Dkt. 185-3 (9/28/23 PICs Cover Pleading) at 8-9.[1]

### B.    Samsung's Initial Disclosures Do Not Disclose Samsung's Contracts with Google Covering Samsung's Use of Firebase, ████████████████████ ███████████, or Relevant Witnesses, in Violation of the Discovery Order

Samsung's October 19, 2023 initial disclosures identified that Google has knowledge regarding the "[d]esign and operation of certain accused features." Ex. 8 (Samsung's Initial Disclosures) at 7-8. But Samsung's initial disclosures do ***not*** disclose:

- Samsung's contracts with Google governing the pre-installation and pre-loading of the Google Firebase Cloud Messaging software on Samsung's devices;
- ████████████████████████████████████████████████████

---

[1] The Court denied Samsung's motion to dismiss the Google Firebase server theory from the First Amended Complaint. Dkt. 40; Dkt. 80, adopting Dkt. 78 at 5-7. The Court found allegations against Firebase had been "pleaded sufficiently." Id.

- ███████████████████████████████████████
- The identify of people knowledgeable about these Samsung-Google contracts, including Mr. Seungho Song, a Samsung executive who negotiated them;[2]
- Samsung's reliance on Google's witness to testify about asserted prior art live at trial.

On December 1, 2023, the Court entered a Discovery Order requiring production of relevant items "without awaiting a discovery request" and requiring the disclosure of indemnity agreements and persons having knowledge of relevant facts. Dkt. 64. Following entry of the Discovery Order, ████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████

### C. Headwater Repeatedly Sought Discovery into Contracts and Indemnification Agreements Covering the Accused Features Through Specific Requests

Headwater repeatedly sought specific discovery on contracts and indemnification agreements that are highly relevant to the accused functionalities here:

- On November 14, 2023, Headwater sent a letter containing specific requests for documents and information including "contracts" (Request 43), "agreement[s] concerning this action" and "any agreement concerning this action, the Asserted Patents, or any Accused Product, including, but not limited to, indemnification agreements, joint defense agreements, and/or any other agreements" (Request 50), "sources of revenue" including "partnerships" and "other sources of revenue" (Request 37), all documents relating to persons in initial disclosures (Request 64) (e.g., Google). Ex. 7. Samsung did not object to these requests.

- On July 16, 2024, Headwater sent a deficiency letter regarding the materials requested in Headwater's November 14, 2023 letter, reiterating requests for "agreements, contracts, or licenses involving the Accused Products" and "contracts, product requirements, or other documents relating to Firebase Cloud messaging. Ex. 2 (Jul. 16, 2024 Ltr.). Headwater's letter also requested "documents relating to the benefits and advantages of the accused features," and "profit" and "revenues" attributable to the accused products. Id. at 2-4.

- Headwater served a Rule 30(b)(6) Notice on Samsung that included numerous topics regarding Google (e.g., Topics 20-22, 63) and existing indemnity agreements applicable to this case (e.g., Topic 53). On August 15, 2024, Samsung acknowledged "Firebase Cloud Messaging is identified in Headwater's infringement contentions" but objected to certain

---

[2] On September 17, 2024, Samsung supplemented its disclosures to identify Google's Rule 30(b)(6) witness Todd Hansen as having knowledge about the design of accused features. Ex. 10. However, Samsung has never supplemented to disclose Google's financial interest, contracts with Samsung, or the Samsung witnesses having relevant knowledge of those contracts. Id.

topics on the basis that they seek "irrelevant information" and "third party confidential information that Samsung is under an obligation not to disclose." Ex. 3 at 8, 22-24.

- On August 16, 2024, lead and local counsel met and conferred to discuss the status of missing documents, including as described in Headwater's July 16 letter.

- On August 23, 2024, Headwater sent another set of letters to Samsung explaining that it had discovered the existence of numerous Samsung-Google agreements that had not been disclosed by Samsung. Ex. 9. Headwater requested that Samsung produce these agreements, including by specifically identifying the Samsung-Google Mobile Application Distribution Agreement ("MADA") and any related agreements and revenue information. Ex. 9. Headwater also requested Google prepare its witnesses on the MADA. Ex. 15.

- Samsung did not respond to that letter, so Headwater followed up on August 27 requesting Samsung's position and reserving the right to seek sanctions for Samsung's failures to disclose highly relevant discovery.

- Samsung finally responded by asking why "Headwater now asserts a 'MADA' agreement is relevant here and to what specific issues." Headwater responded on August 28 to explain why the MADA clearly should have been produced long ago. Ex. 9.

