# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | Case No. 2:23-cv-00103-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S REPLY BRIEF IN SUPPORT OF HEADWATER'S OPPOSED MOTION FOR TARGETED RELIEF FROM PREJUDICE CAUSED BY SAMSUNG'S DISCOVERY VIOLATIONS RELATING TO GOOGLE**

**TABLE OF CONTENTS**

I.   HEADWATER WAS PREJUDICED FROM SAMSUNG'S FAILURE TO DISCLOSE THE MADA, ███████████, AND GOOGLE WITNESSES ............................. 1

   A.   Samsung's Willful Discovery Violations Prejudiced Headwater ................................ 1

   B.   Rule 37 Merits The Relief Headwater Seeks ............................................................... 2

II.  MR. HANSEN'S IMPROPER OPINION TESTIMONY MUST BE EXCLUDED ............. 3

III. CONCLUSION ................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Cases**

*Cordis Corp. v. Boston Scientific Corp.,*
   561 F.3d 1319 (Fed. Cir. 2009) ............................................................................................... 5

*Hardin et al v. Samsung Electronics Co. Ltd et al,*
   Case No. 2:21-cv-290-JRG (E.D.Tex. Jan. 28, 2023) ............................................................. 3

**Rules**

Rule 26 ........................................................................................................................................... 2

Rule 26(a) ...................................................................................................................................... 5

Rule 26(b)(4) ................................................................................................................................. 5

Rule 37 .................................................................................................................................. 2, 3, 5

Rule 37(c)(1) .............................................................................................................................. 4, 5

I.  **HEADWATER WAS PREJUDICED FROM SAMSUNG'S FAILURE TO DISCLOSE THE MADA, ███████████, AND GOOGLE WITNESSES**

   A.  **Samsung's Willful Discovery Violations Prejudiced Headwater**

Headwater's Opening Brief provides unrebutted facts showing that before September 2024 Samsung did ***not*** disclose Samsung's contracts with Google, including the MADA and RSA; ███████████████████████████████████; the identity of knowledgeable persons; and Samsung's intended reliance on Google witness Todd Hansen at trial. Dkt. 332 at § III. Samsung admits it did not disclose these items until producing the MADA on September 9, 2024 and identifying Mr. Hansen in supplemental disclosures on September 17, 2024. Dkt. 346 at 2-5.

Samsung's first argument is that Samsung's actions are irrelevant because Headwater *should have known* to pursue these items earlier. Dkt. 346 at 7. In fact, Samsung knew it was obligated to make these disclosures without awaiting a request because—as Samsung concedes—it knew that Headwater's March 10, 2023 complaint and Headwater's September 28, 2023 infringement contentions accused Samsung of infringing "by using Google's FCM." Dkt. 346 at 3. And in any event, Headwater repeatedly sought discovery on these issues beginning with Headwater's November 14, 2023 requests, and after numerous requests and meet-and-confers, Samsung refused, necessitating Headwater's motion to compel (Dkt. 122). Dkt. 332 at § II.C-D.

Samsung's second argument is that Headwater was not prejudiced, but the facts Samsung identifies only highlight Headwater's prejudice. Had Samsung made the required disclosures in its October 19, 2023 Initial Disclosures (Dkt. 333-2), or in response to Headwater's November 14, 2023 requests (Dkt. 333-1), Headwater would have had almost an entire year to serve more specific requests, identify relevant Samsung or Google witnesses, take additional depositions, and subpoena Google and relevant current and former Google employees (such as Mr. Kolotouros). Instead, Headwater had only very limited time left in fact discovery once it finally learned about

the contracts and witnesses. This is why Headwater's subpoena to Mr. Kolotouros was late (served August 28, 2024) and its ultimate motion to compel was denied in the Northern District of California, who did not appreciate that Samsung's discovery violations were the cause of Headwater's late subpoena. Dkt. 346 at 5. Similarly, once Headwater learned of the MADA, Headwater served a "document request and deposition topic (No. 8) on Google directed specifically to the MADA." Dkt. 346 at 8. But fact discovery was ending, and "Google objected on the basis, among other things, that the requested information should be sought from Samsung." Dkt. 346 at 8. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Headwater reasonably focused on its separate subpoena to Mr. Kolotouros (the former Google executive who did have first-hand knowledge and recently joined a Samsung affiliate) but these efforts failed due to Samsung's violations. Dkt. 346 at 10.

Samsung's last argument is that this motion is untimely. In fact, Headwater diligently sought to resolve these issues following the December 14, 2024 Pretrial Conference, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 1 at 99:11-101:18. Subsequently, Headwater proposed to Samsung that since no witness from Google will be addressing this issue at trial, Samsung should stipulate to the jury instruction. But Samsung maintains the jury should never learn about ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ If this motion is untimely, Headwater requests leave to file under these facts.

B.  **Rule 37 Merits The Relief Headwater Seeks**

Samsung was required to produce the MADA and the witness names at least under Rule 26 and the local rules, because Headwater requested the information. The remedy sought—a jury instruction that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and that Mr. Hansen represents a

2

party participating in Samsung's defense—is directly tied to the harm because Samsung's discovery violations prejudiced Headwater's ability to depose witnesses from Google who would admit to these facts. Samsung admits Mr. Hansen lacks personal knowledge about the MADA (even at a high level), and there is no other Google witness to speak about it at trial.

