IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:23-CV-00103-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § § | |
| *Defendants*. | § | |

## REPORT & RECOMMENDATION

Before the Court is Defendants' Motion for Summary Judgment of Invalidity and Motion for Partial Summary Judgment of Non-Infringement of the '733 Patent. **Dkt. No. 184**. Defendants submit 32 exhibits spanning 349 pages to support their argument that there is no genuine dispute of fact. For the reasons discussed below, the Motion should be **DENIED**.

### I. LEGAL STANDARD

#### A. SUMMARY JUDGMENT

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine*

[dispute] of material fact." *Anderson*, 477 U.S. at 247–48 (emphasis added). The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323.

If the movant bears the burden of proof on an issue at trial, then the movant "must establish beyond peradventure all of the essential elements of the claim or defense to warrant [summary] judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

"If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

## II.     ANALYSIS

Samsung first argues that GTalkService ("GTS") invalidates the asserted claims. Dkt. No. 184 at 4. Then Samsung argues that its accused products do not infringe the asserted claims under a specific theory. *Id.* at 15.

## A. INVALIDITY

### 1. Prior Art

The first issue is whether GTS is prior art. Samsung argues that GTS was released by March 2008 and continuously used from then on. *Id.* at 4. As evidence, Samsung points first to a Google document unveiling the Android operating system on November 5, 2007. Dkt. No. 184-3. Next, Samsung cites an Android document that references GTS as of April 2008. Dkt. No. 184-4. Samsung also references the deposition of Mr. Hansen, a Google employee, which discusses the release of GTS in March of 2008. Dkt. No. 184-13 at 21. Samsung also points to source code that was copyrighted in 2007 that includes "gtalkservices" in the body of the code. Dkt. No. 184-25. Finally, Samsung argues that even if GTS was removed from all apps at some point it would still be prior art under Section 102(b). Dkt. No. 184 at 5 (citing *Eolas Techs. Inc. v. Microsoft Corp.*, 399 F.3d 1325, 1334 (Fed. Cir. 2005)).

Headwater responds that there are several genuine fact disputes about whether GTS can be considered prior art. Dkt. No. 211 at 6. Specifically, Headwater disputes that Google was using GTS in March 2008. For example, Headwater indicates that Exhibit 9 to Samsung's motion shows that "GTalkService will not be present in Android 1.0." Dkt. No. 184-10 at -431. Headwater further argues that there is evidence that GTS was shut down at some point. *Id* (citing Dkt. No. 184-14 at 694). Finally, Headwater argues that Mr. Hansen's testimony is unreliable because he is an employee of Google who has a financial interest in the outcome of this case and thus needs to be corroborated. *Id.*

The Court finds that there are disputes of material fact regarding GTS's status as prior art for both Section 102(b) and 102(g) purposes. Samsung's evidence does not demonstrate clearly when GTS became available and its sources can plausibly contradict each other. Furthermore, there

is a dispute about whether or not GTS was discontinued or adapted into other programs. The Court thus finds that summary judgment is inappropriate on the question of whether GTS qualifies as prior art.

2. **Anticipation of Independent Claims 1 and 30**

The next issue is whether GTS anticipates independent claims 1 and 30. Samsung argues that it must, according to Headwater's infringement theory. Dkt. No. 184 at 5. Headwater accuses C2DM, GCM, and FCM, which Samsung argues are the subsequent names of the GTS technology.

With that background, Samsung contends that Headwater only contests the "agent identifier" element. *Id.* at 6. Samsung argues that the files in GTS act the same way as the accused files in C2DM. Specifically. Samsung argues that GTS used "intents" to route messages to intended apps just like C2DM. *Id.* at 7. According to Samsung, this meets the claim limitation because "intents deliver message content to particular device agents (within apps) 'based on the particular agent identifier' in the encrypted message from which the intent was created." *Id.* at 8 (quoting Claims 1 and 30). Samsung then disputes Headwater's expert's rebuttals. *Id.* at 9–11.

Headwater responds that there is a genuine fact dispute about whether GTS discloses the "device agents identifiable by an associated device agent identifier" limitation. Dkt. No. 211 at 7. Relying on its expert, Headwater argues that:

> In C2DM, the package name contained in the decrypted agent message is the device agent identifier used to deliver message content to the device agent identified by that package name. In [GTS] there is no package name that identifies a device agent—or any other device agent identifier—in the alleged decrypted agent message.

*Id* (citing Dkt. No. 211-3 at ¶ 400–01). Headwater further disputes Samsung's explanations for how GTS worked. *Id.* at 8–9.

The Court finds that Samsung has not met its burden to show that no genuine dispute of material fact exists here. At most, Samsung has shown that it disagrees with Headwater's expert,

4

but it is Samsung's burden to prove invalidity. The Court recommends denying Samsung's motion for summary judgment of anticipation by GTS.

