# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | § § § § § § § § § § § § § § CIVIL ACTION NO. 2:23-CV-00103-JRG-RSP |

## REPORT & RECOMMENDATION

Before the Court is Samsung's Motion for Partial Summary Judgment of Non-Infringement for the '117 and '192 Patents. **Dkt. No. 187**. For the reasons discussed below, the Court recommends **DENYING** all parts of the Motion, except as to pre-suit indirect infringement as addressed in Section II.B, *supra*.

## I. LEGAL STANDARD

### A. SUMMARY JUDGMENT

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine*

[dispute] of material fact." *Anderson*, 477 U.S. at 247–48 (emphasis added). The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323.

"If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

## II. ANALYSIS

Samsung moves for (1) summary judgment of no direct infringement of the '117 and '192 patents, (2) no indirect infringement before the filing of the complaint as to the '117 and '192 patents, (3) no induced infringement after the filing of the complaint as to both patents, and (4) no contributory infringement after the filing of the complaint for both patents. Dkt. No. 187 at 1.

### A. DIRECT INFRINGEMENT

#### 1. '117 Patent

Samsung argues that it does not directly infringe the '117 patent under Headwater's FCM and SPP theories because it does not use the accused network system as required by Section 271(a). *Id.* at 8.

### i. FCM

For the FCM theory, Samsung contends that it does not control the claimed network system. *Id.* Instead, it contends that the accused Google-supplied FCM software is solely in the possession and control of customers. *Id.* at 9. Samsung further argues that the alleged benefits accrue to Samsung's customers not Samsung itself. *Id.*

Headwater responds that Samsung does use the FCM system by sending push notifications with it. Dkt. No. 210 at 7 (citing Dkt. No. 210-2 at ¶ 1186). Headwater claims that "Samsung directs the claimed server to deliver push messages and controls what the targeted device does upon receiving the message." *Id.* at 10. Headwater thus disputes Samsung's assertion that it is only the customers who use and benefit from the FCM system. *Id.* at 11.

The Court finds that Samsung has not met its summary judgment burden here. Headwater has adduced sufficient evidence that Samsung itself uses the accused functionality. Headwater successfully distinguishes this case from *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279 (Fed. Cir. 2011) because it alleges that Samsung itself uses the accused functionality.

### ii. SPP

Samsung presents a similar argument that it does not use the claimed SPP system, but its customers do. Dkt. No. 187 at 10. Headwater reurges its same counterpoints in opposition. Dkt. No. 210 at 13.

The Court reaches the same conclusion as above for the same reasons. Samsung has not carried its burden.

### 2. '192 FCM Theory

Samsung argues that Headwater accuses "message link servers," but all the accused servers are a collection of Google FCM servers not under the control of Samsung. Dkt. No. 187 at 11. Additionally, Samsung asserts that only users or software running on the device can control whether the component connects or reconnects to an FCM push server or requests delivery for certain messages. *Id.* at 12.

Headwater opposes Samsung's assertions and relies on the evidence that Samsung uses SMP to send messages to Android-based accused products in the U.S. Dkt. No. 210 at 14. Headwater argues that through its use of the FCM push servers, Samsung possesses "the ability to place the system as whole into service." *Id* (quoting *Intell. Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1329 (Fed. Cir. 2017)). Headwater additionally supports its argument that Samsung uses and benefits from the "logic to determine when one of a plurality of message delivery triggers … has occurred." *Id.* For example, when a device is not connected to the internet. *Id.* at 15.

The Court again finds that Samsung has failed to show that it is entitled to summary judgment. Headwater has adduced sufficient evidence that Samsung itself places the accused system as a whole into service. *Intell. Ventures*, 870 F.3d at 1329. Thus, the Motion should be denied on this ground.

### B. INDIRECT INFRINGEMENT

Samsung argues that it cannot be liable for indirect infringement before the filing of this lawsuit because it had no pre-suit knowledge of any patent asserted in this lawsuit. Dkt. No. 187

at 12. Samsung argues that Headwater's withdrawal of pre-suit willfulness confirms that Headwater cannot support pre-suit indirect infringement. *Id.*

Headwater does not dispute this in its brief. *See* Dkt. No. 210.

Thus, Samsung's Motion as to pre-suit indirect infringement should be granted.

### C.  INDUCED INFRINGEMENT

Next, Samsung argues that it cannot be liable for post-suit induced infringement because Headwater has produced no evidence that Samsung possessed the specific intent for anyone to infringe the '117 or '192 patents. Dkt. No. 187 at 12.

Samsung also argues that it is the servers that infringe and Headwater does not accuse Samsung of encouraging owners of application servers to use the accused FCM or SPP push notification systems. *Id.* at 13.

Headwater responds that it has provided substantial evidence that Samsung has the specific intent to induce infringement. Dkt. No. 210 at 16. For example, encouraging use of Samsung and Google applications, and automatically enabling push notifications. *Id.* Headwater argues that Samsung has conceded that users of its devices may directly infringe. *Id.* Headwater concludes that this alone is sufficient to defeat summary judgment.

Headwater also points to evidence that since Samsung has been sued, Samsung has continued to operate its SPP servers, use Google's FCM servers, and preinstall clients on its devices to use these servers. *Id.* Additionally, Headwater points to evidence that Samsung continues to send billions of push messages a month using SMP. *Id.* Headwater also shows evidence that Samsung is obligated to preinstall the FCM push application based on its contractual agreement with Google. *Id.* at 17.

The Court finds that Headwater has adduced sufficient evidence to survive summary judgment on its post-suit induced infringement claim. Headwater may rely on circumstantial evidence to prove Samsung's intent. The evidence it has may lead a reasonable jury to conclude that Samsung had the requisite intent. *See Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33-JRG-RSP, 2016 WL 7645424 (E.D. Tex. Jan. 6, 2016), *report and recommendation adopted* 2016 WL 11724994 (E.D. Tex. Jan. 12, 2016).

### D.  POST-SUIT CONTRIBUTORY INFRINGEMENT

Finally, Samsung argues that it cannot be liable for post-suit contributory infringement of the '117 and '192 patents. Dkt. No. 187 at 14. First, Samsung argues that for the '192 patent, Headwater does not even allege that Samsung committed contributory infringement in its technical expert report. *Id.* Second, as to the '117 patent, Samsung argues that there are substantial non-infringing uses for the accused products.

Headwater responds that it has preserved a theory of contributory infringement for the '192 patent and Samsung's other argument misunderstands the law. Dkt. No. 210 at 18. Headwater points out that its expert says that the "Samsung also indirectly infringes the '192 patent, including for the same reasons set forth above regarding the '117 patent". Dkt. No. 210-2 at ¶ 1208. Headwater then argues that its reports demonstrate that the push client has no substantial non-infringing use and Samsung does not dispute that. Dkt. No. 210 at 18.

The Court finds that Samsung has not met its summary judgment burden regarding post-suit contributary infringement. Headwater's expert is entitled to rely on other parts of his report when discussing a particular patent. He, of course, will be bound by his assertion that Samsung contributorily infringes the '192 patent for the same reasons as the '117 patent and will not be able to put forth different theories. Finally, Samsung's assertion that there are substantial non-infringing

uses of the accused products without citation to law or facts does not suffice to grant summary judgment in its favor.

### III.  CONCLUSION

For the reasons discussed above, the Motion should be **DENIED** in all parts, except for pre-suit indirect infringement.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report by **not later than April 16, 2025,** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 5th day of April, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE