IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>and SAMSUNG ELECTRONICS<br>AMERICA, INC.,<br><br>*Defendants*. | § § § § § § § § § § § § § § CIVIL ACTION NO. 2:23-CV-00103-JRG-RSP |

## MEMORANDUM ORDER

Before the Court is Plaintiff Headwater Research LLC's Motion to Exclude or Strike Certain Rebuttal Expert Opinions of Philip W. Kline. **Dkt. No. 173**. In the Motion, Headwater challenges Mr. Kline's opinions on two bases: First, that Mr. Kline lacks the experience and qualifications to offer opinions and about consumer survey designs, and second, that Mr. Kline's opinions are duplicative of Samsung's other expert opinions. *Id.* at 1. For the reasons discussed below, the Court **DENIES** the Motion.

I. LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed

testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate

2

means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II. ANALYSIS

### A. EXPERTISE

First, Headwater argues that Mr. Kline is not a survey expert and thus his opinions criticizing Headwater's survey expert's survey design do not pass muster under *Daubert*. *Id.* at 3. In Reply, Headwater acknowledges that this Court rejected this qualification-based argument in *Headwater Research LLC v. Samsung Electronics Co.*, No. 2:22-cv-422-JRG-RSP, Dkt. No. 433 at 2–3 (E.D. Tex. Nov. 7, 2024) ("Headwater I"). For the same reasons as discussed in that order, the Court finds that Mr. Kline has sufficient "scientific, technical, or other specialized knowledge [to] help the trier of fact to understand the evidence or to determine a fact in issue."

### B. REDUNDANCY

Next, Headwater moves to exclude or strike Mr. Kline's opinions on the basis that they are duplicative of Samsung's other experts, Drs. Simonson and Perryman. Dkt. No. 173 at 4. Specifically, Headwater points out similarities regarding criticisms of Dr. Groehn: "control variables" or "decoy attributes"; the way he defines "battery life"; and the way he presents models and brands. *Id.* at 4–5.

Samsung responds that Headwater only lists high-level aspects that Samsung's experts discuss. Dkt. No. 209 at 6. Samsung contends that each of its experts provides opinions regarding their specific expertise, for example Dr. Simonson criticizes the survey design from a survey expert's perspective and Mr. Kline criticizes its effect on the economic analysis. *Id.* at 7.

The Court declines to exclude Mr. Kline's opinions because they are sufficiently distinct from Samsung's other experts' opinions. The Court rejected a similar challenge from

3

Headwater in *Headwater I*. Dkt. No. 433 at 3. Here again, the Court is satisfied that while the experts criticize similar aspects of Dr. Groehn's survey they do so from different perspectives and focus on separate issues.

### III.   CONCLUSION

For the reasons discussed above, the Court **DENIES** the Motion.

**SIGNED this 7th day of April, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE