IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:23-CV-00103-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § § | |
| *Defendants*. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff Headwater Research LLC's Motion to Exclude Certain Opinions of Samsung's Expert, Ian Foster, P.H.D. **Dkt. No. 176**. For the reasons discussed below, the Court **GRANTS** the Motion in part.

   I.   LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have

considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II.   ANALYSIS

### A.  JULY 2001 WAP OVERVIEW

Headwater moves to exclude Dr. Foster's opinions that are based on the July 2001 WAP Overview because Samsung failed to produce it during fact discovery and because its use presents an undisclosed new theory not present in Samsung's invalidity contentions. Dkt. No. 176 at 2. Headwater contends that Dr. Foster relies on the 2001 WAP overview for teaching the use of a "device identifier" as part of his § 103 obviousness combination. *Id*; Dkt. No. 176-2 at ¶¶ 704–06 (Foster Opening Expert Report). Headwater represents that Samsung first produced the 2001 WAP overview on September 26, 2024, the day on which opening expert reports were served and after the close of fact discovery on September 20, 2024. Dkt. No. 176 at 4.

Headwater further argues that Samsung did not disclose the 2001 WAP overview in its invalidity contentions. *Id.* And Headwater argues that Samsung did not disclose any theory involving the "device identifiers" limitation in its invalidity charts. *Id.* Headwater then disputes Samsung's assertion that Dr. Foster's reliance on the 2001 WAP overview should be excused because Samsung disclosed an earlier version of the 2001 WAP overview from 1999. *Id.* Headwater argues that the earlier version did not disclose "addressing clients," addressing clients with "device addresses," or addressing clients with "device identifiers." *Id.* Finally, Headwater argues that Samsung's invalidity claim charts did not cite the 1999 WAP overview for any theory about using "device addresses" or "device identifiers" to address messages to clients. *Id.*

Samsung responds that Headwater has been aware of Samsung's obviousness theories involving the WAP standard since Samsung served its invalidity contentions in November 2023. Dkt. No. 212 at 1. Samsung concedes that the relevant differences between the July 2001 WAP document and the November 19 version is the specific reference to the "device identifiers" in the

3

July 2001 version. *Id.* at 2. However, Samsung argues that Dr. Foster's citations to the 2001 WAP overview do not present a new theory of invalidity, rather they only support Samsung's disclosed theory. *Id.* In support, Samsung says that its contentions disclosed numerous WAP documents that postdate the 2001 WAP overview. *Id.* Additionally, Samsung argues that the "device identifier" feature was disclosed through Samsung's OpenWave prior art ground which Samsung contends is based on WAP and operated after 2001. *Id.* at 3. Finally, Samsung argues that the 1999 WAP Overview discloses all the things that Headwater argues it does not. *Id.*

The Court finds that the paragraphs of Dr. Foster's invalidity report that rely on the 2001 WAP Push overview should be stricken. First, Samsung does not even attempt to justify its failure to produce the 2001 WAP overview during fact discovery or in its invalidity contentions. P.R. 3-3 requires invalidity contentions to include, "[t]he identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. . . Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher." Samsung failed to comply with this rule. Samsung's reliance on *Allergan, Inc. v. Teva Pharms. USA, Inc.*, No. 2:15-CV-1455-WCB, 2017 U.S. Dist. LEXIS 225041 (E.D. Tex. Aug. 3, 2017), is entirely misplaced. The portion of that opinion that Samsung cites discusses courts in the Northern District of California denying motions to strike undisclosed prior art that is offered *not as invalidating references, but as evidence that is merely relevant to the invalidity issues. Id.* at *17 (emphasis added). In fact, one of the cases relied upon in Judge Bryson's analysis says:

> [T]he line between when a reference is used as background material, and when it is used as an anticipation or obviousness reference, can be difficult to draw. Nevertheless, I will continue to follow the approach of allowing previously undisclosed references to be *used as background material, so long as they are not asserted as invalidating prior art references.*

*Id.* at *18 (quoting *Finjan, Inc. v. Sophos, Inc.*, No. 14-cv-1197, 2016 U.S. Dist. LEXIS 68128, at *12 (N.D. Cal. May 24, 2016) (emphasis added). Here, Samsung explicitly relies on an undisclosed

reference as an invalidating prior art reference. This alone merits striking Dr. Foster's opinions that rely on this undisclosed reference.

Second, Samsung's contentions do not adequately disclose the theory Dr. Foster relies on when using the 2001 WAP overview. Samsung concedes that the difference between the two documents is that the one they rely on—and did not disclose—specifically references "device identifiers" while the one they did disclose does not. Samsung's argument that a different prior art source discloses the "device identifier" feature is unavailing. If Samsung's disclosed prior art sources supported its invalidity theory, Samsung's expert should have relied on those sources in his report, rather than on an undisclosed reference. Samsung's failure to disclose requires that the Court strike the portions of Dr. Foster's report that rely on undisclosed prior art references.

Accordingly, Paragraphs 704, 706, 938, and 940 of Dr. Foster's invalidity report are hereby **STRICKEN**.

## B. OPINIONS BASED ON PURPORTEDLY UNDISCLOSED OBVIOUSNESS COMBINATIONS

Headwater also moves to strike Dr. Foster's opinions that contain obviousness combinations that Headwater claims were not disclosed in Samsung's invalidity contentions. Dkt. No. 176 at 5. Headwater argues that under P.R. 3-3(b) defendants must identify in their invalidity contentions each obviousness combination and the motivation to combine them. *Id.* at 6. Headwater asserts that Samsung did not comply with this requirement for certain combinations that its expert now relies upon. *Id.* Headwater acknowledges that defendants may rely on a "grouping" approach where certain primary references may be combined with another group of secondary references. *Id*; *see Personalized Media Commc'ns, LLC v. Apple, Inc.*, No. 2:15-CV-01366-JRG-RSP, 2021 WL 310789, at *3 (E.D. Tex. Jan. 29, 2021). Here, however, Headwater

5

objects to Samsung combining exclusively primary references without disclosing such combinations in its invalidity contentions. Dkt. No. 176 at 6. Headwater claims that it was not sufficiently on notice of such combinations and that Samsung's broad reservation of the ability to combine the primary references with each other was not an adequate disclosure. *Id.* at 6–7 (citing Dkt. No. 176-4 at 29).

Samsung responds that it complied with P.R. 3-3(b). Dkt. No. 212 at 4. Samsung claims that its contentions provided particularized notice of each of the combinations Headwater complains of by calling out each of them as a reference that a POSITA would combine with other primary references. *Id.* Samsung's motion describes how it reserved the right to combine the primary references and how it specifically identified the complained-of references as relevant (in combination with each other) for certain limitations. *Id.* at 4–5.

The Court finds that Samsung complied with its P.R. 3-3(b) obligation. Samsung identified certain primary references relevant to its anticipation defense, reserved the right to combine them for its obviousness defense, and referenced them together for specific limitations of the patent. The Court finds that this sufficiently put Headwater on notice of Samsung's anticipated obviousness theories. *See Personalized Media*, 2021 WL 310789, at *3. The Court thus **DENIES** this section of the Motion.

### C.  NON-INFRINGING ALTERNATIVES

In the Motion, Headwater also moves to strike Dr. Foster's opinions about non-infringing alternatives for two reasons: some were disclosed late and others rely on "unavailable" alternatives. Dkt. No. 176 at 9.

### 1. Late Disclosure

First, Headwater moves to strike Dr. Foster's opinions about NIAs that were first disclosed on the last day of fact discovery.[1] *Id.* In its Motion, Headwater charts the opinions of Dr. Foster which it believes were disclosed late. *Id.* at 9–10. Headwater explains that it served Samsung with Interrogatory No. 17 on November 14, 2023 seeking identification of Samsung's proposed NIAs. *Id.* at 10. On August 19, 2024, about a month before the discovery deadline, Samsung supplemented its interrogatory response and identified numerous NIAs. *Id.* Then on September 20, 2024, the last day of fact discovery, Samsung served a Second Supplemental Interrogatory Response identifying new proposed NIAs. *Id.* Then, according to Headwater, Samsung added an additional NIA on September 21, after the close of fact discovery. *Id.* at 11. Headwater further contends that Dr. Foster's Opening Expert Report, served on September 26, 2024, included an additional undisclosed NIA theory. *Id.* Headwater thus argues that Samsung's late disclosures prejudiced Headwater from developing fact discovery and responses to Samsung's arguments. *Id.* at 11–12. Headwater also moves to strike Dr. Foster's opinions that were first disclosed in his rebuttal report of October 14, 2025. *Id.* at 12.

Samsung responds that the Court should deny Headwater's motion because the NIAs were disclosed in discovery. Dkt. No. 212 at 6. First, Samsung argues that interrogatory responses are not required to include the full context of expert opinions but only provide sufficient notice of them. *Id.* Samsung forcefully maintains that "with trivial exceptions," each NIA was disclosed during fact discovery. *Id.* at 7. Samsung explains that the "trivial exception" it points to is that it corrected its last-day-of-fact-discovery supplement an hour after the deadline to add one

---

[1] In a footnote Headwater also moves to strike Samsung's damages expert opinions from Dr. Perryman for the same reasons it advances in this Motion. Dkt. No. 176 at 9 n.4. The Court will not exclude opinions of other experts based on cursory briefing in footnotes contained in a motion related to a different expert.

inadvertently omitted sentence. *Id.* at n.5. Samsung argues that most of the challenged NIAs are push or pull systems that it disclosed early in discovery, and that Headwater never complained about Samsung's disclosure. *Id.* at 7. Samsung then accuses Headwater's infringement contentions of being vague. *Id.* Next, Samsung argues that the contested NIA opinions merely provide "additional detail and examples" of earlier disclosed push and pull systems. *Id.* at 8.

Samsung next argues that even if it only disclosed these NIAs on the last day of fact discovery, there is no authority to strike Dr. Foster's opinion. *Id.* at 8–9. For this proposition, Samsung relies on *Fractus, S.A. v. ADT LLC*, Case No. 2:22-CV-00412-JRG, Dkt. 211-1, at 2–4 (E.D. Tex. June 17, 2024). Additionally, Samsung argues that Headwater should have sought to take additional discovery rather than moving to strike. *Id.* at 9.

Samsung also argues that the NIAs discussed in Dr. Foster's rebuttal report were disclosed in Samsung's interrogatory responses. *Id.* at 10. It argues that Dr. Foster's explanation of "batching" is the technical term for how the disclosed "pulling" was implemented in the prior art systems. *Id.*

The Court finds that the contested NIA theories were late-disclosed and thus should be stricken from Dr. Foster's report. Rather than justifying why it waited until the last day of fact discovery to supplement its interrogatory response with eight new NIAs, Samsung focuses its response on justifying why its post-deadline correction was acceptable, and complains of Headwater's late disclosures. The fact that Samsung's response technically fell within the deadline for fact discovery does not excuse it from not supplementing its response earlier or explaining why it could not do so. The prejudice to Headwater is clear—it did not have the opportunity to test Samsung's new assertions through the normal course of discovery. Samsung's citation to *Fractus* is unavailing. In *Fractus*, the defendant provided boilerplate objections to plaintiff's interrogatory

requesting information about NIAs. *Fractus*, Case No. 2:22-cv-412-JRG, Dkt. No. 211-1 at 1. Plaintiff did not object and did not seek any further discovery until approximately a month after the close of fact discovery. *Id.* at 2. The Court denied plaintiff's motion to strike late-disclosed NIAs and said "any prejudice Plaintiff may have suffered is mitigated by its own failure to diligently pursue discovery of non-infringing alternatives during fact discovery." *Id.* at 4. The *Fractus* Court also pointed out several cases where courts have stricken expert reports for late-disclosures of NIAs. *See id.* at 3. Here, there is no evidence that Headwater was not diligent in pursing discovery about the NIA theories that Samsung disclosed in its earlier interrogatory response. Headwater cannot be faulted for not expecting Samsung to supplement its response with new theories hours before the close of fact discovery. Without an explanation from Samsung for its late disclosure, the Court can only conclude that the reason Samsung waited until the last day was gamesmanship. The Court does not countenance such gamesmanship.

Samsung's argument that its Second Supplemental Response merely provides more details to its earlier First Supplemental Response is unpersuasive. In its First Supplemental Response Samsung identified that push and pull systems existed in the prior art without any more details. Dkt. No. 176-9 at 78. Then in its Second Supplemental Response Samsung discloses 10 specific NIAs. *Id.* at 78–82. The Court finds that the Second Supplement far exceeds the scope of the first one such that Headwater would not have been on notice of these new NIA theories.

The Court thus **STRIKES** the following paragraphs of Dr. Foster's reports:

- Dr. Foster's Opening Expert Report: ¶¶ 1156, 1158–1161, 1175–81
- Dr. Foster's Rebuttal Expert Report: ¶¶ 489–493

### 2. Unavailability

Headwater also moves to strike Dr. Foster's opinions regarding certain NIAs that were "clearly not commercially available to Samsung." Dkt. No. 176 at 12. Headwater points to Dr. Foster's suggestion that Apple Push Notifications ("APN") were available to Samsung and argues that Dr. Foster makes no showing that Samsung could have actually implemented APN on its system. *Id.* at 13. Headwater argues that Apple and Samsung were bitter rivals and there was no chance Samsung could have implemented APN on its system. *Id.* Headwater also seeks to strike Paragraphs 1175–80 of Dr. Foster's report for failure to state that these NIAs were available to Samsung. The Court already struck those paragraphs in the preceding section and does not readdress them here.

Finally, Headwater argues that all of Dr. Foster's NIA opinions are irrelevant because they play no role in in the calculation of damages because Samsung's damages expert does not factor them into his financial analysis. *Id* at 14–15.

In response, Samsung argues that Headwater's complaints go to the weight, not the admissibility of Dr. Foster's opinions. Dkt. No. 212 at 12. Samsung contends that the fact finder may conclude that the NIAs were commercially acceptable. *Id.* at 14.

The Court declines to strike any additional paragraphs from Dr. Foster's report on this basis. The Court previously denied Headwater's similar motion on this basis. *See Headwater v. Samsung*, Case No. 2:22-cv-422-JRG-RSP, Dkt. No. 436 at 9. The Court is not persuaded to rule differently here.

### III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Motion in Part.

**SIGNED this 9th day of April, 2025.**

_____<br>
ROY S. PAYNE<br>
UNITED STATES MAGISTRATE JUDGE