IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, § <br>   § <br>   § <br> *Plaintiff*, § <br>   § <br> v. §   CIVIL ACTION NO. 2:23-CV-00103-JRG-RSP <br>   § <br> SAMSUNG ELECTRONICS CO., LTD., § <br> and SAMSUNG ELECTRONICS § <br> AMERICA, INC., § <br>   § <br> *Defendants*. § | |

**<u>MEMORANDUM ORDER</u>**

Before the Court is Samsung's *Daubert* Motion and Motion to Strike Expert Report of Dr. Andreas Groehn. **Dkt. No. 181**. For the reasons discussed below, the Court **DENIES** the Motion.

**I. LAW**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether

particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II. ANALYSIS

Samsung argues first that Dr. Groehn's survey is divorced from the facts of this case; second, that Dr. Groehn's survey is unreliable because "standard" battery life has no objective meaning; and third, conjoint analysis is inappropriate for estimating price.

The Court previously rejected Samsung's identical challenges on the second and third factors. *Headwater Rsch. LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00422-JRG-RSP, 2024 WL 4712953, at *3, *4 (E.D. Tex. Nov. 7, 2024). The Court adopts those rulings here.

The Court addresses Samsung's first argument that Dr. Groehn's survey is divorced from the facts of this case. Samsung argues that Dr. Groehn simply reuses his analysis from the previous Headwater case without adapting it at all for this case. Dkt. No. 181 at 6.

Headwater responds that there is nothing improper about relying on the same survey in multiple cases. Dkt. No. 181 at 9. Headwater explains that like the patents in the first *Headwater* case, one of the benefits of the patents in this case is improved battery life. *Id.* Here, Headwater argues, "Mr. Dell, [Headwater's damages expert] used Dr. Groehn's incremental profit calculations, in combination with Dr. de la Iglesia's technical analysis estimating improvement in battery life specifically attributable to the accused features . . ." to reach his ultimate damages conclusion. *Id.* at 10.

The Court finds that there is nothing improper about Headwater relying on a previous survey and applying it to the facts of this case through their damages expert. Mr. Groehn's survey does not stand alone, but is used in conjunction with other evidence and expert testimony to reach an ultimate conclusion. Samsung has not shown that it should be excluded.

### III. CONCLUSION

For the reasons discussed above, the Court **DENIES** the Motion.

**SIGNED this 9th day of April, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE