## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00103-JRG-RSP |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| and SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff Headwater Research LLC's Motion to Strike Certain Opinions of Samsung's Damages Expert Dr. M. Ray Perryman, Ph.D. **Dkt. No. 182**. For the reasons, discussed below, the Court **GRANTS** the Motion only in part.

### I.    LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have

considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II.    ANALYSIS

Headwater moves to strike certain opinions of Samsung's damages expert, Dr. M. Ray Perryman for three main reasons. First, Headwater alleges that Dr. Perryman improperly relies on a "patent counting" methodology. Second, it alleges that Dr. Perryman improperly relies on Headwater's other litigations. And third, Headwater claims that Dr. Perryman's opinions on NIAs are improper.

### A.  PATENT COUNTING

The first issue is whether Dr. Perryman's valuation methodology is proper. Headwater claims that in considering two portfolio settlement licenses Dr. Perryman fails to adjust for the value of the individual patents in the portfolio but instead assumes without analysis that all the patents have the same value and is thus engaging in improper patent counting. Dkt. No. 182 at 2–3.

Samsung responds that Dr. Perryman did adjust the licenses to account for the relevant differences. Dkt. No. 205 at 4. Samsung points to Paragraphs 195 and 201 of Dr. Perryman's report as describing his methodology. Dkt. No. 182-1.

The Court finds that Dr. Perryman's methodology sufficiently accounts for the value of the patents in the comparable licenses and applies it to the facts of this case. Headwater's complaints can properly be addressed through vigorous cross-examination, contrary evidence, and proper instructions. The Court thus **DENIES** this portion of the Motion.

### B.  OTHER HEADWATER-SAMSUNG LITIGATIONS

The next issue is Dr. Perryman's discussion of other Samsung-Headwater litigations. Headwater argues that Paragraph 197 of Dr. Perryman's report violates Court MIL No. 13 by discussing other pending Headwater/Samsung cases in support of Dr. Perryman's opinion that a

hypothetical negotiation would not provide "patent peace." Dkt. No. 182 at 4; Dkt. No. 182-1. Furthermore, Headwater takes issue with Paragraph 108 where Dr. Perryman discusses Headwater-Samsung litigations in the context of an offer to purchase Headwater's patent portfolio. Dkt. No. 182 at 4; Dkt. No. 182-1. Headwater contends that these opinions are methodologically unsound and their probative value is substantially outweighed by the danger of unfair prejudice, confusion, and misleading the jury under Rule 403. Dkt. No. 182 at 5. Samsung responds that it does not intend to present these opinions at trial without leave, but is required to disclose these opinions under FRCP 26. Dkt. No. 205 at 8.

The Court does not find it appropriate to exclude these opinions *ex ante*. Samsung represents that it will not discuss them without leave from the Court. The Court intends to hold Samsung to its representation at trial and expects Samsung to seek leave before attempting to raise these issues. Notwithstanding this, the Court rejects any argument that a required disclosure under Rule 26 somehow immunizes an expert's report from being excluded. Finally, Headwater's arguments about the methodology employed are similar to the preceding section, and the Court again rejects them. This section of the Motion is thus **DENIED**.

### C. NIAs

Lastly, Headwater moves to exclude Dr. Perryman's opinions about NIAs. Dkt. No. 182 at 9. First, Headwater argues that neither Dr. Perryman nor Dr. Foster (Samsung's technical expert) established that the NIAs are commercially acceptable. *Id.* Second, Headwater argues that neither expert even asserts that these NIAs were commercially available to Samsung. *Id.* at 11. Third, Headwater argues that the NIAs play no meaningful role in Dr. Perryman's damages opinion. *Id.* at 12. Fourth, Headwater argues (as it did in its concurrently filed motion relating to Dr. Foster) that Samsung did not disclose the NIAs until the last day of fact discovery. *Id.* at 13.

4

Samsung responds that this portion of the Motion is duplicative of the motion to strike portions of Dr. Foster's report. Dkt. No. 205 at 10. Samsung argues that "[t]he mere existence of NIAs would be an important negotiation point raised by Samsung in assessing a reasonable royalty" and that is what Dr. Perryman analyzed. *Id.* Samsung maintains that there is no requirement to precisely quantify the cost or adjustment attributable to NIAs. *Id.* at 10–11. Samsung argues that the challenges regarding availability and acceptability are properly levied at Dr. Foster's report, not Dr. Perryman's. *Id.* at 11. Samsung finally reargues its position that its disclosures were not untimely. *Id.* at 12; *see* Dkt. No. 212.

The Court addressed many of these arguments in its Order on the Motion to Strike Dr. Foster. To the extent that Dr. Perryman's NIA opinions rely on Dr. Foster's opinions that were stricken, the Court **STRIKES** Dr. Perryman's opinions as well. Otherwise, Headwater has not shown a basis to strike Dr. Perryman's opinions.

## III.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Motion, only to the extent that Dr. Perryman's opinions rely on Dr. Foster's stricken opinions. All other portions of the Motion are **DENIED**.

**SIGNED this 9th day of April, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE