IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, § <br> § <br> Plaintiff, § <br> § <br> v. §    CIVIL ACTION NO. 2:23-CV-00103-JRG-RSP <br> § <br> SAMSUNG ELECTRONICS CO., LTD., § <br> and SAMSUNG ELECTRONICS § <br> AMERICA, INC., § <br> § <br> Defendants. § | |

## **MEMORANDUM ORDER**

Before the Court is Samsung's Motion to Strike Expert Report of Mr. Stephen E. Dell. **Dkt. No. 186**. For the reasons discussed below, the Court **DENIES** the Motion.

### I.  LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether

particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II.   ANALYSIS

Samsung moves to exclude the entirety of Mr. Dell's reasonable royalty opinions. Dkt. No. 186 at 3. Mr. Dell is Headwater's damages expert.

### A.   RELIANCE ON DR. GROEHN'S CONJOINT ANALYIS

First, Samsung argues that Mr. Dell's opinions that rely on Dr. Groehn's analysis should be excluded because Dr. Groehn's analysis is unsound. *Id.* Samsung relies on its Motion to Strike Dr. Groehn's opinions. *Id.* at 4; Dkt. No. 181. In addition, Samsung argues that Mr. Dell did not adjust Dr. Groehn's opinions from the previous *Headwater* case to this case. Dkt. No. 186 at 4.

Headwater responds that Mr. Dell "combines the results of Dr. Groehn's analysis with [Mr.] De la Iglesia's opinions on the specific battery savings attributable to the patents in suit to arrive at the apportioned additional profit Samsung gets from its infringement" and then apportions further. Dkt. No. 206 at 5.

The Court declines to strike Mr. Dell's opinions that rely on Dr. Groehn's analysis. Samsung raised objections to Dr. Groehn's analysis and the Court denied them. Dkt. No. 376. Thus, Mr. Dell's reliance on Dr. Groehn's analysis is not improper. The Court finds that Mr. Dell sufficiently tailored Dr. Groehn's and Mr. De la Iglesia's analyses to the damages for this case.

### B.   APPLICATION OF CONJOINT ANALYSIS TO TABLETS AND SMARTWATCHES

Next, Samsung complains that Mr. Dell takes Dr. Groehn's conjoint analysis results based on mobile phones and applies them to tablets and smartwatches without analysis or explanation. Dkt. No. 186 at 5.

Headwater responds that accused tablets and watches have the same infringing features and buyers have the same concerns about battery life. Dkt. No. 206 at 6–7. According to Headwater,

Mr. Dell explains that battery life is even more important for smartwatches because of their lower battery capacities. *Id.* At the same time, Mr. Dell accounts for the fact that smartwatches cost less. *Id.* Relying on purportedly comparable licenses, Mr. Dell also opines that in the hypothetical negotiation the parties would consider that smartwatches and tablets make up a small portion of the market and would want to apply a consistent rate across the products. *Id.*

The Court finds that Mr. Dell sufficiently supports his choice to apply the same rate to tablets and smartphones. Samsung's concerns go to the weight of Mr. Dell's opinions and not their admissibility. Thus, they are properly addressed through cross-examination and contrary evidence rather than exclusion.

### C. RELIANCE ON MR. DE LA IGLESIA'S BATTERY LIFE IMPROVEMENT CALCULATIONS

Next, Samsung moves for exclusion of Mr. Dell's opinions based on his reliance on Mr. De la Iglesia's battery life improvement calculations. Dkt. No. 186 at 5. Samsung first raises its argument from its motion to strike Mr. De la Iglesia's opinions. *Id.* at 5–6; Dkt. No. 185. Next, Samsung argues that Mr. Dell, relying on Mr. De la Iglesia's analysis, does not apportion to the value of the patents, but attributes the entire value of centralized push notifications to Headwater. Dkt. No. 186 at 6. Samsung further argues that the adjustments Mr. Dell does make are arbitrary and not tied to the facts of this case. *Id.* at 7–9.

Headwater responds that Mr. Dell properly apportions to the footprint of the patent. Dkt. No. 206 at 8. For example, Mr. Dell, relying on Mr. De la Iglesia, understands that all accused products are infringing, but uses the opt-in rate as an indication of extent of use. *Id.* Headwater also argues that Mr. Dell's estimates rely on Samsung's own surveys. *Id.* at 9.

The Court finds Samsung's arguments to strike unpersuasive. First, the Court denied Samsung's motion to strike Mr. De la Iglesia's opinions that Mr. Dell relies on here. Dkt. No. 378 at 8–9. Next, the Court finds that Mr. Dell relies on facts in the record in this case to attempt to apportion the value of patented invention. The Court thus declines to strike on this basis.

### D. USE OF ITSON LICENSE

Next, Samsung moves to strike Mr. Dell's use of an ItsOn license. Dkt. No. 186 at 9–12. At the pre-trial conference, Headwater represented that it is withdrawing this opinion and will not raise it with Mr. Dell. Dkt. No. 359 at 43: 10–12. Samsung agreed that this argument is now moot. *Id.* at : 14–18. The Court thus **DENIES** this portion of the Motion as moot.

### E. DISCUSSION OF THE GOOGLE MADA AND RSAs WITH SAMSUNG

Next, Samsung moves to exclude Mr. Dell's opinions regarding the MADA and RSA with Google because they are irrelevant, and prejudicial to Samsung. Dkt. No. 186 at 12. Samsung further argues that these agreements are not relevant as sales of the accused products for the commercial success prong of *Georgia-Pacific*. *Id.* Samsung expresses concern that Mr. Dell will simply wave large dollar amounts around to prejudice the jury. *Id.* at 13.

Headwater disputes that Mr. Dell only looks to these agreements for commercial success. Dkt. No. 206 at 13. Headwater contends that he uses it for extent of use, NIAs, enveloping customers in Samsung's ecosystem and for how the parties would evaluate the watches and tablets at the hypothetical negotiation. *Id.*

The Court has found that these agreements are admissible and thus relevant. Dkt. No. 360 at 4. In admitting them, however, the Court instructed the Parties to meet and confer about redactions of irrelevant large dollar figures. *Id.* The Court finds that Mr. Dell's discussion of them

5

is appropriate subject to appropriate redactions of irrelevant large dollar figures from the agreement and elimination of them from Mr. Dell's testimony.

### F. COPYING

Finally, Samsung moves to strike Mr. Dell's opinions that that suggest or imply that Samsung copied the ItsOn source and software onto its phones. Dkt. No. 186 at 13. Headwater has represented that it does not contend that Samsung copied any Headwater patent or any Headwater or ItsOn product. Dkt. No. 360 at 3. (Defendant's MIL No. 2). This portion of the Motion is thus **DENIED** as moot.

### III. CONCLUSION

For the reasons discussed above, the Court **DENIES** the Motion.

SIGNED this 11th day of April, 2025.

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE