# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br>v.<br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00103-JRG-RSP |

**SAMSUNG'S OBJECTIONS TO THE REPORT AND RECOMMENDATION
ON THE PARTIES' STANDING MOTIONS (DKT. NO. 364)**

## ABBREVIATIONS INDEX

| In Full | Abbreviation |
|---|---|
| Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s | Samsung |
| Plaintiff Headwater Research LLC and all its purported predecessors | HW or Headwater |
| Russ, August, & Kabat | RAK |
| Case No. 2:22-CV-00422-JRG-RSP | -422 case |
| Case No. 2:23-CV-00103-JRG-RSP | -103 case |

Emphasis added unless otherwise noted.

I.  **INTRODUCTION**

On March 31, 2025, the Magistrate Judge issued a Report and Recommendation ("R&R," Dkt. 364) recommending that the Court find standing in this case. *See* Dkt. 364 ("R&R"). Per 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule CV-72, Samsung respectfully objects and seeks *de novo* review. Headwater lacks standing because Qualcomm owns the asserted patents through an employment contract with sole inventor Dr. Raleigh. The Court should decline to adopt the R&R because it incorrectly refuses to require corroboration, contrary to law, and because Headwater failed to meet its burden to overcome the presumption that Qualcomm owns the patents-in-suit.

II. **ARGUMENT**

As stated in the R&R, there is no dispute in this case that Dr. Raleigh's invention agreement with Qualcomm is valid or that Qualcomm presumptively owns the patents-in-suit based on their January 2009 filing date. *See* R&R at 3. The only issue is whether Headwater has overcome this presumption. It has not.

***First***, the R&R errs in holding "Dr. Raleigh is not required to corroborate his conception date." R&R at 4. The R&R cites no Federal Circuit authority to support this conclusion, and there is none. To the contrary, the Federal Circuit has repeatedly held "[e]ven the most credible inventor testimony is *a fortiori* required to be corroborated by independent evidence." *Apator Miitors ApS v. Kamstrup A/S*, 887 F.3d 1293, 1295 (Fed. Cir. 2018) (citation omitted). This is because conception is a "mental act," subject to self-serving recollection of events long past. *Dawson v. Dawson*, 710 F.3d 1347, 1352 and n.1 (Fed. Cir. 2013) (ruling against party with burden on conception, like so many conception cases).

In addition, while the R&R draws a distinction between proof of conception *before* a given date versus *after* a given date, the Federal Circuit has never recognized such a distinction. Instead,

1

the Federal Circuit has held that what must be corroborated is *when* the invention was conceived. *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1376 (Fed. Cir. 1986) (the question of whether an invention was conceived "before" a particular date is "more properly" analyzed as "***when*** the claimed invention was conceived") (original emphasis omitted); *see also Fritz v. Hawn*, 37 F.2d 430, 433 (C.C.P.A. 1930) (finding against employee in interference between him and his employer because employment relationship imposed upon him "the burden of proving by competent credible evidence that the conception . . . was his, and not that of his employer").[1]

***Second***, unlike in the previous *Headwater* case (Case No. 2:22-CV-00422-JRG-RSP, the -422 case), here Headwater produced no evidence corroborating Dr. Raleigh's alleged date of conception, and the R&R cites none (unlike in the -422 case, where the Court relied upon customer slides for corroboration). At most, the R&R cites documents *not discussing* the claimed invention before January 2009, when the patents-in-suit were filed. *See* R&R at 5-6.

***Third***, Dr. Raleigh's testimony that he conceived the claimed invention after he left Qualcomm is contradicted by undisputed evidence. Dr. Raleigh admitted that the asserted patents solved problems that appeared while he was at Qualcomm. He testified "[t]hese patents solved critical problems that literally brought down the Cingular network when the first iPhones and Androids were attached to the network." Dkt. 177-5 at 45:20-46:21. He also testified "I think the problem began to develop while I was working at Qualcomm. The first iPhones began to go on the network during that time, yeah. And the first Androids that had this multiple app chatter problem began to go on the network in that time frame." *Id.* at 122:2-15. He also agreed that Qualcomm was affected by the problem: "Everybody in wireless, users, carriers, everybody was affected by

---

[1] The Court of Customs and Patent Appeals was a predecessor to the Federal Circuit, which adopted C.C.P.A. precedent as its own. *South Corp. v. U.S.*, 690 F.2d 1368, 1369 (Fed. Cir. 1982).

that." *Id.* at 121:10-17.  Furthermore, Dr. Raleigh admitted he had an idea about "technology to manage the way applications connect" to avoid a "disaster on the network" while at Qualcomm. *See* -422 case, Dkt. 236-1 at 46:00-46:51.  He further stated that he disclosed this idea to Qualcomm CEO Dr. Jacobs before he left Qualcomm and then took it to Headwater, where "it's now in every smartphone on the planet." *Id.*  These admissions directly contradict the R&R's conclusion that Dr. Raleigh conceived the invention after he left Qualcomm.

In addition, the timeline in this case is not consistent with Dr. Raleigh's story since he would have the Court believe he conceived the invention in the short time between his departure from Qualcomm in September 2008 and his patent filing in January 2009, a time period much shorter than the twenty months alleged in the -422 case.  The R&R fails to acknowledge the undisputed evidence that Dr. Raleigh incorporated Headwater even before he left Qualcomm and began working on the technology at issue.  *See* 2-20-25 Evidentiary Hearing Tr. at 78:18-79:18, 113:12-118:7.  Failure to consider these facts is inconsistent with the Court's duty to consider "the totality of the evidence." *Intell. Ventures II LLC v. Motorola*, 692 F. App'x 626, 627 (Fed. Cir. 2017).

***Fourth***, the R&R relies on the fact that Qualcomm tried to buy the Headwater patents in 2017.  However, the evidence demonstrates that Qualcomm actually asserted ownership of the patents in 2009.  *See* Dkt. 177-8, Dkt. 177-9 at HW_00104071-72.  In other words, Qualcomm believed it owned the patents when it was closer to the issue, and the R&R does not address this key point.  *See Intell. Ventures*, 692 F. App'x at 627 ("the Board was too dismissive and erred in refusing to consider this evidence").

### III.  CONCLUSION

The Court should overrule the R&R and dismiss this case for lack of standing because Qualcomm, not Headwater, owns the patents-in-suit.

Dated: April 14, 2025                    Respectfully submitted,

                                              By:     */s/ John W. Thornburgh*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman
DC Bar No. 1034255
hartzman@fr.com
Brendan F. McLaughlin
DC Bar No. 1671658
BMcLaughlin@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
Steffen C. Lake
GA Bar No. 512272
lake@fr.com

Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Vivian C. Keller (*pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com

Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600

Brady Huynh (admitted *pro hac vice*)
CA Bar No. 339441
bradyhuynh@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 14, 2025. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                         */s/ John W. Thornburgh*
                                         John W. Thornburgh