# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br>v.<br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00103-JRG-RSP |

## SAMSUNG'S OBJECTIONS TO THE REPORT & RECOMMENDATION ON SAMSUNG'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY AND MOTION FOR PARTIAL SUMMARY JUDGEMENT OF NON-INFRINGEMENT OF THE '733 PATENT (DKT. 372)

Pursuant to Fed. R. Civ. P. 72 and Local Rule CV-72, Samsung respectfully objects to the Magistrate Judge's report and recommendation (Dkt. 372, the "Report") denying Samsung's motion for summary judgement of invalidity and motion for partial summary judgment of non-infringement of the '733 patent (Dkt. 184). The Report errs in finding disputes of material fact as to GTalkService's ("GTS") status as prior art and anticipation and obviousness based on GTS. The Report also errs in finding dispute of material fact regarding Headwater's infringement theory relying on the registration token. The reality is that the registration token is not included in the server-to-device message. That Headwater's expert (incorrectly) says otherwise without any support does not create a dispute of fact. Accordingly, the Court should decline to adopt the Report and grant summary judgment of invalidity of the '733 patent and summary judgment of non-infringement of the '733 patent under Headwater's registration token theory.

## I.     No Dispute Of Material Fact That GTS Is Prior Art Under §§ 102(a), (b), and (g)

The Report recommends summary judgment is "inappropriate on the question of whether GTS qualifies as prior art," finding there "are disputes of material fact regarding GTS's status as prior art for *both Section 102(b) and 102(g)* purposes." Dkt. 372 at 3-4 (emphasis added). The Report, however, does not include a finding that there are disputes of material fact regarding GTS's status as prior art under § 102(a). For this reason alone, GTS qualifies as prior art. Indeed, GTS is prior art under § 102(a) because GTS was released before the invention of the '733 patent and is described in public Android documents that pre-date the '733 patent. Dkt. 184 at 4 (citing Dkt. Nos. 184-3, 184-4, 184-13, 184-9, 184-25); Dkt. 228 at 1 (citing Dkt. Nos. 228-1, 228-2).

Regarding §§ 102(b) and (g), the Report errs in finding there are disputes of material fact. Samsung showed, through source code, APIs, Google internal documents, and sworn testimony, that GTS was released by March 2008 and continuously used from then on, including in the T-Mobile G1 phone. Dkt. 184 at 1-5; Dkt. 228 at 1. Headwater's mere denial of the presented facts

1

does not create a genuine dispute. *Hopper v. Frank*, 16 F.3d 92, 98 (5th Cir. 1994) (Conclusory assertions "fail to meet the burden of showing, through specific and pertinent facts, the existence of a genuine issue of material fact"); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.").

Headwater argued that GTS was removed before the priority date of the patent and the Report found "a dispute about whether or not GTS was discontinued or adapted into other programs." Dkt. 372 at 3-4. But even if a dispute of fact exists as to GTS being discontinued for some programs, the Report ignores established law because GTS would *still* be prior art since it was publicly used before that point in time and a "public use under section 102(b) cannot be undone by subsequent actions." *Eolas Techs. Inc. v. Microsoft Corp.*, 399 F.3d 1325, 1334 (Fed. Cir. 2005). Moreover, the unrebutted evidence shows that Google continued to use GTS before and after the priority date. Dkt. 184 at 4-5 (citing Dkt. 184-10 at 431, Dkt. 184-13 at 7:10-24; 26:4-18, Dkt. 184-11 at 768); Dkt. 228 (also citing Dkt. 228-3 at 30:5-20, 31:24-32:3, 33:7-34:22).

### II. No Dispute Of Material Fact That GTS Anticipates '733 Independent Claims

Headwater failed to create a genuine dispute of material fact that GTS anticipates claims 1 and 30 of the '733 patent. GTS is the name for Google's cloud messaging system before it was renamed as C2DM, GCM, and eventually FCM. Headwater accuses C2DM, GCM, and FCM of infringement, but cannot accuse GTS of infringement because GTS predates the '733 patent. GTS invalidates claims 1 and 30 because the accused functionalities in C2DM, GCM, and FCM also exist in GTS. Headwater's desperate attempt to distinguish GTS based on a single claim element—the "agent identifier"—does not raise a dispute of material fact. Dkt. 211 at 7-9.

2

Headwater accuses "package name" of being an "agent identifier" in FCM. Samsung provided extensive evidence to show that GTS uses an "action name" as an "agent identifier" under Headwater's theory of infringement Dkt. 184 at 6-11. Headwater's main argument in rebuttal is simply that the action name is a generic string of text that is not unique, but provides no reason or evidence to support why a string of text cannot be an agent identifier. Dkt. 211 at 7-8. Indeed, Headwater's arguments rely on the conclusory assertions of its expert, rather than source code and documentation. Dkt. 372 at 4; *D Three Enters., LLC v. SunModo Corp.*, 890 F.3d 1042, 1051 (Fed. Cir. 2018) ("Conclusory expert assertions do not give rise to a genuine issue of material fact."). But the evidence shows that app developers choose the "action name" for their apps in GTS and could select unique strings of text. Dkt. 228 at 2-3. The Court should decline the Report's recommendation and hold that claims 1 and 30 of the '733 patent are anticipated by GTS.

### III.    No Dispute Of Material Fact That GTS Renders Obvious '733 Independent Claims

The report errs in denying summary judgment of obviousness, finding Samsung offers only attorney argument and does not address Headwater's expert opinion. The only claim element that is allegedly missing is the "agent identifier." Samsung explicitly addresses the conclusory arguments of Headwater's expert. Dkt. 228 at 4. While Samsung disagrees with Headwater's characterization of "action name," even adopting Headwater's arguments, it would have been obvious to modify the "action name" to be unique to an app. Dkt. 184 at 11. Expert testimony is not required to support a finding of obviousness when the modification of technology at issue is this simple. *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1365 (Fed. Cir. 2008).

### IV.    No Dispute Of Material Fact That '733 Dependent Claims Are Invalid

The Report errs in finding a dispute of material fact regarding the validity of the dependent claims. The Report recognizes that Samsung showed undisputed evidence that GTS, used with a device like the T-Mobile G1, received message content comprising the information delineated in

3

claims 3, 7, 8, and 9, had the same periodic heartbeat functionality as the FCM technology (accused for claim 13), and used NotificationManager just like FCM (accused for claims 19 and 23). Dkt. 372 at 5-6. Headwater made no effort to dispute Samsung's evidence and merely cited 36 paragraphs from its expert's report without explanation. Dkt. 211 at 10; Dkt. 372 at 6. The Report correctly held that all Headwater did was "throw paragraphs of [its] expert report[] at the Court" (Dkt. 372 at 6), but then erroneously denied summary judgment. *See Green Valley Special Util. Dist. v. City of Schertz, Texas*, 969 F.3d 460, 474 (5th Cir. 2020) ("Just because we have discretion to address [an argument] doesn't mean that we can (or should) make a party's argument for it in the first place") (citing *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) ("In our adversarial system of adjudication, we follow the principle of party presentation.")); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) ("[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim.") (citations omitted).

**V.      No Dispute Of Material Fact That GTS Became C2DM And Invalidates Per §102(g)**

The Report correctly found that Headwater failed to meaningfully contest Samsung's arguments that GTS became C2DM and thus invalidates the '733 patent under §102(g). Dkt. 372 at 7 ("Headwater's response only spans two lines and does not directly contest Samsung's argument."). Thus, the Report errs in finding a genuine dispute of material fact because the uncontroverted evidence shows that GTS became C2DM. Dkt. 184 at 15; Dkt. 228 at 4. The Court should not adopt the Report's recommendation. *See Green Valley*, 969 F.3d at 474; *Sineneng-Smith*, 590 U.S. at 375.

**VI.     No Dispute Of Material Fact That Registration Token Is Not Included In Message**

The Report errs in finding a dispute of material fact regarding Headwater's infringement theory relying on the FCM registration token. The accused registration token is not included in the server-to-device message. Dkt. 184 at 15-17. The source code proves that Headwater's expert is simply incorrect when he states that "the [server-to-device message] contains a 'registration token.'" Dkt. 184 at 16. In opposition, Headwater points to portions of its expert's report that have nothing to do with its registration token theory—Headwater's expert distinguished "package name" and "device user id" from "registration token"—to fabricate a dispute of fact. Dkt. 211 at 10-13; Dkt. 228 at 5. Because there is no genuine dispute that the registration token is not contained in the server-to-device message, FCM does not infringe under Headwater's registration token theory, and the Court should decline to adopt the Report's recommendation. *Novartis Corp. v. Ben Venue Labs., Inc.*, 271 F.3d 1043, 1051 (Fed. Cir. 2001) ("If all expert opinions on infringement [] were accepted without inquiry into their factual basis, summary judgment would disappear from patent litigation.").

## VII.    Conclusion

For at least the foregoing reasons, Samsung respectfully requests that the Court decline to adopt the Report.

Dated: April 16, 2025

Respectfully submitted,

By: */s/ Lance Yang*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman
DC Bar No. 1034255
hartzman@fr.com
**FISH & RICHARDSON P.C.**

5

1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Vivian C. Keller (*pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992

6

reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
Facsimile: (214) 747-2091

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
Meghana Thadani
NY Bar No. 5851902
thadani@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

7

Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600

Brady Huynh (admitted *pro hac vice*)
CA Bar No. 339441
bradyhuynh@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

8

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 16, 2025. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Lance Yang*
Lance Yang
