# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, *Plaintiff*, v. SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC., *Defendants*. | Case No. 2:23-CV-00103-JRG-RSP **JURY TRIAL DEMANDED** |

**SAMSUNG'S OBJECTIONS TO THE MEMORANDUM ORDER
ON SAMSUNG'S *DAUBERT* MOTION AND MOTION TO STRIKE
<u>EXPERT REPORT OF DR. ANDREAS GROEHN (DKT. NO. 376)</u>**

Magistrate Judge Payne's memorandum order (Dkt. 376, the "Order") denied Samsung's *Daubert* Motion and Motion to Strike Expert Report of Dr. Andreas Groehn (Dkt. 181). Samsung respectfully objects to and seeks *de novo* review of the Order.

### A. Dr. Groehn's Survey is Divorced from the Facts of the Case

First, the Order erred in concluding that "there is nothing improper about Headwater relying on a previous survey and applying it to the facts of this case through their damages expert." Order at 3. Federal Rule of Evidence 702 is clear: an expert's opinion must "reflect[] a reliable application of [reliable] principles and methods **to the facts of the case**." However, Dr. Groehn did nothing to tie his report "to the facts of the case"— (1) he did not review the asserted patents, (2) he did not know whether the asserted patents are the same as those asserted in *Headwater Rsch. LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00422-JRG-RSP ("*Headwater I*"), (3) he did not know that the accused products in this case are different from those accused in *Headwater I*, (4) he was not provided a single document unique to this case, and (5) he was not provided any deposition transcripts from this litigation. Dkt. 181 at 7–8 (citing Ex. C (Dkt. 181-3) (Groehn 10/18/2024 Rough Tr.) at 29:8–10, 27:6–9, 27:16–19, 32:21–24, 32:25–33:3; Ex. A (Dkt. 181-1) (Groehn Rpt.) at 66 (Materials Considered List)). In fact, Dr. Groehn could only vaguely recall that the features at issue in this case are push notifications. *Id.* at 7 (citing Ex. C (Dkt. 181-3) (Groehn 10/18/2024 Rough Tr.) at 27:24–28:3). Finally, Dr. Groehn further failed to (1) speak with Headwater's technical expert, (2) review Headwater's technical expert's report, and (3) verify his inputs or results with Headwater's expert. *Id.* at 8 (citing Ex. C (Dkt. 181-3) (Groehn 10/18/2024 Rough Tr.) at 31:21–24, 37:5–8).

The Order erred in overlooking these deficiencies. Accordingly, the Court should set the Order aside and exclude Dr. Groehn's report.

### B. The Subjective Definition of "Battery Life" Requires Exclusion Under Rule 702

The Order[1] further erred in concluding that Dr. Groehn's definition of "battery life" is a matter "best left for cross examination," relying only on the assertion that "Headwater has put forth a sufficient explanation for using its definition in this instance" without further elaboration. *Headwater I* Order at *4. Dr. Groehn's definition of "battery life" is subjective and respondent-dependent, making it inherently unreliable and indicative of a methodological flaw requiring exclusion under Rule 702—this should not go to the jury.

Rather than providing an objective measure of battery life, such as time in hours as is common in the industry, Dr. Groehn allowed survey respondents to define "standard battery life" based on their own interpretations. Dkt. 181 at 9 (citing Ex. A (Dkt. 181-1) (Groehn Rpt.) ¶ 76). This vague and subjective framing of battery life—and of its further undefined incremental levels of increase (5% and 10%)—forced each respondent to individually define the term, and estimate the increase above an uncertain baseline, rendering the survey results meaningless for determining quantifiable "profit" or "price." *Id*. at 10–12. This flaw undermines the reliability of Dr. Groehn's opinions, particularly given that advertised battery life metrics were available for the phones he analyzed. *Id*. at 10 (citing Ex. B (Dkt. 181-2) (Groehn 5/13/2024 Tr.) at 120:3–16).

---

[1] The Order did not substantively address Samsung's arguments. Instead, the Order "adopt[ed]" the Court's previous ruling on a similar challenge to a nearly identical report raised by Samsung in *Headwater I*. Order at 3 (citing *Headwater Rsch. LLC v. Samsung Elecs. Co.*, No. 2:22-CV-00422-JRG-RSP, 2024 WL 4712953, at *3 (E.D. Tex. Nov. 7, 2024) (the "*Headwater I* Order")). Accordingly, Samsung addresses the reasoning provided in the *Headwater I* Order.

### C. Dr. Groehn's Use of a Conjoint Analysis for Incremental Profit is Unreliable

The Order[2] erred in holding Dr. Groehn's use of conjoint analysis here was permissible on the basis that "[t]here is no rule that [conjoint] analysis is *per se* unreliable. . . ." *Headwater I* Order at *3. Samsung did not argue for the categorical inadmissibility of conjoint analyses. Instead, Samsung specifically challenged how Dr. Groehn applied conjoint analysis in this instance, which, as the literature supports, exceeds the methodology's accepted use. Dkt. 181 at 12–13. Samsung presented strong evidence demonstrating that conjoint analysis is widely accepted only for measuring consumer preferences—not for calculating incremental profits. *Id.* at 13–14. The Order mischaracterized Samsung's argument as asserting a blanket challenge to conjoint analysis in general. *Headwater I* Order at *3.

As Dr. Groehn's own sources unequivocally state, "[i]t should be emphasized that conjoint analysis can only estimate demand. Conjoint survey data, alone, **cannot be used to compute market equilibrium outcomes such as market prices**," precisely what Dr. Groehn has done here. Dkt. 181 at 13 (citing Ex. D (Dkt. 181-4) (Allenby 2019) at 81 (emphasis added)). Dr. Groehn himself admitted that **no smartphone maker in the world uses conjoint analysis this way**. Dkt. 181 at 12 (citing Ex. B (Dkt. 181-1) (Groehn 5/13/2024 Tr.) at 125:23-126:5). The Order erred by failing to scrutinize whether Dr. Groehn's application of conjoint analysis to calculate market equilibrium incremental price is admissible under Rule 702, especially in light of Samsung's unrebutted evidence that conjoint data alone cannot fully account for the real-world market complexities of the smartphone consumer market today such as structured purchase plans, discounts, layers of retailers, and many other factors that separate Dr. Groehn's average sales price

---

[2] Like the "battery life" issue, the Order adopted the Court's previous ruling in the *Headwater I* Order on the conjoint analysis issue. Order at 3. Accordingly, Samsung addresses the reasoning provided in the *Headwater I* Order.

from the revenues (and thus incremental profit) actually realized by Samsung. By doing so, the Order improperly allowed a methodologically flawed analysis to be presented to the jury, rather than excluding testimony that fails *Daubert*'s reliability standard.

Dated: April 18, 2025                    Respectfully submitted,

By:  /s/Thomas H. Reger II
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Jared Hartzman
DC Bar No. 1034255
hartzman@fr.com
Brendan F. McLaughlin
DC Bar No. 1671658
BMcLaughlin@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Benjamin K. Thompson
GA Bar No. 633211
bthompson@fr.com
Jonathan B. Bright
GA Bar No. 256953
jbright@fr.com
Christopher O. Green
GA Bar No. 037617
cgreen@fr.com
Noah C. Graubart
GA Bar No. 141862
graubart@fr.com
Sara C. Fish
GA Bar No. 873853
sfish@fr.com
Katherine H. Reardon
NY Bar No. 5196910
reardon@fr.com

4

Steffen C. Lake
GA Bar No. 512272
lake@fr.com
Nicholas A. Gallo
GA Bar No. 546590
gallo@fr.com
Vivian C. Keller (*pro hac vice*)
GA Bar No. 651500
keller@fr.com
**FISH & RICHARDSON P.C.**
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Andria Rae Crisler
TX Bar No. 24093792
crisler@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
prescott@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street, Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
kfleming@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036
Telephone: (212) 765-5070

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Telephone: (903) 597-8311

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032

6

        seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600

Brady Huynh (admitted *pro hac vice*)
CA Bar No. 339441
bradyhuynh@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335
Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.**

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 18, 2025. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                               */s/ Thomas H. Reger II*
                                Thomas H. Reger II