IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | CIVIL ACTION NO. 2:23-CV-00103-JRG-RSP |

## ORDER

During the Final Pretrial Conference in this matter on April 16, 2025, the Court addressed objections by Defendants to the 10-figure numbers contained in certain parts of the deposition of Mr. Seungho Song, a Samsung witness. The Court overruled the objection to this testimony under Rules 402 and 403, due to the importance of those dollar numbers to Plaintiff's rebuttal of any non-infringing alternatives (NIAs) which Plaintiff has contended would not be commercially acceptable to Samsung because they would breach the MADA and RSA agreements with Google. The Court found that the actual dollar figures in Mr. Song's testimony are necessary to fully set forth Plaintiff's argument to the jury regarding such NIAs. However, the Court also ruled that if no such NIAs are presented at trial by Defendants, then the dollar amounts at issue in Mr. Song's testimony would be excluded. While Plaintiff argued that there are other lesser grounds for the relevance of such figures, the Court found that the risk of unfair prejudice to Defendants through the effect on the damages horizon outweighs the probative value of any such grounds.

Counsel for Defendants has advised the Court that "it has narrowed its case by dropping its patent valuation based on non-infringing alternatives arguments." Accordingly, based on the

fulfillment of that representation at trial, the Court directs that Plaintiff not present to the jury the dollar figures attributed to the MADA/RSA unless leave of Court is obtained in advance. This does not prevent Plaintiff from using the revenue sharing percentages in the RSA, as pre-admitted in evidence, since the Court has found that those percentages are relevant to the relationship between Defendants and Google, which is relevant to the jury's consideration of bias in connection with the testimony of Mr. Hansen, a Google employee.

**SIGNED this 19th day of April, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE