**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Case No. 2:23-CV-00103-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**APRIL 20, 2025, TRIAL BRIEF
REGARDING IRRELEVANT AND PREJUDICIAL REVENUE INFORMATION**

## **TABLE OF EXHIBITS**

| Exhibit | Description |
|---|---|
| **1** | Excerpt of Final Pre-trial Conference Transcript (Apr. 16, 2025) |
| **2** | Excerpt of Seungho Song Deposition Testimony (Sept. 27, 2024) |
| **3** | Excerpt of Seungho Song Deposition Testimony (Oct. 17, 2024) |

Headwater has stated it may seek leave to present to the jury irrelevant and inflammatory revenue information untethered to this case. Headwater likely wishes to tell the jury that Samsung received from Google ▆▆▆▆▆▆▆▆▆▆▆▆▆▆, based on a ▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆, under the Google-Samsung Mobile Application Distribution Agreement ("MADA") and the separate Revenue Sharing Agreements ("RSAs"). These agreements govern Samsung's required worldwide use of various Google software, such as Google Search, Google Maps, Gmail, and YouTube. Headwater initially said that it intended to present this evidence via the deposition testimony of Seungho Song on Day 2 of trial. It subsequently withdrew those designations,[1] but Headwater stated that it may seek leave to introduce them later at trial. And Samsung suspects Headwater may also reference this information during its opening statement and throughout trial.

On April 19, 2025, Judge Payne expressly precluded Headwater from referencing the specific ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ under the agreements. Dkt. 404. Because Samsung narrowed its case by dropping its patent valuation based on non-infringing alternatives, "the Court direct[ed] that Plaintiff not present to the jury the dollar figures attributed to the MADA/RSA unless leave of Court is obtained in advance." *Id.* at 2. Indeed, Judge Payne found "that the risk of unfair prejudice to Defendants through the effect on the damages horizon outweighs the probative value of any such grounds." *Id.* at 1. Judge Payne separately overruled Samsung's objection to introducing the revenue-sharing percentages "<u>as long as Samsung is going</u>

---

[1]Headwater's proposed designations are attached hereto. Ex. 2 (Song Sept. 27, 2024 Dep. Tr.) at 50:18–50:23, 67:19–67:24; Ex. 3 (Song Oct. 17, 2024 Dep. Tr.) at 129:1–129:3, 129:5–129:6, 129:9–129:14, 141:20–141:25, 142:1–142:4, 142:22–143:4. Before Headwater withdrew its designations, Samsung provided counter-designations. Ex. 2 (Song Sept. 27, 2024 Dep. Tr.) at 26:2–6, 26:11–14, 33:9–20, 74:4–8, 83:13–22, 84:12–85:25, 88:3–6.

to rely on the non-infringing alternative that brings this into the case," which as described above Samsung has since dropped. Ex. 1 (Apr. 16, 2025 PTC) at 31:23–32:2 (emphasis added).

As its basis for seeking leave, Headwater stated it will rely on one of the "lesser grounds" that Judge Payne already found unpersuasive. According to Headwater, the ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ under the MADA and RSA are one of the "myriad" benefits Samsung derives from putting the allegedly infringing system into use, under *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279 (Fed. Cir. 2011). Ex. 1 at 51:15–19. Judge Payne correctly rejected that: "If the benefits are myriad, it certainly would indicate to me that putting those dollar figures in is not necessary to show that there are benefits." *Id*. at 51:20–23 (emphasis added).

Federal Circuit precedent supports Judge Payne's ruling. In *CloudofChange, LLC v. NCR Corp.*, the Federal Circuit held that monetary payments, like a "monthly subscription fee" and "revenues from third-party products and services," have no role in a "benefit" of use analysis. Instead, the correct inquiry is "whether a party uses the entire claimed system by putting that system to use and receiving the benefit (i.e., the recited purpose or result) of that use." *CloudofChange, LLC v. NCR Corp.*, 123 F.4th 1333, 1340–41 (Fed. Cir. 2024) (emphasis added). *CloudofChange* cannot be mistaken—the focus must be on the claimed invention's technical benefits rather than financial benefits. Thus, evidence of revenue Samsung allegedly received from Google cannot be relevant to whether Samsung "benefitted" from putting the accused system into "use" for purposes of trying to prove direct infringement.

The Federal Circuit has repeatedly restricted the use of revenue from agreements like these, where no evidence suggests they are comparable to one that would result from the hypothetical

2

negotiation. In *VLSI*, the Federal Circuit reiterated that where, as here,[2] there is "conceded noncomparability, the law restricting use of noncomparable licenses would clearly bar admission of that evidence" when the evidence is otherwise "self-evidently unconnected to the question of the value of the specific technology at issue." *VLSI Tech. LLC v. Intel Corp.*, 87 F.4th 1332, 1349 (Fed. Cir. 2023); *see also Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1325 (Fed. Cir. 2009) (reversing on this basis); *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869-73 (Fed. Cir. 2010) (same). "Admission of such overall revenues, which have no demonstrated correlation to the value of the patented feature alone, only serve to make a patentee's proffered damages amount appear modest by comparison, and to artificially inflate the jury's damages calculation beyond that which is 'adequate to compensate for the infringement.'" *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 68 (Fed. Cir. 2012) (quoting 35 U.S.C. § 284). Nor can an expert use an otherwise inadmissible data point as a "check" of reasonableness. *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1321 (Fed. Cir. 2011). To the contrary, the Federal Circuit in *VLSI* emphasized that "there will be no recurrence of comparable references, to sports-team prices or other facts about size of a proposed award alone (one way or the other), not focused on answering the question of the value of the specific technology at issue." 87 F.4th at 1349.

Ultimately, Headwater simply wants to show these inflammatory, irrelevant revenue figures and revenue-sharing percentages to the jury in any context. Headwater does not care whether the jury learns about them in discussing damages or "benefits" in a *Centillion* analysis or alleged bias. No matter which way, they "cannot help but skew the damages horizon for the jury."

---

[2]Mr. Stephen Dell, Headwater's damages expert, conceded that the MADA and RSA are noncomparable licenses. Dkt. 186-1 (Dell Rpt.) ¶¶ 100–159 (Mr. Dell's comparable license analysis omitting discussion of the MADA and RSAs).

*Uniloc USA, Inc.*, 632 F.3d at 1321 ("The disclosure that a company has made $19 billion dollars in revenue from an infringing product cannot help but skew the damages horizon for the jury."). Thus, the Court should reject any forthcoming requests for leave to present to the jury irrelevant, prejudicial ▮ under the MADA and RSAs.

In addition, because Samsung has dropped its patent valuation based on non-infringing alternatives, the Court should sustain Samsung's objections to Headwater presenting the revenue-sharing percentages. Alternatively, if the Court allows Headwater to present to the jury the revenue-sharing percentages, the Court should no longer instruct the jury on Google's interest in this case. Judge Payne previously ruled that "the jury should be instructed or informed that 'Google has a financial interest in the outcome of this case through its relationship with Samsung.'" Dkt. 360 at 4. Before issuing that ruling, Judge Payne explained that he believed the instruction is necessary because Samsung "want[s] the jury to think that this Google witness [Mr. Todd Hansen] is here on behalf of both the parties to present unbiased testimony. And the truth is that his employer has a very definite interest in one of the parties and is opposed to the other." Dkt. 359 at 19:15–20. Judge Payne's subsequent written Order concerning the revenue information explained that the revenue-sharing percentages are "relevant to the jury's consideration of bias in connection with the testimony of Mr. Hansen, a Google employee" (Dkt. 404 at 2). Thus, to the extent the Court admits the revenue-sharing percentages, a need no longer exists for the Court to also instruct the jury on Google's "financial interest in the outcome of this case." Dkt. 360 at 4. In this situation, Samsung would be unfairly prejudiced by the instruction paired with the revenue-sharing information, and accordingly, the Court should not give this instruction.

| | |
|---|---|
| Dated: April 20, 2025 | Respectfully submitted, |

                By:   */s/ Noah C. Graubart*
                      Ruffin B. Cordell
                      TX Bar No. 04820550
                      Michael J. McKeon
                      DC Bar No. 459780
                      Jared Hartzman
                      DC Bar No. 1034255
                      Brendan F. McLaughlin
                      DC Bar No. 1671658
                      **FISH & RICHARDSON P.C.**
                      1000 Maine Avenue, SW, Ste 1000
                      Washington, D.C. 20024
                      Telephone: (202) 783-5070
                      SERVICEFRSamsung-Headwater@fr.com

                      Thad C. Kodish
                      GA Bar No. 427603
                      Benjamin K. Thompson
                      GA Bar No. 633211
                      Jonathan B. Bright
                      GA Bar No. 256953
                      Christopher O. Green
                      GA Bar No. 037617
                      Noah C. Graubart
                      GA Bar No. 141862
                      Sara C. Fish
                      GA Bar No. 873853
                      Katherine H. Reardon
                      NY Bar No. 5196910
                      Steffen C. Lake
                      GA Bar No. 512272
                      Nicholas A. Gallo
                      GA Bar No. 546590
                      Vivian C. Keller (*pro hac vice*)
                      GA Bar No. 651500
                      **FISH & RICHARDSON P.C.**
                      1180 Peachtree St. NE, Fl. 21
                      Atlanta, GA 30309
                      Telephone: (404) 892-5005
                      SERVICEFRSamsung-Headwater@fr.com

                      Leonard E. Davis
                      TX Bar No. 05521600
                      Andria Rae Crisler
                      TX Bar No. 24093792

**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214)747-5070
SERVICEFRSamsung-Headwater@fr.com

John-Paul R. Fryckman (*pro hac vice*)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
SERVICEFRSamsung-Headwater@fr.com

Katherine D. Prescott (*pro hac vice*)
CA Bar No. 215496
**FISH & RICHARDSON P.C.**
500 Arguello Street, Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
SERVICEFRSamsung-Headwater@fr.com

Kyle J. Fleming (*pro hac vice*)
NY Bar No. 5855499
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor,
New York, NY 10036
Telephone: (212) 765-5070
SERVICEFRSamsung-Headwater@fr.com

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
James Travis Underwood
Texas Bar No. 24102587
travis@gillamsmithlaw.com

6

**GILLAM & SMITH, LLP**
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
State Bar No. 24074372
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 N. College Ave., Suite 900
Tyler, Texas 75702
Tel: (903) 597-8311

Lance Lin Yang
CA. Bar No. 260705
Lanceyang@quinnemanuel.com
Kevin (Gyushik) Jang
CA Bar No. 337747
kevinjang@quinnemanuel.com
Sean S. Pak
CA Bar No. 219032
seanpak@quinnemanuel.com
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Brady Huynh (*pro hac vice*)
CA Bar No. 339441
bradyhuynh@quinnemanuel.com
**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000

Jon Bentley Hyland
Texas Bar No. 24046131
jhyland@hilgersgraben.com
Grant K. Schmidt
Texas Bar No. 24084579
gschmidt@hilgersgraben.com
**HILGERS GRABEN PLLC**
7859 Walnut Hill Lane, Suite 335

Dallas, Texas 75230
Telephone: (972) 645-3097

**ATTORNEYS FOR DEFENDANTS
SAMSUNG ELECTRONICS CO., LTD. AND
SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Noah C. Graubart*
Noah C. Graubart

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 18, 2025. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Noah C. Graubart*
Noah C. Graubart