███████████

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| Plaintiff, | Case No. 2:23-CV-00103-JRG-RSP |
| v. | JURY TRIAL DEMANDED |
| SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC., | ███████████ |
| Defendants. | |

## REVISED JOINT FINAL PRE-TRIAL ORDER[1]

Plaintiff Headwater Research LLC ("Plaintiff" or "Headwater") and Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Defendants" or "Samsung") submit this Proposed Joint Pretrial Order.

**A.    COUNSEL FOR THE PARTIES**

**1.    Plaintiff – Headwater Research LLC**

| | |
|---|---|
| Marc Fenster<br>CA State Bar No. 181067<br>Reza Mirzaie<br>CA State Bar No. 246953<br>Brian Ledahl<br>CA State Bar No. 186579<br>Ben Wang<br>CA State Bar No. 228712<br>Paul Kroeger<br>CA State Bar No. 229074<br>Neil A. Rubin<br>CA State Bar No. 250761<br>Kristopher Davis<br>CA State Bar No. 329627 | Andrea L. Fair<br>TX State Bar No. 24078488<br>MILLER FAIR HENRY PLLC<br>1507 Bill Owens Parkway<br>Longview, Texas 75604<br>Telephone: 903-757-6400<br>andrea@millerfairhenry.com |

---

[1] The parties reserve their right to supplement, amend, or modify their pretrial disclosures in connection with outstanding or forthcoming discovery, in response to disclosures made by the opposing party, and/or rulings by the Court.

| | |
|---|---|
| James S. Tsuei<br>CA State Bar No. 285530<br>Philip Wang<br>CA State Bar No. 262239<br>James Milkey<br>CA State Bar No. 281283<br>Jason M. Wietholter<br>CA State Bar No. 337139<br>James N. Pickens<br>CA State Bar No. 307474<br><br>RUSS AUGUST & KABAT<br>12424 Wilshire Blvd. 12th Floor<br>Los Angeles, CA 90025<br>Telephone: 310-826-7474<br>headwater@raklaw.com | |

**2. Defendants – Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.**

| | |
|---|---|
| Ruffin B. Cordell<br>TX Bar No. 04820550<br>Michael J. McKeon<br>DC Bar No. 459780<br>mckeon@fr.com<br>Jared Hartzman<br>DC Bar No. 1034255<br>hartzman@fr.com<br>Brendan F. McLaughlin<br>DC Bar No. 1671658<br>BMcLaughlin@fr.com<br>Fish & Richardson P.C.<br>1000 Maine Avenue, SW, Ste 1000<br>Washington, D.C. 20024<br>Telephone: (202) 783-5070<br>Facsimile: (202) 783-2331<br><br>Thad C. Kodish<br>GA Bar No. 427603<br>tkodish@fr.com | Melissa R. Smith<br>State Bar No. 24001351<br>Melissa@gillamsmithlaw.com<br>Gillam & Smith, LLP<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>Andrew Thompson ("Tom") Gorham<br>State Bar No. 24012715<br>tom@gillamsmithlaw.com<br>Gillam & Smith, LLP<br>102 N. College, Suite 800<br>Tyler, Texas 75702<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>Michael E. Jones<br>State Bar No. 10929400<br>mikejones@potterminton.com<br>Shaun W. Hassett<br>State Bar No. 24074372<br>shaunhassett@potterminton.com<br>Potter Minton, P.C.<br>102 N. College Ave., Suite 900 |

| | |
|---|---|
| Benjamin K. Thompson<br>GA Bar No. 633211<br>bthompson@fr.com<br>Jonathan B. Bright<br>GA Bar No. 256953<br>jbright@fr.com<br>Christopher O. Green<br>GA Bar No. 037617<br>cgreen@fr.com<br>Noah C. Graubart<br>GA Bar No. 141862<br>graubart@fr.com<br>Sara C. Fish<br>GA Bar No. 873853<br>sfish@fr.com<br>Katherine H. Reardon<br>NY Bar No. 5196910<br>reardon@fr.com<br>Nicholas A. Gallo<br>GA Bar No. 546590<br>gallo@fr.com<br>Vivian C. Keller (pro hac vice)<br>GA Bar No. 651500<br>keller@fr.com<br>Peter Hong<br>GA Bar No. 365188<br>hong@fr.com<br>Fish & Richardson P.C.<br>1180 Peachtree St. NE, Fl. 21<br>Atlanta, GA 30309<br>Telephone: (404) 892-5005<br>Facsimile: (404) 892-5002<br><br>Leonard E. Davis<br>TX Bar No. 05521600<br>ldavis@fr.com<br>Andria Rae Crisler<br>TX Bar No. 24093792<br>crisler@fr.com<br>Thomas H. Reger II<br>Texas Bar No. 24032992<br>reger@fr.com<br>Fish & Richardson P.C.<br>1717 Main Street, Suite 5000<br>Dallas, TX 75201<br>Telephone: (214)747-5070 | Tyler, Texas 75702<br>Telephone: (903) 597-8311<br>Facsimile: (903) 593-0846<br><br>Lance Lin Yang<br>CA. Bar No. 260705<br>Lanceyang@quinnemanuel.com<br>Kevin (Gyushik) Jang<br>CA Bar No. 337747<br>kevinjang@quinnemanuel.com<br>Sean S. Pak<br>CA Bar No. 219032<br>seanpak@quinnemanuel.com<br>Quinn Emanuel Urquhart &<br>Sullivan, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br><br>Brady Huynh (admitted pro hac vice)<br>CA Bar No. 339441<br>bradyhuynh@quinnemanuel.com<br>Quinn Emanuel Urquhart &<br>Sullivan, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>Jon Bentley Hyland<br>Texas Bar No. 24046131<br>jhyland@hilgersgraben.com<br>Grant K. Schmidt<br>Texas Bar No. 24084579<br>gschmidt@hilgersgraben.com<br>Hilgers Graben PLLC<br>7859 Walnut Hill Lane, Suite 335<br>Dallas, Texas 75230<br>Telephone: (972) 645-3097 |

Facsimile: (214) 747-2091

John-Paul R. Fryckman (pro hac vice)
CA Bar No. 317591
John W. Thornburgh
CA Bar No. 154627
thornburgh@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Ste. 400
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Katherine D. Prescott (pro hac vice)
CA Bar No. 215496
prescott@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street
Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5180
Facsimile: (650) 839-5071

Kyle J. Fleming (pro hac vice)
NY Bar No. 5855499
kfleming@fr.com
Meghana Thadani
NY Bar No. 5851902
thadani@fr.com
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor,
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

## B.    STATEMENT OF JURISDICTION

This action arises under the patent laws of the United States, including 35 U.S.C. § 1 et

seq.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

1338(a).  Headwater contends that jurisdiction and venue are proper.  For the purposes of this

action only, Samsung does not contest that this Court has personal jurisdiction over all parties.

Likewise, for purposes of this action only, Samsung does not contest that venue is proper in the United States District Court for the Eastern District of Texas, Marshall Division.

## C.    NATURE OF ACTION

Headwater: This is a patent infringement case arising under the patent laws of the United States.  Headwater alleges that Samsung infringes claims 1, 7, and 19 of U.S. Patent No. 8,406,733 ("'733 patent"), and claims 1, 12, and 16 of U.S. Patent No. 9,198,117 ("'117 patent")(collectively, the "Patents-in-Suit").  Headwater seeks money damages, as well as all equitable relief.

Samsung: Headwater's claims are without merit.  Headwater alleges infringement of the '733 patent and the '117 patent against Defendants.  Samsung does not infringe any asserted claim of the Patents-in-Suit.  Further, all asserted claims of the Patents-in-Suit are invalid under 35 U.S.C. § 102 and/or 103, and all asserted claims of the  Patents-in-Suit are invalid for failure to comply with the requirements of 35 U.S.C. § 112.  Samsung also asserts other legal and equitable defenses detailed infra.

Headwater is not entitled to any relief, including monetary damages or equitable relief. This case is not an exceptional one entitling Headwater to its attorneys' fees and costs.  Samsung, however, is entitled to recovery of its attorneys' fees under 35 U.S.C. § 285, as well as its costs, and any other relief the Court deems appropriate because this is an exceptional case brought by Headwater.

## D.    CONTENTIONS OF THE PARTIES

### 1.  Contentions of Headwater:

1)  Headwater contends that Samsung infringes claims 1, 7 and  19  of the '733 Patent by making, using, selling, offering to sell and/or importing into the United States Samsung Accused Devices.

2)  Headwater contends that Samsung infringes claims 1, 12, and 16 of the '117 Patent by making, using, selling, offering to sell and/or importing into the United States Samsung Accused Devices.

3)  Headwater contends that it has been damaged by Samsung's infringement of the '733, and '117 Patents, and is entitled to no less than a reasonable royalty under 35 U.S.C. § 284.

4)  Headwater contends that it is entitled to damages and reasonable costs.

5)  Headwater contends that this is an exceptional case entitling it to attorneys' fees under 35 U.S.C. § 285.

6)  Headwater contends that it is the valid, presumptive assignee of the '733 and '117 Patents, and all rights thereto, including the right to claim damages for past infringement.

7)  Headwater contends that the claims of the '733 and '117 Patents are not invalid for any reason, including under Sections 101, 102, 103, and 112 of the Patent Act.

8)  Headwater contends that the claims of the '733 and '117 Patents are not unenforceable for any reason, including based on any legal or equitable theory asserted by Samsung.

9)  Headwater contends that its damages for Samsung's past infringement of the '733 and '117 Patents are not barred or limited by 35 U.S.C. § 287, or any other legal or equitable theory asserted by Samsung.

10) Headwater contends that there are no available or acceptable non-infringing alternatives.

11) At no point in time did Defendants redesign the Accused Products in an attempt to avoid infringement of the Asserted Patents.

12) Headwater contends that Samsung is not entitled to any finding in their favor that this case is exceptional, or to any damages, attorneys' fees, or costs.

13) Headwater contends that it is entitled to pre-judgment and post-judgment interest.

14) Headwater seeks all equitable relief from the Court that is just and proper.

## 2. Contentions of Samsung:

Samsung provides the following statement of contentions without waiver of any affirmative defense pled, any response given during discovery, or any opinion expressed by Samsung's experts. By providing these contentions, Samsung does not waive any of its motions in limine, motions for summary judgment, Daubert motions, or motions to strike.

1) Samsung contends that Headwater's claims are barred because Headwater cannot prove that it is the rightful owner of the Patents-in-Suit and thus lacks standing to bring this suit.[2]

2) Samsung contends that it has not directly infringed any asserted claim of the Patents-in-Suit whether literally or under the doctrine of equivalents.

3) Samsung contends that it does not indirectly infringe the asserted claims of the Patents-in-Suit under 35 U.S.C. § 271(b) and (c).

4) Samsung contends that all asserted claims of the Patents-in-Suit are invalid as anticipated under at least 35 U.S.C. § 102(a), (b), and/or (g).

5) Samsung contends that the asserted claims of the '733 patent are invalid under 35 U.S.C. § 102(a), (b), and (g) as anticipated by GTalkService.

6) Samsung contends that the asserted claims of the '117 patent are invalid under 35 U.S.C. § 102(a), (b), and (g) as anticipated by GTalkService.

7) Samsung contends that the following claims of the Patents-in-Suit are invalid as obvious under 35 U.S.C. § 103: all asserted claims of the Patents-in-Suit.

---

[2] The Court has recommended denying Samsung's Motion to Dismiss for Lack of Standing (Dkt. 177). Dkt. 364. To the extent the Court overrules Samsung's objections to that Report and Recommendation, Samsung does not intend to offer evidence on this issue at trial, but Samsung notes this contention for completeness.

8)  Samsung contends that the asserted claims of the '733 patent are invalid under 35 U.S.C. § 103 as obvious in light of GTalkService, alone or in combination with the knowledge of a person of ordinary skill in the art and/or WAP.

9)  Samsung contends that the asserted claims of the '117 patent are invalid under 35 U.S.C. § 103 as obvious in light of GTalkService, alone or in combination with the knowledge of a person of ordinary skill in the art, WAP, and/or Kalibjian.

10) Samsung contends that all asserted claims of the '733 patent are invalid under 35 U.S.C. § 112 for lack of written description.

11) Samsung contends that all asserted claims of the '117 patent are invalid under 35 U.S.C. § 112 for lack of written description.

12) Samsung denies that Headwater has been damaged by Samsung's alleged infringement, and contends Headwater is not entitled to any monetary damages under any theory, including a reasonable royalty theory, and Headwater is not entitled to pre- and/or post-judgment interest.

13) Samsung denies that Headwater is entitled to any pre-suit damages.

14) Samsung denies that Headwater is entitled to any running royalty damages, including for future acts of infringement that have not occurred.

15) Samsung contends that Headwater is not entitled to any attorneys' fees or costs under 35 U.S.C. § 285.

16) Samsung contends Headwater is not entitled to any equitable relief, and Headwater has not properly pled any claim for equitable relief, including an injunction.

17) Samsung contends this is an exceptional case as to Headwater, and is entitled to its costs, expenses, and attorneys' fees under 35 U.S.C. § 285, and any other relief the Court deems appropriate.

E.    **REPRESENTATIVE PRODUCTS**

For purposes of this litigation only, the parties agree as follows:

1) Samsung does not argue non-infringement based on differences that exist among pre-Oreo versions of the Android operating system.

2) Samsung does not argue non-infringement based on differences that exist among Oreo and post-Oreo versions of the Android operating system.

3) Samsung does not argue non-infringement based on differences that exist between the Samsung Push Platform source code, produced by Samsung in this case at the directory "Smartphone_tablet_SPP client version_3.4.9" and other versions of the Samsung Push Platform client source code for Accused Devices running the Android Operating System, except that after 2020 Accused Devices running the Android operating system located in the United States cannot receive push messages from the Samsung Push Platform.

4) Samsung does not argue non-infringement based on differences that exist between the Samsung Push Platform source code, produced by Samsung in this case at the directory "sourcecode_20240506\PNS") and other versions of the Push Notification Service of the Samsung Push Platform except that after 2020, Accused Devices running the Android operating system located in the United States cannot receive push messages from the Samsung Push Platform.

5) Samsung does not argue non-infringement based on differences that exist between the Firebase Cloud Messaging source code produced by Google in this case (i.e., code produced in directories named "2024-07-26_Subpoena-Android-FCM-20240514" and "2024-07-30 Subpoena-Android-GMSCore-20240514") and other versions of Firebase Cloud Messaging source code as related to Accused Devices running the Android operating system.

## F.    STIPULATIONS AND UNCONTESTED FACTS

### 1.  General Stipulations

1) Headwater is a Texas limited liability company organized under the laws of Texas, with its headquarters at 110 North College Avenue, Suite 1116, Tyler, Texas 75702.

2) Defendant Samsung Electronics Co., Ltd. ("SEC") is a corporation organized under the laws of South Korea, with its principal place of business at 129, Samsung-Ro, YeongTong-Gu, Suwon-Si, Gyonggi-Do, 443-742, South Korea.

3) Defendant Samsung Electronics America, Inc. ("SEA") is a United States corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. SEA is a wholly-owned subsidiary of SEC. SEA distributes certain Samsung consumer electronics products, including the Accused Instrumentalities, in the United States.

4) SEA has corporate offices in the Eastern District of Texas at 1303 East Lookout Drive, Richardson, Texas 75082, 2800 Technology Drive, Suite 200, Plano, Texas 75074, and at 6625 Excellence Way, Plano, Texas 75023.

5) The parties will continue to meet and confer to attempt to resolve their objections to deposition designations and exhibits, and to identify additional potential stipulations, including stipulations related to the admissibility of exhibits, and will supplement these stipulations to the extent that additional stipulations are agreed by the parties.

6) The parties request that the Court present a tutorial video from the Federal Judicial Center regarding the U.S. Patent Office to the members of the jury as part of its preliminary instructions to the jury.

7)  The parties request that the jurors shall be permitted to take handwritten notes during the presentations of the parties.

8)  The parties agree that demonstrative exhibits the parties intend to use at trial do not need to be included on their respective lists of trial exhibits.  The parties otherwise reserve all rights to object to any demonstrative exhibit.

9)  The parties agree that all documents produced by a party are deemed authentic.

10) The parties agree that written answers to interrogatories and requests for admission or stipulations agreed to in this case shall be treated by the opposing party as having been given under oath, whether or not the answers were signed or verified by the party making them.

11) The parties agree that the documents produced by Google LLC in this case or in Headwater Research LLC v. Samsung Elecs. Co. Ltd. et al., Case No. 2:22-CV-00422-JRG-RSP (E.D. Tex.) and/or obtained from android.googlesource.com, developer.android.com, or source.android.com are authentic.  This stipulation does not prevent the parties from raising any other objection to the admissibility of Google documents, such as under Federal Rules of Evidence 402 or 403.

12) The parties agree that the documents produced by T-Mobile USA Inc. in this case or in Headwater Research LLC v. Samsung Elecs. Co. Ltd. et al., Case No. 2:22-CV-00422-JRG-RSP (E.D. Tex.) are authentic.  This stipulation does not prevent the parties from raising any other objection to the admissibility of T-Mobile documents, such as under Federal Rules of Evidence 402 or 403.

13) The parties agree that the documents produced by Qualcomm Inc. in this case or in Headwater Research LLC v. Samsung Elecs. Co. Ltd. et al., Case No. 2:22-CV-00422-JRG-RSP (E.D. Tex.) are authentic.  This stipulation does not prevent the parties from raising any other

objection to the admissibility of Qualcomm documents, such as under Federal Rules of Evidence 402 or 403.

14) Legible photocopies of documents may be offered and received in evidence in lieu of originals thereof, subject to all foundational requirements and other objections that might be made to the admissibility of the originals.

15) Neither party's exhibit list nor any portion thereof is admissible or may be presented to the jury without leave of Court.  The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding that document.

16) A party's failure to introduce any exhibit appearing on its list shall not be commented on during trial, except as permitted under Section F.3 (Opening/Closing Arguments).

17) The parties will share any courtroom audio-visual equipment and will provide each other electronic versions of whatever they display immediately after the display.

18) Fact witnesses will be sequestered so that they cannot hear other witnesses' testimony pursuant to Federal Rule of Evidence 615.  This stipulation does not apply to a party's corporate trial representative.

19) Samsung expects that one or more witnesses will testify live in a language other than English.  The trial interpreter shall be a certified interpreter jointly agreed to by the parties.

20) The parties agree that for any translated depositions, the jury will be shown the question in English, the answer in Korean, and the translation of the answer in English, and the time to play all of those will be attributed to the party who designated, or counter-designated, that particular testimony.

21) Headwater or its witnesses will not make any reference to Google antitrust litigation or investigations.

22) Headwater does not contend that Samsung copied any Headwater patent or any Headwater or ItsOn product.

**3. Exchanges of Demonstratives, Witnesses, Exhibits**

1) Each party shall provide by no later than 6:45 p.m. CT each day a copy of all demonstratives (in color) they plan to use the following day in the direct examination of a witness. The receiving party shall provide objections to such demonstratives by 8:00 p.m. CT that same day, and shall meet and confer on any objections promptly at 8:45 p.m. CT.  For videos or animations, the party seeking to use the demonstrative exhibit shall provide it to the other side in digital interactive format, including, as applicable, flash format, PPT format, MPG, or other video format.  Demonstrative exhibits that the parties intend to use at trial need not be included on the parties' respective exhibit lists.  The parties do not need to exchange copies of demonstrative exhibits to be used only during cross-examination.

2)  "Demonstratives" are exhibits specifically created for the purpose of the trial and do not include (1) exhibits created in the courtroom during testimony or opening at trial, (2) the enlargement, highlighting, ballooning, etc. of trial exhibits or transcripts of testimony, or to composites of admitted exhibits and/or testimony, so long as the enlargement, highlighted exhibit, ballooning exhibit, and/or composite only includes factual descriptions of the underlying exhibit or testimony.  Any physical demonstratives, including any poster boards, must be made available for inspection at a time pre-arranged by the parties.  Photos or electronic images of the physical demonstratives must also be disclosed at the same time along with the other demonstratives.

3)  Demonstrative slides must be numbered, exchanged in the order that the party in good faith intends to use them, and may not be renumbered after they are exchanged.  However, nothing in this Pretrial Order shall require counsel to use all demonstrative slides or shall prevent counsel from exercising their judgment at trial as to the content and order of any examination.  If either party changes its demonstratives after exchange for any reason, including to narrow disputes or in response to an order from the Court, the witness may not be presented without first disclosing the adjusted demonstratives to the other party.  For clarity, withdrawal or exclusion of a demonstrative slide (or other demonstrative) in its entirety does not qualify as a change under this paragraph, except that the original numbering of the demonstrative exhibits must remain the same, despite the exclusion or withdrawal.

4)  Demonstratives exchanged may not be used by the opposing party before being used by the disclosing party.

5)  Attempts to obscure the demonstratives intended to be used, e.g., by including an excessive number of demonstratives not used, shall be grounds for sanctions.  Excessive objections to exhibits and/or demonstratives, and failure to participate in good faith in the court-ordered meet and confer process, shall be grounds for sanctions.  In particular, making excessive objections to exhibits and/or demonstratives in the first instance, and maintaining all or most of those excessive objections overnight rather than narrowing or compromising, only to drop the objections early in the morning or during the dispute conference before the judge, after the parties have spent considerable time and resources on them, will be grounds for sanctions including docking trial time, at the Court's discretion.  Nothing in this paragraph is intended to penalize a party's reasonable streamlining of objections, which is contemplated by the Court's practices.

6) The parties will identify witnesses to be called live or by deposition, and the order of call, by 6:45 p.m. CT two calendar days prior to the date that the party intends to call such witness. The receiving party shall provide objections to any witness by 8:00 p.m. CT that same day (for clarity, disclosure of and objections to deposition designations are subject to the procedure in the following paragraph). The parties shall promptly meet and confer at 8:45 p.m. CT to attempt to resolve objections, with any objections that cannot be resolved to be raised with the Court on the day before the witness is to be called.

7) For each witness that a party intends to call by deposition, the party shall, by 12:30 p.m. CT two calendar days prior to the date the party intends to call such witness, provide the other side with a list of final designations that will be played and the order in which each designation will be played.  Along with their list of final designations, the disclosing party will provide a "clip report" with the testimony to be played, that includes an estimate of the time required to play the clips. This disclosure of final designations shall be made in good faith; including an excessive number of designations with no intention of playing them for the jury shall be grounds for sanctions, including taking all or a portion of the excessive deposition designation time out of the designating party's trial time, at the Court's discretion.  Nothing in this paragraph is intended to penalize a party for routine streamlining of its case during trial, for time or any other reason.  The receiving party shall, by 6:45 p.m. the same day, identify any additional, previously-designated testimony to be read or played, and any unresolved objections to testimony or exhibits sought to be used with the witness.  The designating party shall, by 8:00 p.m. the same day, identify any objections to the counter-designations and any counter-counter designations thereto.  The parties shall promptly meet and confer at 8:45 p.m. CT two calendar days prior to the date the party intends to call such witness to attempt to resolve any previously-stated but unresolved objections, with any objections

that cannot be resolved to be raised with the Court on the day before the deposition testimony is to be presented.

8)   The designating party shall provide the final version of the video deposition file that will be played in court, as well as a "clip report" identifying both sides' designations and an estimate of the time required to play them, to the other party by 6:45 p.m. CT one calendar day before it is played.  Disclosures of final designations (including any counter-designations or counter-counter designations) pursuant to this Pretrial Order shall be limited to testimony which the Party reasonably believes in good faith it may play at trial; however, nothing in this Pretrial Order is intended to limit a party's ability to designate deposition testimony or to penalize a party for streamlining its case for any reason.

9)   No objections, preambles, or exchanges between counsel will be played or read. If a party designates deposition testimony, and the other party counter-designates or provides rebuttal designations, both sides' designations will be read or played together in the chronological order in which designations occurred during the deposition.  Each party is responsible for providing a timed report of the deposition designations to counsel prior to the designations being played at trial. Deposition counter-designations will be counted against the counter-designator's time. The parties agree that for any translated depositions, the jury will be shown the question in English,  the answer in Korean, and the translation of the answer in English, and the time to play all of those will be attributed to the party who designated, or counter-designated, that particular testimony.  The time allotted by the Court for each side's presentation (if so specified) shall be reduced by the length of its respective designations and counter-designations.

10) Nothing in the foregoing procedures shall preclude a party from using deposition testimony at trial for purposes of impeachment.  However, nothing in this paragraph is intended to expand the scope of proper impeachment of a witness.

11) The parties will exchange lists of exhibits they intend to use during direct examination by 6:45 p.m. CT the day before their intended use.  The receiving party shall provide objections to such exhibits by 8:00 p.m. CT that same day, and shall meet and confer on any objections promptly at 8:45 p.m. CT.  Once an exhibit is used before the jury, it does not have to be disclosed for use with other witnesses on direct examination.

12) The parties shall make good faith efforts to resolve objections over the use of identified witnesses, testimony, exhibits, and demonstratives by participating in a meet and confer following the identification of and objection to witnesses, testimony, exhibits, and demonstratives each day. The Parties shall each make good faith efforts to avoid excessive objections and to actively narrow and streamline disputes.

13) Twelve (12) copies of an agreed juror notebook which will contain lined witness sheets with names, titles, and color photos, a copy of any agreed-upon documents (including the asserted patents), a legal pad, a pen, and a highlighter will be delivered to the Court before jury selection, with the exception of the witness sheets.  The witness sheets for a witness will be inserted in the notebook the morning of the witness's testimony by the court staff.

14) The parties' exhibit lists set forth the parties' exhibits for their respective cases-in-chief; the lists do not include potential impeachment material that is not introduced into evidence.  The parties reserve the right to offer exhibits for purposes of impeachment that are not included in the exhibit lists.

15) The parties agree to request that the courtroom be sealed when a party's confidential information, including source code or evidence concerning highly sensitive business documents, testimony, or information is expected to be presented.

## 4. Opening/Closing Arguments

1) Demonstratives for opening arguments shall be exchanged by 1:30 p.m. CT the day before opening; each party shall provide objections by 4:00 p.m. CT and shall meet-and-confer on any objections at 5:30 p.m. CT. The parties shall submit any outstanding disputes to the Court by 8:00 p.m. CT that same day, unless the Court instructs otherwise. A party may not show deposition testimony of its own employees or witnesses during opening statements. Demonstratives exchanged may not be used by the opposing party before being used by the disclosing party.

2) The parties agree that any pre-admitted exhibits, according to the Court's standing order on trial exhibits, may be shown to the jury by either party during opening statements if the exhibit will be the subject of testimony and explained to the jury by a witness at trial. However, if such an exhibit is used in opening, then not shown to the jury during trial, the other side may tell the jury of that omission in closing argument. The parties agree to meet and confer to the extent objections remain pending to attempt to resolve any such objections so that exhibits may be used during opening statements or objections can be resolved by the Court.

3) The parties need not exchange closing demonstratives prior to their use at trial. But the parties are required to exchange closing demonstratives used at trial within 24 hours of closing.

## 5. Uncontested Facts:

1) U.S. Patent No. 8,406,733, entitled "Automated Device and Provisioning Activation," was duly and legally issued by the USPTO on March 26, 2013.

2)  The '733 Patent claims priority to Provisional Application No. 13/461,141 which was filed with the United States Patent Office on May 1, 2012.

3)  U.S. Patent No. 9,198,117, entitled "Network System With Common Secure Wireless Message Service Serving Multiple Applications on Multiple Wireless Devices," was duly and legally issued by the USPTO on November 24, 2015.

4)  The '117 Patent claims priority to Provisional Application No. 14/667,516, which was filed with the United States Patent Office on March 24, 2015.

5)  On March 10, 2023, Headwater filed the Complaint against Samsung asserting infringement of U.S. patents 8,406,733 and 9,198,117.  Dkt. 1 at 1.

6)  Headwater is not contending that Samsung infringes any of the Patents-in-Suit under the doctrine of equivalents.

7)  Headwater stipulates that it did not directly identify to Samsung, by patent number, any specific Headwater patent prior to the filing of this action.

8)  Headwater stipulates that it is not aware of Samsung having been given notice verbally, by any person, of any Asserted Patent number prior to the filing of this lawsuit.

9)  Headwater stipulates that no document produced in this case shows Headwater alleging that a specific Samsung product infringes a specific Headwater patent number before the original Complaint.

10) Headwater stipulates that it is not alleging any pre-suit or post-suit willfulness in this litigation.

11) Headwater terminated its license agreement with ItsOn on January 22, 2018.

**G.    CONTESTED ISSUES OF FACT AND LAW**

The parties identify the following issues that remain to be litigated.  The parties reserve the right to identify additional factual or legal issues that may arise, including issues raised by any further discovery undertaken in this case, the Court's rulings on any pending motion, or ruling made at the pretrial conference in this action.  By providing this statement, the parties do not concede that all of these issues are appropriate for trial.  The parties also do not waive any of their pending motions.

**1.  Headwater**

1)  Whether Samsung has infringed claims 1, 7, and 19 of the '733 Patent.

2)  Whether Samsung has infringed claims 1, 12, and 16 of the '117 Patent.

3)  Whether Headwater is entitled to the damages it seeks, including for past infringement, prejudgment interests and costs.

4)  Whether this case is exceptional under 35 U.S.C. § 285 and, if so, whether Headwater is entitled to attorneys' fees or costs.

5)  Whether Headwater is entitled to equitable relief.

**2.  Samsung**

1)  Whether Headwater has proven by a preponderance of the evidence that Samsung has directly infringed the asserted claims of the '733 patent by making, using, selling, offering to sell and/or importing into the United States the accused Samsung devices.

2)  Whether Headwater has proven by a preponderance of the evidence that Samsung has directly infringed the asserted claims of the '117 patent by making, using, selling, offering to sell and/or importing into the United States the accused Samsung devices.

3)  Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '733 patent are invalid as anticipated under 35 U.S.C. § 102.

4)  Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '117 patent are invalid as anticipated under 35 U.S.C. § 102.

5)  Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '733 patent are invalid as obvious under 35 U.S.C. § 103.

6)  Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '117 patent are invalid as obvious under 35 U.S.C. § 103.

7)  Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '733 patent are invalid based on a lack of written description under 35 U.S.C. § 112.

8)  Whether Samsung has proven by clear and convincing evidence that the asserted claims of the '117 patent are invalid based on a lack of written description under 35 U.S.C. § 112.

9)  Whether Headwater has proven by a preponderance of the evidence that it is entitled to a reasonable royalty under 35 U.S.C. § 284 for Samsung's alleged infringement of the asserted claims of the '733 patent.

10) Whether Headwater has proven by a preponderance of the evidence that it is entitled to a reasonable royalty under 35 U.S.C. § 284 for Samsung's alleged infringement of the asserted claims of the '117 patent.

11) Whether Headwater has established that it is entitled to an ongoing running royalty, including damages for future acts of infringement that have not occurred.

12) If infringement of any of the Patents-in-Suit is found, whether Headwater is entitled to pre- or post- judgment interest, and if so, the total amount of such interest.

13) Whether Samsung is entitled to its costs, expenses and attorneys' fees pursuant to 35 U.S.C. § 285.

**H.      ISSUES FOR THE COURT**

Of the above-issues that remain to be litigated, and subject to the parties' reservations, the parties the identify the following issues to be decided by the Court and not the jury after trial:

- Headwater's entitlement to pre- or post-judgment interest or costs and the amount of such interest or costs;

- Headwater's entitlement to equitable relief; Samsung contends that Headwater's claims are barred because Headwater cannot prove that it is the rightful owner of the Patents-in-Suit and thus lacks standing to bring this suit.[3]

- Either party's entitlement to attorney's fees and costs under 35 U.S.C. § 285.

## I.    LIST OF WITNESSES

### 1.   For Headwater:

Headwater's witness list is attached hereto as Exhibit A. Samsung's objections to Headwater's witness list are attached hereto as Exhibit B. Headwater's deposition designations, Samsung's objections and counter-designations, and Headwater's objections to Samsung's counter designations are attached hereto as Exhibit C.

### 2.   For Samsung:

Samsung's witness list is attached hereto as Exhibit D.  Headwater's objections to Samsung's witness list are attached as Exhibit E.  Samsung's deposition designations, Headwater's objections and counter-designations, and Samsung's objections to Headwater's counter-designations are attached hereto as Exhibit F.

---

[3] The Court has recommended denying Samsung's Motion to Dismiss for Lack of Standing (Dkt. 177). Dkt. 364.   To the extent the Court overrules Samsung's objections to that Report and Recommendation, this will no longer remain as an issue for the Court to decide.

**J.    LIST OF EXHIBITS**

**1.  For Headwater:**

Headwater's trial exhibit list and Samsung's objections are attached as Exhibit G.

**2.  For Samsung:**

Samsung's trial exhibit list and Headwater's objections are attached as Exhibit H.

**3.  Objection Codes**

A key of the Parties' objection abbreviations to exhibits and deposition designations is attached as Exhibit I.

**3.  Joint Exhibits:**

The parties' Joint Exhibit List is attached as Exhibit L.

**K.    JURY INSTRUCTIONS AND VERDICT FORM**

The parties have attached the jury instructions as Exhibit J, Headwater's proposed verdict form as Exhibit K-1, and Samsung's proposed verdict form as Exhibit K-2.  The parties will continue to meet and confer in order to file amended instructions that narrow the disputes and fully set forth authority and argument for its positions for this Court's review.

**L.    LIST OF ANY PENDING MOTIONS**

None.

**M.    PROBABLE LENGTH OF TRIAL**

The Court has allotted the parties 10.5 hours per side for trial time (exclusive of voir dire, opening and closing).  Further, the Court has provided 30 minutes for voir dire, 30 minutes for opening statements and 40 minutes each for closing statements, for each side.  In addition, separately, time will need to be allocated to present Samsung's equitable defenses in a bench trial before the Court.

**N.    MANAGEMENT CONFERENCE LIMITATIONS**

The Parties do not have any management conference limitations at this time.

**O.    CERTIFICATIONS**

The undersigned counsel for each side of the parties in this action do hereby certify and acknowledge the following:

(1) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3) Each exhibit in the List of Exhibits herein:

      (a) is in existence;

      (b) is numbered; and

      (c) has been disclosed and shown to opposing counsel.


Approved as to form and substance:


Attorneys for Plaintiff:


Attorneys for Defendant:


This Joint Pre-Trial Order is hereby approved this ___ day of _____, 2024.


                    _____
                    United States District Judge

Dated:  April 20, 2025

Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Amy Hayden
CA State Bar No. 287026
James Milkey
CA State Bar No. 281283
Jason M. Wietholter
CA State Bar No. 337139
James N. Pickens
CA State Bar No. 307474
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Robert Christopher Bunt
Parker, Bunt & Ainsworth, P.C.
Texas State Bar No. 00787165
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel.: (903) 531-3535
rcbunt@pbatyler.com

ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas under seal, and served counsel of record with a copy via electronic email.

*/s/ Marc Fenster*
Marc Fenster

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Marc Fenster*
Marc Fenster