# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 2:23-CV-00103-JRG-RSP |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., and | § | |
| SAMSUNG ELECTRONICS AMERICA, INC., | § | |
| | § | |
| *Defendants*. | § | |

## FINAL JUDGMENT

A jury trial commenced in this case on April 21, 2025. On April 25, 2025, the jury returned a unanimous verdict (Dkt. No. 426) finding that Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (together, "Samsung") infringed Claims 1, 7, and 19 of U.S. Patent No. 8,406,733 (the "'733 Patent") and Claims 1, 12, and 16 of U.S. Patent No. 9,198,117 (the "'117 Patent") asserted by Plaintiff Headwater Research LLC ("Headwater"); that Claims 1, 7, and 19 of the '733 Patent and Claims 1, 12, and 16 of the '117 Patent were not invalid; and that Headwater should recover a lump sum reasonable royalty of $278,791,460.00 for Samsung's infringement.[1]

In Samsung's notices concerning its invalidity and equitable defenses (Dkt. Nos. 190; 394; 417; 439), Samsung has stipulated that none of its previously raised invalidity and equitable defenses remain live as a post-trial issue for the Court to decide. In light of these stipulations and

---

[1] The Court notes for clarity in the record that Headwater stipulated prior to trial that it had withdrawn its allegations of pre-suit and post-suit willfulness. (*See* Joint Notice and Stipulation Regarding Case Narrowing, Dkt. No. 190 at 1 ("Headwater withdraws… Pre-suit Willful Infringement."); Pretrial Hearing Transcript, Dkt. No. 359 at 39:21-25 ("Headwater stipulates that it is no longer alleging any post-suit willfulness in this litigation. We already dropped pre-suit willfulness, and so now willfulness, which is our allegation, should be out of the case.").) Consequently, the Court issued its pretrial Order denying as moot Samsung's Motion for Summary Judgment of No Post-Suit Willfulness. (Dkt. No. 363 at 1.)

the jury's verdict, the Court finds that a Final Judgment in the case should be and hereby is entered based on the jury's verdict.

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, and in accordance with the jury's unanimous verdict and the entirety of the record, the Court hereby **ORDERS** and **ENTERS FINAL JUDGMENT** as follows:

1. Samsung has infringed Claims 1, 7, and 19 the '733 Patent;

2. Samsung has infringed Claims 1, 12, and 16 of the '117 Patent;

3. Claims 1, 7, and 19 of the '733 Patent are not invalid;

4. Claims 1, 12, and 16 of the '117 Patent are not invalid;

5. Headwater is awarded damages and shall have and recover from and against Samsung the sum of $278,791,460.00 U.S. Dollars as a one-time lump sum reasonable royalty payment for Samsung's above infringement of the '733 and '117 Patents;

6. Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, Headwater is the prevailing party in this case and shall recover its costs from Samsung. Accordingly, Headwater is directed to file its Bill of Costs;

7. Pursuant to 35 U.S.C. § 284 and Supreme Court guidance that "prejudgment interest should ordinarily be awarded absent some justification for withholding such an award,"[2] the Court awards pre-judgment interest applicable to all sums awarded herein, calculated at the 5-year U.S. Treasury Bill rate, compounded quarterly, from the date of infringement through the date of entry of this Judgment;[3]

---

[2] *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983).
[3] *Nickson Indus., Inc. v. Rol Mfg. Co*., 847 F.2d 795, 800 (Fed. Cir. 1988).

8. Pursuant to 28 U.S.C. § 1961, the Court awards post-judgment interest applicable to all sums awarded herein, at the statutory rate, from the date of entry of this Judgment until paid;

9. In light of Headwater having stipulated that its allegations of willfulness have been dropped from this case prior to trial, the Court finds that any and all earlier claims of willfulness are Dismissed; and

10. In light of Samsung having stipulated that none of: laches, equitable estoppel, waiver, unclean hands, prosecution history estoppel, disclaimer, inequitable conduct, infectious unenforceability, and prosecution laches are live issues to be adjudicated as a part hereof, all such equitable issues and defenses are Dismissed.

All other requests for relief now pending and requested by either party but not specifically addressed herein are **DENIED**.

**So ORDERED and SIGNED this 30th day of May, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE