# EXHIBIT B

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/019,753 | 12/03/2024 | 9198117 | RALEP007C11C4RX1 | 5348 |

106963          7590          02/10/2025

Headwater Research LLC
C/O Farjami & Farjami LLP
26522 La Alameda Ave., Suite 360
Mission Viejo, CA 92691

| EXAMINER |
|---|
| COPPOLA, JACOB C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 02/10/2025 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.



**UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

FISH & RICHARDSON P.C. (TC)
PO BOX 1022
MINNEAPOLIS MN 55440-1022

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/019,753* .

PATENT UNDER REEXAMINATION *9198117* .

ART UNIT *3992* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting Request For Ex Parte Reexamination* | Control No. | | Patent Under Reexamination |
| --- | --- | --- | --- |
| | 90/019,753 | | 9198117 |
| | Examiner | Art Unit | AIA (FITF) Status |
| | JACOB C COPPOLA | 3992 | No |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>12/03/2024</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐    PTO-892,        b)☐    PTO/SB/08,        c)☑  Other: <u>IDS</u>

1. ☑    The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

| /JACOB C. COPPOLA/ Primary Examiner, Art Unit 3992 | | |
| --- | --- | --- |
| cc:Requester ( if third party requester ) | | |

Control Number: 90/019,753                                          Page 2
Art Unit: 3992

**ORDER GRANTING REEXAMINATION OF US PATENT 9,198,117**

**TABLE OF CONTENTS**

1. ACKNOWLEDGEMENT OF REQUEST FOR REEXAMINATION ................................. 2

2. PROSECUTION HISTORY OF THE 117 PATENT ......................................... 3

3. TERMINATED INTER PARTES REVIEW (SAMSUNG IPR) .................................. 3

    3.1. Analysis of Samsung IPR ....................................................... 4

4. SUBSTANTIAL NEW QUESTION OF PATENTABILITY ..................................... 7

    4.1. SNQ 1— Herzog, Fok, Chou, Greenspan, Lee, Kalibjian, Turakhia, and Hamalainen 7

    4.2. SNQ 2— MMS, Kalibjian, Ogawa, and Huber ..................................... 8

5. 35 USC § 325(D) ................................................................. 9

6. PATENT OWNER STATEMENT (OPTIONAL) ............................................ 13

7. WAIVER OF RIGHT TO FILE PATENT OWNER STATEMENT ............................... 14

8. NOTICE OF OTHER PROCEEDINGS ................................................... 14

9. NOTICE RE PATENT OWNER'S CORRESPONDENCE ADDRESS ............................. 15

10. CONCLUSION ..................................................................... 16

**1. ACKNOWLEDGEMENT OF REQUEST FOR REEXAMINATION**

An *ex parte* request for reexamination ("Request") of claims 1–18 of US Patent No.

9,198,117 ("117 Patent") was received on 03 December 2024, based on the following prior art

patents and/or publications:

    a) US Patent No. 8,099,764 B2 ("Herzog");

    b) US Publication No. 2008/0215883 A1 ("Fok");

    c) US Publication No. 2004/0122907 Al ("Chou");

    d) US Publication No. 2006/0294370 Al ("Greenspan");

    e) International Publication No. WO 2008/048075 Al ("Lee");

    f) US Publication No. 2007/0011736 Al ("Kalibjian");

    g) US Publication No. 2008/0046727 Al ("Kanekar");

h)  US Publication No. 2009/0019517 Al ("Turakhia");

i)  US Patent No. 8,719,391 B2 ("Hamalainen");

j)  ETSI TS 123 140 v6.9.0 (2005-03), Technical Specification ("MMS");

k)  US Publication No. 2009/0249084 Al ("Ogawa"); and

l)  US Publication No. 2009/0286512 Al ("Huber").

## 2. PROSECUTION HISTORY OF THE 117 PATENT

The 117 Patent issued on 24 November 2015, from US Application No. 14/667,516 ("516 Application"), filed 24 March 2015, claiming earliest priority to US Provisional Application No. 61/206,354, filed 28 January 2009.

During prosecution of the 516 Application, the examiner in charge of prosecuting the 516 Application ("examiner of record") mailed a first-action Notice of Allowance on 07 October 2015 ("NOA"), in which the examiner of record allowed new claims 2–19 (which became claims 1–18 of the 117 Patent). Notably, during prosecution of the 516 Application, the examiner of record did not set forth any rejections of new claims 2–19.

In the NOA, the examiner of record included the following reasons for allowance, "Claims 2-19 are allowed as the prior art, either alone or in combination, does not disclose Applicant's inventive claim language." NOA at p. 2.

## 3. TERMINATED INTER PARTES REVIEW (SAMSUNG IPR)

The 117 Patent was involved in an *inter partes* review ("IPR") proceeding. See IPR proceeding no. 2024-00003 ("Samsung IPR"). Particularly, a petition for *inter partes* review of the 117 Patent was filed on 17 November 2023 (see paper no. 2; "Samsung Petition") by

Control Number: 90/019,753                                        Page 4
Art Unit: 3992

Samsung Electronics Co., Ltd. ("Petitioner"). The Samsung IPR was denied institution by the

PTAB on 22 May 2024 (see paper no. 8; "Decision to Deny Institution").


The Examiner has reviewed the Samsung IPR to determine whether any of the prior art

relied upon in the Request (see § 1, above) is "old" prior art. Based on the analysis below, and

because Kalibjian and Lee were referenced in the Samsung IPR, the Examiner finds that

Kalibjian and Lee are "old" prior art.

Notably, as shown in the analysis below, the PTAB did not rely on any deficiency of

Kalibjian or Lee in its determination to deny institution. In fact, as shown below, the PTAB

relied on deficiencies in Houghton and Ellison (citations to each below).


### 3.1.  Analysis of Samsung IPR

The Samsung Petition included <u>two</u> proposed grounds of rejection for independent claim

1, namely,

(1) "[GROUND 1A] – Claims 1 and 3-13 are rendered obvious by Houghton[1] and

**Kalibjian**[2]" (Samsung Petition at p. 5; emphasis added), and

(2) "[GROUND 2A] – Claims 1, 3-6, 9-11, and 13-15 are rendered obvious by **Lee**,[3]

Ellison,[4] and Anderson[5]" (Samsung Petition at p. 65; emphasis added).

---

[1] International Publication No. WO 2006/077283, which is not relied upon in the Request.

[2] This reference is also relied upon in the Request. Same citation as above (see § 1).

[3] This reference is also relied upon in the Request. Same citation as above (see § 1).

[4] US Patent No. 7,082,615, which is not relied upon in the Request.

[5] *Security Engineering*, second edition, which is not relied upon in the Request.

Control Number: 90/019,753                                                    Page 5
Art Unit: 3992

First, in its Decision to Deny Institution, and with regards to GROUND 1A, the PTAB

noted "The **parties dispute** whether the proposed combination teaches **limitation [1.3]** of claim

1, which recites 'a network message server' that is 'configured to receive, from each of the

plurality of network application servers, multiple requests to transmit application data, each such

request indicating a corresponding one of the mobile end-user devices and one of a plurality of

applications.'" Decision to Deny Institution at 11 (emphasis added).

Notably, "limitation [1.3]" discussed in the Decision is identified in the Request as

limitation [1.b.ii]. See Request at vii.

Moreover, the PTAB explained, "Thus, even if Petitioner is correct that **<u>Houghton</u>**

discloses that the command messages pushed from push server 701 to push client 704 include IP

port numbers 'indicating a corresponding one of the mobile end-user devices and one of a

plurality of applications,' see Pet. 21, this **is not sufficient to satisfy limitation [1.3]**, which

requires that requests received from 'network application servers' (mapped to application server

702) include this information." Decision to Deny Institution at 19 (emphasis added).

The PTAB further commented "Petitioner does **not rely on Kalibjian for** this aspect of

**limitation [1.3]**." Decision to Deny Institution at 20 (emphasis added).

Finally, with respect to GROUND 1A, the PTAB concluded "Petitioner has **failed to**

**demonstrate** a reasonable likelihood **that claim 1 is unpatentable over** the combination of

**Houghton and Kalibjian**." Decision to Deny Institution at 20 (emphasis added).


Second, in its Decision to Deny Institution, and with regards to GROUND 2A, the PTAB

noted "The **parties dispute** whether the proposed combination teaches **limitation [1.7]** of claim

1, which recites that the system, 'for each received message, map[s] the application identifier in

Control Number: 90/019,753                                                    Page 6
Art Unit: 3992

the message to a software process corresponding to the application identifier, and forward[s] the

application data in the message to the software process via a secure interprocess communication

service.'" Decision to Deny Institution at 29 (emphasis added).

Notably, "limitation [1.7]" discussed in the Decision is identified in the Request as

limitation [1.c.ii]. See Request at vii–viii.

Moreover, the PTAB explained, "Based on the present record, we determine that

**Petitioner has failed to make a sufficient showing that the proposed combination [of Lee,**

**Ellison, and Anderson] teaches the portion of limitation [1.7]** requiring that each device

messaging agent 'forward the application data in the message to a software process **via a secure**

**interprocess communication service**'" (Decision to Deny Institution at 37; emphasis added).

Furthermore, the PTAB's reasoning for reaching the above determination was because

(1) "**Petitioner fails to sufficiently show that** <u>Ellison's</u> **'isolated area 70'** discloses or **suggests**

**'a secure interprocess communication service'**" (Decision at 37; emphasis added) and

(2) "**Petitioner also fails to show that** <u>Ellison's</u> **'secure platform'** discloses or **suggests 'a**

**secure interprocess communication service'**" (Decision to Deny Institution at 38; emphasis

added).

The PTAB further commented "The plain meaning of ['secure interprocess

communication service'] would appear to cover a secure service that communicates between

processes." Decision to Deny Institution at 39.

Finally, with respect to GROUND 2A, the PTAB concluded "Petitioner has **failed to**

**demonstrate** a reasonable likelihood **that claim 1 is unpatentable over** the combination of **Lee,**

<u>**Ellison, and Anderson**</u>." Decision to Deny Institution at 40 (emphasis added).

## 4.  SUBSTANTIAL NEW QUESTION OF PATENTABILITY

A substantial new question of patentability affecting claims 1–18 of the 117 Patent is raised by the Request.

The Request alleges the following substantial new questions of patentability (SNQs) based on the above-identified prior art:

SNQ 1—Herzog, Fok, Chou, Greenspan, Lee, Kalibjian, Turakhia, and Hamalainen for claims 1–18 (see Request, pp. 10–14 and 32–123); and

SNQ 2—MMS, Kalibjian, Ogawa, and Huber for claims 1–18 (see Request, pp. 10–14 and 123–196).

For the reasons that follow in sections 4.1. – 4.2., the Request to reexamine claims 1–18 on the basis of SNQs 1–2 is **GRANTED**.

### 4.1.  SNQ 1— Herzog, Fok, Chou, Greenspan, Lee, Kalibjian, Turakhia, and Hamalainen

Prior art publication of Herzog, which is directed to secure push and status communication between client and server, is identified by the Request as allegedly teaching, at least in-part, limitations that previously distinguished the claims from the cited prior art during the initial examination and the IPR proceeding. Specifically, the Request alleges that the prior art of Herzog discloses (and/or teaches), among other things, limitation [1.b.ii], i.e., the limitation "the network message server configured to receive, from each of a plurality of network application servers, multiple requests to transmit application data, each such request indicating a corresponding one of the mobile end-user devices and one of a plurality of applications," as recited by claim 1. See Request, pp. 51–54.

Control Number: 90/019,753                                                                Page 8
Art Unit: 3992

The prior art publication of Herzog was not cited or considered during the initial examination or the IPR proceeding. The Request establishes that Herzog would have been considered important in determining the patentability of claim 1, i.e., the publication of Herzog provides teachings coinciding with, or at least related to, the limitations that previously rendered the claims patentable over the prior art.

Since this prior art publication appears to provide new technological teachings that were missing in the prior art during both the initial examination of the 117 Patent and the IPR proceeding, and was not previously considered during the initial examination or the IPR proceeding , it does raise a substantial new question of patentability for patented independent claim 1 and, therefore, its dependent claims (i.e., claims 2–18). Therefore, the Examiner finds that the prior art reference of Herzog raises a substantial new question of patentability for patented claims 1–18.

### 4.2.  SNQ 2— MMS, Kalibjian, Ogawa, and Huber

Prior art publication of MMS, which is directed to stage 2 and stage 3 description of the non-realtime Multimedia Messaging Service (see § 1), is identified by the Request as allegedly teaching, at least in-part, limitations that previously distinguished the claims from the cited prior art during the initial examination and the IPR proceeding. Specifically, the Request alleges that the prior art of MMS discloses (and/or teaches), among other things, limitation [1.b.ii], i.e., the limitation "the network message server configured to receive, from each of a plurality of network application servers, multiple requests to transmit application data, each such request indicating a corresponding one of the mobile end-user devices and one of a plurality of applications," as recited by claim 1. See Request, pp. 141–145.

Control Number: 90/019,753                                                      Page 9
Art Unit: 3992

     The prior art publication of MMS was not cited or considered during the initial examination or the IPR proceeding. The Request establishes that MMS would have been considered important in determining the patentability of claim 1, i.e., the publication of MMS provides teachings coinciding with, or at least related to, the limitations that previously rendered the claims patentable over the prior art.

     Since this prior art publication appears to provide new technological teachings that were missing in the prior art during both the initial examination of the 117 Patent and the IPR proceeding, and was not previously considered during the initial examination or the IPR proceeding , it does raise a substantial new question of patentability for patented independent claim 1 and, therefore, its dependent claims (i.e., claims 2–18). Therefore, the Examiner finds that the prior art reference of MMS raises a substantial new question of patentability for patented claims 1–18.

## 5.  35 USC § 325(D)

     35 USC 325(d) states in part that "[i]n determining whether to institute or order a proceeding under this chapter, chapter 30, or chapter 31, the Director may take into account whether, and reject the petition or request because, the same or substantially the same prior art or arguments <u>previously</u> were presented to the Office." Thus, in order for the Director to exercise discretion as to whether to Order a reexamination proceeding under chapter, 30, the request must first be determined to be based on the same or substantially the same prior art or arguments that previously were presented to the Office.

Control Number: 90/019,753                                                                    Page 10
Art Unit: 3992

A review of the post grant history of the '117 Patent indicates that the patent was the subject of a single Office post grant challenge filed prior to the filing of the filing of the instant *ex parte* reexamination request (90/019,753).

On November 17, 2023, Petitioner Samsung Electronics Co., Ltd., also the Requester in this proceeding, filed a petition (IPR2024-00003) for *inter partes* review of claims 1-18 of the '117 Patent which asserted the following grounds as raising a reasonable likelihood of prevailing (RLP):

| RLP Ground | Claims | Basis | References |
|---|---|---|---|
| 1A | 1, 3-13 | 35 USC 103 | Houghton, Kalibjian |
| 1B | 2, 16-18 | 35 USC 103 | Houghton, Kalibjian, Munson |
| 1C | 14, 15 | 35 USC 103 | Houghton, Kalibjian, Rakic |
| 2A | 1, 3-6, 9-11, 13-15 | 35 USC 103 | Lee, Ellison, Anderson |
| 2B | 2, 16-18 | 35 USC 103 | Lee, Ellison, Anderson, Hämäläinen |
| 2C | 7, 8, 12 | 35 USC 103 | Lee, Ellison, Anderson, Houghton |

In a Decision Denying Institution mailed on May 22, 2024 the Patent Trial and Appeal Board (PTAB) denied institution of the proceeding finding the petitioner did not establish a reasonable likelihood of prevailing with respect to at least one of the claims. Specifically, with respect to Houghton, the PTAB stated:

> And, although application server 702 sends an event trigger to push server 701, Petitioner does not show that this event trigger includes information "indicating A corresponding one of the mobile end-user devices and one of a plurality of Applications," as limitation [1.3] requires.

Denial at 19.

Control Number: 90/019,753                                                          Page 11
Art Unit: 3992

With respect to the combination of Lee and Ellison, the PTAB stated that Petitioner had failed to

sufficiently show that Ellison's "isolated area 70" discloses or suggests a "secure interprocess

communication service." Denial at 37. The PTAB also stated that Petitioner failed to show that

Ellison's "secure platform" discloses or suggests "a secure interprocess communication service."

Denial at 38.

A comparison between the current request (90/019,753) and the single prior post grant

challenge to the '117 patent (IPR2024-00003) indicates that the current request is not based on

the same or substantially the same prior art or arguments that were previously presented to the

Office. As stated above, the current reexamination request asserts the following grounds as

raising an SNQ to the claims of the '117 patent:

| SNQ Ground | Claims | Basis | References |
|---|---|---|---|
| 1A | 1-3, 9-10, 12, 14 | 35 USC 103 | Herzog, Fok |
| 1B | 4, 5 | 35 USC 103 | Herzog, Fok, Chou |
| 1C | 6 | 35 USC 103 | Herzog, Fok, Greenspan |
| 1D | 7, 8 | 35 USC 103 | Herzog, Fok, Lee |
| 1E | 11 | 35 USC 103 | Herzog, Fok, Kalibjian |
| 1F | 13 | 35 USC 103 | Herzog, Fok, Kanekar |
| 1G | 15 | 35 USC 103 | Herzog, Fok, Turakhia |
| 1H | 16-18 | 35 USC 103 | Herzog, Fok, Hämäläinen |
| 2A | 1-3, 6-10, 12-14, 16-18 | 35 USC 103 | MMS, Kalibjian |
| 2B | 4, 5, 11 | 35 USC 103 | MMS, Kalibjian, Ogawa |
| 2C | 15 | 35 USC 103 | MMS, Kalibjian, Huber |

As an initial matter, none of the grounds asserted as raising an SNQ in the current *ex*

*parte* reexamination Request (90/019,753) are based on identical grounds asserted in the prior

IPR petition and the arguments in the Request relate to the new prior art combinations. Thus, the

Request is not based on the same (identical) prior art or arguments previously presented to the

Office in the prior IPR petition.

In addition, the Request is also <u>not based on substantially the same prior art or arguments</u> as were previously presented to the Office.  A review of newly presented Herzog, Fok, Chou, Greenspan, Kanekar, Turakhia, MMS, Ogawa and Huber prior art references indicates that these references have a different disclosure and are not cumulative to any of the references presented in the prior IPR petition.  As is discussed above, the Request alleges that the prior art of Herzog discloses (and/or teaches), among other things, limitation [1.b.ii], i.e., the limitation "the network message server configured to receive, from each of a plurality of network application servers, multiple requests to transmit application data, each such request indicating a corresponding one of the mobile end-user devices and one of a plurality of applications," as recited by claim 1. See Request, pp. 51–54.  In addition, as is discussed above, the Request alleges that the prior art of MMS discloses (and/or teaches), among other things, limitation [1.b.ii], i.e., the limitation "the network message server configured to receive, from each of a plurality of network application servers, multiple requests to transmit application data, each such request indicating a corresponding one of the mobile end-user devices and one of a plurality of applications," as recited by claim 1. See Request, pp. 141–145.   Thus, since Herzog and MMS teach the very limitations held to be missing from the prior IPR petition, neither the prior art nor arguments presented in the Request are the same or substantially the same as those previously presented to the Office.  Further, while the Kalibjian, Lee and Hämäläinen references presented in the current request were previously presented in the denied *inter partes* review petition (IPR2024-00003), each of the grounds citing these references (SNQ grounds 1D, 1E, 1H, 2A, 2B and 2C) in the current request presents those references in combination with at least the newly presented Herzog and MMS references.

Control Number: 90/019,753                                                              Page 13
Art Unit: 3992

Accordingly, because it has been determined that the neither the prior art nor arguments presented in the current reexamination request are the same or substantially the same as the art and arguments that were previously presented to the Office in the prior post grant challenges to the '117 patent, the statutory threshold under 35 USC 325(d) for the director to exercise discretion in determining whether to Order reexamination is not met.

Thus, *ex parte* Reexamination is ordered in view of the determination above that the prior art presented in the Request raises an SNQ as to claims 1-18 of the '117 patent.


## 6. PATENT OWNER STATEMENT (OPTIONAL)

In response to this Order for Reexamination, the Patent Owner is given a two (2) month period to file an optional Patent Owner Statement in accordance with 37 CFR § 1.530(b) and (c). The Patent Owner Statement must clearly point out why the patent claims are believed to be patentable, considering the cited prior art patents or printed publications alone or in any reasonable combination. In addition, the Patent Owner may utilize the Patent Owner Statement to introduce amendments. A copy of the Patent Owner Statement must be served on the Third Party Requester. See MPEP § 2249.

If a Patent Owner Statement is timely filed and served on the Third Party Requester, the Third Party is given the opportunity to reply within two (2) months from the date of service in accordance with 37 CFR § 1.535. The reply need not be limited to the issues raised in the Patent Owner Statement and may include additional prior art patents and printed publications as well as any issue appropriate for reexamination. A copy of the reply must be served on the Patent Owner. If no Patent Owner Statement is filed, no reply is permitted from the Third Party Requester. See MPEP § 2251.

## 7.  WAIVER OF RIGHT TO FILE PATENT OWNER STATEMENT

In a reexamination proceeding, Patent Owner may waive the right under 37 CFR § 1.530 to file a Patent Owner Statement for the purposes of expediting prosecution; see MPEP § 2249. The document should contain a statement that Patent Owner waives the right under 37 CFR § 1.530 to file a Patent Owner Statement and proof of service in the manner provided by 37 CFR § 1.248, if the request for reexamination was made by a third party requester; see 37 CFR § 1.550(f). The Patent Owner may consider using the following statement in a document waiving the right to file a Patent Owner Statement:

### *WAIVER OF RIGHT TO FILE PATENT OWNER STATEMENT*

Patent Owner hereby waives the right under 37 CFR § 1.530 to file a Patent Owner Statement.

## 8.  NOTICE OF OTHER PROCEEDINGS

The Patent Owner is reminded of the continuing responsibility under 37 CFR § 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No. 10,869,247 throughout the course of this reexamination proceeding. The Third Party Requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

Control Number: 90/019,753                                                      Page 15
Art Unit: 3992

## 9. NOTICE RE PATENT OWNER'S CORRESPONDENCE ADDRESS

37 CFR § 1.33(c) states:

> (c) All notices, official letters, and other communications for the patent owner or owners in a reexamination or supplemental examination proceeding will be directed to the correspondence address in the patent file.

The correspondence address for any pending reexamination proceeding not having the same correspondence address as that of the patent is, by way of this revision to 37 CFR § 1.33(c), <u>automatically changed to that of the patent file as of the effective date.</u>

This change is effective for any reexamination proceeding which is pending before the Office as of May 16, 2007, including the present reexamination proceeding, and to any reexamination proceeding which is filed after that date.

Parties are to take this change into account when filing papers, and direct communications accordingly.

In the event the patent owner's correspondence address listed in the papers (record) for the present proceeding is different from the correspondence address of the patent, it is strongly encouraged that the patent owner affirmatively file a Notification of Change of Correspondence Address in the reexamination proceeding and/or the patent (depending on which address patent owner desires), to conform the address of the proceeding with that of the patent and to clarify the record as to which address should be used for correspondence.

Telephone Numbers for reexamination inquiries:

Reexamination                          (571) 272-7703

Central Reexam Unit (CRU)              (571) 272-7705

## 10. CONCLUSION

Extensions of time under 37 CFR § 1.136(a) will not be permitted in these proceedings because the provisions of 37 CFR § 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 USC § 305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR § 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR § 1.550(c).

**All** correspondence relating to this *ex parte* reexamination proceeding should be directed:

| | |
|---|---|
| Electronically: | Registered users may submit via Patent Center at https://patentcenter.uspto.gov/. |
| By Mail: | Mail Stop *Ex Parte* Reexam<br>Central Reexamination Unit<br>Commissioner for Patents<br>United States Patent & Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 |
| By Fax: | (571) 273-9900<br>Central Reexamination Unit |
| By hand: | Customer Service Window<br>Knox Building<br>501 Dulany Street<br>Alexandria, VA 22314 |

For Patent Center transmissions, 37 CFR § 1.8(a)(1)(i)(C) and (ii) states that correspondence (except for a request for reexamination and a corrected or replacement request for reexamination) will be considered timely filed if (a) it is transmitted via the Office's electronic filing system in accordance with 37 CFR § 1.6(a)(4) , and (b) includes a certificate of transmission for each piece of correspondence stating the date of transmission, which is prior to the expiration of the set period of time in the Office action.

Control Number: 90/019,753                                                                Page 17
Art Unit: 3992

     Any inquiry concerning this communication should be directed to Jacob C. Coppola at

(571) 270-3922. If attempts to reach the examiner by telephone are unsuccessful, the Examiner's

supervisor, Andrew J. Fischer can be reached at (571) 272-6779. The fax phone number for the

organization where this application or proceeding is assigned is (571) 273-9900.

     Information regarding the status of this proceeding may be obtained from the USPTO's

Patent Center. To file and manage patent submissions in Patent Center, visit:

https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more

information about Patent Center and https://www.uspto.gov/patents/docx for information about

filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC)

at (866) 217-9197 (toll-free). If you would like assistance from a USPTO Customer Service

Representative, call (800) 786-9199 (in USA or Canada) or (571) 272-1000.

Control Number: 90/019,753                                                      Page 18
Art Unit: 3992

General inquiries may also be directed to the Central Reexamination Unit customer

service line at (571) 272-7705.


/JACOB C. COPPOLA/
Primary Examiner, Art Unit 3992


Conferees:

/COLIN M LAROSE/
Primary Examiner, Art Unit 3992

/ANDREW J. FISCHER/
Supervisory Patent Reexamination Specialist, Art Unit 3992