### D. Headwater Was Forced to Move to Compel Production of the Contracts and Discovery of ████████████████████████████████████

Despite the history of Headwater's attempts to obtain relevant discovery as discussed above, Samsung continued to refuse to produce the Samsung-Google materials, necessitating that Headwater file a motion to compel, which the Court granted in part. *See* Dkt. 122 at 4-5.

To moot a portion of Headwater's motion (Dkt. 122), on September 9, 2024, Samsung produced the MADA. And even though Samsung produced the MADA, Samsung continued to refuse to produce the other relevant agreements related to and referenced within terms of the MADA, such as revenue sharing agreements between Samsung and Google. Dkt. 158. ████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████. The production of the MADA also identified for the first time Mr. Seungho Song as having knowledge about the MADA. On September 12, 2024, Headwater requested a deposition of a Rule 30(b)(6) witness on the MADA and related agreements. Ultimately, Mr. Song was deposed and confirmed that Samsung has a detailed understanding of these related agreements.

4

E.    **Samsung Prevents Headwater from Questioning Google About the Samsung-Google Agreements Pertaining to the Accused Functionalities**

On September 10, 2024—one day after Samsung produced the MADA (but continued to refuse to produce other related contracts)—Google's corporate designee, Todd Hansen, was deposed pursuant to Headwater's subpoena to Google which included topics on source code and on Google's agreements with Samsung, including the MADA and related agreements.[3] During the deposition, Mr. Hansen was unable to provide testimony regarding what functionality existed in Samsung and Google's leading prior art theory and when it was included. *See, e.g.,* Ex. 11 (Hansen Tr.) 55:10-21; 196:14-24; 199:2-199:9; 203:7-12. Furthermore, Mr. Hansen was not prepared to testify regarding the MADA, and was prevented from being shown the contract despite being Google's corporate designee, preventing Headwater from inquiring about the contract between Samsung and Google which would have shed light on issues of damages, divided infringement, and bias. *See, e.g.,* Ex. 11 (Hansen Tr.) 43:7-46:20, 211:8-216:16.

Headwater also sought testimony from Mr. James Kolotouros, a Google executive who was responsible for the MADA and related revenue agreements. The same counsel representing Samsung also represented Mr. Kolotouros in connection with Headwater's subpoena. They refused to make him available for deposition. Ex. 6 (Prescott Email). Headwater was forced to file a miscellaneous action in another court to compel Mr. Kolotouros to comply with the subpoena, which was denied as untimely—even though the timing of Headwater's motion directly resulted from Samsung's inadequate disclosures and its counsel's delay tactics discussed above.

F.    **Samsung Continues to Obfuscate With Respect to** █████████████████████

---

[3] Mr. Hansen met with attorneys in advance of his deposition, including Mr. Lance Yang, with the understanding that none of those attorneys represented Samsung. Ex. 11 (Hansen Depo. Tr.) at 44:9-45:2; 216:17-217:19. However, Mr. Yang entered a notice of appearance on behalf of Samsung almost one year before in November 2023. *See* Dkt. 60.

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

████████████████████████████

As another example of this obfuscation, on October 25, 2024, Samsung filed a motion to exclude opinions about Firebase Cloud Messaging, claiming that it was unable to "conduct discovery on these theories" involving Firebase Cloud Messaging ("FCM") from Google. Dkt. 185 at 5. Samsung claimed that it cannot "seek discovery from third-party Google to learn more about FCM." *Id.* Yet, it is now apparent that Samsung has been collaborating with Google in the defense of this case all along. It even collaborated with Google to have Google's Rule 30(b)(6) witness Todd Hansen provide off-the-record conversations with Samsung's rebuttal experts here. *See, e.g.*, Dkt. 207 at 5, citing Dkt. 207-3 (Samsung Rebuttal Report) ¶ 39.

### G.     Samsung Discloses New Non-Infringement Theories, Including Revealing it Deprecated Samsung's Own Push Platform Functionality in Favor of Google's Firebase Cloud Messaging at the Last Minute

On August 20, 2024, Samsung disclosed a set of Amended Non-Infringement Contentions in which Samsung argued that: (1) Google controls and owns the Firebase Cloud Messaging functionalities at issue in the litigation and therefore Samsung does not directly infringe under Headwater's theories involving Firebase (Ex. 4 at 14, 33); (2) Google-produced confidential documents support Samsung's non-infringement arguments for  specific claim limitations (e.g., Ex. 4 at 7-8, 25-26); and (3) "deposition and trial testimony of witnesses from Google, and exhibits," Samsung's "Invalidity Contentions" (which include Google-related prior art), and "source code made available by Google" are relevant to Samsung's non-infringement defense.

On August 26, 2024, Samsung disclosed a set of Second Amended Non-Infringement Contentions disclosing a new position that Samsung's accused Samsung Push Platform ("SPP")

was ███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████ Ex. 5 at 33-34.

## III.    LEGAL STANDARD

When a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1). Additionally, "If a party… fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders," such as:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;

Fed. R. Civ. P. 37(b)(2)(A).

When determining substantial justification or harm, courts consider "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 564 (5th Cir. 2004) (quoting *Tex. A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)).

## IV.    ARGUMENT

That Samsung concealed Google's ████████ agreement and failed to comply with its discovery obligations is not up for debate. Samsung did not disclose (i) ██████████████████ ████████████████████████████████████████, (iii) related Google agreements and billions of Google-derived revenues, and (iv) witnesses knowledgeable on these

7

subjects. Headwater was forced to independently discover the existence of the MADA (and the related agreements it references) and file a motion to compel (Dkt. 122) related discovery, which is how Headwater discovered ████████████. And even at the December 16, 2024 Pretrial Conference, Samsung did not provide direct answers about ██████████. Ex. 1 (12/16/244 Pretrial Conference) at 99:11-101:18.



Ex. 1 at 99:11-100:17.

Instead, Samsung obfuscated and claimed ignorance. *Id.* at 100:18-101:18 ("████████

████."). Samsung's tactics have substantially harmed Headwater's ability to prepare its case for trial.

A.    **Samsung Concealed** ████████████ **and the Samsung-Google Contracts Governing the Accused Software Despite Their Clear Relevance and Importance to This Case**

This Court's Discovery Order required Samsung to disclose "persons having knowledge of relevant facts" and "(e) any indemnity and insuring agreements" in its initial disclosures. Dkt. 64 at 1-2. It further required "without awaiting a discovery request," produce "all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses." Dkt. 64 at 3.

Samsung withheld Google facts and evidence which should have been disclosed in initial

disclosures on October 19, 2023. ***First***, ███████████████████████████████████████

███████████████████████████████████ Headwater first discovered this almost a year

after the entry of the Discovery Order, after Headwater filed its motion to compel Samsung's

contracts with Google (Dkt. 122). ***Second***, Samsung failed to disclose the agreements with Google

that "allow use of the technology at issue, FCM" (Dkt. 145 at 3) and that include ████████████

████████ (first produced September 9, 2024). And when Headwater attempted to question Google

about these agreements, counsel for Samsung and Google objected and prevented such

questioning. Ex. 11 (Hansen Tr.) 43:7-46:20, 211:8-216:16. ***Third***, Samsung withheld related

revenue agreements and billions in revenues Samsung receives for pre-loading Google's software

and deprecating Samsung's own push features before being ordered to produce these agreements

and persons with knowledge, including Mr. Song whose deposition was ordered on Headwater's

motion to compel. ***Fourth***, even after conferring with Headwater and receiving numerous written

requests, at the Pretrial Conference, Samsung refuses to confirm the current nature and extent of

Google's financial interest. Ex. 1 99:11-101:18; *see* Section I (Factual Background), *supra.*

Samsung cannot claim that it was not required to disclose these matters. Headwater's First

Amended Complaint and Infringement Contentions accused Samsung of infringement because its

products support "Firebase Cloud Messaging" by Google. Samsung's Initial Disclosures

acknowledge that Google has knowledge of the "[d]esign and operation of certain accused

features" (Ex. 8 at 7-9). Samsung subpoenaed Google in this very case. During discovery,

Samsung also withheld until August 26, 2024 that █████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████████████████████████████

In these circumstances, Samsung's initial disclosures and document productions should

have disclosed the Samsung-Google contracts, financial terms, and ███████████ .
*See, e.g.,* Dkt. 122 (Headwater's motion to compel detailing clear relevance of Samsung-Google contracts governing pre-installation of Firebase Cloud Messaging software). Samsung frivolously argued that the Samsung-Google agreements are irrelevant, even though Samsung later conceded that the agreements govern the pre-installation of the accused Google software on the accused products and are required for Samsung to "████████████████████████." Dkt. 145 at 3 ("████████████████████████████████████████████████████████████████████████████████████████████████████████████████"). Samsung also knew the MADA is relevant because the MADA pre-installs the Google Play Store app, which is required to support Firebase Cloud Messaging. *See* Dkt. 31-4 ('733 Chart) at 15 (accusing the "Firebase Cloud Messaging client app on Android" which "require[s] devices running Android 4.4 or higher that also have the **Google Play Store app** installed" and Firebase "SDK" software). But Samsung delayed over a year in producing the MADA—and even longer as to the revenue agreements and relevant witnesses.

### B.    The Court Should Grant Relief to Address the Clear Prejudice and Harm From Samsung's Concealment of its Agreements with Google

The prejudice to Headwater here is clear. Headwater would have changed how it subpoenaed and pursued discovery from Google had it learned of these facts earlier. Earlier identification of the financial interest, agreements, and witnesses would have allowed Headwater to serve subpoenas and take more discovery. Instead, Samsung's actions prevented Headwater from deposing Mr. Hansen and at least one other Google witness, Mr. Kolotorous, regarding ████████████████████████████ . The prejudice here is acute, because Samsung will rely on Mr. Hansen at trial without Headwater having the opportunity to definitively examine ████████████████████████████ .

After Samsung produced the MADA the night before Mr. Hansen's scheduled deposition, Headwater attempted to depose Mr. Hansen regarding substantive aspects of the Samsung-Google business partnership and the Samsung-Google MADA that pre-loads the Google software on the Samsung products. Headwater only had limited time to review the MADA before attempting to ask Mr. Hansen about it. Even so, during the deposition counsel for Samsung and Google prevented Headwater from deposing the witness on the Samsung-Google relationship or contracts. Ex. 11 (Hansen Tr.) 43:7-46:20, 211:8-216:16. ███████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████ It also prevented Headwater from getting discovery on the Samsung-Google agreements and to rebut Samsung's arguments that they are irrelevant.

After Samsung blocked questioning of Mr. Hansen on the Samsung-Google contracts, Headwater quickly moved to subpoena the testimony of James Kolotouros—the Google executive responsible for the contracts. In that process, Headwater learned that Mr. Kolotouros recently left Google to work for Samsung. Yet, Samsung never disclosed Mr. Kolotouros to Headwater, in any capacity. Samsung refused to make him available for deposition. Headwater filed a motion to compel. But Headwater's motion was quashed due to timeliness. This was the result of Samsung's discovery violations and delays. Had Samsung disclosed or produced the contracts earlier, Headwater could have obtained discovery from Google and developed different theories.

A continuance would not cure this prejudice. Indeed, Samsung's own motions argue it is too late to seek discovery from Google. *See* Dkt. 185 ("With fact discovery closed, Samsung cannot seek discovery from third-party Google to learn more about FCM […] deprived Samsung of the ability to create a full record on the design and operation of this newly accused technology,

whether these features already existed in the prior art, as well as their alternatives and value.").

The Parties have been unable to reach a resolution on these issues since the Pretrial Conference. The only way to begin to cure this prejudice now is to direct that designated facts be taken as established and overrule Samsung objections on these issues. The Court should instruct the jury that ███████████████████████████████ and that Mr. Hansen is representing a party who is participating in Samsung's defense. Further, Court should overrule Samsung's objections to Headwater's use of the late-disclosed Google evidence. It is Headwater who has been prejudiced here, not Samsung. Samsung claims prejudice on the theory that it had no idea Google or FCM was accused and cannot get further discovery from Google (*see* Dkt. 185 at 6). This is false. *See* § II.A-B, *supra*. Headwater's Complaint, PICs, and Samsung's Initial Disclosures all identified Google as having relevant knowledge on accused features. Both parties subpoenaed Google, and Google was deposed. Samsung only later shifted its litigation strategy in an improper effort to exclude the Google evidence that is relevant to this case. In sum, the Court should:

- Instruct the Jury regarding ████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████

- Overrule Samsung's objections to Headwater's use of the Google-related evidence (e.g. Samsung MIL 5, Dkt. 185 Parts A, B, F; Dkt. 186 Part III.B and related exhibits);

- Enter other relief as the Court deems appropriate.

### C. The Court Should Grant Relief to Address the Clear Prejudice and Harm From Samsung's Surprise Reliance on Google's Fact Witness at Trial

Samsung now exacerbates the prejudice above by surprising Headwater and upgrading Google representative Mr. Hansen from May Call to Will Call as "Samsung's primary fact witness." Dkt. 318. It was not until February 4, 2025 that Samsung revealed Google witness Todd

Hansen would be testifying live at trial, despite being required to disclose that much earlier, leading Headwater to prepare only for his deposition testimony. *Compare* Dkt. 318 *with* Dkt. 280-5.

And despite upgrading him to a live witness, Samsung maintains that Headwater should be precluded from probing ███████████████████ through him or any other witness. Headwater *cannot* probe this through Google witnesses fairly, due to Samsung's discovery violations which avoided subjecting Mr. Hansen—or any other Google representative—to questions regarding Google's involvement in this case or partnership with Samsung. During Mr. Hansen's deposition, counsel for Samsung and Google prevented Headwater from deposing the witness on the Samsung-Google relationship or contracts. Ex. 11 (Hansen Tr.) 43:7-46:20, 211:8-216:16. ████████████████████████████████████████ And as shown above, Samsung's delay in disclosing the Samsung-Google contracts prevented Headwater from pursuing this with other Google witnesses, such as Mr. Kolotouros.  To alleviate prejudice, Headwater asked Samsung to withdraw Mr. Hansen as a live witness and to stipulate to the jury instruction recited above e███████████████████████████████. Samsung insists on bring Mr. Hansen live while also preventing any discussion of ██████ ████████████ beyond the mere fact that Google would "all other things being equal prefer to keep a good relationship with Samsung." Ex. 12 (2/19/25 J. Bright e-mail). Samsung contends this is consistent with the Court's ruling in Case No. 2:21-cv-290. But this cannot be correct, as the Court explained at the pretrial conference in *this* case. Ex. 1 at 100:18-101:18 ("THE COURT: Well, then I'm not going to grant a motion to exclude it. It is an important issue if a Google witness is testifying…"). ███████████████████████ ████████████████████████████████████████ ███████████████████████████████

Further, given the upgrade of Mr. Hansen to a live witness, Headwater also moves to exclude Mr. Hansen's opinion testimony in violation of Rule 26, including █████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████

Samsung did not disclose Mr. Hansen under Rule 26, and Mr. Hansen produced no written report. Thus, Mr. Hansen cannot offer opinions that ████████████████████████████ ███████████████████████████████████████████ But that is what Samsung intends him to do. ████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ████████████████████████████████████ Such opinion testimony violates Rule 26.

Moreover, Mr. Hansen's intended testimony also violates Rule 26 because Samsung and ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ████████████████████████████████. Despite invalidity being Samsung's burden here,

14

Samsung did not subpoena Google for source code ███████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████.

The only way to prevent this prejudice is to preclude Mr. Hansen from testifying live and to exclude his improper opinion testimony ████████████████████████████ ████████████████████████████████████. Fed. R. Civ. P. 37. Further, the Court should exclude testimony speculating when internal code features existed, and strike Samsung's invalidity theory based on this improper testimony (Dkt. 184 § VI). The Court should:

- Strike/overrule Dkt. 184, Section VI (advancing Google-based prior art theory based on uncorroborated information and on alleged Google code never produced for inspection);
- Preclude Mr. Hansen from testifying live, and exclude Hansen's testimony on prior art theories based on Google prior art and/or advancing Google-based prior art theory based on uncorroborated information and on alleged Google code never produced for inspection; exclude all expert opinion or technical opinion testimony from Mr. Hansen; and preclude Mr. Hansen from filling in gaps in Samsung's prior art or non-infringement or damages rebuttal case; and preclude any Samsung expert from relying on such; and other relief as the Court deems appropriate.

## V. CONCLUSION

For the foregoing reasons, Headwater's motion for relief should be granted.

Dated:  February 20, 2025

Respectfully submitted,

*/s/Reza Mirzaie*

Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Adam Hoffman
CA State Bar No. 218740
Dale Chang
CA State Bar No. 248657
Philip Wang
CA State Bar No. 262239
James Milkey
CA State Bar No. 281283
Jason M. Wietholter
CA State Bar No. 337139
James N. Pickens
CA State Bar No. 307474
Ryan Lundquist
CO State Bar No. 56449
Qi (Peter) Tong
TX State Bar No. 24119042
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Andrea L. Fair
TX State Bar No. 24078488
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604

16

Telephone: 903-757-6400
andrea@millerfairhenry.com


**ATTORNEYS FOR PLAINTIFF,**
**Headwater Research LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System, and served defendants with a copy via electronic mail.

/s/ *Reza Mirzaie*
Reza Mirzaie

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on February 10, 2025, counsel for Headwater met and conferred with counsel for Samsung regarding the requested relief in compliance with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The conference was conducted on February 10, 2025 and correspondence continued between February 10-20. The Parties were unable to reach agreement to Headwater's requested relief.

/s/ *Reza Mirzaie*
Reza Mirzaie