Samsung points to the *Hardin* case, No. 2:21-cv-290-JRG, Dkt. 218 at 219:8-227:10 (E.D.Tex. Jan. 28, 2023) as supporting alternative relief for Mr. Hansen "being cross examined about the fact that he understands as an employee of Google his employer has a…relationship with Samsung." Dkt. 346. But a difference between this case and *Hardin* is that the Google witness here, Mr. Hansen, intends to testify that he does *not* understand that Google has a special partnership or financial relationship with Samsung or a contract related to the accused technology, which Samsung argues means he "lacks foundation to answer such questions at trial." Dkt. 436 at 9; *see* Dkt. 332-8 (Hansen Tr.) 216:4-11 ("█████████████████████████████████████████████████████████████████████████████")

Finally, the Court should apply Rule 37 to overrule Samsung's objections to Headwater's use of Google-related evidence (e.g. Samsung MIL 5, Dkt. 185 Parts A, B, F; Dkt. 186 Part III.B; and related exhibits). In Dkt. 185, Samsung claimed exclusion is needed to cure prejudice because Samsung supposedly did not know FCM was accused and could not take discovery from Google on FCM. *See* Dkt. 185 at 6. But now, in its responsive brief here, Samsung reverses and contends both parties always knew FCM was accused in Headwater's complaint and contentions. Dkt. 346 at 3-4. Samsung cannot have it both ways, and it cannot show any prejudice to sustain its objections in Dkt. 185. As to Dkt. 186, Samsung presents no reason why the Court should decline to strike Dkt. 186 Part III.B, which has a direct nexus to the violations.

## II.    MR. HANSEN'S IMPROPER OPINION TESTIMONY MUST BE EXCLUDED

Headwater's motion is timely. The upcoming Pretrial Conference will cover disputes about

3

Mr. Hansen, who will be designated and (if permitted) testify live on day one. This issue involves opinion testimony from a witness who did not serve a written report (there was no report on which to file a *Daubert* motion), was not added to Samsung's disclosures until September 17, 2024, and who Samsung recently disclosed (after the deadlines for *Daubert* or motions *in limine*) was coming live to provide opinion testimony about unproduced server-side code despite being a third-party witness. As Samsung will not withdraw it, Headwater requests leave to file under these facts.

Samsung represents that it will introduce no evidence or argument (through Mr. Hansen or otherwise) ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████. However, Samsung argues Mr. Hansen should be permitted to testify that ███████████████████████████ ██████████ The Court must exclude such evidence or argument under Rule 37(c)(1). Mr. Hansen is speculating outside his personal knowledge about closed-source *server-side* code not produced in this case. Dkt. 332-8 at 198:2-199:1. ███████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████

---

[1] The Court should hold Samsung to this representation at trial. It should preclude any evidence or argument that ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████. The Court should also deny or strike Samsung's MSJ making this type of argument. Dkt. 184, Section VI.

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████.

Further, Samsung refuses to withdraw opinion testimony from Mr. Hansen asserting ████████████████████████████████████ This testimony should be excluded under Rule 26(a), Rule 26(b)(4), Rule 37(c)(1), and F.R.E. 701/702. It goes well outside the bounds of fact testimony. It is an opinion (not a fact) on ████████████████████████. Mr. Hansen is not qualified to apply claim terms to prior art without a written report doing that analysis. *Cordis Corp. v. Boston Scientific Corp.,* 561 F.3d 1319, 1338 (Fed. Cir. 2009) (affirming exclusion of lay witness testimony applying claim terms). ██████████████████████████████ ██████████████████████████████████████████████████████████ presents a clear risk of juror confusion from arguing about the claim construction and claim scope of what is necessary to meet the "identifier" term. ████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████

### III. CONCLUSION

For the foregoing reasons, Headwater's motion should be granted in its entirety.

5

| | |
|---|---|
| Dated: March 14, 2025 | Respectfully submitted, |
| | |
| | */s/Reza Mirzaie* |
| | Marc Fenster |
| | CA State Bar No. 181067 |
| | Reza Mirzaie |
| | CA State Bar No. 246953 |
| | Brian Ledahl |
| | CA State Bar No. 186579 |
| | Ben Wang |
| | CA State Bar No. 228712 |
| | Paul Kroeger |
| | CA State Bar No. 229074 |
| | Neil A. Rubin |
| | CA State Bar No. 250761 |
| | Kristopher Davis |
| | CA State Bar No. 329627 |
| | James S. Tsuei |
| | CA State Bar No. 285530 |
| | Adam Hoffman |
| | CA State Bar No. 218740 |
| | Dale Chang |
| | CA State Bar No. 248657 |
| | Philip Wang |
| | CA State Bar No. 262239 |
| | James Milkey |
| | CA State Bar No. 281283 |
| | Jason M. Wietholter |
| | CA State Bar No. 337139 |
| | James N. Pickens |
| | CA State Bar No. 307474 |
| | Ryan Lundquist |
| | CO State Bar No. 56449 |
| | Qi (Peter) Tong |
| | TX State Bar No. 24119042 |
| | **RUSS AUGUST & KABAT** |
| | 12424 Wilshire Blvd. 12th Floor |
| | Los Angeles, CA 90025 |
| | Telephone: 310-826-7474 |
| | headwater@raklaw.com |
| | |
| | Andrea L. Fair |
| | TX State Bar No. 24078488 |
| | **MILLER FAIR HENRY PLLC** |
| | 1507 Bill Owens Parkway |
| | Longview, Texas 75604 |

6

        Telephone: 903-757-6400
        andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,**
**Headwater Research LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System, and served defendants with a copy via electronic mail.

/s/ *Reza Mirzaie*
Reza Mirzaie

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on February 10, 2025, counsel for Headwater met and conferred with counsel for Samsung regarding the requested relief in compliance with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The conference was conducted on February 10, 2025 and correspondence continued between February 10-20. The Parties were unable to reach agreement to Headwater's requested relief.

/s/ *Reza Mirzaie*
Reza Mirzaie

[redacted]