### 3. Obviousness of Independent Claims 1 and 30

Next, Samsung briefly argues that if GTS does not disclose an "agent identifier" it would have been obvious to modify it such that it would render claims 1 and 30 obvious. Dkt. No. 184 at 11.

Headwater responds that Samsung's conclusory attorney argument fails as a matter of law. Dkt. No. 211 at 9. Headwater further responds that its expert disputes the effect of Samsung's proposed modifications. *Id.* Headwater also faults Samsung for not considering secondary consideration of non-obviousness. *Id.* at 10.

Samsung does not carry its summary judgment burden with its paragraph of conclusory attorney argument that does not address Headwater's expert's opinion, nor secondary considerations.

### 4. Anticipation or Obviousness of Dependent Claims

Next, Samsung argues that GTS anticipates or renders obvious the dependent claims. Dkt. No. 184 at 11.

#### i. Claims 3, 7–9

Samsung points to the T-Mobile G1 device's implementation of GTS for anticipation of Claims 3 and 7–9. *Id.* Samsung again argues that if GTS does not anticipate under Headwater's infringement theory then it would have been obvious to modify the G1 device to do so. *Id.* at 12–13.

#### ii. Claim 13

Samsung argues that Claim 13 is anticipated because GTS had the same periodic heartbeat message functionality as the accused FCM technology. *Id.* at 13.

### iii. **Claims 19 & 23**

For Claim 19, Samsung argues that GTS used NotificationManager, just like the accused FCM uses Android's NotificationManager. *Id.* Samsung makes the same argument regarding obviousness—that the modification is incredibly trivial. *Id.* at 14.

Samsung argues that GTS anticipates Claim 23 based on the Gmail app on the G1 device which sent login information to a server over GTS. *Id.* And again Samsung makes the same obviousness backup argument. *Id.*

To all of these arguments, Headwater responds in a single paragraph. Dkt. No. 211 at 10. Headwater claims that Samsung's arguments fail for the same reasons as for the independent claims. *Id.* Headwater also points the Court to 35 paragraphs of its expert's report without any explanation how they support its position. *Id.*

Despite Headwater's paltry briefing on this issue, the Court finds that a genuine dispute of material fact exists surrounding the validity of the dependent claims. The Court expects parties opposing summary judgment to do more than throw paragraphs of their expert reports at the Court. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:15-CV-01167-JRG-RSP, 2019 WL 2710113, at *1 (E.D. Tex. June 28, 2019) (quoting *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455 (5th Cir. 1998)), *aff'd,* 809 F. App'x 885 (Fed. Cir. 2020). Nonetheless, the Court is convinced that Mr. de la Iglesia's report, in combination with

Headwater's arguments regarding the independent claims, furnishes a sufficient basis for defeating summary judgment.

### 5. Anticipation of Independent Claims 1 & 30 Under § 102(g)(2)

Samsung alternatively argues that C2DM invalidates independent claims 1 and 30 under Section 102(g)(2). Dkt. No. 184 at 15. Samsung argues that Headwater accuses C2DM of infringement and C2DM is the rebranded version of GTS, thus Headwater concedes that C2DM meets the limitations of the claim. *Id* (quoting *Metaswitch Networks Ltd. v. Genband US LLC*, 2016 WL 3618831, *7 (E.D. Tex. Mar. 1, 2016)). Samsung maintains that Google exercised reasonable diligence and never abandoned, suppressed, or concealed it. *Id.*

Although Headwater's response only spans two lines and does not directly contest Samsung's argument, the Court finds that a genuine dispute of material fact exists about whether GTS became C2DM. Dkt. No. 211 at 10. All Headwater says is "Samsung contends that C2DM 'was the rebranded 2010 version of GTalkService' and so, if it infringes, the asserted claims are invalid." *Id* (quoting Dkt. No. 184 at 15). Nevertheless, the Court understands that there is a live dispute about whether GTS became C2DM. *See supra*, Section II.A.1.

### B. Non-Infringement

The final issue is whether Samsung is entitled to partial summary judgment of non-infringement of the '733 patent under an infringement theory that relies on the registration token as the claims "agent identifier." Samsung claims that Headwater's alternative theory fails as a matter of law because there is no evidence, other than a conclusory and incorrect statement by Headwater's expert, that the registration token is included in the message. Dkt. No. 184 at 15–16.

Headwater responds that Samsung's argument simply disputes its expert's opinion. Dkt. No. 211 at 11. Headwater points out that Samsung did not challenge the expert's opinion under

*Daubert* and thus the Court must accept the expert's opinions on summary judgment. *Id.* at 12. Headwater explains how its expert's report supports his infringement theory. *Id.*

After review of Mr. De la Iglesia's report, the Court finds that Samsung's motion should be denied. Samsung's arguments amount to disagreement with Mr. De la Iglesia's opinions. The proper course is rebuttal with their own expert and cross-examination at trial, not summary judgment.

### III. CONCLUSION

For the reasons discussed above, the Motion should be **DENIED** in its entirety.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report by **not later than April 16, 2025** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 5th day of April